1  VON S. HEINZ
   Nevada Bar No. 859
2  E. LEIF REID
   Nevada Bar No. 5750
3  Lewis and Roca LLP
   3993 Howard Hughes Parkway
4  Suite 600
   Las Vegas, NV 89169
5  Telephone: (702) 949-8200
   Facsimile:  (702) 949-8351
6  Email: VHeinz@LRLaw.com

7
   JEFFREY D. MORRIS*
8  NICK J. KURT*
   RYAN C. HUDSON*
9  Berkowitz Oliver Williams
   Shaw & Eisenbrandt LLP
10 2600 Grand Boulevard
   Suite 1200
11 Kansas City, MO 64108
   Telephone: (816) 561-7007
12 Facsimile:  (816) 561-1888
   Email: jmorris@berkowitzoliver.com
13 *(admitted pro hac vice)

14 *Attorneys for Defendants AMG Capital Management, LLC;*
   *Level 5 Motorsports; LeadFlash Consulting LLC;*
15 *Blackcreek Capital Corporation; Broadmoor*
   *Capital Partners; Scott A. Tucker; Blaine A. Tucker*
16

17
                     **UNITED STATES DISTRICT COURT**
18                      **DISTRICT OF NEVADA**

19

20 FEDERAL TRADE COMMISSION            CASE NO.  2:12-cv-00536-GMN-VCF

21              Plaintiff,

22        v.                          **DEFENDANTS' MOTION TO DISMISS**
                                      **PLAINTIFF'S COMPLAINT**
23 AMG Services, Inc., et al.,

24              Defendants, and

25 Park 269 LLC, et al.,

26              Relief Defendants.

27

28

                                                          2900345.2

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     LEGAL STANDARD ............................................................................................ 3

III.    ARGUMENT ........................................................................................................ 4

    A.      The Complaint As a Whole Fails Because It Relies Entirely on the Conclusory
        Allegation of a Common Enterprise Alleged Against All 17 Defendants .............. 4

        1.      The Corporate Defendants ..................................................................... 5

        2.      The Individual Defendants .................................................................... 7

    B.      All Four Counts of the Complaint Are Conclusory Rather Than Plausible .......... 10

        1.      Count One (Deceptive Acts and Practices) .................................................. 11

        2.      Count Two (Deceptive Collection Practices) .............................................. 12

        3.      Count Three (Violation of TILA and Regulation Z) ..................................... 13

        4.      Count Four (Violation of the EFTA) .......................................................... 14

    C.      The FTC Act Claims Sound in Fraud But Are Not Pled With Particularity ......... 15

        1.      The FTC Act Claims "Sound" in Fraud ...................................................... 15

        2.      The FTC Act Claims Are Not Pled With Particularity .................................. 17

        3.      The FTC Should Not Be Allowed to Demand Discovery Without First
            Satisfying Rule 9(b) ............................................................................. 20

IV.     CONCLUSION ..................................................................................................... 23

2900345.2

Table of Authorities

Cases

*Alan Neuman Prods., Inc. v. Albright,*
   862 F.2d 1388 (9th Cir. 1988) ......................................................................... 17

*Alvarez v. Chevron Corp.,*
   656 F.3d 925 (9th Cir. 2011) ............................................................................ 1

*Arroyo v. Wheat,*
   591 F. Supp. 136 (D. Nev. 1984) ............................................................... 10, 19

Ashcroft v. Iqbal,
   129 S.Ct. 1937 (2009) .......................................................................... passim

*Baumer v. Pachl,*
   8 F.3d 1341 (9th Cir. 1993) ............................................................................. 20

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ......................................................................................... 1

*Bly-Magee v. California,*
   236 F.3d 1014 (9th Cir. 2001) ...................................................................... 4, 17

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,*
   637 F.3d 1047 (9th Cir. 2011) ............................................................... 4, 17, 20

*Caviness v. Horizon Community Learning Center, Inc.,*
   590 F.3d 806 (9th Cir. 2010) ............................................................................ 3

*Cervantes v. Countrywide Home Loans, Inc.,*
   656 F.3d 1034 (9th Cir. 2011) .......................................................................... 1

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
   631 F.3d 939 (9th Cir. 2011) ................................................................. 6, 13, 14

*Colony Cove Properties, LLC v. City Of Carson,*
   640 F.3d 948 (9th Cir. 2011) ............................................................................ 7

*Cook v. Brewer,*
   637 F.3d 1002 (9th Cir. 2011) .................................................................. 6, 7, 9

*Corbo v. Laessig,*
   2012 WL 1068271 (D. Nev. Mar. 28, 2012) ...................................... 3, 9, 12, 13

*Coto Settlement v. Eisenberg,*
   593 F.3d 1031 (9th Cir. 2010) .......................................................................... 7

*Destfino v. Reiswig,*
   630 F.3d 952 (9th Cir. 2011) ............................................................................ 2

*DIRECTV, Inc. v. Hoa Huynh,*
   503 F.3d 847 (9th Cir. 2007) ............................................................................ 7

2900345.2

*Doe I v. Wal-Mart Stores, Inc.*,
    572 F.3d 677 (9th Cir. 2009) .......................................................................... 10

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) .......................................................................... 22

*FTC v. Cantkier*,
    767 F. Supp. 2d 147 (D.D.C. 2011) ........................................................... 17, 23

*FTC v. Freecom Commc'n, Inc.*,
    401 F.3d 1192 (10th Cir. 2005) ...................................................................... 16

*FTC v. Kuykendall*,
    371 F.3d 745 (10th Cir. 2004) ........................................................................ 10

*FTC v. Medical Billers Network*,
    543 F. Supp. 2d 283 (S.D.N.Y. 2008) ............................................................ 16

FTC v. Publishing Clearing House,
    104 F.3d 1168 (9th Cir. 1997) ........................................................................ 11

*FTC v. Stefanchik*,
    559 F.3d 924 (9th Cir. 2009) .......................................................................... 12

*FTC. v. Swish* Mktg.,
    2010 WL 653486 (N.D. Cal. Feb. 22, 2010) ...................................... 7, 9, 11, 17

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) ......................................................... 22

*Goodman v. Platinum Condo. Dev., LLC*,
    2012 WL 1190827 (D. Nev. Apr. 10, 2012) ................................................... 16

*Goodwin v. Executive Trustee Services, LLC*,
    680 F. Supp. 2d 1244 (D. Nev. 2010) ...................................................... 14, 19

*Gowen v. Tiltware LLC*, 2009 WL
    1441653 (D. Nev. May 19, 2009) ................................................................... 10

*Graziose v. American Home Products Corp.*,
    202 F.R.D. 638 (D. Nev. 2001) ...................................................................... 20

*Hall v. Schumacher*,
    2011 WL 1073177 (D. Nev. Mar. 21, 2011) ..................................................... 1

*Howard v. America Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) ............................................................................ 2

*Hypertouch, Inc. v. Azoogle.com, Inc.*,
    386 F. App'x 701 (9th Cir. 2010) .............................................................. 15, 16

*Johnson v. Lucent Technologies Inc.*,
    653 F.3d 1000 (9th Cir. 2011) .......................................................................... 9

2900345.2

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ................................................................. 4, 15

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2008) ....................................................... 6, 8, 10, 19

*Kennedy v. Full Tilt Poker,*
    2010 WL 1710006 (C.D. Cal. Apr. 26, 2010) ............................................... 10

*Lovesy v. Armed Forces Ben. Ass'n,*
    2008 WL 696991 (N.D. Cal. Mar. 13, 2008) ............................................... 10

*Moore v. Kayport Package Express,*
    885 F.2d 531(9th Cir. 1989) ............................................... 2, 20, 21, 22

*Moss v. U.S. Secret Service,*
    572 F.3d 962 (9th Cir. 2009) ................................................................. 3, 7

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ................................................................. 22

*Nevada ex rel. Hager v. Countrywide Home Loans Servicing,*
    812 F. Supp. 2d 1211 (D. Nev. 2011) ............................................... 19

