VON S. HEINZ
Nevada Bar No. 859
E. LEIF REID
Nevada Bar No. 5750
DARREN J. LEMIEUX
Nevada Bar No. 9615
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8351
Email: VHeinz@LRLaw.com

JEFFREY D. MORRIS*
NICK J. KURT*
RYAN C. HUDSON*
Berkowitz Oliver Williams Shaw & Eisenbrandt LLP
2600 Grand Boulevard
Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007
Facsimile:  (816) 561-1888
Email: jmorris@berkowitzoliver.com
(*Admitted pro hac vice)

*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports; LeadFlash Consulting LLC; Blackcreek Capital Corporation; Broadmoor Capital Partners; Scott A. Tucker; Blaine A. Tucker*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc., et al.,<br><br>Defendants, and<br><br>Park 269 LLC, et al.,<br><br>Relief Defendants. | Case No.  2:12-cv-00536-GMN-VCF<br><br>**TUCKER DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT** |

Defendants Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting LLC, Black Creek Capital Corporation, Broadmoor Capital Partners ("the Tucker Defendants"), by and through undersigned counsel, respectfully submit this Reply Brief in Support of Their Motion to Dismiss (the "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In "grouping" together all of the Defendants' Motions to Dismiss and issuing one global Response, the FTC tries to address everything but ends up refuting virtually nothing. Of the dozens of arguments raised in the Motion, the Response addresses very few. As to the arguments actually addressed, the FTC improperly tries to direct the Court to materials outside the Complaint, proclaims immunity from the federal pleading requirements instead of demonstrating that it has complied with them, and relies on case law in direct conflict with Ninth Circuit law.

## II.  ARGUMENT

### A.  The Response Violates Two Fundamental Legal Standards

#### 1.  The FTC Attempts to Rely on Newly Introduced Documents

In clear recognition of the pleading deficiencies in the Complaint, the FTC tries to supplement its conclusory allegations with references to materials beyond the four corners of the Complaint. "In ruling on a 12(b)(6) motion," however, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

One exception is where a document is referenced in the complaint. *Id.* This exception is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Id.* (internal quotations omitted). The exception, however, is not intended to *allow* plaintiffs to use later-filed documents to defeat a motion to dismiss. *See Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp. 2d 1197, 1202 (W.D. Wash. 2010). Arguing otherwise, Plaintiff relies on *Liguori v. Hansen*, 2012 WL 786263 (D. Nev. Mar. 9, 2012) (Navarro, J.),[1] but the party attaching or referencing documents in that case was not the

---

[1]

*plaintiff*. More analogous is *Hall v. Schumacher*, 2011 WL 1073177 (D. Nev. Mar. 21, 2011) (Navarro, J.), where the *plaintiff* tried to use an exhibit to defeat a motion to dismiss. Applying Ninth Circuit law, this Court ruled that it would be "inappropriate for the Court to rely upon the Exhibit attached to Plaintiff's Response." *Id.* at *2.

*Hall* compels the same conclusion here. The Court should not consider the extraneous materials referenced or the FTC's discussions of those materials in the following pages of the Response: a) 10:9-10; b) 15:4-13 and footnotes 32-34; c) 19:12-20:6 and footnotes 48-50; d) 26:13-19 and footnotes 58-59; e) 27 and footnotes 60-61; and f) 28:8-17 and footnote 62.

### 2. The Complaint Never Surpasses the First Part of *Iqbal*

The FTC's Response is also doomed by sidestepping the first part of the two-part *Iqbal* test.[2] The Response does not even attempt to show that the Complaint includes well-pleaded "facts" – as required to proceed beyond the first step of *Iqbal*.[3] Instead, the Response repeatedly insists that the Motion must be denied because all "facts" in the Complaint "must be taken as true."[4] This misses the point. Before anything is taken as true, the FTC must first demonstrate that actual "facts" – not simply legal conclusions or recitations of the elements masquerading as facts – are alleged in the Complaint. This distinction between "facts" and conclusory allegations is dispositive; *Iqbal* makes clear that only actual "facts" are taken as true.[5]

