PAUL C. RAY, ESQ.
Nevada Bar No. 4365
PAUL C. RAY, CHTD.
8670 West Cheyenne Avenue Suite 120
Las Vegas, NV  89129
Telephone: (702) 823-2292
Facsimile:  (702) 823-2384
Email: paulcraylaw@gmail.com

Counsel for Defendant Troy L. LittleAxe

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>AMG SEVICES, INC., et al.<br><br>          Defendants and<br><br>PARK 269 LLC, et al.<br><br>          Relief Defendants. | Case No.: 2:12-cv-0536-GMN-VCF<br><br>**TROY LITTLEAXE'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

Defendant Troy LittleAxe hereby files his Reply in Support of Motion to Dismiss Complaint.  LittleAxe makes this motion based on the following Points and Authorities and oral argument to be presented at hearing, if permitted.  He also joins in the replies filed in support of the other defendatnts' motions to dismiss filed by the other defendants and incorporates them herein to the extent they are consistent with this Reply.

LittleAxe requests the Court to enter an order dismissing all the claims of the Complaint for failure to state a claim pursuant to Rule 12 (b)(6).

/ / /

**POINTS AND AUTHORITIES**

**I.  THE FTC FAILS TO PLEAD SUFFICIENT ALLEGATIONS TO STATE A CLAIM AGAINST LITTLEAXE.**

The FTC concedes in its opposition that the Complaint does not allege LittleAxe to have personal involvement in the FTC's claims, including the Federal Trade Commission Act (FTC Act), the Fair Debt Collection Practices Act (FDCPA), the Truth in Lending Act (TILA) and the Electronic Funds Transfer Act (EFTA).  The only way the FTC argues LittleAxe to have personal liability is under the FTC's allegation that he controls part of a common enterprise.  The FTC's common enterprise allegation appears at Paragraph 25 of the Complaint.

Paragraph 25 states:

> 25.  Defendants AMG Services, Inc., Red Cedar Services, Inc., SFS, Inc., TFS, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Partner Weekly, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, and the Muir Law Firm, LLC (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive acts and practices described below through an interrelated network of companies that have common ownership, business functions, and employees and have commingled funds.  Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.  Defendants Scott A. Tucker, Blaine A. Tucker, Timothy J. Muir, Don E. Brady, Robert D. Campbell, and Troy L. LittleAxe have formulated, directed, controlled, had the authority to control, had knowledge of , or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

The FTC's sole allegation of common enterprise is insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); and  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under *Iqbal*, and *Twombly*, the FTC may not rest its allegations upon conclusions of law.  See also *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047-48 (9th Cir. 2008); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) ("Legal conclusions are not to be taken as true "merely because they are cast in the form of factual allegations.'" *Id.*, quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009)).   This Court "need not, and does not, accord an assumption of truthfulness to legal conclusions that are not supported by factual allegations in the Complaint."  *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 957 (9th Cir.

2011).  The FTC provides no supporting factual allegations of the so called "Corporate Defendants" involved in the lending transactions mentioned only generally at best as having common ownership, business functions or employees or of the Corporate Defendants commingling any assets.

The FTC also fails to show the allegations of common enterprise to be plausible.  The FTC alleges the lending defendants to be chartered by three separate tribes.  The FTC leaves to guesswork why it concludes that these tribes control each other or any entities chartered under their separate laws.  The FTC does not come remotely close to alleging a more plausible explanation through the common enterprise theory than the innocuous explanation that each tribe is separate from the others and that they do not share common ownership of corporations chartered under the laws of other tribes.

The FTC's theory of common enterprise to deceive consumers is far less plausible than the separate, ordinary control by each tribe of its own chartered corporation, for example.  The FTC's theory that the corporations chartered by three separate tribes join together in common control to save money is implausible and is also not supported by any sufficient, non-conclusory factual allegations.

In its opposition the FTC offers no examples of sufficient factual allegations of a common enterprise.  The FTC argues that the court should ignore its pleading inadequacy and grant a preliminary injunction, and, upon that basis, conclude that the allegations must be sufficient.  In effect the FTC asks to destroy three or more separate businesses and ask questions later.  But if the FTC had the ability to put together plausible allegations that do not merely assert legal conclusions, the FTC should have done so before now.

The Court should not take judicial notice of orders in cases that have no relevance to issues before the Court.  The FTC is responsible in this case to plausible plead factual allegations, not conclusions of law.  *Iqbal*; *Twombly*, *supra*.  The Court should dismiss the FTC's Complaint for failure to meet these required, minimum standards.

