UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:12-cv-536-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| AMG SERVICES, INC., et al, | |
| Defendants, and | |
| PARK 269 LLC, et al., | |
| Relief Defendants. | |

## INTRODUCTION

Before the Court is Defendants The Muir Law Firm LLC and Timothy J. Muir, Esq.'s Motion to Seal the Declaration of Timothy J. Muir, and Exhibit A and C attached to the Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 71). Plaintiff Federal Trade Commission (hereinafter "FTC" or "Commission") filed a Response (ECF No. 96) and the Defendants filed a Reply (ECF No. 117).

## BACKGROUND

The FTC brings the instant action to halt a web of Internet-based payday lenders that allegedly deceive consumers about the costs of their loans and allegedly engage in unlawful debt collection practices. The FTC is currently seeking a preliminary injunction to enjoin Defendants' alleged violation of the Federal Trade Commission Act, the Truth in Lending Act and the Electronic Fund Transfer Act.

The instant motion seeks to seal the Declaration of Timothy J. Muir (Ex. 1 attached to Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 70) and Exhibits A and C

(ECF Nos. 70–1 and 70–2.)

**DISCUSSION**

**A.     Legal Standard**

Federal courts have historically recognized a "strong presumption in favor of access" to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard . . . . That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations and internal punctuation omitted).

There are exceptions whereby judicial records may be sealed without meeting the "compelling reasons" standard, such as: (1) documents that have "traditionally been kept secret for important policy reasons," including grand jury transcripts and certain warrant materials, and (2) documents attached to non-dispositive motions. *See e.g. id.* at 1178 –79; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–35(9th Cir. 2003). The second exception is intended to exclude documents attached to discovery motions. *See Kamakana*, 447 F.3d at 1179 ("We have, however, carved out an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion . . . .") (internal quotations and citations omitted). The discovery exception exists because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (internal quotations omitted).

Motions for a preliminary injunction, while not a dispositive motion, go to the merits of the case and are not merely "tangentially related" to the cause of action. Therefore, when considering a motion to seal, some courts treat a motion for preliminary relief as a dispositive

motion. *See*, *e.g.*, *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 at *5 (D. Nev. April 29, 2011) ("The Court finds that requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records."); *B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2010 WL 2104257 (D. Ariz. May 25, 2010) (using the standard for a dispositive motion and holding that the party "must show compelling reasons to file under seal" in determining whether to lodge a preliminary injunction under seal); *Dish Network LLC v. Sonicview USA, Inc.*, No. 09-CV-1553, 2009 U.S. Dist. LEXIS 63429, at * 16-17 (S.D. Cal. Jul. 23, 2009) (holding that a motion for a temporary restraining order and seizure was a dispositive motion for purposes of sealing court records); *Yountville Investors, LLC v. Bank of America, N.A.*, No. C08-425RSM, 2009 WL 411089 at *2 (W.D. Wash. Feb. 17, 2009) ("A motion for a preliminary injunction is treated as a dispositive motion under these rules."); *but see In re Nat'l Sec. Agency Telecomm. Records Litig.*, No. 06-1791, 2007 WL 549854 at *3 (N.D. Cal. Feb. 20, 2007) (finding that a preliminary injunction is a non-dispositive motion but noting that the seal was appropriate in part because only some information had been redacted, while other information had been released); *Reilly v. MediaNews Group Inc.*, No. C 06-04332, 2007 WL 196682, at *12 (N.D. Cal. Jan. 24, 2007) (applying the "good cause" standard in connection with documents attached to a temporary restraining order).

If the preliminary injunction motion is not treated as a dispositive motion, then the party seeking to seal the documents must make a "'particularized showing' under the 'good cause' standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana*, 447 F.3d at 1180 (internal citations omitted). Rule 26(c) protects trade secrets and other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(G). A party moving for a document to be sealed must demonstrate "for each particular document it seeks to protect . . . that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

"'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

This Court is persuaded by the reasoning of another District of Nevada case, *Selling Source*, 2011 WL 1630338, and finds that it is proper to treat the preliminary injunction motion as a dispositive motion and will therefore apply the compelling reasons standard to seal the documents.

**B.     Analysis**

**1.     Declaration of Timothy J. Muir**

Defendants' motion claims that Mr. Muir's declaration "contains confidential and proprietary information, trade secrets, and confidential commercial and business information relating to Mr. Muir, the Muir Law Firm and his clients. Several of those clients are named in this action. The Declaration details identity of clients, services performed for clients, corporate and ownership structures of entities, the business methods and practices of one such client, Black Creek Capital Corporation ("Black Creek"), and the purposes of payments to and from clients." (Motion to Seal 4:12–17, ECF No. 71.)

