**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMG SERVICES, INC, *et al.,*

Defendant.

2:12-cv-00536-GMN -VCF

**O R D E R**

(Motion For Protective Order #134, Joinder #136, and Motions To Quash Subpoenas #138, #139, and #142)

Before the court are AMG Services, Inc., Red Cedar Services, Inc., SFS, Inc., and Tribal Financial Services' (hereinafter "Tribal-Chartered Defendants[1]") Motion To Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premisses to DataX, Ltd (hereinafter "DataX")(#138) and Motion To Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premisses to Partner Weekly, LLC (hereinafter "Partner Weekly") (#139). The Tribal-Chartered Defendants filed an Unopposed Motion to Amend Defendants' Motion To Quash Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premisses to Partner Weekly, LLC (#139) to include the subpoena issued to Selling Source, LLC (hereinafter "Selling Source") (#142). The Federal Trade Commission (hereinafter "FTC") filed an Opposition to the Motions To Quash (#143), and the Tribal-Chartered Defendants filed a Reply To Plaintiff's Opposition to Defendants' Motions to Quash Subpoenas To DataX, Partner Weekly, and Selling Source. (#148).

Also before the court is defendants Joint Motion For A Protective Order Regarding All Discovery Currently Pending, Including Written Discovery Requests and Subpoenas Duces Tecum.

---

[1] All other defendants are referred to as "Non-Tribal-Chartered Defendants." Where applicable, The Muir Law Firm, LLC and Timothy J. Muir are sometimes referred to as "Law Firm Defendants."

(#134). The Law Firm Defendants filed a Joinder to Defendants' Joint Motion For A Protective Order Regarding All Discovery Currently Pending, Including Written Discovery Requests and Subpoenas Duces Tecum. (#136). The FTC filed an Opposition (#141) addressing both the motion for a protective order (#134) and the joinder thereto (#136). Defendants filed a Joint Reply To Plaintiff's Opposition (#149), and the Law Firm Defendants filed a Reply In Support of their Joinder (#150).

## I. Background

Plaintiff FTC filed its complaint on April 2, 2012, asserting (1) violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) in counts one and two, (2) violations of the Truth In Lending Act (hereinafter "TILA") and Regulation Z in count three, and (3) violations of the Electronic Funds Transfer Act (hereinafter "EFTA") and Regulation E in counts four and count five (count five is asserted against relief defendants Park 269 LLC and Kim Tucker only). (#1). FTC also filed a motion for preliminary injunction on the same day, seeking to enjoin the defendants from violating the FTC Act, TILA, and EFTA. (#4).

On May 25, 2012, the Tribal-Chartered Defendants filed a motion to dismiss (#100), defendant Don E. Brady filed a motion to dismiss (#103), the Law Firm Defendants filed a motion to dismiss (#104), defendant Robert D. Campbell filed a motion to dismiss (#105), AMG Capital Management, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, LeadFlash Consulting, LLC, Level 5 Motorsports, LLC, Blaine A. Tucker, Scott A. Tucker filed a motion to dismiss (#107), defendants Park 269, LLC and Kim C. Tucker filed a joinder thereto (#108), and defendant Troy L LittleAxe filed a motion to dismiss (#109). On August 1, 2012, the FTC filed a stipulated discovery plan and scheduling order, wherein plaintiff stated its position that discovery should commence immediately and defendants stated their position that "discovery should not commence until the [c]ourt has ruled on the pending dispositive motions." (#133). On the same day, defendants filed the instant motion for protective order, seeking to stay discovery in this action. (#134). The Law Firm Defendants filed a joinder on August 2, 2012. (#136). On August 3, 2012, the court entered an order scheduling

a hearing for August 23, 2012, and temporarily staying discovery in this matter until further order from the court. (#137).

The Tribal-Chartered Defendants filed their motions to quash on August 9, 2012. (#138 and #139). The court entered a minute order on the same day scheduling oral argument on the motions to quash for August 23, 2012. (#140). The court held a hearing on August 23, 2012, at 10:00 a.m., and addressed the defendants' request to stay discovery and the pending motions to quash[2]. (#152). At the conclusion of the hearing, the court stated that the temporary stay remained in effect.

## II. Introduction

The requests to stay discovery are based on the pending motions to dismiss (#100, #103, #104, #105, #107, #108, and #109). As discussed more fully below, a general stay of discovery is appropriate only if, after the court takes a "preliminary peek" at the motions to dismiss, the court is convinced that relief will be granted as to all claims asserted against all defendants, and that the plaintiff is unable to assert a claim for relief. In granting such a stay, the court must also conclude that discovery is not required before the motions to dismiss can be decided. As a practical manner, usually only motions based on lack of jurisdiction (Federal Rule of Civil Procedure 12(b)(1)), improper venue or immunity are able to meet these stringent requirements.

In support of their request for a discovery stay, the defendants advance the following positions:

1. Native American Tribes are subject to the FTC consumer protection regulations at issue in this case.

2. However, Native American Tribes and Tribal-Chartered Entities, which are arms of Native American Tribes (operating for the benefit of those tribes), are not subject to enforcement actions by the FTC for violation of these consumer protection regulations.

3. As part of its regulation of Native American Tribes, Congress has deprived the FTC of

---

[2] While the Court will not directly rule on the pending motions to quash addressing subpoenas issued in other districts, the resolution of the motions to stay will impose limitations on some of those out of district subpoenas.

jurisdiction over any Tribal-Chartered Entity to enforce the provisions of the FTC Act, 15 U.S.C. §45(a).

4. Congress also has deprived the FTC of jurisdiction to bring enforcement actions against Tribal-Chartered Entities asserting violations of TILA, 15 U.S.C. §§ 1601-1666j, and EFTA, 15 U.S.C. §§ 1693-1693r.

5. This lack of jurisdiction extends to any employee or contractor working for or with any Tribal-Chartered Entity.

6. This lack of jurisdiction exists no matter how remote or marginal a benefit is actually conferred upon the Tribe by the Tribal-Chartered Entity, under the terms of its arrangement with the Tribe.

Independent of these arguments, all defendants move for dismissal of the complaint on the grounds that the FTC has not pled its causes of action with the degree of specificity required by Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure against each of them individually. During oral argument, it was established that the pending motions to dismiss are not based on this court's lack of jurisdiction, improper venue or immunity.

The court, in its preliminary evaluation of these issues, does not accept the proposition that any person or entity who points to a business relationship with a Native American tribe to claim the status of a Tribal-Chartered Entity is beyond the enforcement jurisdiction of the FTC. If Congress, as part of its effort to improve the economic conditions of Native American Tribes, deprived the FTC of its generally available power to bring enforcement actions, the burden must rest on the Tribal-Chartered Entity to prove that it is in fact sufficiently an arm of a Native American Tribe to fall outside the enforcement jurisdiction of the FTC. Thus assuming, without deciding, that the Tribal-Chartered Defendants' challenge to the FTC's enforcement jurisdiction is sound legally, before dismissing those defendants on that theory, the court must determine, through motion practice or trial, whether or not the Tribal-Chartered Defendants have met this burden.

**III. Law Firm Defendants' Joinder and Request To Quash (#136)**

In the Law Firm Defendants' joinder (#136), they join in the defendants' request to stay discovery, and also ask this court to quash a subpoena issued to Commerce Bank in Missouri (#136 Exhibit B). As this court does not have jurisdiction to quash a subpoena in another district, the Law Firm Defendants' request to quash is denied.[3] Under the court's broad discretionary power to control discovery in actions pending before it, the stay currently in place is partially extended with regard to the production of the bank records sought through the Commerce Bank subpoena. Fed. R. Civ. P. 26(b)(2)(C). Within thirty (30) days from the entry of this order, Commerce Bank must produce bank records for the two bank accounts mentioned by FTC's counsel during the hearing. The applicable time period for such records shall be from seven years prior to the date of entry of this order until the date of full and complete production of the records.

**IV. Motion For Protective Order Staying Discovery (#134)**

Defendants assert that this court should stay discovery in this action pending the court's ruling on the motions to dismiss (#100, #103, #104, #105, #107, #108, and #109), because the motions to dismiss are jurisdictional and dispositive. (#134). The FTC asserts that this court should not stay discovery pending a ruling on the motions to dismiss, as (1) none of the defendants assert immunity, venue, or jurisdiction as grounds for dismissal in their motions, with the exception of a footnote in *one* motion which mentions subject matter jurisdiction, (2) the motions to dismiss are not dispositive of all claims, (3) the assertions in the motions to dismiss lack merit, (4) the defenses raised by the motions cannot be proven without further discovery, and (5) if the court granted any of the motions to dismiss under Rules 8(a) or 9(b), it would be with leave to amend. (#141).

. . .

---

[3] Fed. R. Civ. P. 45(c)(3)(A) and (B) (stating that "the issuing court" is empowered to quash or modify a subpoena); *S.E.C. v. CMKM Diamonds, Inc*., 656 F.3d 829, 832 (9th Cir. 2011) (holding that "[o]n the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.")

**A. Relevant Law Regarding Staying Discovery**

"A district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L. Ed.2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir.1979)(emphasis added). While "a pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery," "[c]ommon examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau,* 124 F.R.D. 652, 655 (D. Nev. 1989)(citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70 (N.D.Ohio 1973) (discovery as to defendant partially stayed in patent infringement case where venue would be improper if defendant had not been guilty of infringement in that particular district)). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982) (holding that motions to dismiss by government officials that raise immunity as a ground for dismissal also warrant staying discovery).

The Ninth Circuit has held that staying discovery pending a motion to dismiss is permissible where there are no factual issues raised by the motion to dismiss. *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984). The court may continue to stay discovery when the court is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss." *White v. American Tabacco Co.*, 125 F.R.D. 508 (D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)).

Although the Ninth Circuit has not issued a ruling enumerating factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending, federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether

discovery should be stayed. *See, e.g., Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Id.* In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed. *Id.*

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* The court must weigh the expense of discovery with the underlying principle that a stay of discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. As the court in *Mlenjnecky* stated, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. *Id.*

Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Fed. R. Civ. P. 1. With this Rule as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

**B. "Preliminary Peek"/Discussion**

In determining whether to stay discovery, the court will take a "preliminary peek" at the pending

motions to dismiss the complaint (#100, #103, #104, #105, #107, and #109)[4]. *See, Mlenjnecky*, 2011 WL 489743, at *6.

**1. Tribal-Chartered Defendants' Motion To Dismiss**

The Tribal-Chartered Defendants' motion to dismiss asserts that (1) the FTC fails to state a claim under the FTC Act because the FTC lacks authority to bring claims and the complaint is not sufficiently plead, (2) the FTC fails to state a claim under TILA and Regulation Z because the FTC lacks authority to prosecute under these statutes and fails to sufficiently plead these claims, and (3) the FTC fails to state a claim for relief under EFTA and Regulation E. (#101).

**a. "Venue, Immunity, or Jurisdiction"**

"Common examples" of situations that warrant a stay pending ruling on a motion to dismiss are "when jurisdiction, venue, or immunity are preliminary issues" raised in the motion to dismiss. *Twin City Fire Ins. Co.,* 124 F.R.D. at 655; *Sperberg*, 61 F.R.D. 70; *Harlow*, 457 U.S. at 817. The Tribal-Chartered Defendants do not move to dismiss for improper venue, and do not use the word "venue" in their motion. *Id.* The Tribal-Chartered Defendants use the word "immunity" once to support their assertion that courts have found that tribes "lending activities are consistent with the Congressional policies such as those set forth in NABDA," but not to support an argument that they are immune from suit. *Id* at page 3.

The Tribal-Chartered Defendants do assert jurisdiction as grounds for dismissal. *Id.* The jurisdiction the Tribal-Chartered Defendants are referring to, however, relates to the argument that "[b]ecause these Tribal [Chartered] Defendants are arms of federally recognized Indian tribes, they are not "persons, partnerships, or corporations" as defined under the FTC Act, and the FTC therefore has no authority to pursue claims against them under the Act." *Id.* The Tribal-Chartered Defendants

---

[4] Despite the fact that the undersigned was referred the pending motions to dismiss for a report and recommendation, at this time, the court is truly taking a "preliminary peek" at the motions, as opposed to analyzing and addressing the motions as it will in preparation for the report and recommendation. The court may hold another hearing to address the merits of the motions to dismiss in more detail, after a thorough review of the moving papers.

clarified this point in their reply in support of their motion to stay, and stated that the issue they "raise is that the FTC Act does not apply to the Tribal Defendants and, thus, the FTC does not have jurisdiction over the Tribal Defendants, not that the sovereign immunity of the Tribal Defendants precludes the FTC from bringing suit against them." (#149).

A pending motion to dismiss based on jurisdiction is a situation where court's have recognized that staying discovery is appropriate. *Twin City Fire Ins. Co.,* 124 F.R.D. at 653; *Wyatt*, 686 F.2d 276. The word "jurisdiction" in this sense refers to the court's subject matter jurisdiction to hear the action and/or personal jurisdiction over the parties. *Id; See also Wyatt v. Kaplan,* 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.,* 5 F.3d 378, 383 (9th Cir.1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011)(granting motion to stay pending resolution of motion to dismiss which was based on the court's lack of subject matter jurisdiction). Thus, the Tribal-Chartered Defendants' motion to dismiss based on the FTC's lack of jurisdiction is not grounds for a stay. *Id.*

The Tribal-Chartered Defendants drop a footnote in their motion to dismiss regarding the court's subject matter jurisdiction, and state that "[t]he court may also appropriately dismiss this claim under 12(b)(1) for lack of subject matter jurisdiction." (#101)(*citing Moe v. United States*, 326 F.3d 1065, 1070 (9th Cir. 2003))[5]. Counsel for the Tribal-Chartered Defendants clarified during the hearing, that

---

[5] *Moe* dealt with a federal employee who brought an FTCA action against the government for injuries she sustained as a result of a workplace shooting. *Moe*, 326 F.3d at 1070. The Ninth Circuit addressed the District Court's denial of the government's motion to dismiss for lack of subject matter jurisdiction, where the government claimed that the Federal Employee's Compensation Act (hereinafter "FECA") provided the plaintiff's exclusive remedies and preempted her FTCA claims. *Id* at 1067. The Ninth Circuit held that since the "FECA provides [plaintiff's] exclusive remedy, the courts lack jurisdiction over her FTCA claim. Jurisdiction is an issue at any stage of the proceedings, and the Government was not estopped to assert its jurisdictional argument." *Id* at 1070.

the defendants are not arguing that this court lacks subject matter jurisdiction over them. (#152).

**b. "Convinced" FTC Unable To State A Claim/Necessity of Discovery**

The court may also stay discovery if it is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss." *White v. American Tabacco Co.*, 125 F.R.D. 508 (D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)). The Tribal-Chartered Defendants assert that they are arms of the Indian Tribes and that the FTC therefore does not have authority over them. (#101). The FTC disputes that the Tribal-Chartered Defendants are arms of the tribes that enjoy the legal status granted to the Indian Tribes themselves. (#141).

The Tribal-Chartered Defendants also contend that they are not "persons, partnerships, or corporations" under the FTC Act, and that the FTC is acting outside its scope of authority in bringing this action. *Id.* Under 15 U.S.C. § 44, "Corporation" shall be deemed to include "any company, trust, so-called Massachusetts trust, or association, incorporated or unincorporated, which is organized to carry on business for its own profit or that of its members..." The Tribal-Chartered Defendants assert that they are not a "corporation" under the Act's definition simply because they generate a profit, as "unlike profits of privately-held corporations, which are retained by the corporations or paid to private shareholders, the Tribal [Chartered] Defendants' organizational documents require them to utilize their profits for the governmental purposes of their respective Tribes." (#149). The FTC asserts that it "has uncovered considerable financial evidence and former employee testimony contradicting this notion and demonstrating that the Defendants' operation is principally controlled by, and benefits, [d]efendant Scott Tucker and his family." (#141)(*See* #5 at 17-18 and #84 at 28-30, and exhibits cited therein; *see also Ameridebt*, 343 F. Supp. 2d at 461 ("Among the factors that determine whether an entity's purpose is, in fact, charitable [under the FTC Act], are…its use of non-profit status as an instrumentality of individuals or others seeking monetary gain.")).

As the Tribal-Chartered Defendants' status as an "arm of the tribe," and not a "corporation" as defined by the FTC Act, is a disputed fact, the parties must engage in discovery before the court can determine whether the Tribal-Chartered Defendants' argument regarding the FTC's lack of authority warrants dismissal. Before the court can be "convinced" that FTC cannot state a claim, discovery must commence regarding, among other issues, how the Tribal-Chartered Defendants were formed or created, how they operate, and how the profits are distributed. A stay is not appropriate in light of the need for discovery. *See White*, 125 F.R.D. 508. The court will be entering a discovery plan and scheduling order in connection with this order, which will provide for expedited discovery relating to the Tribal-Chartered Defendants' status.

The Tribal-Chartered Defendants rely on the court's ruling in *Fed. Trade Comm'n v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2118626 (D. Nev. May 25, 2011) to support their assertion that the complaint should also be dismissed because it does not meet the heightened pleading standard of Rule 9(b). (#101). In *Ivy Captial,* the defendants moved to dismiss the FTC's complaint, and asked the court to apply the Rule 9(b) heightened pleading standard to claims brought under of Section (5) of the FTC Act. *Ivy Capital, Inc.*, 2011 WL 2118626 *2. The court analyzed the California court's ruling in *FTC v. Lights of Am., Inc.*, 2010 WL 5564048, *3 (C.D.Cal. Dec. 17, 2010), found it persuasive, and held that since "[t]he instant action "sounds in fraud," in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct, which forms the entire basis of the claims alleged," Rule 9(b) applies. *Id* at *3.

After reviewing the complaint, the court found that the FTC had met the heightened pleading standard, in that the FTC categorized defendants based on their function in the alleged scheme and described the nature of the scheme in detail. *Id* at *4. The court also agreed with the FTC that "the court may relax Rule 9(b)'s particularity requirements in circumstances where it may be difficult for the plaintiff to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Id* (citing *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir.1989) (holding that a

complaint need only include the roles of individual defendants in corporate fraud cases where possible, because such situations make it difficult to attribute particular conduct to each defendant)). The court denied the motions to dismiss, and noted that if the claims met the Rule 9 heightened pleading standard, they necessarily meet the general pleading standard under Rule 8(a). *Id.*

The court agrees with the Tribal-Chartered Defendants that the heightened pleading standard applies to the FTC's claims (#1) here. However, the court finds that relaxing Rule 9(b)'s particularity requirement is also appropriate, as it "may be difficult for the [FTC] to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Capital, Inc.*, 2011 WL 2118626 *3; *Moore*, 885 F.2d at 540. Taking a "preliminary peek" at the operative complaint (#1), the court finds, like in *Ivy Captial,* that the FTC has categorized the defendants based on their function in the alleged scheme (#1 page 3, ¶ 6 – page 9, ¶ 24) and has described the nature of the alleged scheme in detail (#1 page 9, ¶25 – page 14, ¶ 45).

The FTC's complaint outlines (1) the defendants' business of providing payday loans, including what avenues are used to offer the loans (*i.e.* specifically identifying the website addresses) and what representations or promises are made to consumers, (2) the defendants' "actual practice," which contradicts those representations (*i.e.* initiating withdrawals on multiple occasions, whereby assessing multiple finance charges), (3) the process a consumer would go through after applying for the loan and the statements or representations made to the consumer, (4) an example of a $300 payday loan that ended up resulting in the consumer paying $975, (5) how the defendants multiply the fees and charges originally promised (demonstrating this practice in a chart), (6) what the defendants fail to disclose to the consumer, such as the APR, finance charge, total number of payments, and payment schedule, (7) how the defendants refuse to permit consumers to pay their loans through cashier's checks, bank checks, wire transfers, money orders, or credit cards, (8) that defendants threaten consumers with criminal prosecution, and (9) the results of the defendants' actions and how the consumers suffer financial injury.

(#1 page 9, ¶25 – page 14, ¶ 45). Based on the "relaxed" Rule 9(b) standard[6], the court finds that the motion to dismiss (#100) should be denied.

**c. Dispositive of Entire Action**

To warrant a stay pending a motion to dismiss, the court must find that the motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *See Mlenjnecky*, 2011 WL 489743 at *6. As articulated in the two previous sections, the court finds that after a "preliminary peek," the Tribal-Chartered Defendants' motion to dismiss (#100) should be denied and that discovery is needed. The motion will therefore not be potentially dispositive of the entire case and a stay is not appropriate. *Id.*

**2. Non-Tribal-Chartered Defendants' Motions To Dismiss**

Defendant Brady's motion to dismiss is based on Rule 12(b)(6) and the FTC's failure to plead with particularity. (#103). The Law Firm Defendants state in their motion to dismiss that "[t]he FTC Has Not Pled Any Of Its Claims With Facts Sufficient To Demonstrate Plausibility, Let Alone With Particularity As Required By Rule 9(b)," and that "[t]he FTC Fails To Allege Sufficient Facts To Make Plausible Claims For Common Enterprise Liability Against The Muir Law Firm, LLC Or For Individual Liability Against Mr. Muir." (#104). Defendant Campbell's motion to dismiss asserts that "[i]f the FTC's complaint fails to state a clam against SFS, Inc, it necessarily fails to state a claim against Campbell." (#105). Defendants AMG Capital Management, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, LeadFlash Consulting, LLC, Level 5 Motorsports, LLC, Blaine A. Tucker, and Scott A. Tucker's motion to dismiss is based on the arguments that the complaint relies on conclusory allegations and counts, and that fraud is not plead with particularity. (#107). Defendant LittleAxe's motion to dismiss is brought pursuant to Rule 12(b)(6). (#109).

. . .

---

[6] As in *Ivy Capital,* whereas the FTC's claims have met the Rule 9(b) standard, they necessarily meet the general pleading standard under Rule 8(a) .

**a. "Venue, Immunity, or Jurisdiction"**

The court may stay discovery pending ruling on motions to dismiss "when jurisdiction, venue, or immunity are preliminary issues" raised in the motions. *Twin City Fire Ins. Co.,* 124 F.R.D. at 655; *Sperberg*, 61 F.R.D. 70; *Harlow*, 457 U.S. at 817. None of the motions to dismiss (#103, #104, #105, #107, and #109) brought by the Non-Tribal-Chartered Defendants assert venue, immunity, or jurisdiction as grounds for dismissal. Staying discovery is not warranted. *Id.*

**b. "Convinced" Unable To State A Claim/Necessity of Discovery**

The Non-Tribal Defendants assert that since the FTC has no authority to bring the claims against the Tribal-Chartered Defendants, the claims against them must fail as well, warranting a stay. (#134). As the court held in section B(1)(b) above, the court is not "convinced" that the FTC cannot state a claim and finds that the parties need to engage in discovery regarding the FTC's ability to bring claims against the Tribal-Chartered Defendants. The Non-Tribal Defendants' motions to dismiss either assert that the FTC has not met the Rule 9(b) heightened pleading standard, the Rule 8 standard, or both. (#103, #104, #105, #107, and #109). After taking a "preliminary peek" as the court discussed above, under *Ivy Capital*, the FTC has met the Rule 9(b) pleading standard, and necessarily, the Rule 8 standard. The court is not "convinced" that the FTC cannot state a claim against the Non-Tribal Defendants. A stay is not warranted on those grounds. *White*, 125 F.R.D. 508; *Jarvis*, 833 F.2d. at 155.

**c. Dispositive of Entire Action**

To warrant a stay pending a motion to dismiss, the court must find that the motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought *See Mlenjnecky*, 2011 WL 489743 at *6. As the complaint is not subject to dismissal based on immunity, venue, or jurisdiction, and meets the heightened pleading requirement under Rule 9(b) and the pleading requirement under Rule 8, the Non-Tribal Defendants' motions to dismiss (#103, #104, #105, #107, and #109) are not potentially dispositive of the entire action against these defendants. A stay is not appropriate. *Id.*

**V. Motions To Quash Subpoenas Issued To DataX (#138) Partner Weekly (#139) and Selling Source (#142)**

**A. Background/Arguments**

On July 19, 2012, the FTC issued subpoenas to produce documents, information, or objects or to permit inspection of premises to DataX (#138 Exhibit A), Partner Weekly (#139 Exhibit A), and Selling Source (#142 Exhibit A). The Tribal-Chartered Defendants filed motions to quash the subpoenas issued to DataX (#13), Partner Weekly (#139), and Selling Source (#142),[7] arguing that since there are pending motions to dismiss under Fed. R. Civ. P. 12(b)(6), "the FTC's Complaint in its entirety is currently pending and the documents sought via this Subpoena relate to, if anything, the merits of its case and, thus, the [s]ubpoena[s] [are] premature." The FTC asserts that the court should deny the defendants' motions to quash (#138, #139, and #142), because (1) a stay does not support quashing the subpoenas, (2) the Tribal-Chartered Defendants do not have standing to quash the subpoenas under Rule 25(c)(3)(A)(iv), (3) by the Tribal-Chartered Defendants' own admission, the documents sought are relevant, and (4) the Tribal-Chartered Defendants have not demonstrated a specific harm they will suffer because of the subpoenas. (#134).

**B. Discussion**

The "party resisting discovery bears the burden of showing why a discovery request should be denied." *See Painters Joint Committee v. J.L. Wallco, Inc.*, No. 2:10-CV-1385 JCM (PAL), 2011 WL 4573349 at *5 (D. Nev. 2011), modified on other grounds, 2011 WL 5854714 (D. Nev. 2011). The "objecting party must specifically detail the reasons why each request is irrelevant" and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *Id; See also E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) ("Rule 26(c) requires more than broad

---

[7] On August 14, 2012, the Tribal-Chartered Defendants filed an unopposed motion to amend the motion to quash (#139) to include the subpoena issued to Selling Source, LLC. (#142). The court granted the motion on the same day. (#144).

allegations of harm, unsubstantiated by specific examples or articulated reasoning. The party seeking the order must point to specific facts that support the request, as opposed to conclusory or speculative statements…") (internal quotations omitted).

The Tribal-Chartered Defendants argue that the documents sought in the subpoena "are relevant to, if anything, the substantive claims," and that since the defendants filed motions to dismiss based on the FTC's lack of authority to bring the claims, the subpoenas are premature. (#138, #139, and #142). The court has not bifurcated discovery and, as discussed above, is lifting the temporary stay. The FTC has explained to the court how each of the recipients of the subpoenas are related to the defendants and their alleged misconduct (#143), but the Tribal-Chartered Defendants have not met their burden of articulating the reasons why the documents sought are irrelevant to any parties' claim or defense. *See Painters Joint Committee*, 2011 WL 4573349 at *5; *see also E.E.O.C.*, 237 F.R.D. at 432; Fed. R. Civ. P. 26(b)(1). The Tribal-Chartered Defendants' motions to quash (#138, #139, and #142) are denied.

The court recognizes that the documents sought through the subpoenas and through other written discovery may contain confidential information. The parties will have until September 11, 2012, to file a stipulated confidentiality and protective order with the court. The stipulation must be signed by all parties and adhere to the directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the requirements of Local Rule 10-5(b).

Accordingly, and for good cause shown,

IT IS ORDERED that the defendants' Joint Motion For A Protective Order Regarding All Discovery Currently Pending, Including Written Discovery Requests and Subpoenas Duces Tecum (#134) is DENIED. The temporary stay of discovery is lifted as to the all defendants, except as noted below. Responses to all pending discovery requests are due September 28, 2012.

IT IS FURTHER ORDERED that the Law Firm Defendants' request to quash subpoena (#136) is DENIED. The temporary stay is continued with regard to the Commerce Bank subpoena, with the following exception: On or before September 28, 2012, Commerce Bank must produce bank records

for the two bank accounts mentioned by FTC's counsel during the hearing. The applicable time period for such records shall be from seven years prior to the date of entry of this order until the date of full and complete production of the records.

IT IS FURTHER ORDERED that, on or before September 4, 2012, the FTC must file and serve a notice identifying which two accounts Mr. Singhvi was referring to during the hearing, when he reported that the FTC has evidence demonstrating that funds were transferred between the Law Firm Defendants and the other defendants, using two identified accounts.

IT IS FURTHER ORDERED that the Tribal-Chartered Defendants' Motions To Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premisses to DataX (#138), Partner Weekly (#139), and Selling Source (#142) are DENIED.

IT IS FURTHER ORDERED that all parties must file a stipulated confidentiality and protective order on or before September 11, 2012.

DATED this 28th day of August, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**