# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AMG SERVICES, INC., *et al.*,<br><br>　　　　　　　Defendants. | 2:12-cv -00536-GMN-VCF<br><br><br>**ORDER**<br><br><br>(*Emergency* **Motion For Protective Order #188**) |

　　　Before the Court is the Tribal-Chartered Defendants' *Emergency* Motion For Protective Order. (#188).

　　　On September 14, 2012, the Federal Trade Commission (hereinafter "FTC") transmitted Notices of Depositions to the Tribal-Chartered Defendants. (#188-1). The FTC's deposition notices state that the following topics are going to be addressed at the Rule 30(b)(6) depositions:

　　　1. The facts and surrounding circumstances relating to the formation, organizational structure, and hierarchy of [the Tribal-Chartered Defendants].

　　　2. The facts and surrounding circumstances relating to the formation of, performance under, and payments pursuant to, any agreements and contracts between [the Tribal-Chartered Defendants] and any defendants in the above captioned action.

　　　3. The facts and surrounding circumstances relating to the operation and day-today management of [the Tribal-Chartered Defendants], including the location of its offices, the number of its employees, and which persons have authority to control [the Tribal-Chartered Defendants'] financial and operational activities and make such decisions on [the Tribal-Chartered Defendants'] financial behalf.

　　　4. The facts and surrounding circumstances relating to [the Tribal-Chartered Defendants'] financial statements and distribution of [the Tribal-Chartered Defendants'] earnings and revenue, including division of profits among owners, employee compensation, contractor costs, and provision of tribal government services, and the access of other defendants to the foregoing.

    5. The facts and surrounding circumstances relating to [the Tribal-Chartered Defendants'] payments to, and its receipt of payments from, other defendants and relief defendants in the above-captioned action.

    6. The facts and surrounding circumstances relating to [the Tribal-Chartered Defendants'] bank accounts, including the purposes of each account, the names of individuals authorized to effect transactions in the accounts, and the names of individuals actually effecting transactions in the accounts.

    7. [The Tribal-Chartered Defendants'] responses to the FTC's expedited document request, interrogatories, and requests for admission, including the basis and facts for [the Tribal-Chartered Defendants'] responses to the FTC's expedited interrogatories and requests for admission, and the authenticity, creation, use and custodial history of documents produced.

*Id.*

In the instant *emergency* motion filed on September 28, 2012, the Tribal-Chartered Defendants ask this court to enter an order stating that they are not required to appear at the depositions noticed for October 4, 17 and 18, 2012, pending the court's ruling on the motion. (#188). The Tribal-Chartered Defendants also ask this court to limit the scope of the deposition topics as noticed (#188-1). *Id.* The Tribal-Chartered Defendants assert that the topics "are objectionable because they are not limited to topics that are relevant to the Tribal-Chartered Defendants' status as an "arm-of-the-tribe" and, also, are objectionable because the matters for examination are not set forth with reasonable particularity." (#188). They ask this court to forbid inquiry into topics 2, 5, and 6, and to modify topics 1, 3, 4, and 7 to limit the scope of disclosure to the following topics:

    1. The formation, organizational structure and hierarchy of the Tribal-Chartered Defendants.

    2. The identity of persons who control the Tribal-Chartered Defendants.

    3. Identification of what Tribal programs and services, or the like, that the Tribal-Chartered Defendant's revenues support, if any.

    4. The Tribal-Chartered Defendants' responses to the FTC's expedited document request, interrogatories, and requests for admission.

. . .

. . .

Upon review of the *emergency* motion (#188) and the deposition notices (#188-1),

IT IS HEREBY ORDERED that the Tribal-Chartered Defendants' *Emergency* Motion For Protective Order (#188) is GRANTED in part and DENIED in part, with respect to the October 4, 2012, deposition as ordered below.

IT IS FURTHER ORDERED that the parties proceed with the October 4, 2012, 9:00 a.m. Rule 30(b)(6) deposition of Defendant SFS, Inc. as noticed (#188-1).  The deposition is limited to four (4) hours, and the topics as noticed are limited to the following:

(1) The foundation, organizational structure and hierarchy of the Tribal-Chartered Defendant.

(2) The identity of persons who control the Tribal-Chartered Defendant.

(3) Identification of what tribal programs and services, or the like, that the Tribal-Chartered Defendant's revenues support.

(4) Distribution of the Tribal-Chartered Defendant's revenues and earnings, including division of profits among owners, employee compensation, contractor costs, provision of tribal government services, and tribal government access to Tribal-Chartered Defendant's financial information.

(5) The Tribal-Chartered Defendant's responses to the FTC's expedited document requests, interrogatories, and requests for admissions, including the basis and facts supporting the Tribal-Chartered Defendant's responses to these written discovery requests and the authenticity, creation, use and custodial history of the documents produced.

IT IS FURTHER ORDERED that the FTC file an opposition to the Tribal-Chartered Defendants' *Emergency* Motion for Protective Order (#188), with respect to the October 17th and 18th depositions, on or before 4:00 p.m. on October 10, 2012, which will include, as an exhibit, an expedited copy of the transcript of the October 4, 2012, deposition.

. . .

IT IS FURTHER ORDERED that a hearing is scheduled in this matter for October 12, 2012, at 1:30 p.m. in Courtroom 3B.

DATED this 1st day in October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE