1

2          **UNITED STATES DISTRICT COURT**

3             **DISTRICT OF NEVADA**

4                              * * *
FEDERAL TRADE COMMISSION,              )
5                                      )
                    Plaintiff,         )
6                                      )          2:12-cv-00536-GMN -VCF
   v.                                  )
7                                      )
                                       )          **ORDER**
8                                      )          **REPORT AND RECOMMENDATION**
   AMG SERVICES, INC, *et al.,*        )
9                                      )          (Motions to Dismiss #100, 103, 104, 105,
                                       )          107, and 109, and Motion For Oral
10                  Defendant.         )          Argument #159)
11 _____    )

12          Before the court are defendants AMG Services, Inc., Red Cedar Services, Inc., SFS, Inc., and

13 Tribal Financial Services (hereinafter "Tribal-Chartered Defendants[1]") Motion To Dismiss (#100),

14 defendant Don E. Brady's Motion to Dismiss (#103), defendants Muir Law Firm, LLC and Timothy J.

15 Muir's Motion to Dismiss (#104), defendant Robert D. Campbell's Motion To Dismiss (#105),

16 defendants AMG Capital Management, LLC, Level 5 Motorsports, LeadFlash Consulting, LLC, Black

17 Creek Capital Corporation, Broadmoor Capital Partners, Scott A. Tucker, and Blaine A. Tucker's

18 Motion to Dismiss (#107), defendants Park 269, LLC and Kim C. Tucker's Joinder to Motion to

19 Dismiss (#108), and defendant Troy LittleAxe's Motion To Dismiss (#109).   The Federal Trade

20 Commission (hereinafter "FTC") filed an opposition to the motions to dismiss.  (#120).  Defendants

21 filed Replies and Joinders thereto.  (#123, 124, 125, 126, 127, and 128).

22          Also before the court is the defendants' Joint Motion for Oral Argument on Motions To Dismiss.

23 (#159).  The FTC filed an Opposition (#162), and defendants filed a Reply (#177).

24

25 _____

26          [1]All other defendants are referred to as "Non-Tribal-Chartered Defendants."  Where applicable, The Muir Law
Firm, LLC and Timothy J. Muir are sometimes referred to as "Law Firm Defendants."

1

## I.      Background

2         Plaintiff FTC filed its complaint on April 2, 2012, asserting (1) violations of Section 5(a) of the

3   FTC Act, 15 U.S.C. § 45(a) in counts one and two, (2) violations of the Truth In Lending Act

4   (hereinafter "TILA") and Regulation Z in count three, and (3) violations of the Electronic Funds

5   Transfer Act (hereinafter "EFTA") and Regulation E in counts four and count five (count five is asserted

6   against relief defendants Park 269 LLC and Kim Tucker only).  (#1).   FTC also filed a motion for

7   preliminary injunction on the same day, seeking to enjoin the defendants from violating the FTC Act,

8   TILA, and EFTA.  (#4).

9         On May 25, 2012, the Tribal-Chartered Defendants filed a motion to dismiss (#100), defendant

10  Don E. Brady filed a motion to dismiss (#103), the Law Firm Defendants filed a motion to dismiss

11  (#104), defendant Robert D. Campbell filed a motion to dismiss (#105), AMG Capital Management,

12  LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, LeadFlash Consulting, LLC,

13  Level 5 Motorsports, LLC, Blaine A. Tucker, Scott A. Tucker filed a motion to dismiss (#107),

14  defendants Park 269, LLC and Kim C. Tucker filed a joinder thereto (#108), and defendant Troy L

15  LittleAxe filed a motion to dismiss (#109).  On August 1, 2012, the parties filed a stipulated discovery

16  plan and scheduling order, wherein the FTC stated its position that discovery should commence

17  immediately and defendants stated their position that "discovery should not commence until the [c]ourt

18  has ruled on the pending dispositive motions."  (#133).  On the same day, the defendants filed a joint

19  motion for protective order.  (#134).  On August 2, 2012, the Law Firm Defendants filed a joinder

20  thereto.  (#136).

21        On August 3, 2012, the court issued an order temporarily staying discovery until further order

22  from the court.  (#137).  The Tribal-Chartered Defendants filed two motions to quash (#138 and #139)

23  on August 9, 2012.  On the same day, the Honorable Judge Navarro referred the motions to dismiss

24  (#100, 103, 104, 105, 107, and 109) to the undersigned, in accordance with Local Rule IB 1-4(e), for

25  a report and recommendation.  On August 14, 2012, the Tribal-Chartered Defendants filed a motion to

26

amend the motions to quash to quash an additional subpoena.  (#142).

The court held a hearing on August 23, 2012, on the pending motions.  (#152).  On August 28, 2012, the court entered an order resolving pending discovery disputes and partially lifting the discovery stay.  (#153).  On August 30, 2012, the court issued an order setting deadlines for discovery in the ordinary course and ordering expedited discovery regarding certain defenses raised by the Tribal-Chartered Defendants.  (#155).  On October 15, 2012, the Tribal-Chartered Defendants filed a notice of partial withdrawal of defendants' joint motion to dismiss plaintiff's complaint (#100), to "withdraw from their Joint Motion to Dismiss Plaintiff's Complaint the argument that the Federal Trade Commission ("FTC") lacks authority to bring suit against the Tribal Defendants because they are arms of federally recognized Indian Tribes." (#214).  All other defendants joined in withdrawal of this argument from their pending motions to dismiss (#217-221).

**II.**   **Introduction**

Independent of the withdrawn arguments, all defendants move for dismissal of the complaint on the grounds that the FTC has not pled its causes of action with the degree of specificity required by Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure against each of them individually.

**A.**   **Tribal-Chartered Defendants' Motion To Dismiss**

The Tribal-Chartered Defendants' motion to dismiss asserts that (1) the FTC fails to state a claim under the FTC Act because the complaint is not sufficiently plead, (2) the FTC fails to state a claim under TILA and Regulation Z because the FTC fails to sufficiently plead these claims, and (3) the FTC fails to state a claim for relief under EFTA and Regulation E.   (#100 and #101).

**1.**   **Rule 9(b) Pleading Standard/*Fed. Trade Comm'n v. Ivy Capital, Inc.***

The Tribal-Chartered Defendants rely on the court's ruling in *Fed. Trade Comm'n v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2118626 (D. Nev. May 25, 2011) to support their assertion that the complaint should be dismissed because it does not meet the heightened pleading standard of Rule 9(b). (#101). In *Ivy Capital,* the defendants moved to dismiss the FTC's complaint, and asked the

3

court to apply the Rule 9(b) heightened pleading standard to claims brought under Section (5) of the FTC Act. *Ivy Capital, Inc.*, 2011 WL 2118626 *2. The court analyzed the California court's ruling in *FTC v. Lights of Am., Inc.*, 2010 WL 5564048, *3 (C.D. Cal. Dec. 17, 2010), found it persuasive, and held that since "[t]he instant action "sounds in fraud," in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct, which forms the entire basis of the claims alleged," Rule 9(b) applies. *Id* at *3.

After reviewing the complaint, the court found that the FTC had met the heightened pleading standard, in that the FTC categorized defendants based on their function in the alleged scheme and described the nature of the scheme in detail. *Id* at *4. The court also agreed with the FTC that "the court may relax Rule 9(b)'s particularity requirements in circumstances where it may be difficult for the plaintiff to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Id* (citing *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir.1989) (holding that a complaint need only include the roles of individual defendants in corporate fraud cases where possible, because such situations make it difficult to attribute particular conduct to each defendant)). The court denied the motions to dismiss, and noted that if the claims met the Rule 9 heightened pleading standard, they necessarily meet the general pleading standard under Rule 8(a). *Id.*

### 2.    FTC's Claims/Discussion

The court agrees with the Tribal-Chartered Defendants that the heightened pleading standard applies to the FTC's claims (#1) here, as the claims "sound in fraud." *Id* at *3. However, the court finds that relaxing Rule 9(b)'s particularity requirement is also appropriate, as it "may be difficult for the [FTC] to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Id*; *Moore*, 885 F.2d at 540. Reviewing the complaint (#1), the court finds, like in *Ivy Captial,* that the FTC has categorized the defendants based on their function in the alleged scheme (#1 page 3, ¶ 6 – page 9, ¶ 24) and has described the nature of the alleged scheme in detail (#1 page 9, ¶25 – page 14, ¶ 45).

4

The FTC's complaint outlines (1) the defendants' business of providing payday loans, including what avenues are used to offer the loans (*i.e.* specifically identifying the website addresses) and what representations or promises are made to consumers, (2) the defendants' "actual practice," which contradicts those representations (*i.e.* initiating withdrawals on multiple occasions, whereby assessing multiple finance charges), (3) the process a consumer would go through after applying for the loan and the statements or representations made to the consumer, (4) an example of a $300 payday loan that ended up resulting in the consumer paying $975, (5) how the defendants multiply the fees and charges originally promised (demonstrating this practice in a chart), (6) what the defendants fail to disclose to the consumer, such as the APR, finance charge, total number of payments, and payment schedule, (7) how the defendants refuse to permit consumers to pay their loans through cashier's checks, bank checks, wire transfers, money orders, or credit cards, (8) that defendants threaten consumers with criminal prosecution, and (9) the results of the defendants' actions and how the consumers suffer financial injury. (#1 page 9, ¶25 – page 14, ¶ 45). Based on the "relaxed" Rule 9(b) standard[2], the court finds that the motion to dismiss (#100) should be denied.

**B.      Non-Tribal-Chartered Defendants' Motions To Dismiss**

Defendant Brady's motion to dismiss is based on Rule 12(b)(6)[3] and the FTC's failure to plead with particularity.  (#103).  The Law Firm Defendants state in their motion to dismiss that "[t]he FTC Has Not Pled Any Of Its Claims With Facts Sufficient To Demonstrate Plausibility, Let Alone With Particularity As Required By Rule 9(b)," and that "[t]he FTC Fails To Allege Sufficient Facts To Make Plausible Claims For Common Enterprise Liability Against The Muir Law Firm, LLC Or For Individual

---

[2] As in *Ivy Capital,* whereas the FTC's claims have met the Rule 9(b) standard, they necessarily meet the general pleading standard under Rule 8(a) **.**

[3]  In defendant Brady's motion to dismiss (#103), he asserts that the FTC has failed to state a claim for relief because "[p]laintiff cannot prove an underlying corporate violation in this case because, as arms of federally-recognized Indian tribes, the corporate defendants with which Brady is involved fall outside the purview of the FTC Act."  As defendant Brady withdrew this argument (#219), the court will not discuss it herein.

Liability Against Mr. Muir." (#104). Defendant Campbell's motion to dismiss asserts that "[i]f the FTC's complaint fails to state a clam against SFS, Inc[4], it necessarily fails to state a claim against Campbell." (#105). Defendants AMG Capital Management, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, LeadFlash Consulting, LLC, Level 5 Motorsports, LLC, Blaine A. Tucker, and Scott A. Tucker's motion to dismiss is based on the arguments that the complaint relies on conclusory allegations and counts, and that fraud is not plead with particularity. (#107). Defendants Kim C. Tucker and Park 269, LLC join in the arguments presented in the motion to dismiss (#107). (#108). Defendant LittleAxe's motion to dismiss is brought pursuant to Rule 9(b) and Rule 12(b)(6). (#109).

### 1. FTC's Allegations

#### a. Defendant Brady

The FTC's complaint alleges that defendant Brady is "the administrator of websites used by TFS, including www.ameriloan.com, www.unitedcashloans.com, and www.usfastcash.com," "is a signatory on all TFS accounts and the chief executive officer of AMG Services, Inc," and, "acting alone or in concert with others,...has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." (#1). The FTC also alleges that Brady and other defendants "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.*

#### b. The Law Firm Defendants

The FTC alleges in the complaint that "[t]he Muir Law Firm, LLC advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans," and that

---

[4] As the court held above, the FTC has asserted a claim against the Tribal-Chartered Defendants, including SFS, Inc.

Timothy J. Muir is the "President of Black Creek Capital Corporation, and, through The Muir Law Firm, LLC, pays for the domain name registrations and other fees of multiple websites used by the [d]efendants to market payday loans (including www.500fastcash.com, www.ameriloan.com, www.oneclickcash.com, www.unitedcashloans.com, and www.usfastcash.com). *Id.* The FTC also alleges that defendant Timothy J. Muir, "acting alone or in concert with others,...has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." *Id.* The complaint alleges that defendant Muir and other defendants "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.*

### c.   Defendant Campbell

The FTC's complaint alleges that defendant Campbell  "is an officer of SFS, Inc. and the administrator of the website www.oneclickcash.com," "is a signatory on the SFS, Inc. bank account," and, "acting alone or in concert with others,...has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." *Id.* The FTC also alleges that defendant Campbell and other defendants "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.*

### d.   Defendant AMG Capital Management, LLC

The FTC alleges that defendant AMG Capital Management, LLC "transacts or has transacted business in this district and throughout the United States," and, acting alone or in concert with others, has "advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans." *Id.* The complaint also refers to AMG Management, LLC as a "Corporate Defendant," and

alleges that the Corporate Defendants "have operated as a common enterprise while engaging in the deceptive acts and practices and other violations of law alleged below," and "have conducted the business practices described below through an interrelated network of companies that have common ownership, business functions, and employees and have commingled funds." *Id.*

### e.    Defendant Black Creek Capital Corporation

The FTC's complaint alleges that "acting alone or in concert with others, Black Creek Capital Corporation advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans." *Id.*   The complaint identifies defendant Black Creek Capital Corporation as a "Corporate Defendant," and alleges that the Corporate Defendants "have operated as a common enterprise while engaging in the deceptive acts and practices and other violations of law alleged below," and "have conducted the business practices described below through an interrelated network of companies that have common ownership, business functions, and employees and have commingled funds." *Id.*

### f.    Defendant Broadmoor Capital Partners, LLC

The complaint alleges that Broadmoor Capital Partners, LLC advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans," and that Broadmoor Capital Partners, LLC is a "Corporate Defendant." *Id.*  The complaint further alleges that as a Corporate Defendant, Broadmoor Capital Partners, LLC along with other Corporate Defendants," have operated as a common enterprise while engaging in the deceptive acts and practices and other violations of law alleged below," and "have conducted the business practices described below through an interrelated network of companies that have common ownership, business functions, and employees and have commingled funds." *Id.*

### g.  Defendant LeadFlash Consulting, LLC

The allegations in the complaint state that "LeadFlash Consulting, LLC transacts or has transacted business in this district and throughout the United States," and that "[a]t all times material to this complaint, acting alone or in concert with others, LeadFlash Consulting, LLC advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans." *Id.* LeadFlash Consulting, LLC is categorized as a "Corporate Defendant," and the FTC alleges that all Corporate Defendants operated as a common enterprise "while engaging in the deceptive acts and practices and other violations of law alleged below." *Id.*

### h.  Defendant Level 5 Motorsports, LLC

The FTC alleges that "Level 5 Motorsports, LLC transacts or has transacted business in this district and throughout the United States," and that "[a]t all times material to this complaint, acting alone or in concert with others, Level 5 Motorsports, LLC advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term "payday" loans to consumers throughout the United States and participated in the collection of those loans." *Id.* Level 5 Motorsports, LLC is also identified as a "Corporate Defendant," and the same allegations are alleged against Level 5 Motorsports, LLC as are alleged against the Corporate Defendants above. *Id.*

### i.  Defendants Blaine A. Tucker and Scott A. Tucker

The FTC's complaint alleges that defendant Scott A. Tucker is (1) a signatory on the accounts of every corporate defendant (except The Muir Law Firm, LLC and LeadFlash Consulting, Inc.), (2) an employee of AMG Services, Inc.," (3) "the secretary/manager of Broadmoor Capital Partners, LLC," and (4) "was the manager of Level 5 Motorsports, LLC on its formation." *Id.* The complaint also alleges that defendant Scott A. Tucker, "acting alone or in concert with others,...has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." *Id.* The FTC alleges

in the complaint that defendant Blaine A. Tucker is (1) a signatory on the accounts of every corporate defendant (except The Muir Law Firm, LLC), (2) an employee of AMG Services, Inc., (3) the secretary/manager of AMG Services, Inc., TFS Corp., and Black Creek Capital Corporation, and (4) a member of LeadFlash Consulting, LLC. *Id.* The FTC further alleges that "[a]t all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." *Id.*

The complaint alleges that both Scott A. Tucker and Blaine A. Tucker, along with other defendants, "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.*

### j.    Defendant Troy L. Little Axe

The FTC alleges in the complaint that defendant Troy L. LittleAxe is "the registered agent of Red Cedar Services, Inc.," "the administrator of the website www.500fastcash.com," and "a signatory on the Red Cedar Services bank account." *Id.* The complaint further alleges that, "acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of all the corporate defendants including the acts and practices set forth in this complaint." *Id.* The FTC alleges that defendant LittleAxe and other defendants "have formulated, directed, controlled, had the authority to control, had knowledge of, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." *Id.*

### k.    Relief Defendants

The FTC identifies Park 269, LLC and Kim C. Tucker as "Relief Defendants," and asserts that the relief defendants "received funds that can be traced directly to Defendants' unlawful acts or practices alleged below" and have "no legitimate claim to those funds." *Id.* The complaint further alleges that Kim C. Tucker is a member of Park 269, LLC and resides in the State of Kansas. *Id.* In count five of

the complaint, the FTC alleges that the Relief Defendants *"are not bona fide purchasers with legal and equitable title to Defendants' customers' funds and other assets, and Relief Defendants will be unjustly enriched if they are not required to disgorge the funds or the value of the benefit they received as a result of Defendants' unlawful acts or practices." Id.*

### 2.    Relevant Law/Discussion

The Non-Tribal-Chartered Defendants' motions to dismiss either assert that the FTC has not met the Rule 9(b) heightened pleading standard, the Rule 8 standard, or both.  (#103, #104, #105, #107, #108, and #109).  Defendant LittleAxe also moves to dismiss under Rule 12(b)(6).  (#109).

### a.    Rule 9(b) Heightened Pleading Standard

The court finds that the complaint (#1) must adhere to the heightened pleading standard of Rule 9(b) with regard to the Non-Tribal-Chartered Defendants, as the claims against them "sounds in fraud." *Capital, Inc*., 2011 WL 2118626 *3.  As with the Tribal-Chartered Defendant, relaxing Rule 9(b)'s particularity requirement is also appropriate, as it "may be difficult for the [FTC] to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Id*; *Moore*, 885 F.2d at 540.

In addition to describing the nature of the alleged scheme in detail (#1 page 9, ¶25 – page 14, ¶ 45), as outlined on page 4, lines 9-21, of this order, and categorizing the defendants based on their function in the alleged scheme (#1 page 3, ¶ 6 – page 9, ¶ 24), the FTC has explained, as shown above, how each of the Non-Tribal-Chartered Defendants allegedly participated in the scheme and how they are allegedly connected to each other and the Tribal-Chartered Defendants.  (#1).  Upon a review of the claims against the Non-Tribal-Chartered Defendants (#1), the court finds, under *Ivy Capital*, that the FTC has met the relaxed Rule 9(b) pleading standard, and necessarily, the Rule 8 standard.  *Capital, Inc*., 2011 WL 2118626 *4.  Accordingly, the requests to dismiss under Rules 8 and 9(b) (#103, 104, 105, 107, and 109) should be denied.

### b.    Rule 12(b)(6)

A court dismisses under Rule 12(b)(6) when a cause of action fails to state a claim upon which

11

relief can be granted.  *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

Dismissal is appropriate under Rule 12(b)(6) when the complaint does not give the defendant fair notice

of a legally cognizable claim and the grounds on which it rests. *See Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  Defendant Little Axe asserts that the complaint should be dismissed under Rule

12(b)(6) because it alleges that all sixteen defendants did the same things, and is therefore "conclusory

and implausible and fails to state a cause of action."  (#109).  LittleAxe also asserts that the complaint

"identifies no facts to show the required factors to find a common enterprise," and "fails to allege

sufficient facts to state a claim against LittleAxe for any" of the counts asserted against him.  *Id.*

Upon a review of the allegations against defendant LittleAxe in complaint (#1), the court finds

dismissal is not appropriate.  The complaint delineates for defendant LittleAxe (as well as for all

defendants) his alleged role in the scheme, providing him with "fair notice" of the claims against him.

(#1 Pages 8 and 9, ¶ 22).  The complaint also alleges LittleAxe's participation in the "common

enterprise," and that the Corporate Defendants, which LittleAxe is involved in, conducted business

practices through an interrelated network of companies that have common ownership, business

functions, employees, and commingled funds.  (#1 Page 9 and 10, ¶25).  In the description of each

defendant, the FTC explains the role each defendant played and how each defendant is related to the

others.  (#1 page 3, ¶ 6 – page 9, ¶ 24).  With regard to the argument that the complaint fails to "allege

sufficient facts to state a claim" (#109),  the court finds that the complaint adequately outlines the

alleged scheme in sufficient detail to put defendant LittleAxe on notice.  (#1 page 9, ¶25 – page 14, ¶

45).  LittleAxe's motion to dismiss pursuant to Rule 12(b)(6) (#109) should be denied.

As the court was able to address the issues presented in the motions to dismiss and joinder

thereto (#100, 103, 104, 105, 107, 108, and 109) without a hearing, the joint motion for a hearing is

denied.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Joint Motion for Oral Argument on Motions To Dismiss

(#159) is DENIED.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the defendants' Motions To Dismiss (#100, 103, 104, 105, 107, and 109) should be DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of October, 2012.

_____

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

13