# ATTACHMENT 12

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone:  (702) 388-6336
Facsimile:  (702) 388-6787
Email:  Blaine.Welsh@usdoj.gov

WILLARD K. TOM
General Counsel
NIKHIL SINGHVI
JULIE G. BUSH
JASON D. SCHALL
HELEN P. WONG
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop NJ-3158
Washington, D.C. 20580
Phone:  (202) 326-3480 (Singhvi)
Facsimile:  (202) 326-3629
Email:  nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)

*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:12-cv-536 |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMG CAPITAL MANAGEMENT, LLC** |
| AMG Services, Inc. et al., | |
| Defendants, and | |
| Park 269 LLC, et al., | |
| Relief Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, the Federal Trade Commission ("FTC"), by its undersigned attorneys, submits to Defendant AMG Capital Management, LLC the following interrogatories.  The FTC requests that Defendant AMG Capital Management, LLC respond to these interrogatories, in writing and under oath, in accordance with the definitions and instructions set forth below, and that such responses be returned within the time period prescribed by the Federal Rules of Civil Procedure at the Commission's Washington, D.C. office at 600 Pennsylvania Avenue, N.W., NJ-3158, Washington, D.C. 20580.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

1.      "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

2.      "**All**" means "any and all."

3.      "**AMG Capital**" means AMG Capital Management, LLC, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

4.      "**Any**" means "any and all."

1

5.     "**Associated Persons**" means Miami Tribe of Oklahoma, Modoc Tribe of Oklahoma, Santee Sioux Nation, MNE Services, Inc., Norma Tucker, Crystal Cram, Charles Hallinan, Hallinan Capital, or Joel Tucker, including any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

6.     "**Defendant**" means any defendant in the above-captioned action.

7.     The term "**Document**" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the defendant's possession, custody, or control including but not limited to:  memoranda, reports, letters, telegrams, facsimiles, electronic mail, voice mail, other electronic correspondence, and any other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, depositions, and telephone or other communications; solicitations, advertisements, offers, confirmations, contracts and other agreements; statements, ledgers, invoices, receipts, customer or vendor lists, and other records of financial matters or commercial transactions; financial models, statistical models, surveys, studies, computer printouts, and other data compilations; notebooks, calendars, and diaries; plans, proposals, scripts, and specifications; publications, manuals, supplements, indices, abstracts, pamphlets, and fliers; photographs, diagrams, graphs, charts, and other drawings; transparencies, view graphs, foils, slides, handouts, and multimedia presentations; photocopies, microfilm, microfiche, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings.  The term includes all drafts of a

document; the original document (or an identical copy if the original is no longer available); and all copies that differ in any way from the original (including as to any notations, underlining, markings, or electronically imbedded comments or codes).  The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

8.      "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

9.      "**Identify**" and "**the identity of**" with respect to persons means to state the identification of (a) natural persons by name, title,  job responsibilities, present business affiliation, present business address, telephone number, and email address, or if a present business affiliation or present business address are not known, the last known business and home addresses, last known telephone number(s), and last known email address(es); and (b) businesses or other organizations by name, address, contact person, and telephone number, where applicable.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10.     "**Including**" means "including but not limited to."

11.     "**Owner**" means any Person with an ownership or equity stake, including, but not limited to, any Person who received remuneration of any kind based on Your revenues or profit.

12.     "**Person**" means any natural person or any business, legal or governmental entity, or association.

13.    "**Relating to**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

14.    "**Relief Defendant**" means any relief defendant in the above-captioned action.

15.    "**You**" and "**Your**" shall mean the person or entity to whom these interrogatories are issued.

## INSTRUCTIONS

A.    In responding to these Interrogatories, furnish all information and documents available, including information and documents in your or your agents' possession, custody, or control, or otherwise subject to your possession or control at the time of such production.

B.    Unless otherwise directed in the specifications, the applicable time period for the interrogatory shall be from 2002 until the completion of this action.  To the extent that circumstances have changed during this time period, answer the interrogatory with respect to each set of circumstances and identify the date on which the circumstances have changed.  These interrogatories are continuing in nature, up to and during the course of the trial.  Your response to these interrogatories must be supplemented as you obtain additional information affecting any of your responses.

C.    If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, state this and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

D.     If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object.

E.     If anything is deleted from a document produced in response to an interrogatory, list:  (1) the reason for the deletion, and (2) the subject matter of the deletion.

F.     If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for Plaintiff and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5).  The privilege log shall include the following: (i) specific grounds for the claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the privileged communication; (iv) a description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and (v) the Interrogatory to which the privileged information is responsive.

G.     Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    1.  Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

    2.  Construing the singular form of any word to include the plural and the plural form to include the singular;

    3.  Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    4.  Construing the masculine form to include the feminine form;

5.   Construing the term "Date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and

6.   Construing negative terms to include the positive and vice-versa.

H.   If you have any questions, please contact Jason Schall at 202-326-2251.

## INTERROGATORIES

1.   For AMG Capital and any parent, subsidiary, division or affiliate thereof, identify the type of business organization, the principal place of business, the date of organization, any trade or business names, and the jurisdiction where the business was organized.

2.   Identify all of Your Owners during the time period covered by these interrogatories, stating the percentage ownership stake of each, duration of ownership of each, and whether and how much each is compensated based on your profits or revenues.

3.   Identify any payments, including, but not limited to, in-kind payments and purchases of goods and services, made by You or at Your direction to, or for the benefit of, any other Defendant, any Relief Defendant, or any Associated Person, including, for each payment, the amount of payment, date of payment, method of payment, and detailed reason for payment.

4.   Identify any payments, including, but not limited to, in-kind payments and purchases of goods and services, made to You, on your behalf, or for Your benefit, by any other Defendant, Relief Defendant, or Associated Person including for each payment, the amount of payment, date of payment, method of payment, and detailed reason for payment.

5.      Identify all locations at which you conduct operations and identify and describe the operations conducted at each location.

6.      Identify all goods, services, financing, or other assets or assistance you provide relating to loans issued or serviced by any Defendant.

7.      For each interrogatory and request for production, including, but not limited to, any future interrogatories and requests for production in this case, identify all individuals who assisted in Your responses and custodians of all documents produced.


Dated:  July 20, 2012


                                                /s/ Nikhil Singhvi
                                                Nikhil Singhvi
                                                Jason D. Schall
                                                Julie G. Bush
                                                Helen P. Wong

                                                *Attorneys for Plaintiff*
                                                *Federal Trade Commission*