**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
|    Plaintiff, | Case No.: 2:12-cv-536-GMN-VCF |
|  v. | |
| AMG Services, Inc., et al., | **ORDER ENTERING** |
|    Defendants, and | **STIPULATED PRELIMINARY** |
| Park 269 LLC, et al., | **INJUNCTION AND BIFURCATION** |
|    Relief Defendants. | |

THIS MATTER comes before the Court upon the stipulation of Plaintiff Federal Trade Commission ("FTC") and Defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Don E. Brady, Robert D. Campbell, and Troy L. LittleAxe (collectively, "Defendants") for the entry of a stipulated preliminary injunction and bifurcation.

Having considered the Complaint and other filings in this action, and now being advised in the premises, the Court finds that:

1.   This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all parties pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345, and venue in the District of Nevada is proper under 28 U.S.C. §§ 1391(b) and (c).

1

2.     The FTC and Defendants agree that this Preliminary Injunction and Bifurcation Agreement is binding in form and scope pursuant to Federal Rule of Civil Procedure 65(d).

3.     This Preliminary Injunction and Bifurcation Agreement is in the best interests of all parties to this action and is in the public interest.

4.     This Preliminary Injunction and Bifurcation Agreement does not constitute, and shall not be interpreted to constitute, an admission by Defendants that they have engaged in violations of any law or regulation. The stipulation and entry of this Preliminary Injunction is not to be construed or deemed a waiver of any claims or defenses that may be raised in this action.  This Stipulation is inadmissible in any court, arbitration, mediation, or other legal proceeding as evidence against Defendants.

5.     No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Preliminary Injunction and Bifurcation Agreement only, the following definitions shall apply:

1.     "Collection of debts" means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

2.     "Consumer" means an actual or potential purchaser, customer, or borrower.

3.     "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

4.     "Defendants" means AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Don E. Brady, Robert D. Campbell, and Troy L. LittleAxe.

5.     "Document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term.

6.     "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.  Defendants do not, by virtue of their agreement to this definition, waive any defense they may raise with respect to the meaning or scope of the term "person" as used in the Federal Trade Commission Act, 15 U.S.C. §§ 41, *et seq*.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## STIPULATED INJUNCTION

### I.   PROHIBITED LENDING PRACTICES

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, or offering of any loan or other extension of credit to consumers, are hereby preliminarily restrained and enjoined from:

A. Misrepresenting, or assisting others who are misrepresenting:

1. That Defendants will automatically withdraw the full amount owed, including applicable fees, from a consumer's bank account on one specific date;

2. That a consumer's total of payments will be equal to the amount financed plus a stated finance charge; and

3. Whether, and the extent to which, a consumer's payment will be applied to principal repayment, finance charges, interest, and/or other fees.

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

### II.   PROHIBITED COLLECTION PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service,

facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the collection of debts, are hereby preliminarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting:

    A. That consumers can be arrested or imprisoned for failing to pay Defendants;

    B. That if consumers do not pay Defendants, Defendants will or can take formal legal action against consumers, including but not limited to, filing suit; and

    C. Any other material fact.

### III.   TRUTH IN LENDING REQUIREMENTS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from failing, or assisting others who fail, to disclose in writing before extending credit the following information in a manner reflecting the terms of the legal obligation between the parties:

    A. the finance charge;

    B. the annual percentage rate;

    C. the payment schedule; and

    D. the total of payments.

### IV.   PROHIBITED ELECTRONIC FUND TRANSFER PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby are prohibited from conditioning the extension of credit on preauthorized electronic fund transfers.

**V.      PROHIBITION AGAINST DISCLOSURE OF CONSUMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from disclosing to any third party the name, address, telephone number, Social Security number, credit card number, bank account number, email address, or other identifying information of any person who applied for and/or obtained a loan from any Defendant, except as follows:

   a)    Defendants may disclose such information to a law enforcement agency or as required by any law, regulation, or other court order;

   b)    Defendants may disclose such information to third parties for any lawful purpose related to extending loans issued by Defendants, receiving or processing loan payments owed to Defendants, or collecting debt owed to Defendants;

   c)    Defendants may disclose such information for purposes of selling debt owed to Defendants; and

   d)    Defendants may disclose such information for purposes of selling the lending business (in whole or in part), provided that before any such disclosure: (i) the purchaser must first agree in writing to be bound by the terms of Articles I to IV

of this Stipulated Injunction, and (ii) Defendants must provide a copy of such agreement to the FTC.

## VI.    PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from: destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business or personal finances, of Defendants or any other entity directly or indirectly under the control of any Defendant.

## VII.    CONSUMER REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC.

## VIII.   MONITORING COMPLIANCE WITH THIS ORDER

**IT IS FURTHER ORDERED** that, for purposes of monitoring compliance with this Order, the FTC is authorized to use all lawful means, including, but not limited to, posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice.

## IX.    NOTICE TO EMPLOYEES AND AGENTS

**IT IS FURTHER ORDERED** that within five business days following this Order, Defendants shall provide a copy of this Order to each of their employees, directors, officers, subsidiaries, affiliates, agents, and attorneys to the extent those persons' activities relate to the extension of credit to consumers or the collection of debts.  Within ten business days following this Order, Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Defendants have served with a copy of this Order in compliance with this provision.  Defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc. may, at their option, distribute a term sheet in addition to this Order to their employees who are not managers, directors, officers, or supervisors.

## X.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Express Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on Defendants or any other person or entity that may be subject to any provision of this Order.

## XI.    ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants, within five business days of receipt of this Order, shall submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

## XII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**BIFURCATION OF PROCEEDINGS**

WHEREAS the parties have agreed to a bifurcation of these proceedings into a liability phase and if necessary, a relief phase; and

WHEREAS pursuant to Federal Rule of Civil Procedure 42(b), bifurcation serves the interests of judicial economy, avoids costly and potentially unnecessary proceedings, and does not prejudice any party,

**IT IS FURTHER ORDERED** that these proceedings shall be bifurcated as follows:

PHASE 1: LIABILITY

    A. The Court shall first adjudicate the merits of the following FTC claims, including discovery, motion practice, and, if necessary, a hearing related thereto:

        1. Defendants' alleged violations of the FTC Act (15 U.S.C. § 45(a));

        2. Defendants' alleged violations of TILA (15 U.S.C. §§1601-1666j) and Regulation Z (12 C.F.R § 1026);

        3. Defendants' alleged violations of EFTA (15 U.S.C. § 1693) and Regulation E (12 C.F.R. § 1005.10(e)(1)).

    B. The Court shall also adjudicate through motion practice the legal question of whether, and to what extent, the FTC has authority over Indian tribes whose sovereignty is asserted in this case and/or AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. for alleged violations of the FTC Act.

/ / /
/ / /
/ / /
/ / /
/ / /

9

PHASE 2: COMMON ENTERPRISE CLAIM, INDIVIDUAL LIABILITY, AND MONETARY RELIEF

A. Upon a finding by this Court of liability for any of the claims listed in paragraphs A(1), A(2), or A(3), the parties shall adjudicate all remaining issues, claims, and defenses, including discovery, motion practice, and a hearing related thereto, including, but not limited to:

    1.  Whether Defendants constitute a common enterprise;

    2.  Whether any individual Defendant is personally liable for corporate violations of the FTC Act; and

    3.  Relief sought by the FTC from Defendants and Relief Defendants.

B. If the Court determines that the FTC Act does not give the FTC authority over the Indian tribes whose sovereignty is asserted in this case, but may give the FTC authority over AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. for alleged violations of the FTC Act, the parties may resume fact discovery related to the Defendants' defense that the FTC does not have authority to bring suit against Defendants for violations of the FTC Act.

This Order may be modified upon motion by any party for good cause shown.

If any dispute arises between the parties as to whether discovery requests, facts, or legal issues pertain to Phase 1 or Phase 2 as described above, such dispute may be submitted to the Court for resolution.

IT IS SO ORDERED:

_____
United States District Judge

DATED: December 27, 2012

10