1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:12-CV-00536-GMN-VCF |
| | ) | |
| AMG SERVICES, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

9

10

11

12

13

14

15

16

17

18

19

20

Pending before the Court is the Report and Recommendation (ECF No. 226) submitted by United States Magistrate Judge Cam Ferenbach.  Defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc. (named in the Complaint as TFS) (collectively, "Tribal Entities"); Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC (collectively, "Tucker Defendants"); Park 269 LLC, and Kim C. Tucker (collectively, "Relief Defendants") have filed an objection. (ECF No. 247.)  Also, joining and raising separate objections, are The Muir Law Firm, and Timothy J. Muir (collectively, "Muir Defendants"), (ECF No. 250), and Defendant Troy LittleAxe. (ECF No. 251.)  In response, Plaintiff Federal Trade Commission ("FTC") filed a Response to these objections. (ECF No. 270.)  For the reasons discussed below, the Court accepts and adopts in full the Report and Recommendation to the extent that it is not inconsistent with this opinion.

21

22

**I.    BACKGROUND**

23

24

25

This case arises from allegedly deceptive pay-day loans. (*See* Compl. ¶¶ 27-45, ECF No. 1.)  In response to these deceptive pay-day loans, on April 2, 2012, the FTC filed its complaint ("Complaint"), asserting (1) violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) in counts one and two, (2) violations of the Truth In Lending Act (hereinafter "TILA") and

Regulation Z in count three, and (3) violations of the Electronic Funds Transfer Act (hereinafter "EFTA") and Regulation E in counts four and count five.[1] (Compl. ¶¶ 46-70.)  The FTC also filed a motion for preliminary injunction on the same day, seeking to enjoin the defendants from violating the FTC Act, TILA, and EFTA. (Mot. for Prelim. Inj., ECF No. 4.)

On May 25, 2012, the Tribal Entities filed a motion to dismiss (ECF No. 100), defendant Don E. Brady filed a motion to dismiss (ECF No. 103), the Muir Defendants filed a motion to dismiss (ECF No. 104), defendant Robert D. Campbell filed a motion to dismiss (ECF No. 105), the Tucker Defendants filed a motion to dismiss (ECF No. 107), and Relief Defendants filed a joinder thereto (ECF No. 108), and defendant Troy L. LittleAxe filed a motion to dismiss (ECF No. 109).  Subsequently, pursuant to Local Rule IB 1-4(e), this Court referred these motions to Judge Ferenbach, for a report and recommendation.  Thereafter, on August 23, 2012, Judge Ferenbach held a hearing on the pending motions. (ECF No. 152)  On November 1, 2012, Judge Ferenbach issued his Report and Recommendation that recommended denying the motions because FTC's complaint adequately stated a claim. (ECF No. 226.)

In response, the Tribal Entities, the Tucker Defendants, and the Relief Defendants filed an objection to Judge Ferenbach's Report and Recommendation on November 15, 2012. (ECF No. 247.)  That objection was joined by Defendant Don E. Brady (ECF No. 248), the Muir Defendants (ECF No. 250), and Defendant Robert D. Campbell (ECF No. 250).  In addition to joining the objections that the Tribal Entities, the Tucker Defendants, and the Relief Defendants raised, the Muir Defendants also objected on independent grounds. (ECF No. 250.)  Defendant Troy LittleAxe filed an independent objection to Judge Ferenbach's report and recommendation. (ECF No. 251.)  On December 3, 2012, the FTC filed its Response to these objections. (ECF No. 270.)

/ / /

/ / /

---

[1] Count five is asserted only against Relief Defendants Park 269, LLC and Kim Tucker.

## II.    LEGAL STANDARD

### a.  Review of a Magistrate Judge's Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  If a party makes a timely objection to the Magistrate Judge's recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

### b.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint fails to give a defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering whether the complaint is sufficient to state a claim, a court first takes all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Courts, however, are not required to accept as true, allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions are also not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Ultimately, a formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 555).  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

alleged misconduct. *Iqbal*, 556 U.S. at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

Complaints in which the plaintiff alleges fraud must also satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).  Specifically, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* Thus, in addition to pleading plausible allegations, plaintiffs alleging fraud must also plead with particularity. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011).  This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged, *Yess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), such that the complaint may not simply "lump multiple defendants together." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  This requirement ensures that the defendants are on "notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Yess*, 317 F.3d at 1106.

However, the Ninth Circuit has previously stated that courts may relax Rule 9(b)'s particularity requirements in circumstances where it may be difficult for the plaintiff to identify the specific actions that a corporate officer took in causing the harm to the plaintiff. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that a complaint need only include the roles of individual defendants in corporate fraud cases, where possible, because such situations make it difficult to attribute particular conduct to each defendant).

/ / /

/ / /

III.   **DISCUSSION**

In his Report and Recommendation, the Magistrate Judge first concluded that the heightened pleading standard applies to the FTC's claims because the claims "sound in fraud." (Report & Recommendation 4:18-19, ECF No. 226.)  The Magistrate Judge next determined that relaxing Rule 9(b)'s particularity requirement was appropriate under *Moore*. (*Id.* at 4:19-22.) Consequently, the Magistrate Judge found that the FTC met the pleading standard by sufficiently categorizing the defendants based on their function in the alleged scheme and giving sufficient detail of the alleged scheme. (*Id.* at 4:22-25.)  Further, the Magistrate Judge reasoned that by meeting with 9(b) heightened pleading standard, the FTC also met the more general Rule 8(a) standard. (*Id.* at 5 n.2)  To that end, the Magistrate Judge gave examples of facts alleged to support the elements of the claims, including explanation of each defendant's role in the alleged scheme and how each defendant relates to the others. (*Id.* at 5:1-13.)  Thereby, the Magistrate Judge concluded that the FTC met the 9(b) relaxed pleading standard, that the complaint stated a plausible claim, and that each defendant had fair notice of the claims against them. (*Id.* at 5:13-14.)

Defendants' objections fail to establish that this Court should reject Magistrate Judge Ferenbach's Report and Recommendation.  Thus, for the reasons discussed below, the Court adopts Judge Ferenbach's Report and Recommendation.  Because defendants have filed their own separate objections, in addition to joinders, the Court discusses each objection in turn.

A.    **Objections of Defendants Tribal Entities, Tucker Defendants, and Relief Defendants ("Defendants Set 1")**

Defendants Tribal Entities, Tucker Defendants, and Relief Defendants may be grouped and referred to as "Defendants Set 1."  In their objection, Defendants Set 1 make arguments relating to the *Iqbal/Twombly* 12(b)(6) standard, Rule 9(b) heightened pleading standard, *Moore*'s "relaxed" standard, and the FTC's standing to bring a TILA claim.

1

### 1.      *Iqbal/Twombly* 12(b)(6) standard – plausibility

Defendants Set 1 first object to the Magistrate Judge's conclusion that if claims satisfy the "Rule 9 heightened pleading standard, they necessarily meet the general pleading standard under Rule 8(a)."  All objecting Defendants argue that the Magistrate Judge's recommendation should be rejected because the Magistrate Judge failed to apply *Iqbal/Twombly* plausibility requirements.

Defendants correctly note that the FTC must plead both particular and plausible allegations.  However, the Magistrate Judge correctly concluded that the FTC met these requirements in its complaint.  First, in the Complaint, the FTC directly or inferentially pleads each element of the claims.  Second, the Complaint contains adequate factual support for each of those allegations.  Nevertheless, Defendants Set 1 argue that "nearly every allegation in ¶¶ 6-25 of the Complaint is either a conclusory statement or a recitation of the elements." (Objection 7:9-11, ECF No. 247.)  This section of the Complaint does include a general allegation that all defendants were involved in a common enterprise through an interrelated network of companies. (Compl. at ¶ 25.)  However, these paragraphs also contain descriptions of each defendant and explanations of each defendant's relation to the other defendants. (*Id.* ¶¶ 6-24, ECF No. 1.)  The Complaint further provides details on this common enterprise, namely, the alleged scheme and the categorization of the defendants by count. (*See id.* at ¶¶ 27-45.)

Defendants Set 1 fail to persuade the Court that the Magistrate Judge erred in concluding that the Complaint satisfied the applicable pleading requirements.  The description of parties, the explanation of the parties' relations to each other, and the extensive factual allegations and details of the alleged scheme sufficiently states a claim under *Iqbal/Twombly* plausibility requirements.  Assuming every factual allegation as true, as the Court must on a motion to dismiss for failure to state a claim, the FTC has stated a plausible claim for relief.  For these reasons, the Court holds that the Magistrate Judge's Report and Recommendation was correct in

1   determining that the motions to dismiss should be denied.

2              **2.      Rule 9(b) heightened pleading and *Moore*'s "relaxed" standard**

3       Defendants Set 1 next argue that the Magistrate Judge erred by applying the relaxed

4   *Moore* Rule 9(b) standard for two reasons: (1) Ninth Circuit law requires strictly limiting the

5   *Moore* exception, and (2) the Magistrate Judge relied on an unpublished decision from this

6   jurisdiction, *FTC v. Ivy Capital*, 2:11-cv-283-JCM-GWF, 2011 WL 2118626 (D. Nev. May 25,

7   2011).

8

9                    **a.      The *Moore* standard applies in this context.**

10      Defendants Set 1 first argue that the Ninth Circuit would not condone extending the

11  *Moore* exception to this case.  In support of this proposition, Defendants Set 1 cite a series of

12  factually dissimilar Ninth Circuit cases.[2]  More importantly, in each of these cases, the Ninth

13  Circuit ultimately determined that the plaintiff either had or should have had particularized

14  knowledge of the pertinent facts. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558-59 (9th Cir.

15  2010) (finding no reason to relax the 9(b) pleading standard under *Moore* because the plaintiffs

16  had personal knowledge of the relevant facts); *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999

17  (9th Cir. 2010) (holding that the policy reasons for relaxing the 9(b) standard are inconsistent

18  with the purpose of the False Claims Act ("FCA") because the FCA encourages insiders, who

19  should already know the pertinent facts, to disclose information necessary to prevent fraud on the

20  government); *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)

21  (declining to relax the 9(b) pleading standard because the plaintiff should have had knowledge of

22  the pertinent facts when he was employed by the defendant when he initiated the suit, was

23  knowledgeable about the allegedly falsified information, and had worked for the company for

24  many years).  In contrast to these cited cases, the plaintiff in this case, the FTC, is reasonably

25  unable to obtain specific knowledge at this stage of the litigation of the particularized conduct of

---

[2] In fact, *Ivy Capital* and *Moore*, on which the Magistrate Judge relied in the Report and
Recommendation, are the much more factually similar and applicable cases than those cases on which
Defendants Set 1 rely.

each defendant in the alleged corporate fraud.  Thus, the relaxed *Moore* standard is properly applied.

Second, Defendants Set 1 argue that the *Moore* relaxed 9(b) standard should not apply because Ninth Circuit, in *Ebeid ex rel. United States v. Lungwitz*, previously limited *Moore* to private securities fraud cases. 616 F.3d 993, 999 (9th Cir. 2010).  However, this argument misconstrues *Ebeid*.  Specifically, in *Ebeid*, the Ninth Circuit declined to extend the *Moore* exception to cases brought under the False Claims Act ("FCA") because the purpose of the FCA was to encourage insiders to disclose information to prevent fraud on the government. *Id.*  As such, these insiders would already know or have access to the pertinent facts. *Id.*  Accordingly, the policy reasons that support the *Moore* exception would not apply to cases brought under the FCA. *Id.* Ultimately, although the court chose not to extend *Moore* to the complaint in *Ebeid*, the court did not foreclose the possibility of using the exception in other cases.  Because the court's reasoning hinged only on the purpose of the FCA (to disclose known conduct), *Ebeid* is easily distinguishable from the instant case.

Similar to their argument under *Ebeid*, Defendants Set 1 also argue that the *Moore* relaxed 9(b) standard applies only to "a private plaintiff in an insider trading case." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  The Ninth Circuit in *Neubronner* did recognize that the relaxed 9(b) pleading standard applied in the context of a private plaintiff in an insider trading case. *Id.*  However, by noting one scenario in which *Moore* applied, the Ninth Circuit did not necessarily preclude its application in other circumstances not explicitly stated within *Neubronner*.

Thus, because the FTC is reasonably unable, at this stage of the litigation, to identify the specific actions that each Defendant took in furtherance of the corporate fraud scheme that caused the alleged harm, the Court holds that the *Moore* relaxed 9(b) standard does apply in this case.

1

          **b.**        **The complaint satisfies the *Moore* 9(b) pleading standard.**

2

         Because the Court concludes that the *Moore* relaxed 9(b) pleading standard may be

3

applied in this case, the Court next must determine whether the FTC's complaint does in fact

4

satisfy this relaxed pleading standard.  In this case, the FTC categorized the Defendants based on

5

their function in the alleged scheme and then detailed the nature of that scheme.  Under the

6

*Moore* relaxed 9(b) pleading standard, the FTC need not attribute particular conduct to each

7

defendant.  Accordingly, the Court holds that the FTC's complaint satisfies the pleading

8

standard.

9

         The arguments raised by Defendants Set 1 do not persuade the court otherwise.

10

Specifically, Defendants Set 1 object to the FTC's "lumping" the defendants together in the

11

complaint and the FTC's failure to "individualize" specific factual allegations against

12

each defendant.  Contrary to this argument, the complaint actually goes to great lengths to

13

categorize defendants based on their function in the alleged scheme.  Furthermore, the complaint

14

describes the nature of the scheme in sufficient detail.  Under the *Moore* pleading standard, in

15

corporate fraud cases, the complaint need only include the roles of individual defendants, where

16

possible, because such situations make it difficult to attribute particular conduct to each

17

defendant. *See Moore*, 885 F.2d at 540.  Therefore, the Court disagrees with Defendants and

18

finds that the complaint does give the defendants fair and meaningful notice of the legally

19

cognizable claims and the factual allegations on which they rest.  The Court also concludes that

20

the complaint provides sufficient information to allow the Defendants to defend against the

21

allegations.

22

         The Magistrate Judge's Report and Recommendation was correct in determining that the

23

FTC's complaint adequately stated a claim and that the motions to dismiss should be denied.

24

/ / /

25

/ / /

c. **Reliance on *FTC v. Ivy Capital* was not improper.**

Defendants Set 1 next object to the Magistrate Judge's reliance on *FTC v. Ivy Capital*, No. 2:11-cv-00283-JCM-GWF, 2011 WL 2118626 (D. Nev. May 25, 2011). Although the *Ivy Capital* case is not binding on the Court, the Court is persuaded by this factually similar, concisely-reasoned opinion. Given the similarities between *Ivy Capital* and the instant case, the Magistrate Judge's references to the case were not improper. In *Ivy Capital*, the court first determined that the relaxed 9(b) pleading standard applied. 2011 WL 2118626, at *4. The Court further determined that the complaint satisfied the pleading standard by "categoriz[ing] the defendants based on their function in the alleged scheme" and then providing details of the nature of the scheme. *Id.*

Here, the Court has already concluded that a relaxed 9(b) pleading standard should apply because it is difficult, at this stage of the proceedings, for the FTC to identify the specific actions that each corporate officer took in allegedly causing the harm. In addition, the Court has already held that the FTC's complaint satisfies the pleading standard. Specifically, as in *Ivy Capital*, the FTC in this case categorized the Defendants based on their function in the alleged scheme and then detailed the nature of that scheme.

3. **TILA Claims**

Finally, Defendants Set 1 argue that the FTC lacks standing to bring the TILA claim because the FTC failed to adhere to the notice and administrative cease and desist procedures under TILA. However, this section is inapplicable here. Rather, this section applies only when an agency itself imposes an adjustment. If the FTC had imposed the adjustment, only then would the agency need to notify the creditor and complete the administrative cease and desist procedures.

Here, the FTC is not issuing the order but rather asks this Court to issue an adjustment order, among other relief. Therefore, the notification and administrative cease and desist

procedures are inapplicable.  This argument fails on its merits and the Magistrate Judge did not

err in recommending denial of the motions to dismiss.

### B.   Objections of the Muir Defendants

In their objection, the Muir Defendants make arguments relating to the *Iqbal/Twombly*

12(b)(6) standard, Rule 9(b) heightened pleading standard, *Moore*'s "relaxed" standard, and the

TILA claim.  Because many of the arguments overlap, the Court here addresses only the novel

arguments.

### 1.   *Iqbal/Twombly* 12(b)(6) standard

The Muir Defendants argue that the complaint contains only two factual allegations

specific to the Muir Law Firm.  The Muir Defendants further argue that the remaining

"boilerplate" allegations are insufficient to state a claim.  Contrary to the Muir Defendants'

arguments, the FTC's complaint contains sufficient factual allegations connecting the law firm,

its principal, and other defendants to the alleged pay-day loan scheme.  Specifically, the

Complaint alleges that "Defendant The Muir Law Firm . . .[a]t all times material to this

complaint, acting alone or in concert with others, . . . advertised, marketed, distributed, or sold

the extension of credit in the form of high-fee, short-term 'payday' loans to consumers

throughout the United States and participated in the collection of those loans." (Compl. ¶ 16,

ECF No. 1.)  The Complaint further alleges that "Defendant Timothy J. Muir founded The Muir

Law Firm, LLC, is the President of Black Creek Capital Corporation, and, through The Muir

Law Firm, LLC, pays for the domain name registrations and other fees of multiple websites used

by the [Tribal Entities] to market payday loans. . . .  At all times material to this complaint,

acting alone or in concert with others, he has formulated, directed, controlled, had the authority

to control, or participated in the acts and practices of all the corporate defendants." (*Id.* at ¶ 19).

Taking these facts and the extensive factual allegations regarding the alleged scheme as

true, the FTC has stated a plausible claim against the Muir Defendants.  Even if the same

statements are repeated throughout the Complaint, or are "boilerplate" as Muir Defendants argue, the statements are factual statements, are taken as true, and are sufficiently specific to state a plausible claim.  Most importantly though, the Complaint gives the Muir Defendants fair and meaningful notice of the legally cognizable claims and the factual allegations on which they rest, such that Muir Defendants may defend against the allegations.

### 2.      Rule 9(b) heightened pleading and *Moore*'s "relaxed" standard

The Muir Defendants echo the objections raised by Defendants Set 1 that the FTC's "lumping defendants" and failure to "plead each person's role" in the Complaint results in a failure to state a claim.  The Court has already addressed and rejected these arguments in Section A, above.

Additionally, the Muir Defendants attempt to argue that the federal government "should be held to much more stringent pleading standards" based on the fact that the government is "vested with and exercised extraordinary pre-litigation investigatory powers."  This argument fails.  In fact, the Muir Defendants fail to cite a single authority in support of this curious argument.  As such, the Court refuses to apply a "more stringent" pleading standard than the standard that applies to any other plaintiff.

For these reasons, the Magistrate Judge did not err in concluding in his report and recommendation that the motion to dismiss should be denied.

### 3.      TILA Claims

The Muir Defendants argue that the FTC cannot state a valid claim against the Muir Defendants because the FTC has conceded that the Muir Defendants are not engaged in lending. Specifically, the Muir Defendants mistakenly characterize the FTC's reference to "Lending Defendants" in its Opposition to Defendants' Motion to Dismiss, as a concession that Muir Defendants are not actually the lenders.  Considering only the material within the four corners of the Complaint, however, the FTC has adequately pled that the Muir Defendants are lending

creditors.

Title 15, section 1602(g) of the United States Code defines a creditor as a person who (1) "regularly extends . . . consumer credit . . . for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g).  Here, the Complaint alleges that Muir Defendants (1) "advertised, marketed, distributed, or sold the extension of credit in the form of high-fee, short-term 'payday' loans to consumers throughout the United States" and (2) "participated in the collection of those loans." (Compl. ¶ 16, ECF No. 1.)  The Complaint further connects Mr. Muir to the lending scheme as "the founder of The Muir Law Firm and president of Black Creek Capital Corporation," who "through his firm pays for the domain registration fees for the Lending Defendants' websites." (*Id.* ¶ 19.)  The Complaint further alleges that, by virtue of his position, Mr. Muir controlled one or more Corporate Defendants in the common enterprise and participated in, and had knowledge of, the alleged unlawful lending and collections activities. (*Id.* ¶¶ 17-22, 25.)

The Muir Defendants attempt to overcome these statements in the Complaint by claiming that attorneys cannot be creditors and citing a plethora of cases, however, none of these are binding upon or persuasive to this Court.  On the contrary, if an attorney's alleged conduct meets the definition of a creditor, this Court finds no reason that the attorney should not be considered a creditor for the purposes of TILA.

Accordingly, the FTC has adequately pled the elements of a TILA claim against the Muir Defendants.  Therefore, although the Magistrate Judge did not specifically address this argument in his Report and Recommendation, it nonetheless fails. The Muir Defendants' motion to dismiss is denied.

/ / /

**C.    Objections of the Defendant LittleAxe**

Defendant LittleAxe echoes the objections raised by Defendants Set 1 that the FTC's "lumping defendants" and failure to "plead each person's role" in the Complaint results in a failure to state a claim.  Accordingly, the Court has already addressed and rejected these arguments in Section A, above.  Additionally, Defendant LittleAxe makes individualized arguments under Rule 12(b)(6) as to each claim.

**1.    FTC Act Claims**

Defendant LittleAxe argues that the FTC has failed to meet the *Iqbal/Twombly* plausibility standard because an alternative set of facts is "more plausible."  However, the standard does not require the FTC to plead the "most plausible" or even "more plausible than some other alternative" claims. *See  Iqbal*, 556 U.S. at 678.  Rather, the standard requires only that the FTC plead a plausible, rather than merely possible claim. *Id.*

Here, assuming the facts alleged in the Complaint are true, the FTC has adequately plead that the Defendants, including Defendant LittleAxe, were involved in deceptive trade practices by making misrepresentations about the withdrawal schedule thereby misleading reasonable consumers.  Again, the Complaint goes into great detail about the scheme, how it is perpetrated, how it induces reliance, how it defrauds consumers, and how Defendants stand to benefit.  Additionally, the Complaint adequately alleges that Defendants called consumers and made threats of arrest and criminal prosecution, even though Defendants had no such power.  Most importantly, these allegations give Defendant LittleAxe notice of the allegations he is called to answer.  Further, the inference of liability is both reasonable and plausible.  Thus, the Magistrate Judge did not err in recommending denial of the motions to dismiss.

**2.    TILA Claims**

Defendant LittleAxe also argues that the Complaint does not allege facts establishing the existence of the requisite legal obligation because "optional payment deferrals" are not legal

obligations requiring disclosure.  The Court disagrees.  Assuming the facts alleged in the Complaint are true, Defendants have failed to disclose the consumer's actual legal obligations.  In fact, the Complaint explicitly alleges that the consumer is obligated to follow the terms of the executed loan contract despite the use of the word "optional" and further alleges that the actual cost to consumers is significantly higher than those costs disclosed. (Compl. ¶¶ 37-41, ECF No. 1.)  These allegations plausibly establish that the "optional payment deferral" is a misnomer as its terms actually create a legal obligation.  The consumer is bound by the terms of a contract, yet Defendants, including Defendant LittleAxe, have failed to disclose the actual terms of that contract.  Therefore, the Magistrate Judge did not err in recommending that the motions to dismiss be denied.

### 3.      EFTA Claims

Defendant LittleAxe argues that the "FTC fails to give specific language that it believes 'requires' consumers to authorize electronic funds transfers." (Objection, 5:21-22, ECF No. 251.)  Furthermore, Defendant LittleAxe argues that the FTC "also fails to give the specific language warranting an inference that this authorization was a condition for obtaining credit." (*Id.* at 5:22-6:1.)  However, paragraph 42 of the Complaint clearly alleges both these facts, stating: "Defendants' loan application also contains a provision that *requires* the *consumer to authorize* Defendants to initiate electronic fund transfers for withdrawal of the consumer's recurring loan payments *as a condition of obtaining credit* from Defendants." (Compl. ¶ 42, ECF No. 1, emphasis added.)  Thus, the Complaint states a plausible claim with sufficient supporting factual allegations by providing details of the scheme and examples of the loan agreements.  Therefore, the Magistrate Judge did not err in recommending denial of the motions to dismiss.

/ / /

/ / /

/ / /

**IV.      CONCLUSION**

   **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 226) is **ACCEPTED and ADOPTED** to the extent it is consistent with this order, and the motions to dismiss (ECF Nos. 103, 104, 105, 107, and 109) are **DENIED**.

   DATED this 28th day of December, 2012.


_____
Gloria M. Navarro
United States District Judge