# Gamble Ex. H




# Miami Tribe of Oklahoma

P.O. Box 1326–Miami, Oklahoma 74355
Ph: 918–542–1445 Fax: 918–542–7260

### RESOLUTION 11-35

### A RESOLUTION AMENDING THE TRIBAL BUSINESS CORPORATION ORDINANCE

**WHEREAS,** the Miami Tribe of Oklahoma (the "Tribe") is a sovereign, federally recognized Indian tribe organized under the Oklahoma Indian Welfare Act of 1936, with a Constitution and Bylaws approved by the Secretary of the Interior on February 22, 1996; and

**WHEREAS,** the Business Committee of the Miami Tribe of Oklahoma (the "Business Committee") is authorized by Article VI of the Tribe's Constitution (the "Constitution") to enact ordinances on behalf of the Tribe;

**WHEREAS,** the Business Committee has adopted the Tribal Business Corporation Ordinance which authorizes the establishment of wholly-owned corporations of the Tribe; and

**WHEREAS,** the Business Committee finds that it is in the best interests of the Tribe to amend the Tribal Business Corporation Ordinance.

**NOW THEREFORE BE IT RESOLVED,** the Business Committee hereby approves and adopts the attached amended Tribal Business Corporation Ordinance.  All prior enactments of the Tribal Business Corporation Ordinance are hereby repealed.

### CERTIFICATION

The Business Committee of the Miami Tribe of Oklahoma does hereby certify that a meeting duly called, noticed and convened on the 13th day of September, 2011, where a quorum was present, do hereby certify that the foregoing resolution was adopted by the Miami Tribe of Oklahoma by a vote of 4 for, -0- against, -0- abstain, -0- not voting, and -0- absent.

Thomas E. Gamble, Chief

ATTEST:

John Kelly, Secretary-Treasurer

Exhibit
H

# MIAMI TRIBE OF OKLAHOMA
# BUSINESS CORPORATION ORDINANCE

## SECTION 1
## GENERAL PROVISIONS

1.1     Citation.
1.2     Definitions.

## SECTION 2
## APPLICATION

2.1     Reservation of right.
2.2     Corporations wholly owned
        by Tribe.

2.3     Sovereign immunity
        of Tribe not waive.
2.4     Organized under Constitution and Laws of
        the Tribe.

## SECTION 3
## INCORPORATION; ARTICLES

3.1     Purposes.
3.2     Incorporators.
3.3     Articles.
3.4     Corporate name.
3.5     Reserved name.
3.6     Registered office; registered
        agent.
3.7     Change of registered office
        or registered agent; change
        of name of registered agent.
3.8     Amendment of articles.

3.9     Procedure for amendment before
        issuance of shares.
3.10    Procedure for amendment after
        issuance of shares.
3.11    Class or series voting on
        amendments.
3.12    Articles of amendment.
3.13    Effect of amendment.
3.14    Filing articles.
3.15    Effective date of articles.
3.16    Presumption; certificate of
        incorporation.

## SECTION 4
## POWERS

4.1     Powers.
4.2     Corporate seal.

4.3     Effect of lack of power; ultra vires.

i

TLDX 1
97

## SECTION 5
### ORGANIZATION; BYLAWS

5.1   Organization.                    5.2   Bylaws.

## SECTION 6
### BOARD

6.1    Board.                          6.11   Vacancies.
6.2    Number.                         6.12   Board meetings.
6.3    Qualifications; election.       6.13   Absent directors.
6.4    Terms.                          6.14   Quorum.
6.5    Acts not void or voidable.      6.15   Act of the board.
6.6    Compensation.                   6.16   Action without meeting.
6.7    Classification of directors.    6.17   Committees.
6.8    Cumulative voting for directors. 6.18  Standard of conduct.
6.9    Resignation.                    6.19   Director conflicts of interest.
6.10   Removal of directors.

## SECTION 7
### OFFICERS

7.1    Officers required.             7.6    Contract rights.
7.2    Duties of required officers.   7.7    Resignation; removal;
7.3    Other officers.                       vacancies.
7.4    Multiple offices.              7.8    Delegation.
7.5    Officers deemed elected.       7.9    Standard of conduct.

ii

## SECTION 8
## SHARES; SHAREHOLDERS

| | | | |
|---|---|---|---|
| 8.1 | Authorized shares. | 8.13 | Notice. |
| 8.2 | Share dividends, divisions, and combinations. | 8.14 | Electronic communications. |
| | | 8.15 | Act of the shareholders. |
| 8.3 | Subscriptions for shares. | 8.16 | Action without a meeting. |
| 8.4 | Consideration for shares; value and payment; liability. | 8.17 | Quorum. |
| | | 8.18 | Voting rights. |
| 8.5 | Preemptive rights. | 8.19 | Voting of shares by organizations and legal representatives. |
| 8.6 | Share certificates, issuance and contents; Uncertificated Shares. | | |
| 8.7 | Lost share certificates; replacement. | 8.20 | Proxies. |
| | | 8.21 | Voting trusts. |
| 8.8 | Fractional shares. | 8.22 | Shareholder voting agreements. |
| | | 8.23 | Shareholder control agreements. |
| 8.9 | Liability of subscribers and shareholders with respect to shares. | 8.24 | Books and records; inspection. |
| | | 8.25 | Financial statements. |
| | | 8.26 | Equitable remedies. |
| 8.10 | Restriction on transfer or registration of securities. | 8.27 | Rights of dissenting shareholders. |
| 8.11 | Regular meetings of shareholders. | 8.28 | Procedures for asserting dissenter's rights. |
| 8.12 | Special meetings of shareholders. | | |

## SECTION 9
## LOANS; OBLIGATIONS; DISTRIBUTIONS

| | | | |
|---|---|---|---|
| 9.1 | Loans; guarantees; suretyship. | 9.6 | Liability of shareholders for illegal distributions. |
| 9.2 | Advances. | | |
| 9.3 | Indemnification. | 9.7 | Liability of directors for illegal distributions. |
| 9.4 | Distributions. | | |
| 9.5 | Powers to acquire shares. | | |

## SECTION 10
## MERGER, EXCHANGE, TRANSFER

| | | | |
|---|---|---|---|
| 10.1 | Merger, exchange, transfer. | 10.7 | Effective date of merger or exchange; effect. |
| 10.2 | Plan of merger or exchange. | | |
| 10.3 | Plan approval. | 10.8 | Merger or exchange with foreign corporation. |
| 10.4 | Articles of merger or exchange; certificate. | | |
| | | 10.9 | Transfer of assets; when permitted. |
| 10.5 | Merger of subsidiary. | | |
| 10.6 | Abandonment. | | |

TLDX 1
99

## SECTION 11
## DISSOLUTION

11.1    Methods of dissolution.
11.2    Voluntary dissolution by incorporators.
11.3    Voluntary dissolution by shareholders.
11.4    Filing notice of intent to dissolve; effect.
11.5    Dissolution procedure for corporations that give notice of filing
11.6    Dissolution procedure for corporations that do not give notice.
11.7    Revocation of dissolution proceedings.
11.8    Effective date of dissolution; certificate.
11.9    Supervised voluntary dissolution.
11.10   Judicial intervention; equitable remedies or dissolution.

11.11   Procedure in involuntary or supervised voluntary dissolution.
11.12   Qualifications of receivers; powers.
11.13   Action by Tribal Secretary.
11.14   Filing claims in proceedings to dissolve.
11.15   Discontinuance of dissolution proceedings.
11.16   Decree of dissolution.
11.17   Filing decree.
11.18   Deposit with Tribal Finance Department of amount due certain shareholders.
11.19   Claims barred; exceptions.
11.20   Right to sue or defend after dissolution.
11.21   Omitted assets.

## SECTION 12
## EXTENSION

12.1    Extension after duration expired.    12.2    Effect of extension.

## SECTION 13
## CORPORATE REGISTRATION

13.1    Miami Tribe of Oklahoma Corporate Registration.

## SECTION 14
## ACTIONS AGAINST CORPORATIONS

14.1    Service of process on corporation.    14.2    Court action; remedies and penalties.

TLDX 1
100

## SECTION 15
### CORPORATIONS WHOLLY OWNED BY THE TRIBE

| | | | |
|---|---|---|---|
| 15.1 | Scope. | 15.6 | Liability of Tribe as shareholder. |
| 15.2 | Application. | | |
| 15.3 | Special powers, privileges and immunities of corporations wholly owned by the Tribe. | 15.7 | Shareholder meetings. |
| | | 15.8 | Assets, distribution of income. |
| 15.4 | Board. | 15.9 | Voluntary dissolution; Business Committee. |
| 15.5 | Shares in corporations wholly owned by the Tribe; shareholders; voting. | 15.10 | Liability of officers, shareholders, and Directors |

## SECTION 16
### EFFECTIVE DATE AND AUTHORITY

| | | | |
|---|---|---|---|
| 16.1 | Severability; effect of invalidity of part of this Ordinance. | 16.3 | Authority. |
| | | 16.4 | No impairment of contracts. |
| 16.2 | Effective date. | | |

v

## MIAMI TRIBE OF OKLAHOMA
## BUSINESS CORPORATION ORDINANCE

### SECTION 1
### GENERAL PROVISIONS

Section 1.1    Citation.
Section 1.2    Definitions.

**1.1**    **Citation.**  This Ordinance shall be known as the Miami Tribe of Oklahoma Business Corporation Ordinance.

**1.2**    **Definitions.**  For the purpose of this Ordinance, unless the language or context clearly indicates that a different meaning is intended, the words, terms and phrases defined in this Section have the meanings given to them.

    1.2.1  Acquiring corporation.  "Acquiring corporation" means the tribal or foreign corporation that acquired the shares of a corporation in an exchange.

    1.2.2  Address.  "Address" means mailing address, including a zip code.  In the case of a registered office or principal executive office, the term means the mailing address and the actual office location which shall not be a post office box.

    1.2.3  Articles.  "Articles" means, in the case of a corporation incorporated under or governed by this Ordinance, of incorporation, articles of amendment, a resolution of election to become governed by this Ordinance, a statement of change of registered office, registered agent, or name of registered agent, a statement establishing or fixing the rights and preferences of a class or series of shares, a statement of cancellation of authorized shares, articles of merger, articles of abandonment, and articles of dissolution.  In the case of a foreign corporation, the term includes all documents served using a similar function required to be filed with the Tribal Secretary or other officer of the Tribe.

    1.2.4  Board.  "Board" means the board of directors of a corporation.

    1.2.5  Business Committee.  "Business Committee" means the Business Committee of the Miami Tribe of Oklahoma.

    1.2.6  Certificated Security.  "Certificated Security" means a security that is represented by a certificate.

    1.2.7  Class.  "Class," when used with reference to shares, means a category of shares that differs in designation or one or more rights or preferences from another category of shares of the corporation.

1

1.2.8   Closely-held corporation. "Closely held corporation" means a corporation which does not have more than 35 shareholders.

1.2.9   Constituent corporation. "Constituent corporation" means a tribal or foreign corporation that is a party to a merger or exchange.

1.2.10 Corporation. "Corporation" means a corporation, other than a foreign corporation, organized for profit and incorporated under or governed by this Ordinance.

1.2.11 Director. "Director" means a member of the board.

1.2.12 Distribution. "Distribution" means a direct or indirect transfer of money or other property, other than its own shares, with or without consideration or an incurrence or issuance of indebtedness, by a corporation to any of its shareholders in respect of its shares. A distribution may be in the form of a dividend or a distribution in liquidation, or as consideration for the purchase, redemption, or other acquisition of its shares, or otherwise.

1.2.13 Filed with the Tribal Secretary. "Filed with the Tribal Secretary" means that an original of a document meeting the applicable requirements of this Ordinance, signed and accompanied by a filing fee of $15.00, has been delivered to the Tribal Secretary of the Tribe on the Reservation. The Tribal Secretary shall endorse on the original the word "Filed" and the month, day, year, and time of filing, record the document in the office of the Tribal Secretary, and return the document to the person who delivered it for filing.

1.2.14 Foreign corporation. "Foreign corporation" means a corporation organized for profit that is incorporated under laws other than the laws of the Tribe.

1.2.15 Good faith. "Good faith" means honesty in fact in the conduct of the act or transaction concerned.

1.2.16 Intentionally. "Intentionally" means that the person referred to either has a purpose to do or fails to do the act or cause the result specified or believes that the act or failure to act, if successful, will cause that result. A person "intentionally" violates a law if the person intentionally does the act or causes the result prohibited by the law, or if the person intentionally fails to do the act or cause the result required by the law, even though the person may not know of the existence or constitutionality of the law or the scope or meaning of the terms used in the law.

1.2.17 Know; knowledge. A person "knows" or has "knowledge" of a fact when the person has actual knowledge of it. A person does not "know" or "have knowledge" of a fact merely because the person has reason to know of the fact.

1.2.18 Legal representative. "Legal representative" means a person empowered to act for another person, including, but not limited to, an agent, officer, partner, or associate of, an organization; a trustee of a trust; a personal representative; an executor of a will; an

2

TLDX 1
103

administrator of an estate; a trustee in bankruptcy; and a receiver, guardian, custodian, or conservator of the person or estate of a person.

1.2.19  Notice.  "Notice" is given by a shareholder of a corporation to the corporation or an officer of the corporation when in writing and mailed or delivered to the corporation or the officer at the registered office or principal executive office of the corporation.  In all other cases, "notice" is given to a person when mailed to the person at an address designated by the person or at the last known address of the person, or when communicated to the person orally, or when handed to the person, or when left at the office of the person with a clerk or other person in charge of the office, or if there is no one in charge, when left in a conspicuous place in the office, or if the office is closed or the person to be notified has no office, when left at the dwelling house or usual place of abode of the person with some person of suitable age and discretion then residing therein.  Notice by mail is given when deposited in the United States mail with sufficient postage affixed.  Notice is deemed received when it is given.

1.2.20  Officer.  "Officer" means a person elected, appointed, or otherwise designated as an officer by the board, and any other person deemed elected as an officer pursuant to Section 7.5.

1.2.21  Organization.  "Organization" means a tribal or foreign corporation, foreign limited liability company, limited partnership, joint venture, association, business trust, estate, trust, enterprise, and any other legal or commercial entity.

1.2.22  Outstanding shares.  "Outstanding shares" means all shares duly issued and not reacquired by a corporation.

1.2.23  Parent.  "Parent" of a specified corporation means a corporation that directly, or indirectly through related corporations, owns more than 50 percent of the voting power of the shares entitled to vote for directors of the specified corporation.

1.2.24  Person.  "Person" includes a natural person and an organization.

1.2.25  Principal executive office.  "Principal executive office" means an office where the elected or appointed chief executive officer of a corporation has an office.  If the corporation has no elected or appointed chief executive officer, "principal executive office" means the registered office of the corporation.

1.2.26  Registered office.  "Registered office" means the place designated in the articles of a corporation as the registered office of the corporation.

1.2.27  Related corporation.  "Related corporation" of a specified corporation means a parent or subsidiary of the specified corporation or another subsidiary of a parent of the specified corporation.

TLDX 1
104

1.2.28 Reservation.   "Reservation" means all lands under the jurisdiction of the Tribe pursuant to the Constitution, including all lands within the boundaries of the Tribe's Reservation, individual tribal member allotments, whether located on or off the Reservation, and all lands held in trust by the United States of America for the benefit of the Tribe.

1.2.29 Security.   "Security" means any note; stock; treasury stock; bond; debenture; evidence of indebtedness; certificate of interest or participation in any profit sharing agreement; collateral trust certificate; pre-organization certificate or subscription; transferable shares; investment contract; investment metal contract or investment gem contract; voting trust certificate; certificate of deposit for a security; certificate of interest or participation in an oil, gas or mining right, title or lease or payments out of production under the right, title or lease; or in general, any interest or instrument commonly known as security, or any certificate of interest or participation in, temporary or interim certificate for, receipt for guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. "Security" does not include any insurance or endowment policy or annuity contract under which an insurance company promises to pay money either in a lump sum or periodically for life or for some other specified period.

1.2.30 Series.   "Series" means a category of shares, within a class of shares authorized or issued by a corporation by or pursuant to its articles, that have some of the same rights and preferences as other shares within the same class, but that differ in designation or one or more rights and preferences from another category of shares within that class.

1.2.31 Share.   "Share" means one of the units, however designated, into which the shareholder's proprietary interests in a corporation are divided.

1.2.32 Shareholder.   "Shareholder" means a person registered on the books or records of a corporation or its transfer agent or registrar as the owner of whole or fractional shares of the corporation.

1.2.33 Signed.   "Signed" means that the signature of a person has been written on a document and, with respect to a document required by this Ordinance to be filed with the Tribal Secretary, means that the document has been signed by a person authorized to do so by this Ordinance, the articles or bylaws, or a resolution approved by the affirmative vote of the required proportion or number of the directors or the holders of the required proportion or number of the voting power of the shares present and entitled to vote.  A signature on a document not required by this Ordinance to be filed with the Tribal Secretary may be a facsimile affixed, engraved, printed, placed, stamped with indelible ink, or in any other manner reproduced on the document.

1.2.34 Subsidiary.   "Subsidiary" of a specified corporation means a corporation having more than 50 percent of the voting power of its shares entitled to vote for directors owned directly, or indirectly through related corporations, by the specified corporation.

4

1.2.35  Surviving corporation.  "Surviving corporation" means the tribal or foreign corporation resulting from a merger.

1.2.36  Transaction Statement.  "Transaction Statement" means an initial transaction statement which documents (a) the transfer of an Uncertificated Security from the issuer to a new registered owner and if the security has been transferred subject to a registered pledge, to the registered plegee; or (b) the pledge of an Uncertificated Security; or (c) the release of a pledge of an Uncertificated Security.  The written statement shall contain: a description of the issue of which the Uncertificated Security is a part; the number of shares transferred, pledged or released; the name and address of any taxpayer identification number of any new registered owner or registered pledge; the notation of any liens and restrictions of the issuer or adverse claims, or a statement indicating there are no such liens, restriction or adverse claims; and the date the transfer, pledge, or release was registered.

1.2.37  Tribal Corporation.  "Tribal corporation" means a corporation that is incorporated under this Ordinance.

1.2.38  Tribal Council.  "Tribal Council" means the General Council of the Miami Tribe of Oklahoma.

1.2.39  Tribal Court.  "Tribal Court" means the Court of Indian Offenses operated by the Bureau of Indian Affairs for the Tribe or a judicial entity or administrative entity established or authorized by the Business Committee to hear and resolve legal disputes associated with this Ordinance.

1.2.40  Tribal Finance Officer.  "Tribal Finance Officer" means the program director for the Miami Tribe's Finance/Accounting Office.

1.2.41  Tribal Secretary.  "Tribal Secretary" means the Tribal Secretary-Treasurer of the Business Committee.  The Tribal Secretary may delegate any responsibilities and/or duties designated under this Ordinance to an officer of the Tribe within the Tribal Finance Department or any other tribal office as determined by the Tribal Secretary.

1.2.42  Tribe.  "Tribe" means the Miami Tribe of Oklahoma.

1.2.43  Trust land.  "Trust land" means land held in trust by the United States government for the benefit of the Tribe.

1.2.44  Uncertificated Security.  "Uncertificated Security" or "Uncertificated Shares" means a security or shares that are not represented by a certificate.

1.2.45  Vote.  "Vote" includes authorization by written action.

5

1.2.46  Written action.  "Written action" means a written document signed by all of the persons required to take the action described.  The term also means the counterparts of a written document signed by any of the persons taking the action described.  Each counterpart constitutes the action of the persons signing it, and all the counterparts, taken together, constitute one written action by all of the persons signing them.

6

TLDX 1
107

## SECTION 2
## APPLICATION

| | | | |
|---|---|---|---|
| 2.1 | Reservation of right. | 2.3 | Sovereign immunity of Tribe not waived. |
| 2.2 | Corporations wholly owned by Tribe. | 2.4 | Organized under Constitution and Laws of Tribe. |

**2.1     Reservation of right.**  The Tribe reserves the right to amend or repeal the provisions of this Ordinance.  A corporation incorporated under or governed by this Ordinance is subject to this reserved right.

**2.2     Corporations wholly owned by the Tribe.**  The provisions of Section 15.1 through Section 15.9 of this Ordinance shall apply to all corporations incorporated under this Ordinance and wholly owned, directly or indirectly, by the Tribe and shall override any other provisions in this Ordinance to the contrary.  In the case of Tribal corporations wholly owned, directly or indirectly, by the Tribe, all provisions of this Ordinance are subject to the provisions of Section 15.1 through Section 15.9 of this Ordinance.

**2.3     Sovereign immunity of the Tribe not waived.**  By the adoption of this Ordinance, the Tribe does not waive its sovereign immunity or consent to suit in any court, federal tribal or state, and neither the adoption of this Ordinance, nor the incorporation of any corporation hereunder, shall be construed to be a waiver of the sovereign immunity of the Tribe or a consent to suit against the Tribe in any such court.

**2.4     Organized under Constitution and Laws of Tribe.**  All corporations incorporated pursuant to this Ordinance shall be considered organized under the Constitution and laws of the Tribe.

TLDX 1
108

## SECTION 3
## INCORPORATION; ARTICLES

| | | | |
|---|---|---|---|
| Section 3.1 | Purposes. | Section 3.10 | Procedure for amendment after issuance of shares. |
| Section 3.2 | Incorporators. | | |
| Section 3.3 | Articles. | Section 3.11 | Class or series voting on amendments. |
| Section 3.4 | Corporate name. | | |
| Section 3.5 | Reserved name. | Section 3.12 | Articles of amendment. |
| Section 3.6 | Registered office; registered agent. | Section 3.13 | Effect of amendment. |
| | | Section 3.14 | Filing articles. |
| Section 3.7 | Change of registered office or registered agent; change of name of registered agent. | Section 3.15 | Effective date of articles. |
| | | Section 3.16 | Presumption; certificate of incorporation. |
| Section 3.8 | Amendment of articles. | | |
| Section 3.9 | Procedure for amendment before issuance of shares. | | |

**3.1   Purposes.**  A corporation may be incorporated under this Ordinance for any business purpose or purposes, unless some other Ordinance of the Tribe requires incorporation for any of those purposes under a different law.  Unless otherwise provided in its articles, a corporation has general business purposes.

**3.2   Incorporators.**  One or more enrolled members of the Tribe of full age may act as incorporators of a corporation by filing with the Tribal Secretary articles of incorporation for the corporation.

**3.3   Articles.**

   **3.3.1   Required provisions.**  The articles of incorporation shall contain:

      a.   The name of the corporation;
      b.   The address of the registered office of the corporation and the name of its registered agent, if any, at that address;
      c.   The aggregate number of shares that the corporation has authority to issue; and
      d.   The name and address of each incorporator.

   **3.3.2   Provisions that may be modified only in articles.**  The following provisions govern a corporation unless modified in the articles:

      a.   A corporation has general business purposes;
      b.   A corporation has perpetual existence and certain powers;
      c.   The power to adopt, amend, or repeal the bylaws is vested in the board;
      d.   A corporation must allow cumulative voting for directors;

8

e.  The affirmative vote of a majority of directors present is required for an action of the board;

f.  A written action by the board taken without a meeting must be signed by all directors;

g.  The board may authorize the issuance of securities and rights to purchase securities;

h.  All shares are common shares entitled to vote and are of one class and one series;

i.  All shares have equal rights and preferences in all matters not otherwise provided for by the board;

j.  The par value of shares is fixed at one cent per share for certain purposes and may be fixed by the board for certain other purposes;

k.  The board or the shareholders may issue shares for any consideration or for no consideration to effectuate share dividends or splits, divisions, or combinations, and determine the value of non-monetary consideration;

l.  Shares of a class or series must not be issued to holders of shares of another class or series to effectuate share dividends or splits, divisions, or combinations, unless authorized by a majority of the voting power of the shares of the same class or series as the shares to be issued;

m.  A corporation may issue rights to purchase securities whose terms, provisions, and conditions are fixed by the board;

n.  A shareholder has no preemptive rights, unless otherwise provided by the board;

o.  The affirmative vote of the holders of a majority of the voting power of the shares present and entitled to vote at a duly held meeting is required for an action of the shareholders, except where this Ordinance requires the affirmative vote of a majority of the voting power of all shares entitled to vote;

p.  Shares of a corporation acquired by the corporation may be reissued;

q.  Each share has one vote unless otherwise provided in the terms of the share;

r.  A corporation may issue shares for a consideration less than the par value, if any, of the shares; and

s.  The board may affect share dividends, divisions, and combinations under certain circumstances without shareholder approval (Section 8.2).

<u>3.3.3  Provisions that may be modified either in articles or in bylaws</u>.  The following provisions govern a corporation unless modified either in the articles or in the bylaws:

a.  Directors serve for an indefinite term that expires at the next regular meeting of shareholders (Section 6.4);

b.  The compensation of directors is fixed by the board (Section 6.6);

c.  A certain method must be used for removal of directors (Section 6.10);

d.  A certain method must be used for filling board vacancies (Section 6.11);

e.  If the board fails to select a place for a board meeting, it must be held at the principal executive office (Section 6.12.1);

9

f.   The notice of a board meeting need not state the purpose of the meeting (Section 6.12.3);

g.   A majority of the board is a quorum for a board meeting (Section 6.14);

h.   A committee shall consist of one or more persons, who need not be directors, appointed by affirmative vote of a majority of the directors present (Section 6.17.2);

i.   The board may establish a special litigation committee (Section 6.17);

j.   The chief executive officer and chief financial officer have specified duties, until the board determines otherwise (Section 7.2);

k.   Officers may delegate some or all of their duties and powers, if not prohibited by the board from doing so (Section 7.8);

l.   The board may establish Uncertificated Shares (Section 8.6.7);

m.   Regular meetings of shareholders need not be held, unless demanded by shareholders holding at least ten percent of the voting power under certain conditions (Section 8.11);

n.   In all instances where a specific minimum notice period has not otherwise been fixed by law, not less than ten days notice is required for a meeting of shareholders (Section 8.13.2);

o.   The number of shares required for a quorum at a shareholders meeting is a majority of the voting power of the shares entitled to vote at the meeting (Section 8.17);

p.   The board may fix a date up to 60 days before the date of a shareholders meeting as the date for the determination of the holders of shares entitled to notice of and entitled to vote at the meeting (Section 8.18.1);

q.   Indemnification of certain persons is required (Section 9.3); and

r.   The board may authorize, and the corporation may make, distributions not prohibited, limited, or restricted by an agreement (Section 9.4.1).

3.3.4  Optional provisions specific subjects.  The following provisions relating to the management of the business or the regulation of the affairs of a corporation may be included either in the articles or, except for naming members of the first board, fixing a greater than majority director or shareholder vote, or giving or prescribing the manner of giving voting rights to persons other than shareholders otherwise than pursuant to the articles, or eliminating or limiting a director's personal liability, in the bylaws:

a.   The members of the first board may be named in the articles (Section 6.1.1);

b.   A manner for increasing or decreasing the number of directors may be provided (Section 6.2);

c.   Additional qualifications for directors may be imposed (Section 6.3);

d.   Directors may be classified (Section 6.7);

e.   The day or date, time, and place of board meetings may be fixed (Section 6.12.1);

f.   Absent directors may be permitted to give written consent or opposition to a proposal (Section 6.13);

10

g.    A larger than majority vote may be required for board action (Section 6.15);

h.    Authority to sign and deliver certain documents may be delegated to an officer or agent of the corporation other than the chief executive officer (Section 7.2.2);

i.    Additional officers may be designated (Section 7.3);

j.    Additional powers, rights, duties, and responsibilities may be given to officers (Section 7.4);

k.    A method for filling vacant offices may be specified (Section 7.7.3);

l.    A certain officer or agent may be authorized to sign share certificates (Section 8.6.2);

m.    The transfer or registration of transfer of securities may be restricted (Section 8.10);

n.    The day or date, time, and place of regular shareholder meetings may be fixed (Section 8.11.3);

o.    Certain persons may be authorized to call special meetings of shareholders (Section 8.12.1);

p.    Notices of shareholder meetings may be required to contain certain information (Section 8.13.3);

q.    A larger than majority vote may be required for shareholder action (Section 8.15);

r.    Voting rights may be granted in or pursuant to the articles to persons who are not shareholders (Section 8.18.4);

s.    Corporate actions giving rise to dissenter rights may be designated (Section 8.27.1);

t.    The rights and priorities of persons to receive distributions may be established (Section 9.4); and

u.    A director's personal liability to the corporation or its shareholders for monetary damages for breach of fiduciary duty as a director may be eliminated or limited in the articles (Section 6.18.5).

3.3.5  Optional provisions: generally.  The articles may contain other provisions not inconsistent with law relating to the management of the business or the regulation of the affairs of the corporation.

3.3.6  Powers need not be stated.  It is not necessary to set forth in the articles any of the corporate powers granted by this Ordinance.

**3.4    Corporate name.**

3.4.1  Requirements; prohibitions.  The corporate name:

a.    Shall be in the Miami or English language or in any other language expressed in English letters or characters;

11

b. ~~Shall contain the word "corporation," "incorporated," or "limited," or shall contain an abbreviation of one or more of these words, or the word~~ "company" or the abbreviation "Co." if that word or abbreviation is not immediately preceded by the word "and" or the character "&";

c. Shall not contain a word or phrase that indicates or implies that it is incorporated for a purpose other than a legal business purpose;

d. Shall be distinguishable upon the records in the office of the Tribal Secretary from the name of a tribal corporation or other legal entity, whether tribal or foreign, authorized or registered to do business on the Reservation or, whether or not authorized or registered to do business on the Reservation is well known on the Reservation, whether profit or nonprofit, or a name the right to which is, at the time of incorporation, reserved or provided for in Section 3.5, unless there is filed with the articles one of the following:

  i   The written consent of the tribal corporation or other legal entity authorized or registered to do business on the Reservation or the holder of a reserved name or a name filed by or registered with the Tribal Secretary having a name that is not distinguishable;

  ii  A certified copy of a final decree of the Tribal Court establishing the prior right of the applicant to the use of the name on the Reservation, or establishing that the corporation or other legal entity with the name that is not distinguishable has been incorporated or on file with the Tribal Secretary for at least three years prior thereto, and has been totally inactive, provided notice of a hearing on the matter has been given to such corporation or entity, if possible.

3.4.2   Names continued. Section 3.4.1, paragraph (d) does not affect the right of a tribal corporation existing on the effective date of this Ordinance, or a foreign corporation authorized to do business on the Reservation on that date to continue the use of its name.

3.4.3   Determination.   The Tribal Secretary shall determine whether a name is distinguishable from another name for purposes of this Section and Section 3.5.

3.4.4   Other laws affectingly use of names.   This Section and Section 3.5 do not abrogate or limit any law of unfair competition or unfair practices, nor any Trademark Ordinance, nor the laws of the United States with respect to the right to acquire and protect copyrights, trade names, trademarks, service names, service marks, or any other rights to the exclusive use of names or symbols, nor derogate the common law or the principles of equity.

3.4.5   Use of name by successor corporation.  A corporation that is merged with another tribal or foreign corporation, or that is incorporated by the reorganization of one or more tribal or foreign corporations, or that acquires by sale, lease, or other disposition to or exchange with a tribal corporation all or substantially all of the assets of another tribal or foreign corporation including its name, may have the same name as that used on the

TLDX 1
113

~~Reservation by any of the other corporations, if the other corporation was incorporated under the laws of the Tribe, or is authorized to transact business on the Reservation.~~

3.4.6   Injunction.  The use of a name by a corporation in violation of this Section does not affect or vitiate its corporate existence, but the Tribal Court may, upon application of the Tribe or of a person interested or affected, enjoin the corporation from doing business under a name assumed in violation of this Section, although its articles may have been filed with the Tribal Secretary and a certificate of incorporation issued.

**3.5   Reserved name.**

3.5.1   Who may reserve.  The exclusive right to the use of a corporate name otherwise permitted by Section 3.4 may be reserved by:

    a.    A person doing business on the Reservation under that name;

    b.    A person intending to incorporate under this Ordinance;

    c.    A tribal corporation intending to change its name;

    d.    A foreign corporation intending to make application for a certificate of authority to transact business on the Reservation;

    e.    A foreign corporation authorized to transact business on the Reservation and intending to change its name;

    f.    A person intending to incorporate a foreign corporation and intending to have the foreign corporation make application for a certificate of authority to transact business on the Reservation; or

    g.    A foreign corporation doing business under that name or a name deceptively similar to that name in one or more states of the United States and not described in paragraph (d), (e), or (f).

3.5.2   Method of reservation.  The reservation shall be made by filing with the Tribal Secretary a request that the name be reserved.  If the name is available for use by the applicant, the Tribal Secretary shall reserve the name for the exclusive use of the applicant for a period of 12 months.  The reservation may be renewed for successive 12-month periods.

3.5.3   Transfer of reservation.  The right to the exclusive use of a corporate name reserved pursuant to this Section may be transferred to another person by or on behalf of the applicant for whom the name was reserved by filing with the Tribal Secretary a notice of the transfer and specifying the name and address of the transferee.

**3.6   Registered office; registered agent.**

3.6.1   Registered office.  Every corporation shall have and maintain on the Reservation a registered office, which may, but need not be, the same as its place of business. Whenever the term "principal place of business," or the "principal executive office," or other term of like import, is or has been used in a corporation's certificate of incorporation or charter, or in any other document, or in any tribal ordinance, it shall be

TLDX 1
114

deemed to mean and refer to, unless the context indicates otherwise, the corporation's registered office required by this Section; and it shall not be necessary for any corporation to amend its certificate of incorporation, charter, or any other document to comply with this Section.

3.6.2   Registered Reservation Agent.   A corporation may designate in its articles a registered agent.   The registered agent may be a natural person residing on the Reservation, or a tribal corporation located on the Reservation.   Every registered agent shall:

  a.   If an entity, maintain a business office on the Reservation which is generally open, or if an individual, be generally present at a designated location on the Reservation, at sufficiently frequent times to accept service of process and otherwise perform the functions of a registered agent; and

  b.   Accept service of process and other communications directed to the corporations for which it serves as registered agent and forward the same to the corporation to which the service or communication is directed.

3.6.3   Communications Contact.   Every corporation formed under this Ordinance shall provide to its registered agent and update from time to time as necessary the name, business address and business telephone number of a natural person who is an officer, director, employee, or designated agent of the corporation, who is then authorized to receive communications from the registered agent.   Such person shall be deemed the communications contact for the corporation.   Every registered agent shall retain (in paper or electronic form) the above information concerning the current communications contact for each corporation for which he, she or it serves as a registered agent.   If the corporation fails to provide the registered agent with a current communications contact, the registered agent may resign as the registered agent for such corporation.

3.6.4   Agent Listing.   The Tribal Secretary is authorized to make a list of registered agents available to the public, and to establish such qualifications and issue such rules and regulations with respect to such listing as the Secretary deems necessary or appropriate.

3.7   **Change of registered office or registered agent; change of name of registered agent.**

3.7.1   Statement.   A corporation may change its registered office, designate or change its registered agent, or state a change in the name of its registered agent, by filing with the Tribal Secretary a statement containing:

  a.   The name of the corporation;

  b.   If the address of its registered office is to be changed, the new address of its registered office;

  c.   If its registered agent is to be designated or changed, the name of its new registered agent;

14

<table>
<tr><td>d.</td><td>If the name of its registered agent is to be changed, the name of its registered agent as changed;</td></tr>
<tr><td>e.</td><td>A statement that the address of its registered office and the address of the office of its registered agent, as changed, will be identical; and</td></tr>
<tr><td>f.</td><td>A statement that the change of registered office or registered agent was authorized by resolution approved by the affirmative vote of a majority of the directors present.</td></tr>
</table>

3.7.2 <u>Resignation of agent</u>. A registered agent of a corporation may resign by filing with the Tribal Secretary a signed written notice of resignation, including a statement that a signed copy of the notice has been given to the corporation at its principal executive office or to a legal representative of the corporation. The appointment of the agent terminates 30 days after the notice is filed with the Tribal Secretary.

3.7.3 <u>Change of business address or name of agent</u>. If the office address or name of a registered agent changes, the agent shall change the address of the registered office or the name of the registered agent, as the case may be, of each corporation represented by that agent by filing with the Tribal Secretary a statement as required in Section 3.7.1, except that it need be signed only by the registered agent, need not be responsive to paragraph (e) or (f), and must state that a copy of the statement has been mailed to each of those corporations or to the legal representative of each of those corporations.

**3.8   Amendment of articles.** The articles of a corporation may be amended at any time to include or modify any provision that is required or permitted to appear in the articles or to omit any provision not required to be included in the articles, except that when articles are amended to restate them, the name and address of each incorporator may be omitted. Unless otherwise provided in this Ordinance, the articles may be amended or modified only in accordance with Sections 3.9 to 3.12. An amendment which merely restates the then-existing articles of incorporation, as amended, is not an amendment for the purposes of Section 6.8.2, or Section 8.5.9.

**3.9   Procedure for amendment before issuance of shares.** Before the issuance of shares by a corporation, the articles may be amended pursuant to Section 5.1 by the incorporators or by the board. The articles may be amended by the board to change a statement pursuant to Section 8.1, subdivisions, establishing or fixing the rights and preferences of a class or series of shares before the issuance of any shares of that class or series.

**3.10   Procedure for amendment after issuance of shares.**

3.10.1 <u>Manner of amendment</u>. After the issuance of shares by the corporation, the articles may be amended in the manner set forth in this Section.

3.10.2 <u>Submission to shareholders</u>. A resolution approved by the affirmative vote of a majority of the directors present, or proposed by a shareholder or shareholders holding three percent or more of the voting power of the shares entitled to vote, that sets forth the proposed amendment shall be submitted to a vote at the next regular or special meeting of

TLDX 1
116

the shareholders of which notice has not yet been given but still can be timely given. Any number of amendments may be submitted to the shareholders and voted upon at one meeting, but the same or substantially the same amendment proposed by a shareholder or shareholders need not be submitted to the shareholders or be voted upon at more than one meeting during a 15-month period. The resolution may amend the articles in their entirety to restate and supersede the original articles and all amendments to them. The provisions of this subdivision regarding shareholder-proposed amendments do not apply to a corporation registered or reporting under the federal securities laws, to the extent that those provisions are in conflict with the federal securities laws or rules promulgated thereunder, in which case the federal securities laws or rules promulgated thereunder shall govern.

3.10.3  Notice.  Written notice of the shareholders meeting setting forth the substance of the proposed amendment shall be given to each shareholder in the manner provided in Section 8.13 for the giving of notice of meetings of shareholders.

3.10.4  Approval by shareholders.

    a.    The proposed amendment is adopted when approved by the affirmative vote of the holders of a majority of the voting power of the shares present and entitled to vote, except as provided in paragraphs (b) and (c) herein and Section 3.10.5.

    b.    For a closely held corporation, if the articles provide for a specified proportion or number equal to or larger than the majority necessary to transact a specified type of business at a meeting, or if it is proposed to amend the articles to provide for a specified proportion or number equal to or larger than the majority necessary to transact a specified type of business at a meeting, the affirmative vote necessary to add the provision to, or to amend an existing provision in, the articles is the larger of:

        i.    The specified proportion or number or, in the absence of a specific provision, the affirmative vote necessary to transact the type of business described in the proposed amendment at a meeting immediately before the effectiveness of the proposed amendment; or

        ii.    The specified proportion or number that would, upon effectiveness of the proposed amendment, be necessary to transact the specified type of business at a meeting.

    c.    For corporations other than closely held corporations, if the articles provide for a larger proportion or number to transact a specified type of business at a meeting, the affirmative vote of that larger proportion or number is necessary to amend the articles to decrease the proportion or number necessary to transact the business.

3.10.5  Certain restatements.  An amendment that merely restates the existing articles, as amended, may be authorized by a resolution approved by the board and may, but need

16

~~not, be submitted to and approved by the shareholders as provided in Sections 3.10.2 to 3.10.4~~

**3.11    Class or series voting on amendments.**  The holders of the outstanding shares of a class or series are entitled to vote as a class or series upon a proposed amendment, whether or not entitled to vote thereon by the provisions of the articles, if the amendment would:

> 3.11.1 Increase or decrease the aggregate number of authorized shares of the class or series;

> 3.11.2 Effect an exchange, reclassification, or cancellation of all or part of the shares of the class or series;

> 3.11.3 Effect an exchange, or create a right of exchange, of all or any part of the share of another class or series for the shares of the class or series;

> 3.11.4 Change the rights or preferences of the shares of the class or series;

> 3.11.5 Change the shares of the class or series, whether with or without par value, in the same or a different number of shares, either with or without par value, of the same or another class or series;

> 3.11.6 Create a new class or series of shares having rights and preferences prior and superior to the shares of that class or series, or increase the rights and preferences or the number of authorized shares, of a class or series having rights and preferences prior or superior to the shares of that class or series;

> 3.11.7 Divide the shares of the class into series and determine the designation of each series and the variations in the relative rights and preferences between the shares of each series, or authorize the board to do so;

> 3.11.8 Limit or deny any existing preemptive rights of the shares of the class or series; or

> 3.11.9 Cancel or otherwise affect distributions on the shares of the class or series that have accrued but have not been declared.

**3.12    Articles of amendment.**  When an amendment has been adopted, articles of amendment shall be prepared that contain:

> 3.12.1 The name of the corporation;

> 3.12.2 The amendment adopted;

> 3.12.3 With respect to an amendment restating the articles, a statement that the amendment restating the articles correctly sets forth without change the corresponding

17

~~provisions of the articles as previously amended if the amendment was approved only by the board;~~

3.12.4 If the amendment provides for but does not establish the manner for effecting an exchange, reclassification, division, combination, or cancellation of issued shares, a statement of the manner in which it will be effected; and

3.12.5 A statement that the amendment has been adopted pursuant to this Ordinance.

**3.13  Effect of amendment.**

3.13.1 Effect on cause of action.  An amendment does not affect an existing cause of action in favor of or against the corporation, nor a pending suit to which the corporation is a party, nor the existing rights of persons other than shareholders.

3.13.2 Effect of change of name.  If the corporate name is changed by the amendment, a suit brought by or against the corporation under its former name does not abate for that reason.

3.13.3 Effect of amendments restating, articles.  When effective under Section 3.15, an amendment restating the articles in their entirety supersedes the original articles and all amendments to the original articles.

**3.14  Filing articles.**  Articles of incorporation and articles of amendment shall be filed with the Tribal Secretary.

**3.15  Effective date of articles.**  Articles of incorporation are effective and corporate existence begins when the articles of incorporation are filed with the Tribal Secretary accompanied by a payment of $75.00, which includes a $60.00 incorporation fee in addition to the $15.00 filing fee.  Articles of amendment and articles of merger are effective when filed with the Tribal Secretary or at another time within 30 days after filing if the articles of amendment so provide. Articles of merger must be accompanied by a fee of $75.00, which includes a $60.00 merger fee in addition to the $15.00 filing fee.

**3.16  Presumption; certificate of incorporation.**  When the articles of incorporation have been filed with the Tribal Secretary and the required fee has been paid to the Tribal Secretary, it is presumed that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated, and the Tribal Secretary shall issue a certificate of incorporation to the corporation, but this presumption does not apply against the Tribe in a proceeding to cancel or revoke the certificate of incorporation or to compel the involuntary dissolution of the corporation.

TLDX 1
119

## SECTION 4
## POWERS

Section 4.1    Powers.                    Section 4.3    Effect of lack of power; ultra vires.
Section 4.2    Corporate seal.

**4.1    Powers.**

    <u>4.1.1    Generally, limitations</u>.   A corporation has the powers set forth in this Section, subject to any limitations provided in any other law of the Tribe or in its articles.

    <u>4.1.2    Duration.</u>   A corporation has perpetual duration.

    <u>4.1.3    Legal capacity.</u>   A corporation may sue and be sued, complain and defend and participate as a party or otherwise in any legal, administrative, or arbitration proceeding, in its corporate name.

    <u>4.1.4    Property ownership.</u>   A corporation may purchase, lease, or otherwise acquire, own, hold, improve, use, and otherwise deal in and with, real or personal property, or any interest therein, wherever situated.

    <u>4.1.5    Property disposition.</u>   A corporation may sell, convey, mortgage, create a security interest in, lease, exchange, transfer, or otherwise dispose of all or any part of its real or personal property, or any interest therein, wherever situated.

    <u>4.1.6    Trading in securities; obligations.</u>   A corporation may purchase, subscribe for, or otherwise acquire, own, hold, vote, use, employ, sell, exchange, mortgage, lend, create a security interest in, or otherwise dispose of and otherwise use and deal in and with, securities or other interests in, or obligations of, a person or direct or indirect obligations of any tribal or foreign government or instrumentality thereof.

    <u>4.1.7    Contracts; mortgages.</u>   A corporation may make contracts and incur liabilities, borrow money, issue it securities, and secure any of its obligations by mortgage of or creation of a security interest in all or any of its property, franchises and income.

    <u>4.1.8    Investment.</u>   A corporation may invest and reinvest its funds.

    <u>4.1.9    Holding property as security.</u> A corporation may take and hold real and personal property, whether or not a kind sold or otherwise dealt in by the corporation, as security for the payment of money loaned, advanced, or invested.

    <u>4.1.10    Location.</u>   A corporation may conduct its business, carry on its operations, have offices, and exercise the powers granted by this Ordinance anywhere in the universe.

TLDX 1
120

~~4.1.11 Donations.  A corporation may make donations, irrespective of corporate benefit, for the public welfare; for social, community, charitable, religious, educational, scientific, civic, literary, and for similar or related purposes.~~

4.1.12 Pensions; benefits.  A corporation may pay pensions, retirement allowances, and compensation for past services to and for the benefit of, and establish, maintain, continue, and carry out, wholly or partially at the expense of the corporation employee or incentive benefit plans, trusts, and provisions to or for the benefit of, and/or all of its and its related corporation officers, directors, employees, and agents and the families, dependents, and beneficiaries of any of them.  It may indemnify and purchase and maintain insurance for and on behalf of a fiduciary of any of these employee benefit and incentive plans, trusts, and provisions.

4.1.13 Participating in management.  A corporation may participate in any capacity in the promotion, organization, ownership, management, and operation of an organization or in any transaction, undertaking, or arrangement that the participating corporation would have power to conduct by itself, whether or not the participation involves sharing or delegation of control with or to others.

4.1.14 Insurance.  A corporation may provide for its benefit life insurance and other insurance with respect to the services of any or all of its officers, directors, employees, and agents, or on the life of a shareholder for the purpose of acquiring at the death of the shareholder any or all shares in the corporation owned by the shareholder.

4.1.15 Corporate seal.  A corporation may have, alter at pleasure, and use a corporate seal as provided in Section 4.2.

4.1.16 Bylaws.  A corporation may adopt, amend, and repeal bylaws relating to the management of the business or the regulation of the affairs of the corporation as provided in Section 5.2.

4.1.17 Committees.  A corporation may establish committees of the board of directors, elect or appoint persons to the committees, and define their duties as provided in Section 6.17 and fix their compensation.

4.1.18 Officers; employees; agents.  A corporation may elect or appoint officers, employees, and agents of the corporation, and define their duties as provided in Sections 7.1 to 7.9 and fix their compensation.

4.1.19 Securities.  A corporation may issue securities and rights to purchase securities as provided in Sections 4.1 to 4.9.

4.1.20 Loans; Guaranties; Sureties.  A corporation may lend money to, guarantee an obligation of, become a surety for, or otherwise financially assist persons as provided in Section 9.1.

TLDX 1
121

4.1.21  Advances.  A corporation may make advances to its directors, officers and employees and those of its subsidiaries as provided in Section 9.2.

4.1.22  Indemnification.  A corporation shall indemnify those persons identified in Section 9.4 against certain expenses and liabilities only as provided in Section 9.3 and may indemnify other persons.

4.1.23  Assumed names.  A corporation may conduct all or part of its business under one or more assumed names, provided each assumed name is registered with the Tribal Secretary.

4.1.24  Other powers.  A corporation may have and exercise all other powers necessary or convenient to effect any or all of the business purposes for which the corporation is incorporated.

4.1.25  Trust Land.  Any corporation which holds an interest in trust land may not encumber that interest without the prior approval of the Business Committee and the appropriate official of the Bureau of Indian Affairs, if such federal approval is required by federal law.

4.1.26  Sovereign Immunity of the Tribe.  Consent to suit by a corporation shall in no way extend to the Tribe, nor shall a consent to suit by a corporation in any way be deemed a waiver of any of the rights, privileges and immunities of the Tribe.

## 4.2     Corporate seal.

4.2.1   Seal not required.  A corporation may, but need not, have a corporate seal, and the use or nonuse of a corporate seal does not affect the validity, recordability, or enforceability of a document or act.  If a corporation has a corporate seal, the use of the seal by the corporation on a document is not necessary.

4.2.2   Required words; use.  If a corporation has a corporate seal, the seal may consist of a mechanical imprinting device, or a rubber stamp with a facsimile of the seal affixed thereon, or a facsimile or reproduction of either.  The seal need include only the word "Seal" but it may also include a part or all of the name of the corporation and a combination, derivation, or abbreviation of either or both of the phrases "Tribal Corporation," "Miami Tribe of Oklahoma," and "Corporate Seal."  If a corporate seal is used, it or a facsimile of it may be affixed, engraved, printed, placed, stamped with indelible ink, or in any other manner reproduced on any document.

## 4.3     Effect of lack of power; ultra vires.  The doing, continuing, or performing by a corporation of an act, or an executed or wholly or partially executory contract, conveyance or transfer to or by the corporation, if otherwise lawful is not invalid because the corporation was without the power to do, continue, or perform the act, contract, conveyance, or transfer, unless the lack of power is established before the Tribal Court:

TLDX 1
122

~~4.3.1   In a proceeding by a shareholder against the corporation to enjoin the doing, continuing, or performing of the act, contract, conveyance, or transfer.   If the~~ unauthorized act, continuation, or performance sought to be enjoined is being, or to be, performed or made pursuant to a contract to which the corporation is a party, the Tribal Court may, if just and reasonable in the circumstances, set aside and enjoin the performance of the contract and in so doing may allow to the corporation or to the other parties to the contract compensation for the loss or damage sustained as a result of the action of the Tribal Court;

4.3.2   In a proceeding by or in the name of the corporation, whether acting directly or through a legal representative, or through shareholders in a representative or derivative suit, against the incumbent or former officers or directors of the corporation for exceeding or otherwise violating their authority, or against a person having actual knowledge of the lack of power; or

4.3.3   In a proceeding by the Business Committee, as provided in Section 11.13, to dissolve the corporation, or in a proceeding by the Business Committee to enjoin the corporation from the transaction of unauthorized business.

22

## SECTION 5
## ORGANIZATION; BYLAWS

| | | | |
|---|---|---|---|
| Section 5.1 | Organization. | Section 5.2 | Bylaws. |

## 5.1   Organization.

5.1.1   Role of incorporators.   If the first board is not named in the articles, the incorporators may elect the first board or may act as directors with all of the powers, rights, duties, and liabilities of directors, until directors are elected or until shares are issued, whichever occurs first.

5.1.2   Meeting.   After the issuance of the certificate of incorporation, the incorporators or the directors named in the articles shall either hold an organizational meeting at the call of a majority of the incorporators or of the directors named in the articles, or take written action, for the purposes of transacting business and taking actions necessary or appropriate to complete the organization of the corporation, including, without limitations amending the articles, electing directors, adopting bylaws, electing officers, adopting banking resolutions, authorizing or ratifying the purchase, lease, or other acquisition of suitable space, furniture, furnishings, supplies, and materials, approving a corporate seal, approving forms of certificates or Transaction Statements for shares of the corporation, adopting a fiscal year for the corporation, accepting subscriptions for and issuing shares of the corporation, and making any appropriate tax elections.   If a meeting is held, the person or persons calling the meeting shall give at least three days notice of the meeting to each incorporator or director named, stating the date, time, and place of the meeting.

## 5.2   Bylaws.

5.2.1   Generally.   A corporation may, but need not, have bylaws.   Bylaws may contain any provision relating to the management of the business or the regulation of the affairs of the corporation not inconsistent with law or the articles.

5.2.2   Power of board.   Initial bylaws may be adopted pursuant to Section 5.1 by the incorporators or by the first board.   Unless reserved by the articles to the shareholders, the power to adopt, amend, or repeal the bylaws is vested in the board.   The power of the board is subject to the power of the shareholders, exercisable in the manner provided in Section 5.2.3, to adopt, amend, or repeal bylaws adopted, amended, or repealed by the board.   After the adoption of the initial bylaws, the board shall not adopt, amend, or repeal a bylaw fixing a quorum for meetings of shareholders, prescribing procedures for removing directors or filling vacancies in the board, or fixing the number of directors or their classifications, qualifications, or terms of office, but may adopt or amend a bylaw to increase the number of directors.

5.2.3   Power of shareholders; procedure.   If a shareholder or shareholders holding three percent or more of the voting power of the shares entitled to vote propose a resolution for

TLDX 1
124

action by the shareholders to adopt, amend, or repeal bylaws adopted, amended, or repealed by the board and the resolution sets forth the provision or provisions proposed for adoption, amendment, or repeal the limitations and procedures for submitting, considering, and adopting the resolution are the same as provided in Sections 3.10.2 to 3.10.4, for amendment of the articles.  The provisions of this subdivision regarding shareholder proposed amendments shall not apply to a corporation registered or reporting under the federal securities laws, to the extent that those provisions are in conflict with the federal securities laws or rules promulgated there under, in which case the federal securities laws or rules promulgated there under shall govern.

24

## SECTION 6
## BOARD

| | | | |
|---|---|---|---|
| Section 6.1 | Board. | Section 6.11 | Vacancies. |
| Section 6.2 | Number. | Section 6.12 | Board meetings. |
| Section 6.3 | Qualifications; election. | Section 6.13 | Absent directors. |
| Section 6.4 | Terms. | Section 6.14 | Quorum. |
| Section 6.5 | Acts not void or voidable. | Section 6.15 | Act of the board. |
| Section 6.6 | Compensation. | Section 6.16 | Action without meeting. |
| Section 6.7 | Classification of directors. | Section 6.17 | Committees. |
| Section 6.8 | Cumulative voting for directors. | Section 6.18 | Standard of conduct. |
| Section 6.9 | Resignation. | Section 6.19 | Director conflicts of |
| Section 6.10 | Removal of directors. | | interest. |

**6.1    Board.**

**6.1.1    Board to manager.**  The business and affairs of a corporation shall be managed by or under the direction of a board, subject to the provisions of Section 6.1.2 and Section 8.23.  The members of the first board may be named in the articles or elected by the incorporators pursuant to Section 5.1 or by the shareholders.

**6.1.2    Shareholder management.**  The holders of the shares entitled to vote for directors of the corporation may, by unanimous affirmative vote, take any action that this Ordinance requires or permits the board to take.  As to an action taken by the shareholders in that manner:

a.    The directors have no duties, liabilities, or responsibilities as directors under this Ordinance with respect to or arising from the action;

b.    The shareholders collectively and individually have all of the duties, liabilities, and responsibilities of directors under this Ordinance with respect to and arising from the action;

c.    If the action relates to a matter required or permitted by this Ordinance or by any other law to be approved or adopted by the board, either with or without approval or adoption by the shareholders, the action is deemed to have been approved or adopted by the board; and

d.    A requirement that an instrument filed with a governmental agency contain a statement that the action has been approved and adopted by the board is satisfied by a statement that the shareholders have taken the action under this subdivision.

**6.2    Number.**  The board shall consist of one or more directors.  The number of directors shall be fixed by or in the manner provided in the articles or bylaws.  The number of directors may be increased or, subject to Section 6.10, decreased at any time by amendment to or in the manner provided in the articles or bylaws.

25

6.3    Qualifications; election.  Directors shall be natural persons.  The method of election and any additional qualifications for directors may be imposed by or in the manner provided in the articles or bylaws.  A director need not be a member of the Tribe unless the articles of incorporation or bylaws so prescribe.

6.4    **Terms**.  Unless fixed terms are provided for in the articles or bylaws, a director serves for an indefinite term that expires at the next regular meeting of the shareholders.  A fixed term of a director shall not exceed five years.  A director holds office for the term for which the director was elected and until a successor is elected and has qualified, or until the earlier death, resignation, removal, or disqualification of the director.

6.5    **Acts not void or voidable**.  The expiration of a director's term with or without the election of a qualified successor does not make prior or subsequent acts of the officers or the board void or voidable.

6.6    **Compensation**.  Subject to any limitations in the articles or bylaws, the board may fix the compensation of directors.

6.7    **Classification of directors**.  Directors may be divided into classes as provided in the articles or bylaws.

6.8    **Cumulative voting for directors**.  Unless the articles provide that there shall be no cumulative voting, and except as provided in Section 6.10.5, each shareholder entitled to vote for directors has the right to cumulate those votes in the election of directors by giving written notice of intent to cumulate those votes to any officer of the corporation before the meeting, or to the presiding officer at the meeting at which the election is to occur at any time before the election of directors at the meeting, in which case:

      a.    The presiding officer at the meeting shall announce, before the election of directors, that shareholders shall cumulate their votes; and

      b.    Each shareholder shall cumulate those votes either by casting for one candidate the number of votes equal to the number of directors to be elected multiplied by the number of votes represented by the shares, or by distributing all of those votes on the same principle among any number of candidates.

      6.8.1   Modification.  No amendment to the articles or bylaws which has the effect of denying, limiting, or modifying the right to cumulative voting for directors provided in this Section shall be adopted if the votes of a proportion of the voting power sufficient to elect a director at an election of the entire board under cumulative voting, are cast against the amendment.

6.9    **Resignation**.  A director may resign at any time by giving written notice to the corporation.  The resignation is effective without acceptance when the notice is given to the corporation, unless a later effective time is specified in the notice.

TLDX 1
127

#### 6.10   Removal of directors.

**6.10.1 Modification.** The provisions of this Section apply unless modified by the articles, the bylaws, or an agreement described in Section 8.23.

**6.10.2 Removal by directors.** A director may be removed at any time, with or without cause if:

a.   The director was named by the board to fill a vacancy;

b.   The shareholders have not elected directors in the interval between the time of the appointment to fill a vacancy and the time of the removal; and

c.   A majority of the remaining directors present affirmatively vote to remove the director.

**6.10.3 Removal by shareholders.** One or all of the directors may be removed at any time, with or without cause, by the affirmative vote of the holders of the proportion or number of the voting power of the shares of the classes or series the director represents sufficient to elect them, except as provided in Section 6.10.4.

**6.10.4 Exception for corporation with cumulative voting.** In a corporation having cumulative voting, unless the entire board is removed simultaneously, a director is not removed from the board if there are cast against removal of the director the votes of a proportion of the voting power sufficient to elect the director at an election of the entire board under cumulative voting.

**6.10.5 Election of replacements.** New directors may be elected at a meeting at which directors are removed. If the corporation allows cumulative voting and a shareholder notifies the presiding officer at any time prior to the election of new directors of intent to cumulate the votes of the shareholder, the presiding officer shall announce before the election that cumulative voting is in effect, and shareholders shall cumulate their votes as provided in Section 6.8.1, paragraph (b).

**6.11   Vacancies.** Unless different rules for filling vacancies are provided for in the articles or bylaws:

**6.11.1** Vacancies on the board resulting from the death, resignation, removal, or disqualification of a director may be filled by the affirmative vote of a majority of the remaining directors, even though less than a quorum; and vacancies on the board resulting from newly created directorships may be filled by the affirmative vote of a majority of directors serving at the time of the increase; and each director elected under this Section to fill a vacancy holds office until a qualified successor is elected by the shareholders at the next regular or special meeting of the shareholders.

TLDX 1
128

### 6.12   Board meetings

6.12.1  Time; place.  Meetings of the board may be held from time to time as provided in the articles or bylaws at any place within or without the Reservation that the board may select or by any means described in Section 6.12.2.  If the board fails to select a place for a meeting, the meeting shall be held at the principal executive office, unless the articles or bylaws provide otherwise.

6.12.2  Electronic communications.

a.      A conference among directors by any means of communication through which the directors may simultaneously hear each other during the conference constitutes a board meeting, if the same notice is given of the conference as would be required by Section 6.12.3 for a meeting, and if the number of directors participating in the conference would be sufficient to constitute a quorum at a meetings participation in a meeting by that means constitutes presence in person at the meeting.

b.      A director may participate in a board meeting not described in paragraph (a) above by any means of communication through which the director, other directors so participating, and all directors physically present at the meeting may simultaneously hear each other during the meeting. Participation in a meeting by that means constitutes presence in person at the meeting.

6.12.3  Call, meetings notice.  Unless the articles or bylaws provide for a different time period, a director may call a board meeting by giving ten days notice to all directors of the date, time, and place of the meeting.  The notice need not state the purpose of the meeting unless the articles or bylaws require it.

6.12.4  Previously scheduled meetings.  If the day or date, time, and place of a board meeting have been provided in the articles or bylaws, or announced at a previous meeting of the board, no notice is required.  Notice of adjourned meeting may not be given other than by announcement at the meeting at which adjournment is taken.

6.12.5  Waiver of notice.  A director may waive notice of a meeting of the board.  A waiver of notice by a director entitled to notice is effective whether given before, at, or after the meeting, and whether given in writing, orally, or by attendance.  Attendance by a director at a meeting is a waiver of notice of that meeting, except where the director objects at the beginning of the meeting to the transaction of business because the meeting is not lawfully called or convened and does not participate thereafter in the meeting.

6.13    Absent directors.  If the articles or bylaws so provide, a director may give advance written consent or opposition to a proposal to be acted on a board meeting.  If the director is not present at the meeting, consent or opposition to a proposal does not constitute presence for purposes of determining the existence of a quorum, but consent or opposition shall be counted as a vote in favor of or against the proposal and shall be entered in the minutes or other record of

TLDX 1
129

~~action at the meeting, if the proposal acted on at the meeting is substantially the same or has substantially the same effect as the proposal to which the director has consented or objected.~~

**6.14   Quorum.**  A majority, or a larger or smaller proportion or number provided in the articles or bylaws, of the directors currently holding office is a quorum for the transaction of business. In the absence of a quorum, a majority of the directors present may adjourn a meeting from time to time until a quorum is present.  If a quorum is present when a duly called or held meeting is convened, the directors present may continue to transact business until adjournment, even though the withdrawal of a number of directors originally present leaves less than the proportion or number otherwise required for a quorum.

**6.15   Act of the board.**  The board shall take action by the affirmative vote of a majority of directors present at a duly held meeting, except where this Ordinance or the articles require the affirmative vote of a larger proportion or number.  If the articles require a larger proportion or number than is required by this Ordinance for a particular action, the articles shall control.

**6.16   Action without meeting.**

   **6.16.1 Method.**  An action required or permitted to be taken at a board meeting may be taken by written action signed by all of the directors.  If the articles so provide, any action, other than an action requiring shareholder approval, may be taken by written action signed by the number of directors that would be required to take the same action at a meeting of the board at which all directors were present.

   **6.16.2 Effective time.**  The written action is effective when signed by the required number of directors, unless a different effective time is provided in the written action.

   **6.16.3 Notice; liability.**  When written action is permitted to be taken by less than all directors, all directors shall be notified immediately of its text and effective date.  Failure to provide the notice does not invalidate the written action.  A director who does not sign or consent to the written action has no liability for the action or actions taken thereby.

**6.17   Committees.**

   **6.17.1 Generally.**  A resolution approved by the affirmative vote of a majority of the board may establish committees having the authority of the board in the management of the business of the corporation only to the extent provided in the resolution.  Committees may include a special litigation committee consisting of one or more independent directors or other independent persons to consider legal rights or remedies of the corporation and whether those rights and remedies should be pursued.  Committees other than special litigation committees are subject at all times to the direction and control of the board.

   **6.17.2 Membership.**  Committee members shall be natural persons.  Unless the articles or bylaws provide for a different membership or manner of appointment, a committee shall

29

consist of one or more persons, who need not be directors, appointed by affirmative vote of a majority of the directors present.

6.17.3 Procedure.   Sections 6.12 to 6.16 apply to committees and members of committees to the same extent as those sections apply to the board and directors.

6.17.4 Minutes.  Minutes, if any, of committee meetings shall be made available upon request to members of the committee and to any director.

6.17.5 Standard of conduct.  The establishment of, delegation of authority to, and action by a committee does not alone constitute compliance by a director with the standard of conduct set forth in Section 6.18.

6.17.6 Committee members deemed directors.  Committee members are deemed to be directors for purposes of Sections 6.18, 6.19, and 9.3.

## 6.18   Standard of conduct.

6.18.1 Standard; liability.  A director shall discharge the duties of the position of director in good faith, in a manner the director reasonably believes to be in the best interests of the corporation, and with the care an ordinarily prudent person in a like position would exercise under similar circumstances.  A person who so performs those duties is not liable by reason of being or having been a director of the corporation.

6.18.2 Reliance.   A director is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, in each case prepared or presented by:

  a. One or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented;

  b. Counsel, public accountants, or other persons as to matters that the director reasonably believes are within the person's professional or expert competence; or

  c. A committee of the board upon which the director does not serve, duly established in accordance with Section 6.9, as to matters within its designated authority, if the director reasonably believes the committee to merit confidence.

6.18.3 Unwarranted Reliance.  Section 6.18.2 paragraph (a) does not apply to a director who has knowledge concerning the matter in question that makes the reliance otherwise permitted by paragraph (a) unwarranted.

6.18.4 Presumption of assent; dissent.  A director who is present at a meeting of the board when an action is approved by the affirmative vote of a majority of the directors present is presumed to have assented to the action approved, unless the director:

TLDX 1
131

a.   ~~Objects at the beginning of the meeting to the transaction of business because the meeting is not lawfully called or convened and does not participate thereafter in the meeting, in which case the director shall not be~~ considered to be present at the meeting for any purpose of this Ordinance;

b.   Votes against the action at the meeting; or

c.   Is prohibited by Section 6.19 from voting on the action.

<u>6.18.5 Elimination or limitation of liability.</u>   A director's personal liability to the corporation or its shareholders for monetary damages for breach of fiduciary duty as a director may be eliminated or limited in the articles.   The articles shall not eliminate or limit the liability of a director:

a.   For any breach of the director's duty of loyalty to the corporation or its shareholders;

b.   For acts or emissions not in good faith or that involve intentional misconduct or a knowing violation of law;

c.   Under Section 9.7;

d.   For any transaction from which the director derived an improper personal benefit; or

e.   For any act or omission occurring prior to the date when the provision in the articles eliminating or limiting liability becomes effective.

**6.19   Director conflicts of interest.**

<u>6.19.1 Conflict; procedure when conflict arises</u>.   A contract or other transaction between a corporation and one or more of its directors, or between a corporation and an organization in or of which one or more of its directors are directors, officers, or legal representatives or have a material financial interest, is not void or voidable because the director or directors or the other organizations are parties or because the director or directors are present at the meeting of the shareholders or the board or a committee at which the contract or transaction is authorized, approved, or ratified, if:

a.   The contract or transaction was, and the person asserting the validity of the contract or transaction sustains the burden of establishing, that the contract or transaction was, fair and reasonable as to the corporation at the time it was authorized, approved, or ratified;

b.   The material facts as to the contract or transaction and as to the director or directors' interest are fully disclosed or known to the shareholders and the contract or transaction is approved in good faith by 1) the holders of two-thirds of the voting power of the shares entitled to vote which are owned by persons other than the interested director or directors, or 2) the unanimous affirmative vote of the holders of all outstanding shares, whether or not entitled to vote;

c.   The material facts as to the contract or transaction and as to the director or directors' interest are fully disclosed or known to the board or a committee, and the board or committee authorizes, approves, or ratifies

31

the contract or transaction in good faith by a majority of the board or committee, but the interested director or directors shall not be counted in determining the presence of a quorum and shall not vote; or

    d.    The contract or transaction is a distribution described in Section 9.4.1, or merger or exchange described in Sections 10.1.1, or 10.1.2.

**6.19.2  Material financial interest.**  For purposes of this Section:

    a.    A director does not have a material financial interest in a resolution fixing the compensation of the director or fixing, the compensation of another director as a director, officer, employee, or agent of the corporation, even though the first director is also receiving compensation from the corporation; and

    b.    A director has a material financial interest in each organization in which the director, or the spouse, parents, children and spouses of children, brothers and sisters and spouses of brothers and sisters of the director, or any combination of them have a material financial interest.

**6.19.3  Compensation agreements.**  During any tender offer or request or invitation for tenders of any class or series of shares of a publicly held corporation, other than an offer, request, or invitation by the publicly held corporation, the publicly held corporation shall not enter into or amend, directly or indirectly, agreements containing provisions, whether or not dependent on the occurrence of any event or contingency, that increase, directly or indirectly, the current or future compensation of any officer or director of the publicly held corporation.  This subdivision does not prohibit routine increases in compensation, or other routine compensation agreements, undertaken in the ordinary course of the publicly held corporations business.

32

TLDX 1
133

## SECTION 7
## OFFICERS

| | | | |
|---|---|---|---|
| Section 7.1 | Officers required. | Section 7.6 | Contract rights. |
| Section 7.2 | Duties of required officers. | Section 7.7 | Resignation; removal; vacancies. |
| Section 7.3 | Other officers. | | |
| Section 7.4 | Multiple offices. | Section 7.8 | Delegation. |
| Section 7.5 | Officers deemed elected. | Section 7.9 | Standard of conduct. |

**7.1    Officers required.**  A corporation shall have one or more natural persons exercising the functions of the offices, however designated, of chief executive officer and chief financial officer.

**7.2    Duties of required officers.**

_7.2.1  Presumption; modifications._   Unless the articles, the bylaws, or a resolution adopted by the board and not inconsistent with the articles or bylaws, provide otherwise, the chief executive officer and chief financial officer have the duties specified in this Section.

_7.2.2  Chief executive officer._  The chief executive officer shall:

a.    Have general active management of the business of the corporation;

b.    When present, preside at all meetings of the board and of the shareholders;

c.    See that all orders and resolutions of the board are carried into effect;

d.    Sign and deliver in the name of the corporation any deeds, mortgages, bonds, contracts or other instruments pertaining to the business of the corporation, except in cases in which the authority to sign and deliver is required by law to be exercised by another person or is expressly delegated by the articles or bylaws or by the board to some other officer or agent of the corporation;

e     Maintain records of and whenever necessary, certify all proceedings of the board and the shareholders; and

f.    Perform other duties prescribed by the board.

_7.2.3  Chief financial officer._  The chief financial officer shall:

a.    Keep accurate financial records for the corporation;

b.    Deposit all money, drafts, and checks in the name of and to the credit of the corporation in the banks and depositories designated by the board;

c.    Endorse for deposit all notes, checks, and drafts received by the corporation as ordered by the board, making proper vouchers therefore;

d.    Disburse corporate funds and issue checks and drafts in the name of the corporation, as ordered by the board;

TLDX 1
134

> e.   Render to the chief executive officer and the board, whenever requested, an account of all transactions by the chief financial officer and of the financial condition of the corporation; and

f.   Perform other duties prescribed by the board or by the chief executive officer.

**7.3   Other officers.**  The board may elect or appoint, at a manner set forth in the articles or bylaws or in a resolution approved by the affirmative vote of a majority of the directors present, any other officers or agents the board deems necessary for the operation and management of the corporation, each of whom shall have the powers, rights, duties, responsibilities, and terms in office provided for in the articles or bylaws or determined by the board.

**7.4   Multiple offices.**  Any number of offices or functions of those offices may be held or exercised by the same person.  If a document must be signed by persons holding different offices or functions and a person holds or exercises more than one of those offices or functions, that person may sign the document in more than one capacity, but only if the document indicates each capacity in which the person signs.

**7.5   Officers deemed elected.**  In the absence of an election or appointment of officers by the board, the person or persons exercising the principal functions of the chief executive officer or the chief financial officer are deemed to have been elected to those offices, except for the purpose of determining the location of the principal executive office, which in that case is the registered office of the corporation.

**7.6   Contract rights.**  The election or appointment of a person as an officer or agent does not, of itself, create contract rights.  A corporation may enter into a contract with an officer or agent for a period of time if, in the board's judgment, the contract would be in the best interests of the corporation.  The fact that the contract may be for a term longer than the terms of the directors who authorized or approved the contract does not make the contract void or voidable.

**7.7   Resignation; removal; vacancies.**

7.7.1   Resignation.  An officer may resign at any time by giving written notice to the corporation.  The resignation is effective without acceptance when the notice is given to the corporation, unless a later effective date is specified in the notice.

7.7.2   Removal.  An officer may be removed at any time, with or without cause by a resolution approved by the affirmative vote of a majority of the directors present, subject to the provisions of a shareholder control agreement.  The removal is without prejudice to any contractual rights of the officer.

7.7.3   Vacancy.  A vacancy in an office because of death, resignation, removal, disqualification, or other cause may, or in the case of a vacancy in the office of chief executive officer or chief financial officer shall, be filled for the unexpired portion of the term in the manner provided in the articles or bylaws, or determined by the board, or pursuant to Section 7.5.

TLDX 1
135

**7.8    Delegation.**  Unless prohibited by the articles or bylaws or by a resolution approved by the affirmative vote of a majority of the directors presents an officer elected or appointed by the board may, without the approval of the board, delegate some or all of the duties and powers of an office to other persons.  An officer who delegates the duties or powers of office remains subject to the standard of conduct for an officer with respect to the discharge of all duties and powers so delegated.

**7.9    Standard of conduct.**  An officer shall discharge the duties of an office in good faith, in a manner the officer reasonably believes to be in the best interests of the corporation, and with the care an ordinarily prudent person in a like position would exercise under similar circumstances.  A person exercising the principal functions of an office or to whom some or all of the duties and powers of an office are delegated pursuant to Section 7.8 is deemed an officer for purposes of this Section and Sections 8.26 and 9.3.

TLDX 1
136

## SECTION 8
## SHARES; SHAREHOLDERS

| | | | | |
|---|---|---|---|---|
| Section 8.1 | Authorized shares. | Section 8.15 | Act of the shareholders. |
| Section 8.2 | Share dividends, divisions, and combinations. | Section 8.16 | Action without a meeting. |
| | | Section 8.17 | Quorum. |
| Section 8.3 | Subscriptions for shares. | Section 8.18 | Voting rights. |
| Section 8.4 | Consideration for shares; value and payment; liability. | Section 8.19 | Voting of shares by organizations and legal representatives. |
| Section 8.5 | Preemptive rights. | | |
| Section 8.6 | Share certificates, issuance and contents; Uncertificated Shares. | Section 8.20 | Proxies. |
| | | Section 8.21 | Voting trusts. |
| Section 8.7 | Lost share certificates; replacement. | Section 8.22 | Shareholder voting agreements. |
| Section 8.8 | Fractional shares. | Section 8.23 | Shareholder control agreements. |
| Section 8.9 | Liability of subscribers and shareholders with respect to shares. | Section 8.24 | Books and records; inspection. |
| Section 8.10 | Restriction on transfer or registration of securities. | Section 8.25 | Financial statements. |
| | | Section 8.26 | Equitable remedies. |
| Section 8.11 | Regular meetings of shareholders. | Section 8.27 | Rights of dissenting shareholders. |
| Section 8.12 | Special meetings of shareholders. | Section 8.28 | Procedures for asserting dissenter's rights. |
| Section 8.13 | Notice. | | |
| Section 8.14 | Electronic communications. | | |

**8.1    Authorized shares.**

      8.1.1   Board may authorize.  Subject to any restrictions in the articles, a corporation may issue securities and rights to purchase securities only when authorized by the board.

      8.1.2   Terms of shares.  All the shares of a corporation:

          a.      Shall be of one class and one series, unless the articles establish, or authorize the board to establish, more than one class or series;

          b.      Shall be common shares entitled to vote and shall have equal rights and preferences in all matters not otherwise provided for by the board, unless and to the extent that the articles have fixed the relative rights and preferences of different classes and series; and

          c.      Shall have, unless a different par value is specified in the articles, a par value of one cent per share, solely for the purpose of a law, statute or rule imposing a tax or fee based upon the capitalization of a corporation and a par value fixed by the board for the purpose of a statute or rule requiring the shares of the corporation to have a par value.

TLDX 1
137

### 8.1.3   Procedure for fixing term

a.     Subject to any restrictions in the articles, the power granted in Section 8.1.2 may lie exercised by a resolution or resolutions approved by the affirmative vote of a majority of the directors present establishing a class or series, setting forth the designation of the class or series, and fixing the relative rights and preferences of the class or series.  Any of the rights and preferences of a class or series may be made, dependent upon facts ascertainable outside the articles, or outside the resolution or resolutions establishing the class or series, provided that the manner in which the facts operate upon the rights and preferences of the class or series is clearly and expressly set forth in the articles or in the resolution or resolutions establishing the class or series; and may incorporate by reference some or all of the terms of any agreements, contracts, or other arrangements entered into by the issuing corporation in connection with the establishment of the class or series if the corporation retains at its principal executive office a copy of the agreements, contacts or other arrangements or the portions incorporated by reference.

b.     A statement setting forth the name of the corporation and the text of the resolution and certifying the adoption of the resolution and the date of adoption shall be filed with the Tribal Secretary before the issuance of any shares for which the resolution creates rights or preferences not set forth in the articles; provided, however, where the shareholders have received notice of the creation of shares with rights or preferences not set forth in the articles before the issuance of the shares, the statement may be filed any time within one year after the issuance of the shares.  The resolution is effective when the statement has been filed with the Tribal Secretary; or, if it is not required to be filed with the Tribal Secretary before the issuance of shares, on the date of its adoption by the directors.

c.     A statement filed with the Tribal Secretary in accordance with Section 8.1.3(c) is not considered an amendment of the articles for purposes of Sections 3.11 and 8.27.

### 8.1.4   Specific terms.   Without limiting the authority granted in this Section, a corporation may issue shares of a class or series:

a.     Subject to the right of the corporation to redeem any of those shares at the price fixed for their redemption by the articles or by the board or at a price determined in the manner specified by the articles or by the board;

b.     Entitling the shareholders to cumulative, partially cumulative, or non-cumulative distributions in the amounts fixed by the articles or by the board or in amounts determined in the manner specified by the articles or by the board;

c.     Having preference over any class or series of shares for the payment of distributions of any kinds;

37

d.   Convertible into shares of any other class or any series of the same or another class on the terms fixed by the articles or by the board or on terms determined in the manner specified by the articles or by the board; or

e.   Having full, partial, or no voting rights, except as provided in Section 3.11.

**8.2     Share dividends, divisions, and combinations.**

8.2.1   Power to effect.   A corporation may effect a share dividend or a division or combination of its shares as provided in this Section. As used in this Section, the terms "division" and "combination" means dividing or combining shares of any class or series, whether issued or unissued, into a greater or lesser number of shares of the same class or series.

8.2.2   When shareholder approval required; filing of articles of amendment.   Articles of amendment must be adopted by the board and the shareholders tender Sections 3.10 and 3.11 to effect a division or combination if, as a result of the proposed division or combination:

a.   The rights or preferences of the holders of outstanding shares of any class or series will be adversely affected.

b.   The percentage of authorized shares remaining unissued after the division or combination will exceed the percentage of authorized shares that were unissued before the division or combination. For purposes of this Section, an increase or decrease in the relative voting right of the shares that are the subject of the division or combination that arises solely from the increase or decrease in the number of the shares outstanding is not an adverse effect on the outstanding shares of any class or series and any increase in the percentage of authorized shares remaining unissued arising solely from the elimination of fraction shares under Section 8.8 must be disregarded.

c.   If a division or combination is effected under this subdivision, articles of amendment must be prepared that contain the information required by Section 3.12.

8.2.3   By action of board alone; filing of articles of amendment.   Subject to the restrictions provided in Section 8.2.2 or any restrictions in the articles, a share dividend, division, or combination may be effected by action of the board alone, without the approval of shareholders under Sections 3.10 and 3.11. In effecting division or combination under this subdivision, the board may amend the articles to increase or decrease the par value of shares, increase or decrease the number of authorized shares, and make any other changes necessary or appropriate to assure that the rights or preferences of the holders of outstanding big shares of any class or series will not be adversely affected by the division or combination. If a division or combination that includes an amendment of the articles is effected under this subdivision, then articles of amendment must be prepared that contain the information required by Section 3.12 and a statement that the amendment will not adversely affect the rights or preferences of the

38

~~holders of outstanding shares of any class or series and will not result in the percentage of~~
~~authorized shares that remains unissued after the division or combination exceeding the~~
~~percentage of authorized shares that were unissued before the division or combination.~~

**8.3**     **Subscriptions for shares.**

<u>8.3.1   Signed writing</u>.  A subscription for shares, whether made before or after the incorporation of a corporation, is not enforceable against the subscriber unless it is in writing and signed by the subscriber.

<u>8.3.2   Irrevocable period</u>.  A subscription for shares is irrevocable for a period of six months, unless the subscription agreement provides for, or unless all of the subscribers consent to, an earlier revocation.

<u>8.3.3   Payment; installments</u>.  A subscription for shares, whether made before or after the incorporation of a corporation, shall be paid in full at the time or times or in the installments, if any, specified in the subscription agreement.  In the absence of a provision in the subscription agreement specifying the time at which the subscription is to be paid, the subscription shall be paid at the time or times determined by the board, but a call made by the board for payment on subscriptions shall be uniform for all shares of the same class or for all shares of the same series.

<u>8.3.4   Method of collection; forfeiture; cancellation or sale for account of subscriber</u>.

a.      Unless otherwise provided in the subscription agreement, in the event of default in the payment of an installment or call when due, the corporation may proceed to collect the amount due in the same manner as a debt due the corporation.

b.      If the amount due on a subscription for shares remains unpaid for a period of 20 days after written notice of demand for payment has been given to the delinquent subscriber, the shares subscribed for may be offered for sale by the corporation for a price in money equaling or exceeding the sum of the full balance owed by the delinquent subscriber plus the expenses incidental to the sale.  If the shares subscribed for are sold pursuant to this paragraph, the corporation shall pay to the delinquent subscriber or to the delinquent subscriber's legal representative the lesser of (i) the excess of net proceeds realized by the corporation over the sum of the amount owed by the delinquent subscriber plus the expenses incidental to the sale, and (ii) the amount actually paid by the delinquent subscriber.  If the shares subscribed for are not sold pursuant to this paragraph, the corporation may collect the amount due in the same manner as a debt due the corporation or cancel the subscription in accordance with paragraph (c).

c.      If the amount due on a subscription for shares remains unpaid for a period of 20 days after written notice of demand for payment has been given to the delinquent subscriber and the shares subscribed for by the delinquent subscriber have not been sold pursuant to paragraph (b), the corporation

39

TLDX 1
140

~~may cancel the subscription, in which event the shares subscribed for must be restored to the status of authorized but unissued shares, the corporation may retain the portion of the subscription price actually paid that does not~~ exceed ten percent of the subscription price, and the corporation shall refund to the delinquent subscriber or the delinquent subscriber's legal representative that portion of the subscription price actually paid which exceeds ten percent of the subscription price.

**8.4    Consideration for shares; value and payment; liability.**

    8.4.1    Consideration; procedure.  Subject to any restrictions in the articles:

      a    Shares may be, issued for any consideration, including, without limitation money or other tangible or intangible property received by the corporation or to be received by the corporation under a written agreement, or services rendered to the corporation or to be rendered to the corporation under a written agreement, as authorized by resolution approved by the affirmative vote of a majority of the directors present, or approved by the affirmative vote of the holders of a majority of the voting power of the shares present, valuing all non-monetary consideration and establishing a price in money or other consideration, or a minimum price, or a general formula or method by which the price will be determined; and

      b.    Upon authorization in accordance with Section 8.2, the corporation may, without any new or additional consideration, issue its own shares in exchange for or in conversion of its outstanding shares, or issue its own shares pro-rata to its shareholders or the shareholders of one or more classes or series, to effectuate share dividends, divisions, or combinations. No shares of a class or series, shares of which are then outstanding, shall be issued to the holders of shares of another class or series (except in exchange for or in conversion of outstanding shares of the other class or series), unless the issuance either is expressly provided for in the articles or is approved at a meeting by the affirmative vote of the holders of a majority of the voting power of all shares of the same class or series as the shares to be issued.

    8.4.2    Value; liability.  The determinations of the board or the shareholders as to the amount or fair value or the fairness to the corporation of the consideration received or to be received by the corporation for its shares or the terms of payments, as well as the agreement to issue shares for that consideration, are presumed to be proper if they are made in good faith and on the basis of accounting methods, or a fair valuation or other method, reasonable in the circumstances, and unless otherwise required by the articles, the consideration may be less than the par value, if any, of the shares.  Directors or shareholders who are present and entitled to vote, and who, intentionally or without reasonable investigation, fail to vote against approving, an issue of shares for a consideration that is unfair to the corporation, or overvalue property or services received or to be received by the corporation as consideration for shares issued, are jointly and

TLDX 1
141

~~severally liable to the corporation for the benefit of the then shareholders who did not consent to find are damaged by the action, to the extent of the damages of those shareholders. A director or shareholder against whom a claim is asserted pursuant to this~~ subdivision, except in case of knowing participation in a deliberate fraud, is entitled to contribution on an equitable basis from other directors or shareholders who are liable under this section.

### 8.4.3   Payment; liability; contribution; statute of limitations.

a.   A corporation shall issue only shares that are nonassessable or that are assessable but are issued with the unanimous consent of the shareholders. "Nonassessable" shares are shares for which the agreed consideration has been fully paid, delivered, or rendered to the corporation. Consideration in the form of a promissory note, a check, or a written agreement to transfer property or render services to a corporation in the future is fully paid when the note, check, or written agreement is delivered to the corporation.

b.   If shares are issued if violation of paragraph (a), the following persons are jointly and severally liable to the corporation for the difference between the agreed consideration for the shares and the consideration actually received by the corporation:

i.   A director or shareholder who was present and entitled to vote but who failed to vote against the issuance of the shares knowing of the violation;

ii.   The person to whom the shares were issued; and

iii   A successor or transferee of the interest in the corporation of a person described in clause (i) or (ii), including a purchaser of shares, a subsequent assignee, successor, or transferee, a pledgee, a holder of any other security interest in the assets of the corporation or shares granted by the person described in clause (i) or (ii), or a legal representative of or for the person or estate of the person, which successor, transferee, purchaser, assignee, pledgee, holder, or representative acquired the interest knowing of the violation.

c.   A pledgee or holder of any other security interest in all or any shares that have been issued in violation of paragraph (a) is not liable under paragraph (b) if all those shares are surrendered to the corporation. The surrender does not impair any rights of the pledgee or holder of any other security interest against the pledgor or person granting the security interest.

d.   A pledgee, holder of any other security interest, or legal representative is liable under paragraph (b) only in that capacity. The liability of the person under paragraph (b) is limited to the assets held in that capacity for the person or estate of the person described in clause (i) or (ii) of paragraph (b).

e.   Each person liable under paragraph (b) has a full right of contribution on an equitable basis from all other persons liable under paragraph (b) for the same transaction.

41

An action shall not be maintained against a person under paragraph (b) unless commenced within two years from the date on which shares are issued in violation of paragraph (a).

## 8.5 Preemptive rights.

8.5.1 Presumption; modification. Unless denied or limited in the articles or by the board pursuant to Section 8.1.2, clause (b), a shareholder of a corporation has the preemptive rights provided in this Section.

8.5.2 Definition. A preemptive right is the right of a shareholder to acquire a certain fraction of the unissued securities or rights to purchase securities of a corporation before the corporation may offer them to other persons.

8.5.3 When right accrues. A shareholder has a preemptive right whenever the corporation proposes to issue new or additional shares or rights to purchase shares of the same series as the series held by the shareholder or, if a class of shares has no series, the same class as the class held by the shareholder, or new or additional securities other than shares, or rights to purchase securities other than shares, that are exchangeable for, convertible into, or carry a right to acquire new or additional shares of the same series as the series held by the shareholder or, if a class of shares has no series, the same class as the class held by the shareholder.

8.5.4 Exemptions. A shareholder does not have a preemptive right to acquire securities or rights to purchase securities that are:

a. Issued for a consideration other than money;

b. Issued pursuant to a plan of merger or exchange;

c. Issued pursuant to an employee or incentive benefit plan approved at a meeting by the affirmative vote of the holders of a majority of the voting power of all shares entitled to vote;

d. Issued upon exercise of previously issued rights to purchase securities of the corporation;

e. Issued pursuant to a public offering of the corporation's securities or rights to purchase securities. For purposes of this clause "public offering" means an offering of the corporation's securities or rights to purchase securities if the resale or other distribution of those securities or rights to purchase securities is not restricted by Tribal, state or federal securities laws; or

f. Issued pursuant to a plan of reorganization approved by any court of competent jurisdiction pursuant to a law of this Tribe or a statute of the United States.

8.5.5 Fraction to be acquired. The fraction of the new issue that each shareholder may acquire by exercise of a preemptive right is the ratio that the number of shares of that class or series owned by the shareholder before the new issue bears to the total number of shares of that class or series issued and outstanding before the new issue.

TLDX 1
143

8.5.6   Waiver.   A shareholder may waive a preemptive right in writing.   The waiver is binding upon the shareholder whether or not consideration has been given for the waiver.  Unless otherwise provided in the waiver, a waiver of preemptive rights is effective only for the proposed issuance described in the waiver.

8.5.7   Notice.   When proposing the issuance of securities with respect to which shareholders have preemptive rights under this Section, the board shall cause notice to be given to each shareholder entitled to preemptive rights.  This notice shall be given at least ten days before the date by which the shareholder must exercise a preemptive right and shall contain:

    a.    The number or amount of securities with respect to which the shareholder has a preemptive right, and the method used to determine that number or amount;

    b.    The price and other terms and conditions upon which the shareholder may purchase them; and

    c.    The time within which and the method by which the shareholder must exercise the right.

8.5.8   Issuance to others.   Securities that are subject to preemptive rights but not acquired by shareholders in the exercise of those rights may, for a period not exceeding one year after the date fixed by the board for the exercise of those preemptive rights, be issued to persons the board determines, at a price not less than, and on terms no more favorable to the purchaser than, those offered to the shareholders.  Securities that are not issued during that one-year period shall, at the expiration of the period, again become subject to preemptive rights of shareholders.

8.5.9   Modification.   No amendment to the articles which has the effect of denying, limiting, or modifying the preemptive rights provided in this section shall be adopted if the votes of a proportion of the voting power sufficient to a director at an election of the entire board under cumulative voting are cast against the amendment.

8.6   **Share certificates; issuance and contents; Uncertificated Shares.**

8.6.1   Certificated; Uncertificated.   The shares of a corporation shall be either Certificated Shares or Uncertificated.   Each holder of Certificated Shares issued in accordance with Section 8.4.3 paragraph (a), is entitled to a certificate of shares.

8.6.2   Certificates; signature required.   Certificates shall be signed by an agent or officer authorized by the articles or bylaws to sign share certificates or, in the absence of an authorization, by an officer.

8.6.3   Signature valid.   If a person signs or has a facsimile signature placed upon a certificate while an officer, transfer agent, or registrar of a corporation, the certificate may be issued by the corporation, even if the person has ceased to have that capacity

43

~~before the certificate is issued, with the same effect as if the person had that capacity at the date of its issue.~~

**8.6.4   Form of certificate.**  A certificate representing shares of a corporation shall contain on its face:

a.  The name of the corporation;

b.  A statement that the corporation is incorporated under the laws of the Miami Tribe of Oklahoma;

c.  The name of the person to whom it is issued; and

d.  The number and class of shares, and the designation of the series, if any, that the certificate represents.

**8.6.5   Limitations set forth.**  A certificate representing shares issued by a corporation authorized to issue shares of more than one class or series shall set forth upon the face or back of the certificate, or shall state that the corporation will furnish to an shareholder upon request and without charge, a full statement of the designations, preferences, limitations, and relative rights of the shares of each class or series authorized to be issued, so far as they have been determined, and the authority of the board to determine the relative rights and preferences of subsequent classes or series.

**8.6.6   Prima facie evidence.**  A certificate signed as provided in Section 8.6.2 is prima facie evidence of the ownership of the shares referred to in the certificate.

**8.6.7   Uncertificated Shares.**  Unless Uncertificated Shares are prohibited by the articles or bylaws, a resolution approved by the, affirmative vote of a majority of the directors present may provide that some or all of any or all classes and series of its shares will be Uncertificated Shares.   The resolution does not apply to shares represented by a certificate until the certificate is surrendered to the corporation.  Within a reasonable time after issuance or transfer of Uncertificated Shares, the corporation shall send to the new shareholder the information required by this Section to be stated on certificates.  Except as otherwise expressly provided by statute, the rights and obligations of the holders of Certificated and Uncertificated shares of the same class and series are identical.

**8.7    Lost share certificates; replacement.**

**8.7.1   Issuance.**  A new share certificate may be issued to replace one that is alleged to have been lost, stolen, or destroyed.  The owner must (i) notify the issuer within a reasonable time after having notice of the loss and request a replacement before the issuer has notice that the security has been acquired by a bona fide purchaser; (ii) file with the issuer a sufficient indemnity bond; and (iii) satisfy any other reasonable requirements imposed by the issuer.

**8.7.2   Not over issue.**  The issuance of a new certificate under this Section does not constitute an over issue of the shares it represents.

44

**8.8    Fractional shares**

8.8.1    Issuance; alternative exchange.    A corporation may issue fractions of a share originally or upon transfer.  If it does not issue fractions of a share, it shall in connection with an original issuance of shares:

    a.    Arrange for the disposition of fractional interests by those entitled to them;

    b.    Pay in money the fair value of fractions of a share as of the time when persons entitled to receive the fractions are determined; or

    c.    Issue scrip or warrants in registered or bearer form that entitle the holder to receive a certificate for a full share upon the surrender of the scrip or warrants aggregating a full share.

8.8.2    A corporation shall not pay money for fractional shares if that action would result in the cancellation of more than 20 percent of the outstanding shares of a class.  A determination by the board of the fair value of fractions of a share is conclusive in the absence of fraud.  A Certificated or Uncertificated security representing a fractional share does, but scrip or warrants do not unless they provide otherwise, entitle the shareholder to exercise voting rights or to receive distributions.  The board may cause scrip or warrants to be issued subject to the condition that they become void if not exchanged for full shares before a specified date, or that the shares for which scrip or warrants are exchangeable may be sold by the corporation and the proceeds distributed to the holder of the scrip or warrants, or to any other condition or set of conditions the board may impose.

**8.9    Liability of subscribers and shareholders with respect to shares.**  A subscriber for shares or a shareholder of a corporation is under no obligation to the corporation or its creditors with respect to the shares subscribed for or owned, except to pay to the corporation the full consideration for which the shares are issued or to be issued.

**8.10    Restriction on transfer or registration of securities.**

8.10.1  How imposed.  A restriction on the transfer or registration of transfer of securities of a corporation may be imposed in the articles, in the bylaws, by a resolution adopted by the shareholders, or by an agreement among or other written action by a number of shareholders or holders of other securities or among them and the corporation.  A restriction is not binding with respect to securities issued prior to the adoption of the restriction, unless the holders of those securities are parties to the agreement or voted in favor of the restriction.

8.10.2  Restrictions permitted.  A written restriction on the transfer or registration of transfer of securities of a corporation that is not manifestly unreasonable under the circumstances and is noted conspicuously on the face or back of the certificate or a Transaction Statement may be enforced against the holder or a successor or transferee of the holder, including a pledgee or a legal representative.  Unless noted conspicuously on the face or back of the certificate or Transaction Statement, a restriction, even though permitted by this Section, is ineffective against a person without knowledge of the

TLDX 1
146

~~restriction. A restriction under this Section is deemed to be noted conspicuously and is effective if the existence of the restriction is stated on the certificate and reference is made to a separate document creating or describing the restriction.~~

**8.11    Regular meetings of shareholders.**

8.11.1 Frequency.  Regular meetings of shareholders may be held on an annual or other less frequent periodic basis, but need not be field unless required by the articles or bylaws or by Section 8.11.2.

8.11.2 Demand by shareholder.  If a regular meeting of shareholders has not been held during the immediately preceding 15 months, shareholders holding at least ten percent of the voting power of all shares entitled to vote may demand a regular meeting of shareholders by written notice of demand given to the chief executive officer or the chief financial officer of the corporation.  Within 30 days after receipt of the demand by one of those officers, the board shall cause a regular meeting of shareholders to be called and held on notice no later than 90 days after receipt of the demand, all at the expense of the corporation.  If the board fails to cause a regular meeting to be called and held as required by this subdivision, the shareholder or shareholders making the demand may call the regular meeting by giving notice as required by Section 8.13, all at the expense of the corporation.

8.11.3 Time; place.  A regular meeting, if any, shall be held on the day or date and at the time and place fixed by, or in a manner authorized by, the articles or bylaws, except that a meeting called by or at the demand of a shareholder to Section 8.11.2 shall be held on the Reservation.

8.11.4 Elections required; other business.  At each regular meeting of shareholders there shall be an election of qualified successors for directors who serve for an indefinite term or whose terms have expired or are due to expire within six months after the date of the meeting.  No other particular business is required to be transacted at a regular meeting.  Any business appropriate for action by the shareholders may be transacted at a regular meeting.

**8.12    Special meetings of shareholders.**

8.12.1 Who may call.  Special meetings of the shareholders may be called for any purpose or purposes at any time by:

a.    The chief executive officer;
b.    The chief financial officer;
c.    Two or more directors;
d.    A person authorized in the articles or bylaws to call special meetings; or
e.    A shareholder or shareholders holding, ten percent or more of the voting power of all shares entitled to vote, except that a special meeting for the purpose of considering any action to directly or indirectly facilitate or

46

TLDX 1
147

~~effect a business combination, including any action to change or otherwise affect the composition of the board of directors for that purpose, must be called by 25 percent or more of the voting power of all shares entitled to~~ vote.

8.12.2 Demand by shareholders.  A shareholder or shareholders holding the voting power specified in Section 8.12.1, paragraph (e), may demand a special meeting of shareholders by written notice of demand giving notice to chief executive officer or chief financial officer of the corporation and containing the purposes of the meeting.  Within 30 days after receipt of the demand by one of those officers, the board shall cause a special meeting of shareholders to be called and held on notice not later than 90 days after receipt of the demand, all at the expense of the corporation.  If the board fails to cause a special meeting to be called and held as required by this subdivision, the shareholder or shareholders making the demand may call the meeting by giving notice as required by Section 8.13, all at the expense of the corporation.

8.12.3 Time: place.  Special meetings shall be held on the date and at the time and place fixed by the chief executive officer, the chief financial officer, the board, or a person authorized by the articles or bylaws to call a meeting, except that a special meeting called by or at the demand of a shareholder or shareholders pursuant to Section 8.12.2 shall be held on the Reservation.

8.12.4 Business limited.  The business transacted at a special meeting is limited to the purposes stated in the notice of the meeting.  Any business transacted at a special meeting that is not included in those stated purposes is voidable by or on behalf of the corporation, unless all of the shareholders have waived notice of the meeting, in accordance with Section 8.13.4.

**8.13   Notice.**

8.13.1 To Whom given.  Except as otherwise provided in this Ordinance, notice of all meetings of shareholders shall be given to every holder of shares entitled to vote, unless:

    a.    The meeting is an adjourned meeting and the date, time, and place of the meeting were announced at the time of adjournment; or

    b.    The following have been mailed by first class mail to a shareholder at the address in the corporate records and returned undeliverable:

        i.    Two consecutive annual meeting notices and notices of any special meetings held during the period between the two annual meetings; or

        ii.    All payments of dividends sent during a 12-month period, provided there are at least two sent during the 12-month period.  An action or meeting, that is taken or held without notice under paragraph (b) has the same force and effect as if notice was given.  If the shareholder delivers a written notice of the shareholder's current address to the corporation, the notice requirement is reinstated.

TLDX 1
148

~~8.13.2  When given.  In all instances where a specific minimum notice period has not otherwise been fixed by law, the notice shall be given~~ at least ten days before the date of the meeting, or a shorter time provided in the articles or bylaws, and not more than 60 days before the date of the meeting.

8.13.3  Contents.  The notice shall contain the date, time, and place of the meeting, and any other information required by this Ordinance.  In the case of a special meeting, the notice shall contain a statement of the purposes of the meeting.  The notice may also contain any other information required by the articles or bylaws or deemed necessary or desirable by the board or by any other person or persons calling the meeting.

8.13.4  Waiver, objections.  A shareholder may waive notice of a meeting of shareholders.  A waiver of notice by shareholder entitled to notice is effective whether given before, at, or after the meeting, and whether given in writing, orally, or by attendance.  Attendance by a shareholder at a meeting is a waiver of notice of that meeting, except where the shareholder objects at the beginning of the meeting to the transaction of business because the meeting is not lawfully called or convened, or objects before a vote on an item of business because the item may not lawfully be considered at that meeting and does not participate in the consideration of the item at that meeting.

**8.14    Electronic communications.**

8.14.1  Electronic conferences.  If and to the extent authorized in the bylaws or by the board of a closely held corporation, a conference among shareholders by any means of communication through which the shareholders may simultaneously hear each other during the conference constitutes a regular or special meeting of shareholders, if the same notice is given of the conference to every holder of shares entitled to vote as would be required by this Ordinance for a meeting, and if the number of shares held by the shareholders participating in the conference would be sufficient to constitute a quorum at a meeting.  Participation in a conference, by that means constitutes presence at the meeting in person or by proxy if all the other requirements of Section 8.20 are met.

8.14.2  Participation in electronic means.  If and to the extent authorized in the bylaws or by the board of a closely held corporation, a shareholder may participate in a regular or special meeting of shareholders not described in subdivision 1 by any means of communication through which the shareholder, other shareholders so participating, and all shareholders physically present at the meeting may simultaneously hear each other during the meeting.  Participation in a meeting by that means constitutes presence at the meeting in person or by proxy if all the other requirements of Section 8.20 are met.

8.14.3  Waiver.  Waiver of notice of a meeting by means of communication described in Sections 8.14.1 and 8.14.2 may be given in the provided in Section 8.13.4.  Participation in a meeting by means of communication described in Sections 8.14.1 and 8.14.2 is a waiver of notice of that meeting, except where the shareholder objects at the beginning of the meeting to the transaction of business because the meeting is not lawfully called or

48

~~convened, or objects before a vote on an item of business because, the item may not be lawfully be considered at the meeting and does not participate in the consideration of the item at the meeting.~~

**8.15    Act of the shareholders.**

8.15.1  Majority required.  The shareholders shall take action by the affirmative vote of the holders of the greater of: 1) a majority of the voting power of the shares present and entitled to vote on that item of business, or 2) a majority of the voting power of the minimum number of the shares entitled to vote that would constitute a quorum for the transaction of business at the meeting, except where this Ordinance or the articles require a larger proportion or number.  If the articles require a larger proportion or number than is required by this Ordinance for a particular action, the articles control.

8.15.2  Voting class.  In any case where a class or series of shares is entitled by this Ordinance, the articles, the bylaws, or the terms of the shares to vote as a class or series, the matter being voted upon must also receive, the affirmative vote of the holders of the same proportion of the shares present of that class or series, or of the total outstanding shares of that class or series, as the proportion required pursuant to Section 8.15.1, unless the articles require a larger proportion.  Unless otherwise stated in the articles or bylaws in the case of voting as a class, the minimum percentage of the total number of shares of the class or series which must be present shall be equal to the minimum percentage of all outstanding, shares entitled to vote required to be present under Section 8.17.

**8.16    Action without a meeting.**  An action required or permitted to be taken at a meeting of the shareholders may be taken without a meeting by written action signed by all of the shareholders entitled to vote on that action.  The written action is effective when it has been signed by all of those shareholders, unless a different effective time is provided in the written action.

**8.17    Quorum.**  The holders of a majority of the voting power of the shares entitled to vote at a meeting are a quorum for the transaction of business, unless a larger or smaller proportion or number is provided in the articles or bylaws.  If a quorum is present when a duly called or held meeting is convened, the shareholders present may continue to transact business until adjournment, even though the withdrawal of a number of shareholders originally present leaves less than the proportion or number otherwise required for a quorum.

**8.18    Voting rights.**

8.18.1  Determination.  The board may fix a date not more than 60 days, or a shorter time period provided in the articles or bylaws, before the date of a meeting of shareholders as the date for the determination of the holders of shares entitled to notice of and entitled to vote at the meeting.  When a date is so fixed, only shareholders on that date are entitled to notice of and permitted to vote at that meeting of shareholders.

TLDX 1
150

~~8.18.2 Certificate of beneficial owner. A resolution approved by the affirmative vote procedure whereby a shareholder may certify in writing to the corporation that all or a portion of the shares registered in the name of the shareholder are held for the account of~~ one or more beneficial owners. Upon receipt by the corporation of the writing, the persons specified as beneficial owners, rather than the actual shareholder, are deemed the shareholders for the purposes specified in the writing.

8.18.3 One vote per share. Unless otherwise provided in the articles or in the terms of the shares, a shareholder has one vote for each share held.

8.18.4 Non-shareholders. The articles may give or prescribe the manner of giving a creditor, security holder, or other person a right to vote under this Section.

8.18.5 Jointly owned shares. Shares owned by two or more shareholders may be voted by any one of them unless the corporation gives written notice from any one of them denying the authority of that person to vote those shares.

8.18.6 Manner of voting; presumption. Except as provided in Section 8.18.5, a holder of shares entitled to vote any portion of the shares in any way the shareholder chooses. If a shareholder votes without designating the proportion or number of shares voted in a particular way, the shareholder is deemed to have voted all of the shares in that way.

8.19    **Voting of shares by organizations and legal representatives.**

8.19.1 Shares held by other corporations. Shares of a corporation registered in the name of another tribal or foreign corporation may be voted by the chief executive officer or another legal representative of that corporation.

8.19.2 Shares held by subsidiary. Except as provided in Section 8.19.3, shares of a corporation registered in the name of a subsidiary are not entitled to vote on any matter.

8.19.3 Shares controlled in fiduciary capacity. Shares of a corporation in the name of or under the control of the, corporation or subsidiary in a fiduciary capacity are not entitled to vote on any matter, except to the extent that the seller or beneficial owner possesses and exercises a right to vote or gives the corporation binding instructions on how to vote the shares.

8.19.4 Voting by certain representatives. Shares under the control of a person in a capacity as a personal representative, an administrator, executor, guardian, conservator, or attorney-in-fact may be voted by the person, in person or by proxy, without registration of those shares in the name of the person. Shares registered in the entire of a trustee of a trust or in the name of a custodian may be voted by the person, either in person or by proxy, but a trustee of a trust or a custodian shall not vote shares held by the person unless they are registered in the name of the person.

TLDX 1
151

~~8.19.5 Voting by trustee in bankruptcy or receiver.   Shares registered in the name of a trustee in bankruptcy or a receiver may be voted by the trustee or receiver either in person or by proxy.   Shares under the control of a trustee in bankruptcy or a receiver may be~~ voted by the trustee or receiver without registering the shares in the name of the trustee or receiver, if authority to do so is contained in an appropriate order of the court by which trustee or receiver was appointed.

8.19.6 Shares held by other organizations.   Shares registered in the name of an organization not described in Sections 8.19.1 to 8.19.5 may be voted either in person or by proxy by the legal representative of that organization.

8.19.7 Pledge shares.   A shareholder whose shares are pledged may vote those shares until the shares are registered in the name of the pledgee.   If the corporation pledges its own shares under Section 9.5.1, the corporation shall not be entitled to vote the shares at a meeting or otherwise.

**8.20    Proxies.**

8.20.1 Authorization.   A shareholder may cast or authorize the casting of a vote by filing a written appointment of a proxy with an officer of the corporation at or before the meeting at which the appointment is to be effective.   A written appointment of a proxy may be signed by the shareholder or authorized by the shareholder by transmission of a telegram, cablegram, or other means of electronic transmission, provided that the telegram, cablegram, or other means of electronic transmission must set forth or be submitted with information from which it can be determined that the telegram, cablegram, or other electronic transmission was authorized by the shareholder.   Any reproduction of the writing or transmission may be substituted or used in lieu of the original writing or transmission for any purpose for which the original transmission could be used, provided that the copy, facsimile telecommunications, or other reproduction is a complete and legible reproduction of the entire original writing or transmission.   An appointment of a proxy for shares held jointly by two or more shareholders is valid if signed or otherwise authorized by any one of them, unless the corporation receives from any one of those shareholders written notice either denying the authority of that person to appoint a proxy or appointing a different proxy.

8.20.2 Duration.   The appointment of a proxy is valid for 11 months, unless a longer period is expressly provided in the appointment.   No appointment is irrevocable unless the appointment is coupled with an interest in the shares or in the corporation.

8.20.3 Termination.   An appointment may be terminated at will, unless the appointment is coupled with an interest, in which case it shall not be terminated except in accordance with the terms of the agreement, if any, between the parties to the appointment. Termination may be made by filing written notice of the termination of the appointment with an officer of the corporation, or by filing a new written appointment of a proxy with an officer of the corporation.   Termination in either manner revokes all prior proxy appointments and is effective when filed with an officer of the corporation.

TLDX 1
152

8.20.4 Revocation by death, incapacity. The death or incapacity of a person appointing a proxy does not revoke the authority of the proxy, unless written notice of the death or incapacity is received by an officer of the corporation before the proxy exercises the authority under that appointment.

8.20.5 Multiple proxies. Unless the appointment specifically provides otherwise, if two or more persons are appointed as proxies for a shareholder:

a.    Any one of them may vote the shares on each item of business in accordance with specific instructions contained in the appointment; and

b.    If no specific instructions are contained in the appointment with respect to voting the shares on a particular item of business, the shares shall be voted as a majority of the proxies determine. If the proxies are equally divided, the shares shall not be voted.

8.20.6 Vote of proxy accepted; liability. Unless the appointment of a proxy contains a restriction, limitations or specific reservation of authority, the corporation may accept a vote or action taken by a person named in the appointment. The vote of a proxy is final, binding and not subject to challenge, but the proxy is liable to the shareholder or beneficial owner for damages resulting from a failure to exercise the proxy or from an exercise of the proxy in violation of the authority granted in the appointment.

8.20.7 Limited authority. If a proxy is given authority by a shareholder to vote on less than all items of business of shareholders, the shareholder is considered to be present and entitled to vote by the proxy for purposes of Section 8.15.1 only with respect to those items of business for which the proxy his authority to vote. A proxy who is given authority by a shareholder who abstains with respect to an item of business is considered to have authority to vote on the item of business for purposes of this subdivision.

8.21    **Voting trusts.**

8.21.1 Authorization; period; termination. Shares in a corporation may be transferred to a trustee pursuant to written agreement, for the purpose of conferring on the trustee the right to vote and otherwise represent the beneficial owner of those shares for a period not exceeding 15 years, except that if the agreement is made in connection with an indebtedness of the corporation, the voting trust may extend until the indebtedness is discharged. Unless otherwise specified in the agreement, the voting trust may be terminated at any time by the beneficial owners of a majority of the voting power of the shares held by the trustee. A copy of the agreement shall be filed with the corporation.

8.21.2 Voting by trustee. Unless otherwise provided in the trust agreement, if there are two or more trustees, the manner of voting is determined as provided in Section 8.18.5.

8.22    **Shareholder voting agreements.** A written agreement among persons who are then shareholders or subscribers for shares to be issued, relating to the voting of their shares, is valid

52

~~and specifically enforceable by and against the parties to the agreement. The agreement may override provisions of Section 8.20 regarding proxies and is not subject to the revisions of Section 8.21 regarding voting trusts.~~

**8.23   Shareholder control agreements.**

<u>8.23.1  Authorized</u>.  A written agreement among the shareholders of a corporation and the subscribers for shares to be issued, relating to the control of any phase of the business and affairs of the corporation, its liquidation and dissolution, or relations among shareholders of or subscribers to shares of the corporation is valid and specifically as provided in Section 8.23.2.

<u>8.23.2  Method of approval; enforceability; copies</u>.

    a.    A written agreement among persons described in Section 8.23.1 that relates to the control of or the liquidation and dissolution of the corporation, the relations among them or any phase of the business and affairs of the corporation, including, without limitation, directors or officers, the employment of shareholders by the corporation, or the arbitration of disputes, is valid and specifically enforceable, if the agreement is signed by all persons who are then the shareholders of the corporation, whether or not the shareholders all have voting shares, and the subscribers for shares, whether or not voting shares, to be issued.

    b.    The agreement is enforceable by the persons described in Section 8.23.1 who are parties to it and is binding upon and enforceable against only those persons and other persons having knowledge of the existence of the agreement.  A copy of the agreement shall be filed with the corporation. The existence and location of a copy of the agreement shall be noted conspicuously on the face or back of each certificate for shares issued by the corporation and on any Transaction Statement.

    c.    A shareholder, a beneficial owner of shares, or another person having a security interest in shares has the right upon written demand to obtain a copy of the agreement from the corporation at the expense of the corporation.

<u>8.23.3  Liability</u>.  The effect of an agreement authorized by this Section is to relieve the board and the director or directors in their capacities as directors of, and to impose upon the parties to the agreement, the liability for acts and omissions imposed by law upon directors to the extent that and so long as the discretion or powers of the directors in management of the business and affairs of the corporation are exercised by the under a provision in the agreement.  A shareholder is not liable pursuant to this subdivision by virtue of a shareholder vote, if the shareholder had no right to vote on the action.

<u>8.23.4  Other agreements.</u>  This Section does not apply to, limit, or restrict agreements otherwise valid, nor is the procedure set forth in this Section the exclusive method of

TLDX 1
154

~~agreement among shareholders or between the shareholders and the corporation with respect to any of the matters described in this section.~~

**8.24    Books and records; inspection.**

<u>8.24.1  Share register, dates of issuance</u>.

 a. A corporation shall keep at its principal executive office, or at another place or places within the United States determined by the board, a share register not more than one year old, containing the names and addresses of the shareholders and the number and classes of shares held by each shareholder.

 b. A corporation shall also keep, at its principal executive office, or at another place or places within the United States determined by the board, a record of the date on which certificates or Transaction Statements representing shares were issued.

<u>8.24.2  Other documents required</u>.  A corporation shall keep at its principal executive office, or, if its principal executive office is outside the Reservation, shall make available at its registered office within ten days after receipt by an officer of the corporation of a written demand for them made by a person described in Section 8.24.4, originals or copies of:

 a. Records of proceedings of shareholders for the last three years;

 b. Records of all proceedings of the board for the last three years;

 c. Its articles and all amendments currently in effect;

 d. Its bylaws and all amendments currently in effect;

 e. Financial statements required by Section 8.25 and the financial statement for the most recent interim period prepared in the course of the operation of the corporation for distribution to the shareholders or to a governmental agency as a matter of public record;

 f. Reports made to shareholders generally within the last three years;

 g. A statement of the names and usual business addresses of its directors and principal officers;

 h. Voting trust agreements described in Section 8.21;

 i. Shareholder control agreements described in Section 8.23; and

 j. A copy of agreements, contracts, or arrangements or portions of them incorporated by reference under Section 8.1.3.

<u>8.24.3  Financial records</u>.  A corporation shall keep appropriate and complete financial records.

<u>8.24.4  Right to inspect</u>.  A shareholder, beneficial owner, or a holder of a voting trust certificate of a corporation that is not a publicly held corporation has an absolute right, upon written demand, to examine and copy, in person or by a legal representative, at any reasonable time:

54

i.     The share register; and

ii.     All documents referred to in Section 8.24.2.

A shareholder, beneficial owner, or a holder of a voting trust certificate of a corporation that is not a publicly-held corporation has a right upon written demand, to examine and copy, in person or by a legal representative other corporate records at any reasonable time only if the shareholder beneficial owner, or holder of a voting trust certificate demonstrates a proper purpose for the examination.

A shareholder, beneficiary or a holder of a voting trust certificate of a publicly-held corporation has, upon written demand stating the purpose and acknowledged before the Tribal Secretary, a right at any reasonable time to examine and copy the corporation's share register and other corporate records reasonably related to the stated purpose and described with reasonable particularity in the written demand upon demonstrating the stated purpose to be a proper purpose.  The acknowledged or verified demand must be directed to the corporation at its registered office on the Reservation or at its principal place of business.

For purposes of this Section, a proper purpose is one reasonably related to the personal interest as a shareholder, beneficial owner, or holder of a voting trust certificate of the corporation.

8.24.5  Protective orders.  On application of the corporation, the Tribal Court may issue a protective order permitting the corporation to withhold portions of the records of proceedings of the board for a reasonable period of time, not to exceed 12 months, in order to prevent premature disclosure of confidential information which would be likely to cause competitive injury to the corporation.  A protective order may be renewed for successive reasonable periods of time, each not to exceed 12 months and in total not to exceed 36 months, for good cause shown.  In the event a protective order is issued, the statute of limitations for any action which the shareholder, beneficial owner, or holder of a voting trust certificate might bring as a result of information withheld automatically extends for the period of delay.  If the Tribal Court does not issue a protective order with respect to any portion of the records of proceedings as requested by the corporation, it shall award reasonable expenses, including attorney's fees and disbursements, to the shareholder, beneficial owner, or holder of a voting trust certificate.  This subdivision does not limit the right of the Tribal Court to grant other protective orders or impose other reasonable restrictions on the nature of the corporate records that may be copied or examined under Section 8.24.4 or the use or distribution of the records by the demanding shareholder, beneficial owner, or holder of a voting trust certificate.

8.24.6  Other use prohibited.  A shareholder, beneficial owner, or holder of a voting trust certificate who has gained access under this Section to any corporate record including the share register may not use or furnish to another for use the corporate record or a portion of the contents for any purpose other than a proper purpose.  Upon application of the corporation, the Tribal Court may issue a protective order or order other relief as may be necessary to enforce the provisions of this subdivision.

8.24.7  Cost of copies.  Copies of the share register and all documents referred to in Section 8.24.2, if required to be furnished under this Section, shall be furnished at the

55

TLDX 1
156

~~expense of the corporation. In all other cases, the corporation may charge the requesting party a reasonable fee to cover the expenses of providing the copy.~~

8.24.8 Computerized records.  The records maintained by a corporation, including its share register, financial records, and minute books, may utilize any information storage technique, including, for example, punched holes, printed or magnetized spots, or micro-images, even though that makes them illegible visually, if the records can be converted accurately and within a reasonable time, into a form that is legible visually and whose contents are assembled by related subject matter to permit convenient use by people in the normal course of business.  A corporation shall convert any of the records referred to in Section 8.24.4 upon the request of a person entitled to inspect them, and the expense of the conversion shall be borne by the person who bears the expense of copying pursuant to Section 8.24.7.  Copy of the conversion is admissible in evidence, and shall be accepted for all other purposes, to the same extent as the existing or original records would be if they were legible visually.

**8.25 Financial statements.**  A corporation shall, upon written request by a shareholder, furnish annual financial statements, including at least a balance sheet as of the end of each fiscal year and a statement of income for the fiscal year, which shall be prepared on the basis of accounting methods reasonable in the circumstances and may be consolidated statements of the corporation and one or more of its subsidiaries in the case of statements audited by a public accountant, each copy shall be accompanied by a report setting forth the opinion of the accountant on the statements; in other cases, each copy shall be accompanied by a statement of the chief financial officer or other person in charge of the corporation's financial records stating the reasonable belief of the person that the financial statements were prepared in accordance with accounting methods reasonable in the circumstances, describing the basis of presentation, and describing any respects in which the financial statements were not prepared on a basis consistent with those prepared for the previous year.

**8.26 Equitable remedies.**  If a corporation or an officer or director of the corporation violates a provision of this Ordinance, the Tribal Court may, in an action brought by a shareholder of the corporation, grant any equitable relief it deems just and reasonable in the circumstances and award expenses, including attorney's fees and disbursements, to the shareholder.

**8.27 Rights of dissenting shareholders.**

8.27.1 Actions creating rights.  A shareholder of a corporation may dissent from, and obtain payment for the fair value of the shareholder's shares in the event of, any of the following corporate actions:

a.  An amendment of the articles that materially and adversely affects the rights or preferences of the shares of the dissenting shareholder in that it:

i.  Alters or abolishes a preferential right of the shares;

ii.  Creates, alters, or abolishes a right in respect of the redemption of the shares, including a provision respecting a sinking fund for the redemption or repurchase of the shares;

56

~~iii.~~ ~~Alters or abolishes a preemptive right of the holder of the shares to acquire shares, securities other than shares, or rights to purchase shares or securities other than shares;~~

  iv. Excludes or limits the right of a shareholder to vote on a matter, or to cumulate votes, except as the right may be excluded or limited through the authorization or issuance of securities of an existing or new class or series with similar or different voting rights;

 b. A sale, lease, transfer, or other disposition of all or substantially all of the property and assets of the corporation not made in the usual or regular course of its business, but not including a disposition in dissolution described in Section 11.6.2, or a disposition pursuant to an order of the Tribal Court, or a disposition for cash on terms requiring that all or substantially all of the net proceeds of disposition be distributed to the shareholders in accordance with their respective interests within one year after the date of disposition;

 c. A plan of merger, whether or not under this Ordinance, to which the corporation is a party, except as provided in Section 8.27.3;

 d. A plan of exchange, whether or not under this Ordinance, to which the corporation is a party as the corporation whose shares will be acquired by the acquiring corporation, if the shares of the shareholder are entitled to be voted on the plan; or

 e. Any other corporate action taken pursuant to a shareholder vote with respect to which the articles, the bylaws, or a resolution approved by the board directs that dissenting shareholders may obtain payment for their shares.

### 8.27.2  Beneficial owners.

 a. A shareholder shall not assert dissenter's rights as to less than all of the share in the name of the shareholder, unless the shareholder dissents with respect to all the shares that are beneficially owned by another person but registered in the name of the shareholder and discloses the name and address of each beneficial owner on whose behalf the shareholder dissents. In that event, the rights of the dissenter shall be determined as if the shares as to which the shareholder has dissented and the other shares were registered in the names of different shareholders.

 b. A beneficial owner of shares who is not the shareholder may assert dissenter's rights with respect to shares held on behalf of the beneficial owner, and shall be treated as a dissenting shareholder under the terms of this Section and Section 8.28, if the beneficial owner submits to the corporation at the time of or before the assertion of the rights a written consent of the shareholder.

### 8.27.3  Rights not to apply.

The right to obtain payment under this section does not apply to a shareholder of the surviving corporation in a merger, if the shares of the shareholder are not entitled to be voted on the merger.

~~8.27.4  Other rights.  The shareholders of a corporation who have a right under this~~
~~section to obtain payment for their shares do not have a right at law or in equity to have a~~
corporate action described in Section 8.27.1 set aside or rescinded, except when the
corporate action is fraudulent with regard to the complaining shareholder or the
corporation.

**8.28    Procedures for asserting dissenter's rights.**

> **8.28.1  Definitions**. For purposes of this Section, the terms defined in this subdivision
> have the meanings given them.
>
> > a.    "Corporation" means the issuer of the shares held by a dissenter before the
> > corporate action referred to in Section 8.27.1 or the successor by merger of
> > that issuer.
> >
> > b.    "Fair value of the shares" means the value of the shares of a corporation
> > immediately before the effective date of the corporate action referred to in
> > Section 8.27.1.
> >
> > c.    "Interest" means interest commencing five days after the effective date of
> > the corporate action referred to in Section 8.27.1, up to and including the
> > date of payment, calculated at the rate provided by the laws of the Tribe
> > for interest on verdicts and judgments, or if the laws of the Tribe do not
> > establish a rate, then at the rate provided by the laws of the State of
> > Oklahoma for interest on verdicts and judgments.
>
> **8.28.2  Notice of action**.  If a corporation calls a shareholder meeting at which any action
> described in Section 8.27.1 is to be voted upon, the notice of the meeting shall inform
> each shareholder of the right to dissent and shall include a copy of Section 8.27.1 and this
> Section and a brief description of the procedure to be followed under these sections.
>
> **8.28.3  Notice of dissent**.  If the proposed action must be approved by the shareholders, a
> shareholder who wishes to exercise dissenter's rights must file with the corporation
> before the vote on the proposed action a written notice of intent to demand the fair value
> of the shares owned by the shareholder and must not vote the shares in favor of the
> proposed action.
>
> **8.28.4  Notice of procedure; deposit of shares.**
>
> > a.    After the proposed action has been approved by the board and, if
> > necessary, the shareholders, the corporation shall send to all shareholders
> > who have complied with subdivisions and to all shareholders entitled to
> > dissent if no shareholder vote was required, a notice that contains:
> > > i.    The address to which a demand for payment and certificates of
> > > Certificated Shares must be sent in order to obtain payment and the
> > > date by which they must be received;

TLDX 1
159

> ~~ii.      Any restrictions on transfer of Uncertificated Shares that apply after the demand for payment is received;~~
>
> ~~iii.     A form to be used to certify the date on which the shareholder, or~~ the beneficial owner on whose behalf the shareholder dissents, acquired the shares or an interest in them and to demand payment; and
>
> iv.     A copy of Section 8.27 and this section and a brief description of the procedures to be followed under these sections.

b.     In order to receive the fair value of the shares, a dissenting shareholder must demand payment and deposit Certificated Shares or comply with any restrictions on transfer of Uncertificated Shares within 30 days after the notice was given, but the dissenter retains all other rights of a shareholder until the proposed action takes effect.

### 8.28.5  Payment; return of shares.

a.     After the corporate action takes effect, or after the corporation receives a valid demand for payment, whichever is later, the corporation shall remit to each dissenting shareholder who has complied with sections 8.28.3 to 8.28.4 the amount the corporation estimates to be the fair value of the shares, plus interest, accompanied by:

i.      the corporation's closing balance sheet and statement of income for a fiscal year ending not more than 16 months before the effective date of the corporate action, together with the latest available interim financial statements;

ii.     an estimate by the corporation of the fair value of the shares and a brief description of the method used to reach the estimate; and

iii.    a copy of Section 8.27 and this Section, and a brief description of the procedure to be followed in demanding supplemental payment.

b.     The corporation may withhold the remittance described in clause (i) from a person who was not a shareholder on the date the action dissented from was first announced to the public or who is dissenting on behalf of a person who was not a beneficial owner on that date.  If the dissenter has complied with section 8.28.3 and section 8.28.4, the corporation shall forward to the dissenter the materials described in clause (i) a statement of the reason for withholding the remittance, and an offer to pay to the dissenter the amount listed in the materials if the dissenter agrees to accept that amount in full satisfaction.  The dissenter may decline the offer and demand payment under section 8.28.6.  Failure to do so entitles the dissenter only to the amount offered.  If the dissenter makes demand, sections 8.28.7 and 8.28.8 apply.

c.     If the corporation fails to remit payment within 60 days of the deposit of certificates or the imposition of transfer restrictions on Uncertificated Shares, it shall return all deposited certificates and cancel all transfer restrictions.  However, the corporation may again give notice under subdivision 4 and require deposit or restrict transfer at a later time.

59

8.28.6. Supplemental payment; demand. If a dissenter believes that the amount remitted under Section 8.28.5 is less than the fair value of the shares plus interest, the dissenter may give written notice to the corporation of the dissenter's own estimate of the fair value of the shares, plus interest, within 30 days after the corporation mails the remittance under Section 8.28.5, and demand payment of the difference. Otherwise, a dissenter is entitled only to the amount remitted by the corporation.

8.28.7 Petition; determination. If the corporation receives a demand under Section 8.28.6, it shall, within 60 days after receiving the demand, either pay to the dissenter the amount demanded or agreed to by the dissenter after discussion with the corporation or file with the Tribal Court a petition requesting that the judicial entity determine the fair value of the shares, plus interest. The petition shall name as parties all dissenters who have demanded payment under Section 8.28.6 and who have not reached agreement with the corporation. The jurisdiction of the judicial entity is plenary and exclusive. The judicial entity may appoint appraisers, with powers and authorities the judicial entity deems proper, to receive evidence on a recommend amount of the fair value of the shares. The judicial entity shall determine whether the shareholder or shareholders in question have fully complied with the requirements of this Section, and shall determine the fair value of the shares, taking into account any and all factors the Tribal Court finds relevant, computed by any method or combination of methods that the judicial entity, in its discretion sees fit to use, whether or not used by the corporation or by a dissenter. The fair value of the shares as determined by the judicial entity is binding on all shareholders, wherever located. A dissenter is entitled to judgment for the amount by which the fair value of the shares as determined by the judicial entity, plus interest, exceeds the amount, if any, remitted under Section 8.28.5, but shall not be liable to the corporation for the amount, if any, by which the amount, if any, remitted to the dissenter under Section 8.28.5 exceeds the fair value of the shares as determined by the judicial entity, plus interest.

8.28.8 Costs; fees; expenses.

a.      The Tribal Court shall determine the costs and expenses of a proceeding under Section 8.28.7, including the reasonable expenses and compensation of any appraisers appointed by the Tribal Court, and shall assess those costs and expenses against the corporation, except that the Tribal Court may assess part or all of those costs and expenses against a dissenter whose action in demanding payment under Section 8.28.6 is found to be arbitrary, vexatious, or not in good faith.

b.      If the Tribal Court finds that the corporation has failed to comply substantially with this Section, the Tribal Court may assess all fees and expenses of any experts or attorneys as the Tribal Court deems equitable. These fees and expenses may also be assessed against a person who has acted arbitrarily, vexatiously, or not in good faith in bringing the proceeding, and may be awarded to a party injured by those actions.

60

c.    The Tribal Court may award, in its discretion, fees and expenses to an attorney for the dissenters out of the amount awarded to the dissenters, if any.

TLDX 1
162