BRADLEY WEIDENHAMMER
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: bradley.weidenhammer@kirkland.com

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc. (dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No.: 2:12-cv-536-GMN-VCF |
| v. | |
| AMG Services, Inc., et al., | **JOINT MOTION FOR ENTRY OF AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| Defendants, and | |
| Park 269 LLC, et al., | |
| Relief Defendants. | |

Plaintiff Federal Trade Commission ("FTC") and Defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Don E. Brady, Robert D. Campbell, Troy L. Littleaxe, Kim C. Tucker, and Park 269 LLC (collectively, "Defendants") hereby give notice of their filing of their Joint Motion for Entry of Amended Confidentiality and Protective Order. In support thereof, the parties state the following:

1. In light of the Court's Order Entering Stipulated Preliminary Injunction and Bifurcation (#296), the parties have moved forward with their document production efforts with respect to Phase I of the litigation.

2. The current Confidentiality and Protective Order, entered on September 13, 2012 (#173), does not include a specific procedure for the "clawback" of inadvertently produced privileged documents.

3. In order to prevent waiver of any applicable privileges and immunities to which the parties are otherwise entitled, the parties have agreed to amend paragraph XII of the current Confidentiality and Protective Order to include a specific "clawback" procedure for inadvertently produced privileged documents.

Wherefore, the parties respectfully request that the Court enter their proposed Amended Confidentiality and Protective Order, attached hereto.

Dated: January 9, 2013

| | |
|---|---|
| /s/ Nikhil Singhvi<br>NIKHIL SINGHVI<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW<br>Mailstop NJ-3158<br>Washington, DC 20580<br>Telephone: (202) 326-3480<br>Facsimile: (202) 326-3629<br>Email: nsinghvi@ftc.gov<br><br>*Attorney for Plaintiff Federal Trade Commission* | /s/ Bradley Weidenhammer<br>BRADLEY WEIDENHAMMER<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago IL 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: bradley.weidenhammer@kirkland.com<br><br>*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc. (dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash)* |
| /s/ Nathan F. Garrett<br>NATHAN F. GARRETT<br>GRAVES BARTLE MARCUS & GARRETT, LLC<br>1100 Main Street<br>Suite 2700<br>Kansas City, MO 64105<br>Telephone: (816) 256-3181<br>Facsimile:<br>Email: ngarrett@gmbglaw.com<br><br>*Attorney for Defendant Don E. Brady* | /s/ Nick J. Kurt<br>NICK J. KURT<br>BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP<br>2600 Grand Boulevard<br>Suite 1200<br>Kansas City, MO 64108<br>Telephone: (816) 561-7007<br>Facsimile: (816) 561-1888<br>Email: nkurt@berkowitzoliver.com<br><br>*Attorney for Defendants Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners, LLC* |
| /s/ Paul C. Ray<br>PAUL C. RAY<br>PAUL C. RAY, CHTD.<br>8670 West Cheyenne Avenue<br>Suite 120<br>Las Vegas, NV 89129<br>Telephone: (702) 823-2292<br>Facsimile: (702) 823-2384<br>Email: paulcraylaw@gmail.com<br><br>*Attorney for Defendant Troy L. Littleaxe* | /s/ Jay Young<br>JAY YOUNG<br>MARQUIS AURBACH COFFING<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>Telephone: (702) 382-0711<br>Facsimile: (702) 856-8900<br>Email: j@marquisaurbach.com<br><br>*Attorney for Defendant Robert D. Campbell* |

/s/ Shilee Mullin
SHILEE MULLIN
FREDERICKS PEEBLES & MORGAN LLP
3610 North 163rd Plz.
Omaha, NE  68116
Telephone:  (402) 333-4053
Facsimile:  (402) 333-4761
Email:  smullin@ndnlaw.com

*Attorney for Defendants AMG Services, Inc.; Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash; MNE Services, Inc., dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash*

/s/ Robert Peter Smith
ROBERT PETER SMITH
MCDOWELL, RICE, SMITH & BUCHANAN
605 West 47th Street
Kansas City, MO 64112
Telephone: (816) 753-5400
Fax: (816) 753-9996
Email: petesmith@mcdowellrice.com

*Attorney for Relief Defendants Kim C. Tucker and Park 269 LLC*

/s/ David J. Merrill
DAVID J. MERRILL
DAVID J. MERRILL, P.C.
Nevada Bar No. 6060
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone: (702) 566-1935
Facsimile: (702) 924-0787
Email: david@djmerrillpc.com

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc. (dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash)*

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: 1-11-2013

3

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on the 9th day of January 2013, service of the foregoing *Joint Motion for Entry of Amended Confidentiality and Protective Order* was submitted electronically for filing and/or service with the United States District Court of Nevada. Service of the foregoing document shall be made to all counsel of record via electronic case filing.

/s/ Brad Weidenhammer

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMG SERVICES, INC., *et al*.,<br><br>Defendants. | 2:12-cv -00536-GMN-VCF<br><br>**[PROPOSED]<br>AMENDED CONFIDENTIALITY AND<br>PROTECTIVE ORDER** |

Before the Court is the parties' Joint Motion for Entry of Amended Confidentiality and Protective Order.  Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Amended Confidentiality and Protective Order:

IT IS HEREBY ORDERED that the parties, their representatives, agents, experts, and consultants, and any other interested persons, including non-parties from whom information may be sought in discovery, will be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed, or filed in this case:

I.      Parties and non-parties may designate material as "Confidential" pursuant to Paragraph II and be entitled to the protections in accordance with this Order.

II.     A producing entity may only designate as "Confidential" any document or other discovery material or response that contains:

A.      an individual's Social Security number;

1

        B.      information relating to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual;

        C.      any measurable anatomical, physiological, or behavioral characteristic collected or used for purposes of automated identity verification or other types of authentication (e.g., finger prints, palm prints, iris and retina scans, facial characteristics, and signature and voice dynamics); or

        D.      an individual's name or address or phone number *in combination with* one or more of the following:

            1.     date of birth

            2.     driver's license number or other state identification number, or a foreign country equivalent

            3.     military identification number

            4.     passport number

            5.     financial account number

            6.     credit or debit card number

        E.      any trade secret or any commercial or financial information which is privileged or confidential.

    III.     "Confidential Information," as used herein, refers to any document, deposition transcript as specified below, or other discovery materials designated "Confidential" pursuant to Paragraph II including all copies, extracts and summaries thereof and the confidential information contained therein.

    IV.     Documents or discovery material may not be deemed Confidential Information, regardless of a party's designation, if such document or discovery material is public. If a party believes that a document or discovery material has been improperly designated as confidential, that party may initiate a meet and confer with the designating party, and if the appropriate designation cannot be resolved, then the dispute may be presented to the Court by the party

contending that "Confidential" designation is appropriate.  The material will remain confidential during the pendency of the dispute.

V. If a producing entity produces material that is entitled to be designated as "Confidential" pursuant to Paragraph II but inadvertently fails to designate it as "Confidential," that producing entity may within ten (10) calendar days subsequently designate such material as "Confidential" and such material will then be treated as "Confidential" pursuant to this Protective Order.

VI. If a subpoena recipient produces material and fails to designate certain material as "Confidential" that a party contends is "Confidential," that party must meet and confer with the other parties regarding the proposed designation.  If the parties agree that the material is entitled to "Confidential" designation under Paragraph II, it will be marked "Confidential" and treated as Confidential Information.  If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by the party contending that "Confidential" designation is appropriate.  The material will remain confidential during the pendency of the dispute.

VII. A party may designate documents or other discovery materials received from another party as Confidential.  If the producing party believes that a document or discovery material has been improperly designated as confidential, that party may initiate a meet and confer with the designating party, and if the appropriate designation cannot be resolved, then the dispute may be presented to the Court by the party contending that "Confidential" designation is appropriate.  The material will remain confidential during the pendency of the dispute.

VIII. Confidential Information must not be disclosed or distributed to any person or entity other than the following:

A. The parties and the attorneys for the parties in this action (including in-house counsel) and their paralegals, clerical, and other assistants who have a clear need therefor in connection with this action;

B. Persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have agreed to be bound by the terms of this Protective Order;

C. Stenographers engaged to transcribe depositions or other testimony conducted in this action;

D. The Court and its support personnel;

E. A witness during the course of that witness's testimony or preparation herefor, provided such person has agreed to be bound by the terms of this Protective Order;

F. Persons, who at the time of disclosure, are employed by the United States Government and work in the Office of the Attorney General or for a federal law enforcement agency, where such disclosure is permitted by 15 U.S.C. §§ 57b-2, 46(f) and 46(k) and 16 C.F.R. §§ 4.10 and 4.11, only when such disclosures are made in compliance with the authorizing statute or regulation. Should the FTC wish to disclose Confidential Information, pursuant to the referenced statutes or regulations, to persons other than the above described federal employees, it must provide fifteen (15) calendar days' notice to the party who designated the information confidential. Should that party object to the disclosure, within eleven (11) calendar days of receipt of the notice, and the issue is not resolved without Court intervention, the FTC may seek permission for such disclosure from the Court. No disclosure of the information at issue will be made over timely objection, absent a Court order authorizing the disclosure; and

G. A non-party pursuant to a subpoena or Court order, after ten (10) calendar days prior notice to the party designating the material as Confidential. The notice must provide to the designating party the identity of the entity to whom the information is to be produced and a copy of the subpoena or Court order under which the information is to be produced. Upon the filing of a Motion to Quash, Motion for Protective Order or any other similarly styled motion, the subpoena recipient must not produce documents in response to the subpoena until the relevant motion is finally resolved.

IX. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for or an answer has disclosed Confidential Information. Such Confidential Information may be so designated either:

 A. During the deposition, in which case the transcript of the designated testimony will be bound in a separate volume and marked "Confidential Information Governed by Protective Order"; or

 B. By written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation will be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

X. A party filing Confidential Information with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information must comply with Local Rule 10-5(b) and seek to file the Confidential Information under seal as follows: for Confidential Information attached to or included in dispositive motions, the moving party(ies) must articulate compelling reasons supported by specific facts demonstrating that sealing the document outweighs the public's interest in disclosure; and for Confidential Information attached to or included in non-dispositive motions, the moving party(ies) must articulate good cause supported by specific facts demonstrating that sealing the document outweighs the public's interest in disclosure. Where possible, the parties must use their best efforts to redact Confidential Information, or to designate only the confidential portions of filings with the Court to be filed under seal.

XI. In the event that the requesting party disagrees with the designation by the producing entity of any document or discovery materials as "Confidential," the requesting party's counsel may advise counsel for the producing entity in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it.

5

Within ten calendar (10) days of receiving this written objection, the producing entity must advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by the party claiming confidentiality, by motion or otherwise as the Court directs. During the pendency of any such dispute, the designated document or material will continue to be treated as Confidential Information.

XII.    The protection afforded by this Order in no way affects a party's or non-party's right to withhold documents as privileged under the attorney-client privilege, work product immunity, or other privilege or immunity or as otherwise exempted from discovery under Rule 26. If such information is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work product immunity for such information. If a producing entity has inadvertently produced information subject to a claim of immunity or privilege, that party may request its return through formal written notice to all receiving entities, and in doing so shall provide a privilege log describing the basis for the assertion of the immunity or privilege. Upon such request, all receiving parties shall promptly return or destroy the information for which a claim of inadvertently produced information was made within ten (10) days and treat those materials as if they had been initially withheld from the production. Nothing in this paragraph shall limit the ability of a party to challenge any other party's assertion of privilege or immunity with respect to any document.

XIII.    The Commission must dispose of documents produced pursuant to this Order in compliance with Rule 4.12 of its Rules of Practice entitled, Disposition of Documents Submitted to the Commission. 16 C.F.R. § 4.12. Other parties who receive "Confidential" materials

pursuant to this Order must, within 30 days of the close of this matter, return or destroy such materials and all copies (including electronic, paper or any other form of copy) (at the receiving party's option) and confirm such return or destruction to the producing persons.

    XIV.  The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder and dispose of the same, absent written permission or further Order of the Court, will survive and continue to be binding after the conclusion of this action.  This Court will retain jurisdiction over the parties to the extent necessary to enforce said obligation.

DATED this __11th__ day in January, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE