SHILEE MULLIN
FREDERICKS PEEBLES & MORGAN LLP
3610 North 163rd Plz.
Omaha, NE 68116
Telephone: (402) 333-4053
Facsimile: (402) 333-4761
Email: smullin@ndnlaw.com


JOSHUA M. DICKEY
Bailey Kennedy, LLP
Nevada Bar No.
8984 Spanish Ridge Ave.
Las Vegas, Nevada 89148
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
Email: jdickey@baileykennedy.com


*Attorneys for Defendant SFS, Inc.*

*Additional Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No.: 2:12-cv-536 |
| v. | |
| AMG Services, Inc., et al., | **SFS' ANSWER TO COMPLAINT FOR INJUNCTION AND OTHER EQUITABLE RELIEF** |
| Defendants, and | |
| Park 269 LLC, et al., | |
| Relief Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Additional Counsel*

CONLY SCHULTE
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone:  (303) 673-9600
Facsimile:  (303) 673-9155
Email:  cschulte@ndnlaw.com

JOHN NYHAN
FREDERICKS PEEBLES & MORGAN LLP
2020 L St., Suite 250
Sacramento, CA 95811
Telephone:  (916) 441-2700
Facsimile:  (916) 441-2067
Email:  jnyhan@ndnlaw.com


*Attorneys for Defendant SFS, Inc.*

1

Defendant SFS, Inc. ("SFS") files its Answer to the Plaintiff Federal Trade Commission's ("FTC") Complaint for Injunction and Other Equitable Relief ("Complaint").

SFS denies each and every allegation that is not explicitly admitted below.

1.     SFS admits that the FTC has brought this action against the named Defendants, purportedly under the named statutes and regulations, for the alleged acts listed.  To the extent necessary, SFS denies that the FTC has jurisdiction to enforce that those statutes and regulations as to it, and denies that it has violated the named statutes and regulations.

## JURISDICTION AND VENUE

2.     Paragraph 2 is a statement of law and the Court may not acquire subject matter jurisdiction through waiver or agreement of the parties.  Therefore, no response to Paragraph 2 is required.  To the extent that a response is required, SFS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, but denies the remaining allegations in Paragraph 2.

3.     Paragraph 3 is a statement of law to which no response is required.  To the extent that a response is required, SFS admits that venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), but denies the remaining allegations in Paragraph 3.

## PLAINTIFF

4.     SFS admits that the FTC is an independent agency of the United States Government created by statute.  The remainder of Paragraph 4 contains characterizations of statutes and those statutes speak for themselves.  To the extent that a response is required, SFS admits that the FTC is a governmental agency authorized in certain circumstances to seek relief in federal court for certain violations of Section 5(a) of the FTC Act.  SFS admits that the FTC enforces TILA and EFTA as set

forth in Paragraph 4, but denies that the FTC has authority to enforce the FTC Act against Indian tribes and arms of Indian tribes, like SFS.

5.     Paragraph 5 contains characterizations of statutes and the FTC's authority.   Those statutes speak for themselves.   To the extent that a response is required, SFS denies that the FTC is authorized to initiate suits against Indian tribes or arms of Indian tribes, such as SFS, but admits the remaining allegations in Paragraph 5.

### DEFENDANTS

6.     SFS, on information and belief, denies that AMG Services, Inc. is a "corporation" as defined by Section 5 of the FTC Act, and, on information and belief, admits that Defendant AMG Services, Inc. is an entity that was created under the laws of the Miami Tribe of Oklahoma.   SFS lacks knowledge and information sufficient to form a belief as to the truth of the allegation that AMG Services, Inc.'s principle place of business is 10895 Lowell Avenue, Overland Park, Kansas. SFS admits that AMG Services conducts business at 10895 Lowell Avenue, Overland Park, Kansas. On information and belief, SFS admits that AMG Services is the surviving entity resulting from its merger with CLK Management, LLC, on or about June 24, 2008.   SFS lacks knowledge and information sufficient to form a belief as to the truth of the allegation that AMG Services, Inc. transacts business in this district and throughout the United States.   SFS, on information and belief, denies that AMG Services, Inc. has advertised, marketed, distributed or sold the extension of credit, but admits that AMG Services, Inc. has provided services to SFS, which extends short-term loans to consumers, and that the services include collecting such loans.   SFS denies the remaining allegations in Paragraph 6.

7.     Paragraph 7 is admitted in part and denied in part.   On information and belief, SFS admits that Red Cedar Services, Inc. does business as 500FastCash and admits that it was created

under the laws of the Modoc Tribe of Oklahoma, but denies that it is a "corporation" for purposes of Section 5 of the FTC Act.  On information and belief, SFS admits that Red Cedar Services has an address of 515 G Street SE, Miami, Oklahoma.  SFS lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 7 and, therefore, denies them.

8.      Paragraph 8 is denied in part and admitted in part.  SFS admits that it does business as OneClickCash and states that it is an entity that was created under the laws of the Santee Sioux Nation, but denies that it is a "corporation" for purposes of Section 5 of the FTC Act.  SFS admits that it transacts or has transacted business in this district, and admits that it has transacted business throughout the United States, but denies that it transacts business in the States of West Virginia, Georgia, Kansas, Ohio and Nebraska.  SFS admits that it has, either itself or through its contractors and/or servicers, advertised, marketed, distributed or sold the extension of credit to consumers, but denies that it presently does so in the States of West Virginia, Georgia, Kansas, Ohio, and Nebraska.

9.      Paragraph 9 is, on information and belief, admitted in part and denied in part.  On information and belief, SFS denies that Tribal Financial Services ("TFS") is a legal entity and denies that Miami Nation Enterprises is a corporation.  On information and belief, SFS admits that the Miami Tribe of Oklahoma through a subdivision of the Miami Nation Enterprises ("MNE Services, Inc."), that was created under the laws of the Miami Tribe of Oklahoma, does business as UnitedCashLoans, USFastCash and Ameriloan and that Miami Nation Enterprises has an address of 3531 P Street NW, Miami, Oklahoma.  SFS lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 9 and, therefore, denies them.

10.     SFS is not required to answer the last sentence in Paragraph 10 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation

and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies them.

11.     SFS is not required to answer the last sentence in Paragraph 11 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11 and, therefore, denies them.

12.     SFS is not required to answer the last sentence in Paragraph 12 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 and, therefore, denies them.

13.     SFS is not required to answer the last sentence in Paragraph 13 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 and, therefore, denies them.

14.     SFS is not required to answer the last sentence in Paragraph 14 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies them.

15.     SFS is not required to answer the last sentence in Paragraph 15 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 15 and, therefore, denies them.

16.     SFS is not required to answer the last sentence in Paragraph 16 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies them.

17.     SFS is not required to answer the third sentence or the allegation that Scott Tucker is a signatory on the accounts in Paragraph 17 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  On information and belief, SFS believes that Mr. Scott Tucker is employed by AMG Services, Inc. SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies them.

18.     SFS is not required to answer the third sentence or the allegation that Blaine Tucker is a signatory on the accounts in Paragraph 18 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement. On information and belief, SFS believes that Mr. Blaine Tucker is employed by AMG Services, Inc. SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies them.

19.     SFS is not required to answer the allegations contained in Paragraph 19 that refer to the domain name registrations and websites and the second sentence in Paragraph 19 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 and, therefore, denies them.

20.     SFS is not required to answer the third sentence in Paragraph 20 or the allegation that Mr. Brady is a signatory on TFS accounts at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  Upon information and belief, SFS denies that Mr. Brady is the chief executive officer of AMG Services, Inc.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 and, therefore, denies them.

21.     Paragraph 21 is denied in part and admitted in part.  SFS denies that Mr. Campbell is an officer of SFS.  SFS denies that Mr. Campbell is denominated as the administrator of the website www.oneclickcash.com.  SFS admits that Robert D. Campbell was an officer of SFS, but states that Mr. Campbell ceased being an officer of SFS in approximately November 2012.  SFS is not required to answer the second or third sentence in Paragraph 21 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS admits that Mr. Campbell, in his capacity as an officer of SFS, has transacted business as set forth in Paragraph 8, *supra,* but lacks knowledge sufficient to form an information or belief as to whether Mr. Campbell, in his individual capacity, has transacted business in this district and throughout the United States and, therefore, denies that Mr. Campbell, in his individual capacity, has transacted business in this district and throughout the United States.

22.     SFS is not required to answer the second or third sentence in Paragraph 22 at this time pursuant to the Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  SFS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 22 and, therefore, denies them.

23.     SFS is not required to answer the balance of Paragraph 23 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

24.     SFS is not required to answer the balance of Paragraph 24 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

**COMMON ENTERPRISE**

25.     SFS is not required to answer Paragraph 25 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

**COMMERCE**

26.     Paragraph 26 is a legal conclusion to which an admission or denial is not required. To the extent that a response is required, SFS admits that, since its formation, it has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.   On information and belief, SFS admits that AMG Services, Inc. ("AMG") has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.   To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them.

**DEFENDANTS' BUSINESS PRACTICES**

27.     Paragraph 27 is denied in part and admitted in part.  SFS currently offers consumers short-term loans, but has not done so "since at least 2002."  On information and belief, SFS admits that "payday loan" is the common name for a short-term, unsecured loan.  SFS admits that short-

term, unsecured loans are often made to consumers to provide funds in anticipation of an upcoming paycheck or paychecks.  SFS denies the remaining allegations in this Paragraph that are directed to it.  To the extent that Paragraph 27 is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies them.

28.   Paragraph 28 is admitted in part and denied in part.  SFS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 28 as to Defendants other than SFS.  As to SFS, SFS admits that it offers loans through the website www.oneclickcash.com, but denies the remaining allegations contained in the second sentence of Paragraph 28.  SFS is not required to answer the remaining portion of Paragraph 28 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.  To the extent that Paragraph 28 is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies them.

29.   SFS admits that it makes a number of statements on its website regarding repayment scheduling and when consumers' loans are due, including:

- "Customers are automatically renewed, so you do not need to request it."
- "We will automatically extend your due date, and only deduct the renewal fee from your checking account."
- "When your loan is due, we automatically deduct your scheduled payment from your bank account along with any applicable fees."
- "The minimum required payment will be deducted from your bank account."

SFS denies the remaining allegations in the first sentence of this Paragraph.  SFS admits that, pursuant to the requirements of the Truth in Lending Act ("TILA"), its loan contracts state that the total of payments a borrower must pay if the borrower declines the option to renew will equal the

9

amount financed plus a finance charge.  SFS denies the remaining allegations in this Paragraph directed to SFS.  SFS lacks knowledge or information sufficient to form a belief as to other Defendants representations and contracts, other than its own and, therefore, denies them.

30.     SFS denies that its actual practice contradicts the representations made on its website.  SFS lacks knowledge or information sufficient to form a belief as to other "Defendants" practices and, therefore, denies the allegations in Paragraph 30 as to them.

31.     SFS denies that it conditions the extension of credit to a consumer upon a consumer's pre-authorization of electronic fund transfers on successive paydates.  To the extent that Paragraph 31 is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies them.

32.     SFS admits that it engages in debt collection activities, but denies that it "threatens consumers with arrest or legal action if consumers' alleged debts are not paid."  SFS admits that AMG, as loan servicer acting on SFS's behalf, engages in activities to collect debts owed to SFS, but denies the remaining allegations in this Paragraph.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies them.

**Defendants' Representations Regarding the Cost of their Loans**

33.     SFS denies that it offers loans through "various" websites and denies that it offers loans through its website www.oneclickcash.com in amounts up to $1,500.  SFS admits that its website contains a statement that reads, "When your loan is due, we automatically deduct your scheduled payment from your bank account along with any applicable fees."  SFS denies the remaining allegations in Paragraph 33.  To the extent that this Paragraph is directed to other

10

Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies them.

34.     SFS admits that after a consumer applies for a loan, SFS typically provides the consumer a document entitled "Loan Note and Disclosure" ("Loan Disclosure").  SFS admits that, as required by TILA, the Loan Disclosure discloses the "Total of Payments" a consumer will pay if the consumer declines to renew his or her loan, which is described as "The amount you will have paid after you make the scheduled payment," and which constitutes the sum of a stated "FINANCE CHARGE" and the "Amount Financed."  SFS admits that it also discloses, as required by TILA, the "ANNUAL PERCENTAGE RATE" ("APR") a consumer will pay if the consumer declines to renew his or her loan.  SFS admits that, as required by TILA, these statements appear in bold and prominent text in a box set apart from the rest of the text of the Loan Disclosure.  SFS denies the remaining allegations in this Paragraph.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies them.

35.     SFS lacks information and knowledge sufficient to form belief as to the truth of the allegation that Defendants made the statements contained in Paragraph 35 to an unnamed consumer on or about September 7, 2010 and as to what the Loan Disclosure stated (SFS lacks information as to which Defendant allegedly made the statements and to whom the statements were made) and, therefore, denies them.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies them.

36.     SFS lacks information and knowledge sufficient to form an opinion as to a particular loan issued to an unnamed consumer on or about September 7, 2010 and as to whether the text

11

contained in Paragraph 36 is accurately reproduced and, therefore, denies the allegations.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies them.

### The Actual Cost of Defendants' Loans

37.     Paragraph 37 is admitted in part and denied in part.  SFS admits that some consumers choose to renew their loan and, on such occasions, SFS does not withdraw the "Total of Payments" from the customer on one specific date, and that in such instances SFS assesses a finance charge each time that the consumer renews his or her loan.  SFS lacks information and knowledge sufficient to form an opinion as to whether all other Defendants engage in the activities alleged in Paragraph 37 and, therefore, denies the allegations in Paragraph 37 as to them.

38.     SFS admits that, when a consumer renews his or her loan and chooses not to make a principal payment, SFS withdraws only the finance charge from a consumer's bank account on the original due date for the loan, and permits a consumer to renew his or her loan in this fashion four times without making a payment toward the principal of the loan.  SFS denies that in all instances the consumer's outstanding principal does not decrease during this time, and affirmatively alleges that the consumer's outstanding principal does not decrease during this time only if the consumer chooses not to make a payment toward the principal balance of the loan during this time.  SFS admits that upon the consumer's choice to renew his or her loan for a fifth time, SFS withdraws both a finance charge and an amount that is paid toward the principal balance of the loan.  SFS admits that on successive paydays thereafter, SFS withdraws payments that are paid toward both principal and finance charges until the principal is paid in full.  The balance of Paragraph 38 is denied as it applies to SFS.  To the extent that this Paragraph is directed to other Defendants, SFS

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies them.

39.    SFS lacks information or knowledge sufficient to form an opinion as to allegations that are an "example" and as to a payment schedule for an unnamed consumer and, therefore, denies them.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies them.

40.    SFS lacks information or knowledge sufficient to form an opinion as to allegations that are an "example" and, therefore, denies them.  The balance of Paragraph 40 is denied as to SFS.  SFS lacks information and knowledge sufficient to form an opinion as to whether other Defendants engage in the activities alleged in Paragraph 40 and, therefore, denies them.

41.    SFS denies Paragraph 41.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies them.

**Defendants' Requirement That Consumers Authorize
Repayment Via Electronic Funds Transfers**

42.    SFS denies Paragraph 42 as applied to SFS.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies them.

**Defendants' Collection Practices**

43.    SFS admits that it engages in debt collection efforts to obtain payments from consumers who have borrowed money from SFS and admits that AMG, in its capacity as loan servicer for SFS, engages such efforts on SFS's behalf.  To the extent that this Paragraph is directed

13

to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies them.

44.     SFS denies that it represents that it can and will cause consumers to be arrested, criminally prosecuted, or imprisoned for not paying debts.  SFS admits that it could not and does not cause consumers to be arrested, criminally prosecuted, or imprisoned for not paying debts.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies them.

45.     SFS denies Paragraph 45 as applied to SFS.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies them.

## VIOLATIONS OF SECTION FIVE OF THE FTC ACT

**Response to Heading**:  SFS denies that Section 5 of the FTC Act applies to them and that it violated Section 5 of the FTC Act.

46.     Paragraph 46 contains characterizations of statutes.  Those statutes speak for themselves.  To the extent that a response is required, SFS admits the allegations in this Paragraph.

## COUNT ONE

### (Deceptive Acts and Practices)

**Response to Heading**:  SFS denies that it engaged in deceptive acts and practices.

47.     SFS admits that, as required by TILA, it discloses the "Total of Payments" a consumer will pay if the consumer declines to renew his or her loan, which is described as "The amount you will have paid after you make the scheduled payment," and which constitutes the sum of a stated "FINANCE CHARGE" and the "Amount Financed."  SFS denies the remaining

14

allegations in this Paragraph.  SFS lacks knowledge or information to form a belief as to the allegations contained in Paragraph 47 as to the other Defendants and, therefore, denies them.

48.     SFS denies the allegations in Paragraph 48 for all instances where consumers have declined the option of renewing their loans.  SFS admits that, *only in instances where consumers renew their loans*, SFS has not withdrawn the full amount owed from the consumer's bank account on a single date and the consumer's total of payments has been greater than the original amount financed plus the original stated finance charge.  SFS lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 48 as to the other Defendants and, therefore, denies them.

49.     SFS denies the allegations contained in Paragraph 49 as to SFS.  SFS lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 49 as to the other Defendants and, therefore, denies them.

## COUNT TWO

### (Deceptive Collection Practices)

**<u>Response to Heading</u>**:  SFS denies that it engaged in deceptive collection practices.

50.     SFS denies Paragraph 50 as applied to SFS.  SFS lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 50 as to the other Defendants and, therefore, denies them.

51.     SFS denies the allegations contained in Paragraph 51 and denies that it has made any representations discussed in Paragraph 51.  SFS lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 51 as to the other Defendants and, therefore, denies them.

52.     SFS denies Paragraph 52 as applied to SFS.  SFS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 as to the other Defendants and, therefore, denies them.

### VIOLATIONS OF TILA AND REGULATION Z

**Response to Heading**: SFS denies that it engaged in violations of TILA and Regulation Z.

53.     Paragraph 53 contains characterizations of statutes and regulations.  Those statutes and regulations speak for themselves.  SFS denies the characterizations of the statutes and regulations to the extent that they are inconsistent with the statutes and regulations.  To the extent that a response is required, SFS admits the allegations of Paragraph 53.

54.     Paragraph 54 contains characterizations of statutes and regulations.  Those statutes and regulations speak for themselves.  To the extent that a response is required, SFS admits that Regulation Z defines "creditor" as a person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no contract.  SFS admits that it is a creditor under TILA and Regulation Z because it extends consumer credit subject to a finance charge and the obligation is initially payable to SFS.  SFS, on information and belief, denies that AMG is a creditor under TILA and Regulation Z because AMG does not extend consumer credit.  SFS lacks knowledge or information sufficient to form a belief as whether the other Defendants extend consumer credit subject to a finance charge and that the obligation is initially payable to them, and on that basis denies these allegations.  SFS denies the remaining allegations in this Paragraph.

55.     Paragraph 55 contains characterizations of statutes and regulations and a legal conclusion.  Those statutes and regulations speak for themselves and, regarding the legal

conclusion, no response is required.  To the extent that a response is required, SFS admits that it extends closed-end credit and admits the allegations in this Paragraph as to it.  On information and belief, SFS denies that AMG extends closed-end credit.  To the extent that this Paragraph is directed to other Defendants, SFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies them.

56.     Paragraph 56 contains characterizations of statutes and regulations.  Those statutes and regulations speak for themselves.  To the extent that a response is required, SFS admits Paragraph 56.

57.     Paragraph 57 contains characterizations of statutes and regulations.  Those statutes and regulations speak for themselves.  To the extent that a response is required, SFS admits Paragraph 57.

### COUNT THREE

### (Violations of TILA and Regulation Z)

**Response to Heading**:  SFS denies that it has engaged in deceptive acts and practices.

58.     SFS denies the allegations contained in Paragraph 58 as applied to SFS.  SFS lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 58 as to the other Defendants and, therefore, denies them.

59.     SFS denies the allegations contained in Paragraph 59 as applied to SFS.  SFS lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 59 as to the other Defendants and, therefore, denies them.

60.     SFS denies that the FTC Act is applicable to SFS and denies the allegations contained in Paragraph 60.  SFS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 as to the other Defendants and, therefore, denies them.

**VIOALTIONS OF EFTA AND REGULATION E**

**Response to Heading**:  SFS denies that SFS has engaged in violations of EFTA and Regulation E.

61.   Paragraph 61 is a legal conclusion for which an admission or denial is not required. To the extent an admission or denial is required, SFS denies the allegations contained in Paragraph 61 as applied to SFS.  SFS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 as to the other Defendants and, therefore, denies them.

62.   Paragraph 62 contains characterizations of statutes and regulations.  Those statutes and regulations speak for themselves.  SFS denies the characterizations to the extent that the characterizations are inconsistent with the statutes and regulations.

63.   Paragraph 63 contains characterizations of a regulation.  That regulation speaks for itself.  To the extent that a response is required, SFS admits Paragraph 63.

64.   Paragraph 64 contains characterizations of a regulation.  That regulation speaks for itself.  To the extent that a response is required, SFS admits Paragraph 64.

65.   Paragraph 65 contains characterizations of a regulation.  That regulation speaks for itself.  To the extent that a response is required, SFS admits Paragraph 65.

**COUNT FOUR**

**(Violations of EFTA and Regulation E)**

**Response to Heading**:  SFS denies that it has engaged in violations of EFTA and Regulation E.

66.   SFS denies Paragraph 66 as applied to SFS.  SFS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 as to the other Defendants and, therefore, denies them.

67.     SFS denies that the FTC Act is applicable to SFS and denies that it has violated the FTC Act.   SFS lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 67 as to the other Defendants and, therefore, denies them.

**COUNT FIVE**

**(Relief Defendants)**

68.     SFS is not required to answer Paragraph 68 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

69.     SFS is not required to answer Paragraph 69 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

70.     SFS is not required to answer Paragraph 70 at this time pursuant to this Court's December 27, 2012 Order Entering Stipulated Preliminary Injunction and Bifurcation and the parties' agreement.

**CONSUMER INJURY**

**Response to Heading**:  SFS denies that it has injured consumers.

71.     SFS denies the allegations in Paragraph 71.   SFS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 as to the other Defendants and, therefore, denies them.

**THIS COURT'S POWER TO GRANT RELIEF**

72.     Paragraph 72 contains characterizations of a statute.   That statute speaks for itself. To the extent that a response is required, SFS admits Paragraph 72.

**PRAYER FOR RELIEF**

SFS denies that Plaintiff is entitled to any relief and prays that the Court deny all relief requested by the FTC, enter judgment in the favor of SFS on all claims, and grant such other and further relief as it deems appropriate.

**AFFIRMATIVE DEFENSE**

SFS reserves its ability to assert affirmative defenses applicable to matters to be adjudicated in the second phase of discovery, and will assert such affirmative defenses at such time as it files its answer to the second phase.  SFS asserts the following Affirmative Defenses applicable to Phase 1 (and does not concede that it bears the burden of proof as to any of them):

1.      The Plaintiff lacks authority to bring action against SFS under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and, thus, TILA and EFTA because SFS is an arm of an Indian tribe.

2.      The Plaintiff has failed to state a claim for which relief may be granted under TILA because, to enforce a claim for inaccurate disclosure, the FTC must provide notice to the creditor and must utilize the mandatory administrative cease and desist process required by section 1607(e) of the Truth in Lending Act, and Plaintiff has failed to do so.

3.      The Plaintiff's claims asserted in the Complaint are barred, in whole or part, by the appropriate statute of limitations.

4.      The Plaintiff abused its discretion in bringing this action because it should have proceeded by rulemaking, as it seeks to change the law and establish rules of widespread application.

5.      To the extent that the evidence shows affirmative misconduct on Plaintiff's part, Plaintiff is estopped by its actions from recovering any relief under the Complaint.

6.    To the extent that the evidence shows affirmative misconduct on Plaintiff's part, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

7.    To the extent that any illegal, deceptive or unfair acts or practices occurred, such acts or practices were committed by third parties without the knowledge or consent of SFS.

8.    The Plaintiff has failed to state a claim for which relief may be granted under the second proviso of Section 13(b) of the FTC Act because this is not a "proper case" for application of the second proviso of Section 13(b).

Dated:  January 18, 2013

/s/    Shilee Mullin

*Attorneys for Defendants AMG Services, Inc.; Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash; Tribal Financial Services, dba Ameriloan, UnitedCashLoans, USFastCash, Miami Nation Enterprises*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 18th day of January 2013, service of the foregoing SFS' Answer to Complaint for Injunction and Other Equitable Relief was submitted electronically for filing and/or service with the United States District Court of Nevada. Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:

| | |
|---|---|
| Blaine T. Welsh | blaine.welsh@usdoj.gov |
| Julie G. Bush | jbush@ftc.gov |
| Jason Schall | jschall@ftc.gov |
| Nikhil Singhvi | nsinghvi@ftc.gov |
| Helen Wong | hwong@ftc.gov |
| Ioana Rusu | irusu@ftc.gov |

*Attorneys for Plaintiff*

| | |
|---|---|
| Von S. Heinz | vheinz@lrlaw.com |
| Darren J. Lemieux | dlemieux@lrlaw.com |
| E. Leif Reid | lreid@lrlaw.com |
| Nick Kurt | NKurt@BerkowitzOliver.com |
| Ryan Hudson | rhudson@berkowitzoliver.com |

*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Blaine A. Tucker*

| | |
|---|---|
| L. Christopher Rose | lcr@juww.com |

*Attorney for Defendants The Muir Law Firm, LLC and Timothy J. Muir*

| | |
|---|---|
| Whitney P. Strack | pstrack@gbmglaw.com |
| Brian R. Reeve | breeve@swlaw.com |
| Nathan F. Garrett | ngarrett@gbmglaw.com |

*Attorneys for Defendant Don E. Brady*

| | |
|---|---|
| Jay Young | jay@maclaw.com |

*Attorney for Defendant Robert D. Campbell*

Paul C. Ray                              PaulCRayLaw@gmail.com

*Attorney for Defendant Troy L. Little Axe*

Patrick J. Reilly                        preilly@hollandhart.com
R. Pete Smith                            petesmith@mcdowellrice.com
Linda C. McFee                           lmcfee@mcdowellrice.com

*Attorney for Defendants Kim C. Tucker and Park 269 LLC*

/s/ Carol Cyriacks
Paralegal
FREDERICKS PEEBLES & MORGAN LLP
3610 North 163rd Plz.
Omaha, NE  68116