DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone:  (702) 388-6336
Facsimile:  (702) 388-6787
Email:  Blaine.Welsh@usdoj.gov

DAVID SHONKA
Acting General Counsel
NIKHIL SINGHVI
JULIE G. BUSH
JASON D. SCHALL
HELEN P. WONG
IOANA RUSU
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop NJ-3158
Washington, D.C. 20580
Phone:  (202) 326-3480 (Singhvi)
Facsimile:  (202) 326-3629
Email:  nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)
*Attorneys for Plaintiff Federal Trade Commission*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:12-cv-536 |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f)(1)** |
| AMG Services, Inc. et al., | |
| Defendants, and | |
| Park 269 LLC, et al., | |
| Relief Defendants. | |

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY ................................................................................. 2

III. LEGAL STANDARD ......................................................................................... 2

IV. DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENT
    AND SHOULD BE STRICKEN ....................................................................... 4

    A.  Defendants Have Improperly Asserted Defenses That Were
        Already Adjudicated In This Case Or Have Been Waived .................... 5

        1.  The Court Has Already Determined That The TILA
            Administrative Procedures Do Not Apply In District Court
            Litigation ....................................................................................... 5

        2.  The Court Has Already Denied All Defendants' Motion To
            Dismiss For Failure To State A Claim ....................................... 6

        3.  The Court Has Already Denied Defendants' Defense That
            Certain Defendants Are Not "Creditors" As Defined By TILA ............. 7

        4.  The Court Has Already Found Subject Matter Jurisdiction To
            Exist ................................................................................................ 8

        5.  Troy Littleaxe Cannot Challenge Venue and Personal
            Jurisdiction On Behalf Of Nonparty Claimants, And In Any
            Event Waived Those Defenses ................................................... 8

    B.  Defendants Have Improperly Asserted Defenses Inapplicable
        To The Government In A Suit To Enforce A Public Right Or A Public Interest ... 9

        1.  Laches ............................................................................................ 9

        2.  Estoppel ........................................................................................ 10

        3.  Unclean Hands ........................................................................... 11

        4.  Voluntary Payment Doctrine Or Waiver By Consumers ....................... 12

    C.  This Action Is A "Proper Case" Under The Second Proviso of Section 13(b) ..... 13

    D.  The FTC Is Not Required To Conduct A Rulemaking To Enjoin Deceptive
        Conduct ....................................................................................................... 15

    E.  Defendants Cannot Advance A Statute Of Limitations Defense,
        Because The FTC Act Has No Statute Of Limitations .......................... 16

F.     Many Of Defendants' Purported Affirmative Defenses Are Simple Denials Or Are Otherwise Without Effect As "Affirmative Defenses" .......................... 17

    1.     Affirmative Defenses That Are Simple Denials Or Negative Defenses ............................................................................. 17

    2.     Legal Positions And Requests That Are Ineffective As "Affirmative Defenses" .......................................................... 19

V.     THE REMAINING AFFIRMATIVE DEFENSES ASSERTED SOLELY BY THE MUIR DEFENDANTS AND TROY LITTLEAXE ARE FACIALLY INAPPLICABLE ................................................................................ 22

A.     The Muir Defendants And Troy Littleaxe Attempt To Invoke Various Inapplicable Sections Of TILA And EFTA ........................................ 22

    1.     The TILA And EFTA Statutes Of Limitations, 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g), Do Not Apply In An FTC Enforcement Action ................................................ 22

    2.     The TILA And EFTA Bona Fide Errors Defenses, 15 U.S.C. § 1640(c) and § 1693m(c), Do Not Apply In An FTC Enforcement Action .................................................... 23

    3.     The EFTA Good Faith Compliance Defense, 15 U.S.C. § 1693m(d), Does Not Apply In An FTC Enforcement Action ............... 23

    4.     Defendants Cannot Rely On The TILA Good Faith Compliance Defense, 15 U.S.C. § 1640(f), Because They Did Not Act In Conformity With Any Rule Or Regulation ............................................ 24

    5.     Defendants Have Not Provided Notice of TILA Errors Or Made Adjustments To Consumers' Accounts, As Would Be Required To Invoke A Correction Of Errors Defense Under 15 U.S.C. § 1640(b) ............................................................................. 25

    6.     The TILA "Multiple Obligors" Provision Does Not Apply Because Defendants' Loans Do Not Involve Multiple Obligors ........... 25

B.     The Muir Defendants And Troy Littleaxe Attempt To Invoke Various Other Defenses That Are Irrelevant To FTC Act Liability ............................................ 26

    1.     Good Faith And Lack Of Intent To Harm Are Not FTC Act Defenses ............................................................................. 26

    2.     The FTC Is Not Required To Join Other Persons ................................. 26

    3.     The FTC Is Not Required To Exhaust Administrative Remedies.......... 27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4.     Injunctive Relief Is Not Moot Because Unlawful Conduct Is
Likely To Reoccur ........................................................................... 28

C.     Miscellaneous Irrelevant And Nonsensical Affirmative Defenses ....................... 29

VI.     CONCLUSION .......................................................................................................... 30

APPENDIX .......................................................................................................................... 31

# TABLE OF AUTHORITIES

**Cases**

Abarca v. Franklin County Water District, No. 1:07-CV-0388 OWW DLB,
2009 WL 1393511 (E.D. Cal. May 18, 2009) .................................................................. 3

Barnes v. AT&T Pension Benefit Plan-NonBargained Program,
718 F. Supp.2d 1167 (N.D. Calif. 2010) ................................................................. *passim*

Beneficial Corp. v. FTC, 542 F.2d 611 (3d Cir. 1976).................................................... 26

Betts v. Peterson, No. 10-CV-00568A(F), 2010 WL 4140824 (W.D.N.Y. Oct. 21, 2010) .......... 3

California ex rel. State Lands Com. v. United States, 512 F. Supp. 36 (N.D. Cal. 1981)............. 3

Chiancone v. Akron, No. 5:11CV337, 2011 WL 4436587 (N.D. Ohio Sept. 23, 2011) .............. 3

Cities of Anaheim, Riverside, Banning, Colton and Azusa, California v. FERC,
723 F.2d 656 (9th Cir. 1984).................................................................... 15, 16

Coos-Curry Electric Cooperative, Inc. v. Jura, 821 F.2d 1341 (9th Cir. 1987)...................... 15, 16

Cox v. First Nat. Bank of Cincinnati, 751 F.2d 815 (6th Cir. 1985) .......................................... 24

E.E.O.C. v. Lexus of Serramonte, C 05-0962 SBA, 2006 WL 2619367
(N.D. Cal. Sept. 12, 2006).................................................................... 12

Fed. Sav. & Loan Ins. Corp. v. Burdette, 696 F. Supp. 1183 (E.D. Tenn. 1988)........................ 3

Ford Motor Co. v. FTC, 673 F.2d 1008 (9th Cir. 1981)............................................................ 16

Friedman v. Canteen Vending, No. 3:09–CV–00403–LRH–VPC, 2011 WL 1344181
(D. Nev. Apr. 7, 2011)............................................................................... 9

FTC v. Affordable Media, 179 F.3d 1228 (9th Cir. 1999) ........................................................ 28

FTC v. Am. Microtel, Inc., CV-S-92-178-LDG(RJJ), 1992 WL 184252
(D. Nev. June 10, 1992) ...................................................... 8, 10, 11, 18

FTC v. Ameridebt, 373 F. Supp.2d 558 (D. Md. 2005) ............................................................ 14

FTC v. Bay Area Bus. Council, Inc., 02 C 5762, 2003 WL 21003711
(N.D. Ill. May 1, 2003)............................................................ 19, 20, 26, 28

FTC v. Crescent Publishing Group, Inc., 129 F. Supp.2d 311 (S.D.N.Y. 2001)........................ 10

FTC v. Dalbey, No. 11-cv-01396-RBJ-KLM, 2012 WL 32927 (D. Colo. 2012) ....................... 16

FTC v. Debt Solutions, Inc., 2006 WL 2257022 (W.D. Wash. 2006) ............................. 10, 11, 13

FTC v. Evans Products Co., 775 F.2d 1084 (9th Cir. 1985).......................................................... 14

FTC v. Grant Connect, LLC, 827 F. Supp. 2d 1199 (D. Nev. 2011)................................................ 7

FTC v. H. N. Singer, Inc., 668 F.2d 1107 (9th Cir. 1982)................................................. 14, 21, 28

FTC v. Hope Now Modifications, LLC, 09 1204 (JBS/JS), 2010 WL 1463008
        (D.N.J. Apr. 12, 2010).................................................................................................... 19

FTC v. Inc21.com Corp., 745 F. Supp. 2d 975 (N.D. Cal. 2010).................................................. 21

FTC v. Inv. Developments, Inc., CIV. A. 89-642, 1989 WL 62564 (E.D. La. June 8, 1989)...... 14

FTC v. Ivy Capital, Inc., 2:11-CV-283 JCM GWF, 2011 WL 2470584
        (D. Nev. June 20, 2011) ................................................................................................. 17

FTC v. John Beck Amazing Profits LLC, 2:09-CV-04719-JHN-CW,
        2012 WL 3705048 (C.D. Cal. Aug. 21, 2012) ................................................................ 21

FTC v. LoanPointe, LLC, 2:10-CV-225DAK, 2011 WL 4348304 (D. Utah Sept. 16, 2011)...... 26

FTC v. Metro. Commc'ns Corp., 94 CIV. 0142 (JFK),
        1995 WL 540050 (S.D.N.Y. Sept. 11, 1995) .................................................................... 8

FTC v. Millennium Telecard, Inc., CIV.A. 11-2479 JLL,
        2011 WL 2745963 (D.N.J. July 12, 2011) ...................................................................... 13

FTC v. Minuteman Press, 53 F. Supp.2d 248 (E.D.N.Y 1998) .................................................... 17

FTC v. N. E. Telecomms., Ltd., 96-6081-CIV-LENARD, 1997 WL 599357
        (S.D. Fla. June 23, 1997)............................................................................................. 6, 10

FTC v. Neovi, Inc., 06-CV-1952-JLS JMA, 2009 WL 56130 (S.D. Cal. Jan. 7, 2009)............... 15

FTC v. North America Marketing and Associates, No. CV-12-0914-PHX-DGC,
        2012 WL 5034967 (D. Ariz. Oct. 18, 2012) ............................................................ *passim*

FTC v. Pantron I Corp., 33 F.3d 1088 (9th Cir. 1994) ................................................................ 21

FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168 (9th Cir. 1997)............................................ 21

FTC v. Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 3206887 (W.D. Mo. 2011)....... 17

FTC v. Simeon Management Corp., 532 F.2d 708 (9th Cir.1976)................................................ 14

FTC v. Stefanchik, No. C04-1852RSM, 2004 WL 5495267
        (W.D. Wash. Nov. 12, 2004)................................................................................ 2, 18, 20

v

FTC v. Tashman, 318 F.3d 1273 (11th Cir. 2003) ..................................................... 13

FTC v. Think Achievement Corp., 144 F. Supp. 2d 1013 (N.D. Ind. 2000) ............................... 14

FTC v. Think All Pub. L.L.C., 564 F. Supp. 2d 663 (E.D. Tex. 2008) ......................................... 19

FTC v. Virginia Homes Mfg. Corp., 509 F. Supp. 51 (D. Md. 1981) .......................................... 14

Heckler v. Chaney, 470 U.S. 821 (1985) ......................................................................... 26

Hendley v. Cameron-Brown Co., 840 F.2d 831 (11th Cir. 1988) ................................................ 24

Kessler v. Assocs. Fin. Servs. Co., 573 F.2d 577 (9th Cir. 1977) ................................................ 24

London v. Chase Manhattan Bank USA, N.A., 150 F. Supp. 2d 1314 (S.D. Fla. 2001)............. 24

Lunsford v. U.S., 570 F.2d 221 (8th Cir. 1977) ................................................................. 3

Marlow v. U.S. Dep't of Educ., 820 F.2d 581 (2d Cir. 1987)..................................................... 27

National Labor Relations Board v. Bell Aerospace Co., 416 U.S. 267 (1974) ........................... 15

New York City Employees' Retirement Sys. v. SEC, 45 F.3d 7 (2d Cir. 1994) ........................ 27

Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046 (N.D. Ca. 2004)..................... 2, 9, 11, 12

Redfern v. Transamerica Moving, Inc., No. 3:09–CV–0317–LRH–VPC,
        2011 WL 167570 (D. Nev. Jan. 18, 2011) .......................................................... 9

SEC v. Princeton Econ. Int'l Ltd., 99 CIV 9667 RO, 2001 WL 102333
        (S.D.N.Y. Feb. 7, 2001) ......................................................................... 26, 27

SEC. v. KPMG LLP, 03 CIV. 671 (DLC), 2003 WL 21976733
        (S.D.N.Y. Aug. 20, 2003).......................................................... 9, 11, 12, 13

Sobel v. Hertz Corp., 698 F. Supp. 2d 1218 (D. Nev. 2010)...................................................... 13

Temple v. Synthes Corp., 498 U.S. 5 (1990)...................................................................... 27

U.S. v. Lopez, 6 F.3d 1281 (7th Cir. 1993) ...................................................................... 27

Union Flights, Inc. v. Administrator, F.A.A., 957 F.2d 685 (9th Cir. 1992)....................... 15, 16

United States v. Bldg. Inspector of Am., Inc., 894 F. Supp. 507 (D. Mass. 1995)...................... 17

United States v. City & County of San Francisco, 310 U.S. 16 (1940)....................................... 10

United States v. Concentrated Phosphate Export Ass'n., Inc., 393 U.S. 199 (1968)................... 28

United States v. Dos Cabezas Corp., 995 F.2d 1486 (9th Cir. 1993) ........................................ 17

United States v. Global Mortg. Funding, Inc., SACV 07-1275 DOC (PJWx),
    2008 WL 5264986 (C.D. Cal. May 15, 2008) ...................................................... 10, 11, 20

United States v. Iron Mountain Mines, 812 F. Supp. 1528 (E.D. Cal. 1992) .............. 9, 11, 12, 13

United States v. JS & S Group, Inc., 716 F.2d 451 (7th Cir.1983) ........................................... 28

U.S. v. Larkin, Hoffman, Daly & Lindgren, 841 F. Supp. 899 (D. Minn. 1993) ............8, 27, 30

United States v. Ruby Co., 588 F.2d 697 (9th Cir. 1978) ......................................................... 11

United States v. Stringfellow, 661 F. Supp. 1053 (C.D. Cal. 1987) ............................................ 9

United States v. Summerlin, 310 U.S. 414 (1940) ..................................................................... 10

Utah Power & Light Co. v. United States, 243 U.S. 389 (1917) ................................................ 10

Valencia v. Anderson Bros. Ford, 617 F.2d 1278 (7th Cir.1980) ............................................. 24

Vieste, LLC v. Hill Redwood Development, No. C 09-04024 JSW, 2011 WL 1302285
    (N.D. Cal. Apr. 5, 2011 ........................................................................................................... 3

Wyshak v. City Nat'l Bank, 607 F.2d 824 (9th Cir. 1979) ......................................................... 2

**Statutes, Rules, and Treatise**

15 U.S.C. § 53(b) ............................................................................................................... 16, 27

15 U.S.C. § 1607(c) ....................................................................................................... 7, 22, 23

15 U.S.C. § 1607(e) ................................................................................................................... 5

15 U.S.C. § 1607o(c) ......................................................................................................... 23, 24

15 U.S.C. § 1640(b) ................................................................................................................. 25

15 U.S.C. § 1640(c) ................................................................................................................. 23

15 U.S.C. § 1640(d) ................................................................................................................. 25

15 U.S.C. § 1640(e) ................................................................................................................. 22

15 U.S.C. § 1693m(c) .............................................................................................................. 23

15 U.S.C. § 1693m(g) .............................................................................................................. 22

15 U.S.C. § 1693o(c) ..................................................................................................... 7, 22, 23

vii

Fed. R. Civ. P. 12(f) ........................................................................................................ *passim*

Fed. R. Civ. P. 12(g)(2) ................................................................................................... 8

Fed. R. Civ. P. 12(h) ................................................................................................... 1, 9

Fed. R. Civ. P. 54(d)(2) ................................................................................................ 21

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ……………………………………...4

1

## I.   INTRODUCTION

Plaintiff Federal Trade Commission ("FTC") moves this Court to strike nearly all of defendants' 143 affirmative defenses, many of which have already been adjudicated or waived, and the remainder of which are redundant, immaterial, and impertinent.  The Court should do so pursuant to its own authority under Rule 12(f)(1).  Granting this motion is in the Court's interest to avoid a waste of judicial resources and to promote efficient proceeding of this action, which has already consumed an extensive amount of this Court's time.

Defendants attempt to relitigate matters already decided.  For example, all defendants claim that the FTC was required to follow certain administrative procedures to bring its Truth in Lending Act ("TILA") claim, even though the Court has already determined that those provisions are inapplicable in district court litigation.  (Docket No. 297 at 10-11.)  Several defendants continue to assert that the FTC fails to state a claim, even though all six of defendants' motions to dismiss (Docket Nos. 100, 103, 104, 105, 107, 109) for failure to state a claim have been denied in full.  (*See generally* Docket Nos. 226, 297.)  Another defendant attempts to challenge venue and personal jurisdiction, even though he himself stipulated that venue in this district is proper (Docket No. 293, 293-1 ¶ 1), and even though such defenses could only have been raised in his previously-denied motion to dismiss (Fed. R. Civ. P. 12(h)).  Defendants also attempt to interpose defenses such as laches and estoppel not available in this government prosecution, along with a laundry list of affirmative defenses (*e.g.*, res judicata, statute of frauds) with no conceivable application to this government action enforcing federal statutes.

The defenses asserted here are also likely to necessitate further use of judicial resources because every affirmative defense asserted in defendants' answers is stated in boilerplate fashion with barely more than a recitation of the name of the defense, in contravention of the "fair notice" standard articulated in this Court and likely requiring additional motions for clarification.  To avoid confusion, delay, and additional expense in this litigation, these frivolous defenses should be stricken from defendants' answers.

## II.      PROCEDURAL HISTORY

The FTC brings this action pursuant to the FTC Act, TILA, and the Electronic Fund Transfers Act ("EFTA") to stop defendants' unlawful lending and collection practices, which include charging borrowers several multiples of the stated costs of their loans and falsely threatening consumers with arrest and litigation. (Docket No. 1 at ¶¶ 26-45; Docket Nos. 4, 5.)  Defendants constitute a number of entities that, acting together, conduct the unlawful activities, and the individuals who control those entities. (*Id.* at ¶¶ 6-12, 14-25.)

After the Court accepted the Magistrate's recommendation to deny in full all of defendants' various motions to dismiss (Docket Nos. 226, 297), defendants filed 10 answers to the complaint asserting 143 affirmative defenses.  (Docket Nos. 310-319.)

The affirmative defenses challenged in the FTC's motion are listed in the motion and in the FTC's proposed order.  A chart mapping each of defendants' challenged affirmative defenses to the argument sections in Parts IV and V, *infra,* is presented in Appendix A to this memorandum.

## III.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances."  *FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *1 (W.D. Wash. Nov. 12, 2004).  In assessing the viability of any affirmative defense in the context of a motion to strike, the Court must assume that the moving party – here, the FTC – can successfully prove the allegations of its Complaint at trial.  *Stefanchik*, 2004 WL 5495267, at *1.

An affirmative defense must give the plaintiff "'fair notice' of the defense being advanced" and the grounds upon which it rests.  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (*quoting Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).  Here, in addition to their substantive deficiencies, defendants' affirmative defenses are mere formulaic recitations, without any additional supporting facts, and fail to give the FTC fair notice.

Disposing of defenses that are invalid as a matter of law early in the proceedings promotes judicial efficiency and a discovery process that is focused on genuine issues in the case. *California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the motion may have the effect of making the trial of action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be taken."); *see also Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses and counterclaims at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties.").

A motion under Rule 12(f)(2) must be made within 21 days of service of the pleading affected. The answers challenged in this motion were served via electronic court filing on January 18, 2013. With three additional days added pursuant to Rule 6(d), a Rule 12(f)(2) motion was due on February 11, 2013. The FTC brings this motion shortly outside of the Rule 12(f)(2) period after receipt of 10 answers raising an aggregate of 143 affirmative defenses. (Docket Nos. 310-319.) Where a Rule 12(f) motion to strike is untimely under Rule 12(f)(2), a court may consider the motion "on its own" under Rule 12(f)(1). *See Abarca v. Franklin County Water District*, No. 1:07-CV-0388 OWW DLB, 2009 WL 1393511 at *2 (E.D. Cal. May 18, 2009) (considering party's untimely Rule 12(f) motion to strike pursuant to *sua sponte* power) (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399-1400 (7th Cir. 1991)); *Vieste, LLC v. Hill Redwood Development*, No. C 09-04024 JSW, 2011 WL 1302285, at *3 (N.D. Cal. Apr. 5, 2011).[1]

The affirmative defenses at issue in this motion not only attempt to resurrect issues previously decided by the Court, but also raise various obviously inapplicable defenses that, unless

---

[1] *See also Lunsford v. U.S.*, 570 F.2d 221, 227 n.11 (8th Cir. 1977); *Chiancone v. Akron*, No. 5:11CV337, 2011 WL 4436587 at *3 (N.D. Ohio Sept. 23, 2011); *Betts v. Peterson*, No. 10-CV-00568A(F), 2010 WL 4140824, at *4 (W.D.N.Y. Oct. 21, 2010).

stricken, will unnecessarily detour the Court via discovery disputes and otherwise.[2]  Under those

circumstances, the Court should consider its motion to strike under Rule 12(f)(1).

## IV.   DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENT AND SHOULD BE STRICKEN

Nearly all of the defenses addressed in this motion were raised and stricken in a recent FTC

case decided elsewhere in the Ninth Circuit.  In *FTC v. North America Marketing and Associates*,

the defendants, as here, asserted a laundry list of inapplicable and insufficient affirmative defenses

that failed to provide the FTC with "fair notice."  No. CV-12-0914-PHX-DGC, 2012 WL 5034967

(D. Ariz. Oct. 18, 2012).  In particular, the court in *North America Marketing* struck the following

affirmative defenses, each of which is also at issue here:  estoppel, waiver, laches, unclean hands,

statute of limitations, lack of intent, release, reservations of rights, nonparties at fault, relief sought

not authorized, acts or omissions by third parties, accord and satisfaction, contributory negligence,

failure of consideration, fraud, illegality, license, payment, res judicata, and statue of frauds.  *Id.* at

*2-5.[3]  Those defenses were struck because, as here, the defendants failed to make any factual

allegations supporting them.  Other defenses were struck because they were simply denials of the

---

[2]   Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) (collecting cases) ("The authority given the court by the rule to strike an insufficient defense on its "own initiative at any time" has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper.  This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation.  In light of this, the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit.").

[3]   *See also Barnes v. AT&T Pension Benefit Plan-NonBargained Program*, 718 F. Supp.2d 1167, 1772-74 (N.D. Cal. 2010) (defendant "simply lists a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist" and "[t]o the extent that the [defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation") (striking statute of limitations, laches, estoppel, waiver, unclean hands, mootness, lack of standing, exhaustion, failure to state a claim, and good faith affirmative defenses, among others).

plaintiff's claims rather than true affirmative defenses.  In short, *North America Marketing* alone disposes of most of Defendants' challenged defenses here, but they are nevertheless addressed separately below.

### A. Defendants Have Improperly Asserted Defenses That Were Already Adjudicated In This Case Or Have Been Waived

Several affirmative defenses asserted have already been adjudicated by the Court in connection with defendants' motions to dismiss, or have been waived by defendants by their failure to include them in those motions.

### 1. The Court Has Already Determined That The TILA Administrative Procedures Do Not Apply In District Court Litigation

All defendants advance affirmative defenses that the FTC's TILA claims are purportedly barred because the FTC failed to utilize certain administrative cease-and-desist procedures found in 15 U.S.C. § 1607(e).[4]

The Court has already considered and rejected this argument.  Specifically, the Court determined that the TILA section in question:

---

[4]     Answer of Scott Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners, LLC ("Scott Tucker Defendants Answer"), Affirmative Defense 9;

Answer of Blaine Tucker and LeadFlash Consulting, LLC, ("Blaine Tucker Defendants Answer"), Affirmative Defense 9;

SFS, Inc. Answer ("SFS Answer"), Affirmative Defense 2;

Tribal Financial Services' Answer ("TFS Answer"), Affirmative Defense 6;

Red Cedar Services' Answer ("Red Cedar Answer"), Affirmative Defense 2;

AMG Services, Inc.'s Answer ("AMG Services Answer"), Affirmative Defense 6;

Robert Campbell's Answer ("Campbell Answer"), Affirmative Defense 2;

Don Brady's Answer ("Brady Answer"), Affirmative Defense 2;

Troy Littleaxe's Answer ("Littleaxe Answer"), Affirmative Defense 58;

Answer of Timothy Muir and the Muir Law Firm, LLC ("Muir Defendants Answer"), Affirmative Defense 19.

1
2
3
4

"applies only when an agency itself imposes an adjustment.  If the FTC had imposed the adjustment, only then would the agency need to notify the creditor and complete the administrative cease and desist procedures. Here, the FTC is not issuing the order but rather asks this Court to issue an adjustment order, among other relief. Therefore, the notification and administrative cease and desist procedures are inapplicable. This argument fails on its merits …." (Docket No. 297 at 10-11.)

5
6

Despite this Court's clear ruling on this issue, defendants continue to assert this argument in their affirmative defenses.  The Court should strike them.

7

### 2.    The Court Has Already Denied All Defendants' Motion To Dismiss For Failure To State A Claim

8
9
10
11
12
13
14
15
16

Defendants Timothy Muir and The Muir Law Firm ("the Muir Defendants") and Troy Littleaxe repeat the argument that the FTC has failed to state a claim upon which relief can be granted.[5]  This affirmative defense fails for two separate reasons:  first, it is not an affirmative defense; second, it has already been adjudicated.  "[F]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."  *Barnes*, 718 F. Supp.2d at 1174.  "Accordingly […] failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."  *Id.*; *see also North America Marketing*, 2012 WL 5034967, at * 2; *FTC v. N. E. Telecomms., Ltd.*, 96-6081-CIV-LENARD, 1997 WL 599357, at *3 (S.D. Fla. June 23, 1997).

17
18
19
20
21
22
23
24

Moreover, the Court has already denied defendants' motions to dismiss, determining that the FTC has stated a claim.  (Docket No. 297 at 6 ("the FTC has stated a plausible claim for relief").)  Indeed, the Court's order specifically addressed and rejected the failure to state a claim arguments advanced by the Muir Defendants and Troy Littleaxe.  (*Id.* at 12 ("the Complaint gives the Muir Defendants fair and meaningful notice of the legally cognizable claims and the factual allegations on which they rest, such that Muir Defendants may defend against the allegations"), 14 ("the FTC has adequately plead that the Defendants, including Defendant LittleAxe, were involved in deceptive

25
26
27

[5]     Littleaxe Answer, Affirmative Defense 1;

Muir Defendants Answer, Affirmative Defense 1.

trade practices by making misrepresentations about the withdrawal schedule thereby misleading reasonable consumers.").)

### 3.   The Court Has Already Denied Defendants' Defense That Certain Defendants Are Not "Creditors" As Defined By TILA

The Scott Tucker Defendants,[6] the Blaine Tucker Defendants,[7] and Don Brady argue that because they are not "creditors" under TILA, the FTC has failed to state a claim upon which relief can be granted as to its TILA counts.[8]  The Court has already ruled on this defense too.

Under TILA and EFTA, all functions and powers of the FTC under the FTC Act are available to the FTC to enforce compliance by *any person* (creditor or not), 15 U.S.C. § 1607(c) (TILA); 15 U.S.C. 1693o(c) (EFTA).  This includes the power to seek relief under TILA and EFTA against defendants who participate in the common enterprise and individuals who participate in, control, or have authority to control an entity's violations.  For those reasons, the Court already rejected the argument that TILA cannot be enforced against persons who do not themselves lend. (Docket No. 297 at 13.)  Specifically, the Court found the FTC's TILA allegations against the Muir Defendants sufficient because, among other things, "[t]he Complaint further alleges that, by virtue of his position, Mr. Muir controlled one or more Corporate Defendants in the common enterprise and participated in, and had knowledge of, the alleged unlawful lending and collections activities." (*Id.* at 13.[9])  The defenses raised by Scott Tucker, Blaine Tucker, and Don Brady – likewise alleged to

---

[6]   The Scott Tucker Defendants are Scott Tucker and his wholly-owned companies AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners, LLC.

[7]   The Blaine Tucker Defendants are Blaine Tucker and his wholly-owned company LeadFlash Consulting, LLC.

[8]   Scott Tucker Defendants Answer, Affirmative Defense 9;

Blaine Tucker Defendants Answer, Affirmative Defense 9;

Brady Answer, Affirmative Defense 2.

[9]   Similarly, the EFTA claims may be pursued against all participating persons. *See, e.g., FTC v. Grant Connect, LLC*, 827 F. Supp. 2d 1199, 1231-32 (D. Nev. 2011) (individuals participating in common enterprise held jointly liable for EFTA violations).

control one or more of the corporate defendants in the common enterprise – directly contradict this ruling.

### 4. The Court Has Already Found Subject Matter Jurisdiction To Exist

Troy Littleaxe claims in his answer that this Court does not have subject matter jurisdiction.[10] But Troy Littleaxe stipulated that this Court does have subject matter jurisdiction, and the Court agreed.  (Docket Nos. 293, 293-1, and 296 ¶ 1.)  *See FTC v. Am. Microtel, Inc.*, CV-S-92-178-LDG(RJJ), 1992 WL 184252, at *1 (D. Nev. June 10, 1992) (striking subject matter jurisdiction affirmative defense after defendants stipulated to preliminary injunction order containing a specific finding of subject matter jurisdiction); *see also FTC v. Metro. Commc'ns Corp.*, 94 CIV. 0142 (JFK), 1995 WL 540050, at *1 (S.D.N.Y. Sept. 11, 1995).

### 5. Troy Littleaxe Cannot Challenge Venue and Personal Jurisdiction On Behalf Of Nonparty Claimants, And In Any Event Waived Those Defenses

Troy Littleaxe claims that "this Court is not the proper venue over many of the claimants for whom the Plaintiff purports to assert its claims,"[11] and that "this Court lacks personal jurisdiction over many of the claimants for whom the Plaintiff purports to assert its claims."[12]  Troy Littleaxe appears to assert these defenses on behalf of the consumer "claimants," even though consumers are not parties to this suit and are not required to be parties to this suit.  The FTC is not simply standing in the shoes of, or lending its name to, private parties.  Rather, the FTC is acting in accordance with its statutory charge to protect the general public interest.  *See U.S. v. Larkin, Hoffman, Daly & Lindgren*, 841 F. Supp. 899, 907 (D. Minn. 1993).

In any event, Troy Littleaxe stipulated that venue is proper in this district, Docket Nos. 293, 293-1, and 296 ¶ 1, and waived any venue or personal jurisdiction objections when he failed to assert those defenses in his prior motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(g)(2) and

---

[10]     Littleaxe Answer, Affirmative Defense 50.

[11]     Littleaxe Answer, Affirmative Defense 52.

[12]     Littleaxe Answer, Affirmative Defense 51.

(h)(1).  *See Friedman v. Canteen Vending*, No. 3:09–CV–00403–LRH–VPC, 2011 WL 1344181, at

\*1 (D. Nev. Apr. 7, 2011) (venue defense waived when not included in earlier motion to dismiss);

*Redfern v. Transamerica Moving, Inc.*, No. 3:09–CV–0317–LRH–VPC, 2011 WL 167570, at \*1 (D.

Nev. Jan. 18, 2011) (same, personal jurisdiction).

### B.   Defendants Have Improperly Asserted Defenses Inapplicable To The Government In A Suit To Enforce A Public Right Or A Public Interest

Most defendants also included affirmative defenses – laches, estoppel, unclean hands, and

waiver – that are generally not available in a suit brought by the government as a sovereign,

enforcing a public right or a public interest.  *United States v. Iron Mountain Mines*, 812 F. Supp.

1528, 1546 (E.D. Cal. 1992) (holding that "the particular defenses at issue here – waiver, estoppel,

and unclean hands – may not be asserted against sovereigns who act to protect public welfare");

*United States v. Stringfellow*, 661 F. Supp. 1053, 1062 (C.D. Cal. 1987) (striking equitable

affirmative defenses in federal action to protect public health and safety); *SEC. v. KPMG LLP*, 03

CIV. 671 (DLC), 2003 WL 21976733, at \*3 (S.D.N.Y. Aug. 20, 2003) (striking estoppel, waiver and

unclean hands defenses in SEC enforcement action).  Moreover, Defendants have utterly failed to

provide any facts in support of any of these defenses.  *North America Marketing*, 2012 WL 5034967,

at \*2-5 (striking estoppel, waiver, laches, unclean hands, release, payment, and accord and

satisfaction defenses for failure to provide supporting facts); *Barnes*, 718 F. Supp. 2d at 1172

(striking laches, estoppel, waiver, unclean hands defenses for same reason); *Qarbon.com*, 315 F.

Supp. 2d at 1050 (striking estoppel, waiver, unclean hands defenses for same reason).

#### 1.   Laches

All defendants (except Don Brady) assert that the FTC's claims are barred by the doctrine of

laches.[13]  The United States, including the FTC as one of its agencies, is not subject to the defense of

---

[13]   Scott Tucker Defendants Answer, Affirmative Defense 7;

Blaine Tucker Defendants Answer, Affirmative Defense 7;

SFS Answer, Affirmative Defense 6;

TFS Answer, Affirmative Defense 4;

laches when it undertakes to enforce a public right or to protect the public interest. *See, e.g., United States v. Summerlin*, 310 U.S. 414, 416 (1940).  Courts have therefore repeatedly and summarily stricken the defense of laches when asserted in FTC Section 5 enforcement actions.  *See, e.g., Am. Microtel, Inc.*, 1992 WL 184252, at *1 (D. Nev. June 10, 1992); *United States v. Global Mortg. Funding, Inc.*, SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *3 (C.D. Cal. May 15, 2008); *FTC v. Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. 2006); *FTC v. Crescent Publ'g Grp., Inc.*, 129 F. Supp.2d 311, 324 (S.D.N.Y. 2001); *N. E. Telecomms., Ltd.*, 1997 WL 599357, at *3.

### 2.    Estoppel

The same defendants' attempts to claim estoppel[14] are likewise flawed.

"[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit."  *United States v. City & County of San Francisco*, 310 U.S. 16, 32 (1940) (*quoting Utah*

---

Red Cedar Answer, Affirmative Defense 6;

AMG Services Answer, Affirmative Defense 4;

Campbell Answer, Affirmative Defense 6;

Littleaxe Answer, Affirmative Defense 6; and

Muir Defendants Answer, Affirmative Defense 7 (incorporating by reference all lending defendants' affirmative defenses).

[14]    Scott Tucker Defendants Answer, Affirmative Defense 6;

Blaine Tucker Defendants Answer, Affirmative Defense 6;

SFS Answer, Affirmative Defense 5;

TFS Answer, Affirmative Defense 3;

Red Cedar Answer, Affirmative Defense 5;

AMG Services Answer, Affirmative Defense 3;

Campbell Answer, Affirmative Defense 5;

Littleaxe Answer, Affirmative Defense 5;

Muir Defendants Answer, Affirmative Defense 7 (incorporating all lending defendants' affirmative defenses).

*Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917)).  In particular, Courts do not apply estoppel where the government acts to protect the public welfare.  *See, e.g., Iron Mountain Mines*, 812 F. Supp. at 1546.  Thus, as with laches, courts have repeatedly stricken estoppel defenses asserted against the FTC.  *See Am. Microtel*, 1992 WL 184252, at *1; *Global Mortg. Funding*, 2008 WL 5264986, at *2; *Debt Solutions, Inc.*, 2006 WL 2257022, at *1; *see also SEC. v. KPMG LLP*, 03 CIV. 671 (DLC), 2003 WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003) (striking estoppel defense in SEC enforcement action).[15]

### 3.    Unclean Hands

The Scott Tucker and Blaine Tucker Defendants assert that the FTC's claims are barred by the doctrine of unclean hands.[16]  Troy Littleaxe also invokes the unclean hands doctrine, albeit with a slightly different spin:  "*[t]he claimants* for whom the Plaintiff purports to assert its claims are not entitled to relief because they are barred by unclean hands."[17]  Both unclean hands defenses are defective.

As with laches and estoppel, there is a presumption against allowing a defense of unclean hands against the FTC because of its Congressional mandate to protect the public welfare.  *Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (striking unclean hands defense against FTC); *see also*

---

[15]    Estoppel may be available against the government only in extraordinary circumstances. In asserting this defense, the defendant must show not only reasonable reliance on a misrepresentation, to his detriment, but must also establish "affirmative misconduct" by the government.  *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978).  Even if defendants are attempting to invoke extraordinary circumstances here, they have made no effort to meet their burden.  The defense is stated in only a conclusory manner, without any description of representations that were made to them, or reasonable reliance on those representations to their detriment.  Courts have stricken the affirmative defense of estoppel where the defendant has not provided any factual basis for its supposed application.  *Qarbon.com*, 315 F. Supp. 2d at 1050.

[16]    Scott Tucker Defendants Answer, Affirmative Defense 10;

Blaine Tucker Defendants Answer, Affirmative Defense 10.

[17]    Littleaxe Answer, Affirmative Defense 42 (emphasis added).

*KPMG LLP*, 2003 WL 21976733, at *3; *Iron Mountain Mines*, 812 F. Supp. at 1546 (rejecting unclean hands defense in federal action to protect the public welfare).

Although some courts, in rare instances, have permitted have permitted unclean hands defenses in matters brought by the government, Scott Tucker and Blaine Tucker have offered no basis for the defense in this case, because they have presented no allegations indicating that the FTC breached any constitutional rights in bringing this action.  *Qarbon*, 315 F. Supp.2d at 1050 (dismissing unclean hands defense for failure to provide factual allegations).  In fact, the FTC has not breached the constitutional rights of the Tucker Defendants (or any other defendant).

As for Troy Littleaxe's adaptation of the defense to apply to *consumers'* supposed unclean hands, the unclean hands defense must be asserted against a party, and the consumers in this case are not parties.  *E.E.O.C. v. Lexus of Serramonte*, C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 12, 2006) (striking the defense of unclean hands asserted against the claimant in a public enforcement suit brought by the EEOC.  Troy Littleaxe can point to no authority allowing the unclean hands defense to be asserted on the basis of any alleged acts by consumers.  Troy Littleaxe's similar attempt to assert "estoppel" and "laches" with respect to unstated actions *by consumers* is likewise flawed.[18]

### 4.    Voluntary Payment Doctrine Or Waiver By Consumers

The Scott Tucker and Blaine Tucker Defendants assert that the FTC's claims are barred by consumers' voluntary payments and waiver,[19] and Troy Littleaxe similarly contends that consumers' claims are barred by "accord and satisfaction," "waiver," "payment," and  "release."[20]

---

[18]    Littleaxe Answer, Affirmative Defenses 22, 31, 43.

[19]    Scott Tucker Defendants Answer, Affirmative Defenses 4, 5;

Blaine Tucker Defendants Answer, Affirmative Defenses 4, 5.

[20]    Littleaxe Answer, Affirmative Defenses 21, 32, 34, 35.

The "voluntary payment doctrine is a corollary to the mistake of law doctrine and, in its general formulation, holds that a person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution." *FTC v. Millennium Telecard, Inc.*, CIV.A. 11-2479 JLL, 2011 WL 2745963, at *4 (D.N.J. July 12, 2011).   But the primary purpose of the FTC Act, as well as other federal and state consumer protection laws, is to protect consumers and lessen the harsh effects of *caveat emptor.  Id.*  As a result, such defenses are not available in government (or even private) actions to enforce consumer protection laws.  *See id.* ("Defendants have failed to demonstrate that the voluntary payment doctrine should be applied in the context of an FTC enforcement action, the primary purpose of which is to protect the consumer public."); *Sobel v. Hertz Corp.*, 698 F. Supp. 2d 1218, 1224 (D. Nev. 2010) ("To allow the defendant to avoid liability for an unfair practice through the voluntary payment doctrine would nullify the protections of the act and be contrary to the intent of the legislature.") (internal quotations omitted); *see also Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (striking waiver and accord and satisfaction defenses against FTC); *cf. KPMG LLP*, 2003 WL 21976733, at *3 (striking waiver defense in SEC enforcement action); *Iron Mountain Mines*, 812 F. Supp. at 1546 (rejecting waiver defense in federal action to protect the public welfare); *see also FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003) ("'caveat emptor'" is simply not the law").

### C.    This Action Is A "Proper Case" Under The Second Proviso of Section 13(b)

Several defendants claim that the FTC "has failed to state a claim for which relief may be granted under the second proviso of Section 13(b) of the FTC Act because this is not a 'proper case' for application of the second proviso of Section 13(b)."[21]  As a preliminary matter, and as

---

[21]    SFS Answer, Affirmative Defense 8;

TFS Answer, Affirmative Defense 7;

Red Cedar Answer, Affirmative Defense 8;

AMG Services Answer, Affirmative Defense 7;

Campbell Answer, Affirmative Defense 8;

Littleaxe Answer, Affirmative Defense 8;

demonstrated above, Part IV(A)(2), *supra*, "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in plaintiff's prima facie case."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).  Thus, "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."  *Id.*; *see also North America Marketing*, 2012 WL 5034967, at *2.

In any event, the Ninth Circuit and other federal courts have confirmed that the second proviso of § 13(b) has comprehensive reach, giving district courts "authority to grant a permanent injunction against violations of *any provisions of law enforced by the Commission....*"  *FTC v. Evans Products Co.*, 775 F.2d 1084, 1086-87 (9th Cir. 1985) (*quoting FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982) (emphasis added)).[22]  The *Evans* court accorded "considerable weight" to the FTC's argument "that a proper case for which § 13(b) injunctive relief may be sought includes 1) any case involving a law enforced by the FTC, or 2) any case involving a likelihood that a past violation of a law enforced by the FTC will recur.  *Evans Products Co.*, 775 F.2d at 1086.  The court in *Evans* further rejected attempts to limit § 13(b) to cases involving only "routine fraud" or violations of previously established FTC rules. *Id.* at 1087; *see also FTC v. Ameridebt*, 373 F. Supp.2d 558, 562-63 (D. Md. 2005) (rejecting defendants' claim that "proper case" is limited to routine fraud FTC has challenged before).

---

Muir Defendants Answer, Affirmative Defense 21.

[22]  *See also FTC v. Simeon Management Corp.,* 532 F.2d 708, 712 (9th Cir.1976) (asserting that the second proviso of §13(b) authorizes the FTC to seek an injunction when it believes there is a violation of "any provision of law" it enforces); *FTC. v. Think Achievement Corp.,* 144 F. Supp. 2d 1013, 1016 (N.D. Ind. 2000) *aff'd*, 312 F.3d 259 (7th Cir. 2002) ("A violation of Section 5 of the FTC Act has been found to be such a proper case."); *FTC v. Inv. Developments, Inc.,* CIV. A. 89-642, 1989 WL 62564 (E.D. La. June 8, 1989) ("A district court has authority to grant a permanent injunction under Section 13(b), 15 U.S.C. § 53(b), against violation of any provision of law enforced by the Commission when there is a cognizable danger of recurrent violation."); *FTC v. Virginia Homes Mfg. Corp.*, 509 F. Supp. 51, 54 (D. Md. 1981) *aff'd sub nom. FTC v. Virginia Homes Mfg. Corp.*, 661 F.2d 920 (4th Cir. 1981) ("It is beyond dispute that § 13(b) is a proper means for seeking remedy from § 5 violations. Furthermore, § 13(b) by its very terms applies to violations of "any provision of law enforced by the FTC.").

This matter involves violations of Section 5 of the FTC Act, as well as various sections of TILA and EFTA – all statutes enforced by the FTC.  Accordingly, this is a "proper case" under the second proviso of Section 13(b).

### D.    The FTC Is Not Required To Conduct A Rulemaking To Enjoin Deceptive Conduct

Certain defendants assert that the FTC abused its discretion in bringing this case, because the FTC, in their view, "should have proceeded by rulemaking."[23]

Whether the FTC addresses defendants' deceptive conduct via rulemaking or litigation is a decision for the FTC to make.  Courts have repeatedly confirmed that the FTC, like any administrative agency, has substantial discretion in deciding whether to proceed via rulemaking or adjudication.  This is the case even if the defendants perceive a new enforcement principle in the lawsuit.  *FTC v. Neovi, Inc.*, 06-CV-1952-JLS JMA, 2009 WL 56130, at *7 (S.D. Cal. Jan. 7, 2009), *aff'd,* 604 F.3d 1150 (9th Cir. 2010).  An agency "is not precluded from announcing new principles in an adjudicative proceeding [and] the choice between rulemaking and adjudication lies in the first instance within the [agency's] discretion."  *National Labor Relations Board v. Bell Aerospace Co.*, 416 U.S. 267, 294 (1974); *see also Cities of Anaheim, Riverside, Banning, Colton and Azusa, California v. FERC,* 723 F.2d 656, 659 (9th Cir. 1984) (holding that "administrative agencies are free to announce new principles during adjudication"); *Union Flights, Inc. v. Administrator, F.A.A.,* 957 F.2d 685, 688 (9th Cir. 1992) (same); *Coos-Curry Electric Cooperative, Inc. v. Jura,* 821 F.2d 1341, 1346 (9th Cir. 1987) (same).

---

[23]     Scott Tucker Defendants Answer, Affirmative Defense 2;

Blaine Tucker Defendants Answer, Affirmative Defense 2;

SFS Answer, Affirmative Defense 4;

Red Cedar Answer, Affirmative Defense 4;

Campbell Answer, Affirmative Defense 4;

Littleaxe Answer, Affirmative Defense 4; and

Muir Defendants Answer, Affirmative Defense 20.

In limited circumstances, an agency may not articulate new principles through adjudication if an existing rule exists and the agency's action constitutes a "sudden change of direction" that would disadvantage those who had relied on the former rule. *See Union Flights,* 957 F.2d at 688; *Coos-Curry,* 821 F.2d at 1346; *Cities of Anaheim,* 723 F.2d at 659. Likewise, the agency may not use adjudication to amend a recently adopted rule, *see Cities of Anaheim,* 723 F.2d at 659, or bypass a pending rulemaking. *See Ford Motor Co. v. FTC*, 673 F.2d 1008, 1010 (9th Cir. 1981); *see also Union Flights,* 957 F.2d at 689.

Defendants cannot invoke any of those exceptions here, as their conclusory affirmative defenses offer no explanation of what existing or pending agency rules are supposedly being affected. In fact, defendants could not possibly point to any FTC "sudden change of direction," because the FTC has issued no prior rules condoning (or pending rulemaking affecting), either expressly or by implication, defendants' lending disclosures and collections practices.

As applied to the FTC's TILA and EFTA allegations, this affirmative defense is deficient for two additional reasons: (1) there are already rules in place implementing TILA and EFTA – Regulation Z and Regulation E – and the FTC is alleging that defendants violated these existing rules; and (2) the FTC is not the rulemaking authority for TILA and EFTA. Regulations Z and E were issued by the Board of Governors of the Federal Reserve System. As such, the FTC could not proceed by rulemaking to address Defendants' TILA and EFTA violations, because it does not have rulemaking authority for those two statutes.

### E. Defendants Cannot Advance A Statute Of Limitations Defense, Because The FTC Act Has No Statute Of Limitations

All defendants' answers claim, in conclusory manner, that the FTC's claims are barred by the statute of limitations.[24] Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), however, has no statute of

---

[24] Scott Tucker Defendants Answer, Affirmative Defense 1;

Blaine Tucker Defendants Answer, Affirmative Defense 1;

SFS Answer, Affirmative Defense 3;

TFS Answer, Affirmative Defense 1;

limitations.  *See FTC v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (striking statute of limitations affirmative defense and finding that "Section 13(b) of the Federal Trade Commission Act specifies no statute of limitations period.").[25]  In fact, the express language of Section 13(b) provides that the FTC may bring suit "whenever" it has reason to believe a violation has occurred.  15 U.S.C. § 53(b).  *See also Ivy Capital, Inc.,* 2011 WL 2470584, at *2.

Moreover, defendants cannot assert a statute of limitations defense against the United States government unless the statute in question contains an express limitations period.  *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993) ("In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period."). Section 13(b) has no express limitations period, and TILA and EFTA have no express limitations periods for government enforcement actions.

## F.   Many Of Defendants' Purported Affirmative Defenses Are Simple Denials Or Are Otherwise Without Effect As "Affirmative Defenses"

### 1.   Affirmative Defenses That Are Simple Denials Or Negative Defenses

Most defendants assert that any violations of the law "were committed by third parties" without their knowledge, consent, or control.[26]  The Muir Defendants and Troy Littleaxe also claim

---

Red Cedar Answer, Affirmative Defense 3;

AMG Services Answer, Affirmative Defense 1;

Campbell Answer, Affirmative Defense 3;

Brady Answer, Affirmative Defense 3;

Littleaxe Answer, Affirmative Defenses 3, 38; and

Muir Defendants Answer, Affirmative Defense 17.

[25]   *See also FTC v. Dalbey,* No. 11-cv-01396-RBJ-KLM, 2012 WL 32927, at *2 (D. Colo. 2012) (no statute of limitations applies to section 13(b) of the FTC Act, 15 U.S.C. § 53(b)); *FTC v. Real Wealth, Inc.*, No. 10-0060-CV-W-FJG, 2011 WL 3206887, at *3 (W.D. Mo. 2011) (same); *FTC v. Minuteman Press*, 53 F. Supp.2d 248, 263 (E.D.N.Y 1998); *United States v. Bldg. Inspector of Am., Inc.*, 894 F. Supp. 507, 514 (D. Mass. 1995) (same).

[26]   Scott Tucker Defendants Answer, Affirmative Defense 8;

that any alleged violations "were caused in whole or in part by an independent, intervening or superseding cause, over which [they] had no control."[27]  The Muir Defendants further assert that, as attorneys, they cannot be held liable for the acts and omissions of their clients.[28]  Troy Littleaxe also argues that consumer claimants did not act reasonably, were not deceived, and were not required to authorize automatic withdrawals in exchange for obtaining a loan.[29]  These so-called affirmative defenses are merely denials, or negative defenses, and should be stricken as affirmative defenses. *North America Marketing*, 2012 WL 5034967, at *3-5 (striking defenses based on non-parties at fault, acts or omissions of third parties, no knowledge of or control over other defendants' actions); *FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *2 (W.D. Wash. Nov. 12, 2004) (striking defense that other persons were responsible for wrongdoing); *Am. Microtel*, 1992 WL

---

Blaine Tucker Defendants Answer, Affirmative Defense 8;

SFS Answer, Affirmative Defense 7;

TFS Answer, Affirmative Defense 5;

Red Cedar Answer, Affirmative Defense 7;

AMG Services Answer, Affirmative Defense 5;

Campbell Answer, Affirmative Defense 7;

Littleaxe Answer, Affirmative Defenses 7 and 9; and

Muir Defendants Answer, Affirmative Defense 3.

[27]   Muir Defendants Answer, Affirmative Defense 4;

Littleaxe Answer, Affirmative Defense 10.

[28]   Muir Defendants Answer, Affirmative Defense 2.  Attorneys, of course, are not privileged to violate the law or immune from prosecution.  *See FTC v. Gill*, 265 F.3d 944, 957-58 (9th Cir. 2001) (upholding liability of attorney who did not directly make violative representations); Restatement of the Law Governing Lawyers § 56 (3d ed. 2000) ("[A] lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances.").  In addition, the FTC attempts to hold Muir liable, not for the acts of his clients, but for his direct participation and or authority to control the practices challenged.

[29]   Littleaxe Answer, Affirmative Defenses 28, 29, and 39.

184252, at *2 (striking defenses that any violations were the responsibility of others without defendants' knowledge, consent, or authority).

A negative defense is one which tends to disprove one or all of the elements of a complaint. *FTC v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) (internal quotations omitted). A negative defense is the equivalent of a defendant saying, "I did not do it," and is merely a restatement of denials of certain allegations that were made elsewhere in the defendants' answers. *Id.* at 665-666. Consequently, under Rule 12(f), such defenses are redundant and should be struck. *Barnes*, 718 F. Supp.2d a 1173-74; *see also FTC v. Hope Now Modifications, LLC*, 09 1204 (JBS/JS), 2010 WL 1463008, at *1 (D.N.J. Apr. 12, 2010) (striking general denials of fault, such as that wrongdoers were third parties, because they are not true affirmative defenses); *Think All Pub. L.L.C.*, 564 F. Supp. at 666 (striking negative defenses as "redundant"); *FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003) ("Defendants have already put these matters in issue by denying certain allegations of the complaint; and, thus, these matters cannot be pled as affirmative defenses.").

The so-called affirmative defenses in question here relate to whether defendants have violated statutes enforced by the FTC and whether they are liable for consumer injury. In this case, defendants already deny that they engaged in the unlawful acts or practices alleged in the Complaint and already deny liability for any consumer injury caused by these unlawful acts or practices. Casting these denials in the form of affirmative defenses is redundant.

### 2. Legal Positions And Requests That Are Ineffective As "Affirmative Defenses"

The Muir Defendants, Robert Campbell, and Troy Littleaxe assert additional "affirmative defenses" that are legal positions and demands but not proper affirmative defenses.

- Defendants reserve the right to amend their answers.[30]

---

[30] Littleaxe Answer, Affirmative Defense 59;

Muir Defendants Answer, Affirmative Defenses 22 and 23;

- Defendants assert that the FTC has agreed to bifurcated proceedings in the case, and that Defendants need only raise affirmative defenses relating to Phase 1 at this time.[31]

- The Muir Defendants assert that the FTC "is not entitled to scope of relief alleged and sought in the Complaint."[32]

- The Muir Defendants seek "reasonable attorneys' fees together with their costs expended in this action."[33]

- Defendants can have no liability unless Plaintiff first establishes liability against the lending defendants, whose affirmative defenses are incorporated herein by reference.[34]

The above defenses, theories, and requests are not proper affirmative defenses and should be stricken.  For example, defendants' attempt to reserve the right to amend their answers to assert additional defenses via an affirmative defense is improper because, pursuant to Rule 15(a), "only the Court may grant leave to amend pleadings."  *FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003); *see also North America Marketing*, 2012 WL 5034967, at *3 (dismissing "right to amend" affirmative defense); *FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *3 (W.D. Wash. Nov. 12, 2004) (same); *see also United States v. Global Mortg. Funding, Inc.*, SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008).

---

Campbell Answer, Affirmative Defense 9.

[31]     Littleaxe Answer, Affirmative Defense 57;

Muir Defendants Answer, Affirmative Defense 23.

[32]     Muir Defendants Answer, Affirmative Defense 16.

[33]     Muir Defendants Answer, Affirmative Defense 24.

[34]     Littleaxe Answer, Affirmative Defense 13;

Muir Defendants Answer, Affirmative Defense 7.

As to the Muir Defendants' defense addressed to the scope of relief demanded, the FTC is clearly entitled to the types of injunctive relief sought in the Complaint. Section 13(b) of the FTC Act gives federal courts broad authority to fashion appropriate remedies for violations of the Act. *FTC v. Pantron I Corp.,* 33 F.3d 1088, 1102 (9th Cir. 1994). The authority granted by section 13(b) is not limited to the power to issue an injunction; rather, it includes the "authority to grant any ancillary relief necessary to accomplish complete justice," which includes rescission of contracts and restitution. *Id.*; *see also FTC v. H.N. Singer, Inc.,* 668 F.2d 1107, 1113 (9th Cir.1982); *North America Marketing*, 2012 WL 5034967, at *4 (dismissing defense that damages sought by FTC are not authorized).

In this case, the FTC has sought permanent injunctive relief to enjoin violations of the FTC Act, TILA, and EFTA; as well as rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; an order requiring Relief Defendants to disgorge all funds and assets (or the value of the benefit they received from the funds and assets) traceable to Defendants' unlawful acts or practices; the FTC's costs in bringing this action; and other relief as the Court may determine to be just and proper. (Compl. (Docket No. 1) at 20.)

Ninth Circuit courts have routinely granted the FTC the types of relief sought in this case. *See, e.g.,* <u>*FTC v. Publ'g Clearing House, Inc.,*</u> 104 F.3d 1168 (9th Cir. 1997) (upholding permanent ban on telemarketing and restitution imposed by district court); *FTC v. Inc21.com Corp.,* 745 F. Supp. 2d 975 (N.D. Cal. 2010) *aff'd,* 475 F. App'x 106 (9th Cir. 2012) (granting permanent injunctive relief and restitution in the full amount of funds lost by consumers); *FTC v. John Beck Amazing Profits LLC*, 2:09-CV-04719-JHN-CW, 2012 WL 3705048, at *5, 8 (C.D. Cal. Aug. 21, 2012) (granting permanent injunctive relief and disgorgement of ill-gotten gains). As a result, the Muir Defendants' affirmative defense claiming that the FTC is not entitled to the relief sought is flatly wrong and should be stricken.

Likewise, the Muir Defendants' affirmative defense requesting attorneys' fees should also be stricken. Attorneys' fees are collateral to the merits of a cause of action and are awarded, if at all, only after judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). *Barnes v. AT & T Pension*

*Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking affirmative defense to seek or limit attorneys' fees).

## V.   THE REMAINING AFFIRMATIVE DEFENSES ASSERTED SOLELY BY THE MUIR DEFENDANTS AND TROY LITTLEAXE ARE FACIALLY INAPPLICABLE

The remaining affirmative defenses addressed in this memorandum are asserted only by the Muir Defendants and/or Troy Littleaxe.  Those defendants alone invoke a series of patently defective statutory defenses from myriad sections of TILA and EFTA that are facially inapplicable to actions filed by a government agency acting in the public interest.  They also interpose other affirmative defenses that are manifestly not available in an FTC action.

### A.   The Muir Defendants And Troy Littleaxe Attempt To Invoke Various Inapplicable Sections Of TILA And EFTA

#### 1.   The TILA And EFTA Statutes Of Limitations, 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g), Do Not Apply In An FTC Enforcement Action

The Muir Defendants and Littleaxe assert the same statute of limitations affirmative defense raised by other defendants, but they also specifically (and separately) attempt to rely on 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g).[35]  These two provisions apply a one-year statute of limitations to *private* TILA and EFTA claims, and are not applicable here.

Section 15 U.S.C. § 1640(e) applies a one-year limitations period for TILA actions "*under this section*" (emphasis added), referring to individual or class actions for damages under 15 U.S.C. § 1640.  The same is true for 15 U.S.C. § 1640m(g), which applies only to EFTA individual or class actions for damages under 15 U.S.C. § 1640m.  Here, the FTC's TILA and EFTA claims are brought under different sections of those statutes – 15 U.S.C. § 1607(c) and 15 U.S.C. § 1693o(c) – which confer upon the FTC the authority to enforce those laws *under the FTC Act*.[36]   As demonstrated

---

[35]   Littleaxe Answer, Affirmative Defenses 3, 38;

Muir Defendants Answer, Affirmative Defenses 14 and 15.

[36]   15 U.S.C. § 1607(c) ("a violation of any requirement imposed under this subchapter [TILA] shall be deemed a violation of a requirement imposed under that Act [the FTC Act]. All of the functions and powers of the Federal Trade Commission under the Federal

above, claims for equitable relief under Section 13(b) of the FTC Act, such as the FTC's TILA and EFTA claims here, are not subject to any limitations period. *See* Part IV(E), *supra*.

### 2.   The TILA And EFTA Bona Fide Errors Defenses, 15 U.S.C. § 1640(c) and § 1693m(c), Do Not Apply In An FTC Enforcement Action

The Muir Defendants and Littleaxe also attempt to apply the "bona fide errors" defenses in TILA sections 1640(c) and EFTA section 1693m(c).[37] As with the statute of limitations periods for private actions, the bona fide errors doctrines do not apply in this FTC enforcement action.

- TILA section 1640(c) applies the bona fide errors doctrine to TILA actions "under this section" (referring to section 1640) "or section 1635 of this title." The FTC, however, has brought its TILA claims under a different section of the Act – 15 U.S.C. § 1607(c) – which confers upon the FTC the authority to enforce those laws under the FTC Act.  Thus, the bona fide errors provision in Section 1640(c) does not apply.

- Similarly, EFTA section 1693m(c) applies the bona fide errors doctrine to EFTA actions "under this section" (referring to section 1693m of the act). The FTC, however, brought its EFTA claims under a different section of the Act – 15 U.S.C. § 1607o(c) – which confers upon the FTC the authority to enforce those laws under the FTC Act.  Thus, the bona fide errors provision in Section § 1693m(c) does not apply.

### 3.   The EFTA Good Faith Compliance Defense, 15 U.S.C. § 1693m(d), Does Not Apply In An FTC Enforcement Action

The Muir Defendants and Littleaxe attempt to apply the "good faith compliance" defense in EFTA section 1693m(d).[38]  As above, section 1693m(d), however, only applies to "this section"

_____

Trade Commission Act are available to the Federal Trade Commission to enforce compliance by any person with the requirements under this subchapter [TILA]"); 15 U.S.C. § 1693o(c) (same, authorizing FTC to bring EFTA violations under the FTC Act).

[37]   Littleaxe Answer, Affirmative Defenses 15 and 16;

Muir Defendants Answer, Affirmative Defenses 9 and 10.

[38]   Littleaxe Answer, Affirmative Defenses 18;

Muir Defendants Answer, Affirmative Defense 12.

(referring to section 1693m) "or section 1693n of this title." The FTC brought its EFTA claims under section 15 U.S.C. § 1607o(c).  This defense is also inapplicable.

### 4. Defendants Cannot Rely On The TILA Good Faith Compliance Defense, 15 U.S.C. § 1640(f), Because They Did Not Act In Conformity With Any Rule Or Regulation

The Muir Defendants and Troy Littleaxe attempt to apply the TILA "good faith compliance" defense in TILA section 1640(f),[39] which shields from liability "any act done or omitted in good faith *in conformity* with any rule, regulation, or interpretation thereof" (emphasis added).

As the text specifies, this defense is available to a creditor only if he acts "in conformity" with certain official interpretations of the TILA.  *Cox v.  First Nat. Bank of Cincinnati*, 751 F.2d 815, 825 (6th Cir. 1985).  Importantly, the Muir Defendants and Troy Littleaxe do not specify which rule, regulation, or interpretation they supposedly comply with in good faith.  In addition, section 1640(f) creates no good faith defense based on the creditor's honest and reasonable, but mistaken, interpretation of Regulation Z.  *Kessler v. Assocs. Fin. Servs. Co.*, 573 F.2d 577, 579 (9th Cir. 1977); *see also Hendley v. Cameron-Brown Co.*, 840 F.2d 831, 834 (11th Cir. 1988); *Valencia v. Anderson Bros. Ford,* 617 F.2d 1278, 1287-88 (7th Cir.1980) (noting a creditor's honest and reasonable but mistaken interpretation is not protected), *rev'd on other grounds,* 452 U.S. 205 (1981); *London v. Chase Manhattan Bank USA, N.A.*, 150 F. Supp. 2d 1314, 1328 (S.D. Fla. 2001) (finding that defendant must show it acted in good faith in conformity with a regulation made by the Board).  As a result, even if defendants mistakenly believed they were in compliance with Regulation Z, based on an erroneous legal interpretation of that regulation, this fact would not protect them from liability.

---

[39]     Littleaxe Answer, Affirmative Defense 17;

Muir Defendants Answer, Affirmative Defense 11.

**5.     Defendants Have Not Provided Notice of TILA Errors Or Made Adjustments To Consumers' Accounts, As Would Be Required To Invoke A Correction Of Errors Defense Under 15 U.S.C. § 1640(b)**

The Muir Defendants and Troy Littleaxe also contend that the FTC's action is barred by the correction of errors doctrine, 15 U.S.C. § 1640(b).[40] That provision shields from liability any creditor or assignee who "within sixty days after discovering an error, […] and prior to the institution of an action under this section, […] notifies the person concerned of the error and makes whatever adjustments […] are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower." *Id.*

Defendants have not met even a single one of the criteria necessary to invoke this defense. They have not notified any consumers of any TILA error, and they have not made any adjustments to any consumers' accounts. Nor, obviously, have defendants offered such notifications and adjustments within sixty days and prior to the institution of this action.

**6.     The TILA "Multiple Obligors" Provision Does Not Apply Because Defendants' Loans Do Not Involve Multiple Obligors**

The Muir Defendants and Troy Littleaxe cite to 15 U.S.C. § 1640(d) and contend that any recovery from other defendants precludes recovery from them.[41] By its terms, that TILA provision, however, only applies to transactions with "multiple obligors," 15 U.S.C. § 1640(d), and stands for the simple proposition that two borrowers or lessors can only recover once for the same TILA violation. Defendants' loans in this case do not involve "multiple obligors," so this provision is inapplicable here.

---

[40]     Muir Defendants Answer, Affirmative Defense 8; Littleaxe Answer, Affirmative Defense 14.

[41]     Muir Defendants Answer, Affirmative Defense 13; Littleaxe Answer, Affirmative Defense 19.

**B.** **The Muir Defendants And Troy Littleaxe Attempt To Invoke Various Other Defenses That Are Irrelevant To FTC Act Liability**

**1.** **Good Faith And Lack Of Intent To Harm Are Not FTC Act Defenses**

The Muir Defendants and Littleaxe claim that they acted "fairly and in good faith, without intent to harm," or that they acted "reasonably" and were "justified and/or privileged in [their] actions."[42]  Good faith, however, is not a defense to relief sought under section 13(b) for violation of Section 5 of the FTC Act.  *FTC v. LoanPointe, LLC*, 2:10-CV-225DAK, 2011 WL 4348304, at *9 (D. Utah Sept. 16, 2011).  Similarly, intent to deceive is not required for a misrepresentation to be actionable under Section 5 of the FTC Act.  *See LoanPointe, LLC*, 2011 WL 914179 at *9; *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005); *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976).  These defenses are irrelevant.

**2.** **The FTC Is Not Required To Join Other Persons**

Troy Littleaxe argues that the FTC has "failed to join indispensible parties to this action,"[43] that the consumers' claims "expose the Defendants to multiple, duplicative, and/or inconsistent obligations,"[44] and that the FTC has failed to join and/or seek recovery on behalf of the "current owners of the claims for which they purpose to assert their claims."[45]

Determinations by regulatory agencies about which parties to name in an enforcement action are presumed immune from judicial review. *SEC v. Princeton Econ. Int'l Ltd.*, 99 CIV 9667 RO, 2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001); *see also Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (holding that "when an agency refuses to act it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe upon areas that courts often

---

[42]   Muir Defendants Answer, Affirmative Defenses 5 and 6;

Littleaxe Answer, Affirmative Defenses 11 and 12.

[43]   Littleaxe Answer, Affirmative Defense 47.

[44]   Littleaxe Answer, Affirmative Defense 46.

[45]   Littleaxe Answer, Affirmative Defense 48.

are called upon to protect"); *New York City Employees' Retirement Sys. v. SEC*, 45 F.3d 7, 11 (2d Cir. 1994) (same); *Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 582 (2d Cir. 1987) (same).

In addition, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *U.S. v. Lopez*, 6 F.3d 1281, 1288 (7th Cir. 1993) (government does not need to charge or even identify coconspirators to convict a defendant of conspiracy). In *SEC v. Princeton Econ. Int'l, Ltd.*, 2001 WL 102333, at *1, the court held that entities engaged in unlawful activities in an SEC enforcement suit are "akin to coconspirators," and not all need to be joined in the lawsuit in order for the court to find the defendant liable for the alleged fraudulent conduct. As a result, the court refused to dismiss the suit for failure to join indispensable parties. *Id.*

In this case, the FTC has discretion to decide which parties to name in an enforcement action. The FTC is also not required to join all entities involved in the unlawful behavior in one single lawsuit. Moreover, Troy Littleaxe has not even indicated in his answer which indispensible parties he is referring to, thus failing to give FTC "fair notice" of this defense. Assuming Troy Littleaxe is claiming that other persons should be named defendants, the case above disposes of that argument. Assuming Troy Littleaxe is claiming that consumer claimants are indispensable parties to this lawsuit, he continues to misconstrue this case as a suit where the government stands in the shoes of private parties, not what this case is – an action brought by a federal government agency pursuant to its statutory mandate to protect the public interest. *Larkin*, 841 F. Supp. At 907. Indeed, it would frustrate the consumer protection function of the FTC, and contradict decades of practice, to suddenly require that the FTC join injured consumers as parties in its consumer protection enforcement actions.

### 3.     The FTC Is Not Required To Exhaust Administrative Remedies

Troy Littleaxe asserts that the FTC has "failed to exhaust its administrative remedies."[46] However, it is well-established that if the FTC has reason to believe that a person, partnership, or

---

[46]     Littleaxe Answer, Affirmative Defense 56.

corporation is violating the FTC Act, it "may bring suit in a district court of the United States to enjoin any such act or practice." 15 U.S.C. § 53(b).  This defense is particularly defective because Troy Littleaxe has not identified what administrative process that the FTC supposedly failed to exhaust here.  Courts have rejected the notion that Section 13(b) of the FTC Act contains any mandatory administrative procedure.  *See, e.g. United States v. JS & S Group, Inc.,* 716 F.2d 451, 457 (7th Cir.1983) (Section 13(b) of the FTC Act authorizes district court litigation regardless of whether an administrative proceeding is pending or contemplated); *Singer*, 668 F.2d at 1111 (FTC may seek permanent injunction in district court without administrative proceeding in a proper case).  To the extent that Troy Littleaxe is referencing the TILA administrative procedures, the Court has already found those to be inapplicable as stated above.  *See* Part IV.A.1, *supra*.

> ### 4.    Injunctive Relief Is Not Moot Because Unlawful Conduct Is Likely To Reoccur

The Muir Defendants and Littleaxe assert that "Plaintiff's claim for injunctive relief is moot and therefore barred in that the activities complained of by Plaintiff, the illegality of which is denied, are no longer occurring."[47]  However, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways. " *United States v. Concentrated Phosphate Export Ass'n., Inc.,* 393 U.S. 199, 203 (1968) (internal quotations omitted).  On the contrary, the test for mootness "is a stringent one" and defendants must show that "subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999).  Even if the allegedly improper conduct has ceased, however, an injunction may be appropriate if there is a cognizable danger of recurrent violation.  *Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711 at *2 (striking mootness defense in FTC action).  In this case, the only reason defendants have ceased their unlawful lending and collections practices, if

---

[47]    Muir Defendants Answer, Affirmative Defense 18; Littleaxe Answer, Affirmative Defense 49.

they in fact did so, is because the parties sought, and this Court entered, a stipulated preliminary injunction.  (Docket No. 296.)  Because defendants have only temporarily agreed to cease engaging in the illegal conduct, and because, without permanent injunctive relief, they would be free to re-engage in same unlawful business activities, the request for permanent injunctive relief is not moot.

### C.   Miscellaneous Irrelevant And Nonsensical Affirmative Defenses

Troy Littleaxe raised 59 affirmative defenses in his answer, essentially copying the affirmative defenses offered by the other defendants and also offering the following hodgepodge of other affirmative defenses not previously discussed:[48]

- The claimants for whom the Plaintiff purports to assert its claims are not entitled to relief because of insufficient accounting (No. 20);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by failure of consideration (No. 23);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by contributory negligence (No. 24);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by fraud (No. 25);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by illegality (No. 26);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they had the option to defer their payments (No. 27);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by lack of authority (No. 30);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by license (No. 33);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by res judicata (No. 36);

---

[48]     In fact, there are near duplicate affirmative defenses even within Troy Littleaxe's answer. (Docket No. 319, affirmative answers 7 & 9; 22 & 43.)

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by the statute of frauds (No. 37);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because their claims are not ripe (No. 40);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they lack standing (No. 41);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they no longer own the claims (No. 44); and

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they never owned the claims (No. 45).

The above-listed defenses have no conceivable bearing on the FTC's claims in this case. All of them refer to the consumers affected by Defendants' actions, who are not parties to this suit. As explained in section IV(B)(3), *supra*, the FTC brings this suit in its own name, so defenses asserted against consumers are not appropriate. *See Larkin*, 841 F. Supp. at 907.  In addition, as with all of the other defenses discussed in this memorandum, these defenses are only stated in a conclusory manner, such that the FTC has no fair notice or ability to meaningfully respond to them. *See North American Marketing*, 2012 WL 5034967, at *5 (striking contributory negligence, failure of consideration, fraud, illegality, license, res judicata, and statute of frauds defenses, among others). Mr. Littleaxe's kitchen sink of boilerplate defenses only serves to distract from the core issues here.

## VI.   CONCLUSION

To avoid unnecessary use of judicial resources to address Defendants' repeated and previously denied arguments and other frivolous defenses, the Court should strike defendants' affirmative defenses as enumerated in this motion.

Dated:  March 5, 2013                                      /s/ Nikhil Singhvi

Nikhil Singhvi
Jason D. Schall
Julie G. Bush
Helen P. Wong
Ioana Rusu

*Attorneys for Plaintiff*
*Federal Trade Commission*

30

**APPENDIX**

**Defendants' Affirmative Defenses Addressed In This Motion
In Order Of Docket Number Appearance**

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Red Cedar Services (Docket No. 310) | 2. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| Red Cedar Services (Docket No. 310) | 3. Statute of limitations | No statute of limitations is applicable | IV.E |
| Red Cedar Services (Docket No. 310) | 4. FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Red Cedar Services (Docket No. 310) | 5. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Red Cedar Services (Docket No. 310) | 6. Laches | Defense not available in a government prosecution | IV.B.1 |
| Red Cedar Services (Docket No. 310) | 7. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Red Cedar Services (Docket No. 310) | 8. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| SFS Inc. (Docket No. 311) | 2. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| SFS Inc. (Docket No. 311) | 3. Statute of limitations | No statute of limitations is applicable | IV.E |
| SFS Inc. (Docket No. 311) | 4. FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| SFS Inc. (Docket No. 311) | 5. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| SFS Inc. (Docket No. 311) | 6. Laches | Defense not available in a government prosecution | IV.B.1 |
| SFS Inc. (Docket No. 311) | 7. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| SFS Inc. (Docket No. 311) | 8.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Robert Campbell (Docket No. 312) | 2.  FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| Robert Campbell (Docket No. 312) | 3.  Statute of limitations | No statute of limitations is applicable | IV.E |
| Robert Campbell (Docket No. 312) | 4.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Robert Campbell (Docket No. 312) | 5.  Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Robert Campbell (Docket No. 312) | 6.  Laches | Defense not available in a government prosecution | IV.B.1 |
| Robert Campbell (Docket No. 312) | 7.  Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Robert Campbell (Docket No. 312) | 8.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Robert Campbell (Docket No. 312) | 9.  Reservation of right to amend | This is a legal request, not an affirmative defense | IV.F.2 |
| Muir Defendants (Docket No. 313) | 1. Failure to state a claim | Already adjudicated | IV.A.2 |
| Muir Defendants (Docket No. 313) | 2. Attorneys are not liable for acts/omissions of clients | This is a negative defense, not an affirmative defense | IV.F.1 |
| Muir Defendants (Docket No. 313) | 3.  Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Muir Defendants (Docket No. 313) | 4. Intervening/superseding cause | This is a negative defense, not an affirmative defense | IV.F.1 |
| Muir Defendants (Docket No. 313) | 5. Muir Defendants acted in good faith, without intent to harm | Not a valid FTC Act defense | V.B.1 |
| Muir Defendants (Docket No. 313) | 6. Muir Defendants acted reasonably and were justified/privileged | Not a valid FTC Act defense | V.B.1 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Muir Defendants (Docket No. 313) | 7. Muir Defendants' liability contingent on lending defendants' liability, and incorporating their defenses | Other defendants' defenses are defective | *Passim* |
| Muir Defendants (Docket No. 313) | 8. TILA corrections of errors doctrine | Defendants have never given notice of TILA errors or adjusted consumers' accounts | V.A.5 |
| Muir Defendants (Docket No. 313) | 9. TILA bona fide errors doctrine | Provision does not apply in FTC enforcement action | V.A.2 |
| Muir Defendants (Docket No. 313) | 10. EFTA bona fide errors doctrine | Provision does not apply in FTC enforcement action | V.A.2 |
| Muir Defendants (Docket No. 313) | 11. TILA good faith compliance | Defendants did not act "in conformity" with any rule or regulation | V.A.4 |
| Muir Defendants (Docket No. 313) | 12. EFTA good faith compliance | Provision does not apply in FTC enforcement action | V.A.3 |
| Muir Defendants (Docket No. 313) | 13. TILA limitation on multiple recoveries | The transactions at issue here do not involve multiple obligors | V.A.6 |
| Muir Defendants (Docket No. 313) | 14. TILA statute of limitations | Provision does not apply in FTC enforcement action | V.A.1 |
| Muir Defendants (Docket No. 313) | 15. EFTA statute of limitations | Provision does not apply in FTC enforcement action | V.A.1 |
| Muir Defendants (Docket No. 313) | 16. Plaintiff not entitled to relief sought in complaint | This is a legal objection, not an affirmative defense | IV.F.2 |
| Muir Defendants (Docket No. 313) | 17. Statute of limitations | No statute of limitations is applicable | IV.E |
| Muir Defendants (Docket No. 313) | 18. Request for injunctive relief is moot | Defendants have not admitted wrongdoing, so conduct may recur | V.B.4 |
| Muir Defendants (Docket No. 313) | 19. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| Muir Defendants (Docket No. 313) | 20. FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Muir Defendants (Docket No. 313) | 21.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Muir Defendants (Docket No. 313) | 22, 23.  Reservation of right to amend | This is a legal request, not an affirmative defense | IV.F.2 |
| Muir Defendants (Docket No. 313) | 24.  Request for attorney's fees and costs | This is a legal request, not an affirmative defense | IV.F.2 |
| Blaine Tucker Defendants (Docket No. 314) | 1. Statute of limitations | No statute of limitations is applicable | IV.E |
| Blaine Tucker Defendants (Docket No. 314) | 2.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Blaine Tucker Defendants (Docket No. 314) | 4. Voluntary payment doctrine | Defense not available in a consumer protection action | IV.B.4 |
| Blaine Tucker Defendants (Docket No. 314) | 5. Waiver | Defense not available in a consumer protection action | IV.B.4 |
| Blaine Tucker Defendants (Docket No. 314) | 6.  Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Blaine Tucker Defendants (Docket No. 314) | 7.  Laches | Defense not available in a government prosecution | IV.B.1 |
| Blaine Tucker Defendants (Docket No. 314) | 8.  Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Blaine Tucker Defendants (Docket No. 314) | 9.  FTC required to use TILA administrative cease and desist procedures; and defendants are not "creditors" under TILA | Already adjudicated | IV.A.1; IV.A.3 |
| Blaine Tucker Defendants (Docket No. 314) | 10. Unclean hands | Defense not available in a government prosecution | IV.B.3 |
| Scott Tucker Defendants (Docket No. 315) | 1. Statute of limitations | No statute of limitations is applicable | IV.E |
| Scott Tucker Defendants (Docket No. 315) | 2.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Scott Tucker Defendants (Docket No. 315) | 4. Voluntary payment doctrine | Defense not available in a consumer protection action | IV.B.4 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Scott Tucker Defendants (Docket No. 315) | 5. Waiver | Defense not available in a consumer protection action | IV.B.4 |
| Scott Tucker Defendants (Docket No. 315) | 6. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Scott Tucker Defendants (Docket No. 315) | 7. Laches | Defense not available in a government prosecution | IV.B.1 |
| Scott Tucker Defendants (Docket No. 315) | 8. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Scott Tucker Defendants (Docket No. 315) | 9. FTC required to use TILA administrative cease and desist procedures; and defendants are not "creditors" under TILA | Already adjudicated | IV.A.1; IV.A.3 |
| Scott Tucker Defendants (Docket No. 315) | 10. Unclean hands | Defense not available in a government prosecution | IV.B.3 |
| AMG Services, Inc. (Docket No. 316) | 1. Statute of limitations | No statute of limitations is applicable | IV.E |
| AMG Services, Inc. (Docket No. 316) | 3. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| AMG Services, Inc. (Docket No. 316) | 4. Laches | Defense not available in a government prosecution | IV.B.1 |
| AMG Services, Inc. (Docket No. 316) | 5. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| AMG Services, Inc. (Docket No. 316) | 6. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| AMG Services, Inc. (Docket No. 316) | 7. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Don Brady (Docket No. 317) | 2. FTC required to use TILA administrative cease and desist procedures; and defendants are not "creditors" under TILA | Already adjudicated | IV.A.1; IV.A.3 |
| Don Brady (Docket No. 317) | 3. Statute of limitations | No statute of limitations is applicable | IV.E |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Tribal Financial Services (Docket No. 318) | 1. Statute of limitations | No statute of limitations is applicable | IV.E |
| Tribal Financial Services (Docket No. 318) | 3. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Tribal Financial Services (Docket No. 318) | 4. Laches | Defense not available in a government prosecution | IV.B.1 |
| Tribal Financial Services (Docket No. 318) | 5. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Tribal Financial Services (Docket No. 318) | 6. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| Tribal Financial Services (Docket No. 318) | 7. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Troy Littleaxe (Docket No. 319) | 1. Failure to state a claim | Already adjudicated | IV.A.2 |
| Troy Littleaxe (Docket No. 319) | 3, 38. Statute of limitations | No statute of limitations is applicable | IV.E |
| Troy Littleaxe (Docket No. 319) | 4. FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Troy Littleaxe (Docket No. 319) | 5. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Troy Littleaxe (Docket No. 319) | 6. Laches | Defense not available in a government prosecution | IV.B.1 |
| Troy Littleaxe (Docket No. 319) | 7, 9. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1 |
| Troy Littleaxe (Docket No. 319) | 8. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Troy Littleaxe (Docket No. 319) | 10. Independent, intervening, or superseding cause | This is a negative defense, not an affirmative defense | IV.F.1 |
| Troy Littleaxe (Docket No. 319) | 11. Troy Littleaxe acted in good faith, without intent to harm | Not a valid FTC Act defense | V.B.1 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Troy Littleaxe (Docket No. 319) | 12. Troy Littleaxe acted reasonably and was justified/privileged | Not a valid FTC Act defense | V.B.1 |
| Troy Littleaxe (Docket No. 319) | 13. Troy Littleaxe's liability contingent on lending defendants' liability, and incorporating their defenses | Other defendants' defenses are defective | *Passim* |
| Troy Littleaxe (Docket No. 319) | 14. TILA corrections of errors doctrine | Defendants have never given notice of TILA errors or adjusted consumers' accounts | V.A.5 |
| Troy Littleaxe (Docket No. 319) | 15. TILA bona fide errors doctrine | Provision does not apply in FTC enforcement action | V.A.2 |
| Troy Littleaxe (Docket No. 319) | 16. EFTA bona fide errors doctrine | Provision does not apply in FTC enforcement action | V.A.2 |
| Troy Littleaxe (Docket No. 319) | 17. TILA good faith compliance | Defendants did not act "in conformity" with any rule or regulation | V.A.4 |
| Troy Littleaxe (Docket No. 319) | 18. EFTA good faith compliance | Provision does not apply in FTC enforcement action | V.A.3 |
| Troy Littleaxe (Docket No.319) | 19. TILA limitation on multiple recoveries | The transactions at issue here do not involve multiple obligors | V.A.6 |
| Troy Littleaxe (Docket No. 319) | 20. Insufficient accounting | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 21. Accord and satisfaction | Defense not available in a consumer protection action | IV.B.4 |
| Troy Littleaxe (Docket No. 319) | 22, 43. Estoppel (against consumers) | Defense not available in a consumer protection action | IV.B.2; IV.B.3 |
| Troy Littleaxe (Docket No. 319) | 23. Failure of consideration | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 24. Contributory negligence | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 25. Fraud | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 26. Illegality | Irrelevant and nonsensical | V.C |

| Defendant | Affirmative Defense | Defect | Argument Section |
|-----------|--------------------|--------|------------------|
| Troy Littleaxe (Docket No. 319) | 27.  Consumers had the option to defer payments | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 28.  Consumers were not deceived | This is a negative defense, not an affirmative defense | IV.F.1 |
| Troy Littleaxe (Docket No. 319) | 29.  Consumers not obligated to authorize electronic transfers | This is a negative defense, not an affirmative defense | IV.F.1 |
| Troy Littleaxe (Docket No. 319) | 30.  Lack of authority | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 31.  Laches (by consumers) | Defense not available in a consumer protection action | IV.B.1; IV.B.3 |
| Troy Littleaxe (Docket No. 319) | 32.  Waiver | Defense not available in a consumer protection action | IV.B.4 |
| Troy Littleaxe (Docket No. 319) | 33.  License | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 34.  Payment | Defense not available in a consumer protection action | IV.B.4 |
| Troy Littleaxe (Docket No. 319) | 35.  Release | Defense not available in a consumer protection action | IV.B.4 |
| Troy Littleaxe (Docket No. 319) | 36.  Res judicata | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 37.  Statute of frauds | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 39.  Consumers acted unreasonably | This is a negative defense, not an affirmative defense | IV.F.1 |
| Troy Littleaxe (Docket No. 319) | 40.  Claims are not ripe | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 41.  Lack of standing | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 42.  Unclean hands (by consumers) | Defense not available in a consumer protection action | IV.B.3 |
| Troy Littleaxe (Docket No. 319) | 44.  Claimants no longer own claims | Irrelevant and nonsensical | V.C |
| Troy Littleaxe (Docket No. 319) | 45.  Claimants never owned claims | Irrelevant and nonsensical | V.C |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Troy Littleaxe (Docket No. 319) | 46. Exposure to multiple obligations | FTC not required to join all parties | V.B.2 |
| Troy Littleaxe (Docket No. 319) | 47. Failure to join indispensable parties | FTC not required to join all parties | V.B.2 |
| Troy Littleaxe (Docket No. 319) | 48. Failure to join owners of the claims | FTC not required to join all parties | V.B.2 |
| Troy Littleaxe (Docket No. 319) | 49. Request for injunctive relief is moot | Defendants have not admitted wrongdoing, so conduct may recur | V.F.1 |
| Troy Littleaxe (Docket No. 319) | 50. Lack of subject matter jurisdiction | Already adjudicated | IV.A.4 |
| Troy Littleaxe (Docket No. 319) | 51. Lack of personal jurisdiction over claimants | Party cannot assert lack of jurisdiction on behalf of nonparty; waived | IV.A.5 |
| Troy Littleaxe (Docket No. 319) | 52. Improper venue for claimants | Party cannot assert improper venue on behalf of nonparty; waived | IV.A.5 |
| Troy Littleaxe (Docket No. 319) | 56. Failure to exhaust administrative remedies | Not a valid FTC Act defense | V.B.3 |
| Troy Littleaxe (Docket No. 319) | 57. Reservation of rights to complete answer | This is a legal request, not an affirmative defense | IV.F.2 |
| Troy Littleaxe (Docket No. 319) | 58. FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.1 |
| Troy Littleaxe (Docket No. 319) | 59. Reservation of rights to amend answer to allege additional affirmative defenses | This is a legal request, not an affirmative defense | IV.F.2 |

**CERTIFICATE OF SERVICE**

I, Nikhil Singhvi, certify that, as indicated below, all parties were served by email with **PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f)(1)** filed with the Court.

Dated this 5th day of March, 2013

/s/ Nikhil Singhvi_____
Nikhil Singhvi

**Electronic Case Filing:**

David J. Merrill (david@djmerrillpc.com)
Conly J. Schulte (cschulte@ndnlaw.com)
Francis J. Nyhan (jnyhan@ndnlaw.com)
Shilee T. Mullin (smullin@ndnlaw.com)
*Attorneys for Defendants AMG Services, Inc.; Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash; Tribal Financial Services, dba Ameriloan, UnitedCashLoans, USFastCash, and Miami Nation Enterprises*

David J. Merrill (david@djmerrillpc.com)
Debra K. Lefler (debra.lefler@kirkland.com)
Bradley Weidenhammer (bweidenhammer@kirkland.com)
Charles Kalil (ckalil@kirkland.com)
Richard Howell (rhowell@kirkland.com)
*Attorneys for Defendants AMG Services, Inc.; Tribal Financial Services, dba Ameriloan, UnitedCashLoans, USFastCash, and Miami Nation Enterprises*

Von S. Heinz (vheinz@lrlaw.com)
Darren J. Lemieux (dlemieux@lrlaw.com)
E. Leif Reid (lreid@lrlaw.com)
Jeffrey D. Morris (jmorris@berkowitzoliver.com)
Ryan C. Hudson (rhudson@berkowitzoliver.com)
Nick J. Kurt (nkurt@berkowitzoliver.com)
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Blaine A. Tucker*

L. Christopher Rose (lcr@juww.com)
Michael R. Ernst (mre@juww.com)
*Attorneys for Defendants The Muir Law Firm, LLC and Timothy J. Muir*

Jay Young (jay@maclaw.com)
*Attorney Defendant for Robert D. Campbell*

Paul C. Ray (paulcraylaw@aol.com)
Alyssa D. Campbell (acampbell@laic-law.com)
*Attorneys for Defendant Troy L. Littleaxe*

Patrick J. Reilly (preilly@hollandhart.com)
Linda C. McFee  (lmcfee@mcdowellrice.com)
*Attorneys for Relief  Defendants Kim C. Tucker and Park 269 LLC*

Brian R. Reeve (breeve@swlaw.com)
Nathan F. Garrett (ngarrett@gbmglaw.com)
Whitney P. Strack (pstrack@gbmglaw.com)
*Attorneys for Defendant Don E. Brady*