**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | 2:12-cv -00536-GMN-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| AMG SERVICES, INC., *et al.,* | [Plaintiff's Motion to Strike Defendants' Affirmative Defenses Pursuant to Rule 12(f)(1) (#334)] |
| Defendants. | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses Pursuant to Rule 12(f)(1). (#334). On March 22, 2013, Defendant Timothy J. Muir and the Muir Law Firm filed an Opposition (#348), Defendants AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, LeadFlash Consulting, LLC, Scott Tucker, and Blaine Tucker filed a Joint Opposition to Plaintiff's Motion to Strike (#350), Defendant Don E. Brady filed an Opposition to Plaintiff's Motion to Strike (#351), Defendants AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. (collectively, "Tribal Defendants") filed an Opposition to Plaintiff's Motion to Strike (#352), Defendant Robert Campbell filed a Joinder (#353) to Tribal Defendant's Opposition (#352), and Defendant Troy LittleAxe filed an Opposition to Plaintiff's Motion to Strike (#354). On April 1, 2013, Plaintiff filed a Reply in Support of the Motion to Strike. (#367).

/ / /

**DISCUSSION**

Plaintiff's Motion to Strike challenges the legal sufficiency of all affirmative defenses raised by defendants (#310-319) except the defenses challenging the authority of the FTC to enforce federal laws against Native American Tribes or the "arms" of Native American Tribes. (#334). On December 27, 2012, the court signed the parties' Stipulated Preliminary Injunction and Bifurcation ("Bifurcation Order"). (#296). Pursuant to the Bifurcation Order, the parties are now litigating "Phase 1: Liability." *Id.* Page 9 of the Bifurcation Order establishes the substantive areas to be adjudicated in Phase 1, as follows:

**IT IS FURTHER ORDERED** that these proceedings shall be bifurcated as follows:

PHASE 1: LIABILITY

A. The Court shall first adjudicate the merits of the following FTC claims, including discovery, motion practice, and, if necessary, a hearing related thereto:

1. Defendants' alleged violations of the FTC Act (15 U.S.C. § 45(a));

2. Defendants' alleged violations of TILA (15 U.S.C. §§1601-1666j) and Regulation Z (12 C.F.R § 1026);

3. Defendants' alleged violations of EFTA (15 U.S.C. § 1693) and Regulation E (12 C.F.R. § 1005.10(e)(1)).

B. The Court shall also adjudicate through motion practice the legal question of whether, and to what extent, the FTC has authority over Indian tribes whose sovereignty is asserted in this case and/or AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. for alleged violations of the FTC Act.

*Id*. The merits of defendants' affirmative defenses are outside the scope of Phase 1. These defenses are included in Phase 2, as follows:

> PHASE 2: COMMON ENTERPRISE CLAIM, INDIVIDUAL LIABILITY, AND MONETARY RELIEF
>
> A. Upon a finding by this Court of liability for any of the claims listed in paragraphs A(1), A(2), or A(3), the parties *shall adjudicate all remaining issues, claims, and defenses*, including discovery, motion practice, and a hearing related thereto, including, but not limited to:
>
>> 1. Whether Defendants constitute a common enterprise;
>>
>> 2. Whether any individual Defendant is personally liable for corporate violations of the FTC Act; and
>>
>> 3. Relief sought by the FTC from Defendants and Relief Defendants.
>
> B. If the Court determines that the FTC Act does not give the FTC authority over the Indian tribes whose sovereignty is asserted in this case, but may give the FTC authority over AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. for alleged violations of the FTC Act, the parties may resume fact discovery related to the Defendants' defense that the FTC does not have authority to bring suit against Defendants for violations of the FTC Act.

*Id.* (emphasis added). Plaintiff's Motion to Strike Defendants' Affirmative Defenses Pursuant to Rule 12(f)(1) raises issues reserved for Phase 2 of this bifurcation proceeding. *See* (#334); *see also* (#296). Accordingly, the Plaintiff's Motion to Strike Defendants' Affirmative Defenses Pursuant to Rule 12(f)(1) (#334) should be denied *without prejudice*.

/ / /

**RECOMMENDATION**

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion to Strike Defendants' Affirmative Defenses Pursuant to Rule 12(f)(1) (#334) be DENIED *without prejudice*.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 15th day of April, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE