ANDREW A. KASSOF, P.C.
BRADLEY H. WEIDENHAMMER
RICHARD U.S. HOWELL
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email: andrew.kassof@kirkland.com
        bradley.weidenhammer@kirkland.com
        rhowell@kirkland.com

*Attorneys for Defendants AMG Services, Inc.
and MNE Services, Inc. (dba Tribal Financial
Services, Ameriloan, UnitedCashLoans,
USFastCash)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No.: 2:12-CV-536-GMN-(VCF) |
| v. | |
| AMG SERVICES, INC., *ET AL.*, | **DEFENDANTS' MOTION TO EXCLUDE EVIDENCE NOT DISCLOSED AS REQUIRED UNDER RULE 26(a)(1)** |
| Defendants, and | |
| PARK 269 LLC, *ET AL.*, | |
| Relief Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26(a)(1) and 37(c), defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc., move this Court to enter an order (1) finding that the FTC breached its obligation under Rule 26(a)(1) to disclose the witnesses whose statements are contained in the FTC's Motion for Summary Judgment Exhibits 75, 80–92, 112–17, 125–62, 167–68, and 184–89;[1] and (2) excluding from evidence statements by consumers the FTC failed to properly disclose as required under Rule 26(a)(1), including for purposes of the FTC's Motion for Summary Judgment, other motions, or any subsequent trial.   In support of this motion, defendants state as follows:

1. As set forth in great detail in *Defendants' Rule 56(c)(2) Objection to FTC Evidence, or in the Alternative, Rule 56(d) Motion for Additional Discovery* (ECF No. 498), the FTC grossly violated its discovery obligations under Rule 26(a)(1) by failing to disclose the identity of a large number of consumers whose hearsay statements the FTC intended to rely on to support its claim.[2]

2. Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

3. In the memorandum supporting its Motion for Summary Judgment (ECF No. 456), well after the close of discovery, the FTC cited and relied for the first time on a number

---

[1] Unless otherwise noted, exhibit numbers refer to documents filed with the FTC's motion for summary judgment (ECF No. 455).  *See* Exhibits 167 and 168 (consumer complaints); Exhibits 80–92, 125–62, and 184–89 (recordings and transcriptions of consumers' calls to the defendants); and Exhibits 75, 112–117 (former AMG employees' statements purporting to recount statements consumers allegedly made to them on the telephone).

[2] This motion incorporates all of the facts and arguments found in *Defendants' Rule 56(c)(2) Objection to FTC Evidence, or in the Alternative, Rule 56(d) Motion for Additional Discovery* (ECF No. 498).

1

of hearsay statements by consumers whose identity had never been disclosed to Defendants as required by Rule 26(a)(1).

4. Federal Rule of Civil Procedure 37(c) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[3] As a court in this circuit recently explained, "Parties, aware of the 'self-executing' and 'automatic' nature of Rule 37(c)(1) sanctions, have a right to expect that only disclosed witnesses will be used to support the disclosing party's claims and defenses. They should be able to rely on Rule 26 disclosures." *Rhodes v. Sutter Health*, No. CIV. 2:12-0013, 2013 WL 425404, at *10 (E.D. Cal. Feb. 1, 2013).

5. The FTC's failure to disclose these witnesses is far from harmless—it deprived Defendants of any opportunity to conduct discovery to test or challenge the veracity of their statements—and it cannot be justified: the FTC knew these consumers' names throughout discovery (and in many cases before filing this suit), yet it never saw fit to disclose them (despite repeatedly amending its disclosures, including most recently the FTC's Fifth Amended Rule 26(a)(1) Disclosures, dated on August 6, 2013).

6. Rule 37(c)(1) therefore automatically bars the FTC from using that "information or witness[es] to supply evidence on a motion, at a hearing, or at a trial."

---

[3] *See also* Fed. R. Civ. P. 26(g) (1) (every disclosure under Rule 26(a)(1) must be signed, which certifies that to the best of the person's knowledge after reasonable inquiry "with respect to a disclosure, it is complete and correct at the time it is made"); Fed. R. Civ. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.").

2

Accordingly, defendants respectfully move the Court to grant their motion and:

(1) find that the FTC failed to disclose, as required by Rule 26(a)(1)(A)(i), the names of consumers whose statements are found in Exhibits 167, 168, 80–92, 125–62, 184–89, 75, and 112–17 to the FTC's Motion for Summary Judgment; and

(2) exclude from evidence statements by those undisclosed consumers, for purposes of the FTC's Motion for Summary Judgment (including paragraphs 69, 70, 71, 72, 84, 85, 86, 88, and 90 of the FTC's statement of material facts (ECF No. 456, at 4–38)), other motions, or any subsequent trial.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

**Dated**:  December 3, 2013

/s/ David J. Merrill
DAVID J. MERRILL
DAVID J. MERRILL, P.C.
Nevada Bar No. 6060
10161 Park Run Drive, Suite 150
Las Vegas, NV  89145
Telephone:     (702) 566-1935
Facsimile:      (702) 924-0787
Email:  david@djmerrillpc.com

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc. (dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash)*

/s/ Bradley Weidenhammer
BRADLEY WEIDENHAMMER
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago IL  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:  bradley.weidenhammer@kirkland.com

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc. (dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash)*

/s/ Conly Schulte
CONLY SCHULTE
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027
Omaha, NE  68116
Telephone:	(303) 673-9600
Facsimile:	(303) 673-9155
Email:  cschulte@ndnlaw.com

*Attorney for Defendants AMG Services, Inc.;
Red Cedar Services, Inc. dba 500FastCash;
SFS, Inc. dba OneClickCash;MNE Services,
Inc., dba Tribal Financial Services,
Ameriloan, UnitedCashLoans, USFastCash*

4

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on the 3rd day of December 2013, I submitted the foregoing *Defendants' Motion To Exclude Evidence not Disclosed as Required Under Rule 26(a)(1)* electronically for filing and service with the United States District Court of Nevada. Service of the foregoing document shall be made to all counsel of record via electronic case filing.

/s/ *Bradley H. Weidenhammer*