**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | 2:12–cv–00536–GMN–VCF |
| vs. | **ORDER** |
| AMG SERVICES, INC., *et al.*, | (Plaintiff's motion to compel (#459); Defendant's motion to enforce (#501); and Defendant's motion for sanctions #522)) |
| Defendants. | |

The Federal Trade Commission commenced this civil enforcement action regarding the offer and sale of "high-fee, short-term payday loans." (First Amend. Compl. (#386) at ¶ 1[1]). Before the court are the Federal Trade Commission's motion to compel (#459), Defendant AMG Services, Inc.'s motion to enforce permanent injunction and judgment (#501), and the Muir Defendants' motion for sanctions (#522). For the reasons stated below, the parties' motions are denied.

**BACKGROUND**

The FTC filed suit on April 2, 2012 against eighteen Defendants. (*See* Compl. #1). The FTC's complaint alleges claims for deceptive acts and practices (Count I) and deceptive collection practices (Count II) in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a). The FTC's complaint also alleges a claim under the Truth in Lending Act, 15 U.S.C. § 1601 (Count III), a claim under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 (Counts IV), and a claim for disgorgement under the Federal Trade Commission Act, 15 U.S.C. § 53(b) (Count V).

---

[1] Parenthetical citations refer to the court's docket.

1

On December 27, 2012, the court entered a stipulated preliminary injunction and bifurcation order. (Bifurcation Order (#296) at 10). The bifurcation order divided the FTC's litigation into two phases: a liability phase and a relief phase. (*Id*. at 9–10). The bifurcation order stated that no discovery regarding any claims or defenses involving the Muir Defendants would occur until phase two. (*Id*.); (*see also* Muir Def.'s Opp'n (#490) at 2).

On July 18, 2013, the following Defendants (hereinafter "the Settling Defendants") stipulated to settle counts two and four: AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LCC, Don E. Brady, Robert D. Campbell, and Troy L. LittleAxe, Jr. (Stip. Mot. (#446) at 1). The settlement was contingent on court approval.

On September 30, 2013, the FTC moved for summary judgment on all counts against all Defendants because the court had not yet approved the Settling Defendants' stipulated settlement. (Pl.'s Mot. Summ. J. (#454) at 1).

On October 8, 2013, the court approved the Settling Defendants' stipulated settlement. (*See* Order (#478) at 1–13).

On September 30, 2013, the FTC filed the instant motion to compel deposition answers (#459). The FTC requests an order reopening nonparty Crystal Grote's deposition to obtain information regarding Ms. Grote's compensation. (*See* Pl.'s Mot. to Compel (#459) at 18:6).

On November 4, 2013, the FTC withdrew its motion for summary judgment on counts two and four against the Settling Defendants, but not the Muir Defendants. (*See* Withdrawal Mot. (#487) at 2).

On December 3, 2013, Defendant AMG Services, Inc. filed the instant motion to enforce the permanent injunction and judgment (#501). Defendants request an order denying the FTC's motion for

summary judgment on counts two and four because, under the terms of the Bifurcation Order, the Muir Defendants have not yet had an opportunity to conduct discovery or litigate their defenses. (*See* Def.'s Mot. to Enforce (#501) at 10).

On December 23, 2013, the Muir Defendants filed the instant motion for sanctions (#522). The Muir Defendants request sanctions for the same reasons Defendant AMG Services moved to enforce the permanent injunction and judgment: that the FTC should be barred from moving for summary judgment against the Muir Defendants during phase one. (*See* Def.'s Mot. for Sanctions (#522) at 14).

**DISCUSSION**

Defendants' motions are denied as moot. Mootness has been characterized as framing the Constitution's case-or-controversy clause in time: the requisite case-or-controversy that must exist at the commencement of the litigation must continue throughout its existence. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). Here, Defendants' motions are moot because the dispute that existed when the parties filed their motions has discontinued.

On January 28, 2013, the court filed a report and recommendation, which denied the FTC's motion for summary judgment on counts two and four. (*See* Jan. 28 Report & Recommendation at 33–36). In pertinent part, the court held, "[i]n light of the Settling Defendants' not opposing summary judgment on counts two and four, the court must deny the FTC's motion for summary judgment on counts two and four in order to preserve the substance and spirit of the court's bifurcation order and afford the Muir Defendants an opportunity to conduct discovery and litigate the relevant claims and defenses." (*Id*. at 35:1–4). The report and recommendation mooted Defendants' motions because it granted the relief they now request.

3

The court similarly denies the FTC's motion to compel as unripe. The ripeness doctrine is also a question of time: only disputes that are "immediate" are ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 153 (1967) (abrogated on other grounds). The court's January 28 report and recommendation provides for continuing phase one discovery with respect to counts two and four alleged against the Muir Defendants. (*See* Jan. 28 Report & Recommendation at 36:4–5). Here, the FTC's motion is not ripe because the FTC may undertake discovery regarding compensation that will be relevant to phase one issues remaining for counts two and four, as well as issues existing in phase two.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Federal Trade Commission's motion to compel (#459) is DENIED AS UNRIPE.

IT IS FURTHER ORDERED that Defendant AMG Services, Inc.'s motion to enforce the permanent injunction and judgment (#501) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Muir Defendants' motion for sanctions (#522) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 28th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4