UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMG SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **ORDER** |

Pending before the Court for consideration is the Report and Recommendation (ECF No. 444) of the Honorable Cam Ferenbach, United States Magistrate Judge, entered on July 16, 2013. Defendant Troy L. LittleAxe ("Defendant LittleAxe") filed his Objection to the Report and Recommendation (ECF No. 448) on August 2, 2013. Defendants AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc. (collectively the "Tribal Chartered Defendants") also filed their Objection to the Report and Recommendation (ECF No. 449) on August 2, 2013. No objection was filed by Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Muir Law Firm, LLC; Park 269, LLC; Timothy J. Muir;  Scott A. Tucker; Blaine A. Tucker; Kim C. Tucker; Don E. Brady; or Robert D. Campbell.  Plaintiff Federal Trade Commission (the "FTC") filed its Response to Defendants' Objections (ECF NO. 451) on August 16, 2013.

For the reasons discussed below, the Court will accept and adopt Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 444) to the extent that it is not inconsistent with this opinion.

## I. BACKGROUND

The FTC filed its Complaint (ECF No. 1) on April 2, 2012, alleging that Defendants had violated portions of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r.  These violations are alleged to have occurred in connection with the Defendants' activities in offering and extending "high-fee, short-term 'payday' loans and the collection of those loans." (Complaint 2:23-25, ECF No. 1.)[1]

On December 27, 2012, the Court signed an Order entering the parties' joint stipulation for preliminary injunction and bifurcation. (ECF No. 296.)  Pursuant to the Stipulation Order, during Phase 1 of the proceedings, the Court would adjudicate both the merits of the FTC's claims and "the legal question of whether, and to what extent, the FTC has authority over Indian tribes whose sovereignty is asserted in this case and/or [the Tribal Chartered Defendants] for alleged violations of the FTC Act." (*Id.* 9:8-23.)  During Phase 2 of the proceedings, the Court would adjudicate all remaining issues, claims, and defenses not addressed in Phase 1. (*Id.* 10:1-23.)

On March 7, 2013, the FTC filed its Amended Motion for Partial Summary Judgment (ECF No. 338) and Memorandum in Support (ECF No. 339), seeking summary judgment on the various defenses the Defendants have claimed relating to their assertions that the FTC lacks authority to bring this action against them because the Defendants are either arms of an Indian tribe, employees of an arm of an Indian tribe, or businesses associated with arms of Indian tribes. Subsequently, multiple Defendants filed Responses to the FTC's Motion for Partial Summary Judgment (ECF Nos. 355-359), to which the FTC filed a Reply (ECF No. 391.)

---

[1] A full recitation of the facts underlying this case and the procedural history of the case are set forth in Judge Ferenbach's Report and Recommendation (ECF No. 444) and Report and Recommendation (ECF No. 539.)

On April 8, 2013, the Tribal Chartered Defendants filed a Motion for Legal Determination as to Phase 1(B) of the Court's Bifurcation Order (ECF No. 373) and a Memorandum in Support (ECF No. 374.) Defendant LittleAxe also filed a Cross-Motion for Legal Determination of Phase 1(B) of the Court's Bifurcation Order (ECF No. 380) on April 10, 2013. These motions addressed the same issues relating to the Defendants' defenses as the FTC's Amended Motion for Partial Summary Judgment. The FTC filed a Response to both Motions for Legal Determination (ECF No. 392.) The Tribal Chartered Defendants filed a Reply (ECF No. 401), and Defendant LittleAxe also filed a Reply (ECF No. 406.)

The FTC's Motion For Partial Summary Judgment and the Defendants' Motions for Legal Determination (ECF Nos. 338, 373, and 380) were referred to Judge Ferenbach pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. On July 16, 2013, Judge Ferenbach recommended that this Court enter an order granting in part and denying in part the FTC's Motion for Partial Summary Judgment and granting in part and denying in part the Tribal Chartered Defendants' Motion for Legal Determination and Defendant LittleAxe's Cross-Motion for Legal Determination. (Report & Recommendation, ECF No. 444.) Defendant LittleAxe filed an Objection in which he argues that Judge Ferenbach erred in finding that the FTC does have authority under the FTC Act to regulate Indian tribes, arms of Indian tribes, employees of arms of Indian tribes, and contractors of arms of Indian tribes and in failing to apply Indian law canons and certain Supreme Court opinions that Defendant LittleAxe asserts are controlling on this issue (Defendant LittleAxe's Objection 2:16-4:26, ECF No. 448.) The Tribal Chartered Defendants filed an Objection in which they argue that Judge Ferenbach erred in his conclusion that (1) the Defendants bear the burden of proving whether the FTC Act applies to the Tribal Chartered Defendants and that (2) the FTC has authority under the FTC Act to regulate Indian tribes, arms of Indian tribes, employees of arms of Indian tribes, and contractors of arms of Indian tribes.

(Tribal Chartered Defendants' Objection 3:6-15, ECF No. 449.) The FTC filed a Response Opposing Defendants' Objections (ECF No. 451.)

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

The Objections filed by both the Tribal Chartered Defendants and Defendant LittleAxe contain overlapping arguments that can be combined into one overriding objection: that Judge Ferenbach erred by finding that "[t]he FTC does have authority under the FTC Act to regulate Indian Tribes, Arms of Indian Tribes, employees of Arms of Indian Tribes and contractors of Arms of Indian Tribes with regard to the subject matter of this litigation." (Report and Recommendation 3:20-23, ECF No. 444; Tribal Chartered Defendants' Objection 3:6-15, ECF No. 449; Defendant LittleAxe's Objection 2:16-4:26, ECF No. 448.)

In support of their objections, the Defendants present three main lines of argument. First, the Tribal Chartered Defendants argue that Judge Ferenbach erred in assigning to the Defendants the burden of establishing whether the Defendants fall within the FTC's jurisdiction to enforce the FTC Act. (Report and Recommendation 26:10-27:15, ECF No. 444; Tribal Chartered Defendants' Objection 3:6-15, ECF No. 449.) Second, the Defendants argue that Judge Ferenbach erred in determining that the FTC Act is a statute of general applicability. (Report and Recommendation 28:20-31:11, ECF No. 444; Tribal Chartered Defendants' Objection 9:1-10:20, ECF No. 449; Defendant LittleAxe's Objection 3:23-26, ECF No. 448.) Third, the Defendants

argue that Judge Ferenbach erred in failing to apply Indian law canons and Supreme Court opinions that the Defendants argue are controlling in a determination of whether a federal statute of general applicability applies to Indian tribes and arms of Indian tribes. (Report and Recommendation 27:17-41:22, ECF No. 444; Tribal Chartered Defendants' Objection 3:6-15, ECF No. 449; Defendant LittleAxe's Objection 2:16-4:26, ECF No. 448.)

Regarding the issue of burden, the Supreme Court of the United States has held that "the general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits." *N.L.R.B. v. Kentucky River Cmty. Care, Inc.*, 532 U.S. 706, 711 (2001) (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948)).  Judge Ferenbach relied upon this holding in finding that the Defendants possessed the burden of establishing the benefit of being exempted from the jurisdiction of the FTC under the FTC Act.  In their Objection, the Tribal Chartered Defendants argue that because federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute, this Court should start with the presumption that it lacks jurisdiction and place the burden of establishing this Court's jurisdiction with the party asserting jurisdiction, the FTC. (Tribal Chartered Defendants' Objection 4:11-6:14, ECF No. 449 (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992).)

The Tribal Chartered Defendants, however, are conflating this Court's subject matter jurisdiction with the real issue of whether the FTC has agency jurisdiction over the Defendants in enforcing the FTC Act.  As this case is a civil action arising under federal law, this Court has been granted jurisdiction by statute.[2] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. §§ 1337(a), 1345; 15 U.S.C. §§ 45(a), 53(b), and 1607(c).

---

[2] Counsel for the Tribal Chartered Defendants has, in fact, already admitted during a hearing that they are not challenging this Court's subject matter jurisdiction in this case. (ECF No. 152.)

Therefore, the cases cited by the Tribal Chartered Defendants regarding the burden of showing this Court's jurisdiction are inapplicable here, and Judge Ferenbach correctly applied *N.L.R.B. v. Kentucky River Community Care, Inc.* in finding that the Defendants bear the burden of establishing their claimed exemption from the FTC Act.

Regarding the issue of the breadth of the FTC Act's applicability, Judge Ferenbach relied upon the language of the statute and several Ninth Circuit cases addressing the applicability of other federal statutes in determining that the FTC Act was one of general applicability.  In their Objections, the Defendants argue that the FTC Act is somehow different from the other statutes addressed in the Ninth Circuit case law and point to certain exemptions in the FTC Act as evidence that it is not generally applicable.  The Defendants' argument on this issue, however, is thoroughly addressed in Judge Ferenbach's Report and Recommendation and refuted by the language of the FTC Act and the controlling Ninth Circuit case law.

As the Ninth Circuit has previously noted, "[t]he Federal Trade Commission … has broad powers under the FTC Act to prevent businesses from engaging in unfair or deceptive practices." *FTC v. Neovi*, 604 F.3d 1150, 1153 (9th Cir. 2010)).  Section 53(b) of the FTC Act states that:

> Whenever the Commission has reason to believe-- (1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, … the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice.

15 U.S.C. § 53(b).  On its face, this language seems to grant the FTC broad authority to bring suit against "any person, partnership, or corporation" for violating "any provision of law enforced by the [FTC]."[3] *Id.*

---

[3] In the Report and Recommendation (ECF No. 444), Judge Ferenbach found that genuine issues of material fact existed concerning whether the Tribal Chartered Defendants qualified as "corporations" under the FTC Act (Report and Recommendation 41:14-22, ECF No. 444.)  Therefore, the FTC's Amended Motion for Partial

Furthermore, while section 45(a)(2) of the FTC Act does provide certain exceptions to the FTC's authority under the FTC Act, the Ninth Circuit has made it clear that "[t]he issue is whether the statute is generally applicable, not whether it is universally applicable." *N.L.R.B. v. Chapa De Indian Health Program, Inc.*, 316 F.3d 995, 998 (9th Cir. 2003) (determining that the National Labor Relations Act ("NLRA") was a statute of general applicability despite containing exceptions); *see also* 15 U.S.C.A. § 45(a)(2) (exempting organizations specifically regulated under other federal laws, such as banks, savings and loan institutions, federal credit unions, common carriers, and air carriers"). Indeed, as pointed out by the Court in *Chapa De*, the Ninth Circuit has frequently held that other federal statutes containing exemptions were nevertheless generally applicable. *Id.*; *see e.g. Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115 (9th Cir. 1985) (finding the Occupational Safety and Health Act ("OSHA") generally applicable despite exceptions); *Lumber Indus. Pension Fund v. Warm Springs Forest Prods. Indus.*, 939 F.2d 683, 685 (9th Cir. 1991) (finding the Employee Retirement Income Security Act ("ERISA") generally applicable despite exceptions); *United States v. Baker*, 63 F.3d 1478, 1484–85 (9th Cir. 1995) (finding the Contraband Cigarette Trafficking Act ("CCTA") generally applicable despite exceptions). The Defendants offer no compelling explanation as to why the FTC Act should be treated differently from these other broad federal statutes of general applicability. Accordingly, Judge Ferenbach correctly followed Ninth Circuit precedent in determining that the FTC Act is a statute of general applicability.

Regarding the issue of controlling precedent, Judge Ferenbach relied upon Ninth Circuit precedent in *Donovan v. Coeur d'Alene Tribal Farm* and several other Ninth Circuit cases following *Donovan* and *Federal Power Commission v. Tuscarora Indian Nation*, 362 U.S. 99

---

Summary Judgment (ECF No. 338) was denied on that issue. Although the status of the Tribal Defendants as "corporations" under the FTC Act was raised in the Tribal Chartered Defendants' Objections, (Tribal Chartered Defendants' Objection 11:1-15:23, ECF No. 449), the Tribal Chartered Defendants' argument fails to provide any authority showing that they are entitled to judgment as a matter of law on the issue and instead simply confirms Judge Ferenbach's finding that genuine issues of material fact remain regarding their status.

(1960) in finding that the FTC Act is an act of general applicability without an exception for Indian tribes that therefore applies to arms of Indian tribes, their employees, and their contractors. *Donovan*, 751 F.2d at 1115 ("the principle [is] 'now well settled by many decisions of this Court that a general statute in terms applying to all persons includes Indians and their property interests.'") (citing *Tuscarora Indian Nation*, 362 U.S. at 116); *see also United States v. Farris*, 624 F.2d 890, 893 (9th Cir. 1980) ("federal laws generally applicable throughout the United States apply with equal force to Indians on reservations."); *United States v. Mitchell*, 502 F.3d 931, 947 (9th Cir. 2007) ("federal statutes of nationwide applicability, where silent on the issue, presumptively *do* apply to Indian tribes"). Specifically, the Ninth Circuit in *Donovan* stated that federal statutes of general applicability that are silent on the issue of applicability to Indian tribes do apply to Indian tribes unless: (1) the law touches on "exclusive rights of self-governance in purely intramural matters," (2) application of the law to the tribe would abrogate treaty rights, or (3) there is some proof that Congress intended the law to be inapplicable to Indian tribes. *Donovan*, 751 F.2d at 1116.

In their Objections, the Tribal Chartered Defendants and Defendant LittleAxe argue that the passage in *Tuscarora* cited by the Ninth Circuit in *Donovan* is dicta that has not been followed in later Supreme Court opinions and only applies to individual Indians, not Indian tribes. (Tribal Chartered Defendants' Objection 6:16-8:25, ECF No. 449; Defendant LittleAxe's Objection 8:12-13:11, ECF No. 448.) The Defendants therefore argue that this Court should ignore the Ninth Circuit precedent derived from this passage and instead follow the "mode of analysis" employed in Supreme Court opinions after *Donovan* that "implicitly overruled" *Donovan* and used Indian canons of construction in determining whether a federal law applies to Indian tribes. (Tribal Chartered Defendants' Objection 6:16-8:25, ECF No. 449; Defendant LittleAxe's Objection 8:12-13:11, ECF No. 448); *see e.g. United States v. Dion*, 476 U.S. 734, 738 (1986) ("Congress' intention to abrogate Indian treaty rights must be clear and plain.");

*Minnesota v. Mille Lacs Band*, 637 U.S. 172, 218 (1999) ("using our canons of construction that ambiguities in treaties are often resolved in favor of the Indians, … the Treaty did not apply to the hunting rights.").

      The Defendants' reliance on these cases, however, is misplaced.  As pointed out by Judge Ferenbach and the FTC, all of the various Supreme Court cases cited by the Defendants can be distinguished from this case because they either apply Indian canons of construction when interpreting the abrogation of *treaty* rights—an exemption provided for in *Donovan* and inapplicable here—or involve disputes over sovereignty between Indian tribes and private or state actors rather than the federal government acting in its law enforcement capacity. (Report and Recommendation 34:17-35:6); *see Dion*, 476 U.S. at 738 ("Congress' intention to abrogate Indian *treaty* rights must be clear and plain.") (emphasis added); *United States v. Yakima Tribal Court*, 806 F.2d 853, 861 (9th Cir. 1986) ("The Tribe's own sovereignty does not extend to preventing the federal government from exercising its superior sovereign powers.") (citations omitted); *see generally Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978) (addressing a tribe's sovereign immunity in the context of a private, individual member of the tribe suing the tribe). Furthermore, in *N.L.R.B. v. Chapa De Indian Health Program, Inc.*, the Ninth Circuit explicitly rejected the Defendants' argument that special canons of construction, which require that statutes be construed to the benefit of Indian interests, should be employed in interpreting a statute of generally applicability to find that the statute does not apply to Indian tribes when it is otherwise silent on the subject. *Chapa De*, 316 F.3d at 999.  Therefore, the Supreme Court cases cited by the Defendants fail to provide controlling precedence in this case, and accepting the Defendants' position would require this Court to overrule the Ninth Circuit, which it cannot do. *See Id.* ("To accept Chapa-De's position would be effectively to overrule [*Donovan*], which, of course, this panel cannot do."). Accordingly, the Court finds that Judge Ferenbach correctly employed the controlling precedent of the Ninth Circuit in *Donovan* and subsequent cases in determining that a

statute of general applicability does apply to Indian tribes when it is otherwise silent on this issue.

As a result, the Court finds that Judge Ferenbach correctly found that the FTC Act is a federal statute of general applicability that under controlling Ninth Circuit precedent grants the FTC authority to regulate arms of Indian tribes, their employees, and their contractors.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 444) is **ACCEPTED and ADOPTED** in full, to the extent it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the FTC's Amended Motion for Partial Summary Judgment (ECF No. 338) is **GRANTED in part** and **DENIED in part**, as set forth in Section I(1) of Judge Ferenbach's Report and Recommendation (ECF No. 444.)

**IT IS FURTHER ORDERED** that the Tribal Chartered Defendants' Motion for Legal Determination (ECF No. 373) and Defendant LittleAxe's Cross-Motion for Legal Determination (ECF No. 380) is **GRANTED in part** and **DENIED in part**, as set forth in Section I(2) of Judge Ferenbach's Report and Recommendation (ECF No. 444.)

**DATED** this 7th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court