ANDREW A. KASSOF, P.C.
BRADLEY H. WEIDENHAMMER
RICHARD U.S. HOWELL
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email: andrew.kassof@kirkland.com
         bradley.weidenhammer@kirkland.com
         rhowell@kirkland.com

*Attorneys for Defendants AMG Services, Inc. and
MNE Services, Inc. (dba Tribal Financial Services,
Ameriloan, UnitedCashLoans, USFastCash)*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. 2:12-CV-536-GMN-(VCF) |
| v. | |
| AMG SERVICES, INC., *ET AL.*, | **DEFENDANTS' OBJECTION TO THE FEDERAL TRADE COMMISSION'S UNTIMELY OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 28, 2014 EVIDENTIARY ORDER (ECF No. 538)** |
| Defendants, and | |
| PARK 269 LLC, *ET AL.*, | |
| Relief Defendants. | |

**INTRODUCTION**

On December 4, 2013, Defendants moved for an order (1) finding that the FTC breached its obligations under Rule 26(a)(1) to properly disclose witnesses with information on which it would rely,[1] and (2) imposing sanctions on the FTC in the form of excluding the undisclosed witnesses' statements. ("Rule 26(a)(1) Motion," ECF No. 502.)   In an Order dated January 28, 2014 ("Evidentiary Order," ECF No. 538), Magistrate Judge Ferenbach ruled on a number of evidentiary issues including Defendants' Rule 26(a)(1) Motion.  In relevant part, the Order found that the FTC violated Rule 26(a)(1) by failing to disclose the identity of witnesses on which it relied, and granted sanctions against the FTC, though a lesser sanction than Defendants had requested.[2] (*Id.* at 25.)

The FTC did not object to any part of the Evidentiary Ruling within the time allowed by Federal Rule of Civil Procedure 72(a) and Local Rule IB 3-1.  Instead, the FTC waited until long after the deadline for objections had passed and then, in opposing Defendants' timely objections, sought for the first time to raise its own objections to alleged "factual errors" in the Evidentiary Order, to the Magistrate's finding that the FTC violated Rule 26(a)(1), and to the Magistrate's finding that the FTC's violation was not substantially justified or harmless. ("Pl.'s Opp'n," ECF No. 557 at 6–17.)   The FTC has forfeited its right to make such objections and this Court should disregard them.[3]

---

[1]   The movants were AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc.

[2]   On February 14, 2014, the Lending Defendants timely objected to the Evidentiary Order on grounds that, *inter alia*, that the FTC's violation of Rule 26 warranted—indeed, required—exclusion of the improperly disclosed witnesses' statements. ("Defs.' Obj.," ECF No. 544.)

[3]   Defendants also dispute the substance of each of the objections and arguments raised by the FTC in its opposition brief, but neither Fed. R. Civ. P. 72(a) nor Local Rule IB 3-1 allows for a reply brief in support of objections.  To the extent this Court decides, over Defendants' objection, to allow the FTC's untimely objections to the Evidentiary Order, Defendants request leave to file a substantive opposition.

## ARGUMENT

**I.     The FTC Forfeited Its Right To Object To The Magistrate's Evidentiary Order.**

Objections to a magistrate judge's nondispositive orders are governed by Federal Rule of Civil Procedure 72(a), which provides:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. **A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.**

Fed. R. Civ. P. 72(a) (emphasis added); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173–74 (9th Cir. 1995) (holding that a party forfeits any objections not asserted within the time specified by Rule 72(a), because that rule "explicitly prohibit[s] an aggrieved party who fails to object within the [fourteen]-day period from later 'assigning as error a defect in the magistrate judge's order.'" (citations omitted)); *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 910150, at *4 (N.D. Cal. Apr. 2, 2009) ("There is no provision in Rule 72(a) that permits the objecting party to delay filing objections to rulings on nondispositive matters past the [14]-day limit.").

The FTC filed no objections to the Evidentiary Order within Rule 72(a)'s 14-day limit and therefore forfeited any objections. *Id.* The plain language of the Rule prohibits the FTC from now assigning as error any alleged defect in that ruling. Fed. R. Civ. P. 72(a). Yet the FTC purports to do precisely that in its opposition to Defendants' objections.  Specifically, the FTC untimely objects to "several factual errors that affect the [Magistrate's] Rule 26 and hearsay analysis," (Pl.'s Opp'n at 4–6), and further argues that the Magistrate "erred in finding that the FTC violated its Rule 26(a)(1) disclosure requirements . . . [and in failing to find] any violation was harmless and substantially justified." (*Id.* at 6–13.)   The Court should therefore disregard the FTC's untimely objections. *Simpson*, 77 F.3d at 1177 (disregarding untimely objections); *Cathcart*, 2009 WL 910150, at *4 (overruling untimely objections).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    The FTC's Reliance On Criminal Cases Is Misplaced.

The FTC attempts to excuse its violation of Rule 72(a) by citing inapposite authority from the criminal context, *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005), for the proposition that the FTC may raise untimely objections to the Evidentiary Order because it was the "prevailing party."   The FTC's reliance on *Willis* and its progeny fails for two main reasons.

*First*, and most important, the Ninth Circuit has expressly held that different rules apply in the criminal and civil context with regard to untimely objections to a magistrate's nondispositive orders. *See United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001) (holding that the Federal Rules of Criminal Procedure contain no analogue to Fed. R. Civ. P. 72(a)'s express bar on untimely objections to nondispositive orders, and declining to extend that rule to the criminal context).   By relying on a criminal case like *Willis*, the FTC invites error by ignoring the plain language of Rule 72(a) and clear Ninth Circuit precedent holding that the waiver rule in the criminal context is more permissive precisely because Rule 72(a) applies only in the civil context. *Id.*

*Second*, even if the *Willis* decision somehow could be read as creating in the civil context an exception to Rule 72(a)'s timeliness requirement for "prevailing parties" (which is the opposite of what *Willis* held), it still would be inapposite because the FTC did not prevail on Defendants' Rule 26(a)(1) Motion.   The Magistrate found that the FTC executed a "bait and switch" with regard to its witness disclosures after its original witnesses were impeached; that the FTC's discovery violation "obfuscated 'core information' that the FTC used in its motion for summary judgment, which created the 'unfair surprise' that initial disclosures were designed to avoid"; that disclosure of documents containing witness names (buried among thousands of others) did not excuse its failure to disclose its witnesses; that "[p]ermitting the FTC to treat these witnesses as 'documents' under Rule 26(a) would elevate form over substance and permit parties to avoid disclosing the 'individuals' on whom they will rely by burying the individual's name, phone number, address, and testimony in a database;" the FTC did not carry its burden of showing that its violation of Rule 26(a) was substantially justified or harmless; and, finally, that the FTC should be sanctioned for violating Rule

26(a)(1). (Evidentiary Order at 9–18.)  The FTC thus was not the prevailing party as to Defendants' Rule 26(a)(1) motion and thus the FTC's reliance on *Willis* is doubly misplaced.[4]

## CONCLUSION

The plain language of Rule 72(a) prohibits the FTC from raising objections to the Evidentiary Order after the 14-day deadline passed.  Defendants therefore respectfully request that the Court disregard entirely the FTC's objections to "factual errors" in the Evidentiary Order, (Pl.'s Opp'n at 4–6), as well as the FTC's arguments that the Magistrate erred by finding that the FTC violated Rule 26(a)(1) and that such violation was not substantially justified or harmless. (*Id.* at 6–13.)  In the alternative, if the Court decides, over Defendants' above-stated objections, to consider the FTC's untimely objections to the Evidentiary Order, Defendants seek leave to file a substantive opposition to those objections.

**Dated**:  March 13, 2014

/s/ David J. Merrill
DAVID J. MERRILL
DAVID J. MERRILL, P.C.
Nevada Bar No. 6060
10161 Park Run Drive, Suite 150
Las Vegas, NV  89145
Telephone:    (702) 566-1935
Facsimile:    (702) 924-0787
Email:  david@djmerrillpc.com

*Attorney for Defendants AMG Services, Inc.*
*and MNE Services, Inc. (dba Tribal Financial*
*Services, Ameriloan, UnitedCashLoans,*
*USFastCash)*

/s/ Bradley Weidenhammer
BRADLEY WEIDENHAMMER
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago IL  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:  bradley.weidenhammer@kirkland.com

*Attorney for Defendants AMG Services, Inc.*
*and MNE Services, Inc. (dba Tribal Financial*
*Services, Ameriloan, UnitedCashLoans,*
*USFastCash)*

---

[4]   The FTC's reliance on Wright & Miller, Federal Practice & Procedure § 3901.1 is equally unavailing because the treatise cites only *Willis* in support and, like *Willis*, fails to acknowledge that the plain language of Rule 72(a) has no analogue in the criminal context. *See Abonce-Barrera*, 257 F.3d at 968.

1

/s/ Conly Schulte
CONLY SCHULTE

2

FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive

3

Louisville, CO 80027
Omaha, NE  68116

4

Telephone:     (303) 673-9600
Facsimile:      (303) 673-9155

5

Email:  cschulte@ndnlaw.com

6

*Attorney for Defendants AMG Services, Inc.;*

7

*Red Cedar Services, Inc. dba 500FastCash; SFS,*
*Inc. dba OneClickCash;MNE Services, Inc., dba*

8

*Tribal Financial Services, Ameriloan,*
*UnitedCashLoans, USFastCash*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on the 13th day of March 2014, the foregoing *Defendants' Objection to the Federal Trade Commission's Untimely Objections to the Magistrate Judge's January 28, 2014 Evidentiary Order (ECF No. 538)* was submitted electronically for filing and/or service with the United States District Court of Nevada. Electronic service of the foregoing document shall be made to all counsel of record.

*/s/ Bradley Weidenhammer*
Bradley Weidenhammer
