# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

FEDERAL TRADE COMMISSION,

               Plaintiff,

vs.

AMG SERVICES, INC., *et al.*,

               Defendants.

2:12–cv–00536–GMN–VCF

**ORDER**

The Federal Trade Commission commenced this civil enforcement action regarding the offer and sale of "high-fee, short-term payday loans." (First Amend. Compl. (#386) at ¶ 1[1]). Before the court is the Commission's motion to substitute Nereyda M. Tucker, as executor of the estate of Blaine A. Tucker, for Defendant Blaine A. Tucker (#586). The Commission's motion is granted.

## BACKGROUND

Defendant Blaine Tucker died on March 9, 2014. (Sighvi Aff. (#586-2) at ¶ 1). On April 30, 2014, Tucker's widow, Nereyda M. Tucker became the executor of Tucker's estate. (*Id.* ¶ at 2). One month later, on May 30, 2014, the Commission filed a notice of death (#585) and the instant motion to substitute Nereyda M. Tucker, as executor of the estate of Blaine A. Tucker, for Defendant Blaine A. Tucker (#586).

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 governs the substitution of parties. Section (a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's

---

[1] Parenthetical citations refer to the court's docket.

1

successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a) authorizes the substitution of proper parties when an existing party dies after the suit is commenced. Rule 25 leaves the substitution decision to the trial court's discretion. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); FED. R. CIV. P. 25 Advisory Comm. Notes, 1963 Amends. (substitution "will ordinarily be granted" but rule gives trial court discretion to account for potential unfairness or prejudice). Rule 25's plain language indicates that three requirements must be met to substitute a party. First, the motion must be timely. FED. R. CIV. P. 25(a)(1). Second, the motion must move to substitute the proper party. *Id*. Third, the claim must not be "extinguished" with the defendant's death. *Id*.

## DISCUSSION

The Commission satisfied Rule 25's three requirements. First, the motion is timely. Rule 25 "requires two affirmative steps in order to trigger the running of the 90–day period." *In re MGM Mirage Sec. Litig*., 282 F.R.D. 600, 602 (D. Nev. 2012) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record." *Id*. (citations omitted). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id*. (citations omitted).

The Commission's motion falls within the statutory period. On May 30, 2014, the Commission filed and served the notice of death on the record. (*See* Doc. #585). On the same day, the Commission also moved to substitute Nereyda M. Tucker, as executor of the estate of Blaine A. Tucker, for Defendant Blaine A. Tucker. (*See* Doc. #586). This satisfied Rule 25's time requirement.

Second, the executor of Tucker's estate is the proper party. Under Rule 25(a)(1), the proper party for substitution is "the person who has the legal right and authority to . . . defend against the claims

2

brought against the deceased party." JAMES WILLIAM MOORE, 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (Matthew Bender 3d ed. 2006). "The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent." *Totten v. Blair Excavators, Inc.*, No. C–03–5030, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006) (citing *Hilao v. Estate of Marcos*, 103 F. 3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to legal representatives of the deceased defendant's estate); *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("Rule 25(a)(1) applies only to the substitution of legal representatives").

Here, the Commission proffers a copy of the Letters Testamentary from *In the Matter of the Estate of Blaine A. Tucker, Deceased*. (*See* Letters Testamentary (#586-4) at 1). The document is signed by the probate court for the District Court of Johnson County Kansas and states that Nereyda M. Tucker is "named as Executor of the Last Will and Testament of Blaine A. Tucker." (*Id.*) This satisfies Rule 25.

Third, the Commission's claims are not "extinguished. A claim survives the death of a party where the relief sought is remedial and not penal in nature. *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993). Numerous courts have determined that consumer protection statutes, like TILA and the FTC Act, are remedial in nature. *See Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D 481, 484–85 (N.D. Cal. 2004)  (holding that claims under the Fair Debt Collection Practices Act are analogous to claims under TILA, and are remedial claims that survive the death of the defendant); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG (MRWx), 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013) (holding that an FDCPA claim survived death of plaintiff); *Smith v. No. 2 Galesburg Crown Fin. Corp.*, 615 F.2d 407, 415 (7th Cir. 1980) (holding that a TILA claim survived death) *overruled on other grounds by Pridegon v. Gates Credit Union*, 683 F.2d 182, 194 (7th Cir. 1982); *James v. Home Constr. Co.*, 621 F.2d 727, 729-30 (5th Cir. 1980) (same); *see also Sw. Sunsites v. Fed. Trade Comm.*, 785 F.2d 1431, 1439 (9th Cir. 1986) (noting the FTC's "broad remedial power").

3

Additionally, the Commission's motion is granted because it is unopposed. Local Rule 7-2 governs motion. In pertinent part, Rules 7-2(b) and (d) state that oppositions must be filed "fourteen days after service of the motion" and that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Commission filed its motion on May 30, 2014. To date, no opposition has been filed. Accordingly, defendants consented to the granting of the Commission's motion under Local Rule 7-2(d).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Federal Trade Commission's motion to substitute (#586) is GRANTED.

IT IS FURTHER ORDERED that Nereyda M. Tucker, executor of the estate of Blaine A. Tucker, is SUBSTITUTED for Defendant Blaine A. Tucker.

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

 

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE