**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>vs.<br>AMG SERVICES, INC., *et al.*,<br>Defendants. | Case No.: 2:12-cv-00536-GMN-VCF<br>**ORDER** |

Pending before the Court are two Objections (ECF Nos. 544, 543) filed by the Lending Defendants[1] objecting to orders entered by Magistrate Judge Ferenbach. Also before the Court are numerous motions (ECF Nos. 589, 591, 593, 594, 601, 602, 603, 622, 625) filed by both parties seeking clarification from the Court regarding the effects of its May 28, 2014 Order (ECF No. 584) and whether Phase II of litigation has begun in this case. Also before the Court is a Motion to Strike (ECF No. 588) a letter sent by the FTC to the Court (ECF No. 620) regarding the Defendants' two outstanding objections and asking for a clarification from the Court that Phase II of the litigation had begun.

For the reasons discussed below, the Court **Denies** the Defendants' Objections (ECF No. 544, 543) and **Grants** Defendants' Motion to Strike (ECF No. 588). In this Order, the Court will also clarify the issues regarding the effects of the May 28, 2014 Order and find as **Moot** the other outstanding motions (ECF Nos. 589, 591, 593, 594, 601, 602, 603, 622, 625.)

## I. BACKGROUND

The FTC filed its Complaint on April 2, 2012, alleging claims for deceptive acts and practices and deceptive collection practices in violation of the FTC Act (Counts I & II), for

[1] The "Lending Defendants" are AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc.

failing to properly disclose certain loan information in violation of the Truth in Lending Act ("TILA") and its implementing Regulation Z (Count III), for conditioning the extension of credit on the preauthorization of recurring loans in violation of EFTA (Count IV), and for disgorgement as provided under section 13(b) of the FTC Act (Count V). (Complaint 15:1-20:8, ECF No. 1.)[2]

On December 27, 2012, the Court signed an Order entering the parties' joint stipulation for preliminary injunction and bifurcation. (ECF No. 296.) The Bifurcation Order divided the litigation into two phases: a liability phase and a relief phase. (*Id.* 9:1-10:23.) During Phase I of the proceedings, the Court would adjudicate the merits of the FTC's claims for violations of the FTC Act, TILA, and EFTA. (*Id.* 9:1-24.) During Phase II of the proceedings, the Court would adjudicate the remaining issues, including the individual liability of the Defendants and whether the various Defendants constitute a common enterprise. (*Id.* 10:1-19.)

On July 18, 2013, the Lending Defendants as well as Defendants AMG Capital Management, Level 5 Motorsports, LeadFlash Consulting, Black Creek Capital Corporation, Broadmoor Capital Partners, Scott A. Tucker, Blaine A. Tucker, Don E. Brady, Troy LittleAxe, and Robert D. Campbell (collectively the "Settling Defendants") stipulated to settle Counts II & IV with the FTC. (Joint Motion for Stipulated Order, ECF No. 446.) However, the Muir Defendants,[3] whose liability in this action largely depends upon the FTC's common enterprise theory, were notably absent from the settlement. (*Id.*; Complaint ¶¶ 16, 19, 25, ECF No. 1; Muir Objection 2:1-16, ECF No. 541.)

On September 30, 2013, the FTC moved for summary judgment on Counts I-IV,[4] and

---

[2] A full recitation of the underlying facts and procedural history of the case are set forth in this Court's May 28, 2014 Order. (ECF No. 583.)

[3] The "Muir Defendants" are The Muir Law Firm, LLC and Timothy J. Muir.

[4] At the time it was filed, the FTC's Motion for Summary Judgment sought summary judgment against all Defendants on Counts I-IV regarding violations of the FTC Act and TILA but not in regards to the individual liability of the various defendants for those violations, which would be resolved in Phase II. (FTC's Mot. Summary Judgment p. 1, ECF No. 454.)

the Lending Defendants filed their own motion seeking summary judgment on Count III. (FTC's Mot. Summary Judgment p. 1, ECF No. 454; Lending Defendants' Mot. Summary Judgment, ECF No. 461.) However, following a Court Order (ECF No. 478) approving the stipulated settlement, the FTC withdrew its summary judgment motion on Counts II & IV against the Settling Defendants, but not the Muir Defendants. (Withdrawal Motion p. 2, ECF No. 487.)

The summary judgment motions were referred to Magistrate Judge Ferenbach pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. On January 28, 2014, Judge Ferenbach recommended that this Court enter an order granting the FTC's Motion for Summary Judgment on Counts I & III against the Defendants and denying without prejudice the motion on Counts II & IV against the Muir Defendants as well as denying the Lending Defendants' Motion for Summary Judgment on Count III. (Report & Recommendation, ECF No. 539.) Judge Ferenbach further recommended that the Bifurcation Order be amended to permit Counts II & IV to proceed against the Muir Defendants during Phase II. (*Id.*)

On May 28, 2014, the Court entered an Order (ECF No. 584) accepting and adopting Judge Ferenbach's Report & Recommendation. In that Order, the Court found that the Loan Note Disclosure document used by the Lending Defendants in providing their loans violated the FTC Act and TILA. (May 28, 2014 Order 11:7-21:20, ECF No. 584.) The Court also found that because the timing of the Bifurcation Order and the Order Approving Settlement effectively prevented the Muir Defendants from conducting necessary discovery, the FTC's Motion for Summary Judgment should be denied on Counts II & IV against the Muir Defendants. (*Id.* 22:1-24:15.) The Court, therefore, granted the FTC's Motion for Summary Judgment in so far as that motion sought a determination against all Defendants that the FTC Act and TILA had been violated, but denied the motion without prejudice regarding Counts II & IV against the Muir Defendants. (*Id.* 24:16-25:1.)

## II. DISCUSSION

### A. Previous Objections of the Defendants

At the time of the May 28, 2014 Order, there were two outstanding Objections (ECF Nos. 543, 544) filed by the Defendants asking this Court to reconsider two previous Orders entered by Magistrate Judge Ferenbach (ECF Nos. 538, 540.) The pendency of these two objections has led to a dispute among the parties regarding whether the litigation has now entered Phase II or is still in Phase I. Therefore, to resolve this dispute, the Court will now rule on these two objections.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L.R. IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See David H. Tedder & Assocs. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir. 1996). The district judge, however, "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

#### 1. Objection to Order on Motion to Enforce

In the First Objection (ECF No. 543), the Lending Defendants ask this Court to reconsider an Order (ECF No. 540) entered by Judge Ferenbach denying as moot the Lending Defendants' Motion to Enforce (EFC No. 501) the stipulated agreement. In their Motion to Enforce, the Lending Defendants sought a court order that denied the FTC's Motion for Summary Judgment on Counts II & IV against the Muir Defendants and a declaration that the

FTC could not seek to establish liability for the conduct alleged in Count II & IV against the Settling Defendants. (Mot. to Enforce 2:9-15, ECF No. 501.) However, after Judge Ferenbach recommended that the FTC's Motion for Summary Judgment on Counts II & IV against the Muir Defendants be denied—a recommendation that has since been adopted by this Court—, Judge Ferenbach found that the Motion to Enforce was moot because the requested relief had already been granted. (Order on Enforcement 3:15-24, ECF No. 540.)

The Lending Defendants object to this finding on the grounds that while their first requested relief had been granted by the Court's denial of summary judgment on Counts II & IV, they argue that allowing the FTC to litigate Counts II & IV against the Muir Defendants in Phase II is still a violation of the stipulated agreement because the Muir Defendants' liability on those claims arises from the conduct of the Lending Defendants. (First Objection 1:22-2:13, ECF No. 543) ("Defendants continue to assert that the Stipulated Order prevents the FTC from litigating claims against the Muir Defendants (or anyone else) arising from conduct alleged in Counts II and IV as against the Settling Defendants"). The Lending Defendants, therefore, assert that their request for an Order declaring that, pursuant to the stipulated agreement, the FTC may not pursue its claims on Counts II & IV against any of the Defendants has not been mooted by the Court's denial without prejudice of the FTC's motion for summary judgment because the FTC may still pursue those claims against the Muir Defendants in Phase II.

The language of the stipulated agreement, however, does not support the Lending Defendants' contention that the FTC is precluded from pursuing its claims on Counts II & IV against the Muir Defendants. The stipulated agreement states:

> The FTC and Settling Defendants, as defined herein, stipulate and agree … to settle and resolve all matters in dispute arising from the conduct alleged in Counts II and IV of the Complaint ***as against the Settling Defendants***. This settlement does not settle and resolve any conduct not alleged in Counts II and IV of the Complaint ***or as to any other party***.

(Order Approving Settlement ¶ 4, ECF No. 478) (emphasis added). The language of the stipulated agreement therefore expressly indicates that the settlement is to apply only to the Settling Defendants and does not prohibit the FTC from pressing its claims on Counts II & IV against the Muir Defendants.

The issue here is complicated somewhat by the nature of the claims. The FTC's claims under Counts II & IV against the Muir Defendants are being asserted under a common enterprise theory whereby the FTC alleges that the Muir Defendants are liable even though the actionable conduct was done by some of the Settling Defendants. (Complaint ¶ 25, ECF No. 1.) Despite this complication, however, the language of the stipulated agreement allows the FTC to continue to pursue its claims against the Muir Defendants under Counts II & IV. Furthermore, given the negotiation between the parties over the inclusion of the emphasized language quoted above, this continued pursuit appears to have been contemplated by the parties at the time of the settlement. (Email Correspondence between Counsels, ECF No. 519-2.) Therefore, the stipulated agreement only prevents the FTC from pressing its claims on Counts II & IV against the Settling Defendants but not against the Muir Defendants, even if pursuing the claims against the Muir Defendants requires discovery about and could potentially find the Muir Defendants liable for the underlying conduct of some of the Settling Defendants. *See generally F.T.C. v. Commerce Planet, Inc.*, 878 F. Supp. 2d 1048 (C.D. Cal. 2012) (granting summary judgment for the FTC against a non-settling corporate officer defendant under an individual liability theory after settling with other defendants who committed the underlying conduct giving rise to the claims); *F.T.C. v. Ivy Capital, Inc.*, 2:11-CV-283-JCM-GWF, 2013 WL 1224613 (D. Nev. Mar. 26, 2013) (granting summary judgment for the FTC against non-settling defendants under a theory of common enterprise liability after settling with several other defendants who committed the underlying conduct giving rise to the claims).

The stipulated agreement does not preclude the FTC from pursuing its claims on Counts

II & IV against the Muir Defendants in Phase II. Therefore, while only half of the Lending Defendants' Motion to Enforce was actually mooted by the Report & Recommendation, this Court does not find that Judge Ferenbach's Order was "clearly erroneous or contrary to law" in denying the second form of relief sought by the Defendants' in their Motion to Enforce. Accordingly, the Lending Defendants' First Objection (ECF No. 543) is denied.

**2. Objection to Order on Motion to Exclude Evidence and Rule 56(c) Objection**

In the Second Objection (ECF No. 544), the Lending Defendants ask this Court to reconsider an Order (ECF No. 538) entered by Judge Ferenbach denying their Rule 56(c) Objection (ECF No. 498) and granting in part and denying in part the their Motion to Exclude Evidence. (ECF No. 502.) In their Motion to Exclude, the Lending Defendants sought to exclude three types of evidence used in the FTC's Motion for Summary Judgment on the grounds that they were not properly disclosed pursuant to the initial disclosure requirements in Federal Rule of Civil Procedure 26(a)(1). (Motion to Exclude 2:1-10, ECF No. 502.) The three types of evidence the Lending Defendants objected to and sought to exclude are: (1) statements made by former employees of the Lending Defendants filed by the FTC as Exhibits 75 and 112-17; (2) recordings and transcripts of consumer telephone calls filed by the FTC as Exhibits 80-92, 125-62, and 184-89; and (3) consumer complaints from the FTC's database filed by the FTC as Exhibits 167 and 168. (*Id.*) In their Rule 56(c) Objection, the Lending Defendants objected to the admission of evidence types (2) and (3) used by the FTC in its Motion for Summary Judgment (ECF No. 454), which the Defendants alleged were hearsay. (Rule 56(c) Objection 1:1-2:18, ECF No. 498.)

In the Order (ECF No. 538) objected to by the Lending Defendants, Judge Ferenbach denied the Lending Defendants' request to exclude these types of evidence from the FTC's Motion for Summary Judgment on the grounds of either hearsay or failure to satisfy Federal Rule of Civil Procedure 26(a)'s disclosure requirements. *See generally* (Order on Exclusion,

ECF No. 538.) For the reasons addressed below, the Court finds that this denial was not "clearly erroneous or contrary to law." Therefore, the Lending Defendants' Objection is denied.

**i. Exclusion based on Rule 26(a) disclosure requirements**

Federal Rule of Civil Procedure 26(a) governs initial disclosures and requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). Likewise, Rule 26(a)(1)(A)(ii) requires parties to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." These disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." FED. R. CIV. P. 26(a)(1)(C).

First, as was noted by Judge Ferenbach, the Defendants' argument for the exclusion of the statements made by former employees of the Defendants under Rule 26(a) is meritless because the FTC did disclose the names of these individuals in its Fifth Amended Initial Disclosure on August 6, 2013. (Order on Exclusion p. 11 n.4, ECF No. 538.) Though Defendants relist these exhibits as ones that should be excluded in their objection, they appear to concede to Judge Ferenbach's finding on this point because they offer no additional argument relating to these statements in their objection. (Second Objection 19:5-10, ECF No. 544.) Therefore, the Court finds this evidence was properly disclosed under Rule 26(a) and, as a result, was not improperly admitted.

Second, the recordings and transcripts of consumer telephone calls are documents and electronically stored information that were produced by the Lending Defendants. (Weber Decl.

¶ 16, ECF No. 557-2); *see also* (Defendants' Rule 56(c) Objection 1:18, ECF No. 498) ("call recordings produced by Defendants…."). Rule 26(a)(1)(A)(ii) only requires a party to disclose documents and electronically stored information "that the disclosing party has in its possession, custody, or control." It does not require a party to disclose evidence that was produced to them by the other party. Common sense dictates that the other party already has a copy of any evidence it produces and in producing it recognizes the evidence's potential use by the opposing party during the litigation. As this evidence was originally in the hands of the Lending Defendants and copies of the various documents and recordings were produced by the Lending Defendants to the FTC, the Court finds the FTC did not violate Rule 26(a) in failing to disclose the recordings and transcripts of consumer telephone calls to the Defendants in its initial disclosure.[5] *See Guzman v. Abbott Labs.*, 59 F. Supp. 2d 747, 754 (N.D. Ill. 1999) ("[Movant] cannot say that it is unfairly surprised by any of the exhibits which it originally prepared"). This evidence was properly admitted.

Third, Judge Ferenbach found that the names, contact information, and discoverable information of the witnesses whose consumer complaints were included in the FTC's database had not been properly disclosed under Rule 26(a) and that the FTC had failed to properly supplement disclosure concerning these witnesses pursuant to Federal Rule of Civil Procedure 26(e). (Order on Exclusion 11:4-16:19, ECF No. 538.) As is explicitly permitted under Federal Rule of Civil Procedure 37(c)(1), Judge Ferenbach declined to sanction the FTC by excluding the consumer complaint database and instead sanctioned the FTC by permitting the Defendants to inform the jury of the failure to disclose. (*Id.* 16:20-18:9); FED. R. CIV. P. 37(c)(1) ("If a

---

[5] Judge Ferenbach found that the FTC did not properly disclose the recordings and transcripts of consumer telephone calls under Rule 26(a). (Order on Exclusion 11:4-13:7, ECF No. 538.) However, his finding was based upon the incorrect assumption that this evidence was produced by the FTC rather than the Defendants. *See* (*Id.* p. 4 n.3.) As the filings of both parties show that the call recordings and transcripts were produced by the Lending Defendants, the Court reverses Judge Ferenbach's Order to the extent it sanctioned the FTC for failing to initially disclose this evidence. *See* (Weber Decl. ¶ 16, ECF No. 557-2); (Defendants' Rule 56(c) Objection 1:18, ECF No. 498) ("call recordings produced by Defendants….").

party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion …. In addition to *or instead of this sanction*, the court, on motion and after giving an opportunity to be heard: … (B) may inform the jury of the party's failure") (emphasis added); *see also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011) ("Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless."). Judge Ferenbach then applied the five factors listed by the Ninth Circuit in *Wendt v. Host International, Inc.*[6] for determining whether to impose Rule 37(c)'s exclusion sanction and found that these factors favored a lesser sanction than exclusion. (Order on Exclusion 18:3-9, ECF No. 538.)

The Lending Defendants argue that the imposition of the lesser sanction was erroneous because (1) exclusion is mandatory under Rule 37(c) unless the violation was harmless or justified, (2) the *Wendt* factors do not properly apply to the exclusion sanction under Rule 37(c), and (3) the Defendants were not given an opportunity to be heard on the issue. (Second Objection 4:17-10:17, ECF No. 544.) However, all three of these objections lack merit.

As the Court has already noted, "Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-98 (2nd Cir. 2006) ("The District Court did, however, err in its determination that "preclusion is mandatory" under Rule 37(c)(1)"). *But see Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

---

[6] The five factors used for determining whether an exclusion sanction is proper are: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Additionally, contrary to the Lending Defendants' assertions, district courts in the Ninth Circuit have routinely applied the five *Wendt* factors in determining whether the exclusion sanction is appropriate for a Rule 26(a) disclosure violation. *See e.g. Jackson*, 278 F.R.D. at 594; *Allstate Ins. Co. v. Balle*, 2:10-CV-02205-APG, 2013 WL 3353336, at *2 (D. Nev. July 2, 2013); *Copper Sands Homeowners Ass'n v. Copper Sands Realty, LLC*, 2:10-CV-00510-GMN, 2013 WL 2460349, at *3 (D. Nev. June 5, 2013); *CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 208-CV-00984-RCJ, 2010 WL 1947016, at *8 (D. Nev. May 13, 2010). Finally, though Rule 37(c) only permits the giving of a lesser sanction "after giving an opportunity to be heard," that protection is generally meant for the party on whom sanctions are being imposed and the Defendants were given an opportunity to be heard when they filed their motion to exclude the evidence. *Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003) ("the opportunity to submit briefs is an 'opportunity to be heard' within the meaning of Rule 37(c)(1).").

District Courts are given wide latitude in the exercise of their discretion to issue sanctions under Rule 31(c). *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012). Considering the wide latitude given to the Court in imposing sanctions and the deference given to magistrate judges concerning pretrial matters, this Court cannot find that Judge Ferenbach's determination that the FTC violated the Rule 26 disclosure requirements or his imposition of a lesser sanction than preclusion were "clearly erroneous or contrary to law." Therefore, the FTC's consumer complaint database was properly admitted.

**ii. Exclusion based on hearsay pursuant to Rule 56(c)**[7]

The Lending Defendants assert that even if Judge Ferenbach did not err in failing to

---

[7] Federal Rule of Civil Procedure 56(c) provides, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(C)(2). This objection "functions much as an objection at trial," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." FED. R. CIV. P. 56(C)(2) advisory committee's notes (2010 amendments).

exclude the three types of challenged evidence for Rule 26 disclosure violations, the call recordings and transcripts and the consumer complaints in the FTC's database should still have been inadmissible in the FTC's Summary Judgment Motion because they constitute hearsay without an exception. (Second Objection 9:18-19:3, ECF No. 544.)

Hearsay is defined by the federal rules as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Under the federal rules, hearsay is generally inadmissible as evidence unless some exception provides otherwise. FED. R. EVID. 802.

Judge Ferenbach found that both types of challenged evidence were at least admissible under the Rule 807 residual exception to hearsay.[8] (Order on Exclusion 22:14-25:1, ECF No. 538.) Furthermore, while the Lending Defendants list the call recordings and transcripts as hearsay which should not be admitted under the Rule 807 residual exception, they appear to concede the admissibility of this evidence because all of their arguments in the Objection relate to the consumer complaint database. *See* (Second Objection 9:18-19:3, ECF No. 544.) Therefore, the Court finds that this evidence is admissible.

Likewise, the Court finds that the FTC's consumer complaint database is admissible evidence under the Rule 807 residual exception to hearsay. The Lending Defendants objected to the admission of this evidence under the residual exception, arguing (1) that the FTC failed

/ / /

---

[8] The residual exception allows a hearsay statement to be admitted even if the statement is not covered by a specific hearsay exception when:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;
(2) it is offered as evidence of a material fact;
(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
(4) admitting it will best serve the purposes of [the federal] rules and the interests of justice.

FED. R. EVID. 807(a).

to satisfy Rule 807's mandatory notice requirement,[9] (2) that the evidence does not contain sufficient guarantees of trustworthiness, and (3) that reasonable efforts would have produced more reliable evidence. (*Id.*) However, the Court finds that none of these arguments support a finding that Judge Ferenbach's Order was "clearly erroneous or contrary to law."

First, "[t]he purpose of the notice requirement is to give adverse parties an opportunity to attack the trustworthiness of the evidence." *Piva v. Xerox Corp.*, 654 F.2d 591, 596 (9th Cir. 1981). Therefore, failure to satisfy the notice requirement is harmless error where the adverse party had a fair opportunity to meet the challenged statements. *Id.* Here, the Lending Defendants had ample opportunity to attack the trustworthiness of the statements in the database, as these statements were provided to them on February 14, 2013, over seven months before the FTC filed its Motion for Summary Judgment. (Dec. of Singhvi ¶ 1, ECF No. 517-1.) The Defendants even specifically reserved but did not exercise the right to depose the complainants in the database. (*Id.* ¶¶ 8-9.) Therefore, it was not "clearly erroneous or contrary to law" for Judge Ferenbach to apply the residual exception to the FTC consumer complaint database even if the Lending Defendants had not been given notice of the FTC's intent to use the complaints in their Motion for Summary Judgment.

Second, in finding sufficient circumstantial guarantees of trustworthiness, Judge Ferenbach found five circumstantial guarantees of trustworthiness that were similar to those found to be sufficient by the Ninth Circuit. (Order on Exclusion 24:3-12, ECF No. 538) (citing *F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 608 (9th Cir. 1993)). These circumstantial guarantees included: (1) that the statements reported "roughly similar experiences," (2) that they were submitted by unrelated members of the public, (3) that they were obtained from three different independent sources, (4) that there were a significant number of complaints, and (5) that the

---

[9] A statement is only admissible under the residual exception if "the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars…." FED. R. EVID. 807(b).

combination of volume and similarity indicated that there was little risk that the statements were the product of faulty perception, memory, or meaning. (*Id.*); *see Figgie*, 994 F.2d at 608 (finding sufficient circumstantial guaranties of trustworthiness when the statements were sent independently to the FTC by unrelated members of the public, the statements all reported roughly similar experiences, there was no motive for the declarants to lie, and there was little risk that the statements were the product of faulty perception, memory, or meaning). The Lending Defendants argue that there are not sufficient circumstantial guarantees of trustworthiness because the number of complaints is not significant and the diversity of the complainants and the collecting agencies do not provide guarantees of trustworthiness. (Second Objection 12:16-15:12, ECF No. 544.)[10] However, the diversity of the complainants was a factor specifically relied on by the Ninth Circuit in *Figgie*, and the Lending Defendants cite no law indicating that the number of complaints here is clearly insufficient to be a circumstantial guarantee of trustworthiness. *See id.*; *Figgie*, 994 F.2d at 608. Therefore, this Court does not find that Judge Ferenbach's finding of sufficient circumstantial guarantees of trustworthiness was "clearly erroneous or contrary to law."

Third, the Lending Defendants argue that reasonable efforts, namely the selection of several representative consumers to call as witnesses, would have produced more reliable evidence than the statements contained in the consumer complaint database. (Second Objection 16:3-19:2, ECF No. 544.) The main purpose for the FTC's use of the statements in the database, however, was not to support an assertion that some consumers were confused by the Lending Defendants' loan terms, but that a large number of consumers were confused. *See*

---

[10] The Lending Defendants also allege that Judge Ferenbach's Order improperly eliminated the FTC's burden of showing circumstantial guarantees of trustworthiness. (Second Objection 10:24-12:15, ECF No. 544.) This argument, however, is without merit. Though Judge Ferenbach's Order rejected the FTC's furthest contention that the consumer complaint database should be admitted because such databases in similar cases have been admitted in the past, the Order relied on similar circumstantial guarantees used in the cases cited by the FTC and implicitly found that the FTC carried their burden when it applied the residual exception. (Order on Exclusion 22:14-24:12, ECF No. 538.)

(FTC's Mot. Summary Judgment ¶¶ 89-90, ECF No. 454.) This purpose would not be served by introducing the testimony of a few consumers, and Judge Ferenbach correctly relied on binding Ninth Circuit precedent in finding that it would not be reasonable for the FTC to "bring [hundreds of] the consumers into court to swear, under oath and subject to cross-examination, that the contents of their complaints were true." (Order on Exclusion 24:15-19, ECF No. 538) (quoting *Figgie*, 994 F.2d at 608-09).[11] Therefore, this Court does not find that Judge Ferenbach's reliance on the Rule 807 residual hearsay exception to admit the FTC's consumer complaint database was "clearly erroneous or contrary to law."

Accordingly, this Court finds that all three types of evidence objected to by the Lending Defendants were properly admitted, and the Lending Defendants' objection is denied.

**B. Motion to Strike**

In a letter dated June 5, 2014 (ECF No. 590), counsel for the Lending Defendants wrote the Court pursuant to Local Rule 7-6(b), advising that it had been more than sixty days since the filing of the two objections discussed in Section II.A of this Order.[12] This letter also continues on to assert counsel's belief that these objections could cause the Court to amend its May 28, 2014 Order and that Phase II of the litigation could not properly begin until those objections had been ruled upon. (*Id.* p. 2.) In response to the June 5, 2014 letter, counsel for the FTC sent a letter to the Court dated June 6, 2014 (ECF No. 620), requesting the Court clarify that Phase II of the litigation had begun. On June 9, 2014, the Relief Defendants[13] filed a Motion to Strike the FTC's letter as an improper ex parte communication on June 9, 2014.

/ / /

---

[11] In *Figgie*, the Ninth Circuit held it would be unreasonable to bring 127 complainants into court to testify under oath. *Figgie*, 994 F.2d at 608-09. Here, by the Defendants' own admission, there are approximately 750 complainants in the database that specifically complain about confusion in the loan terms regarding repayment of the loan. (Second Objection 16:4-6, ECF No. 544.)

[12] Counsel for the FTC delivered a similar Local Rule 7-6(b) to the Court dated May 13, 2014. (ECF No. 615.)

[13] The "Relief Defendants" are Kim Tucker and Park 269, LLC.

(Motion to Strike, ECF No. 588.) However, the FTC's letter indicates and Defendants admit in their motion that opposing counsel received a copy of the letter. (*Id.* 3:5-6.)

Because the Defendants received a copy of the FTC's letter, it was not an ex parte communication. *See Burrows v. Redbud Cmty. Hosp. Dist.*, 187 F.R.D. 606, 610 (N.D. Cal. 1998) ("these letters were not impermissible ***ex parte*** communications, as plaintiffs' counsel was copied on all letters") (emphasis in the original); *see also* BLACK'S LAW DICTIONARY 657 (9th ed. 2009) ("ex parte, … of or relating to court action taken by one party without notice to the other"). However, the FTC's letter was an improper communication with the Court. It was not the type of letter permitted by Local Rule 7-6(b) nor was it a proper motion supported by a memorandum of points and authorities under Local Rule 7-2. Such communications have no basis in either the Federal or Local Rules, and it is within the inherent power of the district courts in controlling their docket to strike such communications from the record. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket. This includes the power to strike items from the docket as a sanction for litigation conduct.") (internal citations and quotations omitted); *see also Clark v. Jeppeson,* C 08-4224 PJH (PR), 2009 WL 1025595, at *2 (N.D. Cal. Apr. 14, 2009) ("Letters and other correspondence to the court are not permitted; plaintiff may only raise matters with the court by motions and pleadings authorized by, and filed in accordance with, the Federal Rules of Civil Procedure and the court's Local Rules."). Therefore, the Relief Defendants' Motion to Strike is granted and the FTC's letter (ECF No. 620) shall be struck from the record.

**C. Remaining Issues for Clarification**

Having now ruled on the pending objections and Motion to Strike, the Court will clarify the disposition of this case. Several Defendants filed various motions asking the Court the reconsider or amend its May 28, 2014 Order because they construed it as potentially finding

that each of the Defendants were liable for Counts I & III of the Complaint. In granting the FTC's Motion for Summary Judgment on Counts I & III against the Defendants, however, the Court did not find that each of the Defendants were liable for Counts I & III. Rather, as is consistent with the scope of the FTC's Summary Judgment Motion, Phase I of the litigation under the Bifurcation Order, and Judge Ferenbach's Report & Recommendation, the Court found, over the arguments of all the Defendants, that the Loan Note Disclosure used by the Lending Defendants violated the FTC Act and TILA. The question of the liability of all the various Defendants on Counts I & III will be resolved during Phase II of the litigation. (May 28, 2014 Order 7:22-8:2) ("During Phase I of the proceedings, the Court would adjudicate the merits of the FTC's claims for violations of the FTC Act, TILA, and EFTA. During Phase II of the proceedings, the Court would adjudicate the remaining issues, including whether the various Defendants constitute a common enterprise.")

Furthermore, because this Court has denied the Lending Defendants' Objections, there no longer appears to be any outstanding issues to resolve during Phase I of the litigation. Therefore, as of the date of this Order, Phase I of the litigation has ended and Phase II has begun. Defendants shall have twenty-one days from the date of this Order to file their answer to the Complaint (ECF No. 1.) Additionally, the parties shall have fourteen days from the date of this Order to file a joint submission that offers a proposed Discovery Plan and Scheduling Order for Phase II of the litigation, as defined by the Bifurcation Agreement.

Having now clarified the effect of the Court's May 28, 2014 Order and the current stage of the litigation, the Court finds that the Tucker Defendants' Motion to Reconsider (ECF No. 589), Defendant Campbell's Motion to Amend (ECF No. 591), the Lending Defendants' Motion to Resolve Dispute (ECF No. 593), the Muir Defendants' Motion to Amend (ECF No. 594), the Lending Defendants' Motion to Extend Deadline (ECF No. 601), the Tucker Defendants' Motions for Dispute Resolution (ECF Nos. 602, 603), Defendant LittleAxe's

Motion to Resolve Dispute (ECF No. 622), and the parties' Joint Motion for a Hearing (ECF No. 625) are moot.

**III. CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 544, 543) are **DENIED**.

**IT IS FURTHER ORDERED** that Relief Defendants' Motion to Strike (ECF No. 588) is **GRANTED**. The FTC's June 6, 2014 letter to the Court (ECF No. 620) shall be struck from the record.

**IT IS FURTHER ORDERED** that Phase II of this litigation shall commence on the date of this Order. Defendants shall have twenty-one days from the date of this Order to file an answer to the Complaint (ECF No. 1.) The parties shall have fourteen days from the date of this Order to file a joint submission that offers a proposed Discovery Plan and Scheduling Order for Phase II of the litigation, as defined by the Bifurcation Agreement.

**IT IS FURTHER ORDERED** that the Tucker Defendants' Motion to Reconsider (ECF No. 589), Defendant Campbell's Motion to Amend (ECF No. 591), the Lending Defendants' Motion to Resolve Dispute (ECF No. 593), the Muir Defendants' Motion to Amend (ECF No. 594), the Lending Defendants' Motion to Extend Deadline (ECF No. 601), the Tucker Defendants' Motions for Dispute Resolution (ECF Nos. 602, 603), Defendant LittleAxe's Motion to Resolve Dispute (ECF No. 622), and the parties' Joint Motion for a Hearing (ECF No. 625) are **DENIED as MOOT**.

**DATED** this 16th day of July, 2014.

________________________________

Gloria M. Navarro, Chief Judge
United States District Judge