DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

JONATHAN NUECHTERLEIN
General Counsel
NIKHIL SINGHVI
JASON D. SCHALL
HELEN P. WONG
IOANA RUSU
LaSHAWN M. JOHNSON
COURTNEY A. ESTEP
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Email: nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc. et al.,<br><br>Defendants, and<br><br>Park 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536-GMN-VCF<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f)(2)** |

# TABLE OF CONTENTS

I.  INTRODUCTION ......................................................................................... 1

II.  PROCEDURAL HISTORY ........................................................................ 2

III.  LEGAL STANDARD ................................................................................. 3

IV.  DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENT AND SHOULD BE STRICKEN ......................................................................... 5

    A.  Defendants Have Improperly Asserted Defenses That Were Already Adjudicated In This Case Or Have Been Waived ..................................................... 5

        1.  The Court Has Already Determined That FTC Has Authority To Regulate Arms Of Indian Tribes, Their Employees, And Their Contractors ....................................................................................... 5

        2.  The Court Has Already Determined That The TILA Administrative Procedures Do Not Apply In District Court Litigation ......................................................................................... 7

        3.  The Court Has Already Denied All Of Defendants' Motions To Dismiss For Failure To State A Claim ................................................ 7

        4.  The Court Has Already Found Subject Matter Jurisdiction To Exist ....................................................................................................... 8

        5.  Troy LittleAxe Cannot Challenge Venue and Personal Jurisdiction On Behalf Of Nonparty Claimants, And In Any Event Waived Those Defenses ................................................................ 9

    B.  Defendants Have Improperly Asserted Defenses Inapplicable To The Government In A Suit To Enforce A Public Right Or A Public Interest ................................. 9

        1.  Laches .................................................................................................. 10

        2.  Estoppel .............................................................................................. 11

        3.  Unclean Hands ................................................................................... 12

        4.  Waiver By The FTC ............................................................................ 13

        5.  Voluntary Payment Doctrine Or Waiver By Consumers ..................... 14

    C.  This Action Is A "Proper Case" Under The Second Proviso of Section 13(b)..... 15

    D.  The FTC Is Not Required To Conduct A Rulemaking To Enjoin Deceptive Conduct .................................................................................................... 16

i

E.    Defendants Cannot Advance A Statute Of Limitations Defense Because No Statutes Of Limitations Apply To The Counts At Issue ........................................ 18

F.    Many Of Defendants' Purported Affirmative Defenses Are Simple Denials Or Are Otherwise Without Effect As "Affirmative Defenses" ................................. 20

    1.    Affirmative Defenses That Are Simple Denials Or Negative Defenses ............................................................................... 20

    2.    Legal Positions And Requests That Are Ineffective As "Affirmative Defenses" ........................................................... 25

G.    Affirmative Defenses That Are Irrelevant To FTC Act Liability ........................ 27

    1.    Good Faith And Lack Of Intent To Harm Are Not Valid FTC Act Defenses ................................................................................. 27

    2.    Reliance On Advice Of Counsel Or Other Professionals Is Not A Valid FTC Act Defense ........................................................ 27

    3.    The FTC Is Not Required To Join Other Persons, And Did Not Improperly Join The Relief Defendants .................................. 28

    4.    The FTC Is Not Required To Exhaust Administrative Remedies .......... 30

    5.    Injunctive Relief Is Not Moot Because Unlawful Conduct Is Likely To Reoccur .................................................................. 30

V.    THE REMAINING AFFIRMATIVE DEFENSES ASSERTED SOLELY BY TROY LITTLEAXE ARE FACIALLY INAPPLICABLE ........................................................ 31

A.    Troy LittleAxe Attempts To Invoke Various Inapplicable Sections Of TILA And EFTA ................................................................................................... 31

    1.    The TILA And EFTA Statutes Of Limitations, 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g), Do Not Apply In An FTC Enforcement Action .................................................................. 31

    2.    The TILA And EFTA Bona Fide Errors Defenses, 15 U.S.C. § 1640(c) and § 1693m(c), Do Not Apply In An FTC Enforcement Action ................................................................. 32

    3.    The EFTA Good Faith Compliance Defense Is Irrelevant and Impertinent ...................................................................... 33

    4.    LittleAxe Cannot Rely On The TILA Good Faith Compliance Defense, 15 U.S.C. § 1640(f), Because He Did Not Act In Conformity With Any Rule Or Regulation ............................... 33

5.   LittleAxe Has Not Provided Notice of TILA Errors Or Made Adjustments To Consumers' Accounts, As Would Be Required To Invoke A Correction Of Errors Defense Under 15 U.S.C. § 1640(b) ................................................................................. 34

6.   The TILA "Multiple Obligors" Provision Does Not Apply Because Defendants' Loans Do Not Involve Multiple Obligors ........... 34

B.   Miscellaneous Irrelevant And Nonsensical Affirmative Defenses ...................... 35

VI.   CONCLUSION ............................................................................................... 36

APPENDIX A ....................................................................................................... A1

# TABLE OF AUTHORITIES

**Cases**

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................................................................................ 3, 8, 10, 15

*California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ........ 4

*Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487 (9th Cir. 1983) ........................................ 11

*Cities of Anaheim, Riverside, Banning, Colton and Azusa, California v. FERC,* 723 F.2d 656 (9th Cir. 1984) ................................................................................................................ 17

*Coos-Curry Electric Cooperative, Inc. v. Jura,* 821 F.2d 1341 (9th Cir. 1987) .......................... 17

*Cox v.  First Nat. Bank of Cincinnati,* 751 F.2d 815 (6th Cir. 1985) ........................................... 33

*E.E.O.C. v. Lexus of Serramonte*, C 05-0962 SBA, 2006 WL 2619367 (N.D. Cal. Sept. 12, 2006) ................................................................................................................................. 13

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ......................................................... 3, 4

*Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183 (E.D. Tenn. 1988) .......................... 4

*Ford Motor Co. v. FTC*, 673 F.2d 1008 (9th Cir. 1981) ............................................................. 17

*FTC v. Affordable Media*, 179 F.3d 1228 (9th Cir. 1999) ........................................................... 31

*FTC v. Am. Microtel, Inc.*, CV-S-92-178-LDG(RJJ), 1992 WL 184252 (D. Nev. June 10, 1992) 8, 12, 22

*FTC v. Ameridebt*, 373 F. Supp. 2d 558 (D. Md. 2005) .............................................................. 16

*FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711 (N.D. Ill. May 1, 2003) . 26, 31

*FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627 (7th Cir. 2005) .............................................. 27

*FTC v. Bronson Partners, LLC*, No. 3:01CV1866(SRU), 2006 WL 197357 (D. Conn. Jan. 25, 2006) ............................................................................................................................... 13

*FTC v. Crescent Publ'g Grp., Inc.*, 129 F. Supp.2d 311 (S.D.N.Y. 2001) .................................... 11

*FTC v. Debt Solutions, Inc.*, 2006 WL 2257022 (W.D. Wash. 2006) ....................... 11, 12, 14, 15

*FTC v. Evans Products Co.*, 775 F.2d 1084 (9th Cir. 1985) ....................................................... 16

*FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192 (10th Cir. 2005) ............................................. 14

*FTC v. Gill*, 265 F.3d 944 (9th Cir. 2001) ................................................................................. 21

*FTC v. Golden Empire Mortg., Inc.*, CV 09-3227 CAS (RCX), 2009 WL 4798874 (C.D. Cal. Dec. 10, 2009) .................................................................................................................. 14

*FTC v. H. N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982) ............................................... 16, 23, 30

*FTC v. Inc21.com Corp.,* 745 F. Supp. 2d 975 (N.D. Cal. 2010) ................................................ 23

*FTC v. Inv. Devs., Inc.,* CIV. A. 89-642, 1989 WL 62564 (E.D. La. June 8, 1989) ................... 16

*FTC v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) ............................................................................................................................. 19

*FTC v. John Beck Amazing Profits LLC*, 888 F. Supp. 2d 1006 (C.D. Cal. 2012) ...................... 24

*FTC v. Johnson*, No. 2:10–cv–02203–MMD–GWF, 2013 WL 2460359, at *9 (D. Nev. Jun. 6, 2013) ..................................................................................................................... 8, 20, 26, 29

*FTC v. LoanPointe, LLC*, 2:10-CV-225DAK, 2011 WL 4348304 (D. Utah Sept. 16, 2011) ...... 27

*FTC v. Metro. Commc'ns Corp.*, 94 CIV. 0142 (JFK), 1995 WL 540050 (S.D.N.Y. Sept. 11, 1995) ...................................................................................................................................... 8

*FTC v. Millennium Telecard, Inc.*, CIV.A. 11-2479 JLL, 2011 WL 2745963 (D.N.J. July 12, 2011) .................................................................................................................................... 14

*FTC v. Moneymaker*, 2:11-CV-461 JCM RJJ, 2011 WL 3290379 (D. Nev. July 28, 2011) . 11, 28

*FTC v. N. Am. Mktg. & Assocs.*, No. CV-12-0914-PHX-DGC, 2012 WL 5034967 (D. Ariz. Oct. 18, 2012) ......................................................................................... 4, 8, 10, 14, 15, 22, 24, 36

*FTC v. Neovi, Inc.*, 06-CV-1952-JLS JMA, 2009 WL 56130 (S.D. Cal. Jan. 7, 2009) .............. 17

*FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997) .......................................... 23

*FTC v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1991) ..................................... 9

*FTC v. Silueta Distribs., Inc.*, No. 93-4141, 1995 WL 215313 (N.D. Cal. Feb. 24, 1995) ......... 24

*FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708 (9th Cir.1976) ......................................................... 16

*FTC v. Stefanchik*, 559 F.3d 924 (9th Cir. 2009) ........................................................................ 23

*FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267 (W.D. Wash. Nov. 12, 2004) 3, 22, 26

*FTC v. Swish Mktg.*, C 09-03814 RS, 2010 WL 1526483 (N.D. Cal. Apr. 14, 2010) ........... 23, 24

*FTC v. Tashman*, 318 F.3d 1273 (11th Cir. 2003) ...................................................................... 15

*FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 1013 (N.D. Ind. 2000) ................................ 16

*FTC v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663 (E.D. Tex. 2008) ................................... 20, 22

*FTC v. Virginia Homes Mfg. Corp.*, 509 F. Supp. 51 (D. Md. 1981) .......................................... 16

*Heckler v. Chaney*, 470 U.S. 821 (1985) ................................................................................... 28

*Hendley v. Cameron-Brown Co.*, 840 F.2d 831 (11th Cir. 1988) ................................................ 33

*Kessler v. Assocs. Fin. Servs. Co.*, 573 F.2d 577 (9th Cir. 1977) ............................................... 33

*Imperial Const. Mgmt. Corp. v. Laborers' Int'l Union of North America, Local 96*, 818 F. Supp. 1179 (N.D. Ill. 1993) ......................................................................................................... 6, 7, 8

*J & J Sports Prods., Inc. v. Catano*, 1:12-CV-00739-LJO, 2012 WL 5424677 (E.D. Cal. Nov. 6, 2012) ............................................................................................................................ 3, 25, 26

*Jones v. Community Redev. Agency*, 733 F.2d 646 (9th Cir. 1984) .............................................. 3

*London v. Chase Manhattan Bank USA, N.A.*, 150 F. Supp. 2d 1314 (S.D. Fla. 2001) .............. 33

*Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581 (2d Cir. 1987) ..................................................... 28

*Nat'l Labor Relations Bd. v. Bell Aerospace Co.*, 416 U.S. 267 (1974) ...................................... 17

*Pepsico, Inc. v. J.K. Distributors, Inc.*, 8:07CV00657 FMCCTX, 2007 WL 2852647 (C.D. Cal. Sept. 14, 2007) ............................................................................................................................. 3

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................. 3, 10, 12, 13

*Quintana v. Baca*, 233 F.R.D. 562 (C.D.Cal.2005) ..................................................................... 20

*Redfern v. Transamerica Moving, Inc.*, No. 3:09–CV–0317–LRH–VPC, 2011 WL 167570 (D. Nev. Jan. 18, 2011) ................................................................................................................... 9

*SEC v. Princeton Econ. Int'l Ltd.*, 99 CIV 9667 RO, 2001 WL 102333 (S.D.N.Y. Feb. 7, 2001) 28

*SEC. v. KPMG LLP*, 03 CIV. 671 (DLC), 2003 WL 21976733 (S.D.N.Y. Aug. 20, 2003) . 12, 13, 15

*See Friedman v. Canteen Vending*, No. 3:09–CV–00403–LRH–VPC, 2011 WL 1344181 (D. Nev. Apr. 7, 2011) ................................................................................................................... 9

*Sobel v. Hertz Corp.*, 698 F. Supp. 2d 1218 (D. Nev. 2010) ....................................................... 15

*Temple v. Synthes Corp.*, 498 U.S. 5 (1990) ............................................................................... 28

*Union Flights, Inc. v. Administrator, F.A.A.*, 957 F.2d 685 (9th Cir. 1992) ............................... 17

*United States v. City & County of San Francisco*, 310 U.S. 16 (1940) ...................................... 12

*United States v. Concentrated Phosphate Export Ass'n., Inc.*, 393 U.S. 199 (1968) ................... 30

*United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir. 1993) ......................................... 19

*United States v. First National Bank*, 652 F.2d 882 (9th Cir. 1981 ........................................... 11

*United States v. Global Mortg. Funding, Inc.*, SACV 07-1275 DOC (PJWx), 2008 WL 5264986 (C.D. Cal. May 15, 2008) ...................................................................................................... 11, 26

*United States v. Hempfling*, No. CV F 05-594 LJO SMS, 2007 WL 1299262, at *5 (E.D. Cal. May 1, 2007) ...................................................................................................................... 6, 7, 8

*United States v. Iron Mountain Mines*, 812 F. Supp. 1528 (E.D. Cal. 1992) ............. 10, 12, 13, 15

*United States v. JS & S Group, Inc.*, 716 F.2d 451 (7th Cir.1983) ............................................. 30

*United States v. Larkin, Hoffman, Daly & Lindgren*, 841 F. Supp. 899 (D. Minn. 1993) . 9, 29, 36

*United States v. Lopez*, 6 F.3d 1281 (7th Cir. 1993) ................................................................... 28

*United States v. McLeod*, 721 F.2d 282 (9th Cir. 1983) .............................................................. 11

*United States v. Menatos*, 925 F.2d 333 (9th Cir. 1991) ............................................................ 11

*United States v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978) ........................................................... 12

*United States v. Stringfellow*, 661 F. Supp. 1053, 1062 (C.D. Cal. 1987) .................................. 10

*United States v. Summerlin*, 310 U.S. 414 (1940) ...................................................................... 11

*Valencia v. Anderson Bros. Ford*, 617 F.2d 1278 (7th Cir.1980) .............................................. 33

*Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438 (C.D. Cal. 2013) ....... 20, 25

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) .................................................................. 3

**Statutes**

15 U.S.C. § 1607 .................................................................................................................... 7

15 U.S.C. § 1640 .............................................................................................................. 31, 34

15 U.S.C. § 1693 .................................................................................................................. 32

15 U.S.C. § 53 .......................................................................................................... 5, 19, 29, 30

Fed. R. Civ. P. 12 ................................................................................................................... 1

## I.      INTRODUCTION

Plaintiff Federal Trade Commission ("FTC") moves this Court pursuant to Rule 12(f)(2) to strike all of Defendants' 142 affirmative defenses, many of which have already been adjudicated, and the remainder of which are redundant, immaterial, impertinent, or do not otherwise constitute valid affirmative defenses.  Granting this motion is in the Court's interest to avoid a waste of judicial resources and to promote efficient proceeding of this action, which has already consumed an extensive amount of this Court's time.

To a large degree, Defendants attempt to relitigate matters already decided.  For example, several Defendants continue to claim that the FTC lacks authority to bring an action against Defendants under Section 13(b) of the Federal Trade Commission Act ("FTC Act") and Truth in Lending Act ("TILA") because the Lending Defendants are "arm[s] of an Indian tribe," even though the Court has already determined that the FTC Act grants the Commission "authority to regulate arms of Indian tribes, their employees, and their contractors."  (ECF No. 559 at 10.)  Several Defendants also continue to assert that the FTC was required to follow certain administrative procedures to bring its TILA claim, even though the Court has already determined that those provisions are inapplicable in district court litigation.  (ECF No. 297 at 10-11.)  In addition, some Defendants continue to argue that the FTC fails to state a claim, even though all six of Defendants' motions to dismiss for failure to state a claim have been denied in full.  (ECF Nos. 226, 297.)

In addition to those affirmative defenses that have already been rejected in this proceeding, many are categorically unavailable in cases brought by the government, and others are devoid of any explanation, in contravention of the "fair notice" standard articulated in this Court.  Indeed, most of the affirmative defenses raised by Defendants, to the extent any sense can be made out of them, have been addressed and rejected in other FTC matters, including prior decisions of this Court.

To avoid confusion, delay, and additional expense in this litigation, the demonstrably inapplicable and frivolous defenses identified below should be stricken from Defendants' answers.

## II.     PROCEDURAL HISTORY

The FTC sued Defendants in April 2012, alleging, *inter alia*, that they deceived consumers under the Federal Trade Commission Act ("FTC Act") and violated the Truth In Lending Act ("TILA") by misstating the cost and other terms of their high-interest, short-term, online payday loans.  (ECF No. 386.)[1]  With the parties' agreement, in December 2012, the Court bifurcated the matter to address the merits of the FTC's statutory claims in Phase 1, and to address the individual and corporate liability of each of the various non-lending Defendants alleged to have participated in the scheme in Phase 2.  (ECF No. 296 at 9-10.)  The bifurcation order also assigned adjudication of all defenses to Phase 2.  (*Id.* at 10.)  Upon entry of the bifurcation order, the parties agreed that the Defendants could answer the Phase 2 allegations in the complaint upon commencement of Phase 2, and that the Relief Defendants could answer the entire complaint in Phase 2.

In May 2014, the Court granted summary judgment in favor of the FTC in Phase 1, accepting and adopting the Magistrate Judge's earlier report and recommendation (ECF No. 539) and finding that the Lending Defendants violated the FTC Act and TILA.  (ECF No. 584.)  In July 2014, the Court disposed of Defendants' various objections to the summary judgment order and their other objections and motions, and ordered Defendants to answer the first amended complaint.  (ECF No. 629.)  Defendants have now filed 10 answers to the complaint asserting 142 affirmative defenses.  (ECF Nos. 405, 631, 645, 646, 647, 648, 649, 650, 651, 652.)[2]

The affirmative defenses challenged in the FTC's motion are listed in the motion and in the FTC's proposed order.  A chart mapping each of Defendants' challenged affirmative defenses discussed in Parts IV and V, *infra,* is presented in Appendix A to this memorandum.

---

[1]     The FTC also raised a claim under the Electronic Fund Transfer Act, and an additional FTC Act claim related to debt collection, but the those claims have been settled as to all Defendants except for Timothy Muir and The Muir Law Firm, LLC.  (ECF No. 478.)

[2]     Unlike the other Defendants, Troy LittleAxe did not file a Phase 2 answer, and confirmed to the FTC that he is relying on his previously-filed answer to apply in Phase 2.  (ECF No. 405.)

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A defense is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting Wright & Miller, *Federal Practice and Procedure* § 1382).  A defense is "impertinent" if it does not pertain and is not necessary to the issues in question in the case.  *Id.*; *see also Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  In addition, "[a]n affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances." *FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *1 (W.D. Wash. Nov. 12, 2004).  In assessing the viability of any affirmative defense in the context of a motion to strike, the Court must assume that the moving party – here, the FTC – can successfully prove the allegations of its complaint at trial.  *Stefanchik*, 2004 WL 5495267, at *1.

An affirmative defense must give the plaintiff "'fair notice' of the defense being advanced" and the grounds upon which it rests.  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).  Thus, bare recitation of a legal doctrine does not suffice.  *Qarbon.com*, 315 F. Supp. 2d at 1049.  Courts accordingly grant motions to strike where an affirmative defense "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case." *Pepsico, Inc. v. J.K. Distributors, Inc.*, 8:07CV00657 FMCCTX, 2007 WL 2852647, at *2 (C.D. Cal. Sept. 14, 2007) (*citing Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)); *see also J & J Sports Prods., Inc. v. Catano*, 1:12-CV-00739-LJO, 2012 WL 5424677, at *9-10 (E.D. Cal. Nov. 6, 2012) (granting motion to strike upon finding that defendants' "boilerplate defenses that lack factual support" failed to provide fair notice).

In *Fantasy, Inc.*, the Ninth Circuit held it proper to strike defendants' pleadings "consist[ing] of stale and barred charges that had already been extensively litigated and would have been

3

burdensome for [plaintiff] to answer." 984 F.2d at 1528. Here, as in *Fantasy, Inc.*, the affirmative defenses at issue not only attempt to resurrect issues previously decided by the Court, but also raise various obviously inapplicable defenses that, unless stricken, will unnecessarily detour the Court via discovery disputes and otherwise.

In addition to their substantive deficiencies, Defendants' affirmative defenses also fail to give the FTC fair notice because most are mere formulaic recitations, without any additional supporting facts. Many of the defenses addressed in this motion were raised and stricken in *FTC v. North America Marketing and Associates,* a recent FTC case decided elsewhere in the Ninth Circuit. No. CV-12-0914-PHX-DGC, 2012 WL 5034967 (D. Ariz. Oct. 18, 2012). In particular, the court in *North America Marketing* struck the following affirmative defenses, each of which is also at issue here: estoppel, waiver, laches, unclean hands, statute of limitations, lack of intent, release, nonparties at fault, acts or omissions by third parties, no knowledge or control over corporate defendants, accord and satisfaction, contributory negligence, failure of consideration, fraud, illegality, license, payment, res judicata, and statute of frauds, because, as here, the defendants failed to make any factual allegations supporting them. Other defenses, such as failure to state a claim, reservations of rights, and relief sought not authorized, were struck because they were simply denials of the plaintiff's claims rather than true affirmative defenses. In short, *North America Marketing* alone disposes of most of Defendants' challenged defenses here.

Disposing of defenses that are invalid as a matter of law or insufficiently pled early in the proceedings serves to streamline the ultimate resolution of the action and to focus attention on the real issues in the case. *See Fantasy, Inc.*, 984 F.2d at 1527 (the purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial") (internal quotation and citation omitted); *see also California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the motion may have the effect of making the trial of action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be taken."); *Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with

inadequate or improper affirmative defenses and counterclaims at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties.").

## IV. DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENT AND SHOULD BE STRICKEN

### A. Defendants Have Improperly Asserted Defenses That Were Already Adjudicated In This Case Or Have Been Waived

Several affirmative defenses asserted have already been adjudicated by the Court in connection with Defendants' motions to dismiss, or have been waived by Defendants through their failure to include them in those motions.

#### 1. The Court Has Already Determined That FTC Has Authority To Regulate Arms Of Indian Tribes, Their Employees, And Their Contractors

The Lending Defendants and the Tucker Defendants continue to advance the defective affirmative defense that the FTC lacks authority to bring an action against them under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and under TILA, because the Lending Defendants are "an arm of an Indian tribe" and thus not a "person, partnership or corporation" within the meaning of the FTC Act."[3]

---

[3]   Answer of Scott A. Tucker; AMG Capital Management, LLC; Level 5 Motorsports, LLC; Blackcreek Capital Corporation; Broadmoor Capital Partners, LLC; LeadFlash Consulting, LLC; and Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker (ECF No. 645, "Tucker Defendants Answer"), Affirmative Defense 2.  The Tucker Defendants claim that any liability that could be assigned to them is premised on establishing liability against AMG, which is an "arm of an Indian tribe" and thus not subject to FTC Act jurisdiction.

Answer of SFS, Inc. (ECF No. 647, "SFS Answer"), Affirmative Defense 1;

Answer of Red Cedar Services, Inc. (ECF No. 648, "Red Cedar Answer"), Affirmative Defense 1;

Answer of AMG Services, Inc. (ECF No. 651, "AMG Services Answer"), Affirmative Defense 1;

Answer of MNE Services, Inc. (ECF No. 652, "MNES Answer"), Affirmative Defense 1;

The Court has already considered and rejected this argument during Phase 1 of the proceedings.  Adopting Judge Ferenbach's Report and Recommendation on this particular question of law, the Court determined that the "FTC Act is a federal statute of general applicability that under controlling Ninth Circuit precedent grants the FTC authority to regulate arms of Indian tribes, their employees, and their contractors."  (ECF No. 559 at 10.)

This Court also held that any arguments regarding the FTC's authority to bring action against the Lending Defendants have no application to the FTC's TILA claims, because "TILA … provide[s] the FTC the power to enforce the statute[] *without regard* for any jurisdictional limitations contained in the FTC Act."  (ECF No. 444 at 40 (emphasis in original).)  The Court entered summary judgment in favor of the FTC "[t]o the extent the defendants' affirmative defenses assert that the FTC does not have authority to bring the TILA … claim[]."  (*Id.*)

Despite the Court's clear rulings on this issue, several Defendants continue to assert that the Lending Defendants' supposed status as "arm[s] of an Indian Tribe" renders them immune to enforcement actions under the FTC Act and under TILA.  It is improper to assert affirmative defenses for issues already decided, because "the Court has already ruled that these issues are legally insufficient."  *United States v. Hempfling*, No. CV F 05-594 LJO SMS, 2007 WL 1299262, at *5 (E.D. Cal. May 1, 2007) ("A number of the affirmative defenses now asserted are issues already raised, argued, and decided by this Court in prior orders.  A motion to strike a defense may be granted where the same defense was rejected by the Court in denying the defendant's motion to dismiss."); *see also Imperial Const. Mgmt. Corp. v. Laborers' Int'l Union of North America, Local 96*, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993) ("[The Court] has had prior occasion to rule on this argument and has held that it lacks merit").  The Court should strike these defenses.

---

Answer of Troy LittleAxe (ECF No. 405, "LittleAxe Answer"), Affirmative Defense 2. LittleAxe also asserts that the FTC Act, TILA, and EFTA do not apply to the Defendants "under Indian law cannons."  LittleAxe Answer, Affirmative Defenses 53-55.

**2.      The Court Has Already Determined That The TILA Administrative
Procedures Do Not Apply In District Court Litigation**

Several Defendants advance affirmative defenses that the FTC's TILA claims are

purportedly barred because the FTC failed to utilize certain administrative cease-and-desist

procedures found in 15 U.S.C. § 1607(e).[4]

The Court has already considered and rejected this argument too.  Specifically, the Court in

rejecting Defendants' motions to dismiss determined that the TILA section cited by the Defendants:

> "applies only when an agency itself imposes an adjustment.  If the FTC had
> imposed the adjustment, only then would the agency need to notify the creditor
> and complete the administrative cease and desist procedures. Here, the FTC is not
> issuing the order but rather asks this Court to issue an adjustment order, among
> other relief. Therefore, the notification and administrative cease and desist
> procedures are inapplicable. This argument fails on its merits …." (ECF No. 297
> at 10-11.)

Despite this Court's clear ruling, Defendants continue to assert this argument in their

affirmative defenses.  As noted above, it is improper to assert affirmative defenses for issues already

decided.  *Hempfling,* 2007 WL 1299262, at \*5; *Imperial Const.*, 818 F. Supp. at 1186.  The Court

should strike these defenses.

**3.      The Court Has Already Denied All Of Defendants' Motions To Dismiss
For Failure To State A Claim**

Several Defendants repeat the argument that the FTC has failed to state a claim upon which

relief can be granted.[5]  This affirmative defense fails for two separate reasons:  first, it is not a valid

affirmative defense; second, it has already been adjudicated.

---

[4]      Answer of Kim C. Tucker and Park 269, LLC (ECF No. 631, "Relief Defendants
Answer"), Affirmative Defense 5.  The Relief Defendants do not identify which
administrative remedies the FTC purportedly failed to exhaust.  Assuming the Relief
Defendants are referring to administrative remedies under TILA, the section above
addresses the fatal defect in the defense.  To the extent the Relief Defendants are
referring to other, unspecified administrative remedies, their affirmative defense fails
under the "fair notice" standard and also fails for the reason stated in Part IV.G.4, *infra*.

Answer of Timothy Muir and The Muir Law Firm, LLC (ECF No. 646, "Muir
Defendants Answer"), Affirmative Defense 11; and

LittleAxe Answer, Affirmative Defense 58.

In *FTC v. Johnson*, this Court struck a failure to state a claim affirmative defense holding, plainly, "Failure to state a claim is not an affirmative defense."  No. 2:10–cv–02203–MMD–GWF, 2013 WL 2460359, at *9 (D. Nev. Jun. 6, 2013).  Other courts have done the same.  "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."  *Barnes*, 718 F. Supp. 2d at 1174 (striking defense); *see also N. Am. Mktg.*, 2012 WL 5034967, at * 2 (same).

Moreover, the Court has already denied all Defendants' motions to dismiss, determining that the FTC has stated a claim.  (ECF No. 297 at 6 ("the FTC has stated a plausible claim for relief").)  As demonstrated above, it is improper to raise in an affirmative defense an issue already litigated and lost.  *Hempfling,* 2007 WL 1299262, at *5; *Imperial Const.*, 818 F. Supp. at 1186.

### 4.    The Court Has Already Found Subject Matter Jurisdiction To Exist

Troy LittleAxe claims in his answer that this Court does not have subject matter jurisdiction.[6] But Troy LittleAxe stipulated that this Court does have subject matter jurisdiction, and the Court agreed.  (ECF Nos. 293, 293-1, and 296 ¶ 1.)  *See FTC v. Am. Microtel, Inc.*, CV-S-92-178-LDG(RJJ), 1992 WL 184252, at *1 (D. Nev. June 10, 1992) (striking subject matter jurisdiction affirmative defense after defendants stipulated to preliminary injunction order containing a specific finding of subject matter jurisdiction); *see also FTC v. Metro. Commc'ns Corp.*, 94 CIV. 0142 (JFK), 1995 WL 540050, at *1 (S.D.N.Y. Sept. 11, 1995) (same, citing *Am. Microtel*).

---

[5]     Relief Defendants Answer, Affirmative Defense 1;

Muir Defendants Answer, Affirmative Defense 1;

Answer of Robert Campbell (ECF No. 649, "Campbell Answer"), Affirmative Defense 7;

LittleAxe Answer, Affirmative Defense 1.

[6]     LittleAxe Answer, Affirmative Defense 50.

**5.    Troy LittleAxe Cannot Challenge Venue and Personal Jurisdiction On Behalf Of Nonparty Claimants, And In Any Event Waived Those Defenses**

Troy LittleAxe claims that "this Court is not the proper venue over many of the claimants for whom the Plaintiff purports to assert its claims,"[7] and that "this Court lacks personal jurisdiction over many of the claimants for whom the Plaintiff purports to assert its claims."[8]   Troy LittleAxe appears to assert these defenses on behalf of the consumer "claimants," even though consumers are not parties to this suit and are not required to be parties to this suit.  The FTC is not simply standing in the shoes of, or lending its name to, private parties.  Rather, the FTC is acting in accordance with its statutory charge to protect the general public interest.  *See U.S. v. Larkin, Hoffman, Daly & Lindgren*, 841 F. Supp. 899, 907 (D. Minn. 1993) ("The fact that the FTC obtained the underlying judgment in pursuit of its statutory mandate to protect consumers does not transform this into a suit on behalf of private individuals …"); *see also FTC v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1316 (8th Cir. 1991) (holding that FTC action is "not a private fraud action, but a government action brought to deter unfair and deceptive trade practices and obtain restitution…").

In any event, Troy LittleAxe stipulated that venue is proper in this district, (ECF Nos. 293, 293-1, and 296 ¶ 1), and waived any venue or personal jurisdiction objections when he failed to assert those defenses in his prior motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(g)(2) and (h)(1).  *See Friedman v. Canteen Vending*, No. 3:09–CV–00403–LRH–VPC, 2011 WL 1344181, at *1 (D. Nev. Apr. 7, 2011) (venue defense waived when not included in earlier motion to dismiss); *Redfern v. Transamerica Moving, Inc.*, No. 3:09–CV–0317–LRH–VPC, 2011 WL 167570, at *1 (D. Nev. Jan. 18, 2011) (same, personal jurisdiction).

**B.    Defendants Have Improperly Asserted Defenses Inapplicable To The Government In A Suit To Enforce A Public Right Or A Public Interest**

Most Defendants have raised affirmative defenses – laches, estoppel, unclean hands, and waiver – that are generally not available in a suit brought by the government as a sovereign

---

[7]    LittleAxe Answer, Affirmative Defense 52.

[8]    LittleAxe Answer, Affirmative Defense 51.

enforcing a public right or a public interest.  *United States v. Iron Mountain Mines*, 812 F. Supp. 1528, 1546 (E.D. Cal. 1992) (holding that "the particular defenses at issue here – waiver, estoppel, and unclean hands – may not be asserted against sovereigns who act to protect public welfare"); *United States v. Stringfellow*, 661 F. Supp. 1053, 1062 (C.D. Cal. 1987) (striking equitable affirmative defenses in federal action to protect public health and safety).

Moreover, Defendants have failed to provide sufficient facts in support of these defenses.  *N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *2-5 (striking estoppel, waiver, laches, unclean hands, release, payment, and accord and satisfaction defenses for failure to provide supporting facts); *Barnes*, 718 F. Supp. 2d at 1172 (striking laches, estoppel, waiver, unclean hands defenses for same reason); *Qarbon.com*, 315 F. Supp. 2d at 1050 (striking estoppel, waiver, unclean hands defenses for same reason).

### 1.      Laches

Most of the Defendants assert that the FTC's claims are barred by the doctrine of laches.[9] However, the United States, including the FTC as one of its agencies, is categorically not subject to the defense of laches when it undertakes to enforce a public right or to protect the public interest. *See, e.g., United States v. Summerlin*, 310 U.S. 414, 416 (1940).  Ninth Circuit precedent on this point is clear.  "The government is not subject to the defense of laches when enforcing its rights." *U.S. v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (citing *Summerlin*); *see also Chevron, U.S.A.,*

---

[9]      Relief Defendants Answer, Affirmative Defense 3;

Tucker Defendants Answer, Affirmative Defense 10;

SFS Answer, Affirmative Defense 5;

Red Cedar Answer, Affirmative Defense 5;

Campbell Answer, Affirmative Defense 4;

AMG Services Answer, Affirmative Defense 5;

MNES Answer, Affirmative Defense 5;

Muir Defendants Answer, Affirmative Defense 7 (incorporating by reference all lending defendants' affirmative defenses); and

LittleAxe Answer, Affirmative Defense 6.

*Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983) ("The government is not bound by …
laches in enforcing its rights.") (citing *Summerlin* and *United States v. First National Bank,* 652 F.2d
882, 890 (9th Cir. 1981)); *United States v. McLeod*, 721 F.2d 282, 285 (9th Cir. 1983) (citing
*Summerlin*).

This Court and other courts have therefore repeatedly and summarily stricken the defense of
laches when asserted in FTC Section 5 enforcement actions.  *See, e.g., FTC v. Moneymaker*, 2:11-
CV-461 JCM RJJ, 2011 WL 3290379, at *2 (D. Nev. July 28, 2011); *Am. Microtel, Inc.*, 1992 WL
184252, at *1 (D. Nev. June 10, 1992); *United States v. Global Mortg. Funding, Inc.*, SACV 07-
1275 DOC (PJWx), 2008 WL 5264986, at *3 (C.D. Cal. May 15, 2008); *FTC v. Debt Solutions, Inc.*,
2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006); *FTC v. Crescent Publ'g Grp., Inc.*, 129 F.
Supp.2d 311, 324 (S.D.N.Y. 2001).

## 2.    Estoppel

The same Defendants' attempts to claim estoppel[10] are likewise flawed.

"[T]he United States is neither bound nor estopped by acts of its officers or agents in entering
into an arrangement or agreement to do or cause to be done what the law does not sanction or
permit."  *United States v. City & Cnty. of San Francisco*, 310 U.S. 16, 32 (1940) (*quoting Utah
Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917)).  In particular, Courts do not apply
estoppel where the government acts to protect the public welfare.  *Iron Mountain Mines*, 812 F.

---

[10]        Relief Defendants Answer, Affirmative Defense 3.

Tucker Defendants Answer, Affirmative Defense 9;

SFS Answer, Affirmative Defense 6;

Red Cedar Answer, Affirmative Defense 6;

Campbell Answer, Affirmative Defenses 3 and 5;

AMG Services Answer, Affirmative Defense 6;

MNES Answer, Affirmative Defense 6;

Muir Defendants Answer, Affirmative Defense 7 (incorporating all lending defendants'
affirmative defenses); and

LittleAxe Answer, Affirmative Defense 5.

Supp. at 1546 (estoppel "may not be asserted against sovereigns who act to protect the public welfare"). Thus, as with laches, this Court and other courts have repeatedly stricken estoppel defenses asserted against the FTC. *See Am. Microtel*, 1992 WL 184252, at *1; *Debt Solutions, Inc.*, 2006 WL 2257022, at *1; *see also SEC. v. KPMG LLP*, 03 CIV. 671 (DLC), 2003 WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003) (striking estoppel defense in SEC enforcement action).[11]

### 3.    Unclean Hands

The Tucker Defendants assert that the FTC's claims are barred by the doctrine of unclean hands.[12] Troy LittleAxe also invokes the unclean hands doctrine, albeit with a slightly different spin: "*[t]he claimants* for whom the Plaintiff purports to assert its claims are not entitled to relief because they are barred by unclean hands."[13] Both unclean hands defenses are defective.

A defense of unclean hands does not apply against the FTC because of its Congressional mandate to protect the public welfare. *Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (striking unclean hands defense against FTC); *see also KPMG LLP*, 2003 WL 21976733, at *3; *Iron Mountain Mines*, 812 F. Supp. at 1546 (rejecting unclean hands defense in federal action to protect the public welfare).

---

[11]    Estoppel may be available against the government only in extraordinary circumstances. In asserting this defense, the defendant must show not only reasonable reliance on a misrepresentation, to his detriment, but must also establish "affirmative misconduct" by the government. *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978). Even if Defendants are attempting to invoke extraordinary circumstances here, they have made virtually no effort to meet their burden. The Tucker Defendants and LittleAxe offer no facts whatsoever to support their estoppel defense, asserting only that "[t]o the extent that the evidence shows affirmative misconduct," the FTC is estopped from recovering any relief. The Lending Defendants and Campbell's only supporting facts are that the FTC "obtained the lenders' loan documents at least four years before filing this suit." None of these Defendants offer any description of the representations that were made to them, or reasonable reliance on those representations to their detriment, and none of them describe the FTC's purported "affirmative misconduct." Courts have stricken the affirmative defense of estoppel where the defendant has not provided any factual basis for its supposed application. *Qarbon.com*, 315 F. Supp. 2d at 1050.

[12]    Tucker Defendants Answer, Affirmative Defense 12.

[13]    LittleAxe Answer, Affirmative Defense 42 (emphasis added).

Although some courts, in rare instances, have permitted unclean hands defenses in matters brought by the government, the Tucker Defendants and Troy LittleAxe have offered no basis for the defense in this case because they have presented no allegations indicating that the FTC breached any constitutional rights in bringing this action. *Qarbon*, 315 F. Supp. 2d at 1050 (dismissing unclean hands defense for failure to provide factual allegations). In fact, the FTC has not breached the constitutional rights of the Tucker Defendants, Troy LittleAxe, or any other Defendant.

As for Troy LittleAxe's adaptation of the defense to apply to *consumers'* supposed unclean hands, the unclean hands defense must be asserted against a party, and the consumers in this case are not parties. *E.E.O.C. v. Lexus of Serramonte*, C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 12, 2006) (striking the defense of unclean hands asserted against the claimant in a public enforcement suit brought by the EEOC). Troy LittleAxe can point to no authority allowing the unclean hands defense to be asserted on the basis of any alleged acts by consumers. Troy LittleAxe's similar attempt to assert "estoppel" and "laches" with respect to unstated actions *by consumers* is likewise flawed.[14]

### 4.       Waiver By The FTC

The Relief Defendants contend that the FTC's claims are barred by waiver.[15] As with laches, this defense is categorically unavailable in this action. The law is clear that waiver is not an appropriate defense in a case where, as here, the FTC is attempting to enforce an act of Congress. *FTC v. Bronson Partners, LLC*, No. 3:01CV1866(SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (striking waiver defense and holding that "[t]he FTC may not waive the requirement of an act of Congress"); *Iron Mountain Mines*, 812 F. Supp. at 1546 (waiver "may not be asserted against sovereigns who act to protect the public welfare"); *Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (holding that "equitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power").

---

[14]       LittleAxe Answer, Affirmative Defenses 22, 31, and 43.

[15]       Relief Defendants Answer, Affirmative Defense 3.

In addition to the outright inapplicability of this defense, the Relief Defendants cannot satisfy the fair notice standard with respect to waiver because they utterly fail to describe what action to the FTC supposedly took to waive its claims against them or anyone else.  "[M]aking a vague reference to a doctrine, without more, does not provide a fair notice of a defense."  *FTC v. Golden Empire Mortg., Inc.*, CV 09-3227 CAS (RCX), 2009 WL 4798874, at *3 (C.D. Cal. Dec. 10, 2009) (striking affirmative defense of waiver as insufficient because it did not provide fair notice of a defense); *see also N. Am. Mktg. & Assocs.,* 2012 WL 5034967, at *2 (striking affirmative defense of waiver because it contained "no reference to supporting facts").

### 5.      Voluntary Payment Doctrine Or Waiver By Consumers

The Tucker Defendants assert that the FTC's claims are barred by consumers' voluntary payments and waiver,[16] and Troy LittleAxe similarly contends that consumers' claims are barred by "accord and satisfaction," "waiver," "payment," and  "release."[17]

The "voluntary payment doctrine is a corollary to the mistake of law doctrine and, in its general formulation, holds that a person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution."  *FTC v. Millennium Telecard, Inc.*, CIV.A. 11-2479 JLL, 2011 WL 2745963, at *4 (D.N.J. July 12, 2011).   But the primary purpose of the FTC Act, as well as other federal and state consumer protection laws, is to protect consumers and lessen the harsh effects of *caveat emptor.  Id.* (*quoting FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005)).  As a result, as this Court itself has held, such defenses are not available in government (or even private) actions to enforce consumer protection laws.  *See id.* ("Defendants have failed to demonstrate that the voluntary payment doctrine should be applied in the context of an FTC enforcement action, the primary purpose of which is to protect the consumer public."); *Sobel v. Hertz Corp.*, 698 F. Supp. 2d 1218, 1224 (D. Nev. 2010) ("To allow the defendant to avoid liability for an unfair practice through the voluntary payment doctrine would nullify the protections of the act

---

[16]      Tucker Defendants Answer, Affirmative Defenses 7 and 8.

[17]      LittleAxe Answer, Affirmative Defenses 21, 32, 34, and 35.

and be contrary to the intent of the legislature.") (internal quotations omitted); *FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003) (holding that "'*caveat emptor*' is simply not the law"); *see also Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (striking waiver and accord and satisfaction defenses against FTC); *cf. KPMG LLP*, 2003 WL 21976733, at *3 (striking waiver defense in SEC enforcement action); *Iron Mountain Mines*, 812 F. Supp. at 1546 (rejecting waiver defense in federal action to protect the public welfare).

### C.   This Action Is A "Proper Case" Under The Second Proviso of Section 13(b)

Several Defendants claim that the FTC "lacks statutory authority to obtain relief because this is not a proper case under Section 13(b) of the FTC Act."[18]

The Ninth Circuit and other federal courts have confirmed that the second proviso of § 13(b) has comprehensive reach, giving district courts "authority to grant a permanent injunction against violations of *any provisions of law enforced by the Commission*...." *FTC v. Evans Products Co.*, 775 F.2d 1084, 1086-87 (9th Cir. 1985) (*quoting FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir.

---

[18]   Tucker Defendants Answer, Affirmative Defense 3;

Muir Defendants Answer, Affirmative Defense 13.  The Muir Defendants claim that the FTC has "failed to state a claim for which relief may be granted" because this is not a "proper case" under the second proviso of Section 13(b).  As demonstrated above, Part IV.A.3, *supra*, "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in plaintiff's prima facie case." *Barnes*, 718 F. Supp. 2d at 1174.  Thus, "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense." *Id.*; *see also N. Am. Mktg.*, 2012 WL 5034967, at *2.

SFS Answer, Affirmative Defense 7;

Red Cedar Answer, Affirmative Defense 7;

Campbell Answer, Affirmative Defense 11;

AMG Services Answer, Affirmative Defense 7;

MNES Answer, Affirmative Defense 7; and

LittleAxe Answer, Affirmative Defense 8.  LittleAxe also improperly claims that the FTC has "failed to state a claim for which relief may be granted" because this is not a "proper case" under the second proviso of Section 13(b).

1982) (emphasis added)).[19]  The *Evans* court accorded "considerable weight" to the FTC's argument "that a proper case for which § 13(b) injunctive relief may be sought includes 1) any case involving a law enforced by the FTC, or 2) any case involving a likelihood that a past violation of a law enforced by the FTC will recur."  *Evans Products Co.*, 775 F.2d at 1086.  The court in *Evans* further rejected attempts to limit § 13(b) to cases involving only "routine fraud" or violations of previously established FTC rules.  *Id.* at 1087; *see also FTC v. Ameridebt*, 373 F. Supp. 2d 558, 562-63 (D. Md. 2005) (rejecting defendants' claim that "proper case" is limited to routine fraud FTC has challenged before).

This matter involves violations of Section 5 of the FTC Act, as well as various sections of TILA – both statutes enforced by the FTC.  Accordingly, this is a "proper case" under Section 13(b).

### D.    The FTC Is Not Required To Conduct A Rulemaking To Enjoin Deceptive Conduct

Certain Defendants, but not including the Lending Defendants, assert that the FTC abused its discretion in bringing this case, because the FTC, in their view, the FTC should have proceeded by rulemaking, not adjudication.[20]

---

[19]    *See also FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 712 (9th Cir.1976) (asserting that the second proviso of §13(b) authorizes the FTC to seek an injunction when it believes there is a violation of "any provision of law" it enforces); *FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 1013, 1016 (N.D. Ind. 2000) *aff'd*, 312 F.3d 259 (7th Cir. 2002) ("A violation of Section 5 of the FTC Act has been found to be such a proper case."); *FTC v. Inv. Devs., Inc.*, CIV. A. 89-642, 1989 WL 62564, at *4 (E.D. La. June 8, 1989) ("A district court has authority to grant a permanent injunction under Section 13(b), 15 U.S.C. § 53(b), against violation of any provision of law enforced by the Commission when there is a cognizable danger of recurrent violation."); *FTC v. Virginia Homes Mfg. Corp.*, 509 F. Supp. 51, 54 (D. Md. 1981) *aff'd sub nom. FTC v. Virginia Homes Mfg. Corp.*, 661 F.2d 920 (4th Cir. 1981) ("It is beyond dispute that § 13(b) is a proper means for seeking remedy from § 5 violations.  Furthermore, § 13(b) by its very terms applies to violations of "any provision of law enforced by the FTC.").

[20]    Tucker Defendants Answer, Affirmative Defense 1;

Muir Defendants Answer, Affirmative Defense 12;

Campbell Answer, Affirmative Defense 2; and

LittleAxe Answer, Affirmative Defense 4.

Whether the FTC addresses Defendants' deceptive conduct via rulemaking or litigation is a decision for the FTC to make. Courts have repeatedly confirmed that the FTC, like any administrative agency, has substantial discretion in deciding whether to proceed via rulemaking or adjudication. *FTC v. Neovi, Inc.*, 06-CV-1952-JLS JMA, 2009 WL 56130, at *7 (S.D. Cal. Jan. 7, 2009), *aff'd,* 604 F.3d 1150 (9th Cir. 2010). An agency "is not precluded from announcing new principles in an adjudicative proceeding [and] the choice between rulemaking and adjudication lies in the first instance within the [agency's] discretion." *Nat'l Labor Relations Bd. v. Bell Aerospace Co.*, 416 U.S. 267, 294 (1974); *see also Cities of Anaheim, Riverside, Banning, Colton and Azusa, Cal. v. FERC,* 723 F.2d 656, 659 (9th Cir. 1984) (holding that "administrative agencies are free to announce new principles during adjudication"); *Union Flights, Inc. v. Adm'r, F.A.A.,* 957 F.2d 685, 688 (9th Cir. 1992) (same); *Coos-Curry Electric Cooperative, Inc. v. Jura,* 821 F.2d 1341, 1346 (9th Cir. 1987) (same).

In limited circumstances, an agency may not articulate new principles through adjudication if an existing rule is already in place and the agency's action constitutes a "sudden change of direction" that would disadvantage those who had relied on the former rule. *See Union Flights,* 957 F.2d at 688; *Coos-Curry,* 821 F.2d at 1346; *Cities of Anaheim,* 723 F.2d at 659. Likewise, the agency may not use adjudication to amend a recently adopted rule, *see Cities of Anaheim,* 723 F.2d at 659, or bypass a pending rulemaking. *See Ford Motor Co. v. FTC,* 673 F.2d 1008, 1010 (9th Cir. 1981); *see also Union Flights,* 957 F.2d at 689. Here, Defendants could not possibly point to any FTC "sudden change of direction," because the FTC has issued no prior rules condoning (or pending rulemaking affecting), either expressly or by implication, Defendants' lending disclosures.

The Muir Defendants, Robert Campbell, and Troy LittleAxe do not even attempt to invoke any of the above-listed exceptions, offering only conclusory affirmative defenses that do not explain what existing or pending agency rules are supposedly being affected. And, tellingly, the Lending Defendants do not even advance this defense.

The Tucker Defendants attempt to point to the FTC's "negative option rules," claiming that the FTC "has voted to retain the negative options rules in place without any changes."[21] This description does not pass the "fair notice" standard, as it does not explain why the FTC's decision to retain the existing Rule Concerning Use of Prenotification Negative Option Plans ("Negative Option Rule") constitutes a "sudden change of direction" that would disadvantage Defendants. Likewise, the Tucker Defendants do not indicate how the FTC's action against them would amend this rule or bypass a pending rulemaking.

As applied to the FTC's TILA allegation, this affirmative defense is deficient for an additional reason: there are already rules in place implementing TILA (Regulation Z) and the FTC alleges that defendants violated the existing regulation. These affirmative defenses should be struck.

### E.   Defendants Cannot Advance A Statute Of Limitations Defense Because No Statutes Of Limitations Apply To The Counts At Issue

Many Defendants' answers claim, in conclusory manner, that the FTC's claims are barred by the statute of limitations.[22] The Lending Defendants, Tucker Defendants, and Robert Campbell claim specifically that the FTC's claims are barred by the three-year statute of limitations set forth in Section 19(d) of the FTC Act.[23]

---

[21]   Although the Tucker Defendants do not cite to a specific rule in the Code of Federal Regulations, the FTC assumes that the term "negative option rules" refers to the FTC Rule Concerning Use of Prenotification Negative Option Plans, 16 C.F.R. Part 425.

[22]   Relief Defendants Answer, Affirmative Defense 3;

Muir Defendants Answer, Affirmative Defense 9;

Campbell Answer, Affirmative Defense 1;

Answer of Don Brady (ECF No. 650, "Brady Answer"), Affirmative Defense 4; and

LittleAxe Answer, Affirmative Defenses 3, 38.

[23]   Tucker Defendants Answer, Affirmative Defense 5;

SFS Answer, Affirmative Defense 4;

Red Cedar Answer, Affirmative Defense 4;

AMG Services Answer, Affirmative Defense 4;

MNES Answer, Affirmative Defense 4; and

First, as this Court has recently held, Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) – the basis on which the FTC brought the instant case – has no statute of limitations.  *See FTC v. Ivy Capital, Inc.*, 2:11-CV-283 JCM GWF, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (striking statute of limitations affirmative defense and finding that "Section 13(b) of the Federal Trade Commission Act specifies no statute of limitations period.").[24]  In fact, the express language of Section 13(b) provides that the FTC may bring suit "whenever" it has reason to believe a violation has occurred.  15 U.S.C. § 53(b).  *See also Ivy Capital, Inc.,* 2011 WL 2470584, at *2.

Moreover, Defendants cannot assert a statute of limitations defense against the United States government unless the statute in question contains an express limitations period.  *United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir. 1993) ("In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period.").  As a result, because neither Section 13(b) nor TILA have express limitations periods for government enforcement actions, Defendants' statute of limitations defenses are invalid.

Second, the three-year statute of limitations referenced by the Lending Defendants and Tucker Defendants in Section 19(d) is inapplicable because that particular provision of the FTC Act applies only when  persons, partnerships, or corporations engage in unfair or deceptive acts or practices "*with respect to which the Commission has issued a final cease and desist order.*" 15 U.S.C. § 57b(b) (emphasis added).  In cases where an entity has violated a pre-existing FTC cease and desist order, "[n]o action may be brought by the Commission *under this section* more than 3 years after the rule violation…" 15 U.S.C. § 57b(d) (emphasis added).  In the present case, the FTC has issued no cease and desist orders with respect to Defendants' deceptive payday lending

---

Campbell Answer, Affirmative Defense 10.

[24] *See also FTC v. Dalbey,* No. 11-cv-01396-RBJ-KLM, 2012 WL 32927, at *2 (D. Colo. 2012) (no statute of limitations applies to section 13(b) of the FTC Act, 15 U.S.C. § 53(b)); *FTC v. Real Wealth, Inc.*, No. 10-0060-CV-W-FJG, 2011 WL 3206887, at *3 (W.D. Mo. 2011) (same); *FTC v. Minuteman Press*, 53 F. Supp. 2d 248, 263 (E.D.N.Y 1998); *United States v. Bldg. Inspector of Am., Inc.*, 894 F. Supp. 507, 514 (D. Mass. 1995) (same).

practices.  The FTC brought the present action under Section 13(b) of the FTC Act, not under

Section 19.  The three-year statute of limitations included in Section 19 of the FTC Act does not

apply to civil actions brought under Section 13(b) of the FTC Act.  As a result, these affirmative

defenses are invalid and should be struck.

> **F.      Many Of Defendants' Purported Affirmative Defenses Are Simple Denials Or Are Otherwise Without Effect As "Affirmative Defenses"**
>
> **1.      Affirmative Defenses That Are Simple Denials Or Negative Defenses**

The Defendants raise several defenses that merely deny elements of the FTC's claims, and

are therefore improperly posed as "affirmative defenses."

An affirmative defense absolves a defendant of liability "even where the plaintiff has stated a

prima facie case for recovery."  *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438,

442 (C.D. Cal. 2013) (quoting *Quintana v. Baca,* 233 F.R.D. 562, 564 (C.D. Cal.2005)).  An attack

on a plaintiff's case-in-chief, however, is not an affirmative defense.  *Id.*  Instead, a defense which

tends to disprove one or all of the elements of a complaint, and is the equivalent of a defendant

saying, "I did not do it," is a negative defense.  *See FTC v. Think All Pub. L.L.C.*, 564 F. Supp. 2d

663, 665 (E.D. Tex. 2008).  Negative defenses are merely restatements of denials of certain

allegations that were made elsewhere in the defendants' answers.  *Id.*  As a result, they are redundant

under Rule 12(f) and should be struck.  *See Think All Pub. L.L.C.*, 564 F. Supp. 2d at 666 (striking

negative defenses as "redundant"); *see also FTC v. Johnson*, 2013 WL 2460359, at *9 (striking

affirmative defenses styled as blanket denials).

In their answers, Defendants assert multiple purported "affirmative defenses" that, in fact,

seek only to dispute the merits of the FTC's case-in-chief.  The so-called affirmative defenses in

question here relate to whether Defendants have violated statutes enforced by the FTC, whether they

are liable for consumer injury, and whether the FTC is entitled to the relief it seeks.  However,

Defendants already deny that they engaged in the unlawful acts or practices alleged in the

Complaint, already deny liability for any consumer injury caused by these unlawful acts or practices,

and already deny that the FTC is entitled to any relief.  Casting these denials in the form of affirmative defenses is redundant.

Defendants' negative defenses can be grouped into several categories, which are described in more detail below.

### a. Defendants Assert That Other Parties Are Responsible For Any Violations

Defendants assert that they cannot be held liable for the violations pled by the FTC because some other party committed the violations without their knowledge, consent, or control:

- Any violations of the law "were committed by third parties" without their knowledge, consent, or control.[25]

- Any violations "were caused in whole or in part by an independent, intervening or superseding cause, over which [they] had no control."[26]

- The Muir Defendants assert that, as attorneys, they cannot be held liable for the acts and omissions of their clients.[27]

---

[25]   Tucker Defendants Answer, Affirmative Defense 11;

Muir Defendants Answer, Affirmative Defense 3;

Campbell Answer, Affirmative Defense 6;

Brady Answer, Affirmative Defense 5; and

LittleAxe Answer, Affirmative Defenses 7 and 9.

[26]   Muir Defendants Answer, Affirmative Defense 4; and

LittleAxe Answer, Affirmative Defense 10.

[27]   Muir Defendants Answer, Affirmative Defense 2.  Attorneys, of course, are not privileged to violate the law or immune from prosecution.  *See FTC v. Gill*, 265 F.3d 944, 957-58 (9th Cir. 2001) (upholding liability of attorney who did not directly make violative representations); Restatement of the Law Governing Lawyers § 56 (3d ed. 2000) ("[A] lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances.").  In addition, the FTC attempts to hold Muir liable, not for the acts of his clients, but for his direct participation and authority to control the practices challenged.

- The Muir Defendants and Troy LittleAxe claim they are not liable unless Plaintiff first establishes liability against the lending defendants, whose affirmative defenses are incorporated herein by reference.[28]

Because the FTC already bears the burden of demonstrating that Defendants are liable under the FTC Act and TILA, Defendants' arguments that they cannot be held liable represent attacks on the FTC's ability to meet its burden of proof. Such attacks merely restate Defendants' denials of certain allegations appearing elsewhere in their answers, and are thus redundant. *See Think All Pub. L.L.C.*, 564 F. Supp. 2d at 665-66 (striking negative defenses as "redundant"). Courts within the Ninth Circuit and elsewhere have struck negative defenses based on the argument that other parties are responsible for the violations of law. *See*, *e.g.*, *N. Am. Mktg.*, 2012 WL 5034967, at *3-5 (striking defenses based on non-parties at fault, acts or omissions of third parties, no knowledge of or control over other defendants' actions); *FTC v. Stefanchik*, 2004 WL 5495267, at *2 (striking defense that other persons were responsible for wrongdoing); *Am. Microtel*, 1992 WL 184252, at *2 (striking defenses that any violations were the responsibility of others without defendants' knowledge, consent, or authority).

### b. Defendants Assert That The Relief Sought By The FTC Is Not Authorized By Law

Defendants assert that the relief requested by the FTC is not authorized by law. Specifically:

- The Muir Defendants assert that the FTC "is not entitled to scope of relief alleged and sought in the Complaint."[29]

- Most Defendants assert that the FTC "lacks statutory authority to obtain money damages under Section 13(b)."[30]

---

[28]   Muir Defendants Answer, Affirmative Defense 7; and LittleAxe Answer, Affirmative Defense 13.

[29]   Muir Defendants Answer, Affirmative Defense 8.

[30]   Tucker Defendants Answer, Affirmative Defense 4;
SFS Answer, Affirmative Defense 8;
Red Cedar Answer, Affirmative Defense 8;
Campbell Answer, Affirmative Defense 12;

First, the relief sought by the FTC in this action, including monetary relief, has been authorized and commonplace for decades.  Section 13(b) of the FTC Act "gives federal courts broad authority to fashion appropriate remedies for violations of the Act."  *FTC v. Pantron I Corp.,* 33 F.3d 1088, 1102 (9th Cir. 1994).  The authority granted by section 13(b) is not limited to the power to issue an injunction; rather, it includes the "authority to grant any ancillary relief necessary to accomplish complete justice," which includes rescission of contracts and restitution.  *Id. (*quoting *H.N. Singer, Inc.*, 668 F.2d at 1113).

In this case, the FTC has sought permanent injunctive relief to enjoin violations of the FTC Act, TILA, and EFTA; as well as rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; [31] an order requiring Relief Defendants to disgorge all funds and assets (or the value of the benefit they received from the funds and assets) traceable to Defendants' unlawful acts or practices; the FTC's costs in bringing this action; and other relief as the Court may determine to be just and proper.  (ECF No. 386 at 20.)

Ninth Circuit courts have routinely granted the FTC the types of relief sought in this case, including ancillary monetary relief, in cases brought under Section 13(b) of the FTC Act.  *See*, *e.g.*, *FTC v. Inc21.com Corp.,* 745 F. Supp. 2d 975 (N.D. Cal. 2010) *aff'd*, 475 F. App'x 106 (9th Cir. 2012) (granting permanent injunctive relief and restitution in the full amount of funds lost by consumers in FTC 13(b) action); *FTC v. Stefanchik,* 559 F.3d 924, 931-32 (9th Cir. 2009) (ordering restitution in the full amount of the loss suffered by consumers under 13(b)); *FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168 (9th Cir. 1997) (upholding permanent ban on telemarketing and restitution imposed by district court under 13(b)); *Pantron I Corp.,* 33 F.3d at 1102 (holding that a

---

AMG Services Answer, Affirmative Defense 8;

MNES Answer, Affirmative Defense 8.

[31] Contrary to Defendants' assertions, the FTC does not seek "money damages" but rather restitutionary relief.  There is "ample controlling precedent in [the Ninth] Circuit [that] favors the award of restitutionary relief under section 13(b)."  *FTC v. Swish Mktg.*, C 09-03814 RS, 2010 WL 1526483, at *3 (N.D. Cal. Apr. 14, 2010).

district court may award monetary relief under section 13(b)); *FTC v. John Beck Amazing Profits LLC*, 888 F. Supp. 2d 1006, 1015, 1018 (C.D. Cal. 2012) (granting permanent injunctive relief and disgorgement of ill-gotten gains under 13(b)); *Swish Mktg.*, 2010 WL 1526483, at *3 (holding that ancillary monetary relief is a remedy available under section 13(b) of the FTC Act); *FTC v. Silueta Distribs., Inc.,* No. C93-4141, 1995 WL 215313, at *7-8 (N.D. Cal. Feb. 24, 1995) (ordering disgorgement under section 13(b)).

Because the FTC is plainly entitled to the relief it seeks, Defendants' arguments to the contrary imply that some element of the FTC's request for relief in this case is insufficient.  In that case, Defendants' arguments attack the merits of the FTC's claims and are thus negative defenses, not affirmative defenses.  Courts in the Ninth Circuit have struck negative defenses based on defendants' arguments that the relief sought by the FTC is not authorized by law.  *See*, *e.g.*, *N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *4 (dismissing defense that the damages are not authorized by the FTC Act because "[t]his is a factual argument about the merits of Plaintiff's claim").

### c.   Defendants Assert That The Relief The FTC Seeks Should Be Limited

Defendants assert that the relief the FTC seeks should be limited in the following ways:

- The FTC is barred from obtaining relief based on loans to consumers who were not harmed by Defendants' deceptive lending practices.[32]

---

[32]    Tucker Defendants Answer, Affirmative Defense 6;

SFS Answer, Affirmative Defense 2;

Red Cedar Answer, Affirmative Defense 2;

Campbell Answer, Affirmative Defense 8;

AMG Services Answer, Affirmative Defense 2;

MNES Answer, Affirmative Defense 2; and

LittleAxe Answer, Affirmative Defense 28.  LittleAxe argues that the "claimants for whom the Plaintiff purports to assert its claims are not entitled to relief" because "they were not reasonably likely to be deceived, nor in fact, were they deceived."

- The FTC is "barred from obtaining relief based on loans issued after the parties' agreed Stipulated Preliminary Injunction and Bifurcation (ECF No. 296)."[33]

As discussed in Section IV.F.1.b, *supra*, Defendants' claims that the relief requested by the FTC is not authorized by law are not true affirmative defenses because they simply attack the FTC's ability to meet its burden.  Similarly, Defendants' arguments that the relief the FTC seeks should be limited also attack the FTC's ability to prove each element of its request for relief.  Even if the Defendants prevailed, these arguments would not "absolve[] defendant[s] of liability," *Vogel*, 291 F.R.D. at 442; *see also J & J Sports Prods.*, 2012 WL 5424677, at *9 ("By alleging Plaintiff has not suffered damages, Defendants seek to negate elements of the claims presented in Plaintiff's complaint …. [T]his is not a proper affirmative defense.").  Because these arguments are negative defenses, not affirmative defenses, they should be struck.

## 2.   Legal Positions And Requests That Are Ineffective As "Affirmative Defenses"

The Relief Defendants, Muir Defendants, Robert Campbell, and Troy LittleAxe assert additional "affirmative defenses" that are legal positions and demands but not proper affirmative defenses:

- These Defendants reserve the right to amend their answers.[34]

---

[33]   Tucker Defendants Answer, Affirmative Defense 5;

SFS Answer, Affirmative Defense 3;

Red Cedar Answer, Affirmative Defense 3;

Campbell Answer, Affirmative Defense 9;

AMG Services Answer, Affirmative Defense 3;

MNES Answer, Affirmative Defense 3.

[34]   Relief Defendants Answer, Affirmative Defense 6.

LittleAxe Answer, Affirmative Defense 59;

Muir Defendants Answer, Affirmative Defense 14; and

Campbell Answer, Affirmative Defense 13.

- The Relief Defendants state that they have pleaded "[s]ome" affirmative defenses "solely for the purpose of non-waiver in accordance with Fed. R. Civ. P. 8."[35]

- Troy LittleAxe asserts that "the FTC has agreed in writing that many of its allegations will not apply until phase 2, if any, of the bifurcated proceedings and that the Defendants, including LittleAxe, need not answer such allegations until phase 2, if any."[36]

The above defenses, theories, and requests are not proper affirmative defenses and should be stricken. First, this Court held in *Johnson* that a reservation of a right to add future affirmative defenses is an improper affirmative defense. 2013 WL 2460359, at *9 (striking affirmative defenses purporting to reserve future affirmative defenses). Other courts have similarly rejected defendants' attempts to reserve the right to amend their answers to assert additional defenses via an affirmative defense because, pursuant to Rule 15(a), "only the Court may grant leave to amend pleadings." *FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711, at *3 (N.D. Ill. May 1, 2003); *see also N. Am. Mktg.*, 2012 WL 5034967, at *3 (dismissing "right to amend" affirmative defense); *J & J Sports Prods.*, 2012 WL 5424677, at *9 (same); *Stefanchik*, 2004 WL 5495267, at *3 (same); *see also Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *5 (same).

Second, the Relief Defendants' related defense stating that they have pleaded "[s]ome" affirmative defenses for the purpose of non-waiver – the Relief Defendants do not specify to which of their affirmative defenses they are referring – is a similar statement of legal position and not an actual affirmative defense. The Court should strike these improper arguments styled as affirmative defenses.

---

[35]   Relief Defendants Answer, Affirmative Defense 5 [sic].

[36]   LittleAxe Answer, Affirmative Defense 57. In addition to its substantive deficiencies, this defense is also nonsensical because Phase 2 has now commenced and LittleAxe has confirmed that his previously-filed answer applies.

### G.   Affirmative Defenses That Are Irrelevant To FTC Act Liability

#### 1.   Good Faith And Lack Of Intent To Harm Are Not Valid FTC Act Defenses

The Muir Defendants, Don Brady, and Troy LittleAxe claim that they acted "fairly" and "in good faith," "without intent to harm," or that they acted "reasonably" and were "justified and/or privileged in [their] actions."[37]   Good faith, however, is not a defense to relief sought under section 13(b) for violation of Section 5 of the FTC Act.   *FTC v. LoanPointe, LLC*, 2:10-CV-225DAK, 2011 WL 4348304, at *9 (D. Utah Sept. 16, 2011).   Similarly, intent to deceive is not required for a misrepresentation to be actionable under Section 5 of the FTC Act.   *See id.,* at *9; *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005); *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976).   These defenses are irrelevant and impertinent.

#### 2.   Reliance On Advice Of Counsel Or Other Professionals Is Not A Valid FTC Act Defense

Defendant Don Brady asserts that the FTC's claims are "barred, in whole or in part, because [Brady]'s alleged conduct was performed, if at all, in reliance on professionals."[38]   As a matter of law, however, advice of counsel or of another professional is not a defense to whether the defendant had the requisite knowledge under section 5(a).   *See FTC v. Commerce Planet, Inc.*, 878 F. Supp. 2d 1048, 1084 (C.D. Cal. 2012) (holding that defendants' "advice of counsel" and "reliance on professionals" defenses were without merit).   "Reliance on advice of counsel is not a valid defense on the question of knowledge required for individual liability." *Id.* (quoting *FTC v. Cyberspace.Com LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006)) (internal quotations omitted).   "This is because counsel cannot sanction something that the defendant should have known was wrong." *Id.* (quoting *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 575 (7th Cir. 1989) ("Obtaining the advice of counsel did not change the fact that the business was engaged in

---

[37]     Muir Defendants Answer, Affirmative Defenses 5 and 6;
Brady Answer, Affirmative Defense 1; and
LittleAxe Answer, Affirmative Defenses 11 and 12.

[38]     Brady Answer, Affirmative Defense 3.

deceptive practices.")). This Court has struck the "advice of counsel" affirmative defense in prior

FTC actions.  *See, e.g., Moneymaker*, 2011 WL 3290379, at *2  (striking defense based on

advice of counsel as legally insufficient).

> ### 3. The FTC Is Not Required To Join Other Persons, And Did Not Improperly Join The Relief Defendants

The Relief Defendants and Troy LittleAxe argue that the FTC has "failed to join

indispensable parties to this action,"[39] that the consumers' claims "expose the Defendants to

multiple, duplicative, and/or inconsistent obligations,"[40] and that the FTC has failed to join and/or

seek recovery on behalf of the "current owners of the claims for which they purpose to assert their

claims."[41]

Determinations by regulatory agencies about which parties to name in an enforcement action

are presumed immune from judicial review.  *SEC v. Princeton Econ. Int'l Ltd.*, 99 CIV 9667 RO,

2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001); *see also Heckler v. Chaney*, 470 U.S. 821, 832

(1985) (holding that "when an agency refuses to act it generally does not exercise its *coercive* power

over an individual's liberty or property rights, and thus does not infringe upon areas that courts often

are called upon to protect"); *Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 582 (2d Cir. 1987)

(same).

In addition, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be

named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *U.S. v.

Lopez*, 6 F.3d 1281, 1288 (7th Cir. 1993) (government does not need to charge or even identify

coconspirators to convict a defendant of conspiracy).  In *SEC v. Princeton Econ. Int'l, Ltd.*, 2001

WL 102333, at *1, the court held that entities engaged in unlawful activities in an SEC enforcement

suit are "akin to coconspirators," and not all need to be joined in the lawsuit in order for the court to

---

[39]     Relief Defendants Answer, Affirmative Defense 2; and

          LittleAxe Answer, Affirmative Defense 47.

[40]     LittleAxe Answer, Affirmative Defense 46.

[41]     LittleAxe Answer, Affirmative Defense 48.

find the defendant liable for the alleged fraudulent conduct.  As a result, the court refused to dismiss the suit for failure to join indispensable parties.  *Id.*

In this case, the FTC has discretion to decide which parties to name in an enforcement action. The FTC is also not required to join all entities involved in the unlawful behavior in one single lawsuit.  Moreover, the Relief Defendants and Troy LittleAxe have not even indicated in their answers which indispensable parties they are referring to, thus failing to give FTC "fair notice" of this defense.  Assuming these parties are claiming that other persons should be named defendants, the case above disposes of that argument.  Assuming they are claiming that consumer claimants are indispensable parties to this lawsuit, they misconstrue this case as a suit where the government stands in the shoes of private parties.  Rather, this is an action brought by a federal government agency pursuant to its statutory mandate to protect the public interest.  *Larkin*, 841 F. Supp. at 907. Indeed, it would frustrate the consumer protection function of the FTC, and contradict decades of practice, to suddenly require that the FTC join injured consumers as parties in its consumer protection enforcement actions.

The Relief Defendants advance an additional defense that the FTC failed to properly join them "as required by 15 U.S.C. § 53(b)."[42]  But nothing in 15 U.S.C. § 53(b) specifies how defendants, or relief defendants, must be joined in a lawsuit.  This Court dismissed a similar defense in *FTC v. Johnson*, confirming that 15 U.S.C. § 53(b) allows for the inclusion of relief defendants in FTC Act cases and provides that relief defendants are subject to nationwide suit.  2013 WL, 2460359, at *7.  Service of the summons and complaint upon the Relief Defendants was completed over two years ago (ECF Nos. 22, 29), and the Relief Defendants' already-denied motion to dismiss (ECF No. 108) did not raise any issue with the manner in which the Relief Defendants were joined here.  This defense is precluded by *Johnson*, or, to the extent it raises some other unspecified purported issue, fails to provide fair notice to the FTC.  In either case, it should be stricken.

---

[42]     Relief Defendants' Answer, Affirmative Defense 4.

### 4.    The FTC Is Not Required To Exhaust Administrative Remedies

The Relief Defendants and Troy LittleAxe assert that the FTC has failed to exhaust administrative remedies.[43] However, it is well-established that if the FTC has reason to believe that a person, partnership, or corporation is violating the FTC Act, it "may bring suit in a district court of the United States to enjoin any such act or practice." 15 U.S.C. § 53(b). This defense is particularly defective because the Relief Defendants and Troy LittleAxe have not identified what administrative process that the FTC supposedly failed to exhaust here. Courts have rejected the notion that Section 13(b) of the FTC Act contains any mandatory administrative procedure. *See, e.g., United States v. JS & S Group, Inc.,* 716 F.2d 451, 457 (7th Cir.1983) (holding that Section 13(b) of the FTC Act authorizes district court litigation regardless of whether an administrative proceeding is pending or contemplated); *H.N. Singer*, 668 F.2d at 1111 (holding that the FTC may seek permanent injunction in district court without administrative proceeding in a proper case). To the extent that these parties are referencing the TILA administrative procedures, the Court has already found those to be inapplicable as stated above. *See* Part IV.A.2, *supra*.

### 5.    Injunctive Relief Is Not Moot Because Unlawful Conduct Is Likely To Reoccur

The Muir Defendants, Don Brady, and Troy LittleAxe assert that the FTC's claim for injunctive relief is moot because the challenged conditions no longer exist, and because the FTC will not again be subjected to the same alleged wrongful conduct by the Defendants.[44] However, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways. " *United States v. Concentrated Phosphate Export Ass'n., Inc.*, 393 U.S. 199, 203 (1968) (internal quotations omitted). On the

---

[43]    Relief Defendants Answer, Affirmative Defense 5 and LittleAxe Answer, Affirmative Defense 56.

[44]    Muir Defendants Answer, Affirmative Defense 10; Brady Answer, Affirmative Defense 2; and LittleAxe Answer, Affirmative Defense 49.

contrary, the test for mootness "is a stringent one" and defendants must show that "subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999).  Even if the allegedly improper conduct has ceased, however, an injunction may be appropriate if there is a cognizable danger of recurrent violation.  *Bay Area Bus. Council, Inc.*, 02 C 5762, 2003 WL 21003711, at *2 (striking mootness defense in FTC action).  In this case, the only reason Defendants have ceased their unlawful lending and collections practices, if they in fact did so, is because the parties sought, and this Court entered, a stipulated preliminary injunction.  (ECF No. 296.)  Because Defendants have only temporarily agreed to cease engaging in the illegal conduct, and because, without permanent injunctive relief, they would be free to re-engage in same unlawful business activities, the request for permanent injunctive relief is not moot.

## V.   THE REMAINING AFFIRMATIVE DEFENSES ASSERTED SOLELY BY TROY LITTLEAXE ARE FACIALLY INAPPLICABLE

The remaining affirmative defenses addressed in this memorandum are asserted only by Troy LittleAxe.  This Defendant alone invokes a total of 59 affirmative defenses, consisting of a series of patently defective statutory defenses from myriad sections of TILA and EFTA that are facially inapplicable to actions filed by a government agency acting in the public interest.  In addition, any EFTA-related defenses are irrelevant and impertinent because the FTC has already settled its EFTA count with Defendant Troy LittleAxe.  To the extent not already discussed above, Mr. LittleAxe's hodgepodge of remaining affirmative defenses are nonsensical and irrelevant, and do not give fair notice to the FTC.

### A.   Troy LittleAxe Attempts To Invoke Various Inapplicable Sections Of TILA And EFTA

#### 1.   The TILA And EFTA Statutes Of Limitations, 15 U.S.C. § 1640(e) and 15 U.S.C. § 1693m(g), Do Not Apply In An FTC Enforcement Action

LittleAxe asserts the same statute of limitations affirmative defense raised by other defendants, but he also specifically (and separately) attempts to rely on 15 U.S.C. § 1640(e) and 15

U.S.C. § 1693m(g).[45]  These two provisions apply a one-year statute of limitations to *private* TILA and EFTA claims, and are not applicable here.

Section 15 U.S.C. § 1640(e) applies a one-year limitations period for TILA actions "*under this section*" (emphasis added), referring to individual or class actions for damages under 15 U.S.C. § 1640.  Here, the FTC's TILA claims are brought under a different section of that statute – 15 U.S.C. § 1607(c) – which confers upon the FTC the authority to enforce those laws *under the FTC Act*.[46]   As demonstrated above, claims for equitable relief under Section 13(b) of the FTC Act, such as the FTC's TILA claims here, are not subject to any limitations period.  *See* Part IV.E, *supra*. Additionally, as mentioned above, the FTC has already settled its EFTA claims with Defendant Troy LittleAxe, so affirmative defenses pertaining to the FTC's EFTA claims are irrelevant and impertinent.

### 2. The TILA And EFTA Bona Fide Errors Defenses, 15 U.S.C. § 1640(c) and § 1693m(c), Do Not Apply In An FTC Enforcement Action

LittleAxe also attempts to apply the "bona fide errors" defenses in TILA sections 1640(c) and EFTA section 1693m(c).[47] As with the statute of limitations periods for private actions, the bona fide errors doctrines do not apply in this FTC enforcement action.  TILA section 1640(c) applies the bona fide errors doctrine to TILA actions "under this section" (referring to section 1640) "or section 1635 of this title."  The FTC, however, has brought its TILA claims under a different section of the Act – 15 U.S.C. § 1607(c) – which confers upon the FTC the authority to enforce those laws under the FTC Act.  Thus, the bona fide errors provision in Section 1640(c) does not apply.  In addition, as

---

[45]     LittleAxe Answer, Affirmative Defenses 3 and 38.

[46]     15 U.S.C. § 1607(c) ("a violation of any requirement imposed under this subchapter [TILA] shall be deemed a violation of a requirement imposed under that Act [the FTC Act]. All of the functions and powers of the Federal Trade Commission under the Federal Trade Commission Act are available to the Federal Trade Commission to enforce compliance by any person with the requirements under this subchapter [TILA]").

[47]     LittleAxe Answer, Affirmative Defenses 15 and 16.

demonstrated above, any affirmative defenses related to the FTC's EFTA counts are irrelevant and impertinent and should be struck.

### 3.     The EFTA Good Faith Compliance Defense Is Irrelevant and Impertinent

LittleAxe attempts to apply the "good faith compliance" defense in EFTA section 1693m(d).[48]  The EFTA count against LittleAxe has already been settled.

### 4.     LittleAxe Cannot Rely On The TILA Good Faith Compliance Defense, 15 U.S.C. § 1640(f), Because He Did Not Act In Conformity With Any Rule Or Regulation

Troy LittleAxe attempts to apply the TILA "good faith compliance" defense in TILA section 1640(f),[49] which shields from liability "any act done or omitted in good faith *in conformity* with any rule, regulation, or interpretation thereof" (emphasis added).

As the text specifies, this defense is available to a creditor only if he acts "in conformity with certain official interpretations of the TILA."  *Cox v. First Nat. Bank of Cincinnati*, 751 F.2d 815, 825 (6th Cir. 1985).  Importantly, Troy LittleAxe does not specify which rule, regulation, or interpretation he supposedly complied with in good faith.  In addition, "section 1640(f) creates no good faith defense based on the creditor's honest and reasonable, but mistaken, interpretation of Regulation Z."  *Kessler v. Assocs. Fin. Servs. Co.*, 573 F.2d 577, 579 (9th Cir. 1977); *see also Hendley v. Cameron-Brown Co.*, 840 F.2d 831, 834 (11th Cir. 1988); *Valencia v. Anderson Bros. Ford,* 617 F.2d 1278, 1287-88 (7th Cir.1980) (noting a creditor's honest and reasonable but mistaken interpretation is not protected), *rev'd on other grounds,* 452 U.S. 205 (1981); *London v. Chase Manhattan Bank USA, N.A.*, 150 F. Supp. 2d 1314, 1328 (S.D. Fla. 2001) (finding that defendant must show it acted in good faith in conformity with a regulation made by the Board).  As a result, even if LittleAxe mistakenly believed he was in compliance with Regulation Z, based on an erroneous legal interpretation of that regulation, this fact would not protect him from liability.

---

[48]     LittleAxe Answer, Affirmative Defense 18.

[49]     LittleAxe Answer, Affirmative Defense 17.

### 5.   LittleAxe Has Not Provided Notice of TILA Errors Or Made Adjustments To Consumers' Accounts, As Would Be Required To Invoke A Correction Of Errors Defense Under 15 U.S.C. § 1640(b)

Troy LittleAxe also contends that the FTC's action is barred by the correction of errors doctrine, 15 U.S.C. § 1640(b).[50]  That provision shields from liability any creditor or assignee who "within sixty days after discovering an error, […] and prior to the institution of an action under this section, […] notifies the person concerned of the error and makes whatever adjustments […] are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower." *Id.*

LittleAxe has not met even a single one of the criteria necessary to invoke this defense.  He has not notified any consumers of any TILA error, and has not made any adjustments to any consumer accounts.  Nor, obviously, has LittleAxe offered such notifications and adjustments within sixty days and prior to the institution of this action.  This affirmative defense is irrelevant and impertinent and should be struck.

### 6.   The TILA "Multiple Obligors" Provision Does Not Apply Because Defendants' Loans Do Not Involve Multiple Obligors

Troy LittleAxe cites to 15 U.S.C. § 1640(d) and contends that any recovery from other Defendants precludes recovery from him.[51]  By its terms, that TILA provision, however, only applies to transactions with "multiple obligors," 15 U.S.C. § 1640(d), and stands for the simple proposition that two borrowers or lessors can only recover once for the same TILA violation.  Defendants' loans in this case do not involve "multiple obligors," so this provision is inapplicable here.

---

[50]   LittleAxe Answer, Affirmative Defense 14.

[51]   LittleAxe Answer, Affirmative Defense 19.

**B.      Miscellaneous Irrelevant And Nonsensical Affirmative Defenses**

Troy LittleAxe's remaining defenses, listed below, have no conceivable application here, and offer the FTC no meaningful ability to respond:[52]

- The claimants for whom the Plaintiff purports to assert its claims are not entitled to relief because of insufficient accounting (No. 20);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by failure of consideration (No. 23);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by contributory negligence (No. 24);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by fraud (No. 25);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by illegality (No. 26);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they had the option to defer their payments (No. 27);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they were not obligated by contract or otherwise to authorize automatic withdrawals or other form of transfers by check or otherwise from their accounts as a condition of obtaining their loans (No. 29);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by lack of authority (No. 30);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by license (No. 33);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by res judicata (No. 36);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they are barred by the statute of frauds (No. 37);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they acted unreasonably (No. 39);

---

[52]      In fact, there are near duplicate affirmative defenses even within Troy LittleAxe's Answer.  (ECF No. 405, Affirmative Defenses 3 & 38; 7 & 9; 22 & 43.)

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because their claims are not ripe (No. 40);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they lack standing (No. 41);

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they no longer own the claims (No. 44); and

- The claimants for whom the FTC purports to assert its claims are not entitled to relief because they never owned the claims (No. 45).

All of these defenses refer to the consumers affected by Defendants' actions, who are not parties to this suit. As explained in section IV.A.5, *supra*, the FTC brings this suit in its own name, so defenses asserted against consumers are not appropriate. *See Larkin*, 841 F. Supp. at 907. In addition, as with all of the other defenses discussed in this memorandum, these defenses are only stated in a conclusory manner, such that the FTC has no fair notice or ability to meaningfully respond to them. *See N. Am. Mktg.*, 2012 WL 5034967, at *5 (striking contributory negligence, failure of consideration, fraud, illegality, license, res judicata, and statute of frauds defenses, among others).

## VI.   CONCLUSION

To avoid unnecessary use of judicial resources to address Defendants' repeated and previously denied arguments and other frivolous defenses, the Court should strike Defendants' affirmative defenses as discussed in this memorandum.

Dated:  August 21, 2014                               /s/ *Ioana Rusu*

Nikhil Singhvi
Jason D. Schall
Helen P. Wong
Ioana Rusu
LaShawn M. Johnson
Courtney A. Estep

***Attorneys for Plaintiff***
***Federal Trade Commission***

# APPENDIX A

## Defendants' Affirmative Defenses Addressed In This Motion

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Relief Defendants (ECF No. 631) | 1.  Failure to state a claim | Already adjudicated | IV.A.3 |
| Relief Defendants (ECF No. 631) | 2.  Failure to name necessary and indispensable parties | FTC not required to join all parties | IV.G.3 |
| Relief Defendants (ECF No. 631) | 3.  Waiver, estoppel, laches, and statutes of limitation | Waiver, estoppel, and laches are defenses not available in a government prosecution.<br><br>No statute of limitations is applicable here. | IV.B.1; IV.B.2; IV.B.4; IV.E |
| Relief Defendants (ECF No. 631) | 4.  Failure to join relief defendants as required by 15 U.S.C. § 53(b) | No such defense exists | IV.G.3 |
| Relief Defendants (ECF No. 631) | 5.  Failure to exhaust administrative remedies | Already adjudicated | IV.A.2; IV.G.4 |
| Relief Defendants (ECF No. 631) | 6.  Reservation of right to allege additional defenses | This is a legal request, not an affirmative defense | IV.F.2 |
| Relief Defendants (ECF No. 631) | 5.  [sic]  Defenses pleaded solely for the purpose of non-waiver | This is a legal request, not an affirmative defense | IV.F.2 |
| Tucker Defendants (ECF No. 645) | 1.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Tucker Defendants (ECF No. 645) | 2.  AMG is arm of Indian tribe and not subject to FTC Act jurisdiction | Already adjudicated | IV.A.1 |
| Tucker Defendants (ECF No. 645) | 3.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Tucker Defendants (ECF No. 645) | 4.  FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages.  Also, this negative not affirmative defense. | IV.F.1.b |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Tucker Defendants (ECF No. 645) | 5.  Statute of limitations in Sec. 19(d) of FTC Act  FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF 296) | No statute of limitations is applicable here. | IV.E; IV.F.1.c |
| Tucker Defendants (ECF No. 645) | 6.  FTC barred from obtaining relief for consumers who were not harmed | This is a negative defense, not an affirmative defense | IV.F.1.c |
| Tucker Defendants (ECF No. 645) | 7.  Voluntary payment doctrine | Defense not available in a consumer protection action | IV.B.5 |
| Tucker Defendants (ECF No. 645) | 8.  Waiver by consumers | Defense not available in a consumer protection action | IV.B.5 |
| Tucker Defendants (ECF No. 645) | 9.  Estoppel | Defense not available in a government prosecution. | IV.B.2 |
| Tucker Defendants (ECF No. 645) | 10.  Laches | Defense not available in a government prosecution. | IV.B.1 |
| Tucker Defendants (ECF No. 645) | 11.  Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Tucker Defendants (ECF No. 645) | 12.  Unclean hands | Defense not available in a government prosecution. | IV.B.3 |
| Muir Defendants (ECF No. 646) | 1.  Failure to state a claim | Already adjudicated | IV.A.3 |
| Muir Defendants (ECF No. 646) | 2.  Attorneys are not liable for acts/omissions of clients | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Muir Defendants (ECF No. 646) | 3.  Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Muir Defendants (ECF No. 646) | 4.  Intervening/superseding cause | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Muir Defendants (ECF No. 646) | 5.  Muir Defendants acted in good faith, without intent to harm | Not a valid FTC Act defense | IV.G.1 |
| Muir Defendants (ECF No. 646) | 6.  Muir Defendants acted reasonably and were justified/privileged | Not a valid FTC Act defense | IV.G.1 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Muir Defendants (ECF No. 646) | 7.  Muir Defendants' liability contingent on lending defendants' liability, and incorporating their defenses | Other defendants' defenses are defective | IV.F.1.a; *passim* |
| Muir Defendants (ECF No. 646) | 8.  Plaintiff not entitled to relief sought in complaint | This is a negative defense, not an affirmative defense | IV.F.1.b |
| Muir Defendants (ECF No. 646) | 9.  Statute of limitations | No statute of limitations is applicable | IV.E |
| Muir Defendants (ECF No. 646) | 10.  Request for injunctive relief is moot | Defendants have not admitted wrongdoing, so conduct may recur | IV.G.5 |
| Muir Defendants (ECF No. 646) | 11.  FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.2 |
| Muir Defendants (ECF No. 646) | 12.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Muir Defendants (ECF No. 646) | 13.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Muir Defendants (ECF No. 646) | 14.  Reservation of right to amend | This is a legal request, not an affirmative defense | IV.F.2 |
| SFS, Inc. (ECF No. 647) | 1.  SFS is arm of Indian tribe and not subject to FTC Act jurisdiction | Already adjudicated | IV.A.1 |
| SFS, Inc. (ECF No. 647) | 2.  FTC barred from obtaining relief for consumers who were not harmed | This is a negative  defense, not an affirmative defense | IV.F.1.c |
| SFS, Inc. (ECF No. 647) | 3.  FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF No. 296) | This is a negative  defense, not an affirmative defense | IV.F.1.c |
| SFS, Inc. (ECF No. 647) | 4.  Statute of limitations in Sec. 19(d) of FTC Act | No statute of limitations is applicable here. | IV.E |
| SFS, Inc. (ECF No. 647) | 5.  Laches | Defense not available in a government prosecution. | IV.B.1 |
| SFS, Inc. (ECF No. 647) | 6.  Estoppel | Defense not available in a government prosecution. | IV.B.2 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| SFS, Inc. (ECF No. 647) | 7.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| SFS, Inc. (ECF No. 647) | 8.  FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages.  Also, this is negative not affirmative defense. | IV.F.1.b |
| Red Cedar Services, Inc. (ECF No. 648) | 1.  Red Cedar is arm of Indian tribe and not subject to FTC Act jurisdiction | Already adjudicated | IV.A.1 |
| Red Cedar Services, Inc. (ECF No. 648) | 2.  FTC barred from obtaining relief for consumers who were not harmed | This is a negative  defense, not an affirmative defense | IV.F.1.c |
| Red Cedar Services, Inc. (ECF No. 648) | 3.  FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF No. 296) | This is a negative  defense, not an affirmative defense | IV.F.1.c |
| Red Cedar Services, Inc. (ECF No. 648) | 4.  Statute of limitations in Sec. 19(d) of FTC Act | No statute of limitations is applicable here. | IV.E |
| Red Cedar Services, Inc. (ECF No. 648) | 5.  Laches | Defense not available in a government prosecution. | IV.B.1 |
| Red Cedar Services, Inc. (ECF No. 648) | 6.  Estoppel | Defense not available in a government prosecution. | IV.B.2 |
| Red Cedar Services, Inc. (ECF No. 648) | 7.  Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Red Cedar Services, Inc. (ECF No. 648) | 8.  FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages.  Also, this is negative not affirmative defense. | IV.F.1.b |
| Robert Campbell (ECF No. 649) | 1.  Statute of limitations | No statute of limitations is applicable here. | IV.E |
| Robert Campbell (ECF No. 649) | 2.  FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Robert Campbell (ECF No. 649) | 3, 5.  Estoppel | Defense not available in a government prosecution. | IV.B.2 |
| Robert Campbell (ECF No. 649) | 4.  Laches | Defense not available in a government prosecution. | IV.B.1 |

A4

| Defendant | Affirmative Defense | Defect | Argument Section |
|-----------|--------------------|--------|-----------------|
| Robert Campbell (ECF No. 649) | 6. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Robert Campbell (ECF No. 649) | 7. Failure to state a claim | Already adjudicated | IV.A.3 |
| Robert Campbell (ECF No. 649) | 8. FTC barred from obtaining relief for consumers who were not harmed | This is a negative defense, not an affirmative defense | IV.F.1.c |
| Robert Campbell (ECF No. 649) | 9. FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF No. 296) | This is a negative defense, not an affirmative defense | IV.F.1.c |
| Robert Campbell (ECF No. 649) | 10. Statute of limitations in Sec. 19(d) of FTC Act | No statute of limitations is applicable here. | IV.E |
| Robert Campbell (ECF No. 649) | 11. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Robert Campbell (ECF No. 649) | 12. FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages. Also, this is negative not affirmative defense. | IV.F.1.b |
| Robert Campbell (ECF No. 649) | 13. Reservation of right to amend | This is a legal request, not an affirmative defense | IV.F.2 |
| Don Brady (ECF No. 650) | 1. Brady acted in good faith | Not a valid FTC Act defense | IV.G.1 |
| Don Brady (ECF No. 650) | 2. Request for injunctive relief is moot | Defendants have not admitted wrongdoing, so conduct may recur | IV.G.5 |
| Don Brady (ECF No. 650) | 3. FTC claims are barred because Brady relied on professionals | Not a valid FTC Act defense | IV.G.2 |
| Don Brady (ECF No. 650) | 4. Statute of limitations | No statute of limitations is applicable here. | IV.E |
| Don Brady (ECF No. 650) | 5. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1.a |
| AMG Services, Inc. (ECF No. 651) | 1. AMG is arm of Indian tribe and not subject to FTC Act jurisdiction | Already adjudicated | IV.A.1 |
| AMG Services, Inc. (ECF No. 651) | 2. FTC barred from obtaining relief for consumers who were not harmed | This is a negative defense, not an affirmative defense | IV.F.1.c |

A5

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| AMG Services, Inc. (ECF No. 651) | 3. FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF No. 296) | This is a negative defense, not an affirmative defense | IV.F.1.c |
| AMG Services, Inc. (ECF No. 651) | 4. Statute of limitations in Sec. 19(d) of FTC Act | No statute of limitations is applicable here. | IV.E |
| AMG Services, Inc. (ECF No. 651) | 5. Laches | Defense not available in a government prosecution. | IV.B.1 |
| AMG Services, Inc. (ECF No. 651) | 6. Estoppel | Defense not available in a government prosecution. | IV.B.2 |
| AMG Services, Inc. (ECF No. 651) | 7. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| AMG Services, Inc. (ECF No. 651) | 8. FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages.  Also, this is negative not affirmative defense. | IV.F.1.b |
| MNE Services, Inc. (ECF No. 652) | 1. MNES is arm of Indian tribe and not subject to FTC Act jurisdiction | Already adjudicated | IV.A.1 |
| MNE Services, Inc. (ECF No. 652) | 2. FTC barred from obtaining relief for consumers who were not harmed | This is a negative defense, not an affirmative defense | IV.F.1.c |
| MNE Services, Inc. (ECF No. 652) | 3. FTC barred from obtaining relief based on loans issued after Stipulated PI (ECF No. 296) | This is a negative defense, not an affirmative defense | IV.F.1.c |
| MNE Services, Inc. (ECF No. 652) | 4. Statute of limitations in Sec. 19(d) of FTC Act | No statute of limitations is applicable here. | IV.E |
| MNE Services, Inc. (ECF No. 652) | 5. Laches | Defense not available in a government prosecution. | IV.B.1 |
| MNE Services, Inc. (ECF No. 652) | 6. Estoppel | Defense not available in a government prosecution. | IV.B.2 |
| MNE Services, Inc. (ECF No. 652) | 7. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| MNE Services, Inc. (ECF No. 652) | 8. FTC lacks statutory authority to obtain money damages under 13(b) | Impertinent, because the FTC is not seeking damages. Also, this is negative not affirmative defense. | IV.F.1.b |
| Troy LittleAxe (ECF No. 405) | 1. Failure to state a claim | Already adjudicated | IV.A.3 |
| Troy LittleAxe (ECF No. 405) | 2. Defendants are arms of Indian tribes | Already adjudicated | IV.A.1 |
| Troy LittleAxe (ECF No. 405) | 3, 38. Statute of limitations | No statute of limitations is applicable | IV.E; V.A.1 |
| Troy LittleAxe (ECF No. 405) | 4. FTC abused its discretion by failing to initiate rulemaking | FTC is not required to proceed by rulemaking | IV.D |
| Troy LittleAxe (ECF No. 405) | 5. Estoppel | Defense not available in a government prosecution | IV.B.2 |
| Troy LittleAxe (ECF No. 405) | 6. Laches | Defense not available in a government prosecution | IV.B.1 |
| Troy LittleAxe (ECF No. 405) | 7, 9. Third parties are responsible for misconduct | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Troy LittleAxe (ECF No. 405) | 8. Not a "proper case" for FTC district court litigation | The FTC is authorized to initiate district court litigation for statutes it enforces | IV.C |
| Troy LittleAxe (ECF No. 405) | 10. Independent, intervening, or superseding cause | This is a negative defense, not an affirmative defense | IV.F.1.a |
| Troy LittleAxe (ECF No. 405) | 11. Troy Littleaxe acted in good faith, without intent to harm | Not a valid FTC Act defense | IV.G.1 |
| Troy LittleAxe (ECF No. 405) | 12. Troy Littleaxe acted reasonably and was justified/privileged | Not a valid FTC Act defense | IV.G.1 |
| Troy LittleAxe (ECF No. 405) | 13. Troy Littleaxe's liability contingent on lending defendants' liability, and incorporating their defenses | Other defendants' defenses are defective | IV.F.1.a; *passim* |
| Troy LittleAxe (ECF No. 405) | 14. TILA corrections of errors doctrine | Defendants have never given notice of TILA errors or adjusted consumers' accounts | V.A.5 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Troy LittleAxe (ECF No. 405) | 15.  TILA bona fide errors doctrine | Provision does not apply in FTC enforcement action. | V.A.2 |
| Troy LittleAxe (ECF No. 405) | 16.  EFTA bona fide errors doctrine | Impertinent, because EFTA count is settled | V.A.2 |
| Troy LittleAxe (ECF No. 405) | 17.  TILA good faith compliance | Defendants did not act "in conformity" with any rule or regulation | V.A.4 |
| Troy LittleAxe (ECF No. 405) | 18.  EFTA good faith compliance | Impertinent, because EFTA count is settled | V.A.3 |
| Troy LittleAxe (ECF No. 405) | 19.  TILA limitation on multiple recoveries | The transactions at issue here do not involve multiple obligors | V.A.6 |
| Troy LittleAxe (ECF No. 405) | 20.  Insufficient accounting | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 21.  Accord and satisfaction | Defense not available in a consumer protection action | IV.B.5 |
| Troy LittleAxe (ECF No. 405) | 22, 43.  Estoppel (against consumers) | Defense not available in a consumer protection action | IV.B.3 |
| Troy LittleAxe (ECF No. 405) | 23.  Failure of consideration | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 24.  Contributory negligence | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 25.  Fraud | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 26.  Illegality | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 27.  Consumers had the option to defer payments | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 28.  Consumers were not deceived | This is a negative defense, not an affirmative defense | IV.F.1.c |
| Troy LittleAxe (ECF No. 405) | 29.  Consumers not obligated to authorize electronic transfers | This is a negative defense, not an affirmative defense | V.B |
| Troy LittleAxe (ECF No. 405) | 30.  Lack of authority | Irrelevant and nonsensical | V.B |

A8

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Troy LittleAxe (ECF No. 405) | 31.  Laches (by consumers) | Defense not available in a consumer protection action | IV.B.3 |
| Troy LittleAxe (ECF No. 405) | 32.  Waiver | Defense not available in a consumer protection action | IV.B.5 |
| Troy LittleAxe (ECF No. 405) | 33.  License | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 34.  Payment | Defense not available in a consumer protection action | IV.B.5 |
| Troy LittleAxe (ECF No. 405) | 35.  Release | Defense not available in a consumer protection action | IV.B.5 |
| Troy LittleAxe (ECF No. 405) | 36.  Res judicata | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 37.  Statute of frauds | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 39.  Consumers acted unreasonably | This is a negative defense, not an affirmative defense | V.B |
| Troy LittleAxe (ECF No. 405) | 40.  Claims are not ripe | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 41.  Lack of standing | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 42.  Unclean hands (by consumers) | Defense not available in a consumer protection action | IV.B.3 |
| Troy LittleAxe (ECF No. 405) | 44.  Claimants no longer own claims | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 45.  Claimants never owned claims | Irrelevant and nonsensical | V.B |
| Troy LittleAxe (ECF No. 405) | 46.  Exposure to multiple obligations | FTC not required to join all parties | IV.G.3 |
| Troy LittleAxe (ECF No. 405) | 47.  Failure to join indispensable parties | FTC not required to join all parties | IV.G.3 |
| Troy LittleAxe (ECF No. 405) | 48.  Failure to join owners of the claims | FTC not required to join all parties | IV.G.3 |
| Troy LittleAxe (ECF No. 405) | 49.  Request for injunctive relief is moot | Defendants have not admitted wrongdoing, so conduct may recur | IV.G.5 |

| Defendant | Affirmative Defense | Defect | Argument Section |
|---|---|---|---|
| Troy LittleAxe (ECF No. 405) | 50.  Lack of subject matter jurisdiction | Already adjudicated | VI.A.4 |
| Troy LittleAxe (ECF No. 405) | 51.  Lack of personal jurisdiction over claimants | Party cannot assert lack of jurisdiction on behalf of nonparty; waived | IV.A.5 |
| Troy LittleAxe (ECF No. 405) | 52. Improper venue for claimants | Party cannot assert improper venue on behalf of nonparty; waived | IV.A.5 |
| Troy LittleAxe (ECF No. 405) | 53, 54, 55. FTC Act, TILA, and EFTA do not apply due to Indian law canons | Already adjudicated | IV.A.1 |
| Troy LittleAxe (ECF No. 405) | 56. Failure to exhaust administrative remedies | Not a valid FTC Act defense | IV.G.4 |
| Troy LittleAxe (ECF No. 405) | 57.  Reservation of rights to complete answer | This is a legal request, not an affirmative defense | IV.F.2 |
| Troy LittleAxe (ECF No. 405) | 58.  FTC required to use TILA administrative cease and desist procedures | Already adjudicated | IV.A.2 |
| Troy LittleAxe (ECF No. 405) | 59. Reservation of rights to amend answer to allege additional affirmative defenses | This is a legal request, not an affirmative defense | IV.F.2 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### CERTIFICATE OF SERVICE

I, Ioana Rusu, certify that, as indicated below, all parties were served with **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f)(2)** filed with the Court, as indicated below.

Dated:  August 21, 2014

*/s/ Ioana Rusu*
Ioana Rusu

**Via Electronic Case Filing**:

Joshua M. Dickey (jdickey@baileykennedy.com)
*Attorney for Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash*

Conly J. Schulte (cschulte@ndnlaw.com)
Francis J. Nyhan (jnyhan@ndnlaw.com)
Nicole Ducheneaux (nducheneaux@ndnlaw.com)
*Attorneys for Defendants AMG Services, Inc.; Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash; MNE Services, Inc. dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash*

David J. Merrill (david@djmerrillpc.com)
Debra K. Lefler (debra.lefler@kirkland.com)
Bradley Weidenhammer (bweidenhammer@kirkland.com)
Charles Kalil (ckalil@kirkland.com)
Richard Howell (rhowell@kirkland.com)
Peter J. Wozniak (peter.wozniak@kirkland.com)
Andrew A. Kassof (andrew.kassof@kirkland.com)
*Attorneys for Defendants AMG Services, Inc. and MNE Services, Inc. dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash*

Von S. Heinz (vheinz@lrrlaw.com)
Darren J. Lemieux (dlemieux@lrrlaw.com)
E. Leif Reid (lreid@lrrlaw.com)
Jeffrey D. Morris (jmorris@berkowitzoliver.com)
Ryan C. Hudson (rhudson@berkowitzoliver.com)
Nick J. Kurt (nkurt@berkowitzoliver.com)
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker*

L. Christopher Rose (lcr@juww.com)
Michael R. Ernst (mre@juww.com)
*Attorneys for Defendants The Muir Law Firm, LLC and Timothy J. Muir*

Jay Young (jay@h2law.com)
*Attorney for Defendant for Robert D. Campbell*

Paul C. Ray (paulcraylaw@aol.com)
Alyssa D. Campbell (acampbell@laic-law.com)
*Attorneys for Defendant Troy L. Littleaxe*

Patrick J. Reilly (preilly@hollandhart.com)
Linda C. McFee  (lmcfee@mcdowellrice.com)
Robert Peter Smith (petesmith@mcdowellrice.com)
*Attorneys for Relief Defendants Kim C. Tucker and Park 269 LLC*

Brian R. Reeve (breeve@swlaw.com)
Nathan F. Garrett (ngarrett@gravesgarrett.com)
Whitney P. Strack (pstrack@gravesgarrett.com)
*Attorneys for Defendant Don E. Brady*