1  Sarah E. Belton
   Public Justice, P.C.
2  555 12th Street, Suite 1230
   Oakland, CA 94607
3  Phone: (510) 622-8150
   Fax: (510) 622-8155
4  sbelton@publicjustice.net
   (Pro hac vice pending)
5
   Craig Friedberg
6  Law Offices of Craig Friedberg, Esq.
   4760 South Pecos Road, Suite 103
7  Las Vegas, NV 89121
   Phone: (702) 435-7968
8  Fax: (702) 946-0887
   attcbf@cox.net
9
   *Attorneys for Intervenor Americans for Financial Reform*
10

11                UNITED STATES DISTRICT COURT

12                    DISTRICT OF NEVADA

13 | FEDERAL TRADE COMMISSION,        )   Case No.: 2:12-cv-00536-GMN-VCF
                                      )
14 |              Plaintiff,          )
                                      )   **BRIEF IN SUPPORT OF MOTION TO**
15 | vs.                             )   **UNSEAL DOCUMENTS**
                                      )
16 | AMG SERVICES, INC., et al.,      )      (Oral Argument Requested)
                                      )
17 |              Defendant.          )

18        Americans for Financial Reform ("AFR"), by and through counsel, hereby

19 submits its brief in support of its motion to unseal documents.

20 DATED this 5th day of September 2014.

21 Public Justice, P.C.

22 */s/ Sarah E. Belton*
   Sarah E. Belton, Esq. (*Pro hac vice* pending)
23 and
   Craig Friedberg
24 Law Offices of Craig Friedberg, Esq.

25 *Attorneys for Intervenor Americans for*
   *      Financial Reform*
26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION......................................................................................... 2

THE SEALED COURT FILINGS.................................................................. 3

       1.     Sealed Court Filings Held Not to Contain Confidential Information.......... 4

       2.     Court Filings Sealed Only Out Of An Abundance Of Caution...................... 5

       3.     Court Filings Sealed Without Specific Factual Findings............................. 6

ARGUMENT.................................................................................................. 7

I.     AFR'S MOTION TO UNSEAL SHOULD BE GRANTED BECAUSE
      SEALING OF THE COURT FILINGS IN THIS CASE WAS IMPROPER
      UNDER FEDERAL COMMON LAW AND THE FIRST AMENDMENT.............. 7

      A.     THE COURT RECORDS SHOULD BE UNSEALED BECAUSE
           NO COMPELLING REASONS HAVE BEEN FOUND THAT
           OVERCOME THE PUBLIC'S COMMON LAW RIGHT OF
           ACCESS TO COURT FILINGS....................................................... 8

      B.     THE COURT RECORDS SHOULD BE UNSEALED BECAUSE
           SEALING IS IMPROPER UNDER THE FIRST AMENDMENT............... 11

      C.     THE EXISTENCE OF A PROTECTIVE ORDER DID NOT RELIEVE
           THE PARTIES FROM MEETING THE STANDARD FOR SEALING
           UNDER THE COMMON LAW OR THE FIRST AMENDMENT...............13

II.    THE PRESUMPTION OF PUBLIC ACCESS MANDATES THAT THE
      COURT FILINGS BE UNSEALED IMMEDIATELY................................................14

CONCLUSION.............................................................................................. 16

i

**TABLE OF AUTHORITIES**

1

2　　**Cases**

3　*Associated Press v. Dist. Ct.*, 705 F.2d 1143 9th Cir. 1983).......................................... 15

4　*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983)...........................2, 12

5　*Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014)................................... 12

6　*EEOC v. Erection Co., Inc.*, 900 F.2d 168 (9th Cir. 1990)............................................ 11

7　*Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)........... 2, 7, 9, 10, 13, 15

8　*Goodman v. Las Vegas Metro. Police Dept.*, 963 F.Supp.2d 1036 (D. Nev. 2013)...................... 8

9　*Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994)..................... 11, 15

10　*Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995)............................................ 7, 9, 1 0, 11

11　*In re Gitto Global Corp.*, 422 F.3d 1 (1st Cir. 2005)..................................................... 9

12　*In re Providence Journal Co., Inc.*, 293 F.3d 1 (1st Cir. 2002)........................................ 9

13　*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)................7, 8, 9, 10, 15

14　*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d. Cir. 2006)..................................... 11, 15

15　*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)............................................2, 7

16　*Oregonian Pub. Co. v. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990)..........................................11, 12, 13

17
　*Phase II Chin, LLC v. Forum Shops, LLC*, No. 2:08-cv-00162-jCM-GWF, 2010 WL
18　　2695659 (D.Nev. July 2, 2010).........................................................................1 0

19　*Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)...........................7

20　*Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2010)........................................ 11

21　*Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059 (3d. Cir. 1984)......................................... 11

22　*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988)....................................11

23　*San Jose Mercury News, Inc. v. U.S. Dist. Ct.-Northern Dist. (San Jose)*,
　　187 F.3d 1096 (1999)............................................................................... 1 3, 14

24　*Silvaggio v. Clark Cnty*, No. 2:05-cv-00128, 2014 WL 2868414 (D.Nev. June 2, 2014).......... 2, 9

25　*Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562 (7th Cir. 2000)................................................. 9

26　*United States v. Barber*, No. 06-MC-9021-BR, 2007 WL 445538 (D.Or. Feb. 2, 2007)............. 12

27　*United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188 (9th Cir. 2011)........ 7

28　*Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004)............... 11, 12

ii

**INTRODUCTION**

The right of public access to court filings is integral to our justice system.  That right is particularly important in this case, given that it involves allegations that a sophisticated payday lending enterprise obscured the terms of its loans and failed to make the appropriate disclosures to borrowers as required by federal law.  As one court has noted, "common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983).  In this case, the nature and operation of these loans have been further hidden from the public because of the large number of court filings that are sealed.  Americans for Financial Reform ("AFR") has separately sought intervenor status so that it may move this Court to obtain public access to the court filings that remain sealed in this case.[1]  AFR now requests that this Court unseal those sealed documents.  Court records are presumptively public.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The strong presumption of public access to judicial filings can only be overcome by sufficiently "compelling reasons" for secrecy that outweighs the public's interest in access.  *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  As Judge Jones of this Court recently held, "[a] party's burden to show compelling reasons for sealing is not met by general assertions that the information is 'confidential' or a 'trade secret,' but rather the movant must 'articulate compelling reasons supported by specific factual findings." *Silvaggio v. Clark Cnty*, No. 2:05-cv-00128, 2014 WL 2868414, at *2 (D.Nev. June 2, 2014).  Unless the proponent of secrecy-either the FTC or Defendants-can articulate a sufficiently compelling reason to overcome the public's substantial interest in obtaining access to the sealed court filings in this case, the Court should unseal them immediately.

---

[1] A separate Motion to Intervene and Brief in Support of the Motion have been filed simultaneously by AFR.

2

**THE SEALED COURT FILINGS[2]**

This Court has already recognized, there is a "strong presumption in favor of [public] access" and "[a] party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the compelling needs standard."  Dkt. 146 (granting in part FTC's motion to seal exhibits filed with Opposition to Plaintiff's Motion for Preliminary Injunction).  However, this standard has not been met with respect to all of the records sealed in this case.  Rather, the sealed court filings fall into three categories.  First, there are court filings sealed by the Court, pursuant to an in the alternative request included in a motion to strike, even though the Court explicitly held these documents did not contain confidential information.  Second, some documents were filed under seal out of a purported "abundance of caution" pursuant to a discovery protective order because they referenced documents designated as confidential in discovery, without any attempt to meet the compelling needs standard.  Third, entire groups of documents were sealed where the proponent of secrecy did not articulate-and therefore the Court did not make-specific factual findings  sufficient to meet the compelling reasons standard for each document under seal.

### 1.    Sealed Court Filings Held Not to Contain Confidential Information

On April 2, 2012, at the same time the Federal Trade Commission ("FTC") initiated this action for various federal law violations, Dkt. 1, the FTC also sought a preliminary injunction against all Defendants.  Dkt. 4.  Included with the documents filed in support of the Motion for Preliminary Injunction was the Declaration of an FTC investigator, Victoria M.L. Budich (the "Budich Declaration"), and hundreds of pages of attachments containing information gathered during Ms. Budich's extensive investigation into Defendants' lending enterprise.  Dkts. 5-23 to 5-48.  Initially, these documents were filed publicly-with redactions for certain financial information, such as

---

[2] A review of the factual background of the case is provided in the Brief in Support of Motion to Intervene.

1   bank account numbers-and were available on the court docket.

2          The entire Budich Declaration remained publicly available for over four months,

3   until portions of the declaration and attachments were sealed by court order on August

4   15, 2012, after Defendants moved to strike the documents.  Dkt. 145.[3]  The Court

5   declined to strike the documents, stating that "it does not appear that the FTC did

6   anything wrong with filing the disputed exhibits in this case," and that "Defendants fail

7   to demonstrate that their bank account information is confidential such that it is

8   protected from disclosure in a civil case."  *Id.* at p. 6.  Despite this finding, the Court

9   granted Defendants' alternative request and sealed a portion of the Budich Declaration,

10  Dkt. 5-23, and certain "associated financial documents" filed alongside it, Dkts. 5-37

11  through 5-46. Dkt. 145.

12         By separate order, also filed on August 15, 2012, the Court held that it was

13  "proper to treat the preliminary injunction motion as a dispositive motion," and that the

14  Court would "therefore apply the compelling reasons standard" to the question of

15  whether to seal documents filed along with or in response to the motion.  Dkt. 146.

16  Under the compelling reasons standard, the Court refused to seal a declaration and

17  written shareholder consent filed with Defendant Muir Law Firm's response to the

18  preliminary injunction motion.  *Id.*  However, there is no similar discussion of the

19  compelling reasons standard (or any other legal basis for sealing) within the order

20  sealing the Budich Declaration and attachments-despite the fact that they, too, were

21  filed in support of the motion for preliminary injunction.  *See* Dkt. 145.[4]

22  _____

23  [3]   Two motions were filed by Defendants requesting that the Budich Declaration be stricken

24  from the court record.  *See* Dkts. 60, 68.

25  [4]   Instead, the Court analyzed whether the FTC violated portions of the FTC Act by filing
    information acquired pursuant to a civil investigative demand with the Court without first

26  allowing Defendants the opportunity to seek a protective or in camera order. *See* Dkt. 145. The
    Court held that this provision applied only to the party that produced documents in response to

27  the investigative demand-U.S. Bank-and only for documents that had been marked as

28                                                                      (continued...)

                                            4

**2.      Court Filings Sealed Only Out Of An Abundance Of Caution**

Second, some filings were sealed pursuant to a protective order entered in discovery.  During Phase I of the litigation, which adjudicated liability, the Parties entered into two Protective Orders.  Dkts. 173, 308.[5]  The Amended Confidentiality and Protective Order, stipulated by the parties and entered by the Court on September 13, 2012, required that a party seeking to file information a party had marked as confidential with the Court-not necessarily the same party that designated the information as confidential-seek to do so under seal.  Dkt. 308 p. 10.  Pursuant to that operative protective order, the parties moved to file a large number of briefs and related exhibits under seal "[i]n an abundance of caution" because they had been marked as "confidential."  *See,* e.g., Dkt. 499.  The Court then repeatedly filed the briefs and exhibits under seal without analyzing whether there was a valid legal basis for sealing them. *See*, e.g., Dkt. 505 (order granting Defendants' Motion to Seal Defendants' Opposition to FTC Motion for Summary Judgment with exhibits, Dkt. 493; Defendants' Statement of Disputed Facts in Opposition to FTC Motion for Summary Judgment, Dkt. 494; and Defendants' Rule 56(c)(2) Objection to FTC Evidence, Dkt. 498); Dkt. 521 (order granting Defendants' motion to Seal Defendants' Supplemental Declaration and Accompanying Exhibits filed in opposition to the FTC's Motion for Summary Judgment, Dkt. 508).[6]  Each of these orders (and numerous others like them) sealed documents only "[i]n abundance of caution" without purporting to meet the required legal standard for secrecy. *Id.*  A number of these documents remain under seal.

---

(...continued)
confidential. *Id.* As the Court "c[ould not] find any evidence that U.S. Bank marked the bank account information as confidential," it concluded that there was nothing wrong with the FTC's filing of the documents. *Id.*

[5]   The initial Confidentiality and Protective Order was amended to include a "clawback" procedure for inadvertently produced privileged documents.  Dkt. 308 at p. 2.

[6]   The numeric case docket entries corresponding to the Defendants' briefs and exhibits sealed by these Court Orders, Dkts. 505 and 521, are missing from the online case docketing system.

### 3. Court Filings Sealed Without Specific Factual Findings

While a party may have mentioned the compelling reasons standard in passing when requesting secrecy, in several instances during this case the Court made no specific findings about *each* of the documents that a party sought to file under seal. Instead, the parties made blanket statements about the confidential nature of a group of documents in a motion to seal, and the motion then became a court order when a signature, belonging either to the district court judge or the magistrate judge, was appended to the motion. *See, e.g*., Dkts. 115, 210, 372, 488, 530. In a number of the orders sealing court filings, the Court made no independent factual findings under any legal standard prior to agreeing to seal. *Id*. For example, on December 5, 2013, this Court issued an order allowing Defendants to file several documents under seal, where Defendants' underlying motion stated only that "[m]any of the exhibits" to be filed "contain consumer data or business information designated 'confidential'" and that the other filings "contain repeated references to the exhibits designated 'confidential.'" Dkt. 505 at p. 2. The Court then simply granted the motion to seal without any finding the compelling reasons standard- or any other legal basis for sealing-had been met.[7]

----

[7] Although motions to unseal have been filed during the course of the litigation, the unsealing process shares some of the same characteristics as the sealing process-failure to require the party seeking secrecy to meet the compelling needs standard and failure to make specific factual findings in support of continued secrecy. For example, on March 11, 2014, the FTC filed a motion to unseal briefs and exhibits it had filed in connection with various summary judgment motions. Dkt. 560. While both the FTC and Defendants filed most court filings related to the summary judgment motions under seal, the FTC sought only to unseal its own filings. Id. Further, despite the fact that all court filings made in connection with summary judgment are court filings subject to the compelling reasons standard, the FTC agreed to keep under seal "portions of Defendants' documents not specifically discussed and referenced in the FTC's memoranda." Id. at p. 6. In addition, the FTC assumed the burden of proposing redactions despite the fact that it had originally sought to seal the briefs because they referenced documents Defendants had designated as confidential-not because the FTC was requesting the secrecy of these court filings. The Court granted in part the FTC's motion and agreed to the redaction of court filings, stating that "defendants have not shown compelling reasons to seal or redact these exhibits *beyond what the FTC has proposed*." Dkt. 576 at p.2 (emphasis added). To date, the

(continued...)

1    As of July 16, 2014, by order of this Court, this litigation has concluded Phase I of

2  the litigation on liability and moved into Phase II to determine the common enterprise

3  claim, individual liability, and monetary relief.  Dkt. 629.  At least hundreds of pages

4  relating to the underlying merits of the liability adjudication remain under seal.

5                                    **ARGUMENT**

6  I.    **AFR'S MOTION TO UNSEAL SHOULD BE GRANTED BECAUSE**
       **SEALING OF THE COURT FILINGS IN THIS CASE WAS**
7      **IMPROPER UNDER FEDERAL COMMON LAW AND THE FIRST**
       **AMENDMENT.**

8        The right of access to court filings is firmly protected by federal common law and

9  the First Amendment.  *See Nixon*, 435 U.S. at 597 ("It is clear that the courts of this

10  country recognize a general right to inspect and copy public records and documents,

11  including judicial records and documents.").  It is "well settled in the law of the Supreme

12  Court and the [Ninth] [C]ircuit" that the public has a federal common law right of access

13  to inspect judicial documents.  *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d

14  1206 (9th Cir. 2002).  Thus, as the Ninth Circuit has repeatedly stated, the analysis of

15  whether sealing court filings is warranted must always begin with the "strong

16  presumption in favor of [public] access."  *United States v. Bus. of Custer Battlefield*

17  *Museum & Store*, 658 F.3d 1188, 1194-95 (9th Cir. 2011) (citations omitted); *Kamakana*

18  *v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz*, 331 F.3d at

19  1135.

20       The public has a presumptive right of access to all the documents currently under

21  seal in this case.  To overcome this presumption, the law requires that the proponent of

22  secrecy articulate compelling reasons for sealing—supported by specific factual

23  findings—for each document sought to be filed under seal.  *Kamakana*, 447 F.3d at

24  _____

25  (...continued)

26  Court has not required the proponent of secrecy to articulate specific compelling reasons for the
   continued sealing or redaction of any document filed in connection with the summary judgment

27  motions-even documents that had previously been filed under seal merely out of an "abundance

28  of caution."

                                          7

1182.  The proponent of secrecy also bears the burden of identifying *particular content*

for which compelling needs exist.  *See Goodman v. Las Vegas Metro. Police Dept.*, 963

F.Supp.2d 1036 (D. Nev. 2013) (refusing to seal entire transcripts of depositions

individual defendants and requiring defendants to identify "any individual portion of the

transcript [that] requires protection from the public eye" and "provide specific support

demonstrating a compelling reason to do so").

Yet, as explained above, the record in this case is replete with sealed documents

that do not contain confidential information, documents filed under seal only out of an

"abundance of caution," and documents sealed because of blanket references to

confidential information without the articulation of specific factual findings to meet the

compelling needs standard.  Further, when a certain subset of documents *were* partly

unsealed, it was only at the urging of the party favoring access (the FTC), and with

significant redactions—a procedure that turned the legal burden on its head.  The result

is that hundreds of court records were sealed without the appropriate party ever having

met the legal standard for sealing. Accordingly, unless the proponent of secrecy

persuades the Court that continued sealing is warranted for each document at issue, the

Court should grant AFR's Motion to Unseal and provide the public immediate access to

the remaining sealed court filings.[8]

**A.    THE COURT RECORDS SHOULD BE UNSEALED BECAUSE NO COMPELLING REASONS HAVE BEEN FOUND THAT OVERCOME THE PUBLIC'S COMMON LAW RIGHT OF ACCESS TO COURT FILINGS**

In the Ninth Circuit, court filings may *only* be sealed where the proponent of sealing

has "articulate[d] compelling reasons supported by specific factual findings that outweigh the

---

[8]   The Ninth Circuit has also recognized that redactions may also be subject to scrutiny, particularly those made by "invoking general categories of privileges without elaboration. *Kamakana*, 447 F.3d at 1183.  Therefore, for the documents that have been unsealed but redacted, the proponent of secrecy now bears the burden of articulating reasons for the redactions that outweigh the right of public access.  If the required showing is not met, the unredacted documents should be filed immediately.  In the interest of clarity, arguments relating to the unsealing of court filings also encompass the process for filing documents in a redacted form.

general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The "compelling

reasons" standard was first articulated by the Ninth Circuit in the context of a civil case in 1995,

*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), and the law has continued to develop

since. *See, e.g.*, *Foltz*, 331 F.3d at 1136 (noting that the *Hagestad* "compelling reasons" standard

governs whether court filings and discovery filed with dispositive motions may be sealed).

Moreover, the "compelling reasons" standard for sealing court filings applies to *all* judicial

documents filed with the court, including discovery materials attached to dispositive motions.

*Foltz*, 331 F.3d at 1135.[9]

     A party in favor of court secrecy can only overcome the strong presumption of public

access "on the basis of articulable facts known to the court, not on the basis of unsupported

hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434. To meet its burden, the proponent of

sealing must "articulate compelling reasons supported by specific factual findings that outweigh

the general history of access and public policies favoring disclosure." *Kamakana*, 447 F.3d

1178-79 (internal quotation marks and citations omitted); *see also In re Gitto Global Corp.*, 422

F.3d 1, 6 (1st Cir. 2005) ("[O]nly the most compelling reasons can justify the non-disclosure of

judicial records."); *Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Any

step that withdraws an element of the judicial process from public view makes the ensuing

decision look more like fiat, which requires compelling justification."); *In re Providence Journal

Co., Inc.*, 293 F.3d 1, 11 (1st Cir. 2002) (applying compelling reason standard).

     Also, this burden must be met with respect to *each document* the party wants to seal. *See

Foltz*, 331 F.3d at 1127-28. This Court has previously refused to permit broad assertions to serve

as a basis for court secrecy. *See Silvaggio v. Clark Cnty*, 2014 WL 2868414 at *2. Similarly, the

Ninth Circuit has held that "conclusory statements about the content of the documents" in a

party's declarations are deficient. *Kamakana*, 447 at F.3d 1182. In *Kamakana*, claims made in

---

[9] The only court records to which the compelling reasons standard does *not* apply is documents attached to nondispositive motions. To file those under seal, a party need only show good cause for the requested sealing. *Kamakana*, 447 F.3d at 1180.

1   declarations that the production of sealed documents would "hinder [the defendant's] future

2   operation" and "cast [the defendant] in a false light" did not "rise to the level of 'compelling

3   reasons' sufficiently specific to bar the public access to the documents." *Id.*

4          A desire to avoid public scrutiny of alleged wrongdoing is also not a sufficient legal basis

5   for waiving the public's right of access to court filings.  As the Ninth Circuit has explained,

6   "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

7   incrimination, or exposure to further litigation will not, without more, compel the court to seal its

8   records.  *Foltz*, 331 F.3d at 1136; *see also Phase II Chin, LLC v. Forum Shops, LLC*, No. 2:08-

9   cv-00162-JCM-GWF, 2010 WL 2695659, at *2 (D.Nev. July 2, 2010) ("The mere suggestion

10  that embarrassing allegations . . . might harm a company commercially if disclosed in publicly

11  available pleadings does not meet the burden of showing specific harm will result.").

12         Compliance with the compelling reasons standard has been largely absent with respect to

13  the sealing of court records in this case.  For example, the standard was not met where documents

14  were sealed out of "an abundance of caution" and specific facts to meet the compelling needs

15  standard were not articulated by the parties.  Nor was the compelling needs standard met where a

16  party argued that sealing was warranted because an entire group of documents was designated

17  confidential in discovery.  *See, e.g.*, Dkt. 505.  Similarly, the Court in several instances accepted

18  the parties' blanket statements that information contained within court filings relates to "trade

19  secrets" or the structure and ownership of Defendants' business.  *See*, e.g., Dkt. 568.  Overbroad

20  assertions of secrecy like these are not a valid legal basis for sealing court records.

21         Where district courts have sealed court filings without articulating sufficient reasons for

22  doing so, the Ninth Circuit has vacated the decision and remanded with orders to apply the

23  appropriate legal standard.  For example, in *Hagestad*, the Ninth Circuit reviewed an order of the

24  District of Oregon sealing the entire record of a case that had been settled pursuant to a

25  "confidentiality promise agreement."  49 F.3d at 1432, 1434 n.8.  The case, which involved

26  allegations of sexual abuse of a minor, was sealed after the trial court granted the defendant's

27  motion to seal the entire record.  *Id.* at 1432-33.  On appeal, the Ninth Circuit found that

28

1    meaningful review of the sealing order was impossible because "the district court failed to

2    articulate any reason in support of its sealing order." *Id*. at 1435.  Noting that the party's motion

3    to seal the court order failed to make the requisite showing of compelling reasons, the court

4    vacated the decision and remanded for the district court to make the appropriate findings.  *Id*.;

5    *see also Pintos v. Pacific Creditors Association*, 605 F.3d 665, 679 (9th Cir. 2010) (reversing

6    district court's order sealing discovery material attached to dispositive motions where the court

7    neglected to determine whether compelling reasons exist to seal the documents at issue); *EEOC

8    v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (reversing an order sealing documents

9    because the district court had failed to articulate "any reasoning or findings underlying its

10   decision" to seal the court documents).

11           In sum, the continued sealing of the court records in this case is improper because no

12   party has demonstrated compelling reasons exist that are sufficient to overcome the public's

13   strong presumption of access.

14                          **B.    THE COURT RECORDS SHOULD BE UNSEALED BECAUSE
                                    SEALING IS IMPROPER UNDER THE FIRST AMENDMENT**

15           In addition to the federal common law right, the Ninth Circuit has recognized

16   that, at least in criminal cases, "[u]nder the [F]irst [A]mendment, the press and the

17   public have a presumed right of access to court proceedings and documents."  *Oregonian

18   Pub. Co. v. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990).  While the Ninth Circuit has not yet

19   applied this First Amendment right of access to civil proceedings, the underlying policy favoring

20   transparency and public scrutiny of government activity applies with equal force in both the civil

21   and criminal contexts—as the Second, Third, Fourth, Sixth, and Seventh Circuits have all held.

22   *See, e.g., Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d. Cir. 1984) ("Public

23   access to civil trials, no less than criminal trials, plays an important role in the participation and

24   free discussion of governmental affairs."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

25   124 (2d. Cir. 2006); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th

26   Cir. 2004); *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)

27   (superseded by rule on other grounds); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249,

28

1    253 (4th Cir. 1988); *Brown v. Williamson Tobacco Corp.*, 710 F.2d at 1165.[10]  At least one

2    court in this Circuit has likewise held that the First Amendment Right to court records

3    applies in the civil context.  *United States v. Barber*, No. 06-MC-9021-BR, 2007 WL 445538

4    (D. Or. Feb. 2, 2007) (granting newspaper's motion to unseal court records pertaining to alleged

5    Medicare fraud investigation).

6          Once a First Amendment right is found, it can be "overcome only by an overriding right

7    or interest 'based on findings that closure is essential to preserve higher values and is narrowly

8    tailored to serve that interest.'"  *Oregonian Pub. Co*, 920 F.3d. at 1465 (citation omitted).  The

9    party seeking to restrict access must present specific reasons in support of its position and

10   demonstrate that any available alternatives would not protect its interests.  *Id*.  This is a high

11   threshold that is not easily met.

12         For example, the issue in *Virginia Dept. of State Police*, 386 F.3d at 577-78, was whether

13   documents regarding a murder investigation that had been attached to a summary judgment

14   motion in a civil suit should remain sealed.  Although the law of the Fourth Circuit required "the

15   more rigorous First Amendment standard should also apply to documents filed in connection

16   with a summary judgment motion in civil case," the police department argued that there was a

17   compelling government interest in keeping these documents from the public to "protect[] the

18   integrity of an ongoing law enforcement investigation."  *Id*. at 579.  The Fourth Circuit disagreed,

19   holding that "it is not enough simply to assert this general principle without providing specific

20   underlying reasons for the district court to understand how the integrity of the investigation

21   reasonably could be affected by the release of such information."  *Id*.  The court therefore

22   concluded that the police department had "failed to present a compelling government interest that

23   is sufficient to keep these documents sealed."  *Id*.

24         Here, if this Court determines that the public has a First Amendment right to the court

25   record in this case, the party advocating secrecy bears the burden of demonstrating an "overriding

---

26   [10]  Although the Ninth Circuit has not yet articulated a First Amendment right of access in civil
27   cases, the court recently held that a case involving First Amendment claims regarding right of
     access to civil judicial proceedings should move forward on the merits.  *Courthouse News Serv.*
28   *v. Planet*, 750 F.3d 776 (9th Cir. 2014).

right or interest based on findings that closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *Oregonian Pub. Co.*, 920 F.3d. at 1465.  It is difficult to

imagine any "overriding interest" or "higher values" that would be strong enough to outweigh the

public's interest in access and justify the continued sealing of court filings.  AFR therefore

respectfully requests that this Court grant its Motion to Unseal on the basis that the public has a

First Amendment right of access to the court record.

### C.   THE EXISTENCE OF A PROTECTIVE ORDER DID NOT RELIEVE THE PARTIES FROM MEETING THE STANDARD FOR SEALING UNDER THE COMMON LAW OR THE FIRST AMENDMENT

Under either the common-law or First Amendment standard, the proponent of sealing

bears the burden of showing sealing is warranted even if the documents were filed under seal

pursuant to a protective order.  This is because "[t]he right of access to court documents belongs

to the public, and the [parties] were in no position to bargain that right away."  *San Jose Mercury

News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (1999), at 1101.

For example, in *Foltz*, the plaintiffs alleged that State Farm had conspired with a medical

review company to defraud hundreds of personal injury victims of the coverage to which they

were entitled under their policies.  331 F.3d at 1127-28.  After several years of litigation, during

which discovery was governed by stipulated protective orders, the parties agreed to a confidential

settlement and requested that the court file be sealed.  *Id*. at 1128.  When the district court

granted the request, non-party public interest groups and litigants in other cases intervened in

order to unseal the records.  *Id*. at 1128-29.  On appeal, the Ninth Circuit directed the district

court to release all records "for which compelling reasons for continued secrecy has not been

demonstrated," notwithstanding the parties' protective order.  *Id*. at 1139.

Likewise, in *San Jose Mercury News*, the parties stipulated to a protective order that

made documents concerning an alleged sexual harassment suit against a police department

confidential.  187 F.3d at 1101.  When a non-party newspaper moved to intervene to unseal the

court records, the defendant police department objected on the grounds that it had relied upon a

stipulated protective order.  *Id*.  The Ninth Circuit dismissed the defendant's argument, holding

1   that the protective order was not a basis for denying the public's right of access.  *Id.*

2          So too here, the existence of the Amended Confidentiality and Protective Order does not

3   end the legal inquiry or relieve the parties of their obligation to demonstrate that there is a

4   compelling need for secrecy with respect to each document that they wish to seal, and that it

5   outweighs the public's right of access.  A document's confidential designation does not

6   automatically mean that there are compelling reasons for secrecy that outweigh the public's right

7   of access—nor does it alleviate a court's obligation to make such a finding.  Nor, as Defendants

8   have previously argued, does a party's failure to object to confidentiality designations mean that

9   any confidential information should *automatically* be sealed.  *See* Dkt. 568 (while opposing the

10  FTC's motion to unseal, Defendants claimed that the FTC's failure to object to confidentiality

11  designations or to meet-and-confer functioned as an "end-run" around the protective order).

12  Hundreds of pages of court filings remain under seal in this case simply because the documents

13  contained therein were designated as confidential pursuant to the protective order.  The existence

14  of the protective order is not legally sufficient to require sealing in the first instance and it does

15  not justify continued sealing.

16                          *        *        *

17
18         As discussed above, the sealed court records in this case fall into three categories:

19  documents held not to contain confidential information; documents sealed out of an

20  abundance of caution without compliance with the compelling reasons standard; and

21  documents where a party's broad assertion of compelling reasons was held to be

22  sufficient for sealing large groups of documents, without the required particularized

23  showing.  These documents do not satisfy the compelling needs standard and they

    should be unsealed by this Court.

24
25  **II.    THE PRESUMPTION OF PUBLIC ACCESS MANDATES THAT
            THE COURT FILINGS BE UNSEALED IMMEDIATELY**

26         Because court records are public by default, the sealed filings should be unsealed

27  as soon as it is determined that there is no longer any valid basis for keeping them

28  sealed.  The Court "need not document compelling reasons to *unseal*; rather the

                                    14

1  proponent of sealing bears the burden with respect to sealing. A failure to meet that

2  burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d

3  at 1181-82 (emphasis added).

4     Thus, in *Foltz*, when the Ninth Circuit found that the district court had not

5  applied the appropriate "compelling reasons" test to court records under the common

6  law standard, the court instructed the lower court to immediately release specific

7  documents, "along with all other court records for which compelling reasons for secrecy

8  have not been demonstrated." *Foltz*, 331 F.3d at 1135, 1139.

9     Similarly, in *Associated Press v. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983),

10  after the district court ordered all documents filed in a criminal case to be automatically

11  sealed, the Ninth Circuit vacated the order because the burden to overcome the First

12  Amendment presumption had not been met.  The Ninth Circuit stated that "ordinarily,

13  documents sealed under an unconstitutional order would be released immediately." *Id*.

14  However, noting that the parties may have filed certain documents in reliance on a

15  protective order, the court gave the parties *three days* to provide such "sufficiently

16  specific . . . document-by-document" justification.  Id.  All other documents were

17  ordered "unsealed immediately." *Id*.; *see also Lugosch v. Pyramid Co. of Onondaga*,

18  435 F.3d 110, 126 (2d Cir. 2006) (noting that the circuit courts "emphasize the

19  importance of immediate access where a right to access is found"); *Grove Fresh Distrib.*,

20  24 F.3d at 897 ("[O]nce found to be appropriate, access should be immediate and

21  contemporaneous.").

22     In short, under federal common law and the First Amendment, the sealed court

23  records in this case are presumptively public.  Unless the parties can now demonstrate

24  compelling reasons for keeping each court record sealed, or show that sealing is

25  essential to preserve higher values, the records should be immediately unsealed.

26  ///

27  ///

28  ///

1

**CONCLUSION**

2

This Court should unseal the remaining sealed court filings.

3

DATED this 8th day of September 2014.

4

Public Justice, P.C.

5

/s/ Sarah E. Belton
Sarah E. Belton, Esq. (*Pro hac vice* pending)

6

7

and

8

Craig Friedberg
Law Offices of Craig Friedberg, Esq.

9

*Attorneys for Intervenor Americans for
Financial Reform*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16