DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

JONATHAN NUECHTERLEIN
General Counsel
NIKHIL SINGHVI
JASON D. SCHALL
HELEN P. WONG
IOANA RUSU
LaSHAWN M. JOHNSON
COURTNEY A. ESTEP
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Email: nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc. et al.,<br><br>Defendants, and<br><br>Park 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536-GMN-VCF<br><br>**PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION TO UNSEAL** |

Americans for Financial Reform ("Intervenor"), a non-party whose motion to intervene is pending before the Court, has moved to unseal documents. (ECF No. 669.) The motion (*id.*) and its memorandum in support (ECF No. 669-1) do not specify which records the Intervenor seeks to unseal, presumably meaning that the Intervenor seeks to unseal every sealed and redacted document in this action filed by any party with the Court. Except for redactions necessary to conceal full financial account numbers, Plaintiff Federal Trade Commission ("FTC") does not oppose the motion insofar as it seeks to unseal sealed or redacted Court filings pertaining to Defendants' business operations. The FTC opposes the motion insofar as it seeks to unseal any filings with the Court containing confidential information pertaining to Defendants' consumers and their non-party current and former employees.

## I. DEFENDANTS MUST ARTICULATE COMPELLING REASONS TO MAINTAIN CORPORATE INFORMATION UNDER SEAL

The vast majority of under seal and redacted filings in this matter concern documents produced by Defendants and designated as confidential by them. On several occasions, the FTC has put such documents before the Court and cautiously moved to file them under seal, informing the Court of Defendants' confidentiality designations but not endorsing them. (*See, e.g.* ECF Nos. 83 ¶¶ 6-7; 203 at 1; 239 at 2; 243 at 2; 330 at 3; 460 at 2.) In each such instance the FTC noted that it was filing documents under seal solely to preserve Defendants' ability to make the required showing to do so; the FTC did not agree with Defendants' designations but was constrained to file such documents only under seal. (*Id.*)[1]

Under Ninth Circuit precedent, and as the Court previously held, the public's interest in access to Court filings is at its apex in connection with *dispositive* motions, as to which the party seeking to seal records must demonstrate "compelling reasons." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006); ECF No. 146 at 3-4. Accordingly, the FTC has

---

[1] Alternatively, the FTC might have contested Defendants' designations in connection with each such motion to seal, but that would have inundated the Court with motions practice.

1

sought to reasonably limit Defendants' confidentiality designations in connection with its three "dispositive" motions to date: the motion for preliminary injunction (ECF No. 4),[2] the amended motion for partial summary judgment regarding Defendants' tribal defenses (ECF No. 338), and the motion for summary judgment regarding the adequacy of Defendants' loan disclosures (ECF No. 454). The FTC and Defendants reached global agreement regarding the filings (or portions of filings) that should remain under seal with respect to the first two, and the Court accepted those compromises. (ECF Nos. 283, 385.) The FTC and Defendants reached only partial agreement regarding the filings (or portions of filings) that should remain under seal with respect to the most recent summary judgment motion, and the Court sided with the FTC on the matters in dispute. (ECF No. 576.)

Importantly, the FTC's prior assessment of the reasonableness of Defendants' designations in connection with those motions was influenced by a desire not to disrupt Defendants' then-ongoing business, and to avoid (or at least narrow, in the third case) contested motions practice regarding the ancillary issue. Because (i) the Lending Defendants were subsequently found by the Court to have violated the FTC Act and Truth in Lending Act, (ii) the Lending Defendants now claim to have ceased lending operations (though they may still be collecting on previously-issued loans), and (iii) there appears to be legitimate and specific public interest in the parties' filings with the Court, it is difficult to foresee how Defendants may attempt to maintain confidentiality over documents not containing protected individual or financial information. For example, if Defendants' sole remaining interest lies in avoiding further law enforcement proceedings and consumer litigation, that is insufficient reason to maintain documents under seal. Under Ninth Circuit precedent, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (quotation omitted). Nor does the Court's entry of a confidentiality protective order

---

[2] As the Court previously held, a motion for preliminary injunction is considered "dispositive" for purposes of considering under seal treatment. (ECF No. 146 at 4.)

settle the question of under seal treatment with respect to documents filed in connection with the dispositive motions; Defendants must satisfy the compelling reasons standard even in the presence of that order. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135-36 (9th Cir. 2003).

As noted above, the FTC's position with respect to sealing and redacting Defendants' business data was always limited to acquiescence (not endorsement), and circumstances have since changed dramatically. Regardless of whatever justifications Defendants may now conjure, the Court, Defendants, and the Intervenor should not construe the FTC's previous motions and accommodations to maintain portions of Defendants' documents under seal in connection with the dispositive motions as support for currently maintaining any such data under seal. Similarly, the FTC submits that sufficient grounds exist for the Court to revisit its earlier orders on motions to seal and unseal (both contested and uncontested) if Defendants are unable to satisfy the applicable standard for each filing.

As noted in Part II below, the FTC opposes disclosure of court filings containing Defendants' data to the extent that they contain sensitive personal information regarding Defendants' customers or other non-party witnesses (i.e., Defendants' former employees). Any consumer bank statements should remain under seal in their entirety, and any filings containing Defendants' financial account information should be redacted in accordance with the Court's Special Order No. 108. Otherwise, the FTC respectfully submits that Defendants must carry their burden to show compelling reasons to prevent disclosure of all other purportedly confidential information.

## II. THE FTC HAS ARTICULATED COMPELLING REASONS TO MAINTAIN NON-PARTY INDIVIDUALS' CONFIDENTIAL INFORMATION UNDER SEAL

At various points, the FTC and Defendants have filed, in sealed or redacted form, documents containing confidential information pertaining to non-party individuals. The under seal treatment of such information is protected by ample precedent, and, as demonstrated below, compelling reasons exist to prevent its disclosure to the public.

In connection with dispositive and non-dispositive motions, the parties have previously filed with the Court the following types of exhibits containing information for which the FTC currently

seeks continuing under seal treatment: documents identifying or referring to Defendants' consumers who are not testifying witnesses (e.g., the Consumer Sentinel database and transcripts of lender/borrower customer service calls); consumers' bank documents; and transcripts of the depositions of Defendants' consumers and former employees revealing personal information such as those individuals' financial circumstances and medical issues. For the testifying consumers and former employees, the FTC disclosed their names, but redacted and filed under seal other sensitive information such as phone numbers, email addresses, postal addresses, employment information, and other sensitive details immaterial to this litigation discussed in the non-party witnesses' depositions. For consumers who have submitted complaints to the Consumer Sentinel database, the FTC maintained under seal all personally identifying information, such as names, email addresses, postal addresses, and phone numbers, in addition to all sensitive information, such as bank account numbers.[3] The FTC can show "compelling reasons" for maintaining such information under seal. All of the information that the FTC seeks to protect relates to non-parties and is irrelevant to the core issues in this case, i.e., whether Defendants' loan disclosures were lawful, which parties can be held responsible for the law violations, and the extent of relief. The consumers' and former employees' privacy interests in maintaining this information confidential greatly outweigh the public's interest in disclosure.

First, complaining consumers and former employees are not parties to this proceeding and have strong privacy interests in keeping their financial, private, and identifying information confidential. "Federal courts ordinarily recognize a constitutionally-based right of privacy…." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (internal citations and quotations omitted). Courts in the Ninth Circuit have recognized a particular need

---

[3] The FTC's disparate treatment of consumer declarants and consumer complainants is justified given these individuals' different levels of participation in this case. The FTC's consumer declarants have agreed to be a part of this case, have signed sworn (and public) declarations, and have been deposed by Defendants. The consumer complainants, on the other hand, have not consented to participate publicly in this case, having merely submitted complaints to a Better Business Bureau, a consumer agency, or the FTC.

1    to protect the privacy rights of third-parties.  *See, e.g.*, *Foltz,* 331 F.3d at 1137 (acknowledging
2    the need to protect third-party privacy interests);  *Keith H.*, 228 F.R.D. at 657; *Hounshel v.*
3    *Battelle Energy Alliance, LLC*, 4:11-CV-00635-BLW, 2013 WL 5375833, at *1 (D. Idaho Sept.
4    24, 2013) (party's "discovery requests raise significant privacy concerns for third-party
5    employees who have no involvement in this case").

6          There are compelling reasons to maintain the identity of non-testifying consumer
7    complainants confidential.  Payday loan borrowers are, by definition, suffering from financial
8    hardships and such loan products are stigmatizing.  In addition, payday loan borrowers who are
9    misled by lenders are doubly embarrassed by needing a payday loan in the first place and then
10   being deceived into repaying many multiples of the original loan.  Consumer complainants
11   whose complaints the FTC referenced in its summary judgment briefing have had no direct
12   involvement in this proceeding.  These individuals submitted confidential complaints to various
13   state attorney general offices, BBB branches, consumer agencies, or the FTC, detailing their
14   experiences with Defendants' payday lending business.  These consumers would not likely
15   expect that, merely by submitting complaints to law enforcement and consumer protection
16   agencies, their names, personal experiences, and circumstances surrounding their deception
17   would be disclosed to the public.

18         In addition, while testifying consumers and former employees have consented to being
19   named publicly, their email addresses, postal addresses, and telephone numbers, have not been
20   disclosed.  Moreover, their documents and deposition transcripts contain sensitive personal
21   information regarding those witnesses' financial circumstances, medical issues, and other private
22   personal details.

23         Overbroad disclosures would therefore cause unnecessary embarrassment to these non-
24   parties.  Ninth Circuit courts have repeatedly permitted the redaction of such sensitive and
25   identifying non-party information.  *See, e.g.*, *Foltz,* 331 F.3d at 1137 (holding that third-party
26   privacy information can be protected by "[s]imply redacting the identifying information of third
27   parties (e.g., their names, addresses, telephone numbers, and social security numbers) from the
28

5

records and disclosing the remaining information"); *Keith H.*, 228 F.R.D. at 658 (holding that third-party privacy interests can be sufficiently protected by "redact[ing] each student's name, Social Security number, date of birth, address, and telephone number, as well as the student's parent's or guardian's name, address, telephone number, and Social Security number"); *Hounshel*, 2013 WL 5375833, at *3 (holding that a party "must redact any personal identifying information, including names and addresses, from the produced personnel files. The[] non-party employees have done nothing to inject themselves into this case, and the Court sees no reason to invade their privacy without more.").[4]

In addition to the privacy interests articulated above, all of these non-parties' sensitive information could also be used as a "vehicle for improper purposes." *See Kamakana*, 447 F.3d at 1179. For example, disclosing phone numbers, addresses, or bank account numbers of consumers could lead to identity theft or phishing scams.

Second, sensitive information regarding the testifying consumers and former employees, as well as that of the non-testifying consumer complainants, is not material to the FTC's claims in this case, nor is it central to the Court's summary judgment rulings. The redacted information is "unrelated, or only tangentially related, to the underlying cause of action," *Foltz,* 331 F.3d at 1135, and is not "at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana,* 447 F.3d at 1179 (internal quotations omitted).

For the foregoing reasons, the FTC respectfully submits that the Court should exempt from any unsealing order any Court filings (or portions of filings, if they are susceptible to redaction) containing confidential information pertaining to non-party individuals.

---

[4] This Court's Special Order No. 108 complements this precedent by affording specific protection for, *inter alia*, social security numbers, financial account numbers, and home addresses. In several respects the FTC seeks protection in excess of that required by Special Order No. 108, but as noted in the text, such additional protection from disclosure is permissible for non-parties and particularly appropriate for non-party individuals.

# CONCLUSION

The FTC requests that, to the extent the Court grants the Intervenor's motion to unseal, it exempt from such order the following types of information:

- All personal information (including names and other identifying information) associated with any non-testifying consumer of Defendants (which should be redacted to the extent feasible);

- Identifying information and other personal information (excluding names, which may be disclosed) for any testifying consumer or other non-party individual (which should be redacted to the extent feasible);

- All consumers' bank account information, including all copies of consumers' checks and consumers' bank account statements (which should remain under seal); and

- Any other information protected by Special Order No. 108 including, without limitation, full account numbers for Defendants' financial accounts (which should be redacted to the extent feasible).

Respectfully submitted,

Dated: September 25, 2014                    /s/ *Nikhil Singhvi*

Nikhil Singhvi
Jason D. Schall
Helen P. Wong
Ioana Rusu
LaShawn M. Johnson
Courtney A. Estep

*Attorneys for Plaintiff*
*Federal Trade Commission*

7

## CERTIFICATE OF SERVICE

I, Nikhil Singhvi, certify that, as indicated below, all parties were served with **PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION TO UNSEAL** filed with the Court, as indicated below.

Dated:  September 25, 2014

*/s/ Nikhil Singhvi*
Nikhil Singhvi

**Via Electronic Case Filing**:

Joshua M. Dickey (jdickey@baileykennedy.com)
*Attorney for Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash*

Conly J. Schulte (cschulte@ndnlaw.com)
Francis J. Nyhan (jnyhan@ndnlaw.com)
Nicole Ducheneaux (nducheneaux@ndnlaw.com)
*Attorneys for Defendants AMG Services, Inc.; Red Cedar Services, Inc. dba 500FastCash; SFS, Inc. dba OneClickCash; MNE Services, Inc. dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash*

David J. Merrill (david@djmerrillpc.com)
Debra K. Lefler (debra.lefler@kirkland.com)
Bradley Weidenhammer (bweidenhammer@kirkland.com)
Charles Kalil (ckalil@kirkland.com)
Richard Howell (rhowell@kirkland.com)
Peter J. Wozniak (peter.wozniak@kirkland.com)
Andrew A. Kassof (andrew.kassof@kirkland.com)
*Attorneys for Defendants AMG Services, Inc. and MNE Services, Inc. dba Tribal Financial Services, Ameriloan, UnitedCashLoans, USFastCash*

Von S. Heinz (vheinz@lrrlaw.com)
Darren J. Lemieux (dlemieux@lrrlaw.com)
E. Leif Reid (lreid@lrrlaw.com)
Jeffrey D. Morris (jmorris@berkowitzoliver.com)
Ryan C. Hudson (rhudson@berkowitzoliver.com)
Nick J. Kurt (nkurt@berkowitzoliver.com)
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker;*
*Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker*

Jay Young (jay@h2law.com)
*Attorney for Defendant for Robert D. Campbell*

Paul C. Ray (paulcraylaw@aol.com)
Alyssa D. Campbell (acampbell@laic-law.com)
*Attorneys for Defendant Troy L. LittleAxe*

Patrick J. Reilly (preilly@hollandhart.com)
Linda C. McFee  (lmcfee@mcdowellrice.com)
Robert Peter Smith (petesmith@mcdowellrice.com)
*Attorneys for Relief Defendants Kim C. Tucker and Park 269 LLC*

Brian R. Reeve (breeve@swlaw.com)
Nathan F. Garrett (ngarrett@gravesgarrett.com)
Whitney P. Strack (pstrack@gravesgarrett.com)
*Attorneys for Defendant Don E. Brady*