Sarah E. Belton
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
sbelton@publicjustice.net

Craig Friedberg
Law Offices of Craig Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Phone: (702) 435-7968
Fax: (702) 946-0887
attcbf@cox.net

*Attorneys for Intervenor Americans for Financial Reform*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No.: 2:12-cv-00536-GMN-VCF |
| Plaintiff, | ) **REPLY IN SUPPORT OF MOTION TO UNSEAL** |
| vs. | ) |
| AMG SERVICES, INC., et al., | ) |
| Defendants. | ) |

Reply in Support of Motion to Unseal

1

2

**TABLE OF CONTENTS**

3

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.      THE FTC AGREES THAT DEFENDANTS MUST ARTICULATE COMPELLING
        REASONS TO MAINTAIN SECRECY. ........................................................................ 2

II.     AFR DOES NOT OPPOSE LIMITED REDACTION OR SEALING OF COURT
        FILINGS AS NECESSARY TO PROTECT THE PRIVACY OF NON-PARTY
        INDIVIDUALS. ........................................................................................................... 3

CONCLUSION ....................................................................................................................... 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Federal Trade Commission ("FTC") agrees that "there appears to be a legitimate and specific public interest in the parties' filings with the court."  Dkt. 687 at p. 3.[1]  Yet, despite the Court's rulings that Defendants have violated the Truth in Lending Act and the FTC Act, and a recent claim by counsel for the "Lending Defendants" that they have ceased lending operations (Dkt. 687 at p. 2), thousands of pages of documents filed in this court record remain secret.[2]  A large number of those filings were sealed with no basis other than a stipulated protective order in discovery and an "abundance of caution."  *See, e.g.*, Dkts.  499, 505, 521.  As the FTC recognizes, "it is difficult to foresee how Defendants may attempt to maintain confidentiality over documents not containing protected individual or financial information." Dkt. 687 at p. 2.

Our law has long recognized the "public interest in understanding the judicial process" and the "strong presumption of in favor of access to court records."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)*; see also In Re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) ("The public's right of access extends beyond simply the ability to attend

---

[1] None of the Defendants in this case have filed a response to AFR's Motion to Unseal.  While the Miami Defendants expressed their desire to reserve the right to respond to AFR's Motion to Unseal should this Court grant AFR intervenor status, *see* Dkt. 686 at p. 1 n.1, none of the Defendants have formally requested more time to file a response to the pending Motion to Unseal or requested that this Court hold the motion in abeyance pending a ruling on AFR's Motion to Intervene. *See* Local R. 7-2(b) ("Unless otherwise ordered by the Court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion."); Local R. 6-1 ("A request [to extend time] made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect  Therefore, AFR's Motion to Unseal is ripe for review, and the Court would be well within its authority to grant the unopposed motion.  If the Court elects to defer ruling in order to allow Defendants to file responses out of time, AFR would respectfully request an opportunity to reply.
[2] This Court and the parties have previously used the term "Lending Defendants" to refer collectively to MNE Services, Inc., Red Cedar Services, Inc., SFS, Inc., and AMG Services, Inc. *See, e.g.*, Dkt. 539.

open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy

public records and documents, including judicial records and documents.").  Maintaining the

continued secrecy of these presumptively public filings—which have not been found to meet the

legal standard required for sealing—requires more than blanket assertions about confidentiality.

In this case, "sufficient grounds exist for the Court to revisit its earlier orders on motions to seal

and unseal (both contested and uncontested)."  Dkt. 687 at p. 3. Accordingly, unless the

proponent of secrecy can articulate compelling reasons for maintaining these filings under seal,

the Court should immediately unseal the sealed court filings.

## ARGUMENT

### I.   THE FTC AGREES THAT DEFENDANTS MUST ARTICULATE COMPELLING REASONS TO MAINTAIN SECRECY.

The applicable legal standard required for maintaining court filings under seal in this case

is not in dispute.  As AFR (*see* Dkt. 669-1 at pp. 7-8), the FTC (*see* Dkt. 687 at p. 1), and this

Court (*see* Dkt. 146 at p. 2) have all previously recognized, a party seeking the secrecy of court

filings can only overcome the "strong presumption in favor of access" by "articulat[ing]

compelling reasons supported by specific factual findings that outweigh the general history of

access and the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79.  Court

records cannot be sealed absent compelling reasons standard is required regardless of whether

the parties stipulated a protective order in discovery—and even if a court has previously found

that good cause existed for keeping documents produced in discovery confidential.  *Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); Dkt. 669-1 at pp. 13-14; Dkt. 687 at pp. 2-3.[3]

AFR (*see* Dkt. 669-1 at pp. 3-7) and the FTC (*see* Dkt. 687 at pp. 1-3) are also in agreement that Defendants have not met this standard for the filings that are currently under seal in this case.  As the FTC details, the Defendants have relied upon confidentiality designations to shield court records from the public.  The "vast majority of under seal and redacted filings" in this litigation were "produced by Defendants and designated as confidential by them." Dkt. 687 at p. 1.  For that reason, when the FTC sought to file any of these documents in the litigation, they did so "*solely* to preserve Defendants' ability to make the required [legal] showing."  *Id*. (emphasis added).  As the FTC has now made clear, its intent to avoid inundating the Court with "contested motions practice" on the secrecy of court records in no way constituted an "endorsement" of Defendants' position.  *Id*. at pp. 2-3.

## II.     AFR DOES NOT OPPOSE LIMITED REDACTION OR SEALING OF COURT FILINGS AS NECESSARY TO PROTECT THE PRIVACY OF NON-PARTY INDIVIDUALS.

In its response to AFR's Motion to Unseal, the FTC points out that among the sealed court records are "documents containing confidential information pertaining to non-party individuals." Dkt. 687 at p. 4.  Specifically, for testifying consumers and former employees, the FTC has redacted personal information such as phone numbers, addresses, and email addresses. For non-testifying customers, the FTC has sealed all personally identifying information including names and bank account numbers.  *Id*. at p. 5.  The FTC argues that this personal information

---

[3] As AFR noted in its Brief in Support of Motion to Unseal, documents filed in the court record with non-dispositive motions are subject to the "good cause" standard for secrecy. Dkt. 669-1 at p. 9 n.9.  Accordingly, the Court should unseal the documents filed with non-dispositive motions unless the proponent of secrecy has met the good cause standard.  *Kamakana*, 447 F.3d at 1180.

1  should remain redacted or sealed as necessary to protect the privacy of consumers who have

2  testified or submitted complaints about the Defendants' practices.[4]

3  
4  AFR agrees.  First, protecting the privacy of consumers and former employees is

5  precisely the kind of compelling reason sufficient to justify sealing court records and does not

6  afoul of the public's right of access.  *See Foltz*, 331 F.3d at 1137.  Second, as the Ninth Circuit

7  has recognized, such personal information can be protected "[s]imply by redacting the

8  identifying information of third parties (e.g. their names, addresses, telephone numbers, and

9  social security numbers) from the records and disclosing the remaining information. " *Id*.  This

10  Court has likewise recognized that, "[t]o the extent any confidential information can be easily

11  redacted while leaving meaningful information available to the public, the Court must order that

12  
13  redacted versions be filed rather than sealing entire documents."  *Aevoe Corp. v. AE Tech. Co.*,

14  No. 2:12-CV-00053-GMN, 2013 WL 6210648, at *1 (D. Nev. Nov. 27, 2013).  Because the FTC

15  has articulated compelling reasons for maintaining the confidentiality of this information, and

16  
17  proposes that it "should be redacted to the extent feasible" rather than sealed wholesale (Dkt. 687

18  at pp. 4-8), AFR does not oppose the continued redacting or sealing of this information.

19  Accordingly, AFR assumes that, if this motion is granted, the parties will provide a list of

20  specific documents and pages that fall into the protected categories.  This narrow approach is a

21  
22  far cry from the blanket assertions of confidentiality used to justify the widespread sealing of

23  other types of information in this case.

24

25  
26  [4] The FTC also proposes that full account numbers for Defendants' financial accounts be
redacted the extent feasible.  Dkt. 687 at p. 7.  AFR has no objection to the partial redaction of
bank account numbers, e.g,, xxx-xxxx-x0123.  In addition, AFR notes that when the (now-
27  sealed) portions of the Budich Declaration were filed with the Court, certain financial
information, like bank account numbers, was partially redacted.  *See* Dkts. 5-23 to 5-48.
28  

Reply in Support of Motion to Unseal

4

Under the federal common law and the First Amendment, the court filings in this case are presumptively public.  As the FTC has done, Defendants should be required to articulate compelling reasons for the continued secrecy of court records that Defendants wish to remain under seal.

**CONCLUSION**

Defendants have not articulated specific facts to meet the compelling needs standard required for the continued secrecy of the sealed court filings.  Therefore, the Court should grant AFR's Motion to Unseal.

Dated this 6th day of October, 2014

/s/ Sarah E. Belton
Sarah E. Belton

Sarah E. Belton
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
sbelton@publicjustice.net

Craig Friedberg
Law Offices of Craig Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Phone: (702) 435-7968
Fax: (702) 946-0887
attcbf@cox.net

*Attorneys for Intervenor Americans for Financial Reform*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on October 6, 2014

I submitted the foregoing REPLY IN SUPPORT OF MOTION TO UNSEAL electronically for

filing and service with the United States District Court of Nevada.  Service of the foregoing

document shall be made on all counsel of record via the electronic case filing system.


> */s/ Sarah E. Belton*
> Sarah E. Belton