**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

AMG SERVICES, INC., *et al.*,

        Defendants.

Case No. 2:12–cv–536–GMN–VCF

**<u>ORDER</u>**

      This matter involves the Federal Trade Commission's civil-enforcement action regarding the offer and sale of "high-fee, short-term payday loans." (First Amend. Compl. (#386) at ¶ 1[1]). Before the court is the Commission's Motion to Strike Defendants' 142 affirmative defenses (#658). Defendants opposed (#672, #673, #675, #676, #677, #678); and the Commission replied (#681). For the reasons stated below, the Commission's Motion to Strike is denied.

**BACKGROUND**

      Between 2002 and December 27, 2012, Defendants sold "high-fee, short-term payday loans" through tribal-chartered corporations. (First Amend. Compl. (#386) at ¶¶ 1, 27); (Prelim. Injunc. #296). The Federal Trade Commission commenced this action because the sale of these loans allegedly violated section 5 of the Federal Trade Commission Act of 1914, 15 § U.S.C. 45(a)(1), the Truth in Lending Act of 1968, 15 U.S.C. § 1601(a), and Regulation Z, 12 C.F.R. § 1026(a). The court agreed. On March 7, 2014, the Honorable Gloria M. Navarro, Chief U.S. District Judge, determined that the Federal Trade Commission Act applies to the tribal-chartered corporations and entered summary judgment in the Commission's favor. (Doc. #559).

---

[1] Parenthetical citations refer to the court's docket.

The parties are now litigating the relief phase of this action. (*See* Order (#296) at 10) (bifurcating the action into a liability phase and a relief phase). Defendants filed ten responsive pleadings addressing phase two. (*See* Docs. #405, #631, ##645–652). Even though the court previously determined that the FTC Act applies to the tribal-chartered corporations and that the Commission is entitled to summary judgment on its FTC Act and TILA claims, many Defendants pled affirmative defenses that contest the FTC Act's applicability and Defendants' liability. (Pl.'s Mem. (#659) at Appx. A); (Pl.'s Reply (#681) at 4–8).

Now, the Commission moves to strike 142 of these affirmative defenses. (*See* Pl.'s Mem. (#659) at 1:2). The Commission argues that the affirmative defenses are "insufficient defenses" under Federal Rule of Civil Procedure 12(f) because they address previously adjudicated questions and fail to plead sufficient factual allegations showing that the affirmative defenses are "plausible." (*See id*. at 1:7); (Pl.'s Reply (#681) at 2:5–6). Defendants contend that their affirmative defenses are not "insufficient" because Rule 12(f) is not governed by *Twombly* and *Iqbal's* heightened-pleading standard. (*See* LittleAxe Opp'n (#678) at 6). They argue that Rule 12(f) only requires a defense to provide "fair notice" under *Conley* (*Id*.) This order follows.

**STANDARD OF REVIEW**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

**DISCUSSION**

The parties' filings raise one question: whether the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) or its decision in *Conley v. Gibson*, 355 U.S. 41 (1957) governs a Rule 12(f) motion to strike an insufficient defense. According to the Commission, *Twombly* and *Iqbal* govern and the court should strike a defense under

Rule 12(f) as "insufficient" if the defense is not "plausible."[2] By contrast, Defendants assert a position which assumes *Conley's* pleading standard controls. They argue that a defendant's answer is sufficient under Rule 12(f) if it provides "fair notice" to the plaintiff and that it is "insufficient" only if "no set of facts" supports the defense.[3] If the Commission's premise is correct, then the Commission's motion must be granted because Defendants' answers are boilerplate and not plausible under *Twombly* and *Iqbal*. However, if Defendants' premise is correct, then the Commission's motion must be denied because Defendants' answers, although boilerplate, provide fair notice under *Conley*.

No Circuit Court has addressed the question of whether *Twombly* and *Iqbal* or *Conley* governs a Rule 12(f) motion to strike an insufficient defense. *See* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1274 at p. 616 (3d ed. 2013); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010). Although a majority of District Courts that have addressed the question extended the heightened-pleading standard to Rule 12(f) motions, a minority of District Courts reached the opposite conclusions. *Compare, e.g.*, *Barnes*, 718 F. Supp. 2d at 1171 *with, e.g.*, *Lane v. Page*, 272 F.R.D. 581, 589 n. 5 (D.N.M. 2011) (collecting cases) *and Kohler*, 280 F.R.D. at 566. Additionally, District Courts on both sides have supported their respective conclusions with an array of pragmatic and policy arguments.

---

[2] *See* Pl.'s Reply (#681) at 2:11.

[3] Every Defendant relies on the *Conley* standard. *See* Brady's Opp'n (#672) at 4:13–17 (citing, *inter alia*, *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006), which applies on the "no set of circumstances" standard); Lending Def.'s Opp'n (#673) at 1–2 (citing, *inter alia*, *Howard v. Skolnik*, No. 2:08–cv–728–GMN–GWF, 2012 WL 3656494, at *1 (D. Nev. Aug. 23, 2012) for the same standard); Relief Def.'s Opp'n (#675) at 3:15–16 (citing, *inter alia*, *Sec. Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D.Cal. 1995) for the same standard); Tucker Def.'s Opp'n (#676) at 3:7–10) (citing, *inter alia*, *Levin–Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) for the same standard); Def. Campbell (#677) at 2:12–13, 26 (citing *Conley*); Def. LittleAxe (#678) at 4:11 (arguing that an "any set of facts" standard governs).

Given the diversity of views and the absence of any binding authority, the court finds that it must make its own determination on the question of whether *Twombly* and *Iqbal* or *Conley* governs Rule 12(f) motions to strike. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013). The court's analysis proceeds in four steps. The court begins by reviewing the relevant Federal Rules of Civil Procedure and the District Court opinions interpreting these rules. (*See infra* § I at pp. 4–7). Second, the court turns to the instant dispute and examines Rule 8 and Rule 12's plain language in light of the parties' arguments. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999); (*see infra* § II at 7–12). Third, the court briefly addresses prior District Courts' pragmatic and policy arguments. (*See infra* § III at 12–14). Fourth, the court applies the law and decides the Commission's Motion to Strike. (*See infra* § III at 14–18).

**I.      Rules 8 and 12(f) & the Circuit Split**

Federal Rule of Civil Procedure 8 provides the "general rules of pleading." Rule 8(a) governs pleadings that state a claim for relief (*e.g.*, complaints). Rule 8(a)(1) states that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Likewise, Rule 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Between 1957 and 2014, three Supreme Court opinions and one Ninth Circuit opinion developed the meaning of these provisions. In *Conley v. Gibson*, 355 U.S. 41 (1957), the Court determined that a complaint satisfies Rule 8(a)(2) if it provides "fair notice" to the defendant. The Court also held that a complaint is "insufficient" if the plaintiff can prove "no set of facts" in support of the complaint. *Id.* at 45–56. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court abrogated *Conley* and announced a new, heightened-pleading standard that governs

4

Rule 8(a)(2). *See id*. Recently, the Ninth Circuit concluded that *Twombly* and *Iqbal's* heightened-pleading standard also applies to Rule 8(a)(1) because Rule 8(a)(1) parrots Rule 8(a)(2)'s language. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. denied*, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014).[4]

In addition to providing rules that govern complaints, Rule 8 also contains several provisions that govern responsive pleadings (*e.g.*, answers). Two are relevant here: Rule 8(b)(1)(A) and 8(c). Rule 8(b)(1)(A) governs "defenses, admissions, and denials" in general. It states that when responding to a complaint, a party must "state in short and plain terms its defenses to each claim." This language parrots Rules 8(a)(1) and 8(a)(2), which require complaints to contain "short and plain" statement. However, the language of the second rule governing responsive pleadings is different. Rule 8(c) provides the general rules for pleading "affirmative defenses" and requires a defendant to "affirmatively state any avoidance or affirmative defense." Rule 8(c) does not impose the "short and plain" statement requirement of Rules 8(a)(1), 8(a)(2), and 8(b)(1)(A).

If a party has not satisfied Rule 8's pleading requirements, Rule 12 provides an adverse party with various methods to challenge (*i.e.*, strike or dismiss) the disputed pleading. In pertinent part, Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense." Traditionally, the key to determining the sufficiency of a pleading's defense under Rule 12(f) matched the inquiry under Rule 8. That is, a defense was considered sufficient under Rule 12(f) if it provided the plaintiff with "fair

---

[4] *Twombly* and *Iqbal's* heightened-pleading standard requires the pleader to allege "plausible" grounds for the court's jurisdiction and a "plausible" claim for relief. Courts engage in a two-step inquiry to determine whether an allegation is plausible. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679–80. Factual allegations are not entitled to the assumption of truth if they are conclusory, boilerplate, or "merely consistent with liability." *See id*. at 678, 681. Second, a court must determine whether the pleading states a "plausible" claim. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This second step is "context specific" and requires the court to draw on its judicial experience. *Id*.

notice" under *Conley*. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley*, 355 U.S. 45–46). Since *Conley's* abrogation, however, courts are split on whether the sufficiency of a pleading's defense is governed by *Conley*'s fair-notice standard or *Twombly* and *Iqbal's* heightened-pleading standard.

Some courts have concluded that *Twombly* and *Iqbal's* heightened-pleading standard governs a Rule 12(f) motion to strike an insufficient defense because Rule 8(b)(1)(A) parallels the language of Rule 8(a)(2), which *Twombly* and *Iqbal* interpreted. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1172; *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).[5] That is, both require a party's pleading to contain "a short and plain" statement of their case. *Barnes*, 718 F. Supp. 2d at 1172; *Hayne*, 263 F.R.D. at 650. By contrast, other courts have concluded that *Twombly* and *Iqbal's* heightened-pleading standard does not govern a Rule 12(f) motion to strike an insufficient defense because Rule 8(a)(2) and 8(b)(1)(A) do not contain identical language. *See, e.g.*, *Lane*, 272 F.R.D. at 594; *Kohler*, 280 F.R.D. at 566. That is, Rule 8(b)(1)(A) does not, like Rule 8(a)(2), require the pleader to "show" that the pleader is entitled to relief. *Lane*, 272 F.R.D. at 594; *Kohler*, 280 F.R.D. at 566.

Additionally, both groups of decisions support their respective constructions of Rules 8 and 12(f) with various pragmatic and policy arguments. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1172; *Lane*, 272 F.R.D. at 594. They argue, for instance, that their interpretation is correct because it is consistent with the rule's mandate to mitigate discovery costs, the standard forms for pleadings that are appended to the Federal Rules of Civil Procedure, and the functional differences (or lack thereof) between pleadings that state a claim for relief and pleadings that contain defenses, admissions, denials, and affirmative

---

[5] *See also Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13–cv–00560–GMN–CHW, 2014 WL 2863054, at *1 (D. Nev. June 23, 2014) (Navarro, C.J.) (slip op.) (stating in dicta that "the Court sees no reason that the pleading standard announced in [*Twombly* and *Iqbal*] should not equally apply to affirmative defenses") (citing *Barnes*, 718 F. Supp. 2d at 1172).

defenses. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1172; *Lane*, 272 F.R.D. at 594.

## II. Rule 8's Plain Language Demonstrates that *Twombly*, *Iqbal* & *Conley* govern Rule 12(f)

With this background in place, the court now examines the rules' plain language in light of the parties' arguments. *Hughes Aircraft Co*, 525 U.S. at 438. Defendant LittleAxe contends that the court should not apply *Twombly* and *Iqbal* to Rule 12(f) motions to strike. In support, he cites *Kohler*, 280 F.R.D. at 566 and *Lane*, 272 F.R.D. at 587. There, the courts declined to evaluate Rule 12(f) motions under *Twombly* and *Iqbal* because Rule 8(c)'s language is unlike Rule 8(a)(2)'s language. *Kohler*, 280 F.R.D. at 566; *Lane*, 272 F.R.D. at 587. That is, Rule 8(c) only requires a defendant to "affirmatively state any avoidance or affirmative defense." The courts concluded that it would be inappropriate to evaluate a Rule 12(f) motion under *Twombly* and *Iqbal's* heightened-pleading standard because Rule 8(c) lacks what those courts understood to be *Twombly* and *Iqbal's* predicate: the requirement that the pleader "show" that he or she is entitled to relief. *Lane*, 272 F.R.D. at 594; *Kohler*, 280 F.R.D. at 566.[6]

The court respectfully disagrees with *Lane* and *Kohler* for two reasons. First, the Ninth Circuit's decision in *Leite* forecloses *Lane* and *Kohler's* interpretation of Rule 12(f) motions.[7] In *Leite*, the Ninth Circuit determined that *Twombly* and *Iqbal's* heightened-pleading standard governs Rule 8(a)(1) because its language parrots Rule 8(a)(2)'s language. *See Leite*, 749 F.3d at 1121. That is, both require the pleader to make "a short and plain" statement. *See id*. This means that the Ninth Circuit rejected—(or declined to accept)—*Lane* and *Kohler's* premise: that *Twombly* and *Iqbal's* predicate resides in the word "show." Rule 8(a)(1) does not contain the word "show." *See* FED. R. CIV. P. 8(a)(1). Nonetheless, the Ninth Circuit held that *Twombly* and *Iqbal* apply to Rule 8(a)(1).

---

[6] *See also E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11–cv–226–MP–GRJ, 2012 WL 2377840, at *2 (N.D. Fla. 2012); *Michaud v. Greenberg & Sada, P.C.*, No. 11–cv–01015–RPM–MEH, 2011 WL 2885952, at *2 (D. Colo. 2011).

[7] Both *Lane*, a District Court decision from the Tenth Circuit, and *Kohler* were decided before *Leite*.

Second, the court respectfully disagrees with *Lane* and *Kohler's* conclusion that *Conley* governs *all* Rule 12(f) motions. Rule 12(f) empowers a party to strike any "insufficient defense," including a Rule 8(b)(1)(A) defense. Unlike Rule 8(c), Rule 8(b)(1)(A)'s language parrots the language of Rules 8(a)(1) and 8(a)(2), which are governed by *Twombly* and *Iqbal*. *Leite*, 749 F.3d at 1121. Like these rules, Rule 8(b)(1)(A) requires a responding party to state "in short and plain" terms its defenses to each claim asserted against it. The presence of the phrase "short and plain" in Rule 8(b)(1)(A) indicates that the rules' drafters intended allegations pled under this rule to be pled in the same manner as pleadings that state a claim for relief.

This conclusion is compelled by Supreme Court and Ninth Circuit authority. Rule 8(a)(2) contains the phrase "short and plain." In *Twombly* and *Iqbal*, the Supreme Court determined that Rule 8(a)(2) is subject to a heightened-pleading standard. Additionally, Rule 8(a)(1) contains the phrase "short and plain." In *Leite*, the Ninth Circuit determined that Rule 8(a)(1) is subject to a heightened-pleading standard. Therefore, because Rule 8(b)(1)(A) also contains the phrase "short and plain," this court concludes that it is also subject to the *Twombly* and *Iqbal's* heightened-pleading standard.

However, this does not fully resolve the question before the court. Rule 12(f) states that a court may strike an "insufficient defense." Rule 8 provides for different kinds of defenses. In addition to Rule 8(b)(1)(A), which requires a pleader to "state in short and plain terms its defenses," Rule 8(c) permits a pleader to "affirmatively state any avoidance or affirmative defense." This means that Rule 8(c) lacks *Twombly* and *Iqbal's* predicate: a "short and plain" statement. *See Leite*, 749 F.3d at 1121. Therefore, when considering a 12(f) motion to strike an "insufficient defense," the court find that *Twombly* and *Iqbal* govern Rule 8(b)(1)(A) defenses and *Conley* governs Rule 8(c) affirmative defenses.

Rules 8(b)(1)(A) and 8(c) are not interchangeable. They contain different language, provide for different responsive allegations, and are therefore subject to the different pleading standards. Rule

8

8(b)(1)(A) applies to "defenses, admissions, and denials" in responsive pleadings in general. Like Rule 8(a)(2), it requires a responsive pleading to contain a "short and plain" statement. This means that the responsive pleading cannot be conclusory, boilerplate, or "merely [in]consistent with liability." *See Iqbal*, 556 U.S. at 678–81. If, for example, a defendant pleads a negating defense,[8] his or her answer must contain plausible factual allegations in support of the negating defense in order to comply with Rule 8(b)(1)(A)'s short-and-plain-statement requirement. If a defendant pleads plausible factual allegations in support of a negating defense, then the court will conclude that the pleading states a "sufficient" defense under Rule 12(f).

However, Rule 8(c), which governs affirmative defenses, is subject to a different standard. Like Rule 8(b)(1)(B), which governs the admission or denial of allegations asserted by the opposing party, Rule 8(c) does not require a "short and plain" statement and, therefore, is not subject to *Twombly* and *Iqbal*. The reason: Rules 8(b)(1)(B) and 8(c) allegations incorporate allegations in the complaint by reference. Allegations made under Rules 8(b)(1)(B) and 8(c) merely affirm or deny allegations the plaintiff has already plead. *See* FED. R. CIV. P. 8(b)(1)(B), 8(c). Accordingly, Rule 8(c) affirmative defenses are treated differently than Rule 8(b)(1)(A) defenses because Rule 8(c) defenses are not independent or standalone defenses. As explained by Professors Wright and Miller,

> Rule 8(c) is a lineal descendent of the common law plea by way of a "confession and avoidance," which permitted a defendant who was willing to admit that the plaintiff's declaration demonstrated a prima facie case to then go on and allege additional new material that would defeat the plaintiff's otherwise valid cause of action. But the defendant had to make a choice, however. The pleader could not both deny the elements of the plaintiff's substantive claims and use a confession and avoidance.

WRIGHT & MILLER, *supra* at § 1270 at p. 558.

---

[8] A negating defense, in contrast to an affirmative defense, "tends to negate the existence of the elements" that the plaintiff must prove at trial. *Davis v. Allsbrooks*, 778 F.2d 168, 178 (4th Cir. 1985).

Some courts reason that *Twombly* and *Iqbal's* heightened-pleading standard governs Rule 8(c) because affirmative defenses, by definition, plead matters "extraneous" to the complaint, which require factual support to avoid becoming conclusory. *See, e.g.*, *Dodson*, 289 F.R.D. at 603. This court respectfully disagrees.[9] As stated by Professors Wright and Miller, an affirmative defense is merely the last link in a chain of allegations that begins with the plaintiff's complaint. *See* WRIGHT & MILLER, *supra* at § 1270 at p. 558. When properly pled, the plaintiff's complaint provides the requisite "short and plain" statement on which the defendant's affirmative defense relies. *See id.*; *see also* FED. R. CIV. P. 8.

If the plaintiff's "short and plain statement" does not withstand judicial scrutiny under *Twombly* and *Iqbal*, then the defendant's affirmative defense is moot. If, however, the plaintiff's "short and plain statement" withstands judicial scrutiny, then the court must accept the plaintiff's "short and plain statement" as true. *See Iqbal*, 556 U.S. at 678. This provides the basis for the defendant's affirmative defense. *See* WRIGHT & MILLER, *supra* at § 1270 at p. 558; FED. R. CIV. P. 8.

Rule 8(c)'s plain language reflects this fact. It does not require a "short and plain" statement; it merely requires the defendant to respond and "affirmatively state any avoidance or affirmative defense" to the allegations in the complaint. *See* FED. R. CIV. P. 8(c). Requiring an affirmative defense to contain a "short and plain" statement would ignore Rule 8(c)'s plain language and contravene the basic tenets of the adversarial process. A "plausible" affirmative defense assumes a "plausible" claim for relief. *See* WRIGHT & MILLER, *supra* at § 1270 at p. 558. A defendant should not be required to plead factual allegations that may support a plaintiff's claim for relief.[10]

---

[9] *Dodson* was decided before *Leite*.

[10] For instance, it would contravene the adversarial process to require a defendant to plead plausible factual allegations of the affirmative defense of truth when defending against a claim of defamation. A defendant can only plead plausible factual allegations of truth by pleading factual allegations that support the elements for defamation: namely, that the defendant did in fact publicize an injurious statement.

Additionally, courts are prohibited as a matter of law from extending *Twombly* and *Iqbal*'s heightened-pleading standard to Rule 8(c) without first finding that the statutory text contains *Twombly* and *Iqbal's* predicate. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993) (courts may not impose a heightened pleading standard for civil rights claims against municipalities, which are nowhere mentioned in Rule 9(b)); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc), *superseded by statute on other grounds by Sec. Exch. Comm'n v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011) ("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so. This is a job for Congress, or for the various legislative, judicial, and advisory bodies involved in the process of amending the Federal Rules."). Here, the Ninth Circuit stated that *Twombly* and *Iqbal's* predicate exists in the phrase "short and plain" statement. *See Leite*, 749 F.3d at 1121. Rule 8(c) does not contain this phrase. *See* FED. R. CIV. P. 8(c). Therefore, lower courts in the Ninth Circuit cannot hold that *Twombly* and *Iqbal* apply to Rule 8(c) as a matter of law.

Unlike the common law's rigid pleading requirements, which prohibited defendants from both "deny[ing] the elements of the plaintiff's substantive claims and us[ing] a confession and avoidance," *see* WRIGHT & MILLER, *supra* at § 1270 at p. 558, Rule 8 allows defendants to plead alternative defenses. They may, *inter alia*, dispute the elements under Rule (b)(1)(A) and/or deny or affirm allegations under Rule 8(b)(1)(B) and/or affirm the elements under Rule 8(c). When a court reviews a defendant's pleading to determine the sufficiency of its defenses under Rule 12(f), the standard of review should not be uniform because Rule 8 does not require a uniform response. The standard of review should reflect that Rule 8 permits defendants to plead alternative types of defenses.

Therefore, the court holds that if a defendant's answer disputes the elements of a claim for relief under Rule 8(b)(1)(A), then *Iqbal* and *Twombly's* heightened-pleading standard applies because Rule

11

8(b)(1)(A) requires "a short and plain" statement. When a reviewing court tests the sufficiency of a Rule 8(b)(1)(A) defense, the defendant's responsive allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. However, if the defendant's answer incorporates the elements by reference under Rule 8(c), in which case the relevant factual allegations are in the plaintiff's complaint, then *Conley* applies and the defendant's Rule 8(c) affirmative defense must merely provide "fair notice." Requiring more ignores Rule 8's plain language and contravenes the adversarial process. (*See supra* § II at p. 10, n. 10).

In sum, when a court is enlisted to determine whether a defense is "insufficient" under Rule 12(f), the court's decision will depend on what type of defense is in controversy: a Rule 8(b)(1)(A) defense or a Rule 8(c) affirmative defense. If the former is in controversy, then *Iqbal* and *Twombly's* heightened-pleading standard applies because Rule 8(b)(1)(A), like *Iqbal* and *Twombly*, requires a "short and plain" statement. If the latter is in controversy, then *Conley's* fair-notice standard applies because neither Rule 8(c) nor *Conley* require factual support.

### III.     Prior Court's Policy & Pragmatic Considerations

Because the court finds that Rule 8's language is unambiguous and resolves the question before the court, it is unnecessary for the court to address the various policy and pragmatic considerations raised by prior District Courts. *See Hughes Aircraft Co.*, 525 U.S. at 438. Nonetheless, the court briefly discusses three common policy and pragmatic considerations that have been used as a basis for disregarding Rule 8(b)(1)(A)'s plain language and not extending *Twombly* and *Iqbal's* heightened-pleading standard to Rule 8(b)(1)(A).

First, some courts have declined to extend *Twombly* and *Iqbal's* heightened-pleading standard to Rule 8(b)(1)(A) in light of the policy reasons underlying *Twombly* and *Iqbal's.* They reason that *Iqbal* and *Twombly* "were designed to eliminate the potential high costs of discovery associated with meritless

claims." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010); *LaPorte v. Bureau Veritas North America Inc.*, No. 12–cv–9543, 2013 WL 250657, at *2 (N.D. Ill 2013) ("[T]he driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement."). This court is unpersuaded. Meritless defenses, like meritless claims, may needlessly increase the cost of discovery. *See* FED. R. CIV. P. 26(b)(1) (permitting a party to conduct discovery on "any nonprivileged matter that is relevant to any party's . . . defense"). Requiring heightened pleading for claims and Rule 8(b)(1)(A) defenses narrows the scope of discovery, decreases costs, and advances *Twombly* and *Iqbal's* underlying policy.

Second, some courts have declined to extend *Twombly* and *Iqbal's* heightened-pleading standard to Rule 8(b)(1)(A) because the forms appended to the Federal Rules of Civil Procedure indicate that a defense can be properly pled in one sentence without factual support. *See Hayne*, 263 F.R.D. at 650 (citing Form 30); *Lane*, 272 F.R.D. at 594 (citing the same); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (citing the forms generally).[11] This argument lacks a proper foundation. Rule 84 governs the forms and states that "[t]he forms in the Appendix suffice under these rules." However, Rule 84 and the forms were added on April 30, 2007. *Twombly* was decided on May 21, 2007 and *Iqbal* was decided on May 18, 2009. The forms were drafted under *Conley* and without *Twombly* or *Iqbal's* guidance. Indeed, Form 11 provides a "complaint for negligence" that is insufficient as a matter of law under the heightened-pleading standard because it only contains a legal conclusion.

---

[11] Many courts have followed *Hayne*, *Lane*, and *Wells Fargo*. *See, e.g.*, *Tardif v. City of New York*, — F.R.D. —, No. 13–cv–4056 KMW–FM, 2014 WL 2971004, at *3 (S.D.N.Y. July 2, 2014) (slip op.) (citing Form 30 without any analysis); *Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 774 (S.D. Tex. 2013) (same); *E.E.O.C. v. Joe Ryan Enter., Inc.*, 281 F.R.D. 660, 663–64 (M.D. Ala. 2012) (same); *Tiscareno v. Frasier*, No. 2:07–cv–336, 2012 WL 1377886 (D. Utah Apr. 19, 2012) (same); *Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) (same); *Falley v. Friends Univ.*, 787 F.Supp.2d 1255, 1258 (D. Kan. 2011) (same).

*See* Form 11 (recommending: "[o]n *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff").

Third, some courts have declined to extend *Twombly* and *Iqbal's* heightened-pleading standard to Rule 8(b)(1)(A) because the rules impose "asymmetrical" pleading burdens on plaintiffs and defendants. *Wells Fargo & Co.*, 750 F. Supp. 2d at 1051.[12] They reason that a plaintiff "has months—often *years*—to investigate a claim before pleading that claim in federal court [whereas] a defendant typically has 21 days to serve an answer." *Id.* (emphasis original). This argument is unpersuasive. The rules of pleading are not as inflexible as *Wells Fargo* indicates. Under Rule 8(b)(5), a defendant may state that it lacks "knowledge or information sufficient to form a belief about the truth of an allegation." Similarly, Rule 15 permits a party to amend or supplement pleadings "once as a matter of course." FED. R. CIV. P. 15(a)(1). After that, Rule 15 directs courts to permit amendment "freely" when "justice so requires." FED. R. CIV. P. 15(a)(2). Amendments are permitted *years* after an action commences. *See Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (stating that Rule 15 permitted amendment "seven years" after the original pleading was filed).

**IV.**     **The Commission's Motion to Strike**

Having determined that Rule 8 requires the court to consider both *Conley's* fair notice-standard and *Twombly* and *Iqbal's* heightened-pleading standard when deciding a Rule 12(f) motion to strike an insufficient defense, the court begins by identifying the type of defense in controversy: a Rule 8(b)(1)(A) defense or a Rule 8(c) affirmative defense.

---

[12] Many courts have followed *Wells Fargo*. *See, e.g.*, *Falley*, 787 F. Supp.2d at 1258; *Lane*, 272 F.R.D. at 596; *Tiscareno*, 2012 WL 1377886, at *15.

14

Here, the Commission moves the court to strike 142 of the Defendants' affirmative defenses. (*See* Pl.'s Mem. (#659) at 1:2). Therefore, *Conley* applies. Under *Conley*, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *Wyshak*, 607 F.2d at 827 (citing *Conley*, 355 U.S. at 47-48). An affirmative defense fails to provide fair notice only if "no set of facts" supports the defense. *Id*. This means that a motion to strike an affirmative defense should be granted only if "the Court [is] convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Carter–Wallace, Inc. v. Riverton Lab.*, Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969).[13] As the District of New Jersey explained in a heavily-cited decision,

> [T]he court's discretion is narrowly circumscribed on a motion to strike affirmative defenses. We may strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them. A court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent. The underpinning of this principle rests on a concern that a court should restrain from evaluating the merits of a defense where the factual background for a case is largely undeveloped.

*United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991) (citing *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)) (internal quotation marks and ellipses omitted). Indeed, a motion to strike an affirmative defense should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." WRIGHT & MILLER, *supra* at § 1382.

The Commission did not prevail under this standard. The Commission argues that the court should strike Defendants' affirmative defenses because they fail as a matter of law, (*see generally* Pl.'s Mem. (#659) at Appx. A), will prejudice the Commission by increasing the cost of discovery, (Pl.'s

---

[13] Many post-*Iqbal* decisions cite *Carter–Wallace* as articulating the proper *Conley* standard for Rule 12(f) motions to strike. *See, e.g.*, *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D. N.M. 2013); *Wells v. Hi Country Auto Group*, 982 F. Supp. 2d 1261, 1264 (D.M.N. 2013); *Lane*, 272 F.R.D. at 587.

Reply (#681) at 3–4), and will prejudice millions of consumers who are awaiting relief, (*see id*. at 1:20–25). Prejudice considerations are not relevant under Rule 12(f). *Atl. Richfield Co.*, 176 F.3d at 481 ("Rule 12(f) says nothing about a showing of prejudice."); *Lane*, 272 F.R.D. at 598 (citing *Burrell v. Armijo*, 603 F.3d 825 (10th Cir. 2010) ("The rule does not require that a movant show prejudice"); *but see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Therefore, the court cannot consider the Commission's arguments regarding prejudice. *See, e.g.*, *In re GlenFed*, 42 F.3d at 1546 (9th Cir. 1994) ("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so.").

This leaves the Commission with one argument: namely, that the court should strike Defendants' 142 affirmative defenses because they fail as a matter of law. The court is unpersuaded for three reasons. First, the affirmative defenses have a "possible relation [and] logical connection to the subject matter of the controversy." WRIGHT & MILLER, *supra* at § 1382. Each of the affirmative defenses responds to the allegations of the Commission's complaint and provides fair notice of the grounds upon which they rest. (*See* Pl.'s Mem. (#659) at Appx. A) (listing the 142 affirmative defenses). This is all Rule 8(c) requires. *See Wyshak*, 607 F.2d at 827 (citing *Conley*, 355 U.S. 45–46) ("[A]ll the Rules require is . . . fair notice of what the [affirmative defense] is and the grounds upon which it rests.").

Second, adjudicating each of the 142 affirmative defenses in the manner the Commission requests—(*viz.* determining whether each affirmative defense fails as a matter of law)—risks wasting judicial resources. Rule 12(f) was designed to advance Rule 1's goals of securing "the just, speedy, and inexpensive determination of every action" by "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (Ret. Justice Clark). Judicial experience, however, demonstrates that these goals are rarely attained by a motion to strike.

16

*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Motions to strike are disfavored. *Petrie v. Elec. Game Card, Inc*. 761 F.3d 959, 965 (9th Cir. 2014).

Third, granting the Commission's motion will not streamline discovery. The Commission argues that the 142 affirmative defenses should be stricken because Defendants will seek discovery in connection with the affirmative defenses and the court "will, at some point, expend judicial resources resolving them [] [g]iven the number of [previous] discovery disputes." (Pl.'s Reply (#681) at 3–4). This argument is unpersuasive.

A defendant is not entitled to discovery in connection with a defense merely because the defendant's answer pleads a defense. Rule 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's . . . defense." However, Rule 26(b)(1) is limited by Rule 26(b)(2)'s proportionality principles. Rule 26(b)(2)(C)(iii) states that the court "must" limit the frequency or extent of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit."

If, as the Commission predicts, Defendants will seek discovery on the 142 affirmative defenses that fail as a matter of law, the court will apply Rule 26 in light of an appropriate discovery motion. No discovery motion has been submitted here. Therefore, the matter is not ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149–150 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977) (stating that judicial interference should not occur until the effects of an adverse action are "felt in a concrete way").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Federal Trade Commission's Motion to Strike (#658) is DENIED.

IT IS FURTHER ORDERED that the Federal Trade Commission's Motion for Leave to File Excess Pages (#682) is GRANTED.

17

IT IS SO ORDERED.

DATED this 27th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE