# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

FEDERAL TRADE COMMISSION,

               Plaintiff,

vs.

AMG SERVICES, INC. *et al.*,

               Defendants.

Case No. 2:12–cv–536–GMN–VCF

**<u>ORDER</u>**

      This matter involves the Federal Trade Commission's civil-enforcement action regarding the offer and sale of "high-fee, short-term payday loans." (First Amend. Compl. (#386) at ¶ 1[1]). Before the court are Americans for Financial Reform's Motion to Intervene (#668) and Motion to Unseal (#669). Defendants filed oppositions and a joinder to an opposition (#685, #686) to the Motion to Intervene; and Americans for Financial Reform replied (#690). Additionally, the Commission filed an Opposition to the Motion to Unseal (#687); and Americans for Financial Reform replied (#689). For the reasons stated below, the Motion to Intervene is granted and the Motion to Unseal is denied.

## BACKGROUND

      Between 2002 and December 27, 2012, Defendants sold "high-fee, short-term payday loans" through tribal-chartered corporations. (*See* First Amend. Compl. (#386) at ¶¶ 1, 27); (Prelim. Injunc. #296). The Federal Trade Commission commenced this action because the sale of these loans allegedly violated section 5 of the Federal Trade Commission Act of 1914, 15 § U.S.C. 45(a)(1), the Truth in Lending Act of 1968, 15 U.S.C. § 1601(a), and Regulation Z, 12 C.F.R. § 1026(a). The court agreed. On March 7, 2014, the Honorable Gloria M. Navarro, Chief U.S. District Judge, determined that the Federal Trade Commission Act applies to the tribal-chartered corporations and entered summary judgment in the

---

[1] Parenthetical citations refer to the court's docket.

1

Commission's favor on two of the four causes of action. (Doc. #559).

Approximately forty four of the court's records remain under seal. A public-interest group, Americans for Financial Reform, wants access to these records. On September 8, 2014, it filed the instant motion for permissive intervention and motion to unseal. Founded in response to the 2008 financial crisis, Americans for Financial Reform is "a nonpartisan and nonprofit coalition of over 200 civil rights, consumer, labor, business, investor, faith-based, and civic and community groups." (Donner Decl. (#668-1) Ex. A at ¶ 2). Its mission: to "educate the public at large about payday loans and developments within the payday lending industry." (AFR's Mot. (#668-1) at 2:7–8). Americans for Financial Reform moves to intervene and unseal documents in this matter "to share any documents from this case with the members of our coalition and with additional allies." (Donner Decl. (#668-1) Ex. A at ¶ 8).

The motions are opposed by the Commission and several Defendants.[2] They argue, *inter alia*, that Americans for Financial Reform should not be permitted to intervene because its motion is untimely and prejudicial. Defendants also argue that Americans for Financial Reform's purported reason for intervening—(i.e., public education)—lacks "a sufficiently strong nexus with the underlying action" and, alternatively, that the Commission's presence—whose mission it is "educate consumers and businesses about their rights and responsibilities"—renders intervention superfluous. This order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs permissive intervention. It has two general requirements. First, under Rule 24(b)(2), the intervenor must demonstrate a legal basis for intervention. The rule states, "[o]n timely motion, the court may permit anyone to intervene who is given a

---

[2] The Commission opposed AFR's Motion to Unseal for the limited purpose of keeping consumer information redacted. (FTC's Opp'n (#687) at 1:5–8. AFR does not oppose redacting consumer information. (AFR's Reply (#689) at 3:16).

conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(2) (colons and alphanumerals omitted). Second, under Rule 24(c), the intervenor must satisfy certain pleading requirements: (1) service of the motion to intervene under Rule 5 and (2) "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).

Generally, courts are prohibited from modifying requirements, like these, which are enshrined in the Federal Rules of Civil Procedure. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc), *superseded on other grounds by Sec. Exch. Comm'n v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011) ("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so. This is a job for Congress, or for the various legislative, judicial, and advisory bodies involved in the process of amending the Federal Rules.").

Federal common law provides an exception here. Permissive intervention is permitted where, as here, a member of the public seeks intervention to modify a protective order and inspect court documents. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases and stated that "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.").

This exception is rooted in the common law right of access to judicial records. *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (citations omitted). The public's right to access judicial records is "a precious common law right, one that predates the

3

Constitution." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 612 (1978) (Marshall, J., dissenting) (citation omitted). Enforcement of this right does not require a propriety interest in any document or record. *Id.* at 597. The interest to enforce the right derives from our republican system of limited government: it is rooted "in the citizen's desire to keep a watchful eye on the workings of public agencies" and in the media's desire to "publish information concerning the operation of government." *Id.* at 598 (citations omitted).[3] Indeed, the right is so strong that it abrogates Rule 24(b)'s textual requirements.[4] *See, e.g.*, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 784 (1st Cir. 1988) (citing *Ex Parte Uppercu*, 239 U.S. 435, 441 (1915) (stating, before the federal rules were adopted, that third-party assertion of right of access to discovery materials "requires no particular formality")).

When a member of the public seeks intervention to modify a protective order and inspect court documents, the request is governed only by the court's discretionary considerations under Rules 24 and 26. Both rules involve a similar, two-step inquiry. First, when "exercising its discretion" under Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, the starting point is "a strong presumption in favor of

---

[3] *See also* JAMES MADISON, THE FEDERALIST NO. 51 ("If angels were to govern men, neither external nor internal controls on government would be necessary. In framing a government which is to be administered by men over men, the great difficulty lies in this: you must first enable the government to control the governed; and in the next place oblige it to control itself."); *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982) ("[T]he right of access to [records in] trials plays a particularly significant role in the functioning of the judicial process and the government as a whole. Public scrutiny . . . enhances the quality and safeguards the integrity of the fact finding process, with benefits to both the defendant and to society as a whole.").

[4] The Ninth Circuit has indicated that two requirements must be met in place of Rule 24(b)'s textual requirements: (1) a timely motion to intervene and (2) a question of law or fact in common with the main action. *Beckman Indus.*, 966 F.2d at 473; *San Jose Mercury News, Inc.*, 187 F.3d at 1100. However, the common law right of access permits the public to intervene years after judgment is entered. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013); *Olympic Refining Co. v. Carter*, 332 F.2d 260 (9th Cir.), *cert. denied*, 379 U.S. 900 (1964). And, a common question of law or fact is demonstrated by merely invoking one's right of access and filing a motion to intervene or motion to unseal. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citing *Nixon*, 435 U.S. at 597) ("Not only can the public generally gain access to unprotected information produced during discovery, but it also has a federal common law right of access to all information filed with the court.").

4

access." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Similarly, under Rule 26, the court must consider whether disclosure will cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, the starting point is the "broad right of discovery" and presumption that a litigant is entitled to "every man's evidence." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citation omitted).

Second, the court must consider whether these presumptions have been rebutted. Under Rule 24, the presumption in favor of access may only be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434 (citation omitted). Similarly, under Rule 26, the presumption in favor of disclosure may only be overcome with articulable facts: "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman, Indus.*, 966 F.2d at 476.

If, after conducting these inquiries, the court determines that intervention and disclosure are appropriate, then the courts records must "be distributed to the public pursuant to its presumptive right of access. Case closed." *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1214. If, however, the court permits intervention under Rule 24 but determines that the intervenor failed to demonstrate a basis for disclosure under Rule 26, then the intervenor must provide "sufficiently compelling reasons why the sealed discovery information should be released." *See id*.

## DISCUSSION

Americans for Financial Reform's ("AFR") motions present two question: (1) whether, under Rule 24, AFR is entitled to intervene to access to the court's records and (2) whether, under Rule 26, the court should modify its protective orders and permit its records to be distributed to the public. Both are addressed below.

## I.      Rule 24 Analysis: Whether AFR is Entitled to Intervene

The first question the parties' papers present is whether AFR is entitled to intervene under Rule 24(b). Where, as here, judicial records are sealed, a member of the public is presumptively entitled to intervene because sealing orders place the public's interest in open access in controversy. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Jessup v. Luther*, 227 F.3d 993, 998 (7th Cir. 2000); (*see also*, *supra*, n. 3). To rebut the "strong presumption" in favor of access, Defendants must proffer "articulable facts" that demonstrate that "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *Hagestad*, 49 F.3d at 1434.

Defendants failed to rebut this presumption for five reasons. First, AFR's motion is not untimely. (*See* Miami Opp'n (#686) at 5–6) (arguing untimeliness). When a member of the public moves to intervene to unseal judicial records, the motion to intervene is timely as long as the documents remain under seal because sealing places the public's interest in open access in controversy. *See Kamakana*, 447 F.3d at 1176; *Jessup*, 227 F.3d at 998. Indeed, in *Blum*, the Ninth Circuit departed from a stringent-timeliness requirement and adopted "the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *Blum*, 712 F.3d at 1353 (citations omitted). Accordingly, the Miami Defendants' argument that AFR's motion is untimely because AFR moved to intervene "well after the FTC and defendants . . . negotiated the scope of the Protective Order and litigated the motions to seal" fails as a matter of law. (Miami Opp'n (#686) at 5:25–27).

Second, the Miami Defendants failed to proffer "articulable facts" demonstrating that AFR's "intervention will . . . prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *Hagestad*, 49 F.3d at 1434. The Miami Defendants argue that AFR's motion to intervene should be denied because intervention "would lead to [the] adjudication of AFR's Motion to Unseal, which would

mean re-litigating **all** of the previously-filed motions to seal because AFR indiscriminately seek to unseal **every** sealed or redacted document and exhibit in this case." (Miami Opp'n (#686) at 7:1–3) (emphasis original). This argument is unpersuasive. It presents "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman, Indus.*, 966 F.2d at 476. Rule 24(b)(3) requires "articulable facts." *Hagestad*, 49 F.3d at 1434. It is not AFR's burden to "discriminately" move to unseal. As a member of the public, AFR is presumptively entitled to access all judicial records. *Nixon*, 435 U.S. at 598.

Rather, Defendants must specifically demonstrate why intervention is prejudicial. FED. R. CIV. P. 24(b)(3). They failed to do so here. Indeed, no Defendant argued that intervention itself will cause prejudice. The gravamen of Defendants' opposition is that if intervention is granted, then prejudice will be caused by a contingent condition subsequent (i.e., litigating AFR's Motion to Unseal). This is not the focus of the court's inquiry under Rule 24(b)(3).

Even if Defendants demonstrated specific prejudice, they made no showing that prejudice is unavoidable. Once intervention is granted, the court has "broad discretion" to modify protective orders to prevent prejudice. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984). A party cannot rebut the strong presumptive right of access without demonstrating that Rule 26(c) cannot cure the prejudice that may be caused by permitting intervention under Rule 24(b). *See Blum*, 712 F.3d at 1354 ("[E]ven if he could show specific prejudice [under Rule 24(b)], Blum has made no showing that such prejudice would not be eliminated by a new protective order [under Rule 26(c)] requiring KPMG to keep the transcript confidential."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("Any trade secrets, financial information, and third-party medical or personnel information can be protected by placing the [party seeking modification] under the same use and disclosure restrictions contained in the original protective order.")).

The Miami Defendants' third argument—(*viz.*, that AFR's reason for intervening lacks a sufficiently strong nexus with the underlying action)—fails as a matter of law. AFR has an interest in the underlying action because it is a member of the public and court records are under seal. Nothing more is required to demonstrate "a sufficiently strong nexus." *Kamakana*, 447 F.3d at 1176; *Jessup*, 227 F.3d at 998.

Fourth, the Miami Defendants argue that intervention should be disallowed because the Commission, which is a party to this action, adequately represents the parties' interests. Indeed, it is the Commission's mission to "educate consumers and businesses about their rights and responsibilities." (Miami Opp'n (#686) at 2:3–6) (citing the Commission's webpage). This mission statement echoes AFR's mission, which is to "educate the public at large about payday loans and developments within the payday lending industry." (AFR's Mot. (#668-1) at 2:7–8); (*see also* SFS Joinder (#685) at 7:14–15).

This argument fails as a matter of law. In certain circumstances, a court may deny a motion to intervene where the intervenor's interests are duplicative of a party's interests. *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011) (per curiam). On the surface, it appears that the court ought to deny AFR's motions because both AFR and the Commission seek to protect the public from predatory lenders. However, AFR has a right "to keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. No governmental agency—indeed, not even the judiciary—can duplicate this interest. Even when a public interest group and governmental agency champion common causes, the public retains a superseding interest in ensuring that the governmental agency is doing its job. *See id.*

Fifth, SFS, Inc. and Red Cedar Services, Inc. argue that AFR's motion should be denied because AFR's counsel moved to intervene in order to access records, not for AFR, but for a different client that is involved in a different action with the same defendants in a different court. (*See* SFS Joinder (#685) at 7:18–21, 8:15–16) ("[T]here can be no doubt that the use of Rule 24 intervention is an attempt to skirt

binding orders of a state court."). This argument also fails as a matter of law. Motive is irrelevant under Rule 24(b). To rebut the strong presumption in favor of access, a defendant must demonstrate that intervention will cause prejudice to a party's rights in this action. *See* FED. R. CIV. P. 24(b)(3); *Hagestad*, 49 F.3d at 1434.

Therefore, AFR's Motion to Intervene is granted.

## II.   Rule 26 Analysis: Whether the Court's Protective Orders should be Modified

The parties' papers present a second question: whether the court should modify its protective orders to permit AFR to access sealed judicial records. This involves a two-part analysis. First, the court must engage in a "good cause" inquiry under Rule 26(c). *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1212, 1214. If, after conducting a good cause analysis, the court lifts the protective order, then the information must be disclosed and the court's inquiry ends. *Id*. If, however, the court does not lift the protective order, then the court must consider whether the common law right of access—which is "a separate and independent basis" from Rule 26—permits AFR to publically release the records. *Id*. at 1212. To do so, AFR must "provide sufficiently compelling reasons why the sealed . . . information should be released." *Id*. at 1214.[5]

The court finds that this inquiry is not ripe for review for three reasons. First, Defendants, whose records are at issue, did not oppose AFR's Motion to Unseal. Generally, "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of

---

[5] As reflected by the parties' papers, *Phillips ex rel. Estates of Byrd* appears inconsistent with *Kamakana*. *Phillips ex rel. Estates of Byrd* requires a member of the public to provide "compelling reasons" to disclose sealed records. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1214. *Kamakana*, by contrast, distinguishes between dispositive and nondispositive papers. *Kamakana*, 447 F.3d at 1178–79. Under *Kamakana*, the party seeking protection from disclosure must show good cause why nondispositive papers should be sealed and "compelling reasons" why dispositive papers should be sealed. *Id*. These decisions are not inconsistent. The *Kamakana* standard governs sealing under Rule 26(c). The *Phillips ex rel. Estates of Byrd* standard governs the common law right of access, which is "a separate and independent basis" from Rule 26. *Id*. at 1212. Rule 26(c) applies to "[a] party or any person from whom discovery is sought." The common law right of access to judicial records is enjoyed by all.

the motion." LR 7-2(d); *but see* LR IA 3-1 ("The Court may *sua sponte* . . . dispense with . . . any of these Rules if the interests of justice so require."). Nonetheless, the Miami Defendants, SFS, Inc., and Red Cedar Services indicated that they oppose unsealing in their oppositions to AFR's Motion to Intervene. (*See generally* Opp'ns. #685, #686). Granting AFR's Motion to Unseal on account of a technical error would not serve the interests of justice under these circumstances. *See* FED. R. CIV. P. 1; LR IA 3-1.

Second, this inquiry is unripe for review because AFR has not had access to the records in controversy and, therefore, lacks an adequate factual basis to challenge the court's protective orders or provide sufficiently compelling reasons why the sealed information should be released to the public. *See Phillips ex rel. Estates of Byrd*, 307 F.3d at 1212, 1214. Under *Kamakana*, both the court and the party requesting protection must articulate "specific factual findings" before sealing judicial records from the public. *Kamakana*, 447 F.3d 1178–79 (citations omitted). In order for AFR to challenge Defendants' or the court's factual findings it must first have access to the facts (i.e., the sealed records). When AFR filed its Motion to Unseal, it did not have access to the sealed records because its Motion to Intervene had not been granted.

Third, AFR's motion is unripe for review because AFR failed to meet and confer. Where, as here, a person seeks to modify a protective order or compel disclosure, the movant must "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1); *see also* FED. R. CIV. P. 37(a)(1) (stating the exact same). In the District of Nevada, Local Rule 26-7 supplements these rules. It states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter." The meet-and-confer requirement contains two prongs: (1) the

10

movant must submit a certification that "accurately and specifically conveys" the substance of the consultation and (2) the court must be satisfied that the movant actually made a personal consultation and sincere effort to do so. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996).

Finally, the court makes a brief remark on AFR's current status in this action. AFR moved to intervene and unseal in order "to share any documents from this case with the members of our coalition and with additional allies." (Donner Decl. (#668-1) Ex. A at ¶ 8). Because the court grants AFR's motion to intervene, it may access and inspect the court's sealed records. However, because the court denies AFR's motion to unseal, AFR must comply with the court's existing protective orders and must not distribute the sealed documents or their contents to the public. Additionally, because AFR is "a nonpartisan and nonprofit coalition of over 200 civil rights, consumer, labor, business, investor, faith-based, and civic and community groups," (*see* Donner Decl. (#668-1) Ex. A at ¶ 2), the court further orders that the court's sealed documents are for attorneys' eyes only.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Americans for Financial Reform's Motion to Intervene (#668) is GRANTED.

IT IS FURTHER ORDERED that Americans for Financial Reform's Motion to Unseal (#669) is DENIED as not ripe for review.

IT IS FURTHER ORDERED that Americans for Financial Reform must COMPLY with the court's existing protective orders and must not distribute the sealed documents or their contents to the public.

11

IT IS FURTHER ORDERED that only Counsel admitted to practice in this action[6] for AFR and NO OTHER PERSON OR ENTITY whether or not acting on or behalf of, or affiliated with, AFR may view the court's sealed filings in this matter.

IT IS FURTHER ORDERED that Americans for Financial Reform must file a Sealed Motion to Unseal by January 12, 2015, after complying with Local Rule 26-7(b).

IT IS FURTHER ORDERED that Americans for Financial Reform's request for an oral argument is DENIED. *See* LR 79-1.

DATED this 13th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[6] This is currently limited to Sarah E. Belton and Craig B. Friedberg. (*See* Pro Hac Vice Order #674).