# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

FEDERAL TRADE COMMISSION,

                    Plaintiff,

vs.

AMG SERVICES, INC., *et al.*,

                    Defendants.

Case No. 2:12–cv–536–GMN–VCF

**<u>ORDER</u>**

This matter involves the Federal Trade Commission's civil-enforcement action regarding the offer and sale of "high-fee, short-term payday loans." (First Amend. Compl. (#386) at ¶ 1[1]). Before the court is Americans for Financial Reform's Motion to Extend Time (#717).

Americans for Financial Reform ("AFR") is "a nonpartisan and nonprofit coalition of over 200 civil rights, consumer, labor, business, investor, faith-based, and civic and community groups." (Donner Decl. (#668-1) Ex. A at ¶ 2). Its mission: to "educate the public at large about payday loans and developments within the payday lending industry." (AFR's Mot. (#668-1) at 2:7–8). On September 8, 2014, AFR moved to intervene in order to unseal certain court records in this action under its common-law right of access to judicial records. (*See id.*).

On November 13, 2014, the court granted AFR's Motion to Intervene and denied its Motion to Unseal as not ripe for review. (*See* Doc. #704 at 11:15–19). The court determined that AFR cannot challenge the propriety of the court's sealing orders (*i.e.*, protective orders) without first having access to

---

[1] Parenthetical citations refer to the court's docket.

the relevant sealed records. Accordingly, after permitting AFR's counsel to inspect the court's sealed documents, the court ordered AFR to file a Motion to Unseal by January 12, 2015. (*Id.* at 12:5).

As stated in the order, litigation of the court's sealed records involves two stages. (*Id.* at 9:7–16). First, AFR will challenge whether Defendants satisfied their burden to seal records under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If AFR shows that Defendants did not previously satisfy their burden under *Kamakana*, then the court must modify its prior sealing orders (*i.e.*, protective orders) and make the sealed documents publically available. (*See* Doc. #704 at 9:7–16); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1214 (9th Cir. 2002) ("If the court, after conducting a good cause analysis, lifts the protective order on the confidential settlement information produced, then this information can be distributed to the public pursuant to its presumptive right of access. Case closed."). Second, if AFR's challenge to the court's protective orders fails, then Ninth Circuit law provides AFR with a second opportunity to access sealed documents by "provid[ing] sufficiently compelling reasons why the sealed . . . information should be released." (*Id.* at 9:15–16) (citing *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1214).

On November 26, 2014, AFR objected to the court's order, arguing, *inter alia*, that the court "incorrectly construed AFR's motion to unseal court records as a motion to modify protective orders" and incorrectly placed the burden on AFR to provide "sufficiently compelling reasons" why the documents should be unsealed." (Objections #709 at 3, 6).

Because the Honorable Gloria M. Navarro, Chief U.S. District Judge, has not yet had an opportunity to rule on AFR's objections, and because this court's January 12, 2015, deadline will soon expire, AFR filed the instant Motion to Extend Time. It asks the court to continue its January 12, 2015, deadline until after Chief Judge Navarro rules on AFR's objections. To date, no party has opposed AFR's Motion to Extend, in part because the time to oppose has not elapsed and because "Counsel for Red Cedar

Services, Inc. and SFS, Inc. has not indicated whether they oppose [AFR's] request." (Doc. #717 at 2:17–19).

The court appreciates that the procedural posture of AFR's objections to this court's order has placed AFR in an uncomfortable position regarding the impeding January 12, 2015, deadline. The court delayed ruling on AFR's motion in order to provide Defendants with an opportunity to oppose sometime before the deadline elapses. To date, no Defendant has opposed AFR's Motion to Extend. Additionally, the court finds that AFR's motion is merited and that the January 12, 2015, deadline should be continued pending Chief Judge Navarro's adjudication of AFR's objections.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Americans for Financial Reform's Motion to Extend Time (#717) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE