# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AMG SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **ORDER** |

Pending before the Court is a Motion for Certificate of Appealability (ECF No. 635) pursuant to 28 U.S.C. § 1292(b) filed by the Lending Defendants[1] on July 30, 2014. The Federal Trade Commission (the "FTC") filed its Response to the Motion for Certificate of Appealability (ECF No. 657) on August 18, 2014.

For the reasons discussed below, the Court **Denies** the Lending Defendants' Motion for Certificate of Appealability.

**I.    BACKGROUND**

The FTC filed its Complaint on April 2, 2012, alleging claims for deceptive acts and practices and deceptive collection practices in violation of the FTC Act (Counts I & II), for failing to properly disclose certain loan information in violation of the Truth in Lending Act ("TILA") and its implementing Regulation Z (Count III), for conditioning the extension of credit on the preauthorization of recurring loans in violation of EFTA (Count IV), and for disgorgement as provided under section 13(b) of the FTC Act (Count V). (Complaint 15:1-20:8, ECF No. 1).

---

[1] The "Lending Defendants" are AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., and MNE Services, Inc.

On December 27, 2012, the Court signed an Order entering the parties' joint stipulation for preliminary injunction and bifurcation. (ECF No. 296). The Bifurcation Order divided the litigation into two phases: a liability phase and a relief phase. (*Id.* 9:1-10:23). During Phase I of the proceedings, the Court would adjudicate the merits of the FTC's claims for violations of the FTC Act, TILA, and EFTA. (*Id.* 9:1-24). During Phase II of the proceedings, the Court would adjudicate the remaining issues, including the individual liability of the various Defendants. (*Id.* 10:1-19).

On July 18, 2013, the Lending Defendants as well as Defendants AMG Capital Management, Level 5 Motorsports, LeadFlash Consulting, Black Creek Capital Corporation, Broadmoor Capital Partners, Scott A. Tucker, Blaine A. Tucker, Don E. Brady, Troy LittleAxe, and Robert D. Campbell (collectively the "Settling Defendants") stipulated to settle Counts II & IV with the FTC. On September 30, 2013, the FTC moved for summary judgment on Counts I-IV, and the Lending Defendants filed their own motion seeking summary judgment on Count III. (FTC's Mot. Summary Judgment p. 1, ECF No. 454; Lending Defendants' Mot. Summary Judgment, ECF No. 461). Following a Court Order (ECF No. 478) approving the stipulated settlement, however, the FTC withdrew its summary judgment motion on Counts II & IV against the Settling Defendants. (Withdrawal Motion p. 2, ECF No. 487).

The summary judgment motions were referred to Magistrate Judge Ferenbach pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. On January 28, 2014, Judge Ferenbach recommended that this Court enter an order granting the FTC's Motion for Summary Judgment on Counts I & III against the Defendants and denying the Lending Defendants' Motion for Summary Judgment on Count III. (Report & Recommendation, ECF No. 539).

On May 28, 2014, the Court entered an Order (ECF No. 584) accepting and adopting Judge Ferenbach's Report & Recommendation. In that Order, the Court found that the Loan

Note Disclosure document used by the Lending Defendants in providing their loans violated the FTC Act and TILA because it failed to clearly and conspicuously disclose the nature of Defendants' automatic renewal plan whereby borrowers would incur repeated finance charges unless they opted out of the plan. (Summary Judgment Order 11:7-21:20, ECF No. 584).  The Court, therefore, granted the FTC's Motion for Summary Judgment regarding Counts I & III. (*Id.* 24:16-25:1); *see also* (July 16, 2014 Order, ECF No. 629 (clarifying the Summary Judgment Order and beginning Phase II)).

The Lending Defendants subsequently filed their Motion for a Certificate of Appealability, seeking an order from this Court certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  In their motion, the Lending Defendants assert that the Court's Summary Judgment Order involved three controlling questions of law as to which there are substantial grounds for difference of opinion. (Mot. for Cert. of Appealability 2:2-3:6, ECF No. 635).  The three allegedly controlling questions of law are: (1) whether a TILA disclosure can be ambiguous and misleading for failing to clearly and conspicuously disclose the loan's automatic renewal plan, (2) whether the summary judgment standard permits "disregarding" the Lending Defendants' evidence, and (3) whether the summary judgment standard permits drawing inferences in favor of the movant. (*Id.*).

II. <u>**LEGAL STANDARD**</u>

"Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996).  Certification of an interlocutory appeal under section 1292(b) requires that "(1) there is a controlling question law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d

1020, 1026 (9th Cir. 1982) (en banc), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).  However, even when all three statutory criteria are satisfied, district court judges have complete discretion to deny certification, and a district judge's decision to deny certification is unreviewable. *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1550 (9th Cir. 1994), *overruled on other grounds by California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also United States v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) ("[T]he district judge's decision to deny certification escapes our scrutiny.").

The Ninth Circuit has cautioned that section 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959).  The statute "was not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  The party seeking review bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474–75 (1978).

**III.   DISCUSSION**

The Lending Defendants contend that the Court's Summary Judgment Order (ECF No. 584) involved three controlling questions of law for which there are substantial grounds for difference of opinion. (Mot. for Cert. of Appealability 3:9-4:2, ECF No. 635.)  The alleged controlling questions of law are: (1) "if a TILA disclosure accurately reflects the borrower's obligation at the outset of a loan transaction, is the disclosure rendered inaccurate or misleading because a borrower looking only at the TILA disclosure might fail to understand that future events may change the borrower's obligation"; (2) "may a court explicitly disregard a non-moving party's evidence (including both expert and 'highly probative' consumer testimony) as 'immaterial' and rely solely on the moving party's evidence in granting summary judgment";

and (3) "does the fact that the parties do not dispute the *language* of the Loan Note mean that there is no dispute about the *inferences to be drawn* from the Loan Note"? (*Id.* 2:2-3:6). None of these questions, however, address controlling questions of law or involve substantial grounds for difference of opinion.

The Ninth Circuit has held that a question of law is "controlling" where "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347 (9th Cir. 1988) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Resolution of any of the three questions presented here on appeal, however, would not materially affect the outcome of the litigation because all three questions include factual assumptions or require a finding that Defendants have raised genuine issues of material fact. *Porter v. Mabus*, 1:07-CV-0825 AWI SMS, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (To be a controlling question of law, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence of facts of a particular case and give it general relevance to other cases in the same area of law.") (quoting *Simmons v. Akanno*, 1:09-CV-00659-GBC PC, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011)); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."). For example, implicit in the Lending Defendants' first question is the assumption that their TILA disclosure accurately reflected the borrower's obligations, which is precisely the argument rejected by the Court in its Order. (Summary Judgment Order 14:15-16:8, ECF No. 585). Moreover, this question is not an abstract legal question, but rather a factual one that would require the Ninth Circuit to delve into the record in order to determine whether the disclosure at issue here clearly, conspicuously, and unambiguously discloses a borrower's obligations.

Likewise, the Lending Defendants' second and third questions specifically ask the Court to interpret the facts of the current case in order to resolve whether this Court properly applied the summary judgment standard in finding against the Lending Defendants. These are not legal questions of general relevance, and, therefore, are not "controlling" questions of law for the purposes of § 1292(b).

Furthermore, as the Ninth Circuit has recently explained, "[t]o determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

None of the questions of law presented by the Lending Defendants as grounds for an interlocutory appeal involve a circuit split where the Ninth Circuit is silent, a complicated issue of foreign law, or a novel or difficult question of first impression. Rather, each question simply reflects Defendants' disagreement with this Court's application of the relevant law. For example, regarding the first question of law, this Court relied on the Ninth Circuit opinion in *Rubio v. Capital One Bank* in holding that because required TILA disclosures—such as finance charges, APRs, total payments, and payment schedules—must be clear and conspicuous or they are *ipso facto* misleading, the Lending Defendants' Loan Note Disclosure violated TILA for

not clearly disclosing an automatic renewal plan that affected the required disclosures. (Summary Judgment Order 19:14-20:2, ECF No. 584) (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010) and 12 C.F.R. § 1026.18(d)-(e), (g)-(h)).  The Lending Defendants do not dispute that the Ninth Circuit's holding in *Rubio* is binding in this case or that TILA requires accurate disclosure of the finance charge, APR, total payments, and payment schedule for loans like those provided by Defendants.  Instead, they argue that under the Ninth Circuit's earlier opinion in *Hauk v. JP Morgan Chase Bank USA*, the required disclosures need only include the parties' binding and mandatory obligations at the time of the loan, so any renewal that is not mandatory at the time of the initial loan—even if it is scheduled at that time—is a change to the borrower's obligations and cannot give rise to a TILA claim. (Mot. for Cert. of Appealability 2:7-26, 4:21-10:9, ECF No. 635) (citing *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114 (9th Cir. 2009).  This argument helps Defendants to reach an alternate result from the one found by this Court by stretching the meaning of a single phrase from *Hauk*[2] and artfully wording the facts of this case.[3]  It does not, however, show substantial grounds for a different opinion.  Instead, it reflects their disagreement with this Court's application of the controlling law.

---

[2] This phrase is: "our circuit has focused on subsection 226.5(c)'s requirement that disclosures 'reflect the terms of the legal obligation between the parties' and the requirements in other relevant subsections of Regulation Z or TILA." *Hauk*, 552 F.3d at 1121.  There is a substantial inferential leap between the statement that the TILA disclosures are required to "reflect the terms of the legal obligations between the parties" and the principle that only those obligations that are mandatory and binding at the time of the contract must be disclosed.  The Lending Defendants have failed to point to any law that directly supports their position that only mandatory, unchangeable obligations need be disclosed under TILA.

[3] When borrowers entered into loans with the Lending Defendants, their initial obligations at the time of the loan included paying undisclosed financing fees according to a set payment schedule that automatically renewed their loans.  A change of obligation occurs later if borrowers choose to opt out of the renewal plan, not, as Defendants state, if they fail to opt out.  TILA requires that lenders disclose the payments *scheduled* to repay loans at the time those loans are made, not a possible alternative payment schedule that could be chosen later. *C.f.* 12 C.F.R. § 1026.18(g)-(h) (Two of the required TILA disclosures are "the number, amounts, and timing of payments *scheduled* to repay the obligation," and "the amount you will have paid when you have made all *scheduled* payments.") (emphasis added).

Likewise, the second and third questions of law raised by the Lending Defendants both involve their disagreement with the Court's application of the summary judgment standard, but cite to the same summary judgment standard and relevant law relied upon by the Court. *See* (Summary Judgment Order 9:15-11:6, 14:3-15:7, ECF No. 584); (Mot. for Cert. of Appealability 2:18-21, 10:12-11:16, ECF No. 635). The Lending Defendant's do not argue that this law involves a complicated or novel question, merely that this Court incorrectly applied the proper, settled law. (Mot. for Cert. of Appealability 10:10-11:2, ECF No. 635). A party's disagreement with the Court's findings, however, does not constitute the substantial grounds for a difference of opinion necessary to obtain an appeal under § 1292(b). *See Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

Accordingly, this case does not involve the exceptional circumstances Congress contemplated when it enacted § 1292(b) and is not suitable for interlocutory appeal.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Lending Defendants' Motion for Certificate of Appealability (ECF No. 635) is **DENIED**.

**DATED** this 21st day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge