UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc., et al.,<br><br>Defendants, and<br><br>Park 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND JUDGMENT |

Plaintiff Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Injunction and other Equitable Relief, subsequently amended as the Amended Complaint for Injunction and other Equitable Relief, ("Complaint"), seeking a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r.  The Commission and AMG Services, Inc. and MNE Services, Inc. (collectively, "Defendants"), stipulate to the entry of this Stipulated Order for Permanent Injunction and Judgment to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.  This Court has jurisdiction over this matter.
2.  The Complaint charges that Defendants, in the offering and collection of high-fee, short-term payday loans, participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, misstated the terms of the loans in violation of the

1

Truth in Lending Act, 15 U.S.C. §§ 1631, 1638, and conditioned extension of credit to consumers on consumers' prepayment by preauthorized electronic fund transfers in violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693k(1).

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "Collection of Debts" means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, Debts owed or due or asserted to be owed or due.

2. "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

3. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

4. "Payment Schedule" means the number, amounts, and timing of payments scheduled to repay a loan or credit obligation.

5. "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

6. "Defendants" means AMG Services, Inc. and MNE Services, Inc., d/b/a Ameriloan, United Cash Loans, US Fast Cash, Advantage Cash Services, and Star Cash Processing, and their successors and assigns, individually, collectively, or in any combination.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering, or extension of a loan, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A. The Payment Schedule;

    B. The total amount a consumer will owe and any fees;

    C. The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

    D. Whether, and the extent to which, a consumer's payment will be applied to the principal, finance charges, interest, and/or other fees;

    E. Whether the loan has a prepayment penalty or whether refinancing may trigger a prepayment penalty and/or other fees; or

    F. Any other Material fact.

## II.     REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering, or extension of credit, are hereby permanently restrained and enjoined from:

   A. When extending a fixed amount of credit that a consumer is to repay in one or more installment(s), failing to disclose in writing (electronic or hard-copy) and in a form the consumer may keep, clearly and conspicuously, before the consumer signs the credit agreement, the following information in a manner reflecting the terms of the legal obligation between the parties:

   1. The finance charge;

   2. The annual percentage rate;

   3. The payment schedule; and

   4. The total of payments; or

   B. Violating any provision of the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j.

## III.    PROHIBITION AGAINST DECEPTIVE COLLECTION PRACTICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the Collection of Debts, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

4

A. That consumers can be arrested, prosecuted, or imprisoned for failing to pay Defendants;

B. That Defendants will or can take formal legal action against consumers who do not pay Defendants, including but not limited to, filing suit; and

C. Any other Material fact.

## IV. INJUNCTION CONCERNING ELECTRONIC FUND TRANSFER PRACTICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from conditioning the extension of credit on preauthorized electronic fund transfers.

## V. CERTAIN CONSUMER DEBTS EXTINGUISHED

**IT IS FURTHER ORDERED** that all consumer Debt for loans issued by MNES d/b/a Ameriloan, United Cash Loans, US Fast Cash, Advantage Cash Services, and Star Cash Processing before the December 27, 2012 preliminary injunction issued in this case is hereby extinguished to the extent that such claimed indebtedness exceeds the amount financed plus one finance charge (the "Extinguished Debt"). Defendants shall forgive, shall not collect upon or make any attempt to collect upon, shall not sell, assign, or otherwise transfer, and shall not report to any consumer reporting agency, any Extinguished Debt.

## VI. TRANSFERS OF DEBT

**IT IS FURTHER ORDERED** that Defendants may sell, transfer, or assign any consumer Debt that is not Extinguished Debt, and shall provide a copy of this Order to any such purchaser, transferee, or assignee.

## VII. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of $21,000,000 (twenty-one million dollars) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B. Defendants are ordered to pay to the Commission $21,000,000 (twenty-one million dollars), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be deemed admitted by Defendants in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F. Defendants must submit Taxpayer Identification Numbers to the Commission, and acknowledge that their Taxpayer Identification Numbers may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are hereby permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information, to the extent it is in the Defendants' possession, custody or control, to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. Except as provided in Article VI, disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the offering and collection of high-fee, short-term payday loans.

C. Except for information related to non-Extinguished Debt, failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission. *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.   COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case or any action or investigation by or on behalf of the Commission directly related to this case. Defendants must provide truthful and complete

information, evidence, and testimony. Defendants must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

    A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For 20 years after entry of this Order, or as long as each Defendant exists (whichever is shorter), each Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the offering of consumer credit or the Collection of Debts; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order or as long as each Defendant exists (whichever is shorter), each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: FTC v. AMG Services, Inc., No. X120026.

## XII.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order or as long as each Defendant exists (whichever is shorter), and retain each such record for 5 years.  Specifically, each Defendant for any operations involving the offering of consumer credit or the Collection of Debts must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## XIII.     COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Each Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### XIV. PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from: destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the

business practices, or business or personal finances, of the defendants in this proceeding or any other entity directly or indirectly under the control of any defendant in this proceeding. In the event of the dissolution of any Defendant, such Defendant shall ensure continued preservation of all such documents and records through the conclusion of the proceeding (and any appeals therefrom). *Provided that*, nothing in this Article shall prohibit destruction of consumer information as may be directed by the Commission pursuant to Article VIII.C.

### XV. DISSOLUTION OF STIPULATED ORDERS FOR PRELIMINARY AND PERMANENT INJUNCTIONS AND JUDGMENT AS TO AMG SERVICES, INC. AND MNE SERVICES, INC.

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Court's Order Entering Stipulated Preliminary Injunction and Bifurcation dated December 27, 2012 (ECF 296) is **VACATED** as to AMG Services, Inc. and MNE Services, Inc.; and

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Court's Stipulated Order for Permanent Injunction and Judgment dated October 8, 2013 (ECF 478) is **VACATED** as to AMG Services, Inc. and MNE Services, Inc.

///

///

///

///

///

///

///

## XVI.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO STIPULATED**

_____  
AMG Services, Inc.  
By: Joe Frazier  
Title: CEO

_____  
MNE Services, Inc.  
By: Joe Frazier  
Title: CEO


_____  
Nikhil Singhvi  
Federal Trade Commission  
600 Pennsylvania Ave., NW  
Mailstop CC-10232  
Washington, DC 20580  
nsinghvi@ftc.gov  
Tel. 202-326-3480  
Fax. 202-326-3629  

*Attorney for Plaintiff Federal Trade Commission*

_____  
Bradley H. Weidenhammer  
Kirkland & Ellis LLP  
300 North LaSalle  
Chicago, IL 60654  
bweidenhammer@kirkland.com  
Tel. 312-862-3218  
Fax. 312-862-2200  

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc.*

## XVI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO STIPULATED**

_(signature)_
AMG Services, Inc.
By: Joe Frazier
Title: CEO

_(signature)_
MNE Services, Inc.
By: Joe Frazier
Title: CEO

_(signature)_
Nikhil Singhvi
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
nsinghvi@ftc.gov
Tel. 202-326-3480
Fax. 202-326-3629

*Attorney for Plaintiff Federal Trade Commission*

_(signature)_
Bradley H. Weidenhammer
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
bweidenhammer@kirkland.com
Tel. 312-862-3218
Fax. 312-862-2200

*Attorney for Defendants AMG Services, Inc. and MNE Services, Inc.*

## **ORDER**

**IT IS SO ORDERED** this 23rd day of January, 2015.

_(signature)_
Gloria M. Navarro, Chief Judge
United States District Court