UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG SERVICES, INC., et al.,<br><br>Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>Relief Defendants. | Case No.<br>2:12-cv-536-GMN-(VCF)<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), commenced this civil action on April 2, 2012, filing its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") for a permanent injunction, and other equitable relief in this matter, pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r. The Commission amended its complaint on April 12, 2013 ("Complaint"). On April 29, 2013, Troy LittleAxe Jr., an individual Defendant ("Defendant"), filed an answer to the amended complaint. Now, the FTC and Defendant, Troy LittleAxe Jr., hereby stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1607(c).

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); TILA and its implementing Regulation Z, 12 C.F.R. § 1026; and EFTA and its implementing Regulation E, 12 C.F.R. § 1005.10. The Complaint seeks both permanent injunctive relief and consumer redress for Defendant's alleged deceptive practices in connection with the offering and extension of payday loans.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A. *"Debt Collection Settling Defendants"* means AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Don E. Brady, Robert D. Campbell, and Troy L. Little Axe, Jr.

B. **"*Defendant*"** means the Individual Defendant Troy LittleAxe Jr., individually, and by whatever name he might be known.

C. **"*Material*"** means likely to affect a person's choice of, or conduct regarding, goods or services.

D. **"*Payment schedule*"** means the number, amounts, and timing of payments scheduled to repay a loan or credit obligation.

E. **"*Person*"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## PROHIBITED REPRESENTATIONS

I. **IT IS ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, or extension of a loan, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

   A. The payment schedule;

   B. The total amount a consumer will owe and any fees;

   C. The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

   D. Whether, and the extent to which, a consumer's payment will be applied to the principal, finance charges, interest, and/or other fees;

E.  Whether the loan has a prepayment penalty or whether refinancing may trigger a prepayment penalty and/or other fees; or

F.  Any other material fact.

## TRUTH IN LENDING REQUIREMENTS

II.  **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, in connection with the advertising, marketing, promotion, offering, or extension of credit, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from:

A.  When extending a fixed amount of credit that a consumer is to repay in one or more installment(s), failing to disclose the following information, clearly and conspicuously, in writing and in a form the consumer may keep, before the consumer signs the credit agreement:

1.  The finance charge;
2.  The annual percentage rate;
3.  The payment schedule; and
4.  The total of payments; or

B.  Violating any provision of the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j.

## PROHIBITED COLLECTION PRACTICES

III.  **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by

personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the collection of debts, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A. That consumers can be arrested or imprisoned for failing to pay Debt Collection Settling Defendants;

    B. That Debt Collection Settling Defendants will or can take formal legal action against consumers, including but not limited to, filing suit; and

    C. Any other material fact.

**PROHIBITED ELECTRONIC FUND TRANSFER PRACTICES**

IV.   **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from conditioning the extension of credit on preauthorized electronic fund transfers.

**MONETARY JUDGMENT**

V.   **IT IS FURTHER ORDERED** that:

    A. Judgment in the amount of Twenty-Five Thousand Dollars ($25,000) is entered in favor of the Commission against the Defendant as equitable monetary relief.

    B. Defendant is ordered to pay to the Commission Twenty-Five Thousand Dollars ($25,000), which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.

Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

**ADDITIONAL MONETARY PROVISIONS**

VI. **IT IS FURTHER ORDERED** that:

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendant acknowledges that his Social Security Number, which he previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to

be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## COOPERATION

VII. **IT IS FURTHER ORDERED** that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

VIII. **IT IS FURTHER ORDERED** that Defendant obtains acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, Defendant for any business that Defendant, individually or collectively with any other defendants, is the majority owner or directly or indirectly controls must deliver a copy of this order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

IX.  **IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.

   1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of

contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business and the involvement of any other Defendant; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Defendant must (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity Defendant has any

ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____ and supplying the date, signatory's full name, title (if applicable), and signature."

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Troy LittleAxe Jr.

**RECORDKEEPING**

X. **IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, for any business that Defendant, individually or collectively with any other defendants, is a majority owner or controls directly or indirectly, Defendant must create and retain the following records:

    A. accounting records showing the revenues from all goods or services sold;

    B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's; name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C. records of all consumer complaints concerning the collection of a debt, or the advertising, marketing, promotion, offering, or extension of a loan, whether received directly or indirectly, such as through a third party, and any response;

    D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each unique advertisement or other marketing material shown to the public concerning the advertising, marketing, promotion, offering, or extension of a loan.

**COMPLIANCE MONITORING**

XI. **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant,

without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**PARTIAL PERMANENT INJUNCTION VACATED AS TO DEFENDANT TROY L. LITTLEAXE JR. ONLY**

XII.    **IT IS FURTHER ORDERED** that, with respect to Defendant Troy L. LittleAxe Jr. only, the Court's October 8, 2013 Stipulated Order for Permanent Injunction and Judgment (ECF No. 478) is vacated.

**RETENTION OF JURISDICTION**

XIII.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO STIPULATED

_____
TROY LITTLEAXE JR., Defendant

_____
PAUL C. RAY
PAUL C. RAY, CHTD.
8670 West Cheyenne Avenue
Suite 120
Las Vegas, NV 89129
Telephone: (702) 823-2292
Facsimile: (702) 823-2384
Email: paulcraylaw@gmail.com

*Attorney for Defendant Troy L. LittleAxe Jr.*

_____
NIKHIL SINGHVI
JASON SCHALL
HELEN WONG
IOANA RUSU
LASHAWN JOHNSON
COURTNEY ESTEP

Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop NJ-3158
Washington, DC 20580
Telephone: (202) 326-3480
Facsimile: (202) 326-3629
Email: nsinghvi@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court
**DATED: 03/17/2015**

13