**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. |
| Plaintiff, | 2:12-cv-536-GMN-(VCF) |
| v. | |
| AMG SERVICES, INC., et al., | |
| Defendants, and | **STIPULATED ORDER FOR PERMANENT INJUNCTION** |
| PARK 269 LLC, et al., | |
| Relief Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission"), commenced this civil action on April 2, 2012, filing its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") for a permanent injunction, and other equitable relief in this matter, pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r.  The Commission amended its complaint on April 12, 2013 ("Complaint").  On August 6, 2014, Robert Campbell, an individual Defendant ("Defendant"), filed an answer to the amended complaint.  Now, the FTC and Defendant Robert D. Campbell hereby stipulate to the entry of this Stipulated Order for Permanent Injunction ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1607(c).

2.     The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); TILA and its implementing Regulation Z, 12 C.F.R. § 1026; and EFTA and its implementing Regulation E, 12 C.F.R. § 1005.10. The Complaint seeks both permanent injunctive relief and consumer redress for Defendant's alleged deceptive practices in connection with the offering and extension of payday loans.

3.     Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.     Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.     Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A.     *"Debt Collection Settling Defendants"* means AMG Services, Inc., SFS, Inc., Red Cedar Services, Inc., MNE Services, Inc., Scott A. Tucker, Blaine A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, LeadFlash Consulting, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Don E. Brady, Robert D. Campbell, and Troy L. Little Axe, Jr.

B. **"*Defendant*"** means the Individual Defendant Robert D. Campbell, individually, and by whatever name he might be known.

C. **"*Material*"** means likely to affect a person's choice of, or conduct regarding, goods or services.

D. "*Payment schedule*" means the number, amounts, and timing of payments scheduled to repay a loan or credit obligation.

E. "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## PROHIBITED REPRESENTATIONS

I. **IT IS ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, or extension of a loan, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. The payment schedule;

B. The total amount a consumer will owe and any fees;

C. The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

D. Whether, and the extent to which, a consumer's payment will be applied to the principal, finance charges, interest, and/or other fees;

E.  Whether the loan has a prepayment penalty or whether refinancing may trigger a prepayment penalty and/or other fees; or

F.  Any other material fact.

**TRUTH IN LENDING REQUIREMENTS**

II.   **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, in connection with the advertising, marketing, promotion, offering, or extension of credit, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from:

A.  When extending a fixed amount of credit that a consumer is to repay in one or more installment(s), failing to disclose the following information, clearly and conspicuously, in writing and in a form the consumer may keep, before the consumer signs the credit agreement:

1.  The finance charge;

2.  The annual percentage rate;

3.  The payment schedule; and

4.  The total of payments; or

B.  Violating any provision of the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j.

**PROHIBITED COLLECTION PRACTICES**

III.  **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in active concert or participation with him who receive actual notice of this Order by

personal service, facsimile transmission, email, or otherwise, whether acting

directly or through any corporation, subsidiary, division, or other device, in

connection with the collection of debts, are hereby permanently restrained and

enjoined from misrepresenting, or assisting others in misrepresenting, expressly

or by implication:

    A.  That consumers can be arrested or imprisoned for failing to pay Debt
          Collection Settling Defendants;

    B.  That Debt Collection Settling Defendants will or can take formal legal
          action against consumers, including but not limited to, filing suit; and

    C.  Any other material fact.

**PROHIBITED ELECTRONIC FUND TRANSFER PRACTICES**

IV.    **IT IS FURTHER ORDERED** that Defendant, and those persons or entities in

active concert or participation with him who receive actual notice of this Order by

personal service, facsimile transmission, email, or otherwise, whether acting

directly or through any corporation, subsidiary, division, or other device, are

hereby permanently restrained and enjoined from conditioning the extension of

credit on preauthorized electronic fund transfers.

**COOPERATION**

V.    **IT IS FURTHER ORDERED** that Defendant must fully cooperate with

representatives of the Commission in this case and in any investigation related to

or associated with the transactions or the occurrences that are the subject of the

Complaint.  Defendant must provide truthful and complete information, evidence,

and testimony.  Defendant must appear for interviews, discovery, hearings, trials,

and any other proceedings that a Commission representative may reasonably

request upon 5 days written notice, or other reasonable notice, at such places and

times as a Commission representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

VI.   **IT IS FURTHER ORDERED** that Defendant obtains acknowledgments of receipt of this Order:

A.  Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 3 years after entry of this Order, Defendant for any business that Defendant, individually or collectively with any other defendants, is the majority owner or directly or indirectly controls must deliver a copy of this order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

VII.   **IT IS FURTHER ORDERED** that Defendant make timely submissions to the

Commission:

A.   One year after entry of this Order, Defendant must submit a compliance

report, sworn under penalty of perjury.

1.   Defendant must:  (a) identify the primary physical, postal, and

email address and telephone number, as designated points of

contact, which representatives of the Commission may use to

communicate with Defendant; (b) identify all of Defendant's

businesses by all of their names, telephone numbers, and

physical, postal, email, and Internet addresses; (c) describe the

activities of each business and the involvement of any other

Defendant; (d) describe in detail whether and how Defendant is

in compliance with each Section of this Order; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this

Order, unless previously submitted to the Commission.

2.   Additionally, Defendant must  (a) identify all telephone numbers

and all physical, postal, email and Internet addresses, including

all residences; (b) identify all business activities, including any

business for which Defendant performs services whether as an

employee or otherwise and any entity in which Defendant has

any ownership interest; and (c) describe in detail Defendant's

involvement in each such business, including title, role,

responsibilities, participation, authority, control, and any
ownership.

B. For 10 years after entry of this Order, Defendant must submit a
compliance notice, sworn under penalty of perjury, within 14 days of any
change in the following:

   1. Defendant must report any change in:  (a) any designated point
of contact; or (b) the structure of any entity Defendant has any
ownership interest in or controls directly or indirectly that may
affect compliance obligations arising under this Order, including:
creation, merger, sale, or dissolution of the entity or any
subsidiary, parent, or affiliate that engages in any acts or
practices subject to this Order.

   2. Additionally, Defendant must report any change in:  (a) name,
including aliases or fictitious name, or residence address; or (b)
title or role in any business activity, including any business for
which Defendant performs services whether as an employee or
otherwise and any entity in which Defendant has any ownership
interest, and identify the name, physical address, and any Internet
address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any
bankruptcy petition, insolvency proceeding, or similar proceeding by or
against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Robert D. Campbell.

## RECORDKEEPING

VIII.  **IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, for any business that Defendant, individually or collectively with any other defendants, is a majority owner or controls directly or indirectly, Defendant must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's;  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

person affiliated with Defendant who has agreed to such an interview.

The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing,

through its representatives, as consumers, suppliers, or other individuals or

entities, to Defendant or any individual or entity affiliated with Defendant,

without the necessity of identification or prior notice.  Nothing in this

Order limits the Commission's lawful use of compulsory process, pursuant

to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## PARTIAL PERMANENT INJUNCTION VACATED AS TO
## DEFENDANT ROBERT D. CAMPBELL ONLY

X.     **IT IS FURTHER ORDERED** that, with respect to Defendant Robert D.

Campbell only, the Court's October 8, 2013 Stipulated Order for Permanent

Injunction and Judgment (ECF No. 478) is vacated.

\

\

\

\

\

\

\

\

\

\

\

\

\

## RETENTION OF JURISDICTION

XI.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter

for purposes of construction, modification, and enforcement of this Order.

IT IS SO STIPULATED

_____

Robert D. Campbell

*Defendant*

_____

JAY YOUNG
Howard & Howard, PLLC
3800 Howard Hughes Pkwy, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4828
Facsimile: (702) 567-1568
Email: jay@h2law.com

*Attorneys for Defendant Robert D. Campbell*

_____

NIKHIL SINGHVI
JASON SCHALL
HELEN WONG
IOANA RUSU
LASHAWN JOHNSON
COURTNEY ESTEP
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-3480
Facsimile: (202) 326-3629
Email: nsinghvi@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**IT IS SO ORDERED.**

_____

Gloria M. Navarro, Chief Judge
United States District Court

**DATED:  03/17/2015**