# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

AMG SERVICES, INC., *et al.*,

        Defendants.

Case No. 2:12–cv–536–GMN–VCF

**ORDER**

Seven requests for relief are before the court: (1) Red Cedar Services' Motion to Seal its Motion for a Protective Order (#734[1]); (2) the Federal Trade Commission's Motion to Unseal its Opposition to Red Cedar's Motion for a Protective Order (#744); (3) Red Cedar's Motion to Seal its Reply to its Motion for a Protective Order (#750); (4) the Commission's Motion to Seal Exhibits to its Motion to Compel (#737); (5) the Tucker Defendants' Motion to Seal its Motion to Stay (#745); (6) Red Cedar's Motion to Expedited Briefing regarding its Motion for a Protective Order (#740); and (7) the Commission's Motion for Leave to File Excess Pages (#758).

The court's analysis begins with a review of the law governing motions to seal. Next, the court addresses the parties' motions to seal and unseal and, finally, Red Cedar's Motion to Expedite Briefing and the Commission's Motion for Leave to File Excess Pages.

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

---

[1] Parenthetical citations refer to the court's docket.

There are three types of protective orders in federal practice. The first, called protective orders, protects parties from producing information in response to a discovery request. *See, e.g.*, FED. R. CIV. P. 26(b)(2), (c)(1)(A), (C)–(E).. The second, called sealing orders, protects a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, FED. R. CIV. P. 26(c)(1)(F)–(H). The third, called umbrella or blanket orders, are stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential. *See, e.g.*, FED. R. CIV. P. 26(c)(1)(B).

The court has "broad discretion" to enter any of these orders. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). And the party requesting one carries a "heavy burden." *See, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted). Because protective orders, sealing orders, and stipulated agreements serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs.

**DISCUSSION**

The court begins with Red Cedar's Motion to Seal its Protective Order (#734), Motion to Seal its Reply (#750), and the Tucker Defendants' Motion to Seal its Motion to Stay (#745). Each motion is boilerplate. (*Compare* Doc. #734 *with* #750 *with* #745). Each motion predicates a request to seal judicial

records on a stipulated agreement. (*See* Docs. #734 at ¶ 1; #750 at ¶ 1, #745 at ¶ 1). And each asserts a legal conclusion—(viz., "the existence of grand jury secrecy constitutes good cause for maintaining . . . confidentiality")—as a basis for granting relief under Rule 26(c). (*See* Docs. #734 at ¶ 4; #750 at ¶ 6, #745 at ¶ 4). These motions are denied for three reasons.

First, the parties' stipulated agreement cannot be used as a basis for sealing judicial records. The parties have no more of a right to unilaterally block the public's right of access to judicial records by private agreement than the public has a right to access the parties' private records. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("[T]he public has no right to demand access to discovery materials which are solely in the hands of private party litigants."). The stipulated agreement requires the parties to comply with Local Rule 10-5(b) and demonstrate "good cause supported by specific facts demonstrating that sealing the document outweighs the public's interest in disclosure." (*See* Doc. #308 at p. 5 ¶ X).

Second, the parties' basis for requesting a sealing order is boilerplate. (*Compare* Doc. #734 *with* #750 *with* #745). As discussed above, boilerplate requests for relief that are supported by legal conclusions do not satisfy the Rule 26(c) test. *See, e.g.*, *Beckman Indus.*, 966 F.2d at 475.

Third, the court has already rejected Defendants' argument regarding grand jury proceedings by relying on binding authorities. (*See* Order (#722) at 12) (citing, *inter alia*, *Butterworth v. Smith*, 494 U.S. 624, 636 (1990), *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411 (9th Cir. 1993)).[2] The "existence of grand jury secrecy" does not—without more—satisfy Rule 26(c).

The court now turns to the Commission's Motion for Leave to File Exhibits to its Motion to Compel under Seal (#737). This motion is denied. The Commission moves to seal "not [because] these

---

[2] Because the court denies Red Cedar's motions to seal, it grants the Commission's counter motion to unseal (#744).

documents should be filed under seal" but "out of an abundance of caution . . . to preserve any other party's ability to make the required showing for under seal treatment." (Doc. #737 at 2). No party opposed or joined the Commission's motion. The Rule 26(c) test is not satisfied.

Two motions remain: (1) Red Cedar's Joint Motion for an Expedited Briefing Scheduling (#740) regarding Red Cedar's Motion for a Protective order and (2) the Commission's Motion for Leave to File Excess Pages (#758). On March 16, 2015, the court approved the parties' stipulation "postponing consideration of Defendants' pending motion[] for protective order." (Doc. #759). Therefore, Red Cedar's Joint Motion for an Expedited Briefing Scheduling is moot.

Finally, the court denies the Commission's Motion for Leave (#758). Local Rule 7-4 limits "pretrial and post-trial briefs" to thirty pages, "[u]nless otherwise ordered by the court." The Commission asks the court to read a fifty page motion for a protective order. Fifty pages are purportedly needed to comply with Local Rule 26-7(a), which requires the Commission to reprint the text of the disputed discovery requests. Here, there are 17 dispute deposition topics, which the Commission challenges on four distinct grounds.

Thirty pages is sufficient in light of the limited number of grounds on which the Commission requests relief. In order to comply with Rule 7-4, the Commission may append the full text of the original discovery requests as an exhibit and include only the relevant language from the discovery request in its motion. Additionally, denial of the motion will not delay the relief the Commission's seeks because "all depositions" are stayed. (Doc. #759 at 2:5).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Red Cedar's Motion to Seal its Protective Order (#734) is DENIED.

IT IS FURTHER ORDERED that Red Cedar's Motion to Seal its Reply (#750) is DENIED.

IT IS FURTHER ORDERED that the Tucker Defendant's Motion to Seal its Motion to Stay (#745)

is DENIED.

IT IS FURTHER ORDERED that Commission's Motion to Unseal its Opposition (#744) is GRANTED.

IT IS FURTHER ORDERED that the Commission's Motion for Leave to File Exhibits to its Motion to Compel under Seal (#737) is DENIED.

IT IS FURTHER ORDERED that Red Cedar's Joint Motion for an Expedited Briefing Scheduling (#740) is DENIED.

IT IS FURTHER ORDERED that the Commission's Motion for Leave to File Excess Pages (#758) is DENIED.

IT IS FURTHER ORDERED that the parties MEET & CONFER before filing any additional motions to seal in this matter. A motion to seal must include a certification that the movant has in good faith conferred or attempted to confer with the person or party opposing sealing. A party's failure to certify compliance with this meet-and-confer requirement will constitute a consent to the denial of a motion to seal.

DATED this 23rd day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE