# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AMG SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Partial Objection (ECF No. 709) filed by Intervenor Americans for Financial Reform ("AFR") to an Order (ECF No. 704) entered by Magistrate Judge Cam Ferenbach denying AFR's request to unseal all the court records that remain under seal in this action. Defendants AMG Services, Inc., MNE Services, Inc., Red Cedar Services, Inc., and SFS, Inc. (collectively the "Lending Defendants") filed a Response to the Objection (ECF No. 713).

For the reasons addressed below, the Court **AFFIRMS** Judge Ferenbach's Order.

## I. BACKGROUND

This action was brought by the Federal Trade Commission (the "FTC"), asserting that the "high-fee, short-term payday loans" offered by the Lending Defendants violated section 5 of the Federal Trade Commission Act of 1914, 15 § U.S.C. 45(a)(1), the Truth in Lending Act of 1968, 15 U.S.C. § 1601(a), and Regulation Z, 12 C.F.R. § 1026(a). (Complaint 15:1–20:8, ECF No. 1). On May 28, 2014, this Court entered an Order (ECF No. 584) adopting a Report and Recommendation entered by Judge Ferenbach and entering summary judgment in favor of the FTC on two of its four causes of action.

At the time of this Order, approximately forty-five of the Court's records remain under

seal. AFR[1] wants access to these sealed records. On September 8, 2014, AFR filed a Motion to Intervene (ECF No. 668) and a Motion to Unseal (ECF No. 669). On November 13, 2014, Judge Ferenbach entered an Order granting AFR's Motion to Intervene but denying without prejudice the Motion to Unseal. AFR subsequently, filed the pending Partial Objection, requesting this Court to reverse the denial of the Motion to Unseal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* D. Nev. R. IB 3-1(a) (same). "Under Rule 72(a), a finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (quotations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*.

## III. DISCUSSION

In its Motion to Unseal, AFR made a blanket request for this Court to immediately unseal all sealed court filings in this case based on general principles of public policy. (Brief on Mot. to Unseal, ECF No. 669-1). In the Order denying the motion, Judge Ferenbach found that AFR's motion was not yet ripe for review because AFR had failed to articulate any "specific factual findings" or to meet and confer with the parties whose records are at issue to see if the matter could be resolved without court action. (Order 9:6–11:14, ECF No. 704). Judge Ferenbach further ordered AFR to file a new motion to unseal by January 12, 2015 if any

---

[1] Founded in response to the 2008 financial crisis, AFR is "a nonpartisan and nonprofit coalition of over 200 civil rights, consumer, labor, business, investor, faith-based, and civic and community groups." (Donner Decl., Ex. A to Brief on Mot. to Intervene ¶ 2, ECF No. 668-1). Its mission is to "educate the public at large about payday loans and developments within the payday lending industry." (Brief on Mot. to Intervene 2:7–8, ECF No. 668-1).

dispute about the sealing of the records remained after conferring about the issue with the parties. (*Id.* 12:4–5).  Rather than confer with the parties and file a new motion, however, AFR filed its Partial Objection, asserting that Judge Ferenbach's ruling is clearly erroneous and contrary to law because he incorrectly analyzed their request under Federal Rule of Civil Procedure 26(c)(1), which deals with modifying discovery protective orders, and improperly placed the burden to unseal on AFR rather than placing the burden to maintain secrecy on the parties that requested it. (Part. Objection 1:4–3:4, ECF No. 709).

"The public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("Not only can the public generally gain access to unprotected information produced during discovery, but it also has a federal common law right of access to all information filed with the court.").  "This right extends to pretrial documents filed in civil cases." *In re Midland*, 686 F.3d at 1119 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  Accordingly, "[a]lthough the common law right of access is not absolute, 'we start with a strong presumption in favor of access to court records.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 122, 1135 (9th Cir. 2003)).

When a party seeks to seal judicial records, it can overcome the strong presumption in favor of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure. *Foltz*, 331 F.3d at 1135.  In ruling on motions to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Furthermore, in order to keep judicial records sealed the compelling reasons for the secrecy

must continue to exist. *Foltz*, 331 F.3d at 1136.  Therefore, in ruling on a motion to unseal, the court must determine whether the compelling reasons for secrecy continue to exist, and the burden of demonstrating that continued existence is placed on the party opposing the motion to unseal. *See id.* at 1138 ("State Farm has thus identified no compelling reason to justify sealing the documents in this court record . . . .  Because the district court abused its discretion in denying the Private Intervenors' motion to unseal the court records . . . we reverse and remand."); *Kamakana*, 447 F.3d at 1182 ("The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails.").

However, to assert the public's common-law right of access, the party claiming that right is required "to make a threshold showing of a legitimate need for disclosure," and only once that showing has been made will the court balance the asserted need against the reasons for confidentiality. *United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998).  Additionally, the Ninth Circuit has carved out an exception to the presumption of access to judicial records, whereby "the usual presumption of the public's right to access is rebutted" in the case of judicial records attached to non-dispositive motions. *In re Midland*, 686 F.3d at 1119. Accordingly, a particularized showing of "good cause" under Rule 26(c) is sufficient to preserve the secrecy of sealed documents attached to non-dispositive motions, and the burden then falls on the party seeking disclosure to present sufficiently compelling reasons why the sealed document should be released. *Id.*

With this framework in mind, the proper analysis of AFR's Motion to Unseal requires this Court to first determine whether AFR has made its threshold showing of a legitimate need for disclosure.  If such a threshold showing is made, the next determination is whether the Lending Defendants or the FTC have made a particularized showing of good cause for the sealed court records attached to non-dispositive motions to remain sealed and whether any such

showing of good cause is otherwise overcome by a sufficiently compelling reason presented by AFR.  And the final determination is whether the Lending Defendants or the FTC have provided sufficiently compelling reasons to override the public policies favoring disclosure of the court records attached to dispositive motions.  Furthermore, if the Court finds sufficiently compelling reason to keep the records attached to dispositive motions sealed, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179.

      Here, the Court does not find the objected-to portion of Judge Ferenbach's Order to be clearly erroneous or contrary to law.  Judge Ferenbach denied as unripe AFR's motion because it was filed before AFR had access to the facts of the specific sealed documents and before a meet and confer was conducted as is required to modify a protective order under Rule 26(c). (Order 9:6–11:14, ECF No. 704).  AFR is correct that it does not have the initial burden to present a sufficiently compelling reason for disclosure in order to have its motion granted nor does it have to comply with Rule 26(c)'s requirements to modify a protective order.  However, AFR's motion—which was filed before AFR had a chance to review any of the sealed records in this case—was so vague in its arguments that it failed to even make the minimal threshold showing of a legitimate need for disclosure of the sealed records.  Accordingly, Judge Ferenbach was correct to deny AFR's motion without prejudice and allow them to refile a motion to unseal after it was more familiar with the filings in this case. *See United States v. Armstrong*, No. 4:06-cr-00018-RRB, 2006 WL 3533140, at *3 (D. Alaska Dec. 7, 2006) ("Moreover, this Court, sitting as an appellate court, may affirm the judgment of the magistrate judge on any ground supported by the record, even if it differs from the rationale used by the magistrate judge.") (citing *United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006)). Moreover, even if such a denial was in error, it was harmless because it gave AFR leave to refile and did not prejudice its ability to unseal the requested documents. *See Seminara v. City*

*of Long Beach*, 68 F.3d 481, at *5 (9th Cir. 1995) (finding that the district court correctly affirmed a magistrate judges granting of a protective order because "[e]ven if issuance of the protective order was error, it was harmless because it did not prejudice Seminara").

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that AFR's Objection (ECF No. 709) is **DENIED**. Magistrate Judge Ferenbach's Order (ECF No. 704) denying AFR's request to unseal all the court records in this case is **AFFIRMED**.

**IT IS FURTHER ORDERED** that AFR shall have 21 days from the date of this Order to file a Sealed Motion to Unseal in accordance with this Order.

**DATED** this 2nd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge