Victoria W. Ni
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
vni@publicjustice.net

Craig Friedberg
Law Offices of Craig Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Phone: (702) 435-7968
Fax: (702) 946-0887
attcbf@cox.net

*Attorneys for Intervenor Americans for Financial Reform*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> AMG SERVICES, INC., et al., <br><br> Defendants. | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SEALED MOTION TO UNSEAL** <br><br> **[Second Request]** |

Intervenor Americans for Financial Reform ("AFR"), by and through counsel, hereby submits the following *unopposed* motion, pursuant to Federal Rule of Civil Procedure 6(b), for an extension of time for AFR to file a Sealed Motion to Unseal as directed by the Order of the Magistrate Judge (Dkt. 704) and this Court's affirmance (Dkt. 824), denying AFR's motion for reconsideration of the Magistrate Judge's Order on AFR's Motions to Intervene and Unseal. This is AFR's second request for an extension of time with respect to this motion.

Dated this 13th day of July 2015.

Public Justice, P.C.

*/s/ Victoria Ni*
VICTORIA W. NI
*Attorneys for Intervenor*
*Americans for Financial Reform*

# POINTS AND AUTHORITIES

Rule 6(b) of the Federal Rules of Civil Procedure permits a party to request an extension of time when good cause exists. Fed. R. Civ. P. 6(b); see also LR 6-1. For the following reasons good cause exists to extend AFR's deadline to file a new Sealed Motion to Unseal. AFR respectfully requests an extension of 60 days, requiring it to file this motion on or before **September 21, 2015**:

1. On November 13, 2014, Magistrate Judge Ferenbach ruled on AFR's Motion to Intervene (Dkt. 668) and Motion to Unseal (Dkt. 669). The Magistrate Judge granted AFR intervenor status, but denied AFR's Motion to Unseal as unripe. Dkt. 704. The Magistrate Judge determined that AFR could not challenge the court's sealing orders without having access to the sealed records. *Id*. at 10. The Judge ordered AFR to comply with the court's existing protective orders-not to distribute any sealed documents or their contents to the public-and ordered that all sealed documents made available to AFR would be "for attorneys' eyes only." *Id*. at 11. The Judge further specified that "only Counsel admitted to practice in this action for AFR and NO OTHER PERSON OR ENTITY whether or not acting on behalf of, or affiliated with, AFR may view the court's sealed filings in this matter." *Id*. At 12. In a footnote, the Judge specified that only Sarah Belton and Craig Friedberg, as the only attorneys then admitted to practice and representing AFR, could view sealed documents filed in this case. *See id*. at 12 n.6. Finally, the Magistrate Judge gave AFR until January 12, 2015, to file a new Sealed Motion to Unseal, after it had met and conferred with counsel for the parties in accordance with its Order. *See id*. at 12.

2. On November 26, 2014, AFR filed Objections to the Magistrate Judge's Order challenging the Magistrate Judge's conclusion that AFR's motion was unripe. Dkt. 709. AFR objected on three principal grounds. First, it argued that the Magistrate Judge had incorrectly interpreted AFR's Motion to Unseal as a motion seeking to modify the protective orders governing the parties to this case. *See id*. at 3-6. Second, AFR argued that the Magistrate Judge's ruling had erroneously placed the burden of

2

persuasion on the party opposing secrecy, rather than, as the law requires, on the party seeking secrecy. *See id.* at 6-10. Finally, AFR objected to a meet-and-confer prerequisite to filing a motion to seal, because the meet-and-confer certification requirements applied only to discovery motions. *See id.* at 10-12.

3. Because of the significant nature of AFR's objections, AFR requested a continuance to file a new motion to unseal until after the District Judge ruled on AFR's objections. Dkt. 717. Recognizing that the "procedural posture of AFR's objections to [the Magistrate Judge's] order has placed AFR in an uncomfortable position regarding the impending January 12, 2015, deadline," the Magistrate Judge ordered on January 9, 2015, that "the January 12, 2015, deadline should be continued pending Chief Judge Navarro's adjudication of AFR's objections." Dkt. 719 at 3.

4. While AFR's objections were still pending, Ms. Belton left her position at Public Justice on Friday, June 12, 2015. AFR requested, and the Magistrate Judge permitted, Victoria Ni of Public Justice to replace Sarah Belton, who had previously been lead attorney for AFR. Dkt. 815. The order substituting counsel was entered in the docket on June 12, 2015.

5. Ms. Ni was admitted to practice *pro hac vice* for purposes of this matter on Monday, June 15, 2015, and the order was entered on the docket on June 16, 2015. Dkt. 819.

6. Ms. Ni took a previously-scheduled personal vacation from June 17 to June 27, 2015. Prior to her vacation, Ms. Ni did not have the opportunity to familiarize herself with the lengthy and complicated docket in this case.

7. On July 2, 2015, the District Court affirmed the Magistrate Judge's November 13 Order, and gave AFR permission to file a new Sealed Motion to Unseal within 21 days of the date of the Order -- *i.e.*, on or before July 23. Dkt. 824 at 6. However, the July 2 Order was not entered into the docket until July 6, which meant that AFR was effectively given only 16 days to comply with the significant requirements of the Order.

1        8.     On July 8, 2015, Ms. Ni contacted counsel for all parties to ask if they
2 would stipulate to a 60-day extension.  Most of the parties, through counsel, indicated
3 agreement or tentative agreement to an extension.  But on July 10, counsel for Red
4 Cedar Services, Inc. and SFS, Inc. indicated that those entities would not stipulate to an
5 extension of time, but also would not oppose a motion for an extension.
6        9.     On July 10, 2015, Ms. Ni wrote an e-mail to counsel for all parties and
7 settling defendants asking them to send to her complete, unredacted copies of all sealed,
8 redacted, and missing docket entries -- 100 such documents that she listed and
9 identified in a spreadsheet attached to the email -- by 5:00 p.m. Pacific Time on July 14.
10 She indicated that she and Craig Friedberg were willing to comply with the terms of the
11 Protective Order entered in the case (Dkt. 308) in handling the documents, and that
12 another attorney from Public Justice would soon seek *pro hac vice* admission in order to
13 assist with document review.  She also alerted all counsel that AFR would file this
14 motion on Monday, July 13, and requested that counsel immediately inform AFR if they
15 intended to oppose this motion.  All counsel have either responded that they do not
16 oppose this motion, or that they were willing to stipulate to the 60-day extension.
17       10.    Prior to July 10, counsel for AFR had not sought access to the sealed or
18 redacted court filings because they were awaiting the outcome of its objections to the
19 Magistrate Judge's Order.  Counsel for AFR has now identified over 100 docket entries
20 that are sealed, redacted, or simply missing from the publicly-available version of the
21 docket sheet, and, to the extent any of those docket entries represent motions, those
22 single docket entries are likely comprised of multiple documents.  A review of these
23 documents will require close coordination with counsel for the parties and settling
24 defendants to ensure a complete accounting and inventory for the sealed, redacted and
25 missing docket entries.  As of July 13, counsel for the Federal Trade Commission has
26 indicated that they will produce all documents in the FTC's possession that were
27 identified in AFR's spreadsheet.  Counsel for AFR has now received documents
28 associated for all but 5 docket entries identified.  However, the current deadline of July

4

23 does not permit a thorough review of potentially hundreds of documents.

11. Moreover, the Court has required counsel for AFR to meet and confer with the parties to potentially reach voluntary agreements on the unsealing of court records. See Dkt. 704 at 10-11; see also Dkt. 768.  As with the collection and review of all documents at issue here, proper compliance with this aspect of the Magistrate Judge's Order will likely require significantly more time than the current deadline permits.

## CONCLUSION

Therefore, in consideration of the foregoing, AFR respectfully requests an order extending the deadline to file its new Sealed Motion to Unseal by 60 days from June 23, and ordering AFR to file this motion on or before **September 21, 2015**.

A proposed Order is submitted herewith.

Dated this 13th day of July 2015.

/s/ *Victoria Ni*
VICTORIA W. NI
Public Justice, P.C.
and
CRAIG FRIEDBERG
Law Offices of Craig Friedberg, Esq.
*Attorneys for Intervenor*
*Americans for Financial Reform*

## ORDER

IT IS HEREBY ORDERED that Intervenor Americans for Financial Reform's Motion for Extension of Time to File Sealed Motion to Unseal is GRANTED.

IT IS FURTHER ORDERED that Intervenor Americans for Financial Reform's Sealed Motion to Unseal is due on or before September 21, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:** 07/20/2015.

5

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on July 13, 2015, I submitted the foregoing Unopposed Motion for Extension of Time to File Sealed Motion to Unseal and Proposed Order, electronically for filing and service with the United States District Court of Nevada. Service of the foregoing document shall be made on all counsel of record via the electronic case filing system.

/s/ *Craig Friedberg*
CRAIG FRIEDBERG

6