**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FEDERAL TRADE COMMISSION,

  Plaintiff,

  v.

AMG Services, Inc., et al.,

  Defendants, and

Park 269 LLC, et al.,

  Relief Defendants.

Case No. 2:12-cv-536

~~[PROPOSED]~~
STIPULATED
ORDER FOR
PERMANENT
INJUNCTION AND
JUDGMENT

Plaintiff Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Injunction and other Equitable Relief, subsequently amended as the Amended Complaint for Injunction and other Equitable Relief, ("Complaint"), seeking a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r. The Commission and Defendant SFS, Inc. (the "Defendant"), stipulate to the entry of this Stipulated Order for Permanent Injunction and Judgment to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.   This Court has jurisdiction over this matter.

2.   The Complaint charges that the Defendant, in the offering and collection of high-fee, short-term payday loans, participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, misstated the terms of the loans in violation of the Truth in Lending Act, 15 U.S.C. §§ 1631, 1638, and conditioned extension of credit



1

1    to consumers on consumers' repayment by preauthorized electronic fund transfers in

2    violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693k(l).

3    3.     The Defendant neither admits nor denies any of the allegations in the Complaint,

4    except as specifically stated in this Order. Only for purposes of this action, the

5    Defendant admits the facts necessary to establish jurisdiction.

6    4.     The Defendant waives any claim that it may have under the Equal Access to

7    Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date

8    of this Order, and agrees to bear its own costs and attorney fees.

9    5.     The Defendant waives all rights to appeal or otherwise challenge or contest the

10    validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1.     "Collection of Debts" means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, Debts owed or due or asserted to be owed or due.

2.     "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

3.     "Defendant" means SFS, Inc., d/b/a OneClickCash, and its successors and assigns, individually, collectively, or in any combination.

4.     "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

5.     "Payment Schedule" means the number, amounts, and timing of payments scheduled to repay a loan or credit obligation.



6.      "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## ORDER

### I.      PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that the Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering, or extension of a loan, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.      The Payment Schedule;

B.      The total amount a consumer will owe and any fees;

C.      The interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

D.      Whether, and the extent to which, a consumer's payment will be applied to the principal, finance charges, interest, and/or other fees;

E.      Whether the loan has a prepayment penalty or whether refinancing may trigger a prepayment penalty and/or other fees; or

F.      Any other Material fact.

### II.      REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that the Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in



connection with the advertising, marketing, promotion, offering, or extension of credit, are hereby permanently restrained and enjoined from:

    A.    When extending a fixed amount of credit that a consumer is to repay in one or more installment(s), failing to disclose in writing (electronic or hard-copy) and in a form the consumer may keep, clearly and conspicuously, before the consumer signs the credit agreement, the following information in a manner reflecting the terms of the legal obligation between the parties:

        1.    The finance charge;

        2.    The annual percentage rate;

        3.    The payment schedule; and

        4.    The total of payments; or

    B.    Violating any provision of the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j.

**III.    PROHIBITION AGAINST DECEPTIVE COLLECTION PRACTICES**

**IT IS FURTHER ORDERED** that the Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the Collection of Debts, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    That consumers can be arrested, prosecuted, or imprisoned for failing to pay the Defendant;

    B.    That the Defendant will or can take formal legal action against consumers who do not pay the Defendant, including but not limited to, filing suit; and



4 of 15

1     C.     Any other Material fact.

2   IV.    **INJUNCTION CONCERNING ELECTRONIC FUND TRANSFER**

3                                  **PRACTICES**

4   **IT IS FURTHER ORDERED** that the Defendant, Defendant's officers, agents,

5   employees, and attorneys, and all other persons in active concert or participation with any

6   of them, who receive actual notice of this Order, whether acting directly or indirectly, are

7   hereby permanently restrained and enjoined from conditioning the extension of credit on

8   preauthorized electronic fund transfers.

9             V.     **CERTAIN CONSUMER DEBTS EXTINGUISHED**

10  **IT IS FURTHER ORDERED** that all consumer Debt for loans issued by SFS, Inc. d/b/a

11  OneClickCash before the December 27, 2012 preliminary injunction issued in this case is

12  hereby extinguished to the extent that such claimed indebtedness exceeds the amount

13  financed plus one finance charge (the "Extinguished Debt"). The Defendant shall

14  forgive, shall not collect upon or make any attempt to collect upon, shall not sell, assign,

15  or otherwise transfer, and shall not report to any consumer reporting agency, any

16  Extinguished Debt.

17               VI.    **TRANSFERS OF DEBT**

18  **IT IS FURTHER ORDERED** that the Defendant may sell, transfer, or assign any

19  consumer Debt that is not Extinguished Debt, and shall provide a copy of this Order to

20  any such purchaser, transferee, or assignee.

21              VII.    **MONETARY JUDGMENT**

22  **IT IS FURTHER ORDERED** that:

23     A.     Judgment in the amount of $2,200,000.00 (two million and two hundred

24            thousand dollars) is entered in favor of the Commission against the

25            Defendant as equitable monetary relief.

26

27



B.   The Defendant is ordered to pay to the Commission $2,200,000.00 (two million and two hundred thousand dollars), which, as the Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.   The Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.   The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.   The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.   The Defendant must submit its Taxpayer Identification Number to the Commission, and acknowledges that its Taxpayer Identification Number may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.



G.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. The Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### VIII.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are hereby permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient customer information, to the extent it is in the Defendant's possession, custody or control, to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, the



1    Defendant must provide it, in the form prescribed by the Commission,

2    within 14 days.

3    B.    Except as provided in Article VI, and except in connection with the

4    Defendant's Collection of Debts in compliance with Article III or in

5    connection with the advertising, marketing, promotion, offering, or

6    extension of credit by the Defendant in compliance with Articles I, II, and

7    IV, disclosing or transferring to any other person customer information,

8    including the name, address, telephone number, email address, social

9    security number, other identifying information, or any data that enables

10    access to a customer's account (including a credit card, bank account, or

11    other financial account), that the Defendant obtained prior to entry of this

12    Order in connection with the offering and collection of high-fee, short-

13    term payday loans.

14    

15    C.    Except for information related to non-Extinguished Debt, and except for

16    information related to any customer who borrowed from the Defendant

17    after December 27, 2012, failing to destroy such customer information in

18    all forms in its possession, custody, or control within 30 days after receipt

19    of written direction to do so from a representative of the Commission.

20    *Provided, however*, that customer information need not be disposed of,

21    and may be disclosed, to the extent requested by a government agency or

22    required by law, regulation, or court order.

23    

24    

25    ## IX.    COOPERATION

26    **IT IS FURTHER ORDERED** that the Defendant must fully cooperate with

27    representatives of the Commission in this and in any investigation related to or associated



with the transactions or the occurrences that are the subject of the Complaint.  The
Defendant must provide truthful and complete information, evidence, and testimony.  The
Defendant must cause Defendant's officers, employees, representatives, or agents to
appear for interviews, discovery, hearings, trials, and any other proceedings that a
Commission representative may reasonably request upon 10 days written notice, or other
reasonable notice, at such places and times as a Commission representative may
designate, without the service of a subpoena.

## X.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Defendant obtain acknowledgments of receipt of
this Order:

A.    The Defendant, within 7 days of entry of this Order, must submit to the
Commission an acknowledgment of receipt of this Order sworn under
penalty of perjury.

B.    For 20 years after entry of this Order, or as long as the Defendant exists
(whichever is shorter), the Defendant must deliver a copy of this Order to
(1) all principals, officers, directors, and LLC managers and members; (2)
all employees, agents, and representatives who participate in the offering
of consumer credit or the Collection of Debts; and (3) any business entity
resulting from any change in structure as set forth in the Section titled
Compliance Reporting.  Delivery must occur within 7 days of entry of this
Order for current personnel.  For all others, delivery must occur before
they assume their responsibilities.

C.    From each individual or entity to which the Defendant delivered a copy of
this Order, Defendant must obtain, within 30 days, a signed and dated
acknowledgment of receipt of this Order.



## XI.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Defendant make timely submissions to the Commission:

A.   One year after entry of this Order, the Defendant must submit a compliance report, sworn under penalty of perjury, which must:

    1.   Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Defendant;

    2.   Identify all of the Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3.   Describe the activities of each business and the involvement of any other defendant in this proceeding;

    4.   Describe in detail whether and how the Defendant is in compliance with each Section of this Order; and

    5.   Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.   For 20 years after entry of this Order or as long as the Defendant exists (whichever is shorter), the Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.   Any designated point of contact; or

    2.   The structure of the Defendant or any entity that the Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any



10 of 15

subsidiary, parent, or affiliate that engages in any acts or practices
subject to this Order.

C.   The Defendant must submit to the Commission notice of the filing of any
bankruptcy petition, insolvency proceeding, or similar proceeding by or
against the Defendant within 14 days of its filing.

D.   Any submission to the Commission required by this Order to be sworn
under penalty of perjury must be true and accurate and comply with 28
U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury
under the laws of the United States of America that the foregoing is true
and correct. Executed on: _____" and supplying the date, signatory's full
name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all
submissions to the Commission pursuant to this Order must be emailed to
DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service)
to:  Associate Director for Enforcement, Bureau of Consumer Protection,
Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,
DC 20580. The subject line must begin:  FTC v. AMG Services, Inc.,
No. X120026.

## XII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that the Defendant must create certain records for 20
years after entry of the Order or as long as the Defendant exists (whichever is shorter),
and retain each such record for 5 years.  Specifically, the Defendant for any operations
involving the offering of consumer credit or the Collection of Debts must create and
retain the following records:

A.   Accounting records showing the revenues from all goods or services sold;



B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each unique advertisement or other marketing material.

### XIII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Defendant's compliance with this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, the Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that the Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.    For matters concerning this Order, the Commission is authorized to communicate directly with the Defendant.  The Defendant must permit representatives of the Commission to interview any employee or other



12 of 15

1   person affiliated with the Defendant who has agreed to such an interview.

2   The person interviewed may have counsel present.

3   C.   The Commission may use all other lawful means, including posing,

4   through its representatives as consumers, suppliers, or other individuals or

5   entities, to the Defendant or any individual or entity affiliated with the

6   Defendant, without the necessity of identification or prior notice. Nothing

7   in this Order limits the Commission's lawful use of compulsory process,

8   pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

9   **XIV.   PRESERVATION OF RECORDS AND TANGIBLE THINGS**

10   **IT IS FURTHER ORDERED** that the Defendant and its successors, assigns, officers,

11   agents, servants, employees, and attorneys, and those persons or entities in active concert

12   or participation with any of them who receive actual notice of this Order by personal

13   service, facsimile transmission, email, or otherwise, whether acting directly or through

14   any corporation, subsidiary, division, or other device, are hereby enjoined from:

15   destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing

16   of, in any manner, directly or indirectly, any documents or records that relate to the

17   business practices, or business or personal finances, of the defendants in this proceeding

18   or any other entity directly or indirectly under the control of any defendant in this

19   proceeding. In the event of the dissolution of the Defendant, the Defendant shall ensure

20   continued preservation of all such documents and records through the conclusion of the

21   proceeding (and any appeals therefrom). *Provided that*, nothing in this Article shall

22   prohibit destruction of consumer information as may be directed by the Commission

23   pursuant to Article VIII.C.

24

25

26

27



1

**XV.    DISSOLUTION OF STIPULATED ORDERS FOR PRELIMINARY AND PERMANENT INJUNCTIONS AND JUDGMENT AS TO SFS, INC.**

2

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Court's Order Entering

3

Stipulated Preliminary Injunction and Bifurcation dated December 27, 2012 (ECF 296) is

4

**VACATED** as to SFS, Inc.; and

5

6

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Court's Stipulated

7

Order for Permanent Injunction and Judgment dated October 8, 2013 (ECF 478) is

8

**VACATED** as to SFS, Inc.

9

**XVI.    RETENTION OF JURISDICTION**

10

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

11

purposes of construction, modification, and enforcement of this Order.

12

13

**IT IS SO STIPULATED**

14

15

16

SFS, Inc.

17

By: FRANKLIN T WHIPPLE

18

Title: TREASURER

19

20

21

Nikhil Singhvi
Federal Trade Commission

22

600 Pennsylvania Ave., NW
Mailstop CC-10232

23

Washington, DC 20580
nsinghvi@ftc.gov

24

Tel.: (202) 326-3480
Fax: (202) 326-3629

25

26

*Attorney for Plaintiff Federal Trade Commission*

27

Conly J. Schulte
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
cschulte@ndnlaw.com
Tel.: (303) 673-9600
Fax: (303) 673-9839
*Attorney for Defendant SFS, Inc.*

**IT IS SO ORDERED.**

Dated this 25th day of November, 2015.

Gloria M. Navarro, Chief Judge
United States District Judge

14