DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

DAVID C. SHONKA
Acting General Counsel
NIKHIL SINGHVI
JASON D. SCHALL
HELEN P. WONG
IOANA RUSU
LaSHAWN M. JOHNSON
COURTNEY A. ESTEP
THOMAS E. KANE
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Email: nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)
*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc. et al.,<br><br>Defendants, and<br><br>Park 269, LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE TUCKER DEFENDANTS' REPLY IN SUPPORT OF RULE 56(c)(2) OBJECTION** |

The FTC moves to strike the Tucker Defendants' reply in support of their Rule 56(c)(2) evidentiary objections (ECF No. 957) as unauthorized and in circumvention of the rules of this Court.

The Court's scheduling order for Phase 2 dispositive motions set forth specific briefing dates and page limits. (ECF No. 897.) Per that order, the FTC on January 20, 2016 filed a 90-page motion for summary judgment. (ECF No. 907.) On February 26, 2016, the Tucker Defendants filed a 90-page opposition to the FTC's motion for summary judgment (ECF No. 941) accompanied by a 30-page stand-alone Rule 56(c)(2) evidentiary objection (ECF No. 943). On March 18, 2016, the FTC filed a 40-page reply in support of its motion for summary judgment (ECF No. 952), and a 30-page response to the Tucker Defendants' Rule 56(c)(2) evidentiary objection (ECF No. 953). On March 28, 2016, the Tucker Defendants filed a "reply" in support of their evidentiary objection. (ECF No. 957.) The FTC moves to strike this last filing.

To begin with, the Tucker Defendants' initial 30-page evidentiary objection (ECF No. 943), filed separately from their 90-page merits response (ECF No. 941), improperly circumvented the Court's page limitations. (ECF No. 897 at 1 ("[T]he Tucker Defendants' . . . opposition[] may be up to 90 pages . . .").) Citing the 2010 amendments to Rule 56,[1] some courts forbid or discourage standalone filings to strike summary judgment evidence, holding that Rule 56(c)(2) objections should be made within the opposing party's merits response. *See Propst v. HWS Co., Inc.*, No. 5:14-cv-00079-RLV-DCK, 2015 WL 8207464, at *2 (W.D.N.C. Dec. 7, 2015) ("The objection procedure adopted by the 2010 amendment is akin to an objection made at trial, and there is no longer a need to file a separate motion to strike. Instead, unless a local rule or standing order specifies otherwise, the parties are to make their evidentiary objections *within* their summary judgment briefing itself.") (emphasis in original); *Mobile Shelter Sys. USA Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) ("[T]he Court construes a motion to strike such as that brought by Plaintiff in this case as a procedural device by which a party may try to exceed the page limits imposed by the Local Rules and the orders of the Court").[2]

---

[1] *See* Rule 56 Advisory Committee Notes, 2010 Amend., Subdiv. (c)(2) ("There is no need to make a separate motion to strike.")

[2] *See also Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, No. 3:13-cv-306-J-34JRK, 2016 WL 128561, at *3 (M.D. Fla. Jan. 12, 2016) ("[T]he Court determines that the Motion to Strike is due to be denied because it is procedurally improper.") (citing advisory committee notes); *Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC*, No. 10–

The Tucker Defendants' filing of a standalone Rule 56(c)(2) objection on the Court-ordered response date bent the rules by circumventing the Court-ordered page limits; their filing of a "reply" in support of that objection broke the rules by exacerbating the page length problem and, more significantly, because the "reply" was completely unauthorized. Local Rule 7-2 permits the filing of reply points and authorities for *motions*. LR 7-2. But no rule permits the filing of a reply in support of an *objection*. The distinction between a motion and objection is meaningful,[3] and the Tucker Defendants deliberately advanced their evidentiary protest under the latter banner because, as discussed above, it would have been inappropriate to file a motion. The Tucker Defendants cannot on the one hand call their document an "objection" to comply with Rule 56(c)(2), and then on the other hand pretend that their "objection" is a "motion" for which a reply is permitted under the Local Rules of this Court.

The FTC's protest to the Tucker Defendants' reply is not a matter of nomenclature, but one of fairness. The parties agreed in their stipulation to a specific briefing schedule designed, in part, to avoid "piecemeal briefing." (ECF No. 897 at 2:12-13.) The Tucker Defendants then flouted the rules and the parties' agreement by filing a 30-page standalone Rule 56(c)(2) objection, and a 20-page "reply" in support of that objection. In so doing, the Tucker Defendants have devoted a minimum of 50 pages of briefing to their evidentiary objections – not counting significant portions of their "merits" response that attack the FTC's evidence. (*See* ECF No. 941 at 13-40, 64-65, 67-69.) The FTC mitigated the damage done by the Tucker Defendants' manipulation, somewhat, by filing a standalone 30-page response to the Tucker Defendants' evidentiary objection. (ECF No. 953.) Per the Court's scheduling order, the briefing should have ended there.

As it now stands, the FTC bears the burden on the issue of admissibility of its summary judgment evidence, but the Tucker Defendants have turned traditional briefing procedures on their head by "moving" first and last on the matter, with at least 20 excess pages of total briefing (or more, considering the

---

CV–1741 (DLI)(JO), 2012 WL 1004848, at *11 n.3 (E.D.N.Y. Mar. 23, 2012) ("Plaintiff should not have filed a separate motion to strike, as he only needed to object to the materials presented by Defendants.") (same).

[3] For example, it is well-settled that a party may not file a reply in support of an objection to a report and recommendation. *FDIC v. Lewis*, No. 2:10–CV–439 JCM (VCF), 2015 WL 4579323, at *2 (D. Nev. July 29, 2015) (granting motion to strike reply in support of objections); *Mizzoni v. State of Nev. Dep't of Corrs.*, No. 3:11–cv–00186–LRH–WGC, 2014 WL 4162252, at *1 (D. Nev. Aug. 20, 2014) (same).

evidentiary arguments contained in the Tucker Defendants' merits brief). The Court should rectify this unfairness by striking their unauthorized "reply."[4]

Dated: April 4, 2016                                  Respectfully submitted,

*/s/ Nikhil Singhvi*
Nikhil Singhvi
Jason D. Schall
Helen P. Wong
Ioana Rusu
LaShawn M. Johnson
Courtney A. Estep
Thomas E. Kane

***Attorneys for Plaintiff Federal Trade Commission***

---

[4] Given the combative tone of their briefing, the Tucker Defendants will likely oppose this motion to strike by arguing that the FTC is somehow cowed by the evidentiary arguments advanced in the reply. That is not so. To defuse any such contention, the FTC requests in the alternative – only to the extent the Court would deem it useful – permission to file a surreply if the Court does not strike the reply.

**CERTIFICATE OF SERVICE**

I, Nikhil Singhvi, certify that, as indicated below, all parties were served by ECF with **PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE TUCKER DEFENDANTS' REPLY IN SUPPORT OF RULE 56(c)(2) OBJECTION** filed with the Court.

Von S. Heinz (vheinz@lrrc.com)
Darren J. Lemieux (dlemieux@lrrc.com)
E. Leif Reid (lreid@lrrc.com)
Jeffrey D. Morris (jmorris@berkowitzoliver.com)
Ryan C. Hudson (rhudson@berkowitzoliver.com)
Nick J. Kurt (nkurt@berkowitzoliver.com)
Justin C. Griffin (justingriffin@quinnemanuel.com)
Sanford I. Weisburst (sandyweisburst@quinnemanuel.com)
Kathleen Sullivan (kathleensullivan@quinnemanuel.com)
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker*

Patrick J. Reilly (preilly@hollandhart.com)
Linda C. McFee (lmcfee@mcdowellrice.com)
Robert Peter Smith (petesmith@mcdowellrice.com)
*Attorneys for Relief Defendants Kim C. Tucker and Park 269 LLC*

Victoria W. Ni (vni@publicjustice.net)
Craig B. Friedberg (attcbf@cox.net)
*Attorneys for Intervenor Americans for Financial Reform*

April 4, 2016
*/s Nikhil Singhvi*
Nikhil Singhvi