# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,                        )
                                                                        )
                                        Plaintiff,              )          Case No.: 2:12-cv-00536-GMN-VCF
                                                                        )
                vs.                                                     )
                                                                        )                       **ORDER**
AMG SERVICES, INC., *et al.*,                       )
                                                                        )
                                        Defendants.          )
_____)

Pending before the Court is a Motion for Preliminary Injunction (ECF No. 780) filed by The Federal Trade Commission (the "FTC"). Defendants Park 269, LLC and Kim C. Tucker (the "Relief Defendants") and Defendants AMG Capital Management, LLC ("AMG"); Level 5 Motorsports, LLC; LeadFlash Consulting LLC; Black Creek Capital Corporation; Broadmoor Capital Partners; Scott A. Tucker; Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker (the "Tucker Defendants") (collectively "Defendants") filed their respective Responses in Opposition (ECF Nos. 796 and 797) on May 26, 2015, one day after the deadline to Respond to the FTC's motion.[1] The FTC subsequently filed a timely Joint Reply (ECF No. 803) to both Responses.[2]

---

[1] Both the Relief Defendants and the Tucker Defendants filed Motions for Extension of Time (ECF Nos. 786 and 792) requesting permission to extend the Response deadline by two weeks until June 9, 2015. However, the FTC opposed both these motions and neither group of defendants filed a Response after May 26, 2015. As a matter of equity, the Court will consider as timely the defendants' Responses that were filed one day past the deadline. Further, because the Court will consider the Responses filed by the defendants and no later responses were filed prior to the requested extended deadline, the Court finds as moot the Motions for Extension of Time.

[2] Along with its 34-page Reply, the FTC filed a Motion for Leave to File Excess Pages (ECF No. 804) requesting permission to exceed the 20-page limit for replies set out in Nevada Local Rule 7-4 in light of its need to reply to both groups of defendants' Response briefs. This motion was granted by the Court. (Order, ECF No. 807). The Tucker Defendants subsequently filed a Motion to Reconsider (ECF No. 808) asking the Court to reverse this decision. However, "[g]iven the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full discretion of the Court." *Traylor Bros. v. San Diego Unified Port Dist.*, No. 08-CV-1019-L WVG, 2012 WL 1019966, at *2 (S.D. Cal. Mar. 26, 2012) (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (noting also that "judges

1

## I.    **BACKGROUND**

2       This action was brought by the FTC, asserting that the "high-fee, short-term payday

3  loans" offered by Defendants AMG, SFS, Inc., Red Cedar Services, Inc., and former Defendant

4  MNE Services, Inc. ("Lending Defendants")[3] violated section 5 of the Federal Trade

5  Commission Act of 1914, 15 § U.S.C. 45(a)(1), the Truth in Lending Act of 1968, 15 U.S.C.

6  § 1601(a), and Regulation Z, 12 C.F.R. § 1026(a). (Am. Compl. 15:1–20:6, ECF No. 386).

7       On December 27, 2012, the Court signed an Order entering the parties' joint stipulation

8  for preliminary injunction and bifurcation. (ECF No. 296).  The Bifurcation Order divided the

9  litigation into two phases: a liability phase and a relief phase. (*Id.* 9:1–10:23).  During Phase I

10 of the proceedings, the Court would adjudicate the merits of the FTC's claims for violations of

11 the FTC Act, TILA, and EFTA. (*Id.* 9:1–24).  During Phase II of the proceedings, the Court

12 would adjudicate the remaining issues, including the individual liability of the various

13 Defendants. (*Id.* 10:119).  On May 28, 2014, this Court entered an Order (ECF No. 584)

14 adopting a Report and Recommendation entered by Judge Ferenbach and granting summary

15 judgment in favor of the FTC on two of its four causes of action.  Accordingly, the litigation is

16 now in Phase II of the proceedings.

17

18 exercise substantial discretion over what happens inside the courtroom")).  Moreover, the Tucker Defendants'
   motion fails to present any evidence that the grounds for granting a motion to reconsider exist in this case. *See*
19 *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is
   appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the
20 initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").  Accordingly,
   the Motion to Reconsider is denied.

21
22 The FTC also filed a Motion to Unseal (ECF No. 810) four documents (ECF Nos. 803-7, 803-8, 803-9, 803-10)
   attached to its Reply as Exhibits, and the Tucker Defendants filed a Response (ECF No. 823).  In their Response,
23 the Tucker Defendants only oppose unsealing Blaine Tucker's Living Trust (ECF No. 803-7).  Because the
   Tucker Defendants have demonstrated that compelling reasons exist to maintain that document under seal, the
24 Court denies FTC's motion in regard to Blaine Tucker's Living Trust and grants the Motion in regard to the
   remaining documents.

25 [3] Because the FTC's Motion requests a preliminary injunction exclusively against the Tucker Defendants and the
   Relief Defendants, SFS, Inc. and Red Cedar Services, Inc. are not affected by this Order.

In the instant Motion, the FTC seeks a preliminary injunction against the Tucker Defendants and the Relief Defendants in the form of an asset freeze and accounting "[i]n light of mounting evidence that Defendants have been engaged in a continuous improper dissipation of and concealment of assets." (Mot. for Prelim. Inj. 1:2–4, ECF No. 780).  For the reasons set forth below, the Court grants the Motion for Preliminary Injunction.

## II.   LEGAL STANDARD

Under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), the Court may grant the FTC a preliminary injunction "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest." 15 U.S.C. § 53(b).  Section 13(b) of the FTC Act, therefore, "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard." *F.T.C. v. Warner Commc'n, Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984).  Under this more lenient standard, the FTC need not show irreparable harm; instead, it must only demonstrate (1) that it is likely to succeed on the merits and (2) that the equities weigh in favor of an injunction. *Id.* at 1160; *see also F.T.C. v. World Wide Factors*, 882 F.2d 344, 346 (9th Cir. 1989).

A court's authority to grant injunctive relief under Section 13(b) includes "all the inherent equitable powers . . . for the proper and complete exercise" of the court's equity jurisdiction. *F.T.C. v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982) (citations omitted).  One such power is the authority to freeze a defendant's assets. *Id.* at 1113; *F.T.C. v. Evans Prods. Co.*, 775 F.2d 1084, 1088–89 (9th Cir. 1985).  As the Ninth Circuit emphasized in *H.N. Singer*, an order freezing assets is a form of "ancillary relief" rather than a primary remedy. *See* 668 F.2d at 1112–13.  "Courts have inherent equitable powers to grant ancillary relief, other than a preliminary injunction restraining future violations of the law, when there is no likelihood of recurrence." *Evans Prods.*, 775 F.2d at 1088.  "A party seeking an asset freeze

must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).

## III.   DISCUSSION

### A.   Likelihood of Success on the Merits

"[T]he burdens at the preliminary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006).  Thus, the burden is on the FTC to demonstrate that it is likely to prevail on its claims that: (1) Scott Tucker and Blaine Tucker are individually liable; (2) a common enterprise existed among the lenders and their entities; and (3) the Relief Defendants are liable.  "Because irreparable injury must be presumed in a statutory enforcement action, the district court need only . . . find some chance of probable success on the merits." *World Wide Factors*, 882 F.2d at 347 (internal quotation marks omitted).

The Court finds that the FTC has satisfied its burden of demonstrating probable success on the merits of its claims, and considers each claim in turn.

### 1.   *Scott Tucker and Blaine Tucker are Personally Liable for Violations of the FTC Act*

Personal liability for violations of the FTC Act fall into two categories: liability for injunctive relief and liability for monetary relief.  Individuals are liable for injunctive relief if they directly participate in the deceptive acts or have the authority to control them. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997); *F.T.C. v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009).  To subject an individual to monetary liability, the FTC must show that the individual had knowledge of the misrepresentations, was recklessly indifferent to the truth or falsity of the misrepresentation, or was aware of a high probability of fraud and intentionally avoided the truth. *Publ'g Clearing House*, 104 F.3d at 1171; *Stefanchik*, 559 F.3d

at 931.  "[T]he extent of an individual's involvement in a fraudulent scheme alone is sufficient to establish the requisite knowledge for personal restitutionary liability." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1235 (9th Cir. 1999).

The evidence produced by the FTC demonstrates that Scott Tucker and Blaine Tucker acted with reckless indifference to the truth or falsity or an awareness of a high probability of fraud and an intentional avoidance of the truth.  Specifically, Scott Tucker, as AMG's president, directed all lending and collection activities, approved lending policies, drafted and reviewed loan disclosures and website content, and interacted and entered into agreements with third party servicers. (S*ee e.g.*, Grote Dep. 165:21–166:8, ECF No. 781-28).  For his part as AMG's vice-president, Blaine Tucker edited and approved loan disclosures, reviewed content appearing on the Lending Defendants' websites, and had the authority to modify and approve consumer call scripts and other lending policies implemented by the loan companies. (S*ee e.g.*, AMG Resp. to Interrog. No. 9, ECF No. 781-29).  Further, both Scott Tucker and Blaine Tucker received periodic reports tracking consumer complaints and were aware that AMG's customers often did not understand the Lending Defendants' process of renewals and paydowns. (*See, e.g.*, Ex. 30 to Singhvi Decl., ECF No. 781-36).  This evidence is sufficient to support a preliminary conclusion that Scott Tucker and Blaine Tucker were recklessly indifferent to or intentionally avoided the possibility of their representations being false or fraudulent.

### 2.    *Lenders Engaged in a Common Enterprise*

"[E]ntities constitute a common enterprise when they exhibit either vertical or horizontal commonality—qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." *F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142–43 (9th Cir. 2010).  In deciding whether a common enterprise exists, courts may consider such factors as whether the companies were under common ownership and

control; whether they pooled resources and staff; whether they shared phone numbers, employees, and email systems; and whether they jointly participated in a "common venture" in which they benefited from a shared business scheme or referred customers to one another. *Id.* at 1243.

In support of its claim that the Tucker Defendants engaged in a common enterprise, the FTC points out that "[t]he Tucker Corporate Defendants, wholly owned and controlled by Scott Tucker and Blaine Tucker, shared office space with each other and shared employees with AMG."[4] (Mot. for Prelim. Inj. 24:13–14; *see also* Ex. 57 to Singhvi Decl., ECF No. 57; Cert. of Int. Parties, ECF No. 58; Tucker Defs.' Am. Ans. ¶¶ 10–12, 15, ECF No. 397).  Further, the FTC also demonstrates that the Tucker Corporate Defendants and the Lending Defendants commingled corporate funds through "thousands of exorbitant and seemingly random payments made by the [Lending Defendants] to the Tucker Corporate Defendants." (Mot. for Prelim. Inj. 24:13–14; *see also* Ex. 5 to Singhvi Decl. at 5–7, 22–25, 45, 53, 57, 67–70, ECF No. 781-11).

While the Tucker Defendants acknowledge that "[t]he bulk of the Motion [for Preliminary Injunction] is devoted to trying to establish that Scott and Blaine Tucker were members of the alleged common enterprise," they neither discuss nor refute the FTC's evidence that the lenders engaged in a common enterprise. (Tucker Defs.' Resp. 21:10–11, ECF No. 797).  Accordingly, based on FTC's evidence indicating that a common enterprise existed, and the Tucker Defendants' tacit agreement to this claim by failing to refute it, the Court finds that the FTC is likely to succeed in proving that the Tucker Defendants engaged in a common enterprise.

---

[4] The "Tucker Corporate Defendants" are: AMG; Level 5 Motorsports, LLC; LeadFlash Consulting LLC; Black Creek Capital Corporation; and Broadmoor Capital Partners.

3.      *The Relief Defendants are Liable*

District courts are given broad authority under the FTC Act to fashion equitable remedies to the extent necessary to ensure effective relief. *Network Servs. Depot*, 617 F.3d at 1141–42.  "The broad equitable powers of the federal courts can be employed to recover ill gotten gains for the benefit of the victims of wrongdoing, whether held by the original wrongdoer or by one who has received the proceeds after the wrong." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).  "The creditor plaintiff must show that the [relief] defendant has received ill gotten funds *and* that he does not have a legitimate claim to those funds." *Id.* at 677. Upon such a showing, the remedy is an equitable monetary judgment in the amount of the funds that the relief defendant received. *See id.*; *see also S.E.C. v. Banner Fund Int'l*, 211 F.3d 602, 617 (D.C. Cir. 2000) ("[D]isgorgement is an equitable obligation to return a sum equal to the amount wrongfully obtained, rather than a requirement to replevy a specific asset.").

The Relief Defendants received funds derived from the fraudulent activities of the other defendants.  Kim Tucker received at least $19 million in non-salary payments, usually orchestrated by Scott Tucker, originating from a Lending Defendant or a member of the common enterprise. (*See, e.g.*, Ex. 109 to Singhvi Decl., ECF No. 781-115).  Park 269, wholly owned by Kim Tucker and nominal owner of an $8 million mansion in Aspen, Colorado, also received payments arranged by Scott Tucker for the property's purchase, mortgage, property taxes, furnishing, maintenance, and housekeeping. (*See, e.g.*, Ex. 118 to Singhvi Decl., ECF No. 781-124).  Based on this evidence of commingling of funds, and considering that the Court has preliminarily found Scott Tucker to be personally liable for violations of the FTC Act, the Court finds that the FTC has demonstrated a likelihood of success that it will recover from the Relief Defendants.

**B.      Balancing of the Public and Private Interests**

In balancing the equities, public equities receive far greater weight than private equities. *Affordable Media*, 179 F.3d at 1236.  Public equities include economic benefits and competitive advantages for consumers, and effective relief for the FTC. *See Warner Commc'n*, 742 F.2d at 1165.  "[W]hen a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight." *World Wide Factors*, 882 F.2d at 347.  If the FTC demonstrates a likelihood of success on the merits, "a countershowing of private equities alone does not justify denial of a preliminary injunction." *Warner Commc'n*, 742 F.2d at 1165.

The Court finds that the public equities are substantial and outweigh the private equities in this case.  As discussed below, the FTC has established that its ability to provide restitution to consumers will be severely impaired by the denial of an injunction.  While the Tucker Defendants insist that living expenses and attorneys' fees must be excluded from the asset freeze, the Court has discretion to impose limited allowances for normal living expenses and attorneys' fees. *See, e.g.*, *F.T.C. v. Ideal Fin. Sols., Inc.*, No. 2:13-CV-00143-JAD-GW, 2014 WL 4541191, at *2 (D. Nev. Sept. 9, 2014) ("The Ninth Circuit recognizes district courts' discretion in civil cases to 'forbid or limit payment of attorney fees out of frozen assets.'") (quoting *Commodity Futures Trading Com'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995)).  Therefore, the balance of equities favors the FTC.

**C.      Asset Freeze**

Congress has given district courts equitable authority to order the freezing of assets under § 13(b) of the FTCA. *H.N. Singer*, 668 F.2d at 1113.  An asset freeze is proper to ensure that adequate funds will be available to compensate defrauded consumers. *Id.*  "A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson*, 572 F.3d at 1085.  The Court

must also consider whether the freezing of assets "under certain circumstances . . . might thwart the goal of compensating investors if the freeze were to cause such disruption of defendants' business affairs that they would be financially destroyed." *Id.* (quoting *S.E.C. v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1106 (2d Cir. 1972)).

The FTC has presented sufficient evidence to justify an asset freeze. Not only has it shown that the Tucker Defendants are likely to conceal and dissipate assets, but it has also shown that a monetary award against the Tucker Defendants exceeds their ability to pay. Regarding dissipation and concealment of assets, the evidence demonstrates that the Tucker Defendants dissipated funds by writing thousands of checks to their wholly owned companies and using corporate assets for personal expenditures, including jet travel, luxury automobiles, a vacation home, and personal credit card expenses. (Ex. 66 to Singhvi Decl., ECF No. 781-72; Ex. 38 to Singhvi Decl., ECF No. 781-44). Further, between March 2013 and late 2014, the Tucker Defendants' total assets shuffled through numerous financial institutions and ultimately decreased by $90 million. (*See, e.g.*, Budich Decl. ¶ 8, ECF No. 782; Ex. 45 to Singhvi Decl., ECF No. 781-51).

Next, regarding the Tucker Defendants' abilities to pay a monetary reward, the FTC estimates that it may recover the following amounts: $340 million to $1.3 billion against the Tucker Defendants based on consumer restitution; $400 million against the Tucker Defendants if the Court awards disgorgement; and $27 million against the Relief Defendants based on the value of unearned payments made to them.[5] (Mot. for Prelim. Inj. 27:23–27). Because the total

---

[5] The FTC's consumer harm calculations are based on an analysis of defendants' consumer loan data and summarized in the Declaration of Elizabeth Miles ("Miles Declaration") pursuant to Federal Rule of Evidence 1006. (Mot. for Prelim. Inj. 2:20–21; Miles Decl., ECF No. 781-1). The Tucker Defendants argue that the Miles Declaration is inadmissible under Rule 1006 because "summaries such as those set forth in the Declaration must be authenticated by an expert." (Tucker Defs.' Resp. 14:8–9). Further, the Tucker Defendants complain that they "have never been provided [the software used to generate the summaries and] have not been allowed to examine any of the 'scripts' [written] for this software." (*Id.* 14:17–18). However, Rule 1006 merely requires that the "underlying records for which the summaries are made admissible in evidence, and available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125, 1130–31 (9th Cir. 2011). This standard does not

assets currently held by the Tucker Defendants and the Relief Defendants do not exceed $125 million, it is likely that the Court's judgment would greatly exceed Defendants' abilities to pay. (*See* Budich Decl. ¶ 8). Finally, an asset freeze would not disrupt Defendants' businesses as they have ceased operations. *See H.N. Singer*, 668 F.2d at 1113 (finding that "there is no danger that the freeze will disrupt the defendants' business affairs [because] . . . [t]hey are out of business").

While the Tucker Defendants do not dispute any of these facts, they nevertheless maintain that "[t]he FTC has failed to demonstrate the likelihood of dissipation or concealment of assets." (Tucker Defs.' Resp. 21:8). Principally, the Tucker Defendants argue that the FTC's evidence of dissipation is "'substantially outdated' and 'stale.'" (*Id.* 21:14) (quoting *F.T.C. v. Merch. Servs. Direct, LLC*, No. 13-CV-0279-TOR, 2013 WL 4094394, at *3 (E.D. Wash. Aug. 13, 2013)).[6] In addition, the Tucker Defendants suggest that no dissipation occurred with regard to "[t]he $90 million difference in assets from March to the latter part of 2014 [because those funds reflect] tax payments made by or on behalf of the Tucker Defendants." (Tucker Defs.' Resp. 23:1–3).

However, each of the Tucker Defendants' arguments are misplaced. Indeed, evidence of past dissipation is relevant to and probative of the likelihood of future dissipation. *See, e.g.*,

---

require expert testimony, nor does it require the proponent of the summary to provide its software or disclose the exact keystrokes used to perform the calculations. *See Richardson v. Cheshier & Fuller, L.L.P.*, No. 6:07-CV-256, 2008 WL 5122122, at *4 (E.D. Tex. Dec. 3, 2008) ("[Witness's] testimony described the contents of a summary of voluminous business records and the methods she used to create the summary, the admissibility of which neither party disputes. Such testimony is not considered expert testimony."). Because the Tucker Defendants do not argue that the evidence upon which the Miles Declaration was generated is inadmissible or unavailable to them, the Tucker Defendants' complaints under Rule 1006 are without merit. The Court further finds the Tucker Defendants' additional attacks on the Miles Declaration unpersuasive and unfounded.

[6] The Tucker Defendants fail to clarify that the court in *Merchant Services* discussed the relevance of "stale" evidence in the context of a permanent injunction against future violations of the FTC Act, not—as relevant here—ancillary relief. *Merch. Servs.*, 2013 WL 4094394, at *3. The *Merchant Services* court ultimately did decline to enter ancillary relief in the form of an asset freeze, but based its decision on other grounds. *Id.* at *4. This apparent misunderstanding of the difference between an injunction against future violations and ancillary relief pervades both the Tucker Defendants' and the Relief Defendants' Responses to the instant Motion. *See, e.g.*, *Evans Prods.*, 775 F.2d at 1088.

*Affordable Media*, 179 F.3d at 1236–37 (noting defendants' history of concealing and dissipating assets supported likelihood of dissipation finding).  In addition, the Tucker Defendants cite no case law to support the proposition that funds obtained from deceived consumers to reduce their own income tax liability mitigates against a finding of dissipation. *C.f. F.T.C. v. Crittendon*, 823 F. Supp. 699, 704 (C.D. Cal. 1993) *aff'd* 19 F.3d 26 (9th Cir. 1994) (funds derived from deception are held in constructive trust for deceived consumers, and are not to be used to pay defendant's taxes).  Moreover, as the FTC points out, "if the Tucker Defendants' paid $100 million in income taxes, where are the earnings upon which those taxes were assessed?" (Mot. for Prelim. Inj. 24:8–9).  Given that the Tucker Defendants appear to have had just $212.6 million in assets by the end of March 2013, FTC's question renders Defendants' explanations doubtful. (*See* Budich Decl. ¶ 7).

Accordingly, the Tucker Defendants' conduct establishes a likelihood that in the absence of an asset freeze and accounting, asset dissipation and concealment will continue.[7] *See, e.g.*, *Johnson*, 572 F.3d at 1085 (defendant's past of diverting more than $35 million in company assets to his personal bank account created a likelihood of asset dissipation).  The Court therefore finds that it is necessary to freeze their assets and orders an accounting "to preserve the possibility of effective relief." *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 560 (9th Cir. 1992).

Based on the forgoing, the Court shall issue a preliminary injunction consistent with the definitions set forth below.

## IV.   DEFINITIONS

1.  **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments,

---

[7] The Tucker Defendants cite no authority to support their contention that the proposed accounting is unjustified "mandatory relief." (Tucker Defs.' Resp. 30:6–13).  Instead, the Court recognizes that accountings are frequently and routinely ordered in conjunction with an asset freeze. *See, e.g.*, *Johnson*, 572 F.3d at 1085.

equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

2. **"Defendants"** means (a) each Tucker Defendant and (b) each Relief Defendant. Furthermore, any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any Tucker Defendant or any Relief Defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise, is bound to comply with this Order, *see* Fed.R.Civ.P. 65(d), whether these persons or entities are acting directly or through a trust, corporation, subsidiary, division, or other device.

3. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including email and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

4. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

5. **"Plaintiff" or "Commission" or "FTC"** means the Federal Trade Commission.

6. **"Relief Defendants"** means Kim Tucker, Park 269, LLC, and their successors, assigns, affiliates, or subsidiaries.

7. **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

8. **"Tucker Defendants"** means Scott A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, LeadFlash Consulting LLC, Broadmoor Capital Partners, LLC, and Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker, and their successors, entities, assigns, affiliates, or subsidiaries.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that the Tucker Defendants' Motion for Extension of Time (ECF No. 786) and the Relief Defendants' Motion for Extension of Time (ECF No. 792) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Tucker Defendants' Motion to Reconsider (ECF No. 808) is **DENIED**.

**IT IS FURTHER ORDERED** that the FTC's Motion to Unseal (ECF No. 810) is **GRANTED in part** and **DENIED in part**.  The Clerk is ordered to **UNSEAL** the following documents: Declaration of Natalie C. Dempsey (ECF No. 803-8); OneClickCash Traning Manual (ECF No. 803-9); and UCL Team Meeting Minutes (ECF No. 803-10).  Blaine Tucker's Living Trust (ECF No. 803-7) will remain filed under **SEAL**.

**IT IS FURTHER ORDERED** that the FTC's Motion for Preliminary Injunction (ECF No. 780) is **GRANTED** pursuant to the following terms:

## I.

## ASSET FREEZE

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

1.    owned or controlled, in whole or in part, by any Defendant;

2.    held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3.    in the actual or constructive possession of any Defendant;

4.    held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

5.    owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, controlled by any of the Defendants, or of which any Defendant is an officer, director, member, or manager. This includes, but is not limited to, any assets held by, for, or subject to access by, any of the

Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind; or

6.      held in any account for which any Defendant is an authorized signer.

B.      Opening or causing to be opened, unless accompanied by counsel for the Commission, any safe deposit boxes titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant;

C.      Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

D.      Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

E.      Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Defendant, or any corporation, partnership, or other entity  irectly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes, but is not limited to, any corporate bank or credit card account for which any Defendant is an authorized signer.

**IT IS FURTHER ORDERED** that the assets affected by this Section shall include assets (a) existing as of the date this Order was entered, or (b) acquired by any Defendant following entry of this Order, if such assets are derived from the conduct alleged in the Commission's Complaint.

**IT IS FURTHER ORDERED** that Defendant Scott A. Tucker and Relief Defendant Kim Tucker may retain access to $75,000 (collectively) for attorneys' fees and living expenses for two months following the date of this Order and that Defendant Nereyda M. Tucker may retain $25,000 for attorneys' fees and living expenses for two months following the date of this

Order. After the end of this two-month period, the FTC, Scott A. Tucker, Kim Tucker, and Nereyda M. Tucker shall confer regarding future allowances for attorneys' fees and living expenses.

## II.

## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processing company, payment processor, merchant bank, acquiring bank, business entity, or person who receives actual notice of this Order (by personal service or otherwise) that (a) holds, controls, or maintains custody of any account or asset of any Defendant, (b) holds, controls, or maintains custody of any asset associated with credit or debit card charges made on behalf of any Defendant, including but not limited to, reserve funds held by payment processors, or (c) has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order shall:

    A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale, or other disposal of any such asset except by further order of this Court;

    B.    Deny any person access to any safe deposit box that is:

        1.    titled in the name of any Defendant, either individually or jointly; or

        2.    otherwise subject to access by any Defendant;

    C.    Provide the FTC's counsel, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

        1.    the identification number of each account or asset:

            a.    titled in the name, individually or jointly, of any of the Defendants;

            b.    held on behalf of, or for the benefit of, any of the Defendants; or

       c.      associated with credit or debit card charges made on behalf of any of the Defendants;

    2.    the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3.    the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

**D.**    Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## III.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to counsel for the Commission completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee. The financial

statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Defendant; or (c) under the direct or indirect control of such Defendant.

## IV.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within three (3) days following the service of this Order, each Defendant shall:

A.      Provide the Commission with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

B.      Transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are: (1) titled in the name individually or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly.

## V.

## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section IV of this Order, including, but not limited to:

A.       Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section IV of this Order; or

B.       Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section IV of this Order.

## VI.

## ACKNOWLEDGEMENT AND DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.       Each Defendant, within three (3) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.       Defendants shall immediately provide a copy of this Order to each officer, director, employee, agent, attorney, or other representative of any Defendant, who has the ability to dispose of or manage the Assets of any Defendant. Defendants shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order. Furthermore, Defendants shall not take any action that would encourage those who receive this Order to disregard it or believe that they are not bound by its provisions.

## VII.

## SERVICE ON FINANCIAL INSTITUTIONS,

## ENTITIES, OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## VIII.

## GENERAL SERVICE OF ORDER

**IT IS FURTHER ORDERED** that pursuant to Rule 4(c)(2), Fed. R. Civ. P., this Order and the initial papers filed in this matter may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order, by employees of the FTC, by employees of any other law enforcement agency, by any agent of Plaintiff, or by any agent of any process service retained by Plaintiff.

## IX.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Nikhil Singhvi
> Jason D. Schall
> Ioana Rusu
> Federal Trade Commission
> 600 Pennsylvania Avenue NW, CC-10232

Washington, DC 20580
FAX: 202-326-3768
Email: nsinghvi@ftc.gov, jschall@ftc.gov, irusu@ftc.gov

## X.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DATED** this ____31____ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

Attachment A

**FEDERAL TRADE COMMISSION**
**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1.  Complete all items.  Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you.  If you cannot fully answer a question, explain why.

2.  "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4.  Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1)  "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2)  "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3)  "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. |
|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers<br>Home: (    )<br>Fax:  (    ) | Date of Birth:      /   /<br>(mm/dd/yyyy) |
|---|---|---|
| | | Place of Birth |

| ☐Rent  ☐Own      From (Date):      /   /<br>(mm/dd/yyyy) | E-Mail Address |
|---|---|

| Internet Home Page |
|---|

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:      /   /<br>(mm/dd/yyyy)     Until:      /   /<br>(mm/dd/yyyy)<br><br>☐Rent  ☐Own |
|---|---|
| Address | From:      /   /     Until:      /   /<br><br>☐Rent  ☐Own |
| Address | From:      /   /     Until:      /   /<br><br>☐Rent  ☐Own |

| Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used: |
|---|

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>   /   /<br>(mm/dd/yyyy) |
|---|---|---|

| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
|---|---|---|
| | ☐Rent  ☐Own      From (Date):      /   /<br>(mm/dd/yyyy) | |

| Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used: |
|---|

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>   /   /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

| Item 5.  Information About Dependents (whether or not they reside with you) | | | |
|---|---|---|---|
| Name and Address | Social Security No.<br>    /    / | Date of Birth<br>    /    /<br>(mm/dd/yyyy) | |
| | Relationship | | |
| Name and Address | Social Security No.<br>    /    / | Date of Birth<br>    /    /<br>(mm/dd/yyyy) | |
| | Relationship | | |
| Name and Address | Social Security No.<br>    /    / | Date of Birth<br>    /    /<br>(mm/dd/yyyy) | |
| | Relationship | | |
| Name and Address | Social Security No.<br>    /    / | Date of Birth<br>    /    /<br>(mm/dd/yyyy) | |
| | Relationship | | |

**Item 6.  Employment Information/Employment Income**

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>    / | To (Month/Year)<br>    / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>    / | To (Month/Year)<br>    / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>    / | To (Month/Year)<br>    / | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |

Initials: _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account |  | Account No. |
|---|---|---|---|
|  | Date Established /   / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account |  | Account No. |
|  | Date Established /   / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
|  | $ | / / |
|  | $ | / / |
|  | $ | / / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

Initials: _____

**Item 18.  Real Property**
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy)  /   / | Purchase Price  $ | Current Value  $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract  $ |
|---|---|---|
| | | Monthly Payment  $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment  $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance  $ | Monthly Rent Received  $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy)  /   / | Purchase Price  $ | Current Value  $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract  $ |
|---|---|---|
| | | Monthly Payment  $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment  $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance  $ | Monthly Rent Received  $ |

# LIABILITIES

**Item 19.  Credit Cards**
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 20.  Taxes Payable**
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred /   / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred /   / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

## Item 22.  Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /   / | | | $ |
| | /   / | | | $ |
| | /   / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23.  Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /   / | |
| | | $ | /   / | |
| | | $ | /   / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | | **Total Liabilities** | |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

| Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | | $ |
| Social Security Payments | $ | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| **Total Income** | $ | **Total Expenses** | | $ |

## ATTACHMENTS

### Item 27.  Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

Attachment B

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

<u>Instructions</u>:

1.      Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.      The font size within each field will adjust automatically as you type to accommodate longer responses.

3.      In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.      When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.      Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.      Type or print legibly.

7.      An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

<u>Penalty for False Information</u>:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

### BACKGROUND INFORMATION

**Item 1.**　　　**General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____


**Item 2.**　　　**Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____


**Item 3.**　　　**Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**         **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

Name & Address          % Owned

_____   _____

_____   _____

_____   _____

_____   _____

**Item 5.**         **Board Members**

List all members of the corporation's Board of Directors.

Name & Address      % Owned    Term (From/Until)

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

**Item 6.**         **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

Name & Address          % Owned

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Initials _____

<u>**Item 7.**</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>                                                    <u>Business Activities</u>        <u>% Owned</u>

_____    _____  _____

_____    _____  _____

_____    _____  _____

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

<u>**Item 8.**</u>        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

<u>Individual's Name</u>                  <u>Business Name & Address</u>                            <u>Business Activities</u>    <u>% Owned</u>

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

<u>**Item 9.**</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

<u>Name and Address</u>                              <u>Relationship</u>        <u>Business Activities</u>

_____  _____  _____

_____  _____  _____

_____  _____  _____

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

**Item 13.**           **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Page  6                                                                Initials _____

**Item 14.**          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

<u>**Item 15.**</u>           **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>**Item 16.**</u>           **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation.  *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**<u>FINANCIAL INFORMATION</u>**

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>**Item 17.**</u>           **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years.  *Attach copies of all returns.*

| <u>Federal/<br>State/Both</u> | <u>Tax Year</u> | <u>Tax Due<br>Federal</u> | <u>Tax Paid<br>Federal</u> | <u>Tax Due<br>State</u> | <u>Tax Paid<br>State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date.  *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

**Item 19.**        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|--|----------------------|------------|-------------|-------------|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payables | $_____ | | | |
| Receivables | $_____ | | | |

**Item 20.**        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of  Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-------------------------------------------|------------------------|-------------|-----------------|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 21.**          **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**          **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**          **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**          **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 25.**        **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>               <u>Names of Authorized Users and Positions Held</u>

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

**Item 29.**        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

         Initials _____

<u>**Item 30.**</u>　　　　　**Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

<u>**Item 31.**</u>　　　　　**Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

　　　　　Initials _____

**Item 32.**        **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document        Description of Document
        Relates To

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____
(Date)        Signature

        _____
        Corporate Position