**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

AMG SERVICES, INC.; *et.al.*,

    Defendants.

Case No. 2:12–cv–536–GMN–VCF

**<u>ORDER</u>**

MOTION TO STAY THE CASE (DOC. #932)

  This matter involves the Federal Trade Commission's (hereafter the "FTC") civil action against AMG Capital Management, LLC, Scott A. Tucker (hereafter "the Tucker Defendants")[1], and other Defendants. Before the court are the Tucker Defendants' motion to stay the case (Doc. #932), the FTC's response (Doc. #945), the Tucker Defendants' reply (Doc. #947), and the FTC's sur-reply (Doc. #958). For the reasons stated below, the Tucker Defendants' motion is denied.

**I. Background**

  In April 2012, the FTC sued the Tucker Defendants[2] for violations of various federal statutes that regulate the lending industry. (Doc. #1). In December 2012, the action was bifurcated. (Doc. #296). Phase I focused on the liability of certain Defendants, including the Tucker Defendants, for violations of federal law. (Id. at 9). Phase II focused on the amount of damages the FTC was entitled to recover and from which Defendants the FTC may recover. (*Id.* at 10).

---

[1] During the course of litigation, the Defendants were informally separated into distinct groups based on their involvement, or non-involvement, in the underlying payday lending operation. The Tucker Defendants consist of Scott A. Tucker, the estate of Blaine Tucker, and associated business entities.

[2] At this time, only the Tucker Defendants move to stay this action. Accordingly, the court will limit its discussion to the litigation between the FTC and the Tucker Defendants.

In May 2014, Phase I concluded with summary judgment entered in favor of the FTC. (Doc. #584). In July 2014, Phase II began. (Doc. #628). In March 2015, the Tucker Defendants moved to stay the instant action, citing potential Fifth Amendment concerns regarding possible criminal proceedings against Scott A. Tucker. (Doc. #759). This court denied the Tucker Defendants' motion to stay. (Doc. #771). In February 2016, the United States Attorney's Office unsealed an indictment against Scott A. Tucker and Timothy Muir, a non-Tucker Defendant who had previously been dismissed from the instant action. (Doc. #947-1 at 8). Tucker and Muir were charged with violations of federal law related to their operation of a nationwide payday lending operation. (Id.)

The Tucker Defendants now move to stay the instant action, citing the unsealed indictment and the certainty, rather than the mere possibility, of a parallel criminal action against Scott A. Tucker.

## II. Legal Standard

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "'In the absence of substantial prejudice to the rights of the parties involved simultaneous parallel civil and criminal proceedings are unobjectionable.'" *Id.* (quoting *S.E.C. v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). "Nevertheless, a court may decide in its discretion to stay civil proceedings … when the interest of justice seem to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceedings should be made 'in light of the particular circumstances and competing interest involved in the case.'" *Keating*, 45 F.3d at 324 (quoting *Fed. Sav. & Loan Ins. Corp., v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The court will consider "the extent to which the defendant's Fifth Amendment rights are implicated," *Molinaro*, 889 F.2d at 902, as well as "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to the plaintiff

of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its case, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.2d at 325.

## III. Discussion

1.  Scott A. Tucker's Fifth Amendments Rights Are Adequately Protected

"The case for staying civil proceedings is a 'far weaker one' when 'no indictment has been returned and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903.  "[A] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.'" *Keating*, 45 F.2d at 326.  "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in civil proceedings." *Id.*; see also *Takiguchi v. MRI Int'l, Inc.*, Case No. 2:13-cv-1183-HDM-VCF, 2015 WL 5795807 at* 4 (D. Nev. Oct. 2, 2015) (finding that concerns about the defendants' Fifth Amendment rights weighed in favor of staying the action, but recognizing that Fifth Amendment rights were "only one consideration to be weighed against other.").

Here, concerns regarding Scott Tucker's Fifth Amendment rights weigh against staying this action.  Discovery is closed in this action.  The Tucker Defendants' do not dispute that Tucker asserted his Fifth Amendment rights throughout discovery.  (Doc. #934 at 2).  There are few, if any, remaining opportunities for Tucker to assert his Fifth Amendment rights.  As Tucker has asserted, or waived, his Fifth Amendment rights as to responsive documents and testimony in his civil proceedings, there is little threat of an inadvertent waiver of Tucker's Fifth Amendment rights. *See Takiguchi*, 2015 WL 5795807 at *4 (Fifth Amendment concerns weighed in favor of staying the action as discovery was in its early

3

stages and defendants indicated they would invoke their Fifth Amendment rights in response to civil discovery requests).

The Tucker Defendants' argument, that Scott Tucker is being forced to choose between exposing himself to civil liability or revealing his criminal trial strategy to the Government, is unpersuasive. Tucker invoked his Fifth Amendment rights during discovery. Tucker may not now, take issue with the consequences of his decision. *Keating*, 45 F.2d at 326 (permitting, in civil proceedings, adverse inferences to be drawn from a defendant's invocation of his Fifth Amendment rights).

2. <u>The FTC Will be Prejudiced If the Instant Action is Stayed</u>

The FTC will be prejudiced if the action is stayed. Since April 2012, the FTC actively litigated this action, obtained favorable summary judgments in Phase I, and now, in Phase II, seeks to prove the amount of damages it is entitled to recover and from whom it may recover damages. Staying the instant action would only delay the calculation of the FTC's damages. The prejudice that the FTC will suffer if a stay is issued weighs against a stay.

3. <u>The Tucker Defendants Will Suffer a Minimal Burden If the Instant Action is Not Stayed</u>

The Tucker Defendant will suffer minimal harm if a stay is not issued. The Tucker Defendants' argument, that resolution of pending motions for summary judgment will reveal their criminal trial strategy, is unpersuasive. In Phase I, the Tucker Defendants opposed the FTC's motion for partial summary judgment (Doc. #358) and joined other Defendants' motion for summary judgment (Doc. #466). In Phase II, The Tucker Defendants opposed the FTC's motion for summary judgments. (Doc. #941). The Tucker Defendants' oppositions and other moving papers are available to the public. Any criminal trial strategy contained in the aforementioned papers has been revealed. Any alleged harm, if any, has been done. Thus potential harm to the Tucker Defendants is minimal and weighs against a stay.

4.  <u>The Court's Interest in Managing Its Docket and in the Efficient Use Judicial Resources Weighs Against Not Staying the Instant Action</u>

Contrary to the Tucker Defendants' position, the court's interest in managing its docket, as well as the efficient use of judicial resources, weighs against a stay. Over the past three years, the court has invested considerable time and effort into the FTC's civil action against the Tucker Defendants. A stay in the final stages of the civil proceedings in this action, pending the resolution of a criminal action which may take years to resolve, would unnecessarily delay resolution of this action and require the court to expend additional resources to maintain the action on its docket. The court's interest weighs against a stay.

5.  <u>The Interest of Non-Parties and the Public Weigh Against Staying the Instant Action</u>

The interests of non-parties, primarily victims of the Tucker Defendants' misconduct, and the public weigh against a stay. The victims of the Tucker Defendants' misconduct have waited for over three years to recover money owed to them in restitution by the Tucker Defendants. The public has a strong interest in seeing the money wrongfully obtained by the Tucker Defendants returned to their victims. A stay would only delay disbursement of restitution, given that the only remaining issues in Phase II are the amount of damages that the FTC may recover.

The Tucker Defendants' argument, that any money recovered by the FTC will not be distributed to wronged consumers, is unpersuasive. Even if the FTC were unable to distribute the money it recovered from the Tucker Defendants, the interests of the public and non-parties would be better served by having restitution damages forfeited to the FTC, rather than remain with the Tucker Defendants. This is especially true given that the FTC alleges that the Tucker Defendants attempted to hide their ill-gotten gains by transferring large sums of money to the Relief Defendants. (Doc. #780).

6. <u>The United States Attorney's Office's Request for a Stay in the *Felts* Action Does Not Weigh in Favor of a Stay in the Instant Action</u>

The Tucker Defendants argue that the United States Attorney's Office's request that discovery be stayed in a related civil action in New Mexico state court, *Felts v. Paycheck Today, et.al.*, warrants a stay in the instant action. (Doc. #947-1 at 2). The Tucker Defendants' argument is unpersuasive. Pursuant to Federal Rule of Criminal Procedure 16(a), a criminal defendant may not obtain discovery regarding "statements made by prospective government witness." FED. R. CRIM. P. 16(a)(2); *see also United States v. Alvarez*, 358 F.3d 1194, 1207 n. 8 (9th Cir. 2004). Here, the U.S. Attorney's Office's request to stay discovery in the *Felts* action does not weigh in favor of staying the instant action. The U.S. Attorney's Office request is based on concerns that depositions pending in the *Felts* action will allow the Tucker Defendants to circumvent Federal Rule of Criminal Procedure 16(a) and obtain the statements of prospective government witness. The factors favoring a stay in the *Felts* action are absent from the instant action. Discovery is closed. The Tucker Defendants no longer have an opportunity to discover the statements of prospective government witness. Thus the U.S. Attorney's Office's request in the *Felts* matter does not weigh in favor of a stay in the instant action.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Tucker Defendants' motion to stay the case (Doc. #932) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE