**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THE FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>AMG SERVICES; *et.al.*,<br><br>                    Defendants. | Case No. 2:12–cv–536–GMN–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION FOR ORDER TO SHOW CAUSE (ECF NO. 974) |

This matter involves the FTC's civil action against the Scott A. Tucker, Blaine Tucker, and other Defendants (the Tucker Defendants). Before the court are the FTC's motion for an order to show cause (ECF No. 974), Tucker's response (ECF No. 983), and the FTC's reply (ECF No. 991). The court held a hearing at 11a.m. on June 9, 2016. For the reasons stated below, the FTC's motion should be denied.

**I. Background**

The parties are well familiar with the factual background of this action. The court will therefore summarize the relevant procedural background.

On March 31, 2016, the court entered an asset freeze order. (ECF No. 960) This order instructed:

> [E]ach Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to counsel for the Commission completed financial statements on the forms attached to this Order as Attachment A (Financial Statement for Individual Defendant) for themselves individually, and Attachment B (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which that are an officer, and for each trust for which any Defendant is a trustee.

(*Id.* at 16-17)

Approximately one month later the FTC moved for an order to show cause. (ECF No. 974) The FTC alleged that Scott Tucker improperly refused to complete his personal financial

statement as well as corporate financial statements for 49 non-party entities. (ECF No. 974) Tucker maintained that his Fifth Amendment rights would be violated if he was required to complete financial statements for himself and his affiliated businesses. (ECF No. 983)

The FTC subsequently withdrew its request as to four entities: (1) DLG Services Inc.; (2) National Money Service, Inc.; (3) Polo Real Estate Holdings; and (4) Rehab Capital I, LLC. (ECF No. 1011-1 at 2-3) This left 45 non-party entities in dispute.

While the FTC's motion was pending, the parties agreed that, in lieu of a personal financial statement, the FTC would be allowed to run a credit report on Scott Tucker. (ECF No. 1009) The parties also stipulated that if Tucker was required to complete corporate financial statement, he would provide information for the following 17 non-party entities:

1. BA Services LLC
2. C5 Capital LLC
3. DF Services Corp.
4. DFTW Consolidated [UC] LLC
5. Impact BP LLC
6. Level 5 Apparel LLC
7. Level 5 Capital Partners LLC
8. Level 5 Eyewear LLC
9. Level 5 Scientific LLC
10. NM Service Corp. (f/k/a National Money Service)
11. PSB Services LLC
12. Real Estate Capital Services LLC (f/k/a Rehab Capital I, LLC)
13. Sentient Technologies

14.  ST Capital LLC

15.  Westfund LLC

16.  Eclipse Renewables Holdings LLC

17.  Scott Tucker Declaration of Trust, dated February 20, 2015

The FTC also withdrew its request for financial statements as to two entities:

1.  DLG Services, LLC

2.  Rehab Capital I, LLC

With regard to the remaining 27 non-party entities, the parties also agreed that the four entities would be outside the scope of the asset freeze order:[1]

1.  Corona Management Corp.

2.  Consumer Service Corp.

3.  EGC Service Corp.

4.  Latin Global Entertainment Network, LLC

This leaves the court with two issues to address: (1) whether the remaining non-party entities would be subject to the court's asset freeze order and (2) whether Scott Tucker's refusal to complete corporate financial statements constitutes civil contempt.

**II. Discussion**

1.  <u>Entities Within the Scope of the Asset Freeze Order</u>

The parties have asked the court to determine whether the remaining 23 non-party entities are within the scope of the asset freeze order.

---

[1] Tucker contends that three additional entities are outside the scope of the order: (1) CB Service Corp.;(2) Executive Global Management; and (3) Sagebrush Development Co., LLC.  (ECF No. 1015-1) At the hearing, the FTC stated that it had been unable to verify that these entities were dormant.  Since the parties have not stipulated as to these three entities, the court will treat them as in dispute and make the appropriate factual findings.

        i.      *Entities Identified in Scott Tucker's IRS Schedule C Form*

According to a 2014 Schedule C form for West Race Cars, LLC, Scott Tucker claimed significant losses for the business. (ECF No. 1012-1 at 38) The amount of money documented makes it highly likely that West Race Cars, LLC is an entity under which Scott Tucker conducts business.

        ii.      *Entities Identified in Scott Tucker's IRS Schedule E Forms*

According to a 2014 Schedule E recap, Scott Tucker claimed losses for: (1) Caribbean Medical Brokers, Inc.; (2) Eyeverify LLC; and (3) Think Big Partners LLC. (ECF No. 1012-1 at 27) The amount of money documented makes it highly likely that these three businesses are entities under which Scott Tucker conducts business.

Tucker also completed Schedule E forms for five other entities: (1) London Bay-TSS Acquisition Co. LLC; (2) ESSFAAC LLC; (3) OAP I LLC; (4) Drive Digital Media LLC; and (5) Sagebrush Development Co. LLC. (*Id.*) The Schedule E forms do not list any profits or losses for these entities. (*Id.*) A blank Schedule E form, without more, does not convince the court that Scott Tucker does business under, or is an officer of, these entities.

        iii.      *Entities Identified in Scott Tucker's Discovery Responses*

The FTC also seeks financial statements from thirteen non-party entities: (1) C.B. Service Corp.; (2) Cash Disccom, Inc.; (3) CVC Services, Inc.; (4) Executive Global Management, Inc.; (5) Expedition Investments; (6) Key Financial Systems Corp.; (7) Key Financial Systems New; (8) Pinion Management; (9) Pinion Management New; (10) Silverstate Business Administrators; (11) TCS Services, LLC; (12) Technology Providers; and (13) Whiteoak Investments, LLC. (ECF No 1011-4)

The FTC supports its position with a one-page list that includes the aforementioned entities. (*Id.*) The FTC represents that this list is a summary of a 613-page document that details the financial information for all thirteen entities. The Commission however did not attach any part of this document

to demonstrate to the court that the list is indeed an accurate summary of a larger document. (*Id.*) The FTC's bare assertion that "Scott Tucker is conducting business through, or is an officer of" (ECF No. 1011) each entity does not convince the court that Tucker would be required to complete a financial statement for these entities.

      iv. *Entities Identified in Scott Tucker's IRS Employer Identification Number Documents*

In a letter from the IRS, Scott Tucker is identified as the "sole mbr" of Level 5 Management LLC. (ECF No. 10-11-5) The FTC argues that this phrase means that Tucker is the sole member of Level 5 Management LLC. The court agrees and will hold that Level 5 Management LLC is within the scope of the asset freeze order.

2. <u>Scott Tucker Should Not be Held in Contempt</u>

In a civil contempt proceeding, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 2 (9th Cir. 1992). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* "[A] court should not hold a person in contempt if the person's action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *Alliance of Nonprofits for Ins., Risk Retention Group v. Barratt*, Case No. 2:10-cv-1749-JCM-RJJ, 2013 WL 164148 at* 1 (D.Nev. Jan 15, 2013) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

While a court may order a party to exercise control over foreign entities, it is unclear whether this power extends to entities that may be brought under the court's jurisdiction. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1242 (9th Cir. 1999). In *Affordable Media*, the defendant's investment business was a Ponzi scheme. *Id.* at 1232. As the scheme began to unravel, the defendants

moved their assets outside of the jurisdiction of U.S. courts. *Id.* at 1239. One such arrangement was a Cook Islands irrevocable trust that named the defendants as the sole beneficiaries. *Id.* at 1232.

Initially the defendants together with AsiaCiti Trust Limited served as co-trustees of the trust. *Id.* at 1233. Once the FTC sued the defendants, a provision of the trust operated to remove the defendants as co-trustees, name AsiaCiti Trust Limited as sole trustee, and instruct the trust company to resist any order that compelled the company to transfer trust assets into the United States. *Id.*

The district court entered a preliminary injunction that instructed the defendants to repatriate all assets located aboard. The defendants contended that compliance with the court's order was impossible since they had been removed as co-trustees of the trust. *Id.*

The Ninth Circuit affirmed the district court's finding that the defendant failed to show that compliance with the court's order was impossible. *Id.* at 1240. The circuit court noted that the defendants' trust had been designed to thwart domestic creditors and allowed the defendants to maintain significant control as the trust's "protectors." *Id.* at 1241. It was thus acceptable for the district court to order the defendants to exercise their authority as protectors of the trust to repatriate the trust's assets. *See id.* at 1240.

Scott Tucker's decision not to complete corporate financial statements was based on a good faith interpretation of the asset freeze order. At the hearing, Tucker argued that the asset freeze order could not compel him to take action in his representative capacity when the court only had jurisdiction over him in his personal capacity. Absent a properly executed subpoena, any non-party entity affiliated with Scott Tucker would be outside of the court's jurisdiction. *See Braswell v. United States*, 487 U.S. 99, 109-10, 108 S.Ct. 2284, 2291, 101 L.Ed.2d 98 (1988).

The FTC relied on *Braswell* to support its position that the asset freeze order could order Tucker to act in his representative capacity. 487 U.S. at 109-10, 108 S.Ct. at 2291. In *Braswell* a grand jury

had subpoenaed the petitioner in his representative capacity. *Id.* There was therefore no issue of whether the district court had jurisdiction over the petitioner in his representative capacity. *See id.*

Here it is unclear whether the asset freeze order gives the court jurisdiction over non-party entities. When the only avenue to obtain compliance with a court order is for the defendants to act in their representative capacity, a court may order a defendant to exercise control over an entity that is outside of its jurisdiction. *See Affordable Media*, 179 F.3d at 1242. *Affordable Media*, and subsequent case law, does not address the present situation: may the court order Scott Tucker to act in his representative capacity when the court has other avenues to obtain jurisdiction over the non-party entities.[2] This court will not decide that question in this recommendation.[3] The ambiguity in the case law convinces this court that Scott Tucker's decision was a good faith interpretation of the asset freeze order. He should therefore not be held in contempt.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the FTC's motion for an order to show cause (ECF No. 974) be DENIED.

IT IS FURTHER RECOMMENDED that the following twenty-two entities be considered within the scope of the asset freeze order:

    1.    BA Services LLC

    2.    C5 Capital LLC

    3.    DF Services Corp.

    4.    DFTW Consolidated [UC] LLC

---

[2] For example, this court could reopen discovery, and permit the FTC to subpoena records from the non-party entities.
[3] The issue of whether the asset freeze order gives the court jurisdiction over non-party entities was briefly raised for the first time in the FTC's reply. (ECF No. 991 at 4) Since the jurisdiction argument was raised for the first time in a reply, this court will not decide it. *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1166 n. 8 (9th Cir. 2012).

5. Impact BP LLC

6. Level 5 Apparel LLC

7. Level 5 Capital Partners LLC

8. Level 5 Eyewear LLC

9. Level 5 Scientific LLC

10. NM Service Corp. (f/k/a National Money Service)

11. PSB Services LLC

12. Real Estate Capital Services LLC (f/k/a Rehab Capital I, LLC)

13. Sentient Technologies

14. ST Capital LLC

15. Westfund LLC

16. Eclipse Renewables Holdings LLC

17. Scott Tucker Declaration of Trust, dated February 20, 2015

18. West Race Cars, LLC

19. Caribbean Medical Brokers, Inc.

20. Eyeverify LLC

21. Think Big Partners LLC

22. Level 5 Management LLC

IT IS SO RECOMMENDED.

DATED this 20th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE