# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

*** 

THE FEDERAL TRADE COMMISSION,

                              Plaintiff,

vs.

AMG SERVICES; *et.al.*,

                              Defendants.

Case No. 2:12–cv–536–GMN–VCF

**ORDER**

MOTION TO REOPEN DISCOVERY (ECF NO. 1021)

Before the court are the FTC's motion to reopen limited discovery (ECF No. 1021), the Tucker Defendants' response (ECF No. 1023), and the FTC's reply (ECF No. 1025).  For the reasons stated below, the FTC's motion is granted.

## I. Discussion

Section 13(b) of the Federal Trade Commission Act grants federal courts the power to issue injunctions and "any ancillary relief necessary to accomplish complete justice."  *F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994) (quoting *F.T.C. v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982)).  Courts in this district recognized that section 13(b)'s inherent equitable authority to permit expedited asset recovery discovery.  *See F.T.C. v. National Prize Information Group Corp.*, No. 2:06-cv-1305-RCJ-PAL, 2006 WL 3234360 at* 4 (D.Nev. Nov. 2, 2006).

In order for a party to successfully reopen discovery, it must establish good cause.  *Werbicky v. Green Tree Servicing, LLC*, No. 2:12-cv-1567-JAD-NJK, 2014 WL 5470466 at* 2 (D.Nev. Oct. 27, 2014).  A movant will establish good cause to reopen discovery if he demonstrates that he has diligently sought relevant information during the original discovery period.  *Id.*

The FTC requests that this court reopen discovery and permit the Commission to serve subpoenas on non-party entities associated with Scott Tucker.  (ECF No. 1021)  As this court previously observed, the reopening of limited discovery would be the simplest way for the Commission to obtain financial information about the non-party Tucker entities while preserving Scott Tucker's Fifth Amendment privilege.  (*Id.*)

Scott Tucker refused to complete financial statements for his affiliated non-party entities, asserting that to do so would have violated his Fifth Amendment rights.  (ECF No. 983)  This court also noted that Ninth Circuit precedent was unclear as to whether the court's asset freeze order (ECF No. 960) granted the court jurisdiction over non-party entities affiliated with Scott Tucker.  (ECF No. 1018)

Tucker's refusal to complete financial forms and the uncertainty in the case law placed the FTC in a difficult position.  The Commission needed financial information from these non-party entities in order to complete its asset recover efforts, but had no means to pursue this information.  This court suggested, and the FTC now moves for, a reopening of discovery.  (*Id.*)

The FTC has established good cause to reopen discovery.  The FTC has tried to have Scott Tucker complete financial forms for these entities and has even attempted to hold him in civil contempt. (ECF No. 974)  Without discovery, the FTC either must attempt to recover assets with the limited information it possess or it must begin a potentially costly satellite litigation regarding the jurisdiction scope of the court's asset freeze order.  Given these circumstances, the FTC's motion to reopen limited discovery is granted.  *Werbicky*, 2014 WL 5470466 at* 2.  The FTC will be permitted to serve subpoenas on the 22 non-party entities identified in this court's June 21st recommendation as being subject to the court's asset freeze order.  (ECF No. 1018)  If the FTC wishes to subpoena additional entities it must file a motion with the court, and the Tucker Defendants will be given an opportunity to oppose.

2

The Tucker Defendants contend that the FTC must move to modify the asset freeze order before it may reopen discovery.  (ECF No. 1023)  The FTC's options are not as limited as the Tucker Defendants suggest.  Section 13(b) gives this court authority to fashion "any ancillary relief necessary to accomplish complete justice."  *Pantron I Corp.*, 33 F.3d at 1102.  This court thus has the authority to reopen discovery despite the fact that the FTC has not moved to modify the court's asset freeze order.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the FTC's motion to reopen discovery (ECF No 1021) is GRANTED.

IT IS FURTHER ORDERED that the FTC may serve subpoenas on the 22 non-party entities identified in this court's June 21st order (ECF No. 1018)

IT IS SO ORDERED.

DATED this 29th day of July, 2016.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE