1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4   FEDERAL TRADE COMMISSION,               )
                                            )
5               Plaintiff,                  )       Case No.: 2:12-cv-00536-GMN-VCF
          vs.                               )
6                                           )       **ORDER**
    AMG SERVICES, INC., *et al.*,           )
7                                           )
               Defendants.                  )
8                                           )
    _____    )

9

10          Pending before the Court is the Motion to Reconsider, (ECF No. 1029), filed by

11   Defendants Park 269, LLC and Kim C. Tucker (the "Relief Defendants") and Defendants AMG

12   Capital Management, LLC ("AMG"); Level 5 Motorsports, LLC; Black Creek Capital

13   Corporation; Broadmoor Capital Partners; Scott A. Tucker; (the "Tucker Defendants")

14   (collectively "Defendants").  Plaintiff Federal Trade Commission ("FTC") filed a Response,

15   (ECF No. 1037).  Pursuant to the parties' Stipulated Briefing Schedule, (ECF No. 1035),

16   Defendants did not file a reply.  For the reasons discussed below, the Court **DENIES** the

17   Motion.

18   **I.      BACKGROUND**

19          On March 31, 2016, the Court entered an Order granting FTC's Motion for Preliminary

20   Injunction against Defendants in the form of an asset freeze and accounting (the "Asset Freeze

21   Order"). (ECF No. 960).  The instant Motion asks the Court to modify its Asset Freeze Order

22   "to permit a continuation of the $8,000/month living allowance and payment of particular tax

23   and dues payments." (Mot. 2:5–6, ECF No. 1029).

24

25

1

## II.     DISCUSSION

2

3       Whether to freeze a party's assets is a matter for the Court's discretion. *See Reebok Int'l,*

*Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 562–63 (9th Cir. 1992) (district court had

4    discretion to impose asset freeze).  Likewise, whether to an asset freeze is also subject to the

5    Court's discretion. *See F.T.C. v. Trek All., Inc.*, 81 Fed. Appx. 118, 119 (9th Cir. 2003) ("[T]he

6    district court did not abuse its discretion in deciding that modification of the [asset freeze] order

7    was not warranted in the circumstances").  Here, Defendants seek modification of the Court's

8    Asset Freeze Order "to pay for necessities such as food, clothing, utilities, medical treatment,

9    medicine, and gasoline." (Mot. 3:25–4:1).

10       The FTC points out that "Scott Tucker and Kim Tucker have benefitted from a generous

11   $99,000 living allowance over five months." (Resp. 2:2–3, ECF No. 1037).  Further, the FTC

12   has submitted evidence demonstrating that since the Court entered its asset freeze Order,

13   Defendants have "continued their profligate lifestyle including spa, steakhouse, country club,

14   and liquor purchases." (*Id.* 2:4–5).  In addition, "[d]uring this time period [Defendants] also

15   spent $10,000 on private school tuition for their 15-year old daughter" and, shortly before the

16   Asset Freeze Order took effect, "prepaid four years of college tuition for [their] other

17   daughter." (*Id.* 4:3–5).  Defendants have also withdrawn more than $27,000 in cash without

18   providing any evidence that the money was used for reasonable living expenses. (*Id.* 4:6–18).

19       The Court agrees with the FTC that "Scott Tucker and Kim Tucker have not submitted

20   to the Court adequate rationale or documentation supporting the continuation of an $8,000

21   monthly allowance," particularly in light of the fact that Defendants own their homes and cars

22   outright. (*Id.* 8:12–21).  Accordingly, the Court finds that modification is not appropriate

23   because Defendants have not established that they lack income or assets necessary to pay their

24   living expenses.  Unless Defendants correct these deficiencies, the Court refuses to modify the

25   Asset Freeze Order as Defendants request.

**III.    CONCLUSION**

   **IT IS HEREBY ORDERED** that Defendants' Motion to Modify the Court's Asset Freeze Order, (ECF No. 1029), is **DENIED**.


   **DATED** this __31__ day of August, 2016.


_____

Gloria M. Navarro, Chief Judge
United States District Judge