```
 1  VON S. HEINZ (Nevada Bar No. 859)
    E. LEIF REID (Nevada Bar No. 5750)
 2  DARREN J. LEMIEUX (Nevada Bar No. 9615)
    Lewis Roca Rothgerber Christie LLP
 3  3993 Howard Hughes Parkway, Suite 600
 4  Las Vegas, NV 89169
    Telephone: (702) 949-8200
 5  Email:  vheinz@lrrc.com

 6  JEFFREY D. MORRIS (Admitted pro hac vice)
 7  NICK J. KURT (Admitted pro hac vice)
    Berkowitz Oliver LLP
 8  2600 Grand Boulevard, Suite 1200
    Kansas City, MO 64108
 9  Telephone: (816) 561-7007
    Email:  jmorris@berkowitzoliver.com
10
11  JUSTIN C. GRIFFIN (Admitted pro hac vice)
    Quinn Emanuel Urquhart & Sullivan, LLP
12  865 S. Figueroa St., 10th Floor
    Los Angeles, CA 90017
13  Telephone: (213) 443-3000
    Email: justingriffin@quinnemanuel.com
14
15  KATHLEEN M. SULLIVAN (Admitted pro hac vice)
    SANFORD I. WEISBURST (Admitted pro hac vice)
16  Quinn Emanuel Urquhart & Sullivan, LLP
    51 Madison Avenue, 22nd Floor
17  New York, New York 10010
    Telephone: (212) 849-7000
18  Email: kathleensullivan@quinnemanuel.com
19  Email: sandyweisburst@quininemanuel.com
```

*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting LLC; Black Creek Capital Corporation; Broadmoor Capital Partners; and Scott A. Tucker*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| FEDERAL TRADE COMMISSION | Case No. 2:12-cv-00536-GMN-VCF |
|---|---|
| Plaintiff, | |
| v. | **TUCKER DEFENDANTS' RESPONSE IN OPPOSITION TO FTC'S MOTION FOR ORDER DIRECTING TURNOVER OF ASSETS [DOC. 1059]** |
| AMG SERVICES, INC., et al. | |
| Defendants. | |

2011014111_1

Scott Tucker, Black Creek Capital Corporation, Level 5 Motorsports LLC, Broadmoor Capital Partners, LLC, and AMG Capital Management, LLC (the "Tucker Defendants") respectfully respond to and oppose the Motion for Order Directing Turnover of Assets [Doc. 1059] filed by the Federal Trade Commission ("FTC") on October 3, 2016.

## BACKGROUND

On September 30, 2016, the Court filed its Order granting final judgment and closing the case. [Doc. 1057]. The Court ruled the Tucker Defendants jointly and severally liable for restitution damages, to be paid within 14 days of entry of the judgment. Doc. 1057, at 26, 29. It also imposed a permanent injunction that includes a ban on consumer lending, a prohibition against misrepresentations and deceptive collection practices and imposition of compliance monitoring. With the entry of the final judgment, preceding preliminary injunctions dissolved. On October 3, 2016, the FTC filed its Motion for Order Directing Turnover of Assets, seeking (without any legal citation or reference to legal authority) a Court order directing "third parties to turn over frozen assets to the FTC, in partial settlement of the judgment amounts." Doc. 1059, at 2. The proposed order attached to the FTC's motion further defines the Commission's request as one seeking the Court to impose widespread third party obligations:

> *any law firm, financial or brokerage institution*, escrow agent, title company, commodity trading company, automated clearing house, network transaction prosecutor, payment prosecutor, *business entity, or person that holds, controls, or maintains custody of* any account or asset of any Tucker Defendant, or *any account or asset held on behalf of, or for the benefit of, any Tucker Defendant, or any account or asset frozen pursuant to the Asset Freeze Order* [to] turn over such account or asset to Commission . . . within five (5) business days of receiving notice of this Order . . . .

Doc. 1059-1 at 2 (emphasis added).

The FTC's motion suffers fundamental defects that require it be denied.

## ARGUMENT

The Tucker Defendants respectfully request the Court deny the FTC's motion for two primary reasons. First, the motion fails to establish that the Court maintains jurisdiction over third parties in the post-judgment context, as well as accounts and assets held by such third parties. Reference to the March 31, 2016 preliminary injunction asset freeze is not pertinent, as it dissolved as a matter of law with the Court's entry of judgment. That conclusion is black letter law. The preceding preliminary injunction has no continuing effect or force. The FTC is compelled to confront third parties (and the Tucker Defendants) in the ordinary course, as a judgment creditor, and pursuant to the rules and procedures for debt collection. Second, the FTC's motion violates the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-3308 ("FDCPA").

The Tucker Defendants address both of these pivotal defects, in turn, below.

**I. The FTC fails to establish whether the Court has jurisdiction over third parties absent compliance with judgment creditor procedures**

The FTC provides no support for the notion that the Court can exert immediate and outright jurisdiction over third party accounts, assets, and third parties previously subjected to a preliminary injunction filed March 31, 2016 [Doc. 960]. The Court issued that preliminary relief under Fed. R. Civ. P. 65. Accordingly, it imposed temporary injunctive relief against:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in (a) or (b).

Fed. R. Civ. P. 65(d)(2).

20111014111_1  3

But on September 30, 2016, the Court's order of final judgment dissolved outright the March 31 preliminary injunction. Indeed, the Ninth Circuit recognized the limited lifespan of a preliminary injunction in *U.S. Philips Corp. v. KBC Bank N.V.*, stating: "A preliminary injunction imposed according the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause." 590 F.3d 1091, 1093-94 (9th Cir. 2010) (citing *Sweeney v. Hanley*, 126 F. 97, 99 (9th Cir. 1903) (further citation omitted) (emphasis in original); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment.").

Here, the Court has issued an Order granting summary judgment against the Tucker Defendants on all claims and judgment was entered by the clerk.[1] *See* Doc. 1057 at 26; Doc. 1058.

The cessation of a preliminary injunction does not suggest that the FTC is without significant rights and abilities to proceed on its judgment. The FTC is empowered, and no doubt will proceed accordingly. But there is a defined process by which such execution can occur. However, the FTC's motion never alleges a jurisdictional basis or authoritative premise by which the Court may direct third parties (not defendants) to turnover "any account or asset frozen [previously] pursuant to the Assert Freeze Order." Doc. 1059-1 at 2.

### I. The relief requested by the FTC violates the Federal Debt Collection Procedures Act

Except to the extent another federal law applies, the FDCPA "provides the exclusive civil procedure for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). As

---

[1] *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) ("'A final judgment is a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Danneberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994)).

20110141111_1                                    4

relevant here, the FDCPA defines a "debt" to include "an amount owing to the United States on account of a . . . fine, assessment, penalty, restitution, [or] damages . . . ." 28 U.S.C. § 3002(3)(B). The FDCPA's definition of "United States" encompasses federal commissions, including the FTC. *See* 28 U.S.C. § 3002(3)(15(B).

The FDCPA sets out four debt collection mechanisms the United States may use once it has obtained a judgment: (1) judgment liens against a judgment debtor's real property under § 3202; (2) execution against a judgment debtor's interest in other, "nonexempt" property under § 3203; (3) installment payment orders issued under § 3204; or (4) writs of garnishment issued under § 3205. Importantly, the FDCPA mechanisms requiring a levy or seizure of property—*i.e.*, judgment liens, executions, and garnishments—account for previous security interests, only affording the United States "priority over any other lien or encumbrance which is perfected later in time." 28 U.S.C. § 3201 (judgment liens); *see also* 28 U.S.C. § 3203(b) (lien created in favor of United States on property levied under execution "shall have priority over all subsequent liens"); 28 U.S.C. § 3205(c)(8) (writ of garnishment or levy "shall have priority over writs which were issued later in time").

By its motion, the FTC attempts to circumvent the procedural requirements and priority constraints imposed by the FDCPA. It instead seeks a blanket order requiring third parties to turn over "*any* asset or account frozen pursuant to the Asset Freeze Order." Doc. 1059-1 at 2 (emphasis added). In essence, the FTC asks the Court to designate it a "super creditor" and disregard all preexisting claims senior creditors might have perfected against assets previously made captive under the preliminary injunction. The FTC does so without identifying any legal basis authorizing a departure from FDCPA collection procedures. Nor does it identify legal authority permitting the Court to ignore security interests perfected by senior creditors—about which no record evidence exists here.

The FTC's motion provides no basis on which the Commission or the Court may ignore the "exclusive civil procedures for the United States to collect a judgment." 28 U.S.C. § 3001(a). Accordingly, it violates the provisions of the FDCPA, by seeking extraordinary and unlawful relief.[2]

## CONCLUSION

Based on the foregoing, the Court must deny the Motion for Order Directing Turnover of Assets, in lieu of the FTC pursuing timely and procedurally sound methods of proceeding on the judgment entered by the Court.

Dated this 6TH day of October, 2016.

>BERKOWITZ OLIVER LLP
>--and--
>QUINN EMANUEL URQUHART & SULLIVAN, LLP
>--and--
>LEWIS ROCA ROTHGERBER CHRISTIE LLP
>
>By: /s/ Von S. Heinz
>    VON S. HEINZ
>    Nevada Bar No. 859
>    DARREN J. LEMIEUX
>    Nevada Bar No. 9615
>    3993 Howard Hughes Parkway
>    Suite 600
>    Las Vegas, NV 89169
>    *Attorney for Defendants Scott Tucker, Black Creek Capital Corporation, Level 5 Motorsports LLC, LeadFlash Consulting LLC, Broadmoor Capital Partners, LLC, and AMG Capital Management, LLC*

---

[2] In addition, the FTC's motion is premature. Fed. R. Civ. P. 62(a) imposes an automatic stay of execution following the Court's entry of final judgment. Specifically, Rule 62(a) provides that "no execution may issue on any judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Here, the Court entered final judgment on September 30, 2016. Accordingly, the FTC, as a judgment creditor, must delay any execution or enforcement of judgment until October 14, 2016.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

<u>    /s/ Judy Estrada    </u><br>
LEWIS ROCA ROTHGERBER CHRISTIE LLP

2011014111_1

7