DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

DAVID C. SHONKA
Acting General Counsel
NIKHIL SINGHVI
JASON D. SCHALL
HELEN P. WONG
IOANA RUSU
COURTNEY A. ESTEP
THOMAS E. KANE
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Email: nsinghvi@ftc.gov (Singhvi); jschall@ftc.gov (Schall)
*Attorneys for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc., et al.,<br><br>Defendants, and<br><br>Park 269, LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536<br><br>**JOINT MOTION TO ENTER STIPULATION FOR FINAL JUDGMENT AND ORDER OF EXECUTION** |

On September 20, 2016, this Court granted the motion of Plaintiff Federal Trade Commission ("FTC") and Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, and LeadFlash Consulting, LLC (collectively, the "Blaine Tucker Defendants") to stay the summary judgment motions as to the Blaine Tucker Defendants, pending the FTC's vote on a proposed settlement between those parties. (ECF No. 1054.) The FTC has since voted to approve the settlement with the Blaine Tucker Defendants.

Now, therefore, the FTC and Nereyda Tucker, as Executor of the Estate of Blaine Tucker, and LeadFlash Consulting, LLC, through their undersigned counsel, jointly move this Court to enter the attached proposed Stipulation for Final Judgment and Order of Execution.

Dated:  November 14, 2016

*/s/ Jason Schall*
_____

Jason Schall
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
nsinghvi@ftc.gov
Tel. (202) 326-3480
Fax (202) 326-3629
*Attorney for Plaintiff Federal Trade Commission*


*/s/ Jeffrey D. Morris*
_____

Jeffrey D. Morris
Berkowitz Oliver Williams Shaw & Eisenbrandt LLP
2600 Grand Boulevard,
Suite 1200
Kansas City, MO 64108
jmorris@BerkowitzOliver.com
Phone: 816-561-7007
Fax: 816-561-1888

*Attorney for Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, and LeadFlash Consulting LLC*

1

**CERTIFICATE OF SERVICE**

I, Jason Schall, certify that, as indicated below, all parties were served by ECF with the **JOINT MOTION TO ENTER STIPULATION FOR FINAL JUDGMENT AND ORDER OF EXECUTION** filed with the Court.

Von S. Heinz (vheinz@lrrc.com)
Darren J. Lemieux (dlemieux@lrrc.com)
E. Leif Reid (lreid@lrrc.com)
Jeffrey D. Morris (jmorris@berkowitzoliver.com)
Nick J. Kurt (nkurt@berkowitzoliver.com)
Justin C. Griffin (justingriffin@quinnemanuel.com)
Sanford I. Weisburst (sandyweisburst@quinnemanuel.com)
Kathleen Sullivan (kathleensullivan@quinnemanuel.com)
*Attorneys for Defendants AMG Capital Management, LLC; Level 5 Motorsports, LLC; LeadFlash Consulting, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker*

Patrick J. Reilly (preilly@hollandhart.com)
Linda C. McFee (lmcfee@mcdowellrice.com)
Robert Peter Smith (petesmith@mcdowellrice.com)
*Attorneys for Relief Defendants Kim C. Tucker and Park 269 LLC*

Victoria W. Ni (vni@publicjustice.net)
Craig B. Friedberg (attcbf@cox.net)
*Attorneys for Intervenor Americans for Financial Reform*

November 14, 2016

*/s Jason Schall*
Jason Schall

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc. et al.,<br><br>Defendants, and<br><br>Park 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-536<br><br>**STIPULATION FOR FINAL JUDGMENT AND ORDER OF EXECUTION** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Injunction and other Equitable Relief, subsequently amended as First Amended Complaint for Injunction and other Equitable Relief (as amended, ("Complaint")), for a permanent injunction, and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r. Defendant Blaine Tucker died on March 9, 2014. By order dated June 17, 2014, the Court ordered the substitution of Nereyda M. Tucker, as Executor of the estate of Blaine A. Tucker, for Defendant Blaine A. Tucker. The Commission and Defendant Nereyda M. Tucker, as Executor of the estate of Blaine A. Tucker, and Defendant LeadFlash Consulting, LLC (collectively, "Defendants") stipulate to the entry of this Stipulation for Final Judgment and Order of Execution ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

01910566.DOCX;-1                                1

54581264.6

2. The Complaint charges that Blaine A. Tucker and LeadFlash Consulting, LLC ("LeadFlash") participated in deceptive acts or practices in violation of the FTC Act, and violations of TILA and EFTA, in connection with the offer and sale of high-fee, short-term, online payday loans.

3. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Defendants consent to the sale by the U.S. Marshal of personal property described in Article I.C below (hereinafter, "Property"). Pursuant to 28 U.S.C. § 3202, Defendants acknowledge notice of the sale and waive service and hearing. Accordingly, pursuant to 28 U.S.C. § 3013, the Court issues the Order of Execution below with modifications to the default procedures enumerated in 28 U.S.C. §§ 3202, 3203(c), and 3203(g).

7. The September 30, 2016 order and judgment of the Court (ECF No. 1057) states: "As per the Court's Order of September 20, 2016, the instant Order does not implicate Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, or LeadFlash Consulting, LLC. (*See* Order, ECF No. 1054). ECF No. 1057, at FN1. However, the order and judgment subsequently imposed judgment against all defendants, to include by way of definition Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, or LeadFlash Consulting, LLC. ECF No. 1057 at 26-27. The instant Stipulation confirms that the September 30, 2016 order and judgment of the Court (ECF No. 1057) does not apply to Defendants Nereyda M. Tucker, as executor of the estate of Blaine A. Tucker, and LeadFlash Consulting, LLC.

### DEFINITIONS

A. "**Estate**" means the Estate of Blaine A. Tucker, deceased, and its Executor.

B.   "**The Executor**" means Defendant Nereyda M. Tucker, as Executor of the Estate of Blaine A. Tucker

C.   "**Probate Case**" means *In the Matter of The Estate of Blaine A. Tucker, Deceased*, Case No. 14 PR 335 (Johnson County, Kan.).

D.   "**Probate Court**" means the District Court of Johnson County, Kansas, Probate Department.

## ORDER

### I. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.   Judgment in the amount of One Billion Three Hundred One Million Eight Hundred Ninety Seven Thousand Six Hundred Fifty Two Dollars ($1,301,897,652), is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B.   Nereyda M. Tucker, Successor Trustee, is ordered to effectuate payment to the Commission from the Blaine A. Tucker Declaration of Trust Dated November 29, 2012:

   1.   Ten Million, Eight Hundred Thirty Seven Thousand, Eight Hundred Seventy Four Dollars and Five Cents ($10,837,874.05). Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission;

   2.   Two Hundred Twenty Five Thousand Dollars ($225,000). Such payment must be made within 6 months of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission; and

   3.   Any difference between Fifty Three Thousand Thirteen Dollars and Fifty One Cents ($53,013.51) and Nereyda Tucker's actual tax liability with respect to the transfer of funds to the FTC from the One Retirement, LLC, account in the name of Blaine Tucker IRA with

account number ending in 1411. Such payment shall be made within fifteen (15) days of the date Nereyda Tucker files her 2016 federal and state income tax returns.

Upon such payments, transfers of all assets listed in Subsection C, and the allowance of the Commission's claim against the Estate in the Probate Court (the procedure for which is set forth in part in in Subsection D), the remainder of the judgment is suspended, subject to the Subsections below. During the period between entry of the order and completion of all payments outlined in Subsections B.1, B.2, and B.3, the FTC agrees to stay execution of the remainder of the judgment, provided that those payments are effectuated timely.

C. Within seven (7) days of entry of this Order, Defendants shall cooperate fully and take such steps as may be required, including executing any documents and providing any necessary information, to deliver the Property listed below to the U.S. Marshal:

1. One 2007 Porsche 911, VIN WP0CB29907S776681.
2. Seven watches:
   a. One Rolex with gold tone face, eight diamonds, and two-tone band;
   b. One Rolex with black face, green tone glass, and stainless band;
   c. One Rolex with silver tone face, eight diamonds, and two-tone band;
   d. One Rolex with silver tone face, eight diamonds, and stainless band;
   e. One Rolex with gold tone face and two-tone band;
   f. One Rolex with green face and stainless band;
   g. One Alpina with black face and black leather band.

Defendants represent that there are no liens or encumbrances on the Property and that they will not add any such encumbrances after signing this Order. Until Defendants surrender possession of the Property to the U.S. Marshal, Defendants shall maintain and take no action to diminish the value of the Property, and shall

remain current on any amounts due and payable on the Property, including but not limited to tax, insurance, reasonable and necessary maintenance, and similar fees.

D.  The judgment imposed pursuant to this Order shall be allowed as a claim in the Estate in the Probate Case. Pursuant to K.S.A. § 59-2238, the Executor shall join the FTC in filing in the Probate Case a certified copy of the judgment imposed by the Order within thirty (30) days of the entry of this Order. The Executor shall set down the claim of the FTC for approval of the judgment imposed by this Order as an allowed claim against the Estate pursuant to K.S.A. § 59-1301 and promptly provide notice of such hearing in accordance with K.S.A. § 59-2237(a). The Executor waives any defenses and consents to the allowance of the judgment imposed by this Order as an allowed claim against the Estate.

E.  The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of the Estate of Blaine A. Tucker, signed by Nereyda M. Tucker, Executor, on April 15, 2016, including the attachments, as supplemented on April 21, 2016 and May 13, 2016;

2. the Financial Statement of Corporate Defendant LeadFlash signed by Nereyda M. Tucker, Successor Trustee, on April 13, 2016, including the attachments;

3. the Financial Statement of the Blaine A. Tucker Declaration of Trust Dated November 29, 2012 signed by Nereyda M. Tucker, Successor Trustee, on May 2, 2016, including the attachments.

4. the email sent by William Sanders, Defendants' counsel, to Jason Schall, the FTC's counsel, on or around August 13, 2016 at 12:55 pm, including the attachments; and

5. the representations in Subsection I.C above regarding the Property.

F.  The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.  Defendants, in their representative and individual capacity, relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.  The facts alleged in the Complaint will be deemed admitted by Defendants in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.  Defendants acknowledge that the Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) for Blaine A. Tucker, LeadFlash, and the Blaine A. Tucker Declaration of Trust Dated November 29, 2012, which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any

attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

M. Defendants and the Commission contemplate that, pursuant to the Commission's litigation against other parties in this case, the Commission may come into possession of a debt, predating the death of Blaine Tucker, owed by Black Seas Investments, LLC, to Defendant Black Creek Capital Corporation. Should the Commission come into possession of such debt, it will not attempt to recover such debt from Defendants if the judgment is suspended as set forth in Subsection B above and the suspension is not lifted pursuant to Subsection E above.

## II.     MODIFICATION AND DISSOLUTION OF THE ASSET FREEZE

IT IS FURTHER ORDERED that the preliminary injunction entered by this Court on March 31, 2016 (ECF No. 960) ("Asset Freeze") is modified as follows. For purposes of this Section of the Order, Defendants are referred to as **"Settling Defendants."**

A. The Asset Freeze is modified to permit the Settling Defendants to effectuate the payments and transfers identified in this Order.

B. Upon the completion of the payment required in Section I.B.1 and the transfers required in Sections I.C.1 and Section I.C.2, the Asset Freeze as to the Settling Defendants will be dissolved.

C. The personal assets of Nereyda M. Tucker that were not owned in whole or in part by Blaine A. Tucker at the time of his death are not subject to the Asset Freeze.

### III. ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Defendants, within three (3) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

### IV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

### V. ORDER OF EXECUTION

TO THE UNITED STATES MARSHAL, HIS DEPUTIES AND AGENTS:

On this date, a judgment was entered in the United States District Court for the District of Nevada against the defendant, Nereyda M. Tucker as Executor of the Estate of Blaine A. Tucker, imposing $1,301,897,652 in monetary equitable relief. After the payments required in Section I.B.1 and 2 of the final judgment, there will be a balance of approximately $1,290,834,778 owed for the debt. Defendant consents to the seizure and sale of the Property pursuant to the Order of Execution below. Pursuant to 28 U.S.C. § 3202, defendant acknowledges notice of the sale and waives service and hearing. Accordingly, pursuant to 28 U.S.C. § 3013, the Court authorizes the U.S. Marshal, in his discretion, to waive the default procedures enumerated in 28 U.S.C. §§ 3202, 3203(c), and 3203(g).

NOW, THEREFORE, YOU ARE HEREBY COMMANDED to satisfy the judgment by levying on and selling the following Property in which defendant has a substantial non-exempt interest, namely:

1. One 2007 Porsche 911, VIN WP0CB29907S776681
2. One Rolex watch with gold tone face, eight diamonds, and two-tone band
3. One Rolex watch with black face, green tone glass, and stainless band
4. One Rolex watch with silver tone face, eight diamonds, and two-tone band
5. One Rolex watch with silver tone face, eight diamonds, and stainless band
6. One Rolex watch with gold tone face and two-tone band

7. One Rolex watch with green face and stainless band

8. One Alpina watch with black face and black leather band

YOU ARE COMMANDED and authorized to accept surrender of the Property subject to the Order at a time and place mutually agreed between you and the defendant; and,

YOU ARE COMMANDED and authorized, if the defendant does not surrender the Property within seven (7) days of the entry of this Order, to take all necessary actions, including but not limited to the use of reasonable force, to enter and remain on (i) the defendant's premises, located in Leawood, Kansas (the exact address of which will be given to you by the Commission) and (ii) 201 West 80th Terrace, Kansas City Missouri 64114, including but not limited to, the land, the buildings and any structures located thereon, and vehicles, and to open any locked doors, compartments and/or containers located thereon, for the purpose of executing this Order.

YOU ARE AUTHORIZED, pursuant to 28 U.S.C. § 3013, in lieu of the procedures established in 28 U.S.C. § 3203(g), to sell the Property in any commercially reasonable manner, including but not limited sale by a broker, auctioneer, or other professional;

YOU ARE COMMANDED to deduct from the proceeds of an executed sale of the Property an amount equal to the outstanding reasonable expenses incurred in making the levy of execution and in keeping and maintaining the Property;

YOU ARE COMMANDED to collect any outstanding costs and expenses from the proceeds of sale of the Property, and to make return of this Order within ninety (90) days after the date of issuance if levy is not made, or within thirty (30) days after the date of sale of the Property; YOU ARE COMMANDED that the levy and sale shall not exceed property reasonably equivalent in value to the aggregate amount of the judgment, plus your costs and expenses;

YOU ARE COMMANDED that the net proceeds of the sale of the Property shall be deposited with the Clerk of the United States District Court as payment for the defendant's debt; and

YOU ARE AUTHORIZED if, after a sale conducted according to the terms of this Order, some or all of the Property remains unsold, at the discretion of the Plaintiff, to conduct a second sale of the Property, or the unsold portion thereof, according to the terms of this Order.

SO ORDERED this __7__ day of __November__, 2016.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED**

Dated: ~~August~~ November 4, 2016

/s/ _Nikhil Singhvi /JS_
Nikhil Singhvi
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
nsinghvi@ftc.gov
Tel. (202) 326-3480
Fax (202) 326-3629
*Attorney for Plaintiff Federal Trade Commission*

/s/ _____
Jeffrey D. Morris
Berkowitz Oliver Williams Shaw & Eisenbrandt LLP
2600 Grand Boulevard,
Suite 1200
Kansas City, MO 64108
JMorris@BerkowitzOliver.com
Phone: 816-561-7007
Fax: 816-561-1888
*Attorney for Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, and LeadFlash Consulting LLC*

_____
Nereyda M. Tucker,
*Executor of the Estate of Blaine A. Tucker, Deceased*

LeadFlash Consulting, LLC

_____
Nereyda M. Tucker, Authorized Representative

01910566.DOCX;-1                                                          10
54581264.6