# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

AMG SERVICES, INC.; *et.al.*,

Defendants.

Case No. 2:12–cv–536–GMN–VCF

**REPORT & RECOMMENDATION**

Before the court are Monitor[1] Thomas McNamara's (the Monitor) motion for an order to show cause (ECF No. 1106); non-party Dale E. Becker's[2] response (ECF No. 1115); the Monitor's reply (ECF No. 1117), and Becker's surreply (ECF No. 1118-1).  The Monitor also filed a supplement to his motion (ECF No. 1109) and Becker filed a supplement to its response (ECF No. 1116).  The court has considered all the aforementioned documents.   A hearing was held on February 9, 2017 at 1:00 p.m. For the reasons stated below, McNamara's motion should be granted.

## I. Background

On March 31, 2016, the court entered an asset freeze order.  (ECF No. 960)  This order froze the assets of a number of Defendants including Level 5 Motorsports, LLC.  (*Id.*)

On August 24, 2016, the FTC filed an emergency motion to enforce the asset freeze order.  (ECF No. 1031)  The FTC believed that a 53-foot luxury trailer (the "Trailer") was an asset of Level 5 Motorsports and thus subject to the asset freeze order.  At the time, the Trailer was in the possession of Dale E. Becker.  (*Id.*)  Title was held by his company El Dorado Trailer Sales, LLC.  (*Id.*)  Becker is the

---

[1] The court appointed Thomas McNamara to monitor the Defendants' assets post-judgment.  (ECF No. 1099)
[2] Becker is the sole member of ETS Venture, LLC and El Dorado Trailer Sales, LLC. Both entities join in his response.

sole member of El Dorado as well as another LLC, ETS Venture.  (ECF No. 1036)  On August 25, 2016, the court granted an enforcement order, deemed the Trailer an asset of Level 5 Motorsports, and ordered Becker to cooperate with the FTC.  (*Id.*)

On August 29, 2016, Becker filed a motion to dissolve the August 25 enforcement order.  (ECF No. 1038)  This was Becker's first filing in this action.  In his motion, he argued that the Trailer was outside of the scope of the asset freeze order and that El Dorado was the legal owner of the Trailer.  (*Id.*)

On September 30, 2016, summary judgment was granted in favor of the FTC.  (ECF No. 1057) On November 30, 2016, a Monitor was appointed to oversee the Defendants' assets post judgment. (ECF No. 1099)

On January 24, 2017, the Monitor moved for an order to show cause.  (ECF No. 1106)  It alleges that Becker attempted to sell the Trailer and had commenced an action in Ohio to quiet title to the Trailer.  (*Id.*)  The Monitor argued that both actions violated the August 25 enforcement order.  (*Id.*) Two days later, the court denied Becker's motion to dissolve.  (ECF No. 1108)  Specifically, the court concluded that Level 5 Motorsports had some interest in the Trailer and that interest was sufficient to make the Trailer a Level 5 Motorsports asset.  (*Id.*)

Becker responded to the motion for an order to show cause.  He argues that the court lacks personal jurisdiction over him and his entities and subject-matter jurisdiction over the title dispute. (ECF No.1115)  The Monitor replied and Becker was permitted a surreply.  This report and recommendation follows.

## II. Discussion

1.     <u>Proceeding Under 28 U.S.C. §636(b)(1)(B)</u>

"[A] judge may designate a magistrate judge to conduct hearings, including evidentiary hearing, and to submit to a judge of the court proposed findings of fact and recommendations for the

disposition." 28 U.S.C. §636(b)(1)(B). The assigned district judge has referred this motion for an order to show cause to this magistrate judge pursuant to §636(b)(1)(B). Accordingly, a report and recommendation will be issued.

2.    <u>Becker Waived His Personal Jurisdiction Argument</u>

In his response, Becker argues that the court lacks personal jurisdiction over him and his entities and lacks subject-matter jurisdiction over the controversy regarding the Trailer's ownership. (ECF No. 1115) "It is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis for the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)(quoting *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)). "So long as the court has subject matter jurisdiction over the action and personal jurisdiction over the respondent, respondent may not raise issues regarding the validity of the underlying order in defense of the motion for contempt." *United States v. Rose*, 437 F.Supp.2d 1166, 1171 (S.D.Cal. 2006).

a.    *Personal Jurisdiction*

Becker argues that the court lacks personal jurisdiction over him and his entities. (ECF No. 1115) The Monitor contends that Becker has waived any personal jurisdiction argument by not raising it in his first filings before this court. (ECF No. 1117) "A party waives any defense listed in Rule 12(b)(2)-(5) by … failing to either make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h). Rule 12(b)(2) allows a party to assert that the court lacks personal jurisdiction over it.

The fact that a party's "first filing was not dubbed a 'Rule 12' motion is of no significance." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). "The rule applies with equal effect no matter what is the title of the pleading." *Id.*

Becker claims he raised and preserved his personal jurisdiction defense by arguing it in his motion to dissolve emergency restraining order (ECF No. 1038)  This motion was Becker's first appearance in this action.  He was therefore required under Rule 12(h)(1) to raise all Rule 12(b)(2)-(5) defenses in that motion.

In his motion to dissolve, Becker does raise a "jurisdictional" argument.  He cites 1 case decided on personal jurisdiction grounds when arguing that he was not acting "in concert" with the Defendants. (ECF No. 1038 at 10)  Later he argues that Ohio and Wisconsin are places "where jurisdiction clearly exists." (Id. at 11)  Becker contends that this was sufficient to raise his personal jurisdiction defense. The court disagrees.

Becker's "jurisdictional" argument focuses on Federal Rule of Civil Procedure 65 and his contention that he and his entities were not "acting in concert or participating with" any party subject to the court's asset freeze order.  (ECF No. 1036)  His motion does not engage in minimum contacts analysis.  (*Id.*)  Becker's entire argument assumes the existence of personal jurisdiction over him and his companies.  Becker's failure to raise personal jurisdiction in his motion to dissolve (ECF No. 1036) waives that argument.  Accordingly, the court need not address whether Becker or his entities has sufficient minimum contacts with Nevada so that the court may exercise personal jurisdiction over them.

       b.     *Subject-Matter Jurisdiction*

Becker also claims that the court lacks subject-matter jurisdiction to determine the ownership of the Trailer.  (ECF No. 1115)  In support of his argument, Becker cites *S.E.C. v. Ross*, 504 F.3d 1130 (9th Cir. 2007).  In *Ross*, the S.E.C.'s failure to serve individual sales agents with summons or complaints deprived the district court of personal jurisdiction.  *Id.* at 1140.  The Ninth Circuit held that the S.E.C. was required to initiate separate actions against each individual in order to recover allegedly ill-gotten

gains from those individuals. *Id.* at 1141. Becker's argument challenging subject-matter jurisdiction misreads *Ross*.

Furthermore, the court has subject-matter jurisdiction over the underlying action. (ECF No. 1) Becker has not articulated why the court would need independent subject-matter jurisdiction in order to adjudicate ownership of the Trailer. Becker has already unsuccessfully argued that the he and his entities, which have physical possession of the Trailer, are outside the scope of the asset freeze order (ECF No. 1108) He cannot now successfully recast the same argument as a challenge to the court's subject-matter jurisdiction.

3.  <u>Becker, El Dorado Trailer Sales, and ETS Ventures Should be Held in Civil Contempt</u>

"Civil contempt … consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id.*

"[A] person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* (internal quotations omitted). "Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id.*

In addition to challenging personal and subject-matter jurisdiction, Becker raised a number of challenges to the validity of the underlying order. (ECF No. 1122) These included: 1) the expiration of the original asset freeze order (ECF No. 960); 2) the true ownership of the Trailer; and 3) what exactly Level 5 Motorsports, LLC actually owns. To the extent these arguments challenge the validity of the

underlying order (ECF No. 1036), they are inappropriate in the context of these contempt proceedings. *Rose*, 437 F.Supp.2d at 1171.

The enforcement order states in part:

El Dorado Trailer Sales, LLC, ETS VENTURES LLC, and any person acting in concert with El Dorado Trailer Sales, LLC, or ETS Ventures, LLC, shall prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale or other disposal of the Trailer until further order of this Court, except for surrender or delivery to the FTC or an agent specified by the FTC as set forth below.

The Monitor argues that Becker's attempt to sell the Trailer violated the terms of the enforcement order.  (ECF No. 1106)  The court agrees.

By its plain terms the enforcement order prevents the sale of the Trailer (*Id.*), and Becker is bound to obey the order even if he does not believe that it is valid.  *See Rose*, 437 F.Supp.2d at 1171. Becker's listing of the Trailer for sale despite knowing about the enforcement order directly violates the order.  The Monitor has sustained its burden to show by clear and convincing evidence that Becker violated the enforcement order.  Becker and his associated entities should be held in contempt.

Similarly, Becker's commencement of the Ohio action violated the terms of the enforcement order.  The enforcement order states: "[T]he Trailer is subject to this Court's asset freeze order (ECF No. 960) and shall be treated for all purposes as an asset owned by Level 5 Motorsports, LLC for purposes of the Asset Freeze Order, until further order of this Court."  (ECF No. 1036)

Becker's Ohio quiet title action is an attempt to circumvent the enforcement order's ownership provision.  The order denying Becker's motion to dissolve the asset freeze order noted, "El Dorado admits that Level 5 paid for the Trailer, and, as a result, there is no dispute that Level 5 has some degree of interest in the Trailer.  Due to this interest, the Trailer is subject to the Court's asset freeze order notwithstanding the competing interests of El Dorado and Bruce Transporters."   (ECF No. 1108) Becker cannot bring a case in another forum simply because he does not like this court's conclusion.  If

he wanted to challenge the court's determination regarding ownership interest, he should have moved for reconsideration.  The commencement of the Ohio action violated the terms of the enforcement order. Becker and his associated entities should be held in contempt.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the Monitor's motion for an order to show cause (ECF No. 1106) should be GRANTED.  Becker, ETS Venture, LLC, and El Dorado Trailer Sales, LLC should be held in contempt for violating the August 25, 2016 enforcement order.

IT IS SO RECOMMENDED.

DATED this 14th day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

7