UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AMG SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Unopposed Motion for an Indicative Ruling, (ECF No. 1153), filed by the Federal Trade Commission ("FTC"). The Motion asks the Court to withdraw its Orders of May 1, 2017, (ECF Nos. 1145, 1147), and enter an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. For the reasons discussed below, the Court **DENIES** the Motion.

I.  **BACKGROUND**

The Court entered final judgment in this case on September 30, 2016, (Order, ECF No. 1057), which is currently on appeal. On May 1, 2017, the Court entered two Orders granting the parties' stipulation to clarify the Court's final judgment. (*See* ECF Nos. 1145, 1147). Specifically, the final judgment stated that it did "not implicate Defendants Nereyda Tucker, as Executor of the Estate of Blaine Tucker, or LeadFlash Consulting, LLC." (*See* Order 1:12 n.1, ECF No. 1057). However, the conclusion language of the final judgment inadvertently defined "Corporate Defendants" to include LeadFlash Consulting, LLC, and "Defendants" to include Nereyda Tucker. (*See id.* 26:21–24, 27:5–6). The Court's May 1, 2017 Order amended the final judgment to remove these inconsistencies and states "[t]he Court merely intends this Amended Order to clarify that its original Order . . . in no way implicates Defendants Nereyda

Tucker, as Executor of the Estate of Blaine Tucker, or LeadFlash Consulting, LLC." (Order 1:6 n.1, ECF No. 1147).

## II. **DISCUSSION**

In the instant Motion, the FTC contends that because of the earlier filed appeal, the Court lacked jurisdiction to issue its May 1, 2017 Order. (Mot. 2:5–6, ECF No. 1153). The Court disagrees. As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Marrese v. Am. Acad. of Ortho. Surgeons*, 470 U.S. 373, 379 (1985). There are exceptions to this general rule. "A district court may, for example, retain jurisdiction to correct clerical errors or clarify its judgment pursuant to Fed. R.Civ. P. 60(a)." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). In *Morris v. Morgan Stanley & Co.*, 942 F.2d 648 (9th Cir. 1991), the Ninth Circuit held:

> [W]hen a district court attempts to correct a "clerical error" under Federal Rule of Civil Procedure 60(a) after a notice of appeal has been filed, and the correction does not represent a change of position, but rather simply clarifies the court's intended action, a remand to effectuate that intent is a matter of mere form . . . Courts should not employ the rule to defeat this purpose by inducing needless paper shuffling.

*Morris*, 942 F.2d at 654–55.

Here, the Court's May 1, 2017 Order merely clarified that it did not implicate certain defendants. This clarification was consistent with the Court's footnote in the final judgment stating that it did not pertain to those defendants. Failure to correct this clerical order would simply "induc[e] needless paper shuffling." *Morris*, 942 F.2d at 654. Accordingly, the Court finds that its May 1, 2017 Order was appropriate and therefore denies the FTC's request to vacate the Order and issue an indicative ruling.

1  III.  **CONCLUSION**

2  **IT IS HEREBY ORDERED** that the FTC's Motion for an Indicative Ruling, (ECF No.

3  1153), is **DENIED.**

4  **DATED** this ___28___ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge