# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

AMG SERVICES, INC., *et.al*,

    Defendants.

Case No.: 2:12-cv-536-GMN-VCF

**ORDER**

Pending before the Court is the Motion for Clarification, (ECF No. 1114), filed by Interested Parties El Dorado Trailer Sales, LLC; E.T.S. Ventures, LLC; and Dale E. Becker (collectively "El Dorado").[1] In order to clarify the Court's prior Order Appointing Monitor and Freezing Assets, (ECF No. 1099), El Dorado's Motion for Clarification is **GRANTED**.

## I. DISCUSSION

El Dorado presents two separate issues for clarification of the Court's Order Appointing Monitor and Freezing Assets, (ECF No. 1099). The Court will address each issue in turn.

### i. Ohio Action

El Dorado asks if the Court "intended that the stay set forth in Section XII of the Monitorship Order applies to the Ohio Action? Or is the Ohio Action exempted from the stay pursuant to Section 12(b)(2)?" (Mot. for Clarification 2:7–9, ECF No. 1114). The Order Appointing Monitor and Freezing Assets ("Monitor Order"), (ECF No. 1099), states under section XII that "[e]xcept by leave of this Court, during pendency of the Monitorship ordered

---

[1] El Dorado's Motion fails to comply with Local Rule 7–2(d). Rule 7–2(d) provides that if a party fails to file points and authorities in support of its motion, that failure constitutes "consent to the denial of the motion." L. R. 7–2(d). Here, El Dorado failed to file points and authorities that support their request, as required by Local Rule 7–2(d). In fact, El Dorado failed to cite a single source from which this Court's authority to grant such a motion derives. If El Dorado intends to file a motion for clarification in the future, the Court implores El Dorado to include points and authorities.

herein, Defendants and Monitorship Entities and all other persons and entities be and hereby are stayed from taking any action to collect against, recover, *or to otherwise seek to gain possession of a Monitorship Estate Asset*[.]" (Monitor Order 19:7–10) (emphasis added). Section 12(b)(2) of the Monitor Order provides:

> The commencement or continuation of a civil action or proceeding against the Monitorship Entities or Defendants, so long as that proceeding or action does not include collecting against, recovering, or *to otherwise seeking to gain possession of a Monitorship Estate Asset*, or that otherwise interferes with the powers of the Monitor or the jurisdiction of this Court over the Monitorship Estate, which actions are stayed[.]

(*Id.* 19:27–28, 20:1–3) (emphasis added). The Monitor Order explicitly states that all actions that seek to gain possession of a Monitorship Estate Asset are stayed. (*Id.*). Here, El Dorado claims that the "Ohio Action does not seek to gain possession of any asset of Level 5." (Mot. for Clarification 2:6). However, the purpose of the Ohio Action is to determine "the nature and extent of Level 5's ownership interest in a Trailer." (*Id.* 2:3–4). Based on the purpose of the Ohio Action, the Court construes it as a lawsuit seeking to gain possession of the asset. Therefore, the stay set forth in Section XII of the Monitor Order applies to the Ohio Action.

       **ii.    Monitorship Estate Asset**

The second question El Dorado poses is if the Court "intend[ed] that El Dorado is further required to treat the Trailer as a Monitorship Estate Asset for the purposes of Sections VIII and IX of the Monitorship Order allowing the Monitor to seize the Trailer and sell it?" (Mot. for Clarification 2:12–14). In the Enforcing Asset Freeze Order issued on August 25, 2016, the Court determined that the Trailer was to be treated as an asset owned by Level 5 Motorsports, LLC, ("Level 5") until further order of this court. (Order Enforcing Asset Freeze Order 1:13–20, ECF No. 1036). Section VIII states that the Monitor is directed to comply with the "Asset Freeze imposed by this Order" and is directed to "[s]ell *all assets of Level 5 Motorsports, LLC* in a commercially reasonable manner, with the proceeds of such sale to be

deposited into the Monitor's account designated for this case." (Monitor Order 12:2–18) (emphasis added). The Court has therefore determined that the trailer is to be treated as an asset owned by Level 5 and should be considered as such in regards to the Order Appointing Monitor and Freezing Assets. Accordingly, El Dorado is required to treat the Trailer as a Monitorship Estate Asset for the purposes of Sections VIII and IX of the Monitor Order.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Clarification, (ECF No. 1114), is **GRANTED**. Specifically, the stay set forth in the Monitor Order applies to the Ohio Action, and El Dorado shall treat the Trailer as a Monitorship Estate Asset.

**DATED** this __27__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge