# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

AMG SERVICES, INC., *et.al*,

        Defendants.

Case No.: 2:12-cv-536-GMN-VCF

**ORDER**

Pending before the Court is the Report and Recommendation ("the Report") of the Honorable United States Magistrate Judge Cam Ferenbach, (ECF No. 1123). Interested Parties El Dorado Trailer Sales, LLC ("El Dorado Trailer Sales"), E.T.S. Ventures, LLC ("E.T.S. Ventures"), and Dale E. Becker ("Becker") (collectively "El Dorado") filed an Objection, (ECF No. 1124), and the appointed Monitor over the Monitorship Estate, Thomas McNamara ("the Monitor"), filed a Response to the Objection, (ECF No. 1128). For the reasons discussed below, the Court will accept and adopt in full Judge Ferenbach's Report and Recommendation to the extent that it is not inconsistent with this opinion.

## I. BACKGROUND

The underlying Motion for an Order to Show Cause, (ECF No. 1106), arises out of an Asset Freeze Order entered by the Court on March 31, 2016. This Order froze the assets of a number of Defendants including Level 5 Motorsports, LLC ("Level 5 Motorsports"). (*See* Asset Freeze Order, ECF No. 960). On August 24, 2016, the Federal Trade Commission ("FTC") filed an Emergency Motion to Enforce the Asset Freeze Order. (*See* Emergency Mot., ECF No. 1031). The FTC argued that a fifty-three-foot luxury trailer (the "Trailer") was an asset of Level 5 Motorsports and thus subject to the Asset Freeze Order. (*Id.*). On August 25, 2016, the Court granted the Emergency Motion to Enforce the Asset Freeze Order

("Enforcement Order"), deemed the Trailer an asset of Level 5 Motorsports, and ordered Becker to cooperate with the FTC. (*See* Enforcement Order, ECF No. 1036).

On November 30, 2016, the Monitor was appointed to oversee Defendants' assets post judgment. (*See* Order Appointing Monitor and Freezing Assets ("Appointment Order"), ECF No. 1099). On January 24, 2017, the Monitor moved for the instant Order to Show Cause why contempt and sanctions should not be issued against El Dorado. (*See* Emergency Mot. for Order to Show Cause ("Mot. for Cause"), ECF No. 1106). The instant Motion alleges that Becker attempted to sell the Trailer and commenced an action in Ohio ("Ohio Action") for quiet title to the Trailer. (*See* Mot. for Cause 9:3–15, 10:16, ECF No. 1106). The Monitor argues that both actions violated the Enforcement Order entered on August 25, 2016. (*See* Mot. for Cause 12:5–9, ECF No. 1106).

The instant action was referred to Judge Cam Ferenbach pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. Judge Ferenbach recommended that this Court enter an order granting the Monitor's Motion for an Order to Show Cause. (*See* R. & R., ECF No. 1123).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

El Dorado objects to the Report and Recommendation by claiming that personal jurisdiction was not waived, and it believes that its actions were not contemptuous. (*See generally* Obj., ECF No. 1124). The Court will address each objection in turn.

### A. Personal Jurisdiction Objection

"For a defendant to be subject to general *in personam* jurisdiction, it must have such continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995). Rule 12(b)(2) allows a party to assert that the court lacks personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2). If the court lacks personal jurisdiction, it cannot issue contempt against a party. *See Reebok*, 49 F.3d at 1388 (holding that the contempt order must be reversed because the district court lacked personal jurisdiction). However, "[a] party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to either make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h).

Here, El Dorado objects to the recommendation that personal jurisdiction was waived for three reasons: "(1) under black letter law the Motion to Dissolve is not a pleading; (2) the Motion to Dissolve expressly raises defective personal jurisdiction; and (3) one of the alleged contemnors was not even part of the Motion to Dissolve." (*See* Obj. 7:1–4, ECF No. 1123).

First, the fact that a motion to dissolve is not a pleading has no bearing on waiver of any defense under Rule 12(b)(2)–(5). *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding that just because a party's "first filing was not dubbed a 'Rule 12' motion is of no significance"). "The rule applies with equal effect no matter what is the title of the pleading." *Id*. As such, El Dorado's first argument fails because

the Motion to Dissolve qualifies as a pleading for the purposes of waiver under Rule 12(b)(2)–(5). Thus, personal jurisdiction was waived.

Second, the Court agrees with the Report in that Becker's jurisdictional argument in his Motion to Dissolve was not sufficient to raise a personal jurisdiction defense. (R. & R. 4:5–9). Indeed, Becker does not engage in a minimum contacts analysis at all: "the words 'minimum contacts' never appear within El Dorado's motion." (Resp. 9:24–25); (*see* R. & R. 4:12–13); (*see also* Mot. to Dissolve at 8–11, ECF No. 1038).

Third, El Dorado asserts that "Becker could not have waived his objection to personal jurisdiction because he was not a party to any filing in this Court until he was named as an alleged contemnor in the Monitor's Emergency Motion." (Obj. 8:21–24). However, the Court agrees with Judge Ferenbach that Becker made his first appearance in this action when El Dorado filed the Motion to Dissolve the Enforcement Order, and, as discussed *supra*, he did not sufficiently raise all the Rule 12(b)(2)-(5) defenses. (S*ee* R. & R. 4:2–3); (*see also* Mot. to Dissolve ¶¶ 1–2, ECF No. 1038). As such, Becker's failure to raise his personal jurisdiction defense as required under Rule 12(h)(1) effectively waived the defense.

Further, El Dorado contends that the Court lacks personal jurisdiction under an *in rem* theory. (Obj. 26–28). However, on November 30, 2016, the Court ordered that it "shall have exclusive jurisdiction regarding any dispute regarding whether any Asset is included in the Monitorship Estate." (*See* Appointment Order 11:7–8, ECF No. 1099). Additionally, an order issued to preserve the assets of a receivership estate is a classic example of an *in rem* injunction. *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions."); *cf. SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) ("The power of the district court to issue a stay, effective against all persons, of all proceedings against the receivership entities rests as much

on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action."). For these reasons, the Court agrees with Judge Ferenbach's recommendation that El Dorado waived its personal jurisdiction defense.

### B. Contempt Objections

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993). A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. *See Go–Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir.1993). "The nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its orders." *Reebok*, 49 F.3d at 1391. "The contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc*., 689 F.2d 885, 889 (9th Cir. 1982). "There is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck*, 10 F.3d at 695.

Here, El Dorado objects to the Report and Recommendation on two grounds: (1) listing the trailer for sale was not contemptuous and (2) filing the Ohio Action was not contemptuous. The Court will address each in turn.

### i. Listing the Trailer for Sale

El Dorado objects to the finding that it violated the Enforcement Order because the Report fails to address the fact that "nowhere in the Enforcement Order is there a 'specific and definite' order to refrain from merely marketing the Trailer for sale." (Obj. 9:10–11). El

Dorado claims that it listed and marketed the Trailer with the approval of the FTC. (*Id.* 9:11–12). Further, "El Dorado did not believe the Enforcement Order was in effect from September 30, 2016 until January 26, 2017," because "preliminary injunctions dissolve upon final judgment." (*Id.* 10:24–27).

The Enforcement Order explicitly states:

> El Dorado Trailer Sales, LLC, ETS VENTURES LLC, and any person acting in concert with El Dorado Trailer Sales, LLC, or ETS Ventures, LLC, shall prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, *sale* or other disposal of the Trailer until further order of this Court, except for surrender or delivery to the FTC or an agent specified by the FTC as set forth below.

(Enforcement Order 1:20–24, ECF No. 1036) (emphasis added). The Enforcement Order plainly details that a sale of the Trailer is prohibited. (R. & R. 6:9). The purpose of the Enforcement Order is to preserve the assets of the lending Defendants named in the underlying action in order to provide redress for defrauded consumers. (*See* Appointment Order 6:6–8, ECF No. 1099). El Dorado attempts to draw the distinction between *advertising to sell* the Trailer and the *actual sale* of the Trailer. (Obj. 9:21–27). This distinction is immaterial, however, because advertising to sell the trailer qualifies as a failure to take reasonable steps to comply with the Court's Order to preserve the asset. Therefore, Becker, as the sole member of both E.T.S. Ventures and El Dorado Trailer Sales, violated the Enforcement Order with his attempted sale of the Trailer. (*See* Mot. to Dissolve ¶¶ 1–2, ECF No. 1038).

Although El Dorado claims that it did not believe the Enforcement Order was in effect from September 2016 to January 2017, the Enforcement Order explicitly states that a sale of the Trailer is prohibited "until further order of this Court." (Enforcement Order 1:23). Indeed, El Dorado Trailer Sales and E.T.S. Ventures filed a Motion to Dissolve the Enforcement Order on August 29, 2016, and it was denied by the Court on January 26, 2017, because the Court found that the Enforcement Order "is necessary to achieve the purposes of the receivership." (Order

Denying Mot. to Dissolve, ECF No. 1108); (*see* Mot. to Dissolve, ECF No. 1038). El Dorado's "request that the Court immediately dissolve the Order" proves that it was in fact aware of the existing Enforcement Order. (Mot. to Dissolve 20:7–8, ECF No. 1038). Thus, El Dorado was on notice that the Preliminary Injunction was still active. Although El Dorado alleges that it did not purposefully violate the Court's Order, contempt can be found even when the contempt that occurs is not willful. *See In re Dual-Deck*, 10 F.3d at 695. Based on clear and convincing evidence of the attempted sale of the Trailer, the Court adopts Judge Ferenbach's recommendation that El Dorado should be held in contempt.

### ii. Filing the Ohio Action

El Dorado argues that "the Enforcement Order simply does [not] contain any sort of stay of actions," and that the Ohio Action was filed "before the Stay imposed by the Monitor[ ] Order and over three months before the Court's January 26, 2017 Order denying El Dorado's [M]otion to [D]issolve." (Obj. 11:11–23). El Dorado concludes that it should not be held in contempt for filing the Ohio Action because it did not violate an existing court order.

However, on August 25, 2016, the Court ordered that the Trailer "shall be treated for all purposes as an asset owned by Level 5 Motorsports, LLC[,] for purposes of the Asset Freeze Order, until further order of this Court." (Enforcement Order 1:15–16, ECF No. 1036). At this point in time, El Dorado was under a direct order from the Court that the Trailer shall be treated as property of Level 5 Motorsports. (*Id.*) Then, on October 17, 2016, El Dorado filed suit in Ohio to "determine the ownership of the trailer." (Obj. 11:21, 12:1). The Court interprets the Ohio Action as an attempt by El Dorado to circumvent the Enforcement Order's ownership provision. Therefore, the commencement of the Ohio Action violated the terms of the existing Enforcement Order.

After making a de novo determination of the portions of the Report to which objections were made, the Court finds that the Monitor has satisfied his burden of showing by clear and

convincing evidence that El Dorado has violated a specific and definite Order of the Court. Accordingly, the Court adopts in full Judge Ferenbach's Report and Recommendation.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 1123), be **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Monitor's Motion for an Order to Show Cause, (ECF No. 1106), is **GRANTED**. Becker, E.T.S. Ventures, and El Dorado Trailer Sales are held in contempt for violating the August 25, 2016 Enforcement Order, (ECF No. 1036).

**IT IS FURTHER ORDERED** that the Monitor shall submit for the Court's consideration an affidavit and brief relating to the monetary sanctions that the Court should award two weeks after the issuance of this Order. El Dorado's response is due by a week after the Monitor's brief is filed and the Monitor's reply is due a week after that.

**DATED** this __29__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge