Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
Joseph P. Sakai (NV 13578)
sakaij@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.:   702-471-7000
Fax:   702-471-7070

Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
Edward Chang (NV 11783)
echang@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401

*Attorneys for Court-Appointed Monitor*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMG SERVICES, INC., et al., <br><br> Defendants, and <br><br> PARK 269 LLC, et al., <br><br> Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF <br><br> **ORDER ENJOINING THE FEINGOLD PARTIES FROM TRANSFERRING ASSETS** |

It appearing to the Court that David Feingold, Dylan, Jagger Investment Co., Homeowners Realty, LLC, UMR Building, LLC, and, United Material Recovery, LLC (collectively, the "Feingold Parties"), are likely to transfer, liquidate, or hypothecate significant assets to frustrate collection by the Monitor, violating the rights of the FTC as judgment creditor of the defendants in this matter, and to render the Settlement Agreement entered into between the Monitor and the Feingold Parties as ineffectual,

DMWEST #18092334 v2

**IT IS HEREBY ORDERED** that the Feingold Parties and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

1. Owned, or controlled, in whole or in party, by any Feingold Party;

2. Held for the benefit or, directly or indirectly, any Feingold Party, in whole or in part;

3. In the actual or constructive possession of any Feingold Party;

4. Held by an agent of any Feingold Party as a retainer for the agent's provision of services to the Feingold Parties;

5. Owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, controlled by any of the Feingold Parties, or of which any Feingold Party is an officer, director, member, or manager. This includes, but is not limited to, any assets held by, for, or subject to access by, any of the Feingold Parties at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, previously metal dealer, or other financial institution or depository of any kind; or,

2

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

DMWEST #18092334 v2

6. Held in any account for which any Feingold Party is an authorized signer.

B. Opening or causing to be opened, unless accompanied by counsel for the Monitor, any safe deposit boxes titled in the name of any Feingold Party, either individually, jointly, or subject to access by any Feingold Party;

C. Obtaining a person or secured loan encumbering the assets of any Feingold Party, or subject to access by any Feingold Party;

D. Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Feingold Party or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Feingold Party; or,

E. Incurring any charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Feingold Party, or any corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Feingold Party or of which any Feingold Party is an officer, director, member, or manager. This includes, but is not limited to, any corporate bank or credit card account for which any Feingold Party is an authorized signer.

**IT IS FURTHER ORDERED** that the assets affected by this Order shall include asses (a) existing as of the date of execution of the Settlement Agreement, March 2, 2018, or (b) acquired by any Feingold Party following execution of the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Feingold Parties may make expenditures in the ordinary course without leave of Court conditioned upon: (a) the Feingold Parties providing an accounting to the Monitor and the Court of all expenditures made by any of the Feingold Parties every thirty (30) days; and, (b) the Feingold Parties must request permission from this Court to make any transfer equal to or exceeding $5,000.

3

**IT IS FURTHER ORDERED** that this injunction shall remain in effect until it is dissolved or until the Feingold Parties have satisfied their obligations under the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Monitor shall post a bond to support this injunction in the amount of $500, and the Court finds that such amount is sufficient security given the Monitor's likelihood of success on the merits of enforcing settlement and that there is no reasonable likelihood of harm to be suffered by the Fiengold Parties given the scope of their agreement within the Settlement Agreement, and the fact that any dissipation of assets would result in irreparable harm to the Monitorship Estate.

**IT IS SO ORDERED.**

**DATED** this __29__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

DMWEST #18092334 v2