Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
Joseph P. Sakai (NV 13578)
sakaij@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.:  702-471-7000
Fax:  702-471-7070

Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
Edward Chang (NV 11783)
echang@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:  619-269-0400
Fax:  619-269-0401
*Attorneys for Court-Appointed Monitor*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG SERVICES, INC., et al.,<br><br>Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF<br><br>**ORDER DIRECTING ISSUANCE OF PREJUDGMENT WRITS OF ATTACHMENT** |

After consideration of the Emergency Motion for Issuance of Prejudgment Writs of Attachment submitted by the Monitor, as well as the Monitor's Declaration, the Court being fully advised in the premises and good cause appearing therefor, the court makes the following findings:

1. That the Court has jurisdiction over this matter pursuant to the Court's retention of jurisdiction to enforce the Judgment against Defendants [ECF No. 1057]

DMWEST #18093028 v1

1 and the Feingold Parties' assent to the Court's jurisdiction for the purposes of
2 enforcement of the Settlement Agreement. [ECF No. 1191]

3     2. That the request for prejudgment attachment appears to be one in
4 which attachment may be allowed without notice or hearing because said request is
5 brought pursuant to NRS 31.017(5).

6     3. The facts and reasons why these grounds exist are the Monitor's
7 Emergency Motion for Issuance of Prejudgment Writs of Attachment and its
8 supporting affidavit which show that the Feingold Parties are in continuing breach
9 and default of their duties and obligations under the Settlement Agreement,
10 including making recurring payments to the Monitor; that the Feingold Parties have
11 failed to rectify their breach and default as of the filing of the Emergency Motion;
12 that the Monitor has demonstrated that the Feingold Parties do not intend to rectify
13 their breach and default and instead may attempt to transfer or otherwise liquidate
14 assets to avoid collection of amounts due under the Settlement Agreement.

15     4. Having reviewed the Emergency Motion for Issuance of Prejudgment
16 Writs of Attachment and the documents on file herein, it appears that the Monitor
17 has a meritorious claim for relief.

18     5. The amount for which the attachment will issue in this action is the
19 sum of two million five hundred and ninety thousand dollars ($2,590,000).

20     6. Pursuant to NRS 31.030(1), the Monitor is not be required to provide an
21 undertaking as a condition precedent to attachment as the Monitor is acting in his
22 capacity as an officer of this Court.

23     7. The names of all third persons upon whom writs of attachment may be
24 served are:

    a. Mid-America Paper Recycling Co, Inc.
       3865 W. 41st Street
       Chicago, IL 60632

    b. First Corporate Solutions, as Representative
       914 S. Street

2

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

Sacramento, CA 95811

    c. Tristate Capital Bank
One Oxford Centre, 301 Grant Street
Pittsburgh, PA 15219

    d. Tutera Investments, L.L.C.
7611 State Line Road, Suite 301
Kansas City, MO 64114

8. The property to be attached herein is properly described as:

    a. The property of David Feingold, Dylan, Jagger Investment Co., Inc., Homeowners Realty, LLC, UMR Building, LLC, and United Material Recover, LLC, whether owned collectively or individually by these parties, including, but not limited to: all accounts; all chattel paper; all commercial tort claim; all deposit accounts; all documents; all equipment; all general intangibles; all instruments; all inventory; all investment property; all letter-of-credit rights; all other goods; and all money, all products and proceeds of any and all of the foregoing, and all supporting obligations of any and all of the foregoing.

    b. The real property described as follows:

        i. Parcel 1: Situated in the State of Ohio, County of Licking and in the City of Newark; Being lot number thirteen thousand four hundred thirty-five (13435), as shown on "Amended Plat" recorded August 12, 2008, in Instrument No. 200808120018336, said plat being an amended and corrected plat of the consolidation plat prepared for Owens Corning Insulating Systems, LLC, recorded in Instrument No. 200802070002824, both in the Recorder's Office, Licking County, Ohio. Manning Street, Newark, Ohio 43055. PPN: 054-272124-00.000

        ii. Situated in the State of Ohio, County of Licking and in the City of Newark; Being lot number thirteen thousand four hundred forty-

3

DMWEST #18093028 v1

seven (13447) as shown on the consolidation plat prepared for Owens Corning Insulating Systems, LLC, as the same is numbered and delineated upon the recorded thereon filed for record February 7, 2008 in Instrument No. 200802070002836, Recorder's Office, Licking County, Ohio. Maple Avenue, Newark, Ohio 43055. PPN: 054-270942-00.009.

IT IS, THEREFORE, ORDERED that the Writs of Attachment in this action be issued in the amount of $2,590,000 against the property of the Feingold Parties, described above.

**IT IS SO ORDERED.**

**DATED** this ___29___ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

DMWEST #18093028 v1