Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.:    702-471-7000
Fax:    702-471-7070

Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
Edward Chang (NV 11783)
echang@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:    619-269-0400
Fax:    619-269-0401
*Attorneys for Court-Appointed Monitor,*
*Thomas W. McNamara*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>AMG SERVICES, INC., et al.,<br><br>                Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>                Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH SUNWAY HOTEL GROUP, INC.; SUNWAY HOTEL MANAGEMENT, INC.; BARTLESVILLE SW HOTEL, INC.; BARTLESVILLE HOTEL, LLC; AND BARTLESVILLE HOTEL DEC, LLC** |

The Court-appointed monitor Thomas W. McNamara (the "Monitor") and non-parties Sunway Hotel Group, Inc.; Sunway Hotel Management, Inc.; Bartlesville SW Hotel, Inc.; Bartlesville Hotel, LLC; and Bartlesville Hotel DEC, LLC (collectively, the "Sunway Parties") jointly move the Court to approve the proposed Settlement Agreement, attached hereto as Exhibit 1, relating to interests in a hotel in Bartlesville, Oklahoma (the "Bartlesville Hotel").

The Sunway Parties operate and manage the Bartlesville Hotel. Scott Tucker and certain Monitor Entities obtained economic and ownership interests in the Bartlesville Hotel in 2013, as the result of the settlement of a dispute between Mr. Tucker and the Sunway Parties. The Monitor contends Sunway Hotel Management, Inc. paid itself excessive fees in operating and managing the hotel to the detriment of Mr. Tucker and Monitor Entities. The Monitor has engaged in extensive pre-litigation settlement discussions with the Sunway Parties resulting in the proposed Settlement Agreement attached as Exhibit 1. Provided the Court approves the Settlement Agreement, the Sunway Parties will pay $425,000 to the Monitor in exchange for resolving any disputes regarding the management of the Bartlesville Hotel and transferring all of the Monitorship Estate's interest in the hotel to the Sunway Parties.

The Plaintiff in this case, the Federal Trade Commission, has been provided the proposed Settlement Agreement and does not oppose this motion. Scott Tucker is unrepresented in this case and is presently incarcerated.[1]

If the Court is satisfied with the Settlement Agreement, the Monitor and the Sunway Parties ask for an order approving the Settlement Agreement and that the Court retain jurisdiction to interpret and enforce the agreement. If the Court wishes to further inquire about the matter prior to issuing an order, the Monitor asks that the Court set this motion for a hearing or otherwise instruct the Monitor to file a report as to any issue where further information is needed.

---

[1] Counsel for defendants Scott Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners (collectively, "Tucker Defendants") has withdrawn from the representation. As a result of his criminal conviction in the Southern District of New York, Mr. Tucker was sentenced to prison and remanded to custody. Having previously inquired of counsel, we believe Mr. Tucker is not presently represented in this action, and therefore we intend to serve this motion directly on him. We shall send Mr. Tucker a copy of this motion via mail at his present Bureau of Prisons facility.

Accordingly, the Monitor and the Sunway Parties hereby jointly ask that the Court issue

an order approving the Settlement Agreement.

Dated: January 17, 2020

Respectfully submitted by:


 /s/ Edward Chang
Edward Chang (NV 11783)
echang@mcnamarallp.com
Logan D. Smith (Pro Hac Vice)
lsmith@mcnamarallp.com
Sanjay Bhandari (Pro Hac Vice)
sbhandari@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.: 619-269-0400
Fax: 619-269-0401

Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.: 702-471-7000
Fax: 702-471-7070

*Attorneys for Court-Appointed Monitor,*
*Thomas W. McNamara*

 /s/ Michael B. Shteamer
Michael B. Shteamer
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Tel.: 816-374-058
Fax: 816-753-1536
Email: mshteamer@polsinelli.com

*Attorneys for Sunway Hotel Group, Inc.,*
*Sunway Hotel Management, Inc., Bartlesville*
*SW Hotel, Inc., Bartlesville Hotel LLC, and*
*Bartlesville Hotel DEC, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2020, pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF or delivered by email and mailing in the U.S. Mail a true and correct copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH SUNWAY HOTEL GROUP, INC.; SUNWAY HOTEL MANAGEMENT, INC.; BARTLESVILLE SW HOTEL, INC.; BARTLESVILLE HOTEL, LLC; AND BARTLESVILLE HOTEL DEC, LLC**, postage prepaid and addressed to the following:

**VIA CM/ECF**
Blaine T. Welsh
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101
Tel.:    702-388-6336
Email: Blaine.Welsh@usdoj.gov
*Attorneys for FTC*

**VIA CM/ECF**
Jeremy R. Vanderloop
Madden Vanderloop, S.C.
116 S. Main Street
Mayville, WI 53050
Tel.:    920-387-2300
Fax:    920-387-4428
Email: jvanderloop@madvanlaw.com
*Attorneys for Interested Parties ETS Ventures, LLC; El Dorado Trailer Sales; and Dale E. Becker*

**VIA CM/ECF**
Kimberly L. Nelson
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-9528
Washington, DC 20580
Tel.:    202-326-3304
Fax:    202-326-3197
Email: knelson@ftc.gov
*Attorneys for FTC*

**VIA CM/ECF**
Martin L. Welsh
Law Office of Hayes & Welsh
199 N. Arroyo Grande Blvd.
Henderson, NV 89074
Tel.:    702-434-3444
Fax:    702-434-3739
Email: mwelsh@lvlaw.com
*Attorneys for Interested Parties ETS Ventures, LLC; El Dorado Trailer Sales; and Dale E. Becker*

**VIA CM/ECF**
Paul C. Ray
Paul C. Ray, Chtd.
8670 West Cheyenne Avenue, Suite 130
Las Vegas, NV 89129
Tel.:    702-823-2292
Fax:    702- 823-2384
Email: paulcraylaw@gmail.com
*Attorneys for AMG Capital Management, LLC; Level 5 Motorsports, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Park 269 LLC*

**VIA CM/ECF**
Nicole Ducheneaux
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Tel.:    402-333-4053
Fax:    402-333-4761
Email: nducheneaux@ndnlaw.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

**VIA CM/ECF**
Francis J. Nyhan
Fredericks Peebles & Morgan LLP
2020 L Street, Ste. 250
Sacramento, CA 95811
Tel.:    916-441-2700
Fax:    916-441-2067
Email: jnyhan@ndnlaw.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

**VIA CM/ECF**
Joshua M. Dickey
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
Tel.:    702-562-8820
Fax:    702-562-8821
Email: jdickey@baileykennedy.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

**VIA CM/ECF**
Victoria W. Ni
Public Justice, PC
475 14th Street, Suite 650
Oakland, CA 94612-1949
Tel.:    510-622-8150
Fax:    510-622-8155
Email: vni@publicjustice.net
*Attorneys for Intervenor Americans for Financial Reform*

**VIA CM/ECF**
Craig B. Friedberg
Law Offices of Craig B. Friedberg
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Tel.:    702-435-7968
Fax:    702-946-0887
Email: attcbf@cox.net
*Attorneys for Intervenor Americans for Financial Reform*

**VIA EMAIL**
Kim Tucker
7118 Village Drive
Prairie Village, KS 66208
kim@kimtucker.net
*Pro Se*

**VIA U.S. MAIL**
Leavenworth Detention Center
Attn: Scott Tucker (RN 06133-045)
100 Highway Terrace
Leavenworth, KS 66048


  /s/ Edward Chang
Edward Chang
*Attorneys for the Court-Appointed Monitor, Thomas W. McNamara*

1

**EXHIBIT INDEX**

2

**Exhibit**                                                                                                    **Page**

3        1       Settlement Agreement and Release of Claims ................................................................. 1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Settlement Agreement and Release of Claims

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by and between: (1) Bartlesville Hotel, LLC ("Bartlesville Hotel"), Bartlesville SW Hotel, Inc. ("Bartlesville SW Hotel"), Bartlesville DEC, LLC ("Bartlesville DEC"), Sunway Hotel Group, Inc. ("Sunway Hotel Group"), and Sunway Hotel Management, Inc. ("Sunway Hotel Management") (collectively the "Sunway Parties"); and (2) Thomas W. McNamara, in his capacity as a Court-appointed monitor in the below-defined Litigation (the "Monitor").  For the purposes of this Agreement, the Sunway Parties and the Monitor are each referred to individually as a "Party" and collectively as the "Parties."

## R E C I T A L S

A.     Whereas, on or about April 2, 2012, the Federal Trade Commission filed suit in litigation entitled *Federal Trade Commission v. AMG Services, Inc., et al.*, D. Nev. Case No. 2:12-cv-00536-GMN-VCF (the "Litigation");

B.     Whereas, the court hearing the Litigation is referred to herein as the "Court";

C.     Whereas, the Monitor was appointed as Monitor over the Monitorship Estate pursuant to the Order Appointing Monitor and Freezing Assets, ECF No. 1099 ("Order Appointing Monitor");

D.     Whereas, the estates of the Monitorship Estate constitutes all of Scott Tucker's, Kim Tucker's and the Monitor Entities' Assets, wherever they may be located, in whosoever possession they may be found, whether owned directly or indirectly, except as excluded in the Order Appointing Monitor (collectively, the "Monitorship Estate");

E.     Whereas, the entities subject to the monitorship include AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Park 269, LLC, BA Services LLC, C5 Capital LLC, DF Services Corp., DFTW Consolidated [UC] LLC, Impact BP LLC, Level 5 Apparel LLC, Level 5 Capital Partners LLC, Level 5 Eyewear LLC, Level 5 Scientific LLC, NM Service Corp. (f/k/a/ National Money Service), PSB Services LLC, Real Estate Capital LLC (f/k/a/ Rehab Capital I, LLC), Sentient Technologies, ST Capital LLC, Westfund LLC, Eclipse Renewables Holdings LLC, Scott Tucker Declaration of Trust, dated February 20, 2015, West Race Cars, LLC, and Level 5 Management LLC and their successors, assigns, affiliates, and subsidiaries ("Monitor Entities");

F.     Whereas, the terms "Asset" or "Assets" as used herein means assets disclosed in each "Federal Trade Commission Financial Statement of Individual Defendant" or "Federal Trade Commission Financial Statement of Corporate Defendant" of Scott A. Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, Broadmoor Capital Partners, LLC, Kim Tucker, and Park 259, LLC, any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds,

EXHIBIT 1
Page 1

contracts, mail or other deliveries, shares of stock, futures, securities, partnership interests, inventory, checks, notes, accounts, credits, receivables, cash or currency, trusts, including but not limited to asset protection trusts and trusts held for the benefit of a Defendant, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank, regardless of when any Defendant acquired such interest, right, or claim;

G.      Whereas, on November 30, 2013, Bartlesville DEC, LLC, Donald E. Culbertson, The DEC Trust UTA January 23, 2012, and Donald E. Culbertson Revocable Trust UTA January 1, 1998, as amended (collectively, "Assignors") each executed an Assignment of Economic Interest in favor of Westfund LLC transferring certain profits and distributable earnings of Bartlesville Hotel, LLC to Westfund LLC;

H.      Whereas, on June 10, 2010, Bartlesville Hotel, LLC and Bartlesville SW Hotel, Inc. entered a Day-to-Day Management Agreement and Bartlesville SW Hotel, Inc. and Sunway Hotel Management, Inc. entered a Day-to-Day Management Agreement (collectively, "Management Agreements") for the Hilton Garden Inn located in Bartlesville, Oklahoma (the "Property");

I.      Whereas, the Management Agreements required, among other things, management fees payable to Sunway Hotel Management, Inc. to "[s]upervise and manage" the Property in exchange for compensation of 5% of Gross Income (with a minimum of $5,000 per month), reimbursement of out-of-pocket expenses, and an accounting fee of $2,500 per month;

J.      Whereas, beginning in October 2013, Sunway Hotel Management, Inc. paid itself a "restaurant/bar oversight fee" of $6,100 per month and received a total of $274,500 from October 2013 to July 2017;

K.      Whereas, the Monitor contends that the $274,500 that Sunway Hotel Management, Inc. paid itself for the "restaurant/bar oversight fees" were duties it was already required to perform and the $274,500 should have been distributed to Westfund LLC pursuant to the Assignors' Assignment of Economic Interest (the "Sunway Dispute"), which Sunway Hotel Management, Inc. disputes;

L.      Whereas, between August 2008 and October 2010, Scott Tucker, Oro Valley Hotel Holdings, LLC, an entity owned by Scott Tucker, Westfund LLC and Black Creek Capital Corporation invested in the Property and in addition two hotel developments, Forum Express located in Florida and Oro Valley located in Arizona, with Donald E. Culbertson, Sunway Hotel Group, Inc., Sunway Hotel Management, Inc., Oro Valley Sunway, LLC, Oro Valley DEC, LLC, Oro I SW Hotel, Inc., Forum Express, LLC, and Forum SW Hotel, Inc. that were not completed (collectively the "Hotel Projects");

M.      Whereas, Bartlesville DEC (assignee of the Donald E. Culbertson Trust UTA January 1, 1998) and Bartlesville Hotel Holdings, LLC, a Nevada limited liability company ("Bartlesville Holdings") which is an Asset of the Monitorship Estate are the sole members of Bartlesville Hotel and each of those members entered into the Second Amended and Restated Operating Agreement of Bartlesville Hotel, LLC which entity owns the Property; and

EXHIBIT 1
Page 2

N.      Whereas, the Parties engaged in settlement discussions and now desire to avoid the risk, inconvenience, and expense of litigation; the Parties have therefore agreed to fully and fairly resolve the Sunway Dispute, any disputes regarding the Hotel Projects or the Property, and any dispute regarding Bartlesville Holdings (hereinafter collectively referred to as the "Released Claims") that the Parties had in the past against each other arising prior to the Effective Date hereof.

A G R E E M E N T

NOW, THEREFORE, in consideration of the foregoing Recitals, the mutual promises, covenants, and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

**1.      Recitals**

The aforementioned Recitals are incorporated into this Agreement as if set forth fully herein.

**2.      Submission to the Court**

The Parties shall submit this Agreement for Court approval after execution by all parties by submitting the Joint Motion and Proposed Order attached hereto as Exhibit A.  In the event that the court denies approval of this Agreement, the Agreement shall be null and void.  In the event the Court approves the Agreement, the date of such approval shall be the "Effective Date."

**3.      The Settlement**

a.      The Sunway Parties shall pay to the Monitor a total of $425,000 no later than seven business days after the Effective Date; and

b.      The Monitor shall assign the Economic Interest currently held by Westfund to the Sunway Parties no later than seven business days after the Effective Date by executing the Omnibus Assignment attached hereto as Exhibit B.  Further, Monitor shall assign the fifty-five percent (55%) membership interest of Bartlesville Holdings to Bartlesville DEC no later than seven (7) business days after the Effective Date by executing the Omnibus Assignment attached hereto as Exhibit C.

**4.      Mutual General Release and Waiver**

a.      As of the Effective Date, the Monitor, on behalf of the Monitor Entities and the Monitorship Estate, hereby agrees to release and forever discharge the Sunway Parties and their attorneys from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent,

Settlement Agreement<br>Sunway Parties<br>Page 3 of 10

EXHIBIT 1<br>Page 3

including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether in law or in equity, which they had or may claim to have against any of them, including, without limitation, those arising out of or relating to: (i) the Sunway Dispute; (ii) the Hotel Projects; (iii) the Released Claims; (iv) any other matters between the Sunway Parties and the Monitorship Estate and/or the Monitor Entities; and/or (v) any costs, attorneys' fees or expenses incurred in connection with the subject matter hereof prior to the Effective Date (collectively, the "Monitor Released Claims").

b.      As of the Effective Date, the provisions of which survive this general release and waiver, the Sunway Parties hereby agree to release and forever discharge the Monitor, the Monitorship Estate, the Monitor Entities and their attorneys from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether in law or in equity, which they had or may claim to have against any of them, including, without limitation, those arising out of or relating to: (i) the Sunway Dispute; (ii) the Hotel Projects; (iii) the Released Claims; (iv) any other matters between the Sunway Parties and the Monitorship Estate; and/or (v) any costs, attorneys' fees or expenses incurred in connection with the subject matter hereof prior to the Effective Date (collectively, the "Sunway Released Claims").

c.      As of the Effective Date, and except as expressly set forth in this Agreement, the Parties hereby expressly and knowingly waive and relinquish any and all rights that they have or might have relating to the Monitor Released Claims and/or the Sunway Released Claims under California Civil Code § 1542 (and under other statutes or common-law principles of similar effect) which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

d.      Notwithstanding any other provision herein, the releases stated herein shall not include any claims by any Party against any other person or entity not expressly identified in the releases.

## 5.      Representations and Warranties

a.      The Sunway Parties represent and warrant to the Monitor that the Sunway Parties' documents and information provided to the Monitor prior to the Effective Date were, taken as a

Settlement Agreement
Sunway Parties
Page 4 of 10

71681084.1

EXHIBIT 1
Page 4

whole in all material respects true, accurate, correct, and complete at the time such disclosures were made. The Sunway Parties further represent and warrant to the Monitor that they are not currently in possession or control of any monies or funds attributable to Monitor Entities and the Hotel Projects (except for the Property) are no longer active and were terminated before November 30, 2013.

b.       If the Court finds that the Sunway Parties committed a material misrepresentation or omission, it is agreed that, notwithstanding the releases stated in Paragraph 4, and notwithstanding any other provision of this Agreement, the Monitor may request that the Court hold the Sunway Parties in civil contempt. Should the Monitor make such a request, and should the Court determine that such a material misrepresentation or omission was made, the Court shall enter a finding of civil contempt against the Sunway Parties in favor of the Monitor.

**6.       No Admission of Fault or Liability**

It is understood and agreed that this Agreement and the performance of other obligations herein are for the sole purpose of compromising the Monitor Released Claims and the Sunway Released Claims, and that this Agreement (including any acknowledgments in the above recitals), shall not be construed as an admission of liability or an acknowledgement of facts by any Party, with liability being expressly denied by each Party.

**7.       Integration Clause**

This Agreement contains the entire agreement of the Parties and supersedes any and all prior, written or oral, agreements among them concerning the subject matter hereof. There are no representations, agreements, arrangements or understandings, oral or written, among the Parties relating to the subject matter of this Agreement that are not fully expressed herein.

**8.       Consultation with Counsel**

The Parties represent and warrant that they have had an opportunity to present counsel of their choice with this Agreement, that, if they elected to have counsel, such counsel has had the opportunity to review this Agreement, and that they are executing this Agreement of their own free will after having received advice from counsel regarding execution of this Agreement or after having had the opportunity to seek such advice.

**9.       Choice of Law, Consent to Jurisdiction, and Venue**

This Agreement shall be governed by and interpreted and construed pursuant to the laws of the State of Nevada, without giving effect to any conflicts of law principle. In the event of a dispute regarding this Agreement, the Parties hereby consent to the exclusive jurisdiction and venue of the U.S. District Court for the District of Nevada, and specifically the Court having jurisdiction over the Litigation, which jurisdiction shall survive termination of the Litigation.

Settlement Agreement
Sunway Parties
Page 5 of 10

71681084.1

EXHIBIT 1
Page 5

**10.     Attorneys' Fees**

In the event that any action or other proceeding is taken to enforce the terms of this Agreement, the prevailing party shall be entitled to recover, in addition to other damages or remedies, its reasonable attorneys' fees, court costs, and other costs and expenses reasonably incurred in connection therewith, including but not limited to any reasonable attorneys' fees, court costs and other costs and expenses incurred in connection with seeking to recover the attorneys' fees, court costs and other costs and expenses of enforcement provided for by this paragraph.

**11.     Severability**

If any one or more of the provisions of this Agreement should be ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Agreement not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformance with the Parties' intent as manifested herein; and (iv) if the ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislature, judicial, or administrative action, then the provision(s) in question as originally set forth in this Agreement shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

**12.     No Waiver**

The failure of any Party to insist upon compliance with any of the provisions of this Agreement or the waiver thereof, in any instance, shall not be construed as a general waiver or relinquishment by such Party of any other provision of this Agreement.

**13.     Modification and Amendment**

This Agreement may not be waived, altered, amended or repealed, in whole or in part, except upon written agreement executed by the Party or Parties against which enforcement is sought.

**14.     Agreement Obligates, Extends, and Inures**

The provisions of this Agreement shall be binding upon each of the Parties and each of the Parties' partners, affiliates, agents, principals, members, shareholders, managers, officers, employees, parents, subsidiaries, directors, trustees, successors, assigns, attorneys and, if any, and upon those who may assume any or all of the above described capacities subsequent to the Effective Date. The provisions of this Agreement shall inure to the benefit of each of the Parties and each of the Parties' partners, affiliates, agents, principals, members, shareholders, managers, officers, employees, parents, subsidiaries, directors, trustees, successors, assigns, attorneys and, if any, and upon those who may assume any or all of the above described capacities subsequent to

Settlement Agreement
Sunway Parties
Page 6 of 10

71681084.1

EXHIBIT 1
Page 6

the Effective Date.  The Monitor Entities are intended third party beneficiaries of the releases set forth in Paragraph 4(a) and 4(b) respectively.  The Monitor hereby represents and warrants that upon the Court's approval of this Agreement, the Monitor has the requisite authority to bind the Monitorship Estate, the Monitor Entities and the Assets to this Agreement.

**15.     No Reliance**

Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, each Party does not rely, and has not relied, on any representation or statement made by any other Party to this Agreement, on any representation or statement made by anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

**16.     No Assignment or Transfer of Action**

Each Party represents and warrants that: (i) such Party owns the claims released hereby; (ii) no other person or entity has any interest in such claims; (iii) it has not sold, assigned, conveyed or otherwise transferred any such claim; and (iv) it has the sole right to settle and release such claims.  The undersigned represent and warrant that to the best of their information and belief, and except as expressly set forth in this Agreement, they have no knowledge of any claims held by one against the other that are not released hereby.

**17.     Each Party to Bear Its Own Attorneys' Fees and Costs**

Except as expressly provided for herein, each Party shall bear its own attorneys' fees and costs incurred in relation to this Agreement and any litigation and/or negotiations prior to the Effective Date.

**18.     Multiple Counterparts**

This Agreement may be executed in counterparts, each of which may be executed and delivered via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document and each of which shall be effective and binding on the Parties as of the Effective Date.  Each such counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one and the same Agreement.

**19.     Authority of Signatories**

Each of the Parties to this Agreement represents and warrants that such Party is authorized to enter into this Agreement and that any required consents, authorizations or approvals have been obtained.

**20.     Construction**

Each Party hereto has cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the same shall not be construed against any Party on

Settlement Agreement
Sunway Parties
Page 7 of 10

71681084.1

EXHIBIT 1
Page 7

the ground that said Party drafted this Agreement.  This Agreement shall be deemed to have been executed and delivered within the State of Nevada, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of Nevada, in effect as of the Effective Date.

IN WITNESS WHEREOF the undersigned Parties do hereby execute this Agreement as of the Effective Date.

**SUNWAY HOTEL GROUP, INC.**

By: *Karen A. Kindred*

Title: *Trustee*

**SUNWAY HOTEL MANAGEMENT, INC.**

By: *Karen Kindred*

Title: *Trustee*

**BARTLESVILLE SW HOTEL, INC.**

By: *Karen Kindred*

Title: *Trustee*

**BARTLESVILLE HOTEL, LLC**

By: *Karen Kindred*

Title: *Trustee*

**BARTLESVILLE HOTEL DEC, LLC**

Settlement Agreement
Sunway Parties
Page 8 of 10

EXHIBIT 1
Page 8

_Karen Kindred_
By:
Title: _Trustee_

Settlement Agreement
Sunway Parties
Page 9 of 10

71681084.1

EXHIBIT 1
Page 9

**BARTLESVILLE HOTEL HOLDINGS, LLC**

_____

By:
Title:

**THOMAS W. MCNAMARA, IN HIS CAPACITY AS THE COURT-APPOINTED MONITOR IN THE LITIGATION (THE "MONITOR")**

_____

Thomas W. McNamara

**APPROVED AS TO FORM AND CONTENT:**

**POLSINELLI PC**

_____

By: Michael B. Shteamer, Esq.

Counsel for Sunway Hotel Group, Inc., Sunway Hotel Management, Inc., Bartlesville SW Hotel, Inc., Bartlesville Hotel, LLC, and Bartlesville Hotel DEC, LLC

**MCNAMARA SMITH LLP**

_____

By: Edward Chang, Esq.

Counsel for the Monitor

Settlement Agreement
Sunway Parties
Page 10 of 10

71681084.1

EXHIBIT 1
Page 10

BARTLESVILLE HOTEL HOLDINGS, LLC


By: _____
Title:

THOMAS W. MCNAMARA, IN HIS CAPACITY AS THE COURT-
APPOINTED MONITOR IN THE LITIGATION (THE "MONITOR")


_____

Thomas W. McNamara


APPROVED AS TO FORM AND CONTENT:

POLSINELLI PC

*[signature: Michael B. Shteamer]*

By: Michael B. Shteamer, Esq.

Counsel for Sunway Hotel Group, Inc., Sunway Hotel Management, Inc.,
Bartlesville SW Hotel, Inc., Bartlesville Hotel, LLC, and Bartlesville
Hotel DEC, LLC


MCNAMARA SMITH LLP


_____

By: Edward Chang, Esq.

Counsel for the Monitor


Settlement Agreement
Sunway Parties
Page 10 of 10

71681084.1

EXHIBIT 1
Page 11

# EXHIBIT A

EXHIBIT 1
Page 12

Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.:   702-471-7000
Fax:   702-471-7070

Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
Edward Chang (NV 11783)
echang@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401
*Attorneys for Court-Appointed Monitor,*
*Thomas W. McNamara*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG SERVICES, INC., et al.,<br><br>Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH SUNWAY HOTEL GROUP, INC.; SUNWAY HOTEL MANAGEMENT, INC.; BARTLESVILLE SW HOTEL, INC.; BARTLESVILLE HOTEL, LLC; AND BARTLESVILLE HOTEL DEC, LLC** |

EXHIBIT 1
Page 13

1    The Court-appointed monitor Thomas W. McNamara (the "Monitor") and non-parties

2    Sunway Hotel Group, Inc.; Sunway Hotel Management, Inc.; Bartlesville SW Hotel, Inc.;

3    Bartlesville Hotel, LLC; and Bartlesville Hotel DEC, LLC (collectively, the "Sunway Parties")

4    jointly move the Court to approve the proposed Settlement Agreement, attached hereto as

5    Exhibit 1, relating to interests in a hotel in Bartlesville, Oklahoma (the "Bartlesville Hotel").

6    The Sunway Parties operate and manage the Bartlesville Hotel. Scott Tucker and certain

7    Monitor Entities obtained economic and ownership interests in the Bartlesville Hotel in 2013, as

8    the result of the settlement of a dispute between Mr. Tucker and the Sunway Parties. The

9    Monitor contends Sunway Hotel Management, Inc. paid itself excessive fees in operating and

10   managing the hotel to the detriment of Mr. Tucker and Monitor Entities. The Monitor has

11   engaged in extensive pre-litigation settlement discussions with the Sunway Parties resulting in

12   the proposed Settlement Agreement attached as Exhibit 1. Provided the Court approves the

13   Settlement Agreement, the Sunway Parties will pay $425,000 to the Monitor in exchange for

14   resolving any disputes regarding the management of the Bartlesville Hotel and transferring all of

15   the Monitorship Estate's interest in the hotel to the Sunway Parties.

16   The Plaintiff in this case, the Federal Trade Commission, has been provided the proposed

17   Settlement Agreement and does not oppose this motion. Scott Tucker is unrepresented in this

18   case and is presently incarcerated.[1]

19   If the Court is satisfied with the Settlement Agreement, the Monitor and the Sunway

20   Parties ask for an order approving the Settlement Agreement and that the Court retain

21   jurisdiction to interpret and enforce the agreement. If the Court wishes to further inquire about

22   the matter prior to issuing an order, the Monitor asks that the Court set this motion for a hearing

23   or otherwise instruct the Monitor to file a report as to any issue where further information is

24   needed.

25   _____

26   [1] Counsel for defendants Scott Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners (collectively, "Tucker Defendants") has withdrawn from the representation. As a result of his criminal conviction in

27   the Southern District of New York, Mr. Tucker was sentenced to prison and remanded to custody. Having previously inquired of counsel, we believe Mr. Tucker is not presently

28   represented in this action, and therefore we intend to serve this motion directly on him. We shall send Mr. Tucker a copy of this motion via mail at his present Bureau of Prisons facility.

EXHIBIT 1
Page 14

1    Accordingly, the Monitor and the Sunway Parties hereby jointly ask that the Court issue

2    an order approving the Settlement Agreement.

3    Dated:  January 17, 2020

4    Respectfully submitted by:

5

6    __/s/ Edward Chang_____          __/s/ Michael B. Shteamer_____
     Edward Chang (NV 11783)                   Michael B. Shteamer
7    echang@mcnamarallp.com                    POLSINELLI PC
     Logan D. Smith (Pro Hac Vice)             900 W. 48th Place, Suite 900
8    lsmith@mcnamarallp.com                    Kansas City, MO 64112
     Sanjay Bhandari (Pro Hac Vice)            Tel.:   816-374-058
9    sbhandari@mcnamarallp.com                 Fax:    816-753-1536
     MCNAMARA SMITH LLP                        Email: mshteamer@polsinelli.com
10   655 West Broadway, Suite 1600
     San Diego, California 92101               *Attorneys for Sunway Hotel Group, Inc.,*
11   Tel.:   619-269-0400                      *Sunway Hotel Management, Inc., Bartlesville*
     Fax:    619-269-0401                      *SW Hotel, Inc., Bartlesville Hotel LLC, and*
12                                             *Bartlesville Hotel DEC, LLC*
     Abran E. Vigil (NV 7548)
13   vigila@ballardspahr.com
     BALLARD SPAHR LLP
14   1980 Festival Plaza Drive, Suite 900
     Las Vegas, NV 89135-2958
15   Tel.:   702-471-7000
     Fax:    702-471-7070
16
     *Attorneys for Court-Appointed Monitor,*
17   *Thomas W. McNamara*

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1
Page 15

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2020, pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF or delivered by email and mailing in the U.S. Mail a true and correct copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH SUNWAY HOTEL GROUP, INC.; SUNWAY HOTEL MANAGEMENT, INC.; BARTLESVILLE SW HOTEL, INC.; BARTLESVILLE HOTEL, LLC; AND BARTLESVILLE HOTEL DEC, LLC**, postage prepaid and addressed to the following:

**VIA CM/ECF**
Blaine T. Welsh
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101
Tel.:   702-388-6336
Email: Blaine.Welsh@usdoj.gov
*Attorneys for FTC*

**VIA CM/ECF**
Jeremy R. Vanderloop
Madden Vanderloop, S.C.
116 S. Main Street
Mayville, WI 53050
Tel.:   920-387-2300
Fax:   920-387-4428
Email: jvanderloop@madvanlaw.com
*Attorneys for Interested Parties ETS Ventures, LLC; El Dorado Trailer Sales; and Dale E. Becker*

**VIA CM/ECF**
Kimberly L. Nelson
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-9528
Washington, DC 20580
Tel.:   202-326-3304
Fax:   202-326-3197
Email: knelson@ftc.gov
*Attorneys for FTC*

**VIA CM/ECF**
Martin L. Welsh
Law Office of Hayes & Welsh
199 N. Arroyo Grande Blvd.
Henderson, NV 89074
Tel.:   702-434-3444
Fax:   702-434-3739
Email: mwelsh@lvlaw.com
*Attorneys for Interested Parties ETS Ventures, LLC; El Dorado Trailer Sales; and Dale E. Becker*

**VIA CM/ECF**
Paul C. Ray
Paul C. Ray, Chtd.
8670 West Cheyenne Avenue, Suite 130
Las Vegas, NV 89129
Tel.:   702-823-2292
Fax:   702- 823-2384
Email: paulcraylaw@gmail.com
*Attorneys for AMG Capital Management, LLC; Level 5 Motorsports, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Park 269 LLC*

**VIA CM/ECF**
Nicole Ducheneaux
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Tel.:   402-333-4053
Fax:   402-333-4761
Email: nducheneaux@ndnlaw.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

**VIA CM/ECF**
Francis J. Nyhan
Fredericks Peebles & Morgan LLP
2020 L Street, Ste. 250
Sacramento, CA 95811
Tel.:   916-441-2700
Fax:   916-441-2067
Email: jnyhan@ndnlaw.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

**VIA CM/ECF**
Joshua M. Dickey
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
Tel.:   702-562-8820
Fax:   702-562-8821
Email: jdickey@baileykennedy.com
*Attorneys for Red Cedar Services, Inc., dba 500FastCash; SFS, Inc., dba OneClickCash*

EXHIBIT 1
Page 16

**VIA CM/ECF**
Victoria W. Ni
Public Justice, PC
475 14th Street, Suite 650
Oakland, CA 94612-1949
Tel.:    510-622-8150
Fax:    510-622-8155
Email: vni@publicjustice.net
*Attorneys for Intervenor Americans for*
*Financial Reform*

**VIA EMAIL**
Kim Tucker
7118 Village Drive
Prairie Village, KS 66208
kim@kimtucker.net
*Pro Se*


  /s/ Edward Chang
Edward Chang
*Attorneys for the Court-Appointed Monitor,*
*Thomas W. McNamara*

**VIA CM/ECF**
Craig B. Friedberg
Law Offices of Craig B. Friedberg
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Tel.:    702-435-7968
Fax:    702-946-0887
Email: attcbf@cox.net
*Attorneys for Intervenor Americans for*
*Financial Reform*

**VIA U.S. MAIL**
Leavenworth Detention Center
Attn: Scott Tucker (RN 06133-045)
100 Highway Terrace
Leavenworth, KS 66048

EXHIBIT 1
Page 17

# EXHIBIT B

EXHIBIT 1
Page 18

## EXHIBIT B

## OMNIBUS ASSIGNMENT OF ECONOMIC INTEREST

**WESTFUND, LLC,** a Nevada limited liability company, is the current owner and holder of certain Assignments of Economic Interest of Bartlesville Hotel, LLC, a Kansas limited liability company made by Bartlesville DEC, LLC, a Kansas limited liability company, Donald E. Culbertson, The DEC Trust UTA January 23, 2012, and Donald E. Culbertson Revocable Trust UTA January 1, 1998, as amended.  The documents that evidence the Assignments of Economic Interest of Bartlesville Hotel, LLC ("Bartlesville Hotel") include the documents described on **Exhibit A** attached hereto and incorporated herein by reference, being collectively referred to herein as the "**Economic Interest**").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **THOMAS W. MCNAMARA, IN HIS CAPACITY AS A COURT-APPOINTED MONITOR IN LITIGATION ENTITLED *FEDERAL TRADE COMMISSION V. AMG SERVICES, INC., ET AL.*, D. NEV. CASE NO. 2:12-CV-00536-GMN-VCF** ("**Assignor**") does hereby grant, bargain, sell, assign, deliver, convey, transfer and set over unto Bartlesville DEC, LLC ("**Assignee**"), all of Assignor's right, title and interest in and to the Economic Interest and obligations with respect to the Economic Interest, together with all rights, remedies, collateral, instruments or other documents made or granted in favor of Assignor in connection with the Economic Interest, including, without limitation: (i) the documents and instruments relating to the Economic Interest described on **Exhibit A** attached hereto and incorporated herein; and (ii) all other rights, remedies and obligations of Assignor in connection with Assignor's ownership and/or interest in the Bartlesville Hotel including but not limited to the Economic Interest, whether provided by contract or otherwise available under applicable law or in equity.

This assignment is an agreement between the parties hereto and no other party shall be deemed to be a third party beneficiary hereof.

This assignment shall be governed by and interpreted and construed pursuant to the laws of the State of Nevada, without giving effect to any conflicts of law principle.  In the event of a dispute regarding this assignment, Assignee and Assignor hereby consent to the exclusive jurisdiction and venue of the U.S. District Court for the District of Nevada, and specifically, the Court having jurisdiction over *Federal Trade Commission v. AMG Services, Inc., et al.*, D. Nev. Case No. 2:12-cv-00536-GMN-VCF, which jurisdiction shall survive termination of the litigation.

To have and to hold the same unto the Assignee and to the successors and assigns of the Assignee forever.  Assignee agrees that the Economic Interest is subject to a pledge and security interest granted by BH Management, LLC, an Oklahoma limited liability company, in favor of First NBC Bank pursuant to a Collateral Pledge Agreement dated December 19, 2011, which pledge and security interest is now held by LNV Corporation as assignee of the Federal Deposit Insurance Corporation as Receiver for First NBC Bank.

71667477.2

EXHIBIT 1
Page 19

Assignor represents and warrants to Assignee that: (i) Assignor is the holder and owner of the Economic Interest; and (ii) Assignor has all necessary power and authority to assign the Economic Interest and the undersigned is duly authorized to execute this Omnibus Assignment of Economic Interest on behalf of the Assignor.

IN WITNESS WHEREOF, this Omnibus Assignment of Economic Interest has been duly executed and sealed on behalf of Assignor as of the _____ day of _____, 2020.

THOMAS W. MCNAMARA, IN HIS
CAPACITY AS A COURT-APPOINTED
MONITOR IN LITIGATION ENTITLED
FEDERAL TRADE COMMISSION V.
AMG SERVICES, INC., ET AL., D. NEV.
CASE NO. 2:12-CV-00536-GMN-VCF

By: _____

IN WITNESS WHEREOF, this Omnibus Assignment of Economic Interest has been duly executed and sealed on behalf of Assignee as of the _____ day of _____, 2020.

BARTLESVILLE DEC, LLC

By: _____

Title: _____

71667477.2

EXHIBIT 1
Page 20

## EXHIBIT A

## SCHEDULE OF DOCUMENTS

| 1. | Assignment of Economic Interest, dated as of November 30, 2013, by Bartlesville Hotel DEC, LLC in favor of Westfund LLC |
|----|---|
| 2. | Assignment of Economic Interest, dated as of November 30, 2013, by Donald E. Culbertson in favor of Westfund LLC |
| 3. | Assignment of Economic Interest, dated as of November 30, 2013, by The DEC Trust UTA January 23, 2012 in favor of Westfund LLC |
| 4. | Assignment of Economic Interest, dated as of November 30, 2013, by Donald E. Culbertson Revocable Trust UTA January 1, 1998, as amended in favor of Westfund LLC |

EXHIBIT 1
Page 21

# EXHIBIT C

EXHIBIT 1
Page 22

## EXHIBIT C

## OMNIBUS ASSIGNMENT OF MEMBERSHIP
## INTEREST OF BARTLESVILLE HOTEL HOLDINGS, LLC

**BARTLESVILLE HOTEL HOLDINGS, LLC** ("**Bartlesville Hotel Holdings**"), a Nevada limited liability company, is the current owner and holder of a fifty-five percent (55%) membership interest in Bartlesville Hotel, LLC, a Kansas limited liability company, (being collectively referred to herein as the "**Membership Interest of Bartlesville Hotel Holdings**") as more fully set forth in the Second Amended and Restated Operating Agreement of Bartlesville Hotel, LLC dated November 27, 2013.

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **THOMAS W. MCNAMARA, IN HIS CAPACITY AS A COURT-APPOINTED MONITOR IN LITIGATION ENTITLED *FEDERAL TRADE COMMISSION V. AMG SERVICES, INC., ET AL.*, D. NEV. CASE NO. 2:12-CV-00536-GMN-VCF** ("**Assignor**") does hereby grant, bargain, sell, assign, deliver, convey, transfer and set over unto Bartlesville DEC, LLC ("**Assignee**"), all of Assignor's right, title and interest in and to the Membership Interest of Bartlesville Hotel Holdings, together with all rights, remedies, collateral, instruments or other documents made or granted in favor of Assignor in connection with the Membership Interest of Bartlesville Hotel Holdings, including, without limitation: (i) the documents and instruments relating to the Membership Interest of Bartlesville Hotel Holdings, described on **Exhibit A** attached hereto and incorporated herein; and (ii) all other rights, remedies and obligations of Assignor in connection with the Membership Interest of Bartlesville Hotel Holdings, whether provided by contract or otherwise available under applicable law or in equity.

This assignment is an agreement between the parties hereto and no other party shall be deemed to be a third party beneficiary hereof. This assignment shall effectively transfer and convey Bartlesville Hotel Holdings fifty-five percent (55%) membership interest in Bartlesville Hotel, LLC to Assignee.

This assignment shall be governed by and interpreted and construed pursuant to the laws of the State of Nevada, without giving effect to any conflicts of law principle. In the event of a dispute regarding this assignment, Assignee and Assignor hereby consent to the exclusive jurisdiction and venue of the U.S. District Court for the District of Nevada, and specifically, the Court having jurisdiction over *Federal Trade Commission v. AMG Services, Inc., et al.*, D. Nev. Case No. 2:12-cv-00536-GMN-VCF, which jurisdiction shall survive termination of the litigation.

To have and to hold the same unto the Assignee and to the successors and assigns of the Assignee forever. Assignee agrees that the Membership Interest of Bartlesville Hotel Holdings is subject to a pledge and security interest granted by BH Management, LLC, an Oklahoma limited liability company, in favor of First NBC Bank pursuant to a Collateral Pledge Agreement dated December 19, 2011, which pledge and security interest is now held by LNV Corporation as assignee of the Federal Deposit Insurance Corporation as Receiver for First NBC Bank.

71671231.2

EXHIBIT 1
Page 23

Assignor represents and warrants to Assignee that: (i) Assignor is the holder and owner of the Membership Interest of Bartlesville Hotel Holdings; and (ii) Assignor has all necessary power and authority to assign the Membership Interest of Bartlesville Hotel Holdings and the undersigned is duly authorized to execute this Omnibus Assignment of Membership Interest of Bartlesville Hotel Holdings on behalf of the Assignor.

IN WITNESS WHEREOF, this Omnibus Assignment of Membership Interest of Bartlesville Hotel Holdings has been duly executed and sealed on behalf of Assignor as of the ___ day of _____, 2020.

> THOMAS W. MCNAMARA, IN HIS
> CAPACITY AS A COURT-APPOINTED
> MONITOR IN LITIGATION ENTITLED
> FEDERAL TRADE COMMISSION V.
> AMG SERVICES, INC., ET AL., D. NEV.
> CASE NO. 2:12-CV-00536-GMN-VCF
>
> By: _____

IN WITNESS WHEREOF, this Omnibus Assignment of Membership Interest of Bartlesville Hotel Holdings has been duly executed and sealed on behalf of Assignee as of the ____ day of _____, 2020.

> BARTLESVILLE DEC, LLC
>
> By: _Karen Kindred_____
> Name: _KAREN KINDRED_____
> Title: _Trustee_____

71671231.2

EXHIBIT 1
Page 24

# EXHIBIT A

## SCHEDULE OF DOCUMENTS

| 1. | Assignment of 55% Membership Interest of Bartlesville Hotel Holdings, LLC |
|----|--------------------------------------------------------------------------|
| 2. | Second Amended and Restated Operating Agreement of Bartlesville Hotel, LLC, a Kansas limited liability company dated November 27, 2013 |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>  v.<br><br>AMG SERVICES, INC., et al.,<br><br>     Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>     Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF<br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN MONITOR AND SUNWAY HOTEL GROUP, INC.; SUNWAY HOTEL MANAGEMENT, INC.; BARTLESVILLE SW HOTEL, INC.; BARTLESVILLE HOTEL, LLC; AND BARTLESVILLE HOTEL DEC, LLC** |

   Having reviewed the joint motion of the Court-appointed monitor Thomas W.

McNamara, and non-parties Sunway Hotel Group, Inc.; Sunway Hotel Management, Inc.;

Bartlesville SW Hotel, Inc.; Bartlesville Hotel, LLC; and Bartlesville Hotel DEC, LLC, the

Settlement Agreement attached to the joint motion, and for good cause shown,

   **IT IS HEREBY ORDERED** that the Settlement Agreement is hereby APPROVED.

The Court shall retain jurisdiction over the interpretation and enforcement of the agreement.

   **IT IS SO ORDERED.**

   DATED this __16__ day of _____March_____, 2020.


_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE