**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FEDERAL TRADE COMMISSION, )
)
           Plaintiff, )    Case No.: 2:12-cv-00536-GMN-VCF
  vs. )
) **ORDER**
AMG SERVICES, INC., *et al.*, )
)
           Defendants. )
)
)

      Pending before the Court are the Sixth and Seventh Interim Applications for an Order Approving Fees and Expenses, (ECF Nos. 1278, 1288), filed by court-appointed Monitor Thomas W. McNamara ("McNamara"), to which there are no responses or oppositions. The Applications arise from McNamara's exercise of authority as court-appointed monitor over the judgment debtor's assets associated with this case. Specifically, the Court granted the Federal Trade Commission ("FTC") summary judgment against Defendant Scott Tucker ("Tucker") and his businesses for a payday lending scheme in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). The Court enjoined Tucker from assisting "any consumer in receiving or applying for any loan or other extension of Consumer Credit," and ordered that Tucker pay approximately $1.27 billion in equitable monetary relief to the FTC. (*See* Order 27:17–30:14, ECF No. 1057).

      In the Order appointing McNamara as a monitor, the Court granted him authority to preserve or recover assets on behalf of the Monitorship Estate. (*See* Appointment Order, ECF No. 1099). The Appointment Order provides that McNamara may engage attorneys and other professionals and that McNamara and his retained personnel are "entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual

out-of-pocket expenses incurred by them, from the Assets now held by or in the possession or control of, or which may be received by, the Defendants or Monitorship Entities," based on periodic requests to the court. (*Id.* §§ VIII(L)–(M), XV).

The Court has reviewed McNamara's Declarations and supporting documents with respect to the Sixth Interim Application, and approves the payment of the following requested amounts for fees and expenses concerning the timeframe of January 16, 2019, through October 31, 2019:[1] $110,537.00 fees and $394.98 expenses of the Monitor and staff to be paid to Thomas W. McNamara dba Regulatory Resolutions; $157,857.00 fees and $8,041.70 expenses of the Monitor's counsel, McNamara Smith LLP; $6,741.33 fees and $178.25 expenses of the Monitor's local counsel in Nevada, Ballard Spahr LLP; $5,061.15 fees of Lynch Law Practice, PLLC; $58,765.00 fees and $233.32 expenses of the Monitor's counsel in Overland Park, Kansas, Geiger Prell, LLC; and fees of $31,140.00 and expenses of $4,721.42, totaling $35,861.42, to Harris, McClelland, Binau & Cox, P.L.L.

The Court also approves McNamara's Seventh Interim Application for Fees and Expenses concerning the timeframe of November 1, 2019 through January 31, 2020, as follows: $27,178.00 fees and $2,669.49 expenses of the Monitor and staff to be paid to Thomas W. McNamara Receiverships Inc. dba Regulatory Resolutions; $85,167.00 fees and $769.61 expenses of the Monitor's counsel, McNamara Smith LLP; $13,700.72 fees and $17.08 expenses of the Monitor's local counsel in Nevada, Ballard Spahr LLP; $1,117.80 fees of

---

[1] Three billing entries applicable to the Sixth Interim Application concern dates prior to the timeframe specified in the Application, and the Application does not explain why these entries are now being included. (Invoice Summary of Regulatory Resolutions at 4 of 152, Ex. A to App., ECF No. 1278-2) (requesting 0.8 hours total ($200.00) for the dates of 12/9/2018, 12/10/2018, and 12/11/2018). After reviewing previously submitted Applications, however, the Court does not find that the three entries are duplicative or were already approved. Accordingly, these entries are approved as part of the Sixth Interim Fee Application.

Lynch Law Practice, PLLC; and $13,362.50 fees and $516.82 expenses of the Monitor's counsel in Overland Park, Kansas, Geiger Prell, LLC.[2]

Accordingly,

**IT IS HEREBY ORDERED** that McNamara's Sixth and Seventh Interim Applications for an Order Approving Fees and Expenses, (ECF Nos. 1278, 1288), are **GRANTED**.

**DATED** this __14__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] In the Seventh Interim Application, several billing entries for Geiger Prell, LLC are partially redacted and without an explanation of the redacted content. (Invoices for Geiger Prell, LLC, Ex. E to Seventh Interim Application, ECF No. 1288-2). Future Applications must be completely unredacted or, if redacted, either submitted alongside a sperate request to seal an unredacted version or with an explanation clarifying why the information is redacted and what the information generally concerns.