**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,                ) | |
| )                                                                                     | |
| Plaintiff,   )                                                               | Case No.: 2:12-cv-00536-GMN-VCF |
| vs.                                                                                   ) | |
| )                                                                                     | **ORDER** |
| AMG SERVICES, INC., *et al.*,                              ) | |
| )                                                                                     | |
| Defendants.    )                                                      | |

Pending before the Court is the Motion to Enforce Settlement, (ECF No. 1280), filed by Court-Appointed Monitor Thomas W. McNamara ("Monitor"). No party filed a response or opposition to the Motion. For the reasons discussed below, the Court **GRANTS** the Monitor's Motion to Enforce Settlement.

**I.   BACKGROUND**

On April 23, 2018, the Court approved an agreement settling and releasing claims between the Monitor and the following parties ("Settlement Agreement"): David Feingold, an individual ("Feingold"), Dylan, Jagger Investment Co., Inc., a Missouri corporation ("DJIC"), Homeowners Realty, LLC, a Kansas limited liability company ("Homeowners Realty"), UMR Building LLC, a Kansas limited liability company ("UMR Building"), and United Material Recovery, LLC, a Kansas limited liability company ("United Material Recovery") (collectively, "Feingold Parties"). (*See* Order, ECF No. 1191); (Joint Mot. to Approve Settlement, ECF No. 1188). The Feingold Parties thereafter failed to comply with the Settlement Agreement's terms. Accordingly, the Monitor requested that the Court enter Orders enjoining the Feingold Parties and issuing a prejudgment writ of attachment, which the Court granted ("Interim Enforcement Orders"). (Interim Enforcement Orders, ECF Nos. 1216, 1217). Because the Feingold Parties have continued to violate the Settlement Agreement's terms, the Monitor now

moves to enforce the Settlement Agreement and reduce it to a money judgment against the Feingold Parties. (Mot. Enforce Settlement, ECF No. 1280).

## II. DISCUSSION

The Monitor declares that, since the Court's Interim Enforcement Orders, it has not received any money from the Feingold Parties as required by the Settlement Agreement. (Mot. Enforce Settlement 3:17–18); (Decl. Monitor ¶ 7, Ex. A to Mot. Enforce Settlement, ECF No. 1280-1).  However, the Monitor has secured funds as part of the Settlement Agreement through a foreclosure on the UMR Plant, amounting to $104,659.34, and through another settlement agreement concerning funds obtained by Jerry Gottlieb. (*Id.* ¶ 9).  The amount now due under the Settlement Agreement, according to the Monitor, is $2,416,666.36.

To convert the outstanding amount owed under the Settlement Agreement into a judgment, the Court must have jurisdiction.  Jurisdiction exists here based on prior Orders and because this matter is still pending. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  In fact, the Settlement Agreement expressly requested the Court's continued jurisdiction to enforce the terms if a breach occurred, which the Court approved. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995); (Settlement Agreement ¶ 10, Ex. 1 to Joint Mot., ECF No. 1188-1).

The next issue is whether the Monitor has sufficiently demonstrated a breach of the Settlement Agreement now requiring court enforcement through a judgment, and whether the purported breach is disputed. *See Above the Ceiling, LLC v. W. Architectural Servs.*, No. 2:15-cv-01766-JAD-GWF, 2019 WL 3210598, at *2 (D. Nev. June 28, 2019).  The Monitor's Declaration satisfies its obligation to show a continuing breach of the Settlement Agreement by the Feingold Parties.  It states, for example, "the Monitorship Estate has not received any money (e.g. regular payments due under the Settlement Agreement) directly from the Feingold parties since the date of [the Monitor's] last declaration regarding enforcement of the Feingold Parties' Settlement Agreement . . . [ECF No. 1213 at Exhibit A." (Decl. Monitor ¶ 7).  The

Monitor's asserted facts are currently not in dispute because no party filed a response or opposition. Accordingly, the Court finds that the Monitor has sufficiently shown why enforcement of the Settlement Agreement through a judgment is appropriate.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Monitor's Motion to Enforce Settlement, (ECF No. 1280), is **GRANTED**. The Court terminates the Interim Enforcement Orders, (ECF Nos. 1216, 1217), and enforces the Settlement Agreement as a judgment, calculated as follows:

A. The Feingold Parties committed to pay the Monitorship Estate $2,600,000 in addition to the immediate transfers and assignments made under the Settlement Agreement;

B. Against that sum, the Monitorship Estate received $10,000 from Feingold, and recovered $104,659.39 via a foreclosure and $104,535.72 via a third-party settlement, while incurring costs of $47,891.42;[1]

C. Upon the Monitor agreeing to waive "all other attorneys fees and costs incurred despite the right to recover them under the Settlement Agreement," the Feingold Parties currently owe the Monitorship Estate $2,416,666.36 under the terms of the Settlement Agreement.

The Court accordingly enters judgment in favor of the Monitor and against the Feingold Parties, jointly and severally, in the amount of $2,416,666.36.

**DATED** this __16__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] The Settlement Agreement expressly declares "in the event that any action or other proceeding is taken to enforce the terms of this Agreement, the prevailing party shall be entitled to recover, in addition to other damages or remedies, its reasonable attorneys' fees, court costs, and other costs and expenses reasonably incurred in connection therewith . . . ." (Settlement Agreement ¶ 11, Ex. 1 to Joint Mot., ECF No. 1188-1).