**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> AMG SERVICES, INC., *et al.*, ) </br> ) </br> Defendants. ) </br> ) | Case No.: 2:12-cv-00536-GMN-VCF </br></br> **ORDER** |

Pending before the Court is court-appointed monitor Thomas W. McNamara's ("the Monitor's") Motion to Extend the Completion Deadline, (ECF No. 1293). The Monitor requests a two-year extension of the current deadline to complete a Final Report as set in the Order Appointing Monitor and Freezing Assets, (ECF No. 1099). (Mot. Extend 2:1–9, ECF No. 1293) (requesting a new deadline of June 22, 2022). The Monitor also requests a modification of the status report requirement so that status reports are due every six months rather than on a quarterly basis. For the reasons discussed below, the Court **GRANTS in part** the Monitor's Motion.

The Court's November 30, 2016 Order appointing the Monitor requires that "[n]o later than three-hundred sixty (360) days from the date the Asset Freeze terminates and triggers Section VIII.E of this Order . . . the Monitor shall file and serve on the parties a report (the 'Final Report') to the Court that details the steps taken to dissolve the Monitorship estate." (Order 21:24–27, ECF No. 1099). The Final Report must include "an accounting of the Monitorship Estate's finances and total assets and a description of what other actions, if any, must be taken to wind-up the Monitorship." (*Id.* 21:27–22:1). The Monitor can request an extension of that deadline "for good cause shown." (*Id.* 21:24–26).

1    The Monitor states that the Asset Freeze terminated when the Ninth Circuit issued its mandate on June 28, 2019, so the Final Report deadline became June 22, 2020. (Mot. Extend 1:21–22).  The Monitor contends that good cause exists to extend this Final Report deadline because of ongoing litigation surrounding the Monitorship Estate, a continued need to investigate and pursue assets of the Monitorship Estate, and the pending Petition for Writ of Certiorari to the United States Supreme Court for this case. (Mot. Extend 2:11–4:6).  The Court agrees that these reasons constitute good cause for an extension.  The Monitor remains involved in numerous cases before the Court in its attempt to recover assets—with each case being at different stages of completion. (*Id.*) (citing, for example, *McNamara v. Charles Hallinan*, et al., No. 2:17-cv-02966-GMN-NJK (D. Nev.), *McNamara v. Linda Hallinan*, et al., No. 2:17-cv-02967-GMN-BNW (D. Nev.), and several others).  Similarly, investigation and mediation efforts remain ongoing for matters that may soon become actions filed with the Court.  Taken together, these ongoing efforts impede the Monitor from complying with the Final Report deadline because it remains difficult, if not impossible, for the Monitor to provide an accurate "account[] of the Monitorship Estate's finances and total assets[,] . . . what other actions, if any, must be taken to wind-up the Monitorship, [and detail] steps taken to dissolve the Monitorship estate." (*See* Order at 21:24–22:1).

Nevertheless, the Court finds that a two-year extension is too broad.  A one-year extension is more appropriate based on the reasons outlined in the Monitor's Motion.  Though the pace of litigating matters to recover assets is certainly slow, this is only the first request for an extension of the Monitor's Final Report deadline.  The Monitor can request additional extensions for good cause based on circumstances closer to the new deadline imposed by this Order.  Accordingly,

**IT IS HEREBY ORDERED** that the Monitor's Motion to Extend the Completion Deadline, (ECF No. 1293), is **GRANTED in part**.  The Monitorship is extended by one-year

from the date of this Order.  The Monitor may request another extension of appointment for good cause shown as outlined in the Court's Order, (ECF No. 1099).

**IT IS FURTHER ORDERED** that the requirement for quarterly status reports by the Monitor is modified to every six months.

**DATED** this __29__ day of June, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court