**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AMG SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00536-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Joint Motion to Approve Settlement Agreement ("Joint Motion"), (ECF No. 1296), between court-appointed Monitor Thomas W. McNamara ("the Monitor") and non-parties ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ According to the Joint Motion, Plaintiff Federal Trade Commission ("FTC") indicates that it does not oppose the request; and, to date, no party has filed an opposition to the Joint Motion. (Joint Mot. 1:6–8). The Court has reviewed the information presented in the Joint Motion and is satisfied with the Proposed Settlement Agreement. Accordingly, the Court **GRANTS** the Joint Motion.[1]

Also pending before the Court is the Monitor's unopposed Motion to Seal, (ECF No. 1295), regarding the Joint Motion. For the reasons discussed below, the Court **GRANTS** the Monitor's Motion to Seal.

**I.   BACKGROUND**

This action was originally brought by the Federal Trade Commission ("FTC") asserting that certain payday lending entities violated portions of the Federal Trade Commission Act, the

---

[1] In line with the Monitor's request, the Court will retain jurisdiction to interpret and enforce the Agreement. (Proposed Order 1:5, Ex. 1 to Joint. Mot., ECF No. 1296-1).

Truth in Lending Act, and the Electronic Fund Transfer Act. (Am. Compl. 15:1–20:6, ECF No. 386).  On September 30, 2016, the Court granted summary judgement in favor of the FTC. (*See* Order, ECF No. 1057).  In November 2016, the Court appointed the Monitor to facilitate post-judgment collection and enforcement. (*See* Order, ECF No. 1099).  The Monitor served ▮ with a subpoena to investigate its communications, payments, and asset transfers with Defendant Scott Tucker and his related entities. (Joint Mot. 1:9–11).  Eventually, the Monitor and ▮ reached a settlement agreement, and they subsequently filed this Joint Motion, which the Monitor also moved to seal. (*See generally* Settlement Agreement, Ex. 1 to Joint Mot., ECF No. 1296).

## II.     LEGAL STANDARD

The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption." *Id.*  The degree of the movant's burden depends on the nature of the record sought to be sealed. *See id.* at 1178–1180. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)).  However, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions [and related materials] must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.*  Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1178 (internal quotations and citations omitted).  The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the

public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal quotations and citations omitted).

### III. DISCUSSION

The Monitor claims that the Joint Motion should be sealed because the settlement agreement is attached as an exhibit, and confidentiality is a material term of the settlement agreement. (Mot. Seal 2:6–8, ECF No. 1295); (Smith Decl. ¶ 7, Ex. 1 to Mot. Seal, ECF No. 1295-1). Further, the Monitor argues that pursuant to the Monitor Order, (ECF No. 1099), he is permitted to file reports under seal when public disclosure of the information would hinder his ability to pursue Monitorship Assets. (Mot. Seal 2:6–8).

For the purpose of the Court's analysis of a motion to seal, a motion to approve a settlement agreement qualifies as a dispositive motion. *See, e.g.*, *GNLV Corp. v. T Warren Enterprises, Inc.*, No. 2:13-cv-00943-JCM-CWH, 2014 WL 12789815 (D. Nev. Apr. 3, 2014) (analyzing a motion to file a settlement agreement under seal using the "compelling reason" standard). Accordingly, a motion to seal documents associated with a motion to approve a settlement agreement must provide compelling reasons, "supported by factual findings," indicating why the reasons to seal outweigh the presumptive public right of access to the information. *Cf. Kamakana*, 44 F.3d at 1178–79. However, the mere fact that a settlement agreement is confidential does not provide enough evidence to meet the moving party's burden. *See GNLV Corp.*, 2014 WL 12789815, at *2; *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11cv1319, 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) (denying a motion to seal a when the parties' main argument was that confidentiality was "a material term" of the settlement agreement).

Here, the Monitor alleges that the confidential nature of the settlement agreement justifies the Court in ordering the information sealed. (Mot. Seal 2:6–8). While the confidentiality of the settlement agreement alone does not provide a compelling reason to seal

1  the Join Motion, the Monitor also provides other specific facts explaining the necessity of
2  sealing the Joint Motion. *See GNLV Corp.*, 2014 WL 12789815, at *2.  Chiefly, the Monitor
3  provides evidence that he may seal his reports if "any of the required information would hinder
4  the Monitor's ability to pursue and maximize the Monitorship Assets," which the Monitor
5  identifies as being the case here. (*See* Monitor Order 21:14 –21, ECF No. 1099); (Mot. Seal
6  2:1–2); (Decl. Smith ¶ 4, Ex. 1 to Mot. Seal). Specifically, the Monitor demonstrates that public
7  disclosure of the settlement agreement's terms would compromise the Monitor's ability to
8  maximize the Monitorship Assets because, without the confidentiality clause, the Monitor
9  would not have been able to settle the case. (Smith Decl. ¶¶ 4–6, Ex. 1 to Mot. Seal).
10 Accordingly, the Court finds that the Monitor has met its burden to provide evidence of a
11 compelling reason to seal the Joint Motion that outweighs the public's interest in leaving the at-
12 issue documents unsealed, and thus, grants the Motion to Seal.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement Agreement, (ECF No. 1296), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Monitor's Motion to Seal, (ECF No. 1295), is **GRANTED.**

**DATED** this __10__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court