Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
Tel.:   702-471-7000
Fax:   702-471-7070

Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 900
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401
*Attorneys for Court-Appointed Monitor,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>AMG SERVICES, INC., et al.,<br><br>          Defendants, and<br><br>PARK 269 LLC, et al.,<br><br>          Relief Defendants. | Case No. 2:12-cv-00536-GMN-VCF<br><br>**MONITOR'S REQUEST FOR STATUS CONFERENCE RE: DECISION OF THE SUPREME COURT IN** *AMG CAPITAL MANAGEMENT, LLC V. FEDERAL TRADE COMMISSION*, **NO. 19-508** |

On November 28, 2016, the Federal Trade Commission ("FTC") and Defendants Scott Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners, along with Relief Defendants Kim Tucker and Park 269, LLC (collectively, "Defendants"), filed a joint motion to enter a Stipulated Order Appointing Monitor and Freezing Assets. *See* ECF No. 1095. Two days later, on November 30, the Court entered their proposed order appointing Thomas W. McNamara as the Monitor in this action. *See* ECF No. 1099 (the "Monitor Order"). His appointment was the stipulated result of negotiations between the parties and was not premised on Section 13(b) of the FTC Act. Rather, the Monitor was appointed pursuant to the Court's "broad powers and wide discretion to determine relief in an equity receivership" or monitorship. *See S.E.C. v. Wells Fargo Bank, N.A.*, 848 F.3d 1339, 1343-44 (11th Cir. 2017); *see also S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).

Soon after the Monitor's appointment, Defendants appealed this Court's summary judgment rulings (ECF Nos. 584 and 1057). After the Supreme Court granted certiorari, this Court stayed a number of actions related to the instant case, which are referred to herein as the "Related Actions."[1] The Supreme Court issued its decision on Defendants' appeal roughly one week ago, on April 22, 2021, the result of which was the effective narrowing of the scope of the FTC's powers under Section 13(b). *See AMG Cap. Mgmt., LLC v. FTC* ("*AMG*"), No. 19-508, slip op. This Court previously directed the Monitor to file joint petitions in the stayed Related Actions to lift the stays once the Supreme Court issued an opinion. Defendants in the Related Actions have indicated that they will argue in these joint petitions that the cases must be immediately dismissed in light of the *AMG* decision.

The Monitor understands that dismissal of at least some of the Related Actions may be the ultimate result of the *AMG* decision. Any action in those cases prior to this Court reacquiring

---

[1] Those cases are: *Thomas W. McNamara v. Charles Hallinan, et al.*, Case No. 2:17-cv-02966; *Thomas W. McNamara v. Linda Hallinan, et al.*, Case No. 2:17-cv-02967; *Thomas W. McNamara v. Gary Patten, et al.*, Case No. 2:17-cv-02968; *Thomas W. McNamara v. Selling Source, LLC, et al.*, Case No. 2:17-cv-02969; *Thomas W. McNamara v. Stealth Power, LLC*, Case No. 2:18-cv-01813; and *Thomas W. McNamara v. Intercept Corporation, et al.*, Case No. 2:18-cv-02281.

1

jurisdiction (and making careful determinations concerning the *AMG* decision's impact on the Monitor Order) would be premature, however.  The case has not yet been remanded to the Ninth Circuit, let alone this Court, and remand in this case will be more than just a procedural formality.  The Court will need to make decisions as to whether, and how, the Monitorship should continue or wind down.  Lifting the stays in the Related Actions before these key decisions have been made will negatively impact the Monitor's ability to perform his core duties, which will necessarily *remain* his duties until the Court has provided him with further direction.  Should the stays be lifted prematurely, the Monitor's counsel will almost certainly have to complete additional and unnecessary briefing in six separate actions – an expense which is not in line with the Monitor's duty to "preserve the value of the assets under the Asset Freeze" under the Monitor Order (ECF No. 1099).  *See id.* at § VIII.B.

What the Monitorship looks like post-remand remains an open question.  While the nexus between the Court's summary judgment rulings and the Monitor's appointment is self-evident, the Court's power to appoint a monitor or receiver is not dependent upon the FTC's authority to seek disgorgement under Section 13(b), which was the issue addressed in the *AMG* decision.  The Ninth Circuit recognized this very distinction in a case brought by the SEC, holding:

> The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief.

*Wencke*, 622 F.2d at 1369.  Similarly, nowhere does Section 13(b) give the Court authority to appoint a monitor or receiver; rather, that authority comes from the Court's "broad powers and wide discretion to determine relief in an equity receivership" as noted above.  *See FTC v. MOBE Ltd.*, No. 6:18-cv-862-ORL-37DCI, 2018 WL 4960232, at *3 (M.D. Fla. Aug. 8, 2018).  Those powers are further enhanced when, as here, a federal agency is involved.  *See id.*

While the *AMG* decision will certainly affect the scope of the Monitor's authority, it has not invalidated his appointment.  The Court will need to exercise its "inherent power[s]" post-remand to determine the shape of the Monitorship going forward.  Rather than have the stays be lifted and the Related Actions lurch forward on differing timetables, the Monitor requests that

2

the Court continue the stays and set a status conference post-remand to address the *AMG* decision's impact on the Monitor Order in this case,[2] which would give all of the interested parties (*e.g.*, the FTC, Scott Tucker, etc.) an opportunity to brief the relevant issues.

Dated:  April 30, 2020						MCNAMARA SMITH LLP

									By:	/s/ Logan D. Smith
										Logan D. Smith (*Pro Hac Vice*)
										lsmith@mcnamarallp.com
										Sanjay Bhandari (*Pro Hac Vice*)
										sbhandari@mcnamarallp.com
										655 West Broadway, Suite 900
										San Diego, California 92101
										Tel.:	619-269-0400
										Fax:	619-269-0401

										Abran E. Vigil (NV 7548)
										vigila@ballardspahr.com
										BALLARD SPAHR LLP
										1980 Festival Plaza Drive, Suite 900
										Las Vegas, NV 89135-2958
										Tel.:	702-471-7000
										Fax:	702-471-7070

										*Attorneys for Court-Appointed Monitor,*
										*Thomas W. McNamara*

---

[2] The Monitor will file notices of this filing (with this filing attached) in the Related Actions.

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2021, pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF or delivered by email and mailing in the U.S. Mail a true and correct copy of the foregoing **MONITOR'S REQUEST FOR STATUS CONFERENCE RE: DECISION OF THE SUPREME COURT IN** *AMG CAPITAL MANAGEMENT, LLC V. FEDERAL TRADE COMMISSION***, NO. 19-508**, postage prepaid and addressed to the following:

**VIA CM/ECF**
Kimberly L. Nelson
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-9528
Washington, DC 20580
Tel.:    202-326-3304
Fax:    202-326-3197
Email: knelson@ftc.gov
*Attorneys for FTC*

**VIA CM/ECF**
Paul C. Ray
Paul C. Ray, Chtd.
8670 West Cheyenne Avenue, Suite 130
Las Vegas, NV 89129
Tel.:    702-823-2292
Fax:    702- 823-2384
Email: paulcraylaw@gmail.com
*Attorneys for AMG Capital Management, LLC; Level 5 Motorsports, LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Scott A. Tucker; Park 269 LLC*

**VIA EMAIL**
Kim Tucker
7118 Village Drive
Prairie Village, KS 66208
kim@kimtucker.net
*Pro Se*

　/s/ Logan D. Smith
Logan D. Smith
*Attorneys for the Court-Appointed Monitor,
Thomas W. McNamara*