Christopher Chiou
Acting UNITED STATES ATTORNEY
District of Nevada
Nevada Bar No. 14853
Blaine T. Welsh
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Blaine.Welsh@usdoj.gov

Kimberly L. Nelson
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, D.C. 20580
Phone: (202) 326-3304
Facsimile: (202) 326-3197
Email: knelson@ftc.gov
*Attorney for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMG Services, Inc., *et al.*,<br><br>Defendants, and<br><br>Park 269 LLC, *et al.*,<br><br>Relief Defendants. | Case No. 2:12-cv-536<br><br>**RESPONSE OF FEDERAL TRADE COMMISSION TO DEFENDANTS' RESPONSE TO MONITOR'S REQUEST FOR STATUS CONFERENCE (ECF NO. 1309)** |

Plaintiff, Federal Trade Commission ("FTC"), joins in the Monitor's request for a status conference once the case has been remanded to this Court. But first, the FTC must correct the false statements in Defendants' Response to Monitor's Request for Status Conference (ECF No. 1309, "Response") concerning the origin of the monitorship.

Defendants Scott Tucker, AMG Capital Management, LLC, Level 5 Motorsports, LLC, Black Creek Capital Corporation, and Broadmoor Capital Partners (collectively, "Tucker Defendants") misrepresent the series of events that led to the parties' agreement in the Order Appointing Monitor and Freezing Assets (ECF No. 1099 (the "Monitor Order")). The post-judgment Monitor Order was not imposed on the Tucker Defendants, or Relief Defendants Park 269 LLC and Kim Tucker. Quite the opposite – the parties' counsel heavily negotiated the Monitor Order, and then jointly requested that this Court enter it. *See, e.g.,* Joint Motion to Enter Stipulated Order Appointing Monitor and Freezing Assets (ECF No. 1095). The Tucker Defendants and Relief Defendants had a choice: (a) enter into the Monitor Order; or (b) pursue their appeals, and obtain a stay of execution by posting an appeal bond. *See, e.g.,* FED. R. CIV. P. 62. They did not choose route (b), perhaps in part because Defendant Scott Tucker was facing potential jail time for his role in the same payday lending scam at issue in this case. Regardless of the motivation, in no way was the Monitor Order entered against the Tucker Defendants and Relief Defendants without their input and consent.[1]

Further, every action the Monitor has instituted to recover funds or liquidate assets has been expressly authorized by the Tucker Defendants and Relief Defendants. The Monitor liquidated some assets pursuant to the specific provisions negotiated in the Monitor Order. Other assets he sold only after express authorization from the asset holder pursuant to Section VIII of the Monitor Order. Monitor Order, Sections VIII.B-C (Monitor can liquidate assets after Tucker

---

[1] This Court extended the duration of the Monitor's appointment *without objection* just last summer. *See* Monitor's Motion to Extend Completion Deadline for Monitor (First Request) (ECF No. 1093) (requesting two-year extension); and Order (ECF No. 1094) (extending Monitorship for an additional year).

Defendants' or Relief Defendants' written consent; and approving the agreed-upon sale of all assets of Level 5 Motorsports). Finally, assets recovered from third parties were expressly contemplated, and permitted, under the Monitor Order. *See* Sections VIII.G, R-T. In short, there have been no surprises for any of the defendants – everything that has been liquidated was done with their permission. For that reason, the Tucker Defendants' argument that the Monitor should not be paid for this work is disingenuous.

Although the monetary relief awarded in this case will be vacated because it was predicated on Section 13(b) authority that no longer exists, other circumstances may prevent the Tucker Defendants and Relief Defendants from recovering anything from the Monitorship Estate. Specifically, the assets the Monitor holds in the Monitorship account are likely all subject to recovery in Defendant Scott Tucker's criminal case. As this Court is aware, Scott Tucker was convicted in a criminal action brought by the United States Attorney's Office for the Southern District of New York. *United States v. Scott Tucker, et al.*, No. 16 cr 091 (PKC) (S.D.N.Y.) (the "Criminal Case"). In the Criminal Case, the Court entered a $3.5 billion judgment against Scott Tucker, and imposed a 200-month prison sentence, which Tucker is currently serving.[2] *See* Judgment in a Criminal Case (Criminal Case ECF No. 322) (entering 200-month prison sentence plus three years of supervised release); Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment at 8 (Criminal Case ECF No. 344) (entering $3.5 billion money judgment). Defendant Tucker has not satisfied the $3.5 billion criminal judgment.

Lastly, the FTC joins in the Monitor's request for a status conference. The FTC supports an orderly wind-up of the Monitorship Estate similar to that already contained in Section XVIII of the Monitor Order. Given the numerous issues that remain in both the Monitor's third-party recovery actions, and those in the Criminal Case, a status conference will allow the Court and the parties to address all of these matters at once. However, until the remand issues, this Court lacks

---

[2] Defendant Tucker has exhausted all appeals of his conviction. *Scott Tucker v. United States*, No. 20-6936 (U.S.) (*cert. denied* Feb. 22, 2021).

jurisdiction to act.  See FED. R. CIV. P. 60(a), 62.1; *McClatchy Newspapers v. Central Valley Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) (holding that the filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed).  Given the complexity of the issues, but also the need for enforceable orders on these subjects, the FTC requests that the Court **not** schedule the status conference until the case has been formally remanded to this Court.

Dated: May 20, 2021

Respectfully submitted by:

/s/ Kimberly L. Nelson
Kimberly L. Nelson
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, D.C. 20580
Phone:  (202) 326-3304
Facsimile:  (202) 326-3197
Email:  knelson@ftc.gov
*Attorney for Plaintiff Federal Trade Commission*

# CERTIFICATE OF SERVICE

I, Kimberly L. Nelson, certify that, as indicated below, the parties listed below were served by ECF with **RESPONSE OF FEDERAL TRADE COMMISSION TO DEFENDANTS' RESPONSE TO MONITOR'S REQUEST FOR STATUS CONFERENCE (ECF NO. 1309)** filed with the Court.

**Sanjay Bhandari:** sbhandari@mcnamarallp.com; jjacobs@mcnamarallp.com
**Gregory A Brower:** gbrower@swlaw.com
**Alyssa D. Campbell:** acampbell@laic-law.com
**Joshua M Dickey:** jdickey@baileykennedy.com, krodman@baileykennedy.com, smurnane@baileykennedy.com, bkfederaldownloads@baileykennedy.com
**Kelly H. Dove:** kdove@swlaw.com; mawilliams@swlaw.com; DOCKET_LAS@swlaw.com; sdugan@swlaw.com
**Nicole Ducheneaux:** nducheneaux@bigfirelaw.com, swhitford@bigfirelaw.com
**Michael R Ernst:** mre@juww.com, kom@juww.com, em@juww.com
**Craig B. Friedberg:** attcbf@cox.net, attcbf@pacernotice.com, attcbf@yahoo.com, cbfriedberg@justice.com, attcbf@hotmail.com
**Nathan F. Garrett:** ngarrett@gravesgarrett.com, ecf@gravesgarrett.com, nkruger@gravesgarrett.com
**Andrew P Gordon:** agordon@mcdonaldcarano.com, cgerard@mcdonaldcarano.com
**Von S. Heinz:** vheinz@lrrc.com, dprovost@lrrc.com, jestrada@lrrc.com
**Richard Howell:** rhowell@kirkland.com
**Charles Kalil:** ckalil@kirkland.com
**Andrew A. Kassof:** andrew.kassof@kirkland.com, sheri.gorniak@kirkland.com
**Nick J. Kurt:** nkurt@berkowitzoliver.com, vphommachanh@berkowitzoliver.com
**Darren J. Lemieux:** dlemieux@lrrc.com, darren-lemieux-3750@ecf.pacerpro.com, twallace@lrrc.com
**Bradley S. Lui:** BLui@mofo.com, cwoods@mofo.com
**David J. Merrill:** david@djmerrillpc.com
**Jeffrey D. Morris:** jmorris@berkowitzoliver.com
**Victoria W. Ni:** vni@publicjustice.net
**Francis J. Nyhan:** jnyhan@ndnlaw.com, sballuff@ndnlaw.com, fbrooks@ndnlaw.com
**Paul C. Ray:** paulcraylaw@aol.com, paulcraylaw@gmail.com
**Brian R. Reeve:** brian.reeve@cityofhenderson.com
**E. Leif Reid:** lreid@lewisroca.com, mhudgens@lewisroca.com, amcdannald@ewisroca.com, dlemieux@ewisroca.com, e-leif-reid-0530@ecf.pacerpro.com
**L. Christopher Rose:** lcr@h2law.com, jd@juwlaw.com, FedCt@juwlaw.com
**Robert L. Rosenthal:** rrosenthal@howardandhoward.com, jw@h2law.com, bdunn@howardandhoward.com
**Joseph Sakai:** sakaij@sheppardmullin.com, sasmith@sheppardmullin.com, carltonm@ballardspahr.com, LitDocket_West@ballardspahr.com
**Logan D. Smith:** lsmith@mcnamarallp.com, jjacobs@mcnamarallp.com, tmcnamara@mcnamarallp.com

| | |
|---|---|
| 1 | **Whitney P Strack:** pstrack@gravesgarrett.com, ecf@gravesgarrett.com, nkruger@gravesgarrett.com |
| 2 | **Jeremy R. Vanderloop:** jvanderloop@madvanlaw.com |
| 3 | **Abran E. Vigil:** vigila@ballardspahr.com, carltonm@ballardspahr.com, LitDocket_West@ballardspahr.com, LVDocket@ballardspahr.com |
| 4 | **Bradley Weidenhammer:** bweidenhammer@kirkland.com, mel.cribbin@kirkland.com, lally.gartel@kirkland.com |
| 5 | **Blaine T. Welsh:** Blaine.Welsh@usdoj.gov, maria.covarrubias@usdoj.gov, sogol.ghadiri-king@usdoj.gov, samira.tamules@usdoj.gov, allyson.beyer@usdoj.gov, eunice.jones@usdoj.gov, sandra.yasenchak@usdoj.gov, maritess.recinto@usdoj.gov, dionne.white@usdoj.gov, CaseView.ECF@usdoj.gov, Angelina.villalpando@usdoj.gov |
| | **Martin L. Welsh:** mwelsh@lvlaw.com, k.bratton@hayesandwelsh.onmicrosoft.com, m.mchenry@lvlaw.com |

I further certify that the parties listed below were served by electronic mail.

**Kim C. Tucker**
7118 Village Drive
Prairie Village, KS 66208
kim@kimtucker.net

May 20, 2021                                            /s/ Kimberly L. Nelson
                                                         Kimberly L. Nelson