*Sanford v. MemberWorks, Inc.,*
    625 F.3d 550 (9th Cir. 2010) ............................................... 18, 22

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ................................................................. 22

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ............................................... 2, 18, 19

*Telesaurus VPC, LLC v. Power,*
    623 F.3d 998 (9th Cir. 2010) ................................................................. 3

*U.S. ex rel. Cericola v. Fed. Nat. Mortg. Assoc.,*
    529 F. Supp. 2d 1139 (C.D. Cal. 2007) ............................................... 21

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.,*
    245 F.3d 1048 (9th Cir. 2001) ............................................... 21

*U.S. ex rel. v. General Dynamics C4 Systems, Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ............................................... 4, 17

*U.S. v. Corinthian Colleges,*
    655 F.3d 984 (9th Cir. 2011) ................................................................. 18

*Valadez-Lopez v. Chertoff,*
    656 F.3d 851 (9th Cir. 2011) ................................................................. 13

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ........................................................ passim

iv

2900345.2

*Vicom, Inc. v. Harbridge Merchant Services, Inc.,*
    20 F.3d 771 (7th Cir. 1994) ................................................................................ 10

*WMCV Phase 3, LLC v. Shushok & McCoy, Inc.,*
    750 F. Supp. 2d 1180 (D. Nev. 2010) ..................................................... passim

Wool v. Tandem Computers, Inc.,
    818 F.2d 1433 (9th Cir.1987) ........................................................................ 21

Statutes

15 U.S.C. §45(a)(1) .............................................................................................. 11

Rules

Rule 12(b)(6) ........................................................................................................ 1

Rule 9(b) ..................................................................................................... passim

2900345.2

1    Defendants Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC,

2    Level 5 Motorsports, LeadFlash Consulting LLC, Black Creek Capital Corporation, Broadmoor

3    Capital Partners ("the Tucker Defendants"), by and through undersigned counsel, respectfully

4    state the following in support of their Motion to Dismiss the Complaint for Failure to State a

5    Claim for Relief Under Rule 12(b)(6).

6                          **I.    INTRODUCTION**

7            The Complaint filed generically against the 17 different defendants flips the plausibility

8    pleading standard on its head.  For each claim asserted, the FTC simply lists the elements of the

9    cause of action "without articulating facts to support them. This is not sufficient to survive a

10   Motion to Dismiss."[1]  The FTC's conclusory approach is what *Twombly* and *Iqbal* were written

11   to prohibit.  In the post-*Iqbal* world, a Complaint offering "only 'labels and conclusions' or a

12   'formulaic recitation of the elements of the cause of action' will not survive dismissal."[2]

13           Trying to evade both the plausibility standard and the heightened Rule 9(b) standard, the

14   FTC attempts to ensnare all 17 Defendants in an amorphous common enterprise. Indeed, the

15   entire Complaint turns on the common enterprise theory.  The FTC fails to plead any claim for

16   relief against any specific defendant, so the failure of the common enterprise dooms the entire

17   Complaint as a matter of law.  The FTC's reliance on the common enterprise to fabricate

18   liability for all four counts against all 17 defendants fails for three independently sufficient

19   reasons:

20           ⊕       First, *Iqbal* requires that the common enterprise allegation be disregarded as a
                     legal conclusion.  Indeed, the entire common enterprise pleading is only one
21                   paragraph. (Doc. 1, ¶ 25).  That paragraph offers no facts in support and merely
                     recites the legal elements of a common enterprise.
22

23

24
     _____

25   [1] *Hall v. Schumacher*, 2011 WL 1073177, *2 (D. Nev. Mar. 21, 2011) (Navarro, J.).

26   [2] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also See Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-

27   31 (9th Cir. 2011) ("We disregard threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

28

2900345.2

1     ✦    Second, because all of the underlying claims for relief alleged in the Complaint are also conclusory, the common enterprise remains dormant. The FTC cannot manufacture liability out of thin air or nullify the federal pleading requirements simply by alleging a common enterprise.[3] A common enterprise can only *broaden* the scope of sufficiently pleaded claims. Here, there are no cognizable claims for relief to broaden.

5     ✦    Third, regardless of how the Court rules on the first two points raised above, the FTC still has (1) failed to plead sufficient facts to place each Tucker Defendant *within* a properly pleaded common enterprise; and (2) not even *attempted* to plead that any Tucker Defendant is individually liable for any of the claims for relief. As a result, the Tucker Defendants must be dismissed as a matter of law.

In addition to being conclusory, the FTC Act claims (Counts One and Two) also fail to satisfy the heightened pleading standard that governs fraud claims under Rule 9(b). The FTC "alleges a fraudulent conspiracy" among the 17 defendants, but it "does not provide the particulars of when, where, or how the alleged conspiracy occurred."[4] The Complaint also "does not identify any specific misrepresentations or specify when and where they occurred. These allegations are not particular enough to satisfy Rule 9(b)."[5] As detailed below, this Court and the Ninth Circuit have consistently dismissed fraudulent conspiracy claims that fail to explain the particular role played by each defendant.[6] Here, the FTC Act claims are especially conclusory and lump all 17 Defendants together. The Ninth Circuit has decimated this pleading approach; these "'everyone did everything' allegations" cannot surpass the Rule 9(b) threshold.[7]

---

[3] *See, e.g., Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO. Even if Plaintiffs properly claimed that the defendants agreed to be a part of an enterprise, the failure to allege substantive violations precludes their claim that there was a conspiracy to violate RICO.").

[4] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003).

[5] *Id.*

[6] *See, e.g., WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1188 (D. Nev. 2010) (Navarro, J.); *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007); *Vess*, 317 F.3d at 1106-07; *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

[7] *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

2

2900345.2

1  For all of the following reasons, the Tucker Defendants respectfully request that the

2  Court grant their Motion to Dismiss and dismiss the Complaint in its entirety.

## II.    LEGAL STANDARD

4  Federal Rule of Civil Procedure 12(b)(6) "mandates that a court dismiss a cause of action

5  that fails to state a claim upon which relief can be granted." *Corbo v. Laessig*, 2012 WL

6  1068271, *2 (D. Nev. Mar. 28, 2012) (Navarro, J.).[8] "While legal conclusions can provide the

7  framework of a complaint," sufficient factual allegations must be provided to state a claim for

8  relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

9  Plausibility is assessed in a two-step analysis under *Iqbal*. First, the Court begins "'by

10  identifying pleadings that, because they are no more than conclusions, are not entitled to the

11  assumption of truth.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)

12  (quoting *Iqbal*, 129 S.Ct. at 1950). In conducting this first step, the Court is to "disregard

13  '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements . . . ." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949). Second, after eliminating all of the legal

15  conclusions, the Court then identifies the "'well-pleaded factual allegations'" and determines

16  "whether they plausibly give rise to an entitlement to relief.'" *Moss v. U.S. Secret Service*, 572

17  F.3d 962, 970 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

18  In addition to the plausibility standard, Federal Rule of Civil Procedure 9(b) imposes a

19  heightened pleading standard upon allegations of fraud.[9] Under Rule 9(b), allegations of fraud

20  must be stated "with particularity," which means that the plaintiff must particularly state "'the

21  who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567

---

[8] In attempting to show that its "factual allegations 'plausibly give rise to an entitlement to relief,'" a plaintiff is "limited to the pleadings in the complaint." *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 813 (9th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950).

[9] The *Iqbal* plausibility standard also applies to fraud claims. Thus, fraud claims must satisfy both Rule 9(b) and the plausibility requirements imposed by *Iqbal* and *Twombly*. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (clarifying that a plaintiff alleging fraud "must, in addition to pleading with particularity, also plead plausible allegations.").

2900345.2

1   F.3d 1120, 1124 (9th Cir. 2009). Claims that "sound" in fraud are also subject to Rule 9(b). *Id.*

2   at 1125. To this end, Rule 9(b) serves three independent purposes:

3       (1) to provide defendants with adequate notice to allow them to defend the charge
        and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of

4       unknown wrongs'; (2) to protect those whose reputation would be harmed as a
        result of being subject to fraud charges; and (3) to 'prohibit [a] plaintiff[] from

5       unilaterally imposing upon the court, the parties and society enormous social and
        economic costs absent some factual basis.

6

7   *Id.* (internal citations omitted); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems,*

8   *Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (same) (quoting *Bly-Magee v. California*, 236 F.3d

9   1014, 1018 (9th Cir. 2001)).

10      The FTC's Complaint is defective under both the plausibility standard and the

11  heightened Rule 9(b) pleading standard. Each is discussed in turn.

12                          **III.   ARGUMENT**[10]

13  **A.    The Complaint As a Whole Fails Because It Relies Entirely on the Conclusory
        Allegation of a Common Enterprise Alleged Against All 17 Defendants**

14

15      In lieu of pleading plausible claims, the FTC relies on the legal conclusion of a common

16  enterprise contained in paragraph 25 of the Complaint. (Doc. 1, ¶ 25.) The entire Complaint

17  hangs on that paragraph because, after paragraph 25, the Complaint refers wholesale only to "the

18  Defendants." It never pleads any claim against any specific defendant, or even any category of

19  defendants. Thus, in an all-or-nothing wager, the FTC gambles that all four counts against all 17

20  of the defendants can withstand dismissal based on the common enterprise allegation. In spite of

21  its importance, the entire "Common Enterprise" section is only one paragraph, (Doc. 1, ¶ 25),

22  and not a single *fact* is alleged in that paragraph. Instead, the FTC only states a legal conclusion

23  by reciting the elements of a common enterprise. This approach is expressly foreclosed under

24  *Iqbal* and Ninth Circuit law. In turn, the entire Complaint fails.

25  _____

26  [10] The Tucker Defendants formally join in the Tribal Lending Defendants' Motion to Dismiss Plaintiff's
    Complaint (Doc. 101), and herein incorporate all of the facts and arguments presented by them to the

27  extent they are not otherwise inconsistent with this motion.

28

                                            4                                       2900345.2

1    The Tucker Defendants will first examine the FTC's allegations regarding the "Corporate

2    Defendants" and then analyze its allegations against the "Individual Defendants."

3    **1.    The Corporate Defendants**

4    The Complaint begins by vaguely describing each of the 17 "Defendants" in paragraphs

5    6-24 of the Complaint (Doc. 1, ¶¶ 6-24).  These paragraphs are merely the introductory

6    paragraphs that list the parties under the pleading heading, "Defendants."  These introductory

7    paragraphs lack any substantive allegations.  Notably, the FTC does not plead any facts showing

8    the active participation of <u>each</u> Tucker Defendant in the alleged common enterprise.  Rather, the

9    Complaint provides a nearly identical, generic description for every "Corporate Defendant":

10       At all times material to this complaint, acting alone or in concert with others, [the
    defendant] advertised, marketed, distributed, or sold the extension of credit in the

11       form of high-fee, short-term 'payday' loans to consumers throughout the United
    States and participated in the collection of those loans.

12   (Doc. 1, at ¶¶ 6-16).

13

14   This "cut and paste," disjunctive description is repeated verbatim against all 11

15   "Corporate Defendants."  Critically, no facts whatsoever are alleged against any of these Tucker

16   Defendants: AMG Capital Management, LLC, Level 5 Motorsports, LeadFlash Consulting LLC,

17   Black Creek Capital Corporation, Broadmoor Capital Partners.  This omission is fatal because

18   the FTC is left without any factual allegations connecting any of these entities to the common

19   enterprise or to any of the causes of action alleged in the Complaint.

20   The dearth of factual support is even more pronounced in paragraph 25, which is the

21   entirety of the section entitled: "Common Enterprise."  (Doc. 1, ¶ 25).  In that lone paragraph,

22   the FTC lumps together all of the defendants and breezily alleges that all 17 of them – including

23   four entities that are arms of federal Indian tribes – operate as a common enterprise.  In doing so,

24   the Complaint divides all 17 defendants into only two broad categories: "Corporate Defendants"

25   and "Individual Defendants."  *Id.* at ¶ 25.  The FTC lists the "Corporate Defendants" as (1)

26   AMG Services, Inc., (2) Red Cedar Services, Inc., (3) SFS, Inc., (4) TFS, (5) AMG Capital

27   Management, LLC, (6) Level 5 Motorsports, LLC, (7) LeadFlash Consulting, LLC, (8) Partner

28

2900345.2

1    Weekly, LLC, (9) Black Creek Capital Corporation, (10) Broadmoor Capital Partners, LLC, and

2    (11) The Muir Law Firm, LLC. *Id.* at ¶ 25. It lists the "Individual Defendants" as (1) Scott A.

3    Tucker, (2) Blaine A. Tucker, (3) Timothy J. Muir, (4) Don E. Brady, (5) Robert E. Campbell,

4    and (6) Troy LittleAxe. *Id.*

5          After listing the defendants, paragraph 25 then only recites the elements of a common

6    enterprise. It states that the Corporate Defendants "have conducted the business practices

7    described below through an interrelated network of companies that have common ownership,

8    business functions, and employees and have commingled funds." *Id.* This recitation of the

9    elements does not allege any *facts* that are *unique* to the defendants in this case. In other words,

10    "this allegation is nothing more than a conclusory statement. There are no facts alleged to

11    support such a conclusion." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

12    In fact, this "is precisely the 'formulaic recitation' of the elements of a claim" that triggered the

13    dismissal under Rule 8 in *Iqbal. Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 n.9

14    (9th Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1949). The threadbare assertion of a common

15    enterprise entangling so many defendants over the span of so many years is a quintessential legal

16    conclusion. *See Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) (rejecting "speculative

17    and overly generalized" allegations and affirming motion to dismiss under *Iqbal*). Indeed, if

18    *Iqbal* stands for anything, it is that "[t]hreadbare recitals of the elements of a cause of action,

19    supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. The

20    common enterprise allegation must therefore be disregarded.

21          The FTC is likely to contend that paragraph 25 actually contains factual statements,

22    rather than legal conclusions, that must be taken as true. The Ninth Circuit rejected this

23    argument in *Kendall v. Visa U.S.A., Inc.*, where it affirmed the dismissal of a similar antitrust

24    claim as conclusory under *Twombly*. In explaining that legal conclusions masquerading as facts

25    are not taken as true, the Ninth Circuit concluded that the plaintiffs "pleaded only ultimate facts,

26    such as conspiracy, and legal conclusions. They failed to plead the necessary evidentiary facts to

27    support those conclusions." 518 F.3d 1042, 1047-48 (9th Cir. 2008). To this end, a plaintiff's

28    insistence that its conclusory allegations are factual does not remove the allegations in the

1   Complaint from the crucible of *Iqbal*.  Legal conclusions are not to be taken as true "merely

2   because they are cast in the form of factual allegations.'"  *Coto Settlement v. Eisenberg*, 593

3   F.3d 1031, 1034 (9th Cir. 2010) (quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir.

4   2009)); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (same); *Cook*,

5   637 F.3d at 1006-09 (disregarding numerous conclusory allegations); *DIRECTV, Inc. v. Hoa*

6   *Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that "parrot the language" of a statute or

7   cause of action are "legal conclusions" rather than "well-pleaded facts").

8           **2.      The Individual Defendants**

9           The FTC also does not plead sufficient evidentiary facts to include Scott Tucker and

10  Blaine Tucker individually in the alleged common enterprise.  The introductory paragraphs

11  listing all of the defendants contain the only individual description against either Scott Tucker or

12  Blaine Tucker, and there, the FTC relies on the following phrase:

13              At all times material to this complaint, acting alone or in concert with others, [the
            defendant] has formulated, directed, controlled, had the authority to control, or
14              participated in the acts and practices of all the corporate defendants, including the
            acts and practices set forth in this complaint.
15

16  *Id.* at ¶¶ 17, 18.  This phrase is a legal conclusion; it is not specific to Scott Tucker or Blaine

17  Tucker, and the recitation of this phrase is repeated verbatim against every other "Individual

18  Defendant" in the Complaint.  Doc. 1, ¶¶ 17-22.  This Court "need not, and does not, accord an

19  assumption of truthfulness to legal conclusions that are not supported by factual allegations in

20  the Complaint."  *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 957 (9th Cir.

21  2011).  The FTC's "conclusory assertions of authority – untethered to virtually any supportive

22  facts – do not support an inference of [any individual defendant's] involvement."  *FTC. v. Swish*

23  *Mktg.*, 2010 WL 653486, **4-5 (N.D. Cal. Feb. 22, 2010) (granting motion to dismiss by

24      .   .   .

25      .   .   .

26      .   .   .

27      .   .   .

28      .   .   .

2900345.2

1  individual defendant where FTC offered only conclusory allegations of control);[11] *see also*

2  *Kendall*, 517 F.3d at 1950 (rejecting similarly conclusory allegations in an antitrust case).

3      To breathe life into the legal conclusion that the Tuckers have actually "formulated,

4  directed, controlled, had the authority to control, or participated in the acts and practices of all

5  the corporate defendants," the FTC would need to allege factual allegations specific to both

6  Scott Tucker and Blaine Tucker individually.  The FTC states only the following facts regarding

7  Scott Tucker: (1) he "is a signatory on the accounts" of most of the corporate defendants; (2) he

8  is "an employee of AMG Services, Inc."; (3) he is "the secretary/manager of Broadmoor Capital

9  Partners, LLC and was the manager of Level 5 Motorsports, LLC on its formation."  (Doc. 1, ¶

10  17).  For Blaine Tucker, the FTC states only that: (1) he "is the signatory on the accounts" of

11  most of the corporate defendants; (2) he is "an employee of AMG Services, Inc."; (3) he "is the

12  secretary/manager of AMG Services, Inc., TFS Corp., and Black Creek Capital Corporation, and

13  a member of LeadFlash Consulting, LLC."  (*Id*. at ¶ 18).

14      These facts, however, are mentioned once and then forgotten.  The FTC fails to give

15  these abstracts facts any plausible meaning by connecting them to any of the causes of action or

16  to the common enterprise.  For example, alleging Scott Tucker was the "manager of Level 5

17  Motorsports, LLC on its formation" is meaningless and without legal significance because, as

18  explained above, the FTC did not allege any well pleaded facts to connect Level 5 Motorsports,

19  LLC to the alleged common enterprise.  Plausible claims for relief cannot rest on immaterial

20  facts left in isolation; rather, the "'[f]actual allegations must be enough to raise a right to relief

21

22  ———————————

[11] In *FTC v. Swish Marketing*, an individual defendant successfully moved to dismiss the very same
23  deficient allegations, which the FTC alleged were sufficient to include him  in the common enterprise:

24      Defendant Mark Benning at all times material to this Complaint, the CEO for Defendant
      Swish.  At all times material to this Complaint, acting alone or in concert with others, he
25      has formulated, directed, controlled, had the authority to control, or participated in the
      acts and practices of Swish, including the acts and practices set forth in this complaint.

26  2010 WL 653486, *5 (N.D. Cal. Feb. 22, 2010).

27

28

2900345.2

above the speculative level.'" *Cook*, 637 F.3d at 1006 (quoting *Twombly*, 550 U.S. at 555); *see also FTC v. Swish Marketing*, 2010 WL 653486, *4 (N.D. Cal. Feb. 22, 2010) ("Even where the plaintiff alleges something more than a bare legal conclusion, *Twombly* requires a statement of a plausible claim for relief."). To surpass the plausibility threshold, the Complaint would need to include enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010-11 (9th Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1949). And "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Corbo*, 2012 WL 1068271, at *2 (quoting *Iqbal*, 129 S.Ct. at 1949). Here, as in *Swish Marketing*, 2010 WL 653486, at *5, the FTC fails to plead sufficient facts that plausibly show that each Tucker Defendant is individually liable.

After the introductory paragraphs listing the defendants, the FTC also addresses the "Individual Defendants" in paragraph 25 – the common enterprise paragraph – but those allegations are even more conclusory. The FTC lists the six "Individual Defendants" and then recites disjunctively that they "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.* This phrase is "conclusory and without any supporting factual allegations." *Cook*, 637 F.3d at 1006 (affirming motion to dismiss even though the plaintiff insisted his allegations were factual). To be sure, the six verbs – listed disjunctively – are the six methods by which the FTC could possibly attempt to establish liability against an individual defendant. Missing, however, is the factual detail needed to plausibly connect the Tucker Defendants to one of these six disjunctive legal elements. *See Corbo*, 2012 WL 1068271, at *3 (Navarro, J.) (the plaintiff's legal "allegations do not contain

.   .   .

.   .   .

.   .   .

.   .   .

2900345.2

1   any facts" in support); *Cook*, 637 F.3d at 1006-08 (same). It is well established that the

2   unadorned allegation that the Tuckers "control" the entities is a legal conclusion.[12]

3          In *Kennedy v. Full Tilt Poker*, the court rejected the exact same conclusory attempt to

4   plead a common enterprise against 17 different defendants: "Plaintiffs also fail to state how each

5   of the seventeen defendants were involved in making the statements. To the extent the pleading

6   contains any description of the allegedly fraudulent scheme and defendants' roles in it, the

7   allegations are vague and do not precisely define what each defendant is alleged to have done."

8   2010 WL 1710006, *5 (C.D. Cal. Apr. 26, 2010). The court granted the motion to dismiss

9   because "[b]eyond pleading the legal conclusion that each defendant participates in and controls

10   Full Tilt, plaintiffs offer no factual allegations that suggest direct involvement by any defendant

11   in the alleged enterprise." *Id.* at *4 (emphasis added). The FTC here relies on the same

12   conclusory pleading of "control" without any factual support. As a result, paragraph 25 must be

13   disregarded as a matter of law.[13]

14   **B.     All Four Counts of the Complaint Are Conclusory Rather Than Plausible**

15          Even if the FTC had properly pleaded a common enterprise, there would still be no basis

16   to allow the Complaint to move past the motion to dismiss stage. The Complaint fails to state a

17   plausible claim for relief in Counts One through Four, so dismissal is required.

18          Two claims are asserted under the FTC Act: Count One and Count Two. Both of these

19   counts are asserted under Section 5(a) of the FTC Act, which prohibits "unfair or deceptive acts

20   ───────────────

21   [12] *See FTC v. Kuykendall*, 371 F.3d 745, 758 (10th Cir. 2004) (the allegation that "[e]ach individual defendant, during the applicable time period, controls or has authority to control one or more of the corporate defendants" is a "conclusory statement"); *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20

22   F.3d 771, 777-78 (7th Cir. 1994) (same); *Lovesy v. Armed Forces Ben. Ass'n*, 2008 WL 696991, *4 (N.D. Cal. Mar. 13, 2008) ("It is not sufficient, at the pleading stage, to make conclusory allegations of

23   control."); *Gowen v. Tiltware LLC*, 2009 WL 1441653, *5 (D. Nev. May 19, 2009) (same); *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984) ("Such conclusory allegations as 'participation' and

24   'substantial assistance' are insufficient."); *cf. Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (the plaintiff's "general statement" that the defendant "exercised control over their day-to-day

25   employment is a conclusion, not a factual allegation stated with any specificity.");

26   [13] *See Kendall*, 517 F.3d at 1950 (same); *See Doe I*, 572 F.3d at 683 (same); *Vicom, Inc.*, 20 F.3d at 777-

27   78 (same); *Lovesy*, 2008 WL 696991 at *4 (same); *Gowen*, 2009 WL 1441653, at *5 (same); *Arroyo*, 591 F. Supp. at 139 (same).

28

2900345.2

1    or practices." 15 U.S.C. §45(a)(1).  The FTC alleges only "deceptive" acts in the Complaint.  To

2    establish individual liability against the Tucker Defendants, the FTC must plausibly plead: "(1)

3    misrepresentations or omissions; (2) of material fact; (3) of a kind usually relied upon by

4    reasonably prudent persons; (4) that consumer injury resulted; and (5) that the individual

5    participated directly in the acts or practices or had authority to control them."  *FTC v. Swish*

6    *Mktg.*, C 09-03814 RS, 2010 WL 653486, *3 (N.D. Cal. Feb. 22, 2010) (citing *FTC v.*

7    *Publishing Clearing House,* 104 F.3d 1168, 1170 (9th Cir. 1997)).  To obtain restitution, "the

8    FTC must also prove 'knowledge that the corporation or one of its agents engaged in dishonest

9    or fraudulent conduct.'"  *Id.* (citing *Publishing Clearing House*, 104 F.3d at 1171)).

10       **1.    Count One (Deceptive Acts and Practices)**

11       Count One, ¶¶ 47-49, labeled "Deceptive Acts and Practices," purports to bring a claim

12   under Section 5 of the FTC Act.  Count One is a total of three paragraphs and alleges that "*[i]n*

13   *numerous instances*" the "[d]efendants" represented the following:

         a.    Defendants will automatically withdraw the full amount owed,
14             including applicable fees, from a consumer's bank account on a
15             single date; and
         b.    A consumer's total of payments will be equal to the amount
16             financed plus a stated finance charge.

17       Doc. 1 at ¶¶ 47-48 (emphasis added).

18       The FTC then alleges that these "representations are false and misleading" and concludes

19   that they "constitute deceptive acts or practices in violation of Section 5(a)" *Id.* at ¶ 49.  To

20   support the legal conclusion that the "representations" are "false and misleading," the FTC refers

21   only to "representations" in the abstract.  *Id.* at  ¶¶ 47-48.  The remaining allegations in the

22   Complaint rely upon "numerous instances" and do nothing to remedy the deficiencies in Count

23   One.  For example, in paragraphs 29 and 30, the FTC broadly alleges that "[d]efendants *typically*

24   initiate withdrawals on *multiple* occasions, assessing *multiple* finance charges to the

25   consumer…[and] [t]hus, *in numerous instances* a consumer ends up paying significantly more."

26   *Id.* at ¶¶ 29-30 (emphasis added).  Again, in paragraph 38, the FTC baldly alleges  that

27   "[d]efendants, *in numerous instances*, withdraw only the finance charge from a consumer's bank

28   account on the specified due date for the loan."  *Id.* at ¶ 38 (emphasis added).

                                        11

1   Count One fails to state a plausible claim for relief against any of the Tucker Defendants.

2   In addition to stating only conclusory allegations, the FTC does not even plead two of the

3   essential elements for a Section 5 claim: (1) that the alleged misrepresentations would likely

4   mislead a reasonable consumer; or (2) that the alleged misrepresentations are material.[14]  Nor

5   does the Complaint contain any factual averments on which such allegations could be based.

6   This conclusory level of pleading, which fails to plead two of the critical elements of the claim,

7   cannot survive the plausibility standard of *Iqbal*.  The FTC's pleading omissions are fatal.

8        The FTC also does not plead any facts that would establish liability against any of the

9   Tucker Defendants individually.  The Complaint never identifies which of "the Defendants"

10  made the "representations" that are allegedly deceptive, much less where or when the

11  "representations" were made by each defendant.  *Id*. at ¶¶ 47-49.   Further, the FTC does not

12  even allege that the Tucker Defendants engaged in any of the conduct referenced in Count One.

13  In any event, "merely making an allegation is not enough to survive a motion to dismiss; facts

14  that a particular defendant may plausibly be liable for the alleged conduct must be pled."  *Corbo*,

15  2012 WL 1068271, at *2 (Navarro, J.).  Here, the FTC offers no facts connecting the Tucker

16  Defendants to Count One.  As a result, Count One must be dismissed.

17       **2.    Count Two (Deceptive Collection Practices)**

18       Count Two is even more sparsely pleaded.  In paragraph 32 of the Complaint, the FTC

19  alleges that "[d]efendants also engage in debt collection activities.  In numerous cases,

20  Defendants threaten consumers with arrest or legal action if consumers' alleged debts are not

21  paid."  *Id*. at ¶ 32.  The only other allegations regarding defendants' debt collection practices are

22  set forth in ¶¶ 43-45, which are equally unspecific: "[i]n numerous instances, Defendants

23  represent that they can and will cause consumers to be arrested . . . for not pay debts claimed by

24

25  _____

26  [14] For a Section 5 claim under the FTC Act, the FTC must plead and prove that "first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material."  *FTC v. Stefanchik*,

27  559 F.3d 924, 928 (9th Cir. 2009) (citation omitted).

28

1  Defendants," and that "[i]n numerous instances, Defendants threaten to file suit against

2  consumers who fail to pay the debts Defendants attempt to collect." *Id.* at ¶¶ 43-45.  Count Two

3  – entitled "Deceptive Collection Practices" – is based entirely on the sweeping allegations in

4  those four paragraphs (¶¶ 32, 43, 44, and 45).  Indeed, Count Two simply repeats them:

> [i]n numerous instances, in connection with collecting loans from consumers, Defendants have represented to consumers, expressly or by implication, that:
>
> a.   Consumers can be arrested, prosecuted, or imprisoned for failing to pay Defendants; and
> b.   If consumers do not pay Defendants, Defendants will file lawsuits against consumers.

9  *Id.* at ¶¶ 50-52.  It is these conclusory allegations alone that the FTC alleges "constitute[s]

10  deceptive acts or practices in violation of Section 5(a) of the FTC Act." *Id.* at ¶ 52.

11      In other words, the FTC again relies on only three conclusory paragraphs in Count Two,

12  ¶¶ 50-52.  And once again it alludes only to "numerous instances." *Id.* at ¶ 50.  The FTC never

13  provides the name of *any* specific customer or the details of *any* particular incident, nor does the

14  FTC allege the name of *any* employee of *any* defendant who made *any* alleged threat in *any*

15  particular instance.  Rather, with deliberate vagueness, the FTC refers only to "numerous

16  instances."  These "naked assertions" lack the "further factual enhancement" required to move

17  this claim across the line from possible to plausible.  *Valadez-Lopez v. Chertoff*, 656 F.3d 851,

18  859 (9th Cir. 2011) (citation omitted); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d

19  939, 955 n.9 (9th Cir. 2011) (same); *Corbo*, 2012 WL 1068271 at *3 (the plaintiff's legal

20  "allegations do not contain any facts" in support).  Counts Two must therefore be dismissed.

21      **3.    Count Three (Violation of TILA and Regulation Z)**

22      Count Three is also deficient under *Iqbal*.  In support of this claim, the FTC does nothing

23  more than list the TILA legal statutes and then allege in a conclusory fashion that the Defendants

24  violated those statutes: "[i]n numerous instances, Defendants have violated the requirements of

25  TILA and Regulation Z by failing to disclose in writing before extending credit . . . the terms of

26  the legal obligation" including the finance charge, the annual percentage rate, the payment

27  schedule, and the total of payments.  Doc. 1 at ¶ 58.  The only other allegation regarding TILA

28  and Regulation Z appears in paragraph 41, and it simply parrots the legal elements recited in

13

2900345.2

1   Count Three. *Id.* at ¶ 41. The FTC relies on these bare allegations to allege the sweeping legal

2   conclusion that the Defendants have violated TILA and Regulation Z. *Id.* at ¶¶ 59-60.

3          Without any factual support, however, these "threadbare recitals" of the elements –

4   which are "supported by mere conclusory statements" – must be disregarded. *See Alvarez*, 656

5   F.3d at 930-31; *Chapman*, 631 F.3d at 955 n.9; *WMCV Phase 3*, 750 F. Supp. 2d at 1187

6   (Navarro, J.); *Goodwin v. Executive Trustee Services, LLC*, 680 F. Supp. 2d 1244, 1253 (D. Nev.

7   2010) (granting motion to dismiss similar lending claims where plaintiff failed to allege any

8   facts in support of claim). Moreover, the FTC does not make clear why the Tucker Defendants

9   are liable for violating TILA, nor does the FTC plausibly plead facts showing that the Tucker

10  Defendants are "creditors." On its face, TILA applies only to creditors, and the FTC fails to

11  allege any facts that show the Tucker Defendants meet that definition. As a result, Count Three

12  fails to state a claim for relief as a matter of law against the Tucker Defendants.

13          **4.    Count Four (Violation of the EFTA)**

14          Finally, Count Four also fails to state a plausible claim for relief. Count Four purports to

15  allege a violation of the Electronic Funds Transfer Act (EFTA) and Regulation E. This claim

16  must be dismissed because it, too, fails to satisfy the *Iqbal* pleading standard. Count Four does

17  no more than simply attempt to recite the elements of a violation and then state in conclusory

18  fashion that these statutes were violated. *See* Doc.1 , ¶ 66. In particular, the FTC does not plead

19  any facts about which documents were provided to consumers or what language in which

20  documents conditions the extension of credit on the consumer's repayment by electronic funds.

21  Nor does the FTC make any allegation that any of the Tucker Defendants is liable for any of the

22  conduct alleged in Count Four. As before, the FTC's threadbare recitation of the elements fails

23  as a matter of law. *Iqbal*, 129 S. Ct. at 1949. Count Four should therefore be dismissed.

24          In sum, Counts One, Two, Three, and Four fail to state a plausible claim for relief and

25  should be dismissed as conclusory under *Iqbal*.

26  .  .  .

27  .  .  .

28  .  .  .

2900345.2

**C.    The FTC Act Claims Sound in Fraud But Are Not Pled With Particularity**

       **1.    The FTC Act Claims "Sound" in Fraud**

Because the FTC's threadbare allegations regarding the FTC Act claims in Counts One and Two are conclusory, they even more clearly fail to satisfy the heightened Rule 9(b) particularity standard. The Ninth Circuit has not yet had an opportunity to rule whether Rule 9(b) applies to FTC Act claims. Even so, under the clear weight of authority in the Ninth Circuit, these claims "sound" in fraud because the FTC "'allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of [the] claim.'" *FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 851-54 (C.D. Cal. 2010) (alterations in original). The Ninth Circuit has taken a liberal view toward applying Rule 9(b) and has expressly rejected the assertion that Rule 9(b) applies only to claims that include all of the elements of fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("the pleading requirements of Rule 9(b) cannot be evaded simply by avoiding the use of that magic word."); *Hypertouch, Inc. v. Azoogle.com, Inc.*, 386 F. App'x 701, 702 (9th Cir. 2010) (same).[15]

In line with this guidance, every district court in the Ninth Circuit that has addressed this issue at the motion to dismiss stage has held that Rule 9(b) applies to FTC Act claims under Ninth Circuit law.[16] In this case, the FTC Act claims "sound" in fraud because the FTC alleges that the defendants "have operated as a common enterprise while engaging in . . . deceptive acts and practices" through "deceptive" representations that are "false" and "misleading." *See* Doc. 1, at ¶¶ 25, 49, 52; *see also FTC v. Cyberspace.Com LLC*, 453 F.3d 1196, 1199-200 (9th Cir. 2006) (explaining that Section 5 of the FTC Act prohibits actions or practices that "*mislead* consumers") (emphasis added). Especially when taken together, these allegations – "deceptive," "false," and

---

[15] The Ninth Circuit has also disposed of the argument that FRCP 9(b) does not apply to claims that "sound" in fraud simply because heightened pleading standards are disfavored by the Supreme Court. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 n.2 (9th Cir. 2009) (rejecting this argument).

[16] *See Lights of Am.*, 760 F. Supp. 2d at 851-54; *FTC v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2118626, *3 (D. Nev. May 25, 2011); *FTC v. Wellness Support Network, Inc.*, C-10-04879 JCS, 2011 WL 1303419 (N.D. Cal. Apr. 4, 2011); *FTC v. Swish Marketing*, 2010 WL 653486 (N.D. Cal. Feb.22, 2010).

2900345.2

"misleading" – trigger Rule 9(b). Courts in the Ninth Circuit consistently have ruled that both California[17] and Nevada[18] consumer protection claims "sound" in fraud because they target *misleading* information or information that is *misrepresented* to customers – even though these claims lack several of the elements required for a fraud claim. *See, e.g., Lights of America*, 760 F. Supp. 2d at 854. Thus, because the FTC alleges that the Defendants *mislead* customers, the FTC Act claims "sound" in fraud.

In a lengthy decision applying Ninth Circuit law, the district court in *FTC v. Lights of America* considered and rejected all of the FTC's arguments to the contrary. *Id.* at 851-54. The *Lights of America* court recognized that courts in other circuits have in fact declined to apply Rule 9(b) to FTC Act claims because these claims do not require proof of scienter, reliance, or injury. *See FTC v. Freecom Commc'n, Inc.*, 401 F.3d 1192, 1204 n. 7 (10th Cir. 2005); *FTC v. Medical Billers Network*, 543 F. Supp. 2d 283, 314 (S.D.N.Y. 2008). These non-binding cases are irrelevant, however, in the face of prevailing Ninth Circuit law on Rule 9(b) and similar claims held to "sound" in fraud.[19] *Id.* at 851-52. For instance, because the Ninth Circuit has held that negligent misrepresentation claims "sound" in fraud, the *Lights of America* court found the "similarity between claims for violations of the FTC Act and claims for negligent misrepresentation particularly persuasive." *Id.* at 853.[20] The court also disproved the assertion that a claim must include all of the fraud elements in order to trigger Rule 9(b), explaining that "this assumption contravenes well-established Ninth Circuit law providing that, even where a claim does not include all of the elements of a claim for fraud, it is subject to the heightened pleading requirements of Rule 9(b) if it 'sounds in fraud.'" *Id.* at 852 (citing *Vess*, 317 F.3d at 1103-04); *see also FTC v. Swish Mktg.*, 2010 WL

---

[17] *Hypertouch, Inc. v. Azoogle.com, Inc.*, 386 F. App'x 701, 702 (9th Cir. 2010).

[18] *Goodman v. Platinum Condo. Dev., LLC*, 2:09-CV-00957-KJD, 2012 WL 1190827, *3 (D. Nev. Apr. 10, 2012).

[19] In *FTC v. Freecom Communications, Inc.*, a case that the FTC frequently trumpets, the Tenth Circuit's discussion of Rule 9(b) was "purely dicta." 760 F. Supp. at 851.

[20] "It is well-established in the Ninth Circuit that …claims for…negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Lights of America*, 760 F. Supp. 2d at 853.

653486, *4 (N.D. Cal. Feb. 22, 2010) (explaining that because Rule 9(b) is not focused on intent, it would be "anomalous to suggest that a section 5 claim is free from Rule 9(b)'s heightened pleading requirement because the FTC need not prove scienter").

Beyond that, the protections of Rule 9(b) should apply because the FTC's allegations are designed to vilify the defendants. Before the FTC is willing to accuse a defendant of deception – a serious accusation with dramatic consequences – it should be prepared to plead its case with particularity. Indeed, "[f]raud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case." *Vess*, 317 F.3d at 1103-04. The FTC's national press releases and other brazen attempts to publicize its threadbare allegations make the protections of Rule 9(b) especially important.[21] *See FTC v. Cantkier*, 767 F. Supp. 2d 147, 155 (D.D.C. 2011) (emphasizing that "the heightened pleading requirements of Rule 9(b) may serve an important safeguarding function" for this reason). As a result, the Tucker Defendants "are entitled for policy reasons to the enhanced reliability and notice that accompany more detailed pleadings." *Swish Mktg.*, 2010 WL 653486, at **3-4 (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

### 2.    The FTC Act Claims Are Not Pled With Particularity

To comply with the particularity requirements of Rule 9(b), the Complaint "must identify 'the who, what, when, where, and how of the misconduct charged,'" *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation omitted), "as well as the identities of the parties to the misrepresentations." *WMCV Phase 3, LLC*, 750 F. Supp. 2d at 1187-88 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). The particularity requirements are rigorously enforced in multi-defendant cases because they ensure that each individual defendant receives "'notice of the particular misconduct ... so that [he] can defend against the charge and not just deny that [he has] done anything

---

[21] The FTC has recently ratcheted up the rhetoric. In opposing the Tucker Defendants Motion to Strike, the FTC alleged that the defendants are "engaged in an ongoing and egregious variety of **illegal** payday lending activities." Doc. 95, p. 10 (emphasis added).

2900345.2

1  wrong.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558-59 (9th Cir. 2010) (internal

2  citations omitted) (explaining why consumer deception claims must be pleaded with

3  particularity).  In *Swartz*, the Ninth Circuit decimated the pleading strategy – attempted here by

4  the FTC – of generally alleging a fraudulent conspiracy without including facts to show the

5  particular role of each individual defendant.  *Id.*[22]  This Court dismissed a similar fraudulent

6  conspiracy claim that lumped multiple defendants together.  *WMCV Phase 3*, 750 F. Supp. 2d at

7  1187-88 (Navarro, J.).

8         Under *Swartz*, the Ninth Circuit has repeatedly admonished against blurring the

9  particularity requirements: "Rule 9(b) does not allow a complaint to merely lump multiple

10  defendants together but requires plaintiffs to differentiate their allegations when suing more than

11  one defendant and inform each defendant separately of the allegations surrounding his alleged

12  participation in the fraud."  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011)

13  (quoting *Swartz*, 476 F.3d at 764–65).  Thus, in "a fraud suit involving multiple defendants, a

14  plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent

15  scheme."  *Id.*; *see also Destfino*, 630 F.3d at 958; *Swartz*, 476 F.3d at 764-65 (same); *Vess*, 317

16  F.3d at 1105-07.  In *Corinthian Colleges*, the Ninth Circuit emphasized that "[t]he Complaint

17  provides no additional detail as to the nature of the Individual Defendants' involvement in the

18

19  _____

20  [22] In support of its Reply in Support of Its Motion for Preliminary Injunction, (Doc. 84, at 25 n.7), the

21  FTC asserts that *Swartz* supports its conclusory common enterprise pleading approach.  The FTC will
   probably want to take that statement back.  Although, as the FTC states, *Swartz* begins by stating that

22  "there is no absolute requirement that where several defendants are sued in connection with an alleged
   fraudulent scheme, the complaint must identify *false statements* made by each and every defendant,"

23  *Swartz* then continues: "**On the other hand, Rule 9(b) does not allow a complaint to merely lump
   multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing**

24  **more than one defendant . . . and inform each defendant separately of the allegations surrounding
   his alleged participation in the fraud.**'"  476 F.3d at 764-65 (emphasis added).  Because the plaintiff in

25  *Swartz* "**patently failed**" to do so and offered a complaint that was "**shot through with general
   allegations**" and "**[c]onclusory allegations**" of a fraudulent conspiracy "**without any stated factual**

26  **basis**," the Ninth Circuit affirmed the dismissal under FRCP 9(b).  *Id.*  (emphasis added).  Even more
   fatal to the FTC's reading, this Court primarily relied on *Swartz* to dismiss a similar fraudulent

27  conspiracy claim that was pled without particularity.  *See WMCV Phase 3*, 750 F. Supp. 2d at 1187-88.

28

2900345.2

1   fraudulent acts, but simply attributes wholesale all of the allegations against Corinthian to the

2   Individual Defendants. Rule 9(b) undoubtedly requires more." 655 F.3d at 998.

3          Here, the FTC makes generalized allegations against 17 different defendants; every claim

4   is asserted vaguely against the "Defendants" as a whole – all 17 of them. The Complaint also

5   never provides the "what, when, where, or how" required to support each claim. Instead, the

6   FTC simply generalizes the alleged misrepresentations and states only that the generalized

7   misrepresentations occurred "in numerous instances." *See e.g.*, Doc. 1, at ¶ 30 ("Defendants

8   *typically* initiate withdrawals *on multiple occasions*, assessing multiple finance charges to the

9   consumer.") (emphasis added). In fact, throughout the Complaint the FTC uses this generic

10  phrase – "in numerous instances" – at least twelve different times. *Id.* at ¶¶ 30, 32, 38, 42, 44,

11  45, 47, 48, 50, 51, 58, 66. By doing so, the FTC "lumps multiple Defendants together without

12  differentiating between them or the allegations against them." *See Goodwin v. Executive Trustee*

13  *Services, LLC*, 680 F. Supp. 2d 1244, 1254 (D. Nev. 2010); *Lights of America*, 760 F. Supp. 2d

14  at 854. Dismissal is therefore required because the FTC Act claims fail "to allege the 'who,

15  what, when, where, and how'" of the alleged deception under Section 5. *Lights of Am., Inc.*, 760

16  F. Supp. 2d at 854; *see also WMCV Phase 3*, 750 F. Supp. 2d at 1188 (same); *Nevada ex rel.*

17  *Hager v. Countrywide Home Loans Servicing*, 812 F. Supp. 2d 1211, 1218-19 (D. Nev. 2011)

18  ("The TAC does not identify which particular Defendant did what, when, where, or how. As

19  such, Defendants can only deny that they did anything wrong over a five-year time span.").

20         As this Court has explained, each individual defendant in a fraud case is entitled to

21  "notice of the *particular misconduct* which is alleged" against him. *WMCV Phase 3*, 750 F.

22  Supp. 2d at 1187-88 (Navarro, J.) (quoting *Swartz*, 476 F.3d at 764-65 (emphasis added)). This

23  is especially true in fraudulent conspiracy cases because the "'bare allegation of a conspiracy is

24  almost impossible to defend against . . . .'" *Goodwin*, 680 F. Supp. 2d at 1254 (quoting *Kendall*,

25  518 F.3d at 1047); *see also Arroyo v. Wheat*, 591 F. Supp. 136, 140 (D. Nev. 1984) (same). For

26  that reason, the Ninth Circuit requires that a fraudulent conspiracy claim absolutely must be pled

27  with particularity, and routinely affirms the dismissal of fraudulent conspiracy claims that fail to

28  meet the Rule 9(b) heightened pleading standard. *See Swartz*, 476 F.3d at 764-65; *Vess*, 317

2900345.2

1  F.3d at 1106-08 (dismissing a similar fraudulent conspiracy claim); *Goodwin*, 680 F. Supp. 2d at

2  1254 (discussing the Ninth Circuit's decisions in *Kendall* and *Swartz*); *Graziose v. American*

3  *Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).  It is well settled that the conclusory

4  allegation of a common enterprise in a civil RICO case must be dismissed if it "does not

5  attribute specific conduct to individual defendants."  *Moore v. Kayport Package Exp., Inc.*, 885

6  F.2d 531, 541 (9th Cir. 1989); *see also Baumer v. Pachl*, 8 F.3d 1341, 1347 (9th Cir. 1993)

7  (holding that "the bare allegations of the complaint provide no basis to infer assent to contribute

8  to a common enterprise").  Thus, facing the allegation of a common enterprise under either

9  RICO or the FTC Act, a defendant cannot defend against a pure legal conclusion that "fails to

10  attribute particular fraudulent statements or acts to the individual defendants."  *Moore*, 885 F.2d

11  at 540; *see also Lights of Am.*, 760 F. Supp. 2d at 854.  Ultimately, the FTC's conclusory

12  allegations are "precisely what Rule 9(b) aims to preclude."  *Cafasso*, 637 F.3d at 1057.

13       For all of the above reasons, the FTC Act claims alleged in Counts One and Two should

14  be dismissed under Rule 9(b).

15       **3.    The FTC Should Not Be Allowed to Demand Discovery Without First
             Satisfying Rule 9(b)**

16

17       Nor can the FTC circumvent Rule 9(b) by insisting that it is entitled to discovery to cure

18  the pleading defects in the Complaint.  In a decision that is not binding on this Court, the district

19  court in *FTC v. Ivy Capital* did ultimately deny a motion to dismiss under Rule 9(b).  The abrupt

20  conclusion reached in *Ivy Capital*, however, does not rest on solid legal ground, and this Court

21  should be reluctant to follow it.  In fact, rather than analyzing whether the complaint actually

22  satisfied the Rule 9(b) requirements under Ninth Circuit law, the court instead opted to rule that

23  it was proper to "relax Rule 9(b)'s particularity requirements in circumstances where it may be

24  difficult for the plaintiff to identify the specific actions that a corporate officer took in causing

25  the harm to the plaintiff."  2011 WL 2118626 at * 4.  Because this is the only other District of

26  Nevada court to address the intersection of Rule 9(b) and FTC Act claims, the *Ivy Capital* case

27  no doubt will be discussed.

28

2900345.2

1    The conclusion in *Ivy Capital* that the protections of Rule 9(b) are only discretionary,

2    however, is flawed for several reasons.  To begin, in deciding to dissolve the Rule 9(b)

3    protections in that case, *Ivy Capital* relied entirely on *Moore v. Kayport Package Express*, 885

4    F.2d 531, 540 (9th Cir. 1989).  *Moore* does not support the conclusion that Rule 9(b) should be

5    jettisoned in FTC cases.[23]  To the contrary, *Moore* instructed that even if the pleading standard is

6    relaxed, "the allegations should include the misrepresentations themselves with particularity and,

7    where possible, the roles of the individual defendants in the misrepresentations."  *Moore*, 885

8    F.2d at 540.  On top of that, after acknowledging that *some* 10(b)(5) securities fraud plaintiffs

9    (not the FTC) might benefit from a more relaxed pleading standard in some cases, *Moore* held

10   that the plaintiff's allegations in that case still failed "to satisfy even the relaxed standard."  *Id.*

11   In reaching this conclusion, the Ninth Circuit stressed that the "defendants in this case are not a

12   narrowly defined group of corporate officers or directors" – a distinction that applies with full

13   force in this case, where the FTC has lumped together 17 different defendants from multiple

14   unrelated entities.  *Id.*  Even more, the Ninth Circuit in *Moore* also dismantled the RICO fraud

15   claims – which are much more analogous to FTC Act claims – under Rule 9(b) because they

16   failed to "attribute specific conduct to individual defendants" and never "apportioned" the

17   allegations "to a particular defendant."  *Id.*  That is **exactly** the challenge raised here by the

18   Tucker Defendants.  For all of these reasons, *Moore* supports the opposite of the conclusion

19   reached in *Ivy Capital*.

20   The *Ivy Capital* decision also failed to consider the Ninth Circuit's guidance on how to

21   handle a Rule 9(b) motion to dismiss when the plaintiff has had access to the defendant's records

22   before filing suit.  *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th

23   Cir. 2001); *U.S. ex rel. Cericola v. Fed. Nat. Mortg. Assoc.*, 529 F. Supp. 2d 1139, 1146 (C.D.

24   Cal. 2007).  In this case, the FTC is not a single private plaintiff without access to a Fortune 500

25   defendant's internal corporate records.  *Cf. Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.

26

27   [23] In *Moore*, the Ninth Circuit relied on *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987).

28

2900345.2

1    1993) (suggesting that the *Moore* exception applies to "a private plaintiff in an insider trading

2    case"); *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (rejecting attempt to

3    expand the *Moore/Wool* exception beyond the securities fraud context).  Instead, using its

4    expansive federal subpoena power, the FTC issued numerous CIDs and obtained and reviewed

5    thousands and thousands of bank records.  It has also obtained dozens of affidavits and reviewed

6    countless pages of documents in support of its motion for preliminary injunction.  As a result,

7    the FTC may not claim the unique benefits afforded to a single private securities plaintiff who

8    cannot gain access to a corporation's records before filing suit.  *See id.; Swish Marketing*, 2010

9    WL 653486 at *6 (granting motion to dismiss and denying discovery to the FTC "[i]n light of

10   the [FTC's] broad investigatory power and its ability to obtain discovery prior to the

11   commencement of this litigation").  Even the Rule 8 notice pleading standard "does not unlock

12   the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129

13   S.Ct. at 1950.

14        At bottom, contrary to the *Ivy Capital* decision, any exception to Rule 9(b) remains a

15   limited exception rather than the rule.  The rule, of course, is Rule 9(b), and there is no basis to

16   subvert Rule 9(b) by suddenly deciding that it does not mean what it plainly says.  And what

17   Rule 9(b) plainly says is that a plaintiff is entitled to discovery only *after* it has satisfied Rule

18   9(b).  *See Sanford*, 625 F.3d at 558-59 (enforcing Rule 9(b) upon consumer deception fraud

19   claims and citing *Moore* in support of dismissal); *Ebeid*, 616 F.3d at 999 (9th Cir. 2010)

20   (rejecting expansion of the exception beyond narrow class of securities cases); *Glen Holly*

21   *Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1100 (C.D. Cal. 1999) (same).

22        Finally, it bears repeating that the fundamental purpose in adding Federal Rule 9(b) –

23   which specifically imposes a heightened pleading standard beyond Federal Rule 8(a) – was to

24   prevent "the filing of a complaint as a pretext for the discovery of unknown wrongs" and to

25   protect "potential defendants – especially professionals whose reputations in their fields of

26   expertise are most sensitive to slander – from the harm that comes from being charged with the

27   commission of fraudulent acts." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *see*

28   *also Vess*, 317 F.3d at 1103-04 (same) (collecting cases).  These concerns are heightened in an

2900345.2

1  FTC case because the FTC's mere allegation of deception can destroy an individual's reputation,

2  especially in light of the FTC's practice of ginning up one-sided press releases – like those

3  issued in this case – that poison the defendant's reputation before a trial on the merits occurs.

4  As a result, the Tucker Defendants "are entitled for policy reasons to the enhanced reliability and

5  notice that accompany more detailed pleadings."  *Swish Mktg.*, 2010 WL 653486, at **3-4; *see*

6  *also FTC v. Cantkier*, 767 F. Supp. 2d 147, 155 (D.D.C. 2011) (same).  The protections of Rule

7  9(b) should apply with more force – not less – in this case.

8        For all of the above reasons, the Court should enforce the plain language of Rule 9(b)

9  and dismiss Counts One and Two because they are not pled with particularity.

10                          **IV.    CONCLUSION**

11        For all of the foregoing reasons, the Tucker Defendants respectfully request that the

12  Court dismiss as a matter of law all of the claims alleged in the Complaint, and award the

13  Tucker Defendants all further relief to which they may be entitled.

14  Dated:  May 25, 2012                    Respectfully submitted,

15

16                                          /s/ Von S. Heinz
                                            VON S. HEINZ
17                                          Nevada Bar No. 859
                                            E. LEIF REID
18                                          Nevada Bar No. 5750
                                            Lewis and Roca LLP
19                                          3993 Howard Hughes Parkway, Suite 600
                                            Las Vegas, NV 89169
20                                          Attorneys for Defendants AMG Capital
                                            Management, LLC; Level 5 Motorsports;
21                                          LeadFlash Consulting LLC; Blackcreek
                                            Capital Corporation; Broadmoor Capital
22                                          Partners; Scott A. Tucker; Blaine A. Tucker

23

24

25

26

27

28

2900345.2

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis and Roca LLP and that on the 25th day of May, 2012, a true and correct copy of the foregoing was served on the parties to this case through electronic transmission of the Notice of Electronic Filing, which constitutes service of a document on Filing Users under the Court's Electronic Fling Procedures to all parties to this case who are Filing Users of the Electronic Filing System of the United States District Court for the District of Nevada.

/s/ Judith A. Vienneau
An Employee of Lewis and Roca LLP

24