The FTC's avoidance of *Iqbal* is especially dramatic in light of the Motion. The Tucker Defendants challenged the FTC to demonstrate under *Iqbal* that the alleged factual allegations of the Complaint are actually factual. The focal point of the Motion was that almost every allegation in ¶¶ 6-25 of the Complaint is conclusory; in fact, the first ten pages of the Motion applied the two-part *Iqbal* standard and showed – paragraph by paragraph with scores of cases in support –

---

[2] This Court repeatedly has made this distinction clear. *See, e.g., George v. DirectSat USA, LLC*, 2012 WL 845589, *2 (D. Nev. Mar. 12, 2012) (Navarro, J.) ("A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible."); *Ruiz v. All-Am. & Associates*, 2011 WL 1376741, *3 (D. Nev. Apr. 6, 2011) (Navarro, J.) ("Such a statement is only a legal conclusion and, without supporting facts, is insufficient to state a claim upon which relief can be granted.").
[3] Doc. 107, at 3-4 (describing the two-part *Iqbal* standard).
[4] Doc. 120, at 2, 4, 27, 27.
[5] *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (rejecting alleged facts as "conclusory"); *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) (refusing to take "conclusory" allegations as true).

that nearly every allegation in these paragraphs of the Complaint must be disregarded.[6] Beyond a bullet point list of isolated facts from the Complaint,[7] however, the Response ignores the Motion. The FTC does nothing to satisfy the *Iqbal* challenges. This gaping omission in the Response is fatal. Without any "facts" alleged, there is nothing that may be taken as true.

### B.  The Response Effectively Abandons the Common Enterprise Theory

The Court faces an easy decision in ruling that the common enterprise theory fails to support liability against each of the 17 different defendants, let alone the Tucker Defendants. The FTC reaches the common enterprise arguments only at the tail end of its Response,[8] and, even then, it opts to cite back to other portions of its Response rather than confront the arguments raised in the Motion.[9] As a result, most of the challenges to the common enterprise theory remain untouched.[10] In particular, the FTC does not refute that the common enterprise section is contained entirely in one lone paragraph of the Complaint, or that the allegations in ¶ 25 merely recite the elements of a common enterprise. As the Motion explains in detail, the first step of *Iqbal* requires that nearly all of the allegations in ¶¶ 6-25 of the Complaint be disregarded.[11]

#### 1.  Corporate Defendants

The FTC half-heartedly attempts to shore up its conclusory allegations against the Corporate Defendants.[12] Notwithstanding the FTC's myriad cross references to other sections of its Response, however, the FTC fails to refute that there is no factual nexus between *each* Corporate Defendant and the common enterprise. Critically, the FTC does not refute that the Complaint states only a generic recitation of the elements of a common enterprise in ¶¶ 6-16 and 25 of the Complaint. The FTC also fails to confront that no facts whatsoever are alleged against AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting LLC, Black Creek Capital Corporation, or Broadmoor Capital Partners. As a result, all of these entities must be dismissed. Equally, the FTC also does not refute that the single paragraph comprising the

---

[6] Doc. 107, at 1-10.
[7] Doc. 120, at 18.
[8] Doc. 120, at 20.
[9] Doc. 120, at 20-28.
[10] Doc. 107, at 4-10.
[11] Doc. 107, 5-7.
[12] Doc. 120, at 26-27.

common enterprise section of the Complaint (¶ 25) is conclusory under black letter Ninth Circuit law. In sum, because they are conclusory, ¶¶ 6-16 and 25 of the Complaint must be disregarded.[13]

### 2. Individual Defendants

The FTC fares no better against the Individual Defendants, who are liable only if the FTC pleads sufficient facts to show that they control a Corporate Defendant that is active in the common enterprise. Because, as explained above, no "facts" are pled against the Corporate Defendants, there is no liability to attach to the Individual Defendants.

More specifically, the Complaint does not contain sufficient *facts* to plausibly connect Scott or Blaine Tucker to the common enterprise.[14] In lieu of explaining why any of the allegations in ¶¶ 17-18 or 25 is factually significant, the Response merely parrots back the allegations of the Complaint in a series of unconnected bullet points, alongside another confusing series of cross references that lead nowhere.[15] This clearly is not enough to withstand the scrutiny required by *Iqbal*. The Motion offered several examples and reasons why the few, isolated facts that are alleged in ¶¶ 17-18 do not move the allegations past the line from possible to plausible.[16] By merely repeating the allegations of the Complaint, the FTC does not refute the points raised in the Motion. On top of that, as to the Corporate Defendants allegedly controlled by the Tuckers, the FTC does not address the fact that it fails to plead sufficient facts to show that any of these entities is an active participant of the common enterprise.

Ultimately, and especially when taken together, the uncontested arguments in the Motion are devastating to the conclusory assertions of a common enterprise stated in ¶¶ 6-25 of the Complaint. This, in turn, collapses the entire Complaint and requires dismissal.[17]

### C. The FTC Act Claims "Sound" in Fraud Yet Are Not Pled With Particularity

### 1. The FTC Act Claims "Sound" in Fraud Under Ninth Circuit Law

Because this Court sits in the Ninth Circuit, Ninth Circuit law controls whether the FTC Act claims sound in fraud under Rule 9(b). Relying on dicta from a Tenth Circuit footnote, the

---

[13] Doc. 107, at 5-7.
[14] Doc. 107, at 7-10.
[15] Doc. 120, at 27-28.
[16] Doc. 107, at 7-10.
[17] Doc. 107, at 4.

FTC offers no rebuttal to (1) the Ninth Circuit's liberal application of Rule 9(b); (2) the broad policy concerns that make Rule 9(b) mandatory rather than discretionary; or (3) the extensive discussion in *Lights of America* that silences virtually every argument raised by the FTC.[18]

Rather than challenging the analysis in *Lights of America*, the FTC pretends it does not exist and tries to lead this Court down a path that flies squarely in the face of Ninth Circuit law. As set forth in the Motion, every district court in the Ninth Circuit that has addressed this issue has ruled that Rule 9(b) applies to FTC Act claims.[19]  In the Response, the FTC adds nothing new and contradicts none of the authorities presented in the Motion.[20]  Rather, the FTC makes the same losing arguments and cites the same irrelevant cases that have been considered and rejected by every district court in the Ninth Circuit. At bottom, the FTC Act claims allege "deceptive," "false," and "misleading" conduct, and these allegations trigger Rule 9(b) under settled Ninth Circuit law.[21]  Even though the FTC makes no effort to confront the points in the Motion, the FTC's predictable litany of arguments was preemptively answered in the Motion.[22]

Nor can the FTC succeed by arguing that Rule 9(b) is discretionary. The Response insists that the FTC is entitled to a special pleading standard and that the Court must arbitrarily allow it to plead its FTC Act claims without particularity. Purportedly under the authority of *Ivy Capital*, the FTC proclaims that it is entitled to make conclusory allegations "even when those allegations are repeated verbatim, stated collectively, or stated in the disjunctive."[23]  This entitlement, however, finds no support from the Ninth Circuit. Even *Ivy Capital* held that the FTC must satisfy Rule 9(b). By filing a civil action, the FTC is bound by the Federal Rules of Civil Procedure.[24]

If anything, the FTC's self-proclaimed infallibility is why Rule 9(b) is so important. Rule 9(b) is a critical safeguard to the reputational harm the FTC recklessly tries to inflict.[25]  Offering only threadbare allegations and legal conclusions, the FTC sued 17 defendants in federal court and

---

[18] Doc. 107, at 15-17.
[19] Doc. 107, at 15.
[20] Doc. 120 at 4-7.
[21] *Id.*
[22] Doc. 107 at 15-17.
[23] Doc. 120, at 24, 28.
[24] See FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .").
[25] Doc. 107, at 17, 22-23.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2939588.1

publicly accused them of "deceptive," "false," and "misleading" conduct. The pleading protections of Federal 9(b) are an indispensable counterbalance to the FTC's tactics; as this case demonstrates, "[t]he history of liberty has largely been the history of observance of procedural safeguards." *McNabb v. U.S.*, 318 U.S. 332, 347 (1943). To proceed any further, the FTC must first satisfy Rule 9(b), which is enforced "regardless of the cause of action" and therefore mandatory "in every case." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

### 2. The FTC Act Claims Are Not Pled With Particularity

Because Rule 9(b) applies, the FTC Act claims (Counts I and II) must be dismissed. Without ever discussing the actual holding of the case, the FTC declares that *Ivy Capital* "dictates" that the Motion be denied in this case.[26] Of course, this Court is bound only by decisions from the Supreme Court and the Ninth Circuit. More fundamentally, *Ivy Capital* held that Rule 9(b) applies but then declined to follow it. Without any instructive Rule 9(b) analysis, *Ivy Capital* summarily declared that the complaint was sufficient and avoided any factual analysis altogether by relaxing the Rule 9(b) standard so that the FTC could proceed past the motion to dismiss. 2011 WL 2118626 at *4. The actual holding of *Ivy Capital* proves that the complaint in that case did not contain sufficient facts under Rule 9(b) – if it had, the *Ivy Capital* court would not have needed to relax the Rule 9(b) standard for the FTC to survive the motion to dismiss.

Pointing out these and several other gaps in the *Ivy Capital* case, the Tucker Defendants devoted an entire section of the Motion to challenging the FTC's reliance on *Ivy Capital*.[27] Tellingly, the Response only waltzes past it in a footnote.[28] By failing to refute it, the FTC admits that *Ivy Capital* is not persuasive, does not contain any reasoning for this Court to follow, and flies squarely in the face of numerous Ninth Circuit decisions enforcing the protections of Rule 9(b).[29] The other case cited in the Response – *Commerce Planet* – is so legally insignificant that the FTC could not provide a case cite from Westlaw or Lexis; it was forced to attach it as an exhibit.[30]

---

[26] Doc. 120, at 7.
[27] Doc. 107, at 20-23.
[28] Doc. 120, at n.54.
[29] Doc. 107, at 20-23.
[30] Doc. 120, at 25, n.56.

In contrast, *Lights of America*, 760 F. Supp. 2d 848 (C.D. Cal. 2004), is a detailed and soundly reasoned opinion that is anchored entirely to Ninth Circuit law. The *Lights of America* decision put to rest nearly every argument raised by the FTC in this case. *Id.* at 851-54. Equally persuasive is *Swish Marketing*, 2010 WL 653486 at ** 4-6, which also flattens the FTC's conclusory pleading approach. The FTC tries to brush *Swish* aside by suggesting that it did not apply Rule 9(b).[31] However, *Swish* did not do so only because the FTC's conclusory allegations never surpassed the lower Rule 8 threshold. *Id.* at *4. For the same reasons urged here, *Swish* disregarded the FTC's legal conclusions and granted the motion to dismiss. *Id.* at **4-6.

Even if *Ivy Capital* were persuasive, neither it nor the FTC's perfunctory quibbling can overcome the wave of other Ninth Circuit cases mandating the dismissal of the Complaint under Rule 9(b).[32] The Response suggests that Rule 9(b) is not rigorously enforced in multi-defendant cases,[33] but this Court has already disposed of the FTC's misreading of Ninth Circuit law:

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the *particular misconduct* which is alleged to constitute the fraud charge so that they can defend against the charge and not just deny that they have done anything wrong."

*WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1188 (D. Nev. 2010) (Navarro, J.) (emphasis added and citations omitted).

Applying Rule 9(b), the FTC Act claims do not provide notice to each of the 17 defendants of the "particular misconduct" alleged by the FTC. *Id.* Repeatedly, in *Swartz*, *Cafasso*, *Corinthian Colleges*, *Vess*, *Destfino*, *Baumer*, and *Moore* – all discussed in the Motion but not meaningfully addressed by the FTC – the Ninth Circuit has dismantled the pleading strategy attempted here by the FTC.[34] The FTC does not distinguish any of these Ninth Circuit cases or the

---

[31] Doc. 120, at 15 of 39, n.9.
[32] Doc. 107, at 17-23.
[33] Doc. 120, at 23-24.
[34] Doc. 107, at 17-20; *see also WMCV Phase 3*, 750 F. Supp. 2d at 1187-88 (Navarro, J.) ("The Ninth Circuit has 'interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'") (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).

reasons why they are dispositive against the FTC's conclusory allegations in this case. For all of the uncontested reasons stated in the Motion, the FTC Act claims fail to satisfy the procedural safeguards of Rule 9(b) and therefore must be dismissed under Ninth Circuit law.[35]

### D. All Four Counts Fail to Satisfy the *Iqbal* Standard

#### 1. Count One (Alleged Deceptive Lending Acts and Practices)

Counts I and II not only fail to meet the requirements of Rule 9(b), they also fail to satisfy the standards set forth in Rule 8(a) and *Iqbal*. As to Count One, the FTC relies on conclusory allegations and fails to plead at least two of the essential elements of a Section 5(a) claim.[36] In defending Count One, the FTC relies on allegations that it believes demonstrate how "Defendants" deceive consumers about the cost of their loans."[37] Those allegations, however, are indefinite and conclusory. The FTC states only that "[d]efendants *typically* initiate withdrawals on *multiple* occasions, assessing *multiple* finance charges to the consumer…[and] [t]hus, *in numerous instances* a consumer ends up paying significantly more."[38] These allegations violate the requirements of Rule 8(a), 9(b), and *Iqbal* because the FTC offers no specifics of what was said, who said it, the context of what was said, where it was said, or the terms of the transaction available to the consumer. Further, the Complaint's repeated use of phrases such as "in numerous instances" and "typically" reveals that some transactions are different from others, but the FTC does not explain why or how. These indefinite terms also stifle any of the defendants from raising a defense; a pure legal conclusion is not answerable.

The FTC also fails to plead two of the essential elements of Section 5 claim: (1) that the alleged misrepresentations would likely mislead a reasonable consumer; or (2) that the alleged misrepresentations are material.[39] The FTC argues that it is not required to do so,[40] and in support cites *Barnes v. Yahoo!, Inc.*, 2009 WL 4823840 (D. Or. Dec. 11, 2009). But the complaint in that

---

[35] *Id.*
[36] Doc. 107, at 11-12.
[37] Doc. 120, at 8. While defending against the motions to dismiss that challenge their group pleading practices, the FTC continues to lump all the defendants together without even trying to specify how or in what way the Tucker Defendants (or any of the defendants, for that matter) engaged in the conduct alleged to violate the applicable statutes. This is true for all four counts brought by the FTC.
[38] Doc. 1 at ¶¶ 29-30 (emphasis added).
[39] Doc. 107, at 7.
[40] Doc. 120, at 10.

case was filled with detailed facts that made it clear that the plaintiff actually relied on the defendant's alleged promise. *Id.* at *3. Here, the Complaint offers no *facts* to show that a reasonable consumer would actually read and materially rely on the alleged "representations" in light of all the information available to them.[41] In the end, the FTC's conclusory allegations, its failure to plead two of the essential elements, and its lack of specific allegations mandated as by Rule 9(b) are fatal to its claim in Count One.

2. Count Two (Alleged Deceptive Debt Collection Practices)

The Tucker Defendants moved to dismiss Count Two because the FTC's vague allegations (*e.g.* "in numerous instances") do not provide any details.[42] Instead, the FTC's claim hangs on the allegation that Defendants represent that they will cause consumers to be arrested or sued for failing to pay their debts.[43] That is the sum total of the detail provided by the FTC. As explained in the Motion, the FTC does not provide the name of any specific customer, the details of any particular incident (including the dates of any calls, the number from which the call originated, or what was actually said), the name of any corporate defendant whose debt was being collected, the name of any corporate defendant who collecting the debt, or the name of any employee who was making any of the alleged threats.[44] Thus, this claim is a mere abstraction; it fails to state the "facts" necessary to become a plausible claim for relief under *Iqbal*.

Rather than focusing on its own actual allegations in the Complaint, the FTC argues that: (1) threadbare allegations have been accepted in the past; and (2) the defendants demand too much information because the telephone calls were made to consumers and not to the FTC itself.[45] First, the FTC's reliance on two other trial court orders is unpersuasive. Neither order was published, applied Ninth Circuit law, or even analyzed a motion to dismiss or the application of Rule 9(b).[46]

---

[41] The FTC also cites *Gentry v. Carnival Corp.*, 11-21580-CIV, 2011 WL 4737062 (S.D. Fla. Oct. 5, 2011). *Gentry*, an unpublished decision from the Southern District of Florida, involved an apparent agency claim where the court observed that the "existence of an agency relationship is a question of fact." *Id.* at *4. Further, Rule 9(b) did not apply to the allegations in *Gentry*, but they do apply to the claims brought under the FTC Act. In short, neither *Barnes* nor *Gentry* excuses the FTC's pleading deficiencies.
[42] Doc. 107, at 13.
[43] Doc. 1, at ¶¶ 32, and 43-45.
[44] Doc. 107, at 13.
[45] Doc. 120, at 12-13.
[46] In the *Datacom* order cited by the FTC (Doc. 120, at 12), no motion to dismiss was ever filed and the individual defendants had not even appeared in the case at the time of the Court's order on the motion for preliminary injunction. *See generally FTC v. Datacom Marketing Inc.*, 1:06-cv-2574 (N.D. Ill.).

Second, both orders predated the sea change caused by *Iqbal* and *Twombly*. In the wake of *Iqbal*, a plaintiff must do more than assert legal conclusions; actual facts are required to state a claim for relief and proceed past the motion to dismiss stage. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008); *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011).

Next, the FTC demands leniency because the calls were made to consumers and not the FTC.[47] If the FTC cannot provide such fundamental details such as the date of the calls, the telephone number of the caller, or even the actual wording of the alleged threat, the FTC probably should hold off filing lawsuits in federal court (and issuing national press releases) until it obtains the most basic of facts necessary to support these claims. The FTC wants to stand in the shoes of consumers to challenge certain conduct while at the same time be excused from pleading the facts the consumers themselves would be required to plead if they filed suit. This cannot be the law. The FTC's "naked assertions" in the Complaint lack the "further factual enhancement" required to move this claim across the line from possible to plausible. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011). Moreover, these allegations do not meet the heightened pleading standards of Rule 9(b) that apply to this claim. *See supra* at II.C.2. The fact that the FTC could simply paste these generic allegations into any other complaint cements the conclusion that the FTC has no well-pled facts to support its claims against the Tucker Defendants in Count Two.

        3.        Count Three (Alleged Violations of TILA and Regulation Z)

The FTC's claim under TILA does nothing more than recite the elements of a statutory violation and then state in a conclusory fashion that the statutes were violated.[48] The FTC argues that the Complaint contains enough allegations to render its claim plausible and points to its allegations in ¶¶ 37-41 of the Complaint.[49] The FTC maintains that these paragraphs include a recitation of "the complete payment schedule that the consumer is automatically obliged to follow once the loan contract is executed."[50]

The Complaint, however, falls short of even the FTC's summary of its modest allegations. Specifically, the FTC did not allege the terms of a complete payment schedule that the consumer

---

[47] Doc. 120, at 13.
[48] Doc. 107, at 13.
[49] Doc. 120, at 16.
[50] *Id.*

is "automatically obliged to follow once the loan contract is executed." Instead, the Complaint is full of vague phrases that do not detail what the *legal obligation* is between the parties with reference to any specific loan terms.[51] Similarly, the Complaint does not state how the terms disclosed by the lending defendants differ from the *legal obligation*. Instead, the Complaint simply concludes that the disclosures were not consistent with the undefined legal obligation. At most, the Complaint could be read to suggest that if a consumer obtains a loan and elects to renew the loan rather than pay it off, the original TILA box may not reflect what ultimately occurs. That, however, does not mean that the TILA box did not accurately reflect the legal obligation at the time of the loan.[52] In the end, the FTC is again forced to rely on threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. Because they are conclusory, however, those allegations must be disregarded. *See Kendall*, 518 F.3d at 1048; *Cook*, 637 F.3d at 1006.

    4.    Count Four (Alleged Violation of the EFTA)

The EFTA claim also fails because the FTC again does nothing more than recite the elements of a statutory violation and then state in conclusory fashion that the statutes were violated.[53] In response, the FTC contends that the defendants focus too much attention on its allegation in ¶ 66 (which is a textbook example of a recitation of statutory elements) and not enough attention on its allegation in paragraph 42.[54] But ¶ 42 is equally conclusory. In ¶ 42, the FTC alleges that "Defendants' loan application also contains a provision that requires the consumer to authorize Defendants to initiate electronic fund transfers for withdrawal of the consumer's recurring loan payments as a condition of obtaining credit from Defendants."[55] While ¶¶ 42 and 66 are slightly different in wording, both paragraphs offer nothing more than mere

---

[51] To be clear, TILA and Regulation Z require the disclosure of the *legal obligations* between the parties. 12 C.F.R. § 1026.17.
[52] The FTC's threadbare recital of the elements of a cause of action in other parts of the Complaint do not breathe life into these claims. *See* Doc. 1, ¶¶ 58, 59 and *Iqbal*, 129 S. Ct. at 1949.
[53] *See* Doc. 107, at 14.
[54] Doc. 120, at 19. Plaintiff also baldly asserts that "Defendants have already admitted this violation." Doc. 120, at 18. The FTC does provide not a single citation in support of this bold statement. To be clear and as evidenced by the various motions to dismiss attacking the EFTA claim, the defendants have not "admitted a violation" of the EFTA.
[55] Doc. 1, at ¶ 42.

conclusory allegations that simply parrot the statutory elements for an EFTA violation. Again, the fact that the FTC could simply paste these generic allegations into any other complaint demonstrates that the FTC has not stated sufficient facts to survive dismissal.

### III. CONCLUSION

Based on the foregoing, the Tucker Defendants respectfully request that the Court grants the Motion to Dismiss the Complaint in its entirety, and award them such further relief to which they may be entitled.

DATED:   June 21, 2012.

LEWIS AND ROCA LLP

By /s/   *Von S. Heinz*
VON S. HEINZ
Nevada Bar No. 859
E. LEIF REID
Nevada Bar No. 5750
DARREN J. LEMIEUX
Nevada Bar No. 9615
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8351
Email: VHeinz@LRLaw.com

*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports; LeadFlash Consulting LLC; Blackcreek Capital Corporation; Broadmoor Capital Partners; Scott A. Tucker; Blaine A. Tucker*

**CERTIFICATE OF SERVICE**

    I hereby certify that I am an employee of Lewis and Roca LLP and that on the 21st day of June, 2012, a true and correct copy of the foregoing was served on the parties to this case through electronic transmission of the Notice of Electronic Filing, which constitutes service of a document on Filing Users under the Court's Electronic Fling Procedures to all parties to this case who are Filing Users of the Electronic Filing System of the United States District Court for the District of Nevada.

                                                                               */s/ Judy Estrada*
                                                       An Employee of Lewis and Roca LLP