/ / /

**II.     THE FTC FAILS TO PEAD WITH REQUIRED PARTICULARITY.**

The FTC further points to a footnote in *F.T.C. v. Freecom Communications, Inc.*, 401 F.3d 1192 (2005), to circumvent the authorities in the Ninth Circuit which require pleading with particularity under Rule 9 (b). As the court stated in *F.T.C. v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 851 (C.D. Cal. 2010):

> The FTC also cites four district court cases declining to apply Rule 9(b) to claims of violation of the FTC Act. (Opp'n Br. 8.) However, the Court is not persuaded by the reasoning of these cases. In *FTC v. Medical Billers Network,* the court expressed doubt as to the applicability of Rule 9(b) to claims for violation of the FTC Act. 543 F.Supp.2d 283, 314 (S.D.N.Y.2008). However, this decision relied on *FTC v. Communidyne,* an unpublished decision from the Northern District of Illinois that, contrary to well-established Ninth Circuit law, assumed that claims must include all of the elements of a claim for fraud or mistake in order to trigger Rule 9(b). No. 93 C 6043, 1993 WL 558754, at *2 (N.D.Ill. Dec. 3, 1993). Moreover, the Court in *Medical Billers* explicitly declined to decide whether Rule 9(b) applied to the FTC's claim because the defendants raised the argument for the first time in their reply brief. 543 F.Supp.2d at 314. Similarly, the other cases cited by the FTC summarily rejected the application of Rule 9(b) to a claim for violation of the FTC Act in reliance on either *Freecom* or *Communidyne,* which, for the reasons stated above, are not compelling authorities on this issue. [Citations omitted.]   Thus, the decisions cited by the FTC as having already resolved this issue **\*852** base their conclusion entirely on the assumption that a cause of action must include all of the elements of a claim for fraud in order to trigger Rule 9(b). As discussed in more detail below, this assumption contravenes well-established Ninth Circuit law providing that, even where a claim does not include all of the elements of a claim for fraud, it is subject to the heightened pleading requirements of Rule 9(b) if it "sound[s] in fraud." *See Vess,* 317 F.3d at 1103–04.

Id. The FTC relies on a footnote and unpublished decisions outside the Ninth Circuit for its argument that Rule 9 (b) does not apply. But the cases in the Ninth Circuit require compliance with Rule 9 (b) for consumer deception claims and negligent misrepresentation. E.g., *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (requiring the "who, what, when, where, and how" of the fraudulent conduct); *F.T.C. v. Lights of Am., Inc.*, *supra*.

The Court must dismiss the Complaint for failure to plead with required particularity a claim for which relief can be granted.

**CONCLUSION**

LittleAxe requests the Court to enter an order dismissing the Complaint for failure to state a claim pursuant to Rule 12 (b)(6).

DATED this 21st day of June, 2012.

                PAUL C. RAY, CHTD.

                /s/   Paul C. Ray

                _____
                PAUL C. RAY, ESQ.
                Nevada Bar No. 4365
                8670 West Cheyenne Avenue Suite 120
                Las Vegas,  NV  89129
                Telephone:  (702) 823-2292
                Facsimile:   (702) 823-2384
                Email: paulcraylaw@gmail.com

                Counsel for Defendant Troy L. LittleAxe

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Troy LittleAxe's Reply in Support of Motion to Dismiss Complaint was submitted electronically for filing and/or service with the United States District Court for the District of Nevada on the 21st day of June, 2012.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:

Daniel G. Bogden, daniel.bogden@usdoj.gov
Blaine T. Welsh, blaine.welsh@usdoj.gov
Willard K. Tom, wtom@ftc.gov
Julie Bush, jbush@ftc.gov
Jason Schall, jschall@ftc.gov
Nikhil Singhvi, nsinghvi@ftc.gov
*Attorneys for Plaintiff*

David J. Merrill, david@djmerrillpc.com
*Attorney for Defendants AMG Services, Inc; Red Cedar Services, Inc., dba 500FastCash; SFS, Inc. dba OneClickCash; Tribal Financial Services, dba Ameriloan, UnitedCashLoans, USFastCash, Miami Nation Enterprises*

Von S. Heinz, vheinz@lrlaw.com
Darren J. Lemieux, dlemieux@lrlaw.com
E. Leif Reid, lreid@lrlaw.com
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports; LeadFlash Consulting, LLC; Blackcreek Capital Corporation; Broadmoor Capital Partners; Scott A. Tucker; Blaine A. Tucker*

L. Christopher Rose, lcr@juww.com
*Attorney for Defendants The Muir Law Firm, LLC and Timothy J. Muir*

Whitney P. Strack, pstrack@gbmglaw.com
Brian R. Reeve, breeve@swlaw.com
Nathan F. Garrett, ngarrett@gbmglaw.com

Jay Young, jay@maclaw.com
*Attorney for Defendant Robert D. Campbell*

Andrew P. Gordon, agordon@mcdonaldcarano.com
*Attorney for Defendant Partner Weekly, LLC*

Patrick J. Reilly, preilly@hollandhart.com
*Attorney for Park 269 LLC and Kim C. Tucker*

/s/ Paul C. Ray
_____
Paul C. Ray