The FTC argues that Defendants have not put forth a good cause to seal the Declaration, let alone a compelling reason to seal. The FTC argues that Defendants broad description that the declaration contains confidential and proprietary information, trade secrets and confidential commercial and business information does change the fact that what is identified is actually quite ordinary. The only statement in the declaration regarding the "ownership structure" of his clients is that a particular person owns a particular company. (Muir Decl. ¶ 15, ECF No. 69.) The only discussion of a client's "business methods and practices" was a general description of the types of business that the client engages in. (*Id.* at ¶15.) FTC argues that none of these things are "confidential," "proprietary," or "trade secrets." FTC asserts that the declaration describes

services performed for clients, and the payments received, in a general way and that much of the information is already documented in public documents that Mr. Muir signed.  Even the owner of the company that Mr. Muir is attempting to conceal has admitted his sole ownership of that company in his own public filing. (*See* ECF No. 58.)

Defendants reply that the declaration does disclose confidential information, such as his monthly rental obligations, detailed discussions of the nature of legal services provided for clients, and the types and amount of expenses advanced on behalf of clients.  (*See* Muir Decl.).  The declaration also contains a detailed discussion of the complaint to the FTC, which is attached at Exhibit C.

Having reviewed the declaration, the Court finds that it should not be sealed.  The information contained in the declaration is quite general, including generalized statements about the type of legal work Mr. Muir does for his clients.  Even though Defendants argue that the types and amounts of expenses advanced on behalf of his clients is disclosed, this information is very general and there is only one specific dollar amount listed with regard to those services.  This dollar amount however is still stated in very general terms.  Defendants argue in their Reply that sealing is justified in this case when it will help avoid public scandal, the circulation of libelous statements or otherwise infringe a defendant's fair trial rights.  *See Kamakana*, 447 F.3d at 1179.  However, Defendants fail to demonstrate how the information contained in the declaration will contribute to this problem.  Instead, Defendants make the point that this case is already publicized by the FTC's press release.  The declaration, if anything, would correct or defend against any of the "misrepresentations" that Defendants claim were in the press release.

Accordingly, the Court will not grant the motion to seal the declaration.  However, the Court will allow the current declaration to remain under seal and allow Defendants to file a redacted copy of the declaration, removing the information regarding Exhibit C for the reasons explained below in section 3 of this Order.

### 2. Written Consent of the Shareholders of Black Creek Capital Corporation

Defendants assert that the Written Consent of the Shareholders of Black Creek which is attached as Exhibit A to the Muir Declaration, should be sealed for the same reasons as the declaration.

The FTC asserts that the reasons given by Defendants to seal the Written Consent filed as Exhibit A are deficient in the same manner as the reasons given to seal the Muir Declaration are deficient. The FTC argues that the document contains no particular business plans or trade secrets but that it merely states certain tasks that a corporate officer is permitted to do. The FTC also points out that the Defendants do not state any harm that would result from this ordinary shareholder consent entering the public record. Finally, the FTC claims that the substance of Exhibit A is already disclosed in Defendants' publically available Opposition to the FTC's Motion for a Preliminary Injunction. (*See* Muir Opp. to PI pg. 22-23, ECF No. 69.)

The Court does not find compelling reasons to seal Exhibit A. Therefore, the Court will Order the exhibit to be unsealed.

### 3. Letter Dated August 18, 2011 to the Office of Inspector General for the FTC

Defendants also argue that the Letter of the Inspector General of the FTC attached as Exhibit C to the Muir Declaration should be sealed because it contains confidential information relating to a complaint to the FTC regarding a violation of federal law. Defendants argue that the complaint arises from sensitive and confidential banking records and financial documents of certain defendants in this action that the FTC obtained pursuant to a civil investigative demand ("CID"). Defendants argue that before such information can be used or disclosed in a court proceeding, federal law requires that parties' interest in the confidential information be advised and provided the opportunity to obtain a protective order. *See* 16 C.F.R. § 4.10(g).

Defendants sent the letter to the Office of the Inspector General of the FTC as they believed that federal law was violated when some sensitive documents turned up in other

litigation.  The letter itself provides significant factual details regarding the defendants and the confidentiality of the documents.  The heading of the letter states, the content and exhibits of the letter are "Confidential – Not Subject to Freedom of Information Act."

The FTC does not oppose the sealing of Exhibit C because it claims the documents do not pertain to any factual or legal issues in this case and are entirely irrelevant.

The Court finds that Exhibit C should remain sealed.  The parties took careful steps to protect this document my marking it "Confidential."

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants The Muir Law Firm LLC and Timothy J. Muir, Esq.'s Motion to Seal (ECF No. 71) is **GRANTED in part and DENIED in part**.

Defendants shall file a redacted copy of the Muir Declaration in accordance with this Order and an unsealed copy of Exhibit A.  Exhibit C will remain filed under **SEAL**.

DATED this 